_____ FILED          _____ ENTERED
_____ LODGED         _____ RECEIVED

JUN 07 2024    KS

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

KURT A. BENSHOOF,
A.R.W. By and Through His Father,
KURT A. BENSHOOF,

                        Plaintiffs,

            v.

MARSHALL FERGUSON, J. DOE,
BLAIR RUSS, JESSICA SKELTON,
MICHAEL TRACY, SARAH TURNER,
JAMAL WHITEHEAD,
In Their Individual Capacities,

                        Defendants.

Case No.

COMPLAINT FOR DAMAGES

## I.    INTRODUCTION

**A. Prologue**

   In 2020, City of Seattle officials and private businesses adopted the quasi-religious beliefs promulgated by their high priest, Anthony Fauci, demanding total obedience from others.  Like a maniacal cult of radical Islam, they deemed any Christian who refused to wear a burqa a heretic, bereft of rights, a direct and

COMPLAINT FOR DAMAGES
WAWD No.
Page 1 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
 (206) 460-4202
 kurtbenshoof@gmail.com

imminent threat to the cult.  It was the clinical presentation of narcissistic borderline personality disorder, systemically inculcated and writ large.  With a hypocrisy that only neo-liberalism could engender, cultural Marxism in blue hair, only those who obeyed the cult's orders were acceptably diverse and rewarded with inclusive tolerance.

The cult began persecuting Plaintiff Kurt Benshoof ("Benshoof") for his religious beliefs in 2020.  The Christian principle of honesty, the reverence for one's God-given immune system, and the honor for "rights endowed by our Creator" were all heretical to the cult.  Even the cult's unassailable mantra of "my body my choice" was selectively bequeathed, only granted to cultists advocating for the murder of unborn boys and girls.

When Benshoof's beliefs remained firmly held, despite the persecution, Benshoof's minor son, A.R.W. was kidnapped, his car stolen, by two perjuring whores who then tried to evict Benshoof from his home so that the whore could sell it for profit.  Because the lying whores were card-carrying cultists, police, prosecutors, and judges ignored the facts, ignored the laws, reversing victim and abusers.  This was not a one-time mistake by public officials: this has been a systemic pattern for nearly *three years.*

## B.  Complaint Summary

Amidst the foregoing backdrop, Defendants are the latest individuals to wield the cult's torches and pitchforks, encircling Benshoof's life and home with the droning

COMPLAINT FOR DAMAGES
WAWD No.
Page 2 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

chants of the criminally insane, concealing the whereabouts of A.R.W. behind a shroud of lies. Benshoof and A.R.W., by and through his father, bring this Complaint against defendants for their conspiracy against Plaintiffs' rights under 42 U.S.C. §§ 1983; 1985, for violation of The Religious Freedom Restoration Act of 1993 (RFRA) 42 U.S.C. §2000bb, *et seq.*, and for tort claims of negligence.

If Benshoof was Jewish, Talmudic scripture would sanction lying to the Goyim, stealing from the Goyim, and raping Goyim children. However, Benshoof is not Jewish, nor a thief, nor a child abuser, and his Covenant with God requires him to tell the truth at all times. While the truth has certainly annoyed defendants, the tenet of Benshoof's faith that has subjected him to grievous religious persecution is the requirement that Benshoof seek redress against those who violate the rights of others and violate our laws: in the eyes of defendants, that is Benshoof's cardinal sin.

Defendants have acted and continue to act *ultra vires* to suborn perjury, to render criminal assistance to the ongoing kidnapping of A.R.W., to act as accessories after the fact, to violate Plaintiffs' right of familial association, to violate Plaintiffs' right to petition for redress, to deny Plaintiffs their life and liberty, to subject Benshoof to excessive fines and cruel punishments, to deny Benshoof due process, and to deny Plaintiffs equal protection under the law.

Plaintiffs' Complaint provides relevant, contextual *background* information, which is added to facilitate the Court's understanding and just adjudication of the

COMPLAINT FOR DAMAGES
WAWD No.
Page 3 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

*current* matters in controversy for Plaintiffs' claims for damages, ***pertaining to events between January 16, 2024, and June 6, 2024.***

## II.    PARTIES

Plaintiff Kurt A. Benshoof ("Benshoof") has lived in King County, Washington at all times material to this lawsuit.

Plaintiff A.R.W. ("A.R.W."), son of Kurt A. Benshoof, is believed to have lived in King County Washington at all times material to this lawsuit.

Defendant Marshall Ferguson ("Ferguson") is a King County Superior Court Judge, is sued in his individual capacity, and has lived in the western district of Washington at all times material to the claims herein.

Defendant Blair M. Russ ("Russ"), current counsel for Jessica Owen, is sued in his individual capacity, and at all times material to the claims herein has resided in King County Washington.

Defendant Jessica Skelton ("Skelton"), current counsel for Gregory Narver and Sarah Mack, is sued in her individual capacity, and at all times material to this Complaint has resided in the western district of Washington.

Defendant Michael Tracy ("Tracy"), current co-counsel for Nathan Cliber, is sued in his individual capacity, and at all times material to the claim herein has resided in the western district of Washington.

Defendant Sarah Turner ("Turner"), current co-counsel for Nathan Cliber, is sued in her individual capacity, and at all times material to the claims

COMPLAINT FOR DAMAGES
WAWD No.
Page 4 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

1  herein has lived in the western district of Washington.

2      Defendant Jamal N. Whitehead ("Whitehead") is a U.S. District Court Judge

3  for the Western District of Washington, Seattle,, is sued in his individual capacity,

4  and has lived in King County at all times material to the claims herein.

5      Clerk J. Doe is a clerk for the U.S. District Court for the Western District of

6  

7  Washington, Seattle, is sued in their individual capacity, and has lived in the western

8  district of Washington at all times material to the claims herein.

9                    ## III.   JURISDICTION

10      Pursuant to Fed.R.Civ.P. 17(c)(2), the Court has jurisdiction to hear the claims

11  

12  of A.R.W. by Benshoof is acting as next friend to A.R.W.

13      Pursuant to Fed.R.Civ.P. 65 the Court has jurisdiction to grant an injunction

14  to Plaintiffs.

15      Pursuant to 28 U.S.C. § 1331 this Court has jurisdiction and is required to

16  adjudicate federal questions involving constitutional violations of Plaintiffs' rights.

17  

18      Pursuant to 28 U.S.C. § 1654 this Court has jurisdiction to hear Plaintiffs' *pro

19  se*.

20      Pursuant to 42 USC §§1983; 1985 (2)(3); 1986, this Court has jurisdiction.

21      Pursuant to 42 U.S.C. 2000bb, *et seq.* this Court has jurisdiction.

22      Pursuant to the Habeas Corpus Act of 1867, this Court has jurisdiction to grant

23  Plaintiffs a Writ of Habeas Corpus to end their unlawful restraint by Defendants.

24  

25  COMPLAINT FOR DAMAGES                    Kurt Benshoof, Co-Plaintiff
    WAWD No.                                 1716 N 128th ST
26  Page 5 of 91                             Seattle, Washington 98133
                                             (206) 460-4202
                                             kurtbenshoof@gmail.com

Pursuant to the 1871 Act to enforce the Provisions of the Fourteenth Amendment to the Constitution of the United States, Session I, Ch. 22, § 6, this Court has jurisdiction of all civil and criminal causes arising under § 2 of said act, including empaneling a grand jury.

Pursuant to 28 U.S.C. § 1391(b)(1) venue is proper in the Western District of Washington because all claims arise out of King County, Washington.

## IV.   SWORN STATEMENT OF FACTS

Upon his firsthand knowledge, and his information and belief, Benshoof avers the following statements under penalty of perjury, averments to which Benshoof is prepared to testify under oath at trial.

### A. Background – Religious Beliefs

1.      Benshoof's firmly held religious beliefs are a spiritual Covenant with God. ("spiritual Covenant").

2.      Benshoof's spiritual Covenant requires him to speak the truth.

3.      Benshoof's spiritual Covenant requires him to confront, expose, and seek redress against liars and their lies, particularly when those liars seek to violate the First Amendment by denying others their right, endowed by their Creator, to: (1) free exercise of religion; (2) petition for redress of grievances; and (3) familial association.

4.      Benshoof's spiritual Covenant requires him to confront, expose, and seek redress against liars and their lies, particularly when those liars seek to violate the

COMPLAINT FOR DAMAGES
WAWD No.
Page 6 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
 (206) 460-4202
 kurtbenshoof@gmail.com

Fourteenth Amendment by denying others the right to due process and equal protection under the law.

5.      Benshoof's spiritual Covenant holds that "an individual who breaks a[n] [order] that conscience tells him is un[lawful], and who willingly accepts the penalty of imprisonment in order to arouse the conscience of the community over its injustice, *is in reality expressing the highest respect for law*." —*Rev. Martin Luther King, Jr.* Letter From Birmingham Jail, April 16, 1963.

6.      When corrupt public officials, corrupt attorneys, or corrupt private individuals, violate the foregoing tenets of Benshoof's beliefs, Benshoof is presented with a Faustian bargain, either: (1) violate his spiritual Covenant to comply with the unlawful demands of criminals; or (2) uphold his spiritual Covenant and be subjected to threats of unlawful imprisonment and retaliatory financial sanctions. "In times of universal deceit, speaking the truth becomes a revolutionary act." —*George Orwell.*

7.      Benshoof duly informed Whitehead of Benshoof's firmly held spiritual belief that the "rights of The People are inalienable, that his rights were endowed by his Creator, and that the U.S. Constitution was written and ratified to prohibit public servants from infringing upon the inalienable rights of the people, including Plaintiff." (WAWD No. 2:23-cv-1392-JNW, Dkt. #9 ¶4)

8.      Benshoof duly informed Whitehead of Benshoof's firmly held spiritual belief that the "U.S. Constitution and Washington Constitution are sacred documents embodying the teachings of Christ, enshrining the natural law of Creation as

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

enforceable contracts binding upon all duly sworn thereto; both *malum in se* and *malum prohibitum*. A violation of a public official's oath constitutes a violation of the contract between a public servant and every citizen." (*Id.*, ¶5)

9.    Benshoof duly informed Whitehead of Benshoof's firmly held spiritual belief that "Acts of Congress made law in accordance with the U.S. Constitution are sacred commandments." (*Id.*, ¶6)

10.    Benshoof duly informed Whitehead of Benshoof's firmly held spiritual belief that Acts "of the Washington legislature made law in accordance with the federal and state constitutions are sacred commandments." (*Id.*, ¶7)

11.    Benshoof duly informed Whitehead of Benshoof's firmly held spiritual belief that a "violation of the U.S. Constitution or the Washington Constitution constitutes a violation of Plaintiff's firmly held religious beliefs." (*Id.*, ¶8)

12.    Benshoof duly informed Whitehead of Benshoof's firmly held spiritual belief that "[l]ies are the foundation of every evil. Liars must be held to account lest our communities, courts, and governments rot from the pernicious decay of festering, unchallenged lies. Plaintiff is spiritually oathbound to seek equal justice for all." (*Id.*, ¶15)

13.    Benshoof duly informed Whitehead of Benshoof's firmly held spiritual belief that Benshoof's "lawsuits are spiritual documents by which to perform exorcisms, removing demonic forces from the bodies of defendants; as such, frivolous attempts to dismiss Plaintiff's complaint without strict scrutiny would: 1) interfere

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

with his sacred religious ritual performed to serve a public interest, 2) violate the free exercise of his religious beliefs, and 3) violate his right to petition for redress of his grievances." (*Id.*, ¶20)

14.    Benshoof's firmly held beliefs constitute a protected class, prohibited from disparate treatment, discrimination, and invidious discriminatory retaliation by government officials or private individuals in joint action with state actors, regardless of whether Benshoof's beliefs are deemed orthodox. *Griffin v. Breckenridge,* 403 U.S. 88 (1971)

15.    Benshoof is also interchangeably a class of one for purposes of this motion. *Village of Willowbrook v. Olech*, 528 U.S. 562, at 566 (2000)

## B. Background - KCSC Nos. 21-2-11149-8; 21-5-00680-6

16.    On August 15, 2021, Defendant Jessica Owen ("Owen") texted Benshoof, demanding that Benshoof give Owen approximately $19,000, threatening to withhold the title to Benshoof's 2011 Toyota FJ Cruiser, #BGF 9763.

17.    On August 16, 2021, Owen texted Benshoof, threatening to kidnap Benshoof's minor son, A.R.W., steal Benshoof's 2011 Toyota FJ Cruiser, and defraud Benshoof of his home.

18.    On September 3, 2021, Magalie E. Lerman ("Lerman"), prostitute girlfriend of Owen, kidnapped A.R.W. in violation of 18 U.S.C. §1201, and stole Benshoof's 2011 Toyota FJ Cruiser.

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

19.    In late September 2021, Nathan Cliber ("Cliber") suborned the perjury of Owen, the mother of Benshoof's son, A.R.W., in order for Owen to legitimize the ongoing kidnapping of A.R.W. (*Id.*, Dkt. #47 pg. 61-62 ¶377-380)

20.    On September 20, 2021, Owen and her newly hired family law attorney, Defendant Nathan L. Cliber ("Cliber"), filed a Petition to Decide Parentage ("parentage petition") as the mechanism by which to again seek a restraining order to abrogate Plaintiff's familial right of association with A.R.W.

21.    Cliber and Owen did not provide family court evidence of "domestic relations" between Benshoof and Owen to establish family court jurisdiction under RCW Title 26.

22.    Owen's parentage petition averred three elements essential to providing family court jurisdiction for her parentage action, that Benshoof: (1) was **not** the biological father of A.R.W.; (2) had **never** lived with A.R.W., and (3) had **never** held out A.R.W. as his son. As such, all three avowed statements evidenced Owen's inconsistent material statements of fact under penalty of perjury in King County Superior Court within the span of one month.

23.    All three avowed statements evidenced Owen's inconsistent material statements of fact under penalty of in King County Superior Court less than a month apart. Among Owen's exhibits she included three Seattle Police Department incident reports spanning November 2015 to September 14, 2020, which all affirmed that A.R.W. is Benshoof's son." (*Id.* Dkt. #13-1 pg. 84, 89, 225)

COMPLAINT FOR DAMAGES
WAWD No.
Page 10 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

24.    On September 22, 2021, Owen again reversed course, contradicting herself by declaring under penalty of perjury, "[Benshoof]...acted as [A.R.W.'s] father for [A.R.W.'s] entire life." (*Id.* pg. 229) Owen also stated, "We moved in together in July 2008. [A.R.W.] was born nine months later..." (*Id.* pg. 230) "[Benshoof] always insisted on being treated as A.R.W.'s father and that A.R.W. was his." (*Id.* pg. 230) "[September of 2020] I finally moved out of our shared residence..." (*Id.* pg. 231)

25.    Under RCW Title 26, family court lacked statutory authority to obtain jurisdiction for such a parentage action without Benshoof's consent after A.R.W. reached four years of age unless: (1) Benshoof was not the genetic father of A.R.W.; 92) Benshoof had never lived with A.R.W.; and (3) Benshoof had never held A.R.W. out as his son. (*See* RCW 26.26A.435(2))

26.    Nathan Cliber, Owen's family law attorney, suborned Owen's perjury in Owen's sworn Declaration and Petition to Decide Parentage. (*Id.* pg. 250, 257)

27.    Owen's perjury was extrinsic and collateral fraud perpetrated by Owen and Cliber to violate the Covenant between Benshoof and Owen, so that Owen could obtain a restraining order to abduct A.R.W. by falsely alleging that Benshoof was a "crazy anti-masker" and that A.R.W. was scared of his own father.

28.    On September 28, 2021, Owen was granted a temporary restraining order to keep Benshoof from contacting A.R.W. Based upon the same perjury, Owen was granted a final restraining order on October 21, 2022.

## C. Background – KCSC No. 22-2-15958-8 SEA

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

### 1) *Abuse of Process Lawsuit*

29.    In October 2022, Benshoof sued Cliber, Owen Hermsen ("Hermsen"), Lerman, and Owen, for Abuse of Process and Defamation arising from the kidnapping of A.R.W., the theft of Benshoof's FJ Cruiser, and the subsequent conspiracy by the four defendants to extort Benshoof for $19,000 as conditional for the return of Benshoof's FJ Cruiser and allowing Benshoof to have A.R.W. eight days per month. (*Id.*, Dkt. #47 pg. 85 ¶ 564)

30.    Owen retained attorney Blair Russ ("Russ"). Hermsen and Lerman retained attorney Defendant Moshe Admon ("Admon"). Cliber retained attorney Kyle Rekofke ("Rekofke"). (*Id.*, Dkt. #47 pg. 86 ¶ 565)

31.    On October 11, 2022, Benshoof's Amended Complaint statement of facts incorporated by reference his seven affidavits documenting criminal law violations perpetrated by Cliber, Hermsen, Lerman, and Owen: Exhibits A-D (*Id.*, Dkt. #13-1 pg. 378-410) and Exhibits E-G (Dkt. #13-2 pg. 93-109)

32.    Exhibit C (*Id.*, Dkt. #13-1, pg. 397) averred that on October 25, 2021, in KCSC No. 21-5-00680-6 SEA, before Commissioner Jason Holloway, Cliber falsely alleged, "Mr. Benshoof has a long history of violence against Ms. Owen and [A.R.W.]."

33.    Nowhere in any of Owen's perjury-riddled declarations did Owen allege that Benshoof ever yelled at A.R.W., nor spanked A.R.W., let alone engaged in "violence."

COMPLAINT FOR DAMAGES
WAWD No.
Page 12 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

34.    Commissioner Holloway corrected Cliber by stating, "that would have been something that would have been ordered *if* Mr. Benshoof had been found to be a domestic violence perpetrator, which *he is not*."

35.    Making a false or misleading statement that one does not know to be true to a public official, which is likely to be relied upon by the official in the discharge of his duties, is a gross misdemeanor and violation of RCW 9A.76.175; 9A.72.080.

36.    Cliber also claimed that Benshoof perpetrated *"assault causing grievous physical harm"* against Owen.  Owen has never claimed that. (*Id.,* Dkt. #13-1 pg. 400 ¶ 32)

37.    Benshoof's First Amended Counterclaim documented Magalie Lerman's ("Lerman") kidnapping of A.R.W., and stealing Benshoof's car. (*Id.,* Dkt. #47 pg. 65 ¶ 398)

38.    Benshoof documented Owen Hermsen's ("Hermsen") coercive attempts to extort Benshoof on behalf of Owen.  Benshoof cited text messages from Hermsen. (*Id.,* Dkt. #47 pg. 65 ¶ 400; pg. 69-70 ¶ 431-435)

39.    Benshoof documented Cliber's conspiratorial acts, in joint action with Defendants CITY OF SEATTLE, David Keenan, Hermsen, Owen, and Lerman, related to the kidnapping of A.R.W., the theft of Benshoof's 2011 Toyota FJ Cruiser, and the attempted extortion of Benshoof.  Benshoof cited the coercive emails from Cliber (*Id.,* Dkt. #47 pg. 69-70 ¶ 431, 435

### 2) *Ferguson's Discrimination*

COMPLAINT FOR DAMAGES
WAWD No.
Page 13 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

40.     On January 27, 2023, King County Superior Court Judge Marshall Ferguson ("Ferguson") denied Benshoof's right to appear in court in person because Benshoof would not wear a mask or face shield to enter the courtroom.

41.     At the time, the King County Court website stated that "You will not be required to wear a mask if you need to keep your mouth or nose clear for medical or mental health reasons." (*Id.*, Dkt. #129-2)

42.     King County Superior Court offered Benshoof a face shield in lieu of a face mask, despite the fact the Washington Department of Health informed the public in 2020 that "[t]he use of face shields alone is currently viewed as *serving no purpose or providing any protection* from the transmission of COVID-19." (*Id.*, Dkt. #74 pg. 39) Washington Department of Labor & Industries also stated, "Face shields alone *do not prevent the spread of COVID-19* and do not meet the face covering requirement." (*Id.*, Dkt. #74 pg. 41)

43.     On February 7, 2023, Benshoof motioned the Ferguson court to change venue to Snohomish County Superior Court, where Benshoof would be able to appear in person without a face covering in courtrooms, free of discrimination against Benshoof's beliefs, expression, or petitions for redress.

44.     On February 22, 2023, Ferguson denied Benshoof's motion to change venue to Snohomish County Superior Court.

**3) *Ferguson's Ex Parte Communication***

COMPLAINT FOR DAMAGES
WAWD No.
Page 14 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
 (206) 460-4202
 kurtbenshoof@gmail.com

45.     On January 27, 2023, because Benshoof was denied his right to enter the courtroom, he attempted to appear by Zoom video and was unable to join the hearing. After thirty minutes of repeated attempts to log on via Zoom, Benshoof had to appear by telephone. Benshoof did not discover until months later, upon obtaining the transcription of the hearing (Dkt. #129-1) that Ferguson and defense counsel had discussed legal arguments in Benshoof's absence.

46.     Ferguson not only initiated *ex parte* communication with defense counsel while Benshoof was still attempting to log on via Zoom, Ferguson suggested that defense counsel move for an Order Restricting Abusive Litigation ("ORAL") under RCW 26.51 (WAWD No. 2:23-cv-1392-JNW; Dkt. #129-1, pg. 19)

47.     Ferguson also provided defense counsel with supporting case law by which to seek an ORAL against Benshoof: *Kuhlmeyer v. Latour, et al.,* Wn. App. No. 82828-2-I (2022). (*Id.,* Dkt. #129-1, pg. 20-21)

### 4)  *Benshoof's Claims Dismissed*

48.     On January 27, 2023, Ferguson claimed that he didn't have evidence before him of any crimes perpetrated by Cliber, Hermsen, Lerman, or Owen against Benshoof, despite the fact that Benshoof's Amended Complaint incorporated by reference his sworn affidavits as a complaining witness of Exhibits A-G. (Dkt. #129-1 pg. 63-64)

49.     Exhibit A detailed crimes perpetrated by Jessica Owen against Benshoof. (*Id.,* Dkt. #13-1 pg. 379-386)

COMPLAINT FOR DAMAGES
WAWD No.
Page 15 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

50.     Exhibit B detailed crimes perpetrated by Magalie Lerman against Benshoof. (*Id.*, Dkt. #13-1 pg. 388-394)

51.     Exhibit C detailed crimes perpetrated by Nathan Cliber against Benshoof. (*Id.*, Dkt. #13-1 pg. 396-404)

52.     Exhibit D detailed crimes perpetrated by Jessica Owen against Benshoof. (*Id.*, Dkt. #13-1 pg. 406-410)

53.     Exhibit E detailed crimes perpetrated by Nathan Cliber against Benshoof. (*Id.*, Dkt. #13-2 pg. 94-102)

54.     Exhibit F detailed crimes perpetrated by Jessica Owen against Benshoof. (*Id.*, Dkt. #13-2 pg. 85-92)

55.     Exhibit G detailed crimes perpetrated by Owen Hermsen against Benshoof. (*Id.*, Dkt. #13-2 pg. 104-109)

56.     On February 2, 2023, Ferguson dismissed Benshoof's claims with prejudice. (KCSC No. 22-2-15958-8; Docket 113)

### 5) Declaration of A.R.W. – Power of Attorney

57.     On February 10, 2023, three non-party adults witnessed A.R.W. signed a declaration, including a power-of-attorney designating Benshoof with authority to act on his son's behalf. (WAWD No. 2:23-cv-1392-JNW; Dkt. #13-2, pg. 48-54)

58.     In the declaration, A.R.W. attested that Owen: (1) "got a temporary restraining order to try to take me and my dad's car." (*Id.*, pg. 48 ¶19)

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
 kurtbenshoof@gmail.com

59.     In the declaration, A.R.W. attested that "My mom said in her declaration that if she took me from my dad that it would devastate me." (*Id.,* pg. 49 ¶20)

60.     In the declaration, A.R.W. attested that "My mom lied and said that my dad wasn't my presumed dad in her Petition to Decide Parentage.  Everyone knows my dad is my dad, and always has been. (*Id.,* pg. 49 ¶30)

61.     In the declaration, A.R.W. attested that "it is my express wish that my dad act as a "Next Friend" pursuant to FrCP 17(c)(2), or as my "guardian" or "fiduciary" pursuant to FrCP 17(1)(A)(D), or pursuant to RCW 11.125 Uniform Power of Attorney Act, so that my can can bring claims on my behalf, either in Equity or in law, so I can go home to him." (*Id.,* pg. 50 ¶50)

62.     On or around February 11, 2023, Benshoof informed Admon, Cliber, and Russ by email that A.R.W. had granted power-of-attorney to Benshoof, and that A.R.W. had confirmed under oath that Lerman and Owen had lied to seize custody of A.R.W.

63.     On February 15, 2023, Benshoof filed into the record a copy of the Affidavit of A.R.W. (KCSC No. 22-2-15958-8; Document 131)

### 6) *Denying Right to Petition for Redress*

64.     On *February 17,* 2023, Defendants Cliber and Owen, and attorney Russ filed a joint motion to declare Benshoof a vexatious litigant, ***three days after*** the e-filing of the Affidavit of A.R.W. (KCSC No. 22-2-15958-8; Docket 142)

COMPLAINT FOR DAMAGES
WAWD No.
Page 17 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

65.     The [proposed] order stipulated, "[Benshoof] is hereby ENJOINED AND RESTRAINED, in both an individual and *representative capacity...*"

66.     Upon Benshoof's information and belief, Cliber, Owen, Lerman, Hermsen, and their counsel—including Admon,Kyle Rekofke ("Rekofke"), and Russ—knew at that time that everything declared as true by A.R.W. *was true.*

67.     Defendants knew that Benshoof is not a licensed attorney who could act in a "representative capacity" for anyone—*except A.R.W.*

68.     A.R.W. did pose, and still poses, a direct and immediate threat of exposure of the crimes perpetrated by Cliber, Hermsen Owen, and Lerman, *if* Benshoof were able to represent his son through the signed power-of-attorney, or as "next friend" under Fed.R.Civ.P. 17(c)(2).

### 7) *Punitive Retaliation*

69.     Admon, Rekofke, and Russ asserted UPEPA to legally immunize their clients' criminal conduct and deny Benshoof redress of his grievances, despite RCW 4.105.010(3)(a)(iv) precluding UPEPA protection for Cliber, Hermsen, Lerman, and Owen because Benshoof's claims were "in a civil suit brought by a victim of a crime against a perpetrator." (WAWD No. 2:23-cv-1392-JNW: Dkt. #47 ¶ 572)

70.     Ferguson sanctioned Benshoof a total of $78,118.39 for seeking redress of Benshoof's grievances against Cliber, Hermsen, Lerman, and Owen, for the *crimes* perpetrated against Benshoof. (*Id.,* ¶ 573)

COMPLAINT FOR DAMAGES
WAWD No.
Page 18 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

71.     On February 27, 2023, Ferguson decreed that Hermsen was granted judgment against Benshoof for $15,008.74.

72.     On February 27, 2023, Ferguson decreed that Lerman was granted judgment against Benshoof for $15,008.74. (*Id.,* ¶ 895)

73.     On February 27, 2023, Ferguson decreed that Owen was granted judgment against Benshoof for $32,049.41. (*Id.,* ¶ 896)

74.     On April 3, 2023, Ferguson decreed that Cliber was granted judgment against Benshoof for $16,051.50. 898. In total, Ferguson granted judgments against Benshoof for $78,118.39. (*Id.,* ¶ 897)

### 8) *No Jurisdiction – Temporary ORAL*

75.     On March 3, 2023, Ferguson granted a joint motion and temporary Order Restricting the Abusive Litigation by Kurt Benshoof ("ORAL"), threatening Benshoof with possible arrest if Benshoof attempted to exercise his First Amendment right to seek redress against Admon, Cliber, Hermsen, Lerman, Owen, Rekofke, or Russ—through any state or federal court—without first obtaining permission from Ferguson or another judge.

76.     The temporary ORAL allegedly protected not just Owen, but Admon, Cliber, Hermsen Lerman, Owen, Rekofke, Russ. (*Id.,* Dkt. #129-4)

77.     Under RCW Title 26, "domestic relations" are limited to "marriage, divorce, domestic partnership, legal separation, or declaration of invalidity." *See* RCW 26.09.004(3)(4); RCW 26.09.050(1); RCW 26.09.060(1)(a)

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
 kurtbenshoof@gmail.com

78.    Ferguson was without evidence of "domestic relations" between Benshoof and Owen: Benshoof and Owen have never been parties to "domestic relations."

79.    Among the defendants and their attorneys, Owen was the only person Benshoof had "intimate relations" with, pursuant to RCW 7.105.010(20).

80.    RCW 26.51.020(1)(a)(ii) defines "abusive litigation" as where the party who is "filing, initiating, advancing, or continuing litigation *has been found by a court to have committed domestic violence* against the other party."

81.    RCW 26.51.030(1) states that a "party to a case may request from the court an order restricting abusive litigation if the parties *are current or former intimate partners* and one party *has been found by the court to have committed domestic violence* against the other party."

82.    Benshoof was never found by any court to have committed domestic violence against Owen, nor any other person. (*Id.,* Dkt. #47 ¶ 886)

83.    The only hearing at which Benshoof and Owen testified regarding allegations of domestic violence was on September 3, 2021, in King County Superior Court.  Benshoof testified that Owen had repeatedly lied to police, had perjured herself, and had been the actual perpetrator of domestic violence.

84.    On September 3, 2021, in KCSC No. 21-2-11149-8 SEA, Benshoof testified that *Owen was the actual perpetrator of domestic violence*.  The denial order from Commissioner Camille Schaefer stated, "The Court found *[Benshoof's]*

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

1 **testimony to be credible** regarding incidents alleged by [Owen] from Nov./Dec.

2 2015") (*Id.*, Dkt. #13-1 pg. 147)  In other words, the Court found Owen's testimony

3 **not credible.**

4
85.    The temporary ORAL preemptively denied A.R.W.'s ability to have

5 Benshoof hire an attorney to represent A.R.W.    The temporary ORAL also

6
preemptively prevented Benshoof from acting with power-of-attorney for his son as

7
his next friend under Fed.R.Civ. 17(c).

8
86.    Admon, Rekofke, and Russ did not provide Ferguson with evidence that

9
"abusive litigation" occurred pursuant to RCW 26.51.020(1)(a)(ii).

10
87.    Admon, Rekofke, and Russ did not provide Ferguson with evidence that

11
Benshoof had been "intimate partners" with Admon, Cliber, Hermsen, Lerman,

12
Rekofke, nor Russ, pursuant to RCW 7.105.010; 26.51.020(1)(a)(i).

13
88.    Admon, Rekofke, and Russ did not provide Ferguson with evidence that

14
Benshoof had "been found by the court to have committed domestic violence against

15
Admon, Cliber, Hermsen, Lerman, Owen, Rekofke, nor Russ, pursuant to RCW

16
26.51.030(1)

17
89.    Despite Ferguson having no evidence "domestic relations," nor evidence

18
of "abusive litigation," nor evidence that any court had found Benshoof to have ever

19
committed "domestic violence' against any human, Ferguson also did not "attempt to

20
verify that... the party raising the claim of abusive litigation has been found to be a

21
victim of domestic violence by [Benshoof]" pursuant to RCW 26.51.040(1).

22

23

24

25

26
COMPLAINT FOR DAMAGES                Kurt Benshoof, Co-Plaintiff
WAWD No.                             1716 N 128th ST
Page 21 of 91                        Seattle, Washington 98133
                                     (206) 460-4202
                                     kurtbenshoof@gmail.com

90.    RCW 26.51.040(1) states, "If the court verified both elements are true, or is unable to verify that they are not true, the court ***shall*** set a hearing to determine whether the litigation meets the definition of abusive litigation."

91.    RCW 26.51.040(2) states, "At the time set for the hearing on the alleged abusive civil action, the court ***shall*** hear all relevant testimony and may require any affidavits, documentary evidence, or other records the court deems necessary."

92.    Ferguson did not set a hearing pursuant to RCW 26.51.040(1), therefore, Benshoof could not provide testimony, affidavits, or documentary evidence to prove that RCW 26.51 did not, and could not, apply to Benshoof.

### *9) ORAL*

93.    Admon, Rekofke, and Russ filed a joint motion seeking an Order Restricting Abusive Litigation of Kurt Benshoof under RCW Title 26. (*Id.,* Dkt. #47 ¶ 566)

94.    For the court to hear consideration of the joint motion, it was first required by RCW 26.51.030(1) that Benshoof "has been found by the court to have committed domestic violence against [Owen]." Ferguson lacked such evidence.

95.    The Washington BAR Rules of Professional Conduct 3.3(a)(3) prohibits attorneys from failing to disclose to the tribunal legal authority known to be directly adverse to the position of the client and not disclosed by the opposing party."

96.    On March 31, 2023, Ferguson granted the ORAL upon motion presented by Admon and Russ, and joined by Rekofke.

COMPLAINT FOR DAMAGES
WAWD No.
Page 22 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
 kurtbenshoof@gmail.com

97.     The ORAL not only restricted Benshoof's right to petition for redress of Plaintiffs' grievances, the ORAL transmuted Benshoof's right into a privilege which could be suspended at any time by any state or federal judge in the country.

## D. Contempt Order

### 1) U.S. District Court

98.     On January 16, 2024, current counsel for Cliber, Michael Tracy ("Tracy") and Sarah Turner ("Turner"), motioned for sanctions under the ORAL against Benshoof in WAWD No. 2:23-cv-1392-JNW. (Dkt. #57, pg. 18)

99.     On February 6, 2024, Tracy and Turner motioned for sanctions under the ORAL against Benshoof in WAWD No. 2:23-1829-JNW. (Dkt. #36, pg. 19)

### 2) KCSC No. 22-2-15958-8 SEA

100.    On behalf of Cliber, Tracy and Turner sought sanctions against Benshoof before Ferguson on January 24, 2024. (Document 263)

101.    On behalf of Owen, Russ sought sanctions against Benshoof before Ferguson on February 15, 2024. (Document 298)

102.    Benshoof filed responses, evidencing that the Russ and Admon sought the ORAL without statutory authority and failed to provide Ferguson with jurisdiction.

103.    Benshoof filed cross-motions against Cliber and Owen seeking a finding of contempt and sanctions for Cliber's subornation of Owen's perjury and the ongoing fraud.

COMPLAINT FOR DAMAGES
WAWD No.
Page 23 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

104.    Ferguson heard oral argument February 29, 2024. Benshoof objected that Ferguson never had jurisdiction under RCW 26.51 to issue an Order Restricting Abusive Litigation by Kurt Benshoof ("ORAL").    Ferguson refused to consider whether he had jurisdiction to issue the ORAL.

105.    On March 1, 2024, Ferguson signed the Contempt Order. (KCSC No. 22-2-15958-8; Document 319)  (WAWD No. 2:23-cv-1392-JNW; Dkt. #129-3)

106.    The Contempt Order claimed Benshoof "is in contempt of court for violating the Abusive Litigation Order."

107.    The Contempt Order not only restricted Benshoof's right to petition for redress of Plaintiffs' grievances, the Contempt Order transmuted Benshoof's right into a privilege which could be suspended at any time by any state or federal judge in the country.

### 3) Threat of Arrest and Sanctions

108.    The terms of the Contempt Order include but are not limited to: (1) threatening Benshoof with imprisonment (*Id.,* Dkt. #129-3 pg. 3 ¶ 9); (2) Benshoof must pay attorneys' fees and costs by Cliber, Hermsen, Lerman, and Owen (*Id.,* pg. 4 ¶ A); (3) Benshoof must pay costs incurred by Cliber having Tracy and Turner motion for sanctions against Benshoof in WAWD Nos. 2:23-cv-1392-JNW and 2:23-cv-1829-JNW (*Id.,* pg. 4 ¶ B); (4) the ORAL expiration date is extended to March 31, 2029 (*Id.,* pg. 4 ¶ C); (5) threatening financial sanctions of *$2,000 per day* if Benshoof does not Motion for Leave to File in WAWD Nos. 2:23-cv-1392-JNW and 2:23-cv-1829-JNW

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

(*Id.*, pg. 5 ¶ F); (6) threatening penalty of $250-$1250 per day for any new legal proceeding filed by Benshoof.

### 4) Judgment Awarded

109.    On March 29, 2024, Ferguson awarded Cliber, Tracy, and Turner $11,825 for "the hours spent to bring Nathan Cliber's Motion for Finding of Contempt and Sanctions Against Plaintiff Kurt Benshoof (Document. 263)." KCSC No. 22-2-15958-8 SEA, (Document 352)

110.    On March 29, 2024, Ferguson awarded Owen and Russ $11,014.92 for "the hours spent to bring Nathan Cliber's Motion for Finding of Contempt and Sanctions Against Plaintiff Kurt Benshoof (Dkt. 263)." KCSC No. 22-2-15958-8 SEA, (Document 352)

111.    The Entry of Findings of Facts and Conclusions of Law state that Ferguson awarded fees to Owen and Russ pursuant to RCW 4.84.185.

112.    RCW 4.84.185 states that if a court has jurisdiction, it may require the non-prevailing party to pay reasonable expenses incurred by the prevailing party if upon the judge's written findings that the non-prevailing party's pleading or defense "was frivolous and advanced without reasonable cause."

113.    In order for Ferguson to have authority to order Benshoof to pay Cliber, Owen, Russ, Tracy, or Turner, Owen expenses under RCW 4.84.185, it was required that Ferguson find that an action before Ferguson, brought by Benshoof, "was frivolous and advanced without reasonable cause."

COMPLAINT FOR DAMAGES
WAWD No.
Page 25 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

114.    The motions for sanctions against Benshoof regarded claims brought by Benshoof in U.S. District Court.

## E.  Conspiracy to Suspend Habeas Corpus

### 1) KCSC Case No. 22-2-11112-7 SEA

115.    On July 18, 2022, Benshoof petitioned for writ of habeas corpus to stop the unlawful imprisonment of Plaintiffs under color of law of the family court restraining order.  (KCSC No. 22-2-11111-7; Document 1)

116.    RCW 7.36.040 states that "upon application the writ **shall** be granted without delay."

117.    Wash. Const. Art. I §13 states that the "privilege of the writ of habeas corpus **shall not** be suspended, unless incase of rebellion or invasion the public safety requires it."  No rebellion or invasion occurred during the matters in controversy.

118.    King County Superior Court Judge Steve Rosen did not issue a writ of habeas corpus and denied Benshoof's petition. (*Id.*, Document 6)

### 2) Ferguson's Denial of Habeas Relief

119.    Under the terms of the void *ab initio* ORAL, Benshoof could not file a petition for writ of habeas corpus in any superior court in the state of Washington without seeking leave to file from Ferguson, *supra*, at ¶97.

120.    Under the terms of the ORAL, Ferguson asserted the authority to require Benshoof to motion for leave to petition for writ of habeas corpus, thereby denying Benshoof the right to petition for redress by way of habeas corpus.

COMPLAINT FOR DAMAGES
WAWD No.
Page 26 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

121.    The ORAL and Contempt Order not only restricted Benshoof's right to petition for redress of Plaintiffs' grievances, they transmuted Benshoof's right into a privilege which could be suspended at any time by any state or federal judge in the country

122.    On January 31, 2024, Benshoof filed Petition for Habeas Corpus. (KCSC No. 22-2-15958-8 SEA, Document 277)

123.    Benshoof's petition for writ of habeas corpus sought to arrest the ongoing kidnapping of A.R.W. and the violation of Plaintiffs' right of familial association.

124.    On January February 1, 2024, Benshoof filed Motion for Leave to File Petition for Writ of Habeas Corpus. (*Id.*, Document 279)

125.    On February 7, 2024, Russ filed response in opposition to Benshoof's motion for leave. (*Id.*, Document (289)

126.    On February 8, 2024, Benshoof filed reply to Russ's response. (*Id.*, Document 292)

127.    On March 4, 2024, Fergson issued an Order denying Benshoof leave to file his petition for writ of habeas corpus. (*Id.*, Document 320)

128.    Upon Benshoof's information and belief, KING COUNTY had a custom or widespread practice of denying habeas relief to Benshoof's class.

COMPLAINT FOR DAMAGES
WAWD No.
Page 27 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

129.    Upon Benshoof's information and belief, KING COUNTY failed to properly train its officials, including Ferguson, regarding Wash. Const. art I §13 and the requirement of RCW 7.36.040 to issue a writ upon application.

## F.  Refusal to Issue Summons

130.    On November 28, 2023, attorney Sarah Spierling Mack filed a petition for declaratory judgment complaint against Benshoof, on behalf of Seattle School District No. 1. (WAWD No. 2:23-cv-1829-JNW; Dkt. #3)

131.    The Seattle Schools complaint sought a court declaration that Seattle Public Schools general counsel, Defendant Gregory C. Narver ("Narver"), is not required to provide Benshoof full and equal access to the records of A.R.W.

132.    RCW 28A.605.030 states that the "The parent or guardian of a student who is or has been in attendance at a school has the right to review all education records of the student."

133.    On January 23, 2024, Benshoof filed an Amended Counterclaim, on behalf of himself and A.R.W., naming the following counterclaim defendants: Nathan Cliber, KING COUNTY, Magalie Lerman, Sarah Spiering Mack, Gregory Narver, Jessica Owen, Blair Russ, and Seattle School District No.1. (*Id.,* Dkt. #32)

134.    Gregory Narver and Sarah Spierling Mack ("Mack") retained attorney Defendant Jessica A. Skelton ("Skelton").  Mack and Skelton are attorneys with Pacifica Law Group.

COMPLAINT FOR DAMAGES
WAWD No.
Page 28 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

135.    On February 7, 2024, Benshoof e-filed Praecipe for Summons and Summonses. (*Id.*, Dkt. #39)  The Clerk of Court did not issue summonses.

136.    On February 23, 2024, Jason S. Colberg took summons for named defendants into the U.S. District Courthouse and went to the Clerk's Office to obtain summonses on behalf of Benshoof by presenting the summonses to the clerk.

137.    The clerk refused to sign, stamp, date, or issue summonses to Jason Colberg.  The clerk stated that they were acting under the direction of Defendant Jerome N. Whitehead ("Whitehead").

138.    On or around February 6, 2024, Jason Colberg, an associate of Benshoof, went in person to the U.S. District Court clerk's office with Benshoof's Praecipe for Issuance of Summons to Defendants KING COUNTY and Magalie Lerman and summons.  The clerk stated that Benshoof must e-file the praecipe and summons.

139.    On or around February 14, 2024, Benshoof telephoned the clerk's office to ask when summons would be issued to Defendants KING COUNTY and Magalie Lerman.  Benshoof was told that summons would not be issued until Whitehead instructed the clerk's office to issue summons to Defendants KING COUNTY and Magalie Lerman.

140.    Fed.R.Civ.P. 4(b) states in part, "On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the ***clerk must*** sign, seal, and issue it to the plaintiff for service on the defendant."

COMPLAINT FOR DAMAGES
WAWD No.
Page 29 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

141.     Upon Benshoof's information and belief, Whitehead requested or demanded, either directly or through one of Whitehead's law clerks, that *all* clerks working in the Office of the Clerk refuse to issue summonses in WAWD No. 2:23-cv-1829-JNW.

142.     To date, the U.S. District Court clerk's office has refused to "sign, seal, and issue" summonses so that Benshoof can effectuate service to defendants KING COUNTY and Magalie Lerman.

143.     To date clerk J. Doe has refused to issue summons to Defendants KING COUNTY and Magalie Lerman.

## G.  Gorden Rees Scully Mansukhani ("GRSM")

144.     For several months, Tracy and Turner have been in possession of irrefutable evidence that Cliber suborned Owen's perjury in KCSC No. 21-5-00680-6 SEA, *supra* at ¶¶22-27.

145.     For several months, Tracy and Turner have been in possession of irrefutable evidence that their former associate at GRSM, Kyle Rekofke, conspired with Admon, Ferguson, and Russ, to fraudulently obtain the ORAL.  The evidence provided by Benshoof to Tracy and Turner proved that Ferguson did not have jurisdiction to grant the joint motion for the ORAL presented by Admon, Rekofke, and Russ, *supra* at ¶¶78-789.

### 1)  *Tracy & Turner*

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

146.     Benshoof incorporates by reference as if fully stated herein his Fifth Motion for Temporary Restraining Order. (WAWD No. 2:23-cv-1392-JNW; Dkt. #129)

147.     On January 16, 2024, Tracy and Turner filed notices of appearance and a Motion to Dismiss claims against Cliber. (*Id.*, Dkt. #55)

148.     On or before January 16, 2024, Tracy and Turner were in possession of irrefutable evidence that: (1) Cliber suborned Owen's perjury in KCSC No. 21-5-00680-6 SEA, *supra* at ¶¶22-27.; (2) their former associate at GRSM, Kyle Rekofke, acted in concert with Admon, Ferguson, and Russ to obtain the ORAL, *supra* at ¶93; (3) that Ferguson did not have statutory authority to grant the ORAL, *supra* at ¶94; and (4) A.R.W. confirmed that Owen had committed perjury to kidnap A.R.W. (*Id.*, Dkt. #13-2 pg. 49 ¶¶21-34); (5) Owen and Lerman do not care about what A.R.W. wants or needs (*Id.*, Dkt. #13-2 pg. 50 ¶¶45-46); (6) A.R.W. had considered suicide and had repeatedly run away from Owen's to come home to Benshoof (*Id.*, Dkt. #13-2 pg. 49 ¶¶39-44); (7) A.R.W. granted Benshoof power-of-attorney to sue Cliber and Owen because "they lied to take me away from my dad." (*Id.*, Dkt. #13-2 pg. 50 ¶¶47-50).

149.     On March 5, 2024, Benshoof filed his Fifth Motion for Temporary Restraining Order. (*Id.*, Dkt. #129)

150.     On March 7, 2024, Tracy and Turner filed Response to Benshoof's Fifth TRO. (*Id.*, Dkt. #133)

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

151.    Tracy and Turner did not refute that Cliber suborned Owen's perjury in extrinsic and collateral fraud.

## H.  Pacifica Law Group - Skelton

152.    From September 2021 to present, Seattle Public Schools general counsel Gregory Narver has denied Benshoof "the right to review all education records of" A.R.W.

153.    On December 7, 2023, Benshoof filed Motion for Leave to File Petition for Writ of Mandamus, as Benshoof mistakenly believed that the ORAL required Benshoof to seek leave from Ferguson for *any action* brought by Benshoof in King County Superior Court. (KCSC No. 22-2-15958-8, Document 234)

154.    On March 4, 2024, Ferguson denied Benshoof's Motion for Leave to File Petition for Writ of Mandamus. (*Id.*, Document 320)

155.    On March 22, 2024, Benshoof filed Petition for Writ of Mandamus in King County Superior Court, initiating Case No. 24-2-06539-3.

156.    Benshoof noted his application before King County Superior Court Chief Civil Judge, the Honorable Michael Scott, for Thursday, April 18, 2024, pursuant to King County LCR 98.40(d).

157.    On March 29, 2021, Skelton filed a Motion to Dismiss Benshoof's mandamus into KCSC No. *22-2-15958-8.*  Skelton filed Notice of Hearing, set for April 26, 2024, acting as counsel for Narver. (*Id.*, Docket 343)

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

158.    The Motion to Dismiss alleged that by Benshoof filing his Petition for Writ of Mandamus against Narver, Benshoof violated the ORAL; therefore, Ferguson must dismiss Benshoof's Mandamus filed in KCSC No. 24-2-06539-3.

159.    Benshoof and Narver have not had "intimate relations."

160.    The Motion to Dismiss quoted the ORAL, stating that "any *party* may move…for a finding of contempt and sanctions." (*Id.*, Docket 343, pg. 1 ¶1)

161.    Narver was not a party to KCSC No. 22-2-15958-8.

162.    The Motion to Dismiss claimed that Narver "qualifies as a Person Covered by This Order as defined by Filing Restricting No. 1 of the [ORAL]." (*Id.*, Docket 343, pg. 2 ¶1)

163.    Narver is not related to Defendants, nor their counsel, in KCSC No. 22-2-15958-8.

164.    The Motion claimed that "Benshoof continues his extensive pattern of abusive litigation and weaponization of the court system" and claims that Fersuon should: (1) dismiss Benshoof's Petition for Writ of Mandamus; and (2) amend the ORAL to specify that [Seattle Public Schools] *and its counsel* are Persons Covered by This Order. (*Id.*, Docket 343, pg. 2 ¶2)

165.    On April 18, 2024, Judge Michael Scott ordered the transfer Benshoof's mandamus to Ferguson for Ferguson to review for compliance with the ORAL. (KCSC No. 24-2-06539-3, Document 19)

COMPLAINT FOR DAMAGES
WAWD No.
Page 33 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

166.    On April 26, 2024, Benshoof e-filed Notice of Disqualification of Judge Marshall Ferguson. (*Id.,* Document 28)

167.    On May 6, 2024, Ferguson denied non-party Narver's motion for dismissal. (KCSC No. 22-2-15958-8, Document 374)

168.    To date, King County Superior Court judges have refused to adjudicate Benshoof's mandamus petition.

## I.  WAWD No. 2:23-cv-1829-JNW

169.    On December 15, 2023, Benshoof e-filed Praecipe for Summons to Counterclaim Defendants. (WAWD No. 2:23-cv-1829-JNW, Dkt. #9)

170.    On December 21, 2023, the clerk of court issued summonses to counterclaim defendants. (*Id.,* Dkt. #13)

171.    On January 23, 24, Benshoof e-filed Counterclaim Plaintiffs' First Amended Counterclaim, joining Defendants KING COUNTY and Magalie Lerman.

172.    On January 30, 2024, the Minute Order transferred the case to Judge Jamal N. Whitehead.

173.    On or around February 6, 2024, Jason Colberg went in person to the U.S. District Court clerk's office with Benshoof's Praecipe for Issuance of Summons to Defendants KING COUNTY and Magalie Lerman and summons. The clerk stated that Benshoof must e-file the praecipe and summons.

174.    On February 7, 2024, Benshoof e-filed Praecipe for Issuance of Summons to Defendants KING COUNTY and Magalie Lerman. (*Id.,* Dkt. #39)

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

175.    On or around February 14, 2024, Benshoof telephoned the clerk's office to ask when summons would be issued to Defendants KING COUNTY and Magalie Lerman.  Benshoof was told that summons would not be issued until Whitehead instructed the clerk's office to issue summons to Defendants KING COUNTY and Magalie Lerman.

176.    To date clerk J. Doe has refused to issue summons to Benshoof for Defendants KING COUNTY and Magalie Lerman.

**J.  WAWD No. 2:23-cv-1392-JNW**

*1)  Benshoof's Fifth TRO Motion*

177.    On March 5, 2024, Benshoof filed his Fifth Motion for Temporary Restraining Order ("TRO") to enjoin Ferguson, Admon, Cliber, Hermsen, Lerman, Owen, Russ, Tracy, and Turner, from continuing to act under color of law of the ORAL to unlawfully imprison Benshoof and impose cruel, excessive and unlawful fines of thousands of dollars per day upon Benshoof.

178.    28 U.S.C. § 1657 states that "the court ***shall*** expedite the consideration of…any action for temporary or preliminary injunctive relief."

179.    The Fifth TRO motion was noted for March 5, 2024.  To date, Whitehead has refused to adjudicate Benshoof's Fifth TRO

180.    On March 18, 2024, Benshoof sent an Emergency Petition for Writ of Mandamus to the Ninth Circuit Court of appeals, requesting that the Ninth Circuit command Judge Whitehead to adjudicate Benshoof's Fifth TRO. (9th Cir. No. 24-1958)

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
 (206) 460-4202
 kurtbenshoof@gmail.com

### 2) IFP Status Revoked

181.    At 3:34pm on March 18, 2024, Benshoof notified Judge Whitehead of his Emergency Mandamus, by emailing to whiteheadchambers@wawd.uscourts.gov.

182.    At 4:59pm on March 18, 2024, Judge Whitehead issued an Order revoking Benshoof's *in forma pauperis* status regarding Benshoof's appeal of the denial of his Fourth TRO to the Ninth Circuit. (9th Cir. No. 23-952)

183.    Judge Whitehead claimed that Benshoof's appeal of the denial of his Fourth TRO (9th Cir. No. 24-952; DktEntry 3.1) ***"does not include a single non-frivolous claim..."*** Judge Whitehead certified that Benshoof's Ninth Circuit appeal "is frivolous and not taken in good faith." (WAWD No. 2:23-cv-1392-JNW; Dkt. #150, pg. 3)

184.    Whitehead prioritized revoking Benshoof's IFP status over adjudicating Benshoof's Fifth Motion for TRO.

### 3) Benshoof's Sixth TRO Motion

185.    On March 25, 2024, Benshoof filed his Sixth Motion for Temporary Restraining Order ("TRO") to enjoin CITY OF SEATTLE, King County Judge David Keenan, Jessica Owen, and Magalie Lerman, from continuing to kidnap A.R.W. and malicious prosecute Benshoof for Benshoof's attempts to stop the kidnapping of A.R.W.

186.    The Sixth TRO motion was noted for March 25, 2024.    To date, Whitehead has refused to adjudicate Benshoof's Sixth TRO

COMPLAINT FOR DAMAGES
WAWD No.
Page 36 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

187.    On March 18, 2024, Benshoof sent an Emergency Petition for Writ of Mandamus to the Ninth Circuit Court of appeals, requesting that the Ninth Circuit command Judge Whitehead to adjudicate Benshoof's Sixth TRO. (9th Cir. No. 24-3053, DktEntry 3.1)

188.    On May 00, 2024, Benshoof motioned for injunctive relief, seeking to enjoin CITY OF SEATTLE, King County Judge David Keenan, and Jessica Owen from continuing to kidnap A.R.W. and maliciously prosecute Benshoof for Benshoof's attempts to stop the kidnapping of A.R.W. (9th Cir. No. 24-3053, DktEntry 4.1)

# V.    CAUSES OF ACTION

189.    The Court must treat the complaint's factual matter as true and construe Plaintiff's complaint in the light most favorable to Plaintiff "even if doubtful in fact." See *Erickson vs. Pardus*, 551 U.S. 89 (2007); *Scheuer vs. Rhodes*, 416 U.S. 232, 236 (1974).

190.    To establish a prima facie case under 42 U.S.C. § 1983, plaintiffs must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right. *Parratt vs. Taylor,* 451 U.S. 527, 535 (1981), *Gomez vs. Toledo,* 446 U.S. 635, 640 (1980); 22 see also, e.g., *Groman vs. Township of Manalapan,* 47 F.3d 628, 633 (3rd Cir. 1995).

191.    Plaintiff is not an attorney; this pleading, "however unartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."

COMPLAINT FOR DAMAGES
WAWD No.
Page 37 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

Also, a *pro se* petitioner's pleadings should be "liberally construed to do substantial justice." *Haines v. Kerner*, 404 U.S. 519 (1972).

192.    Constitutional prohibitions including, but not limited to, the Eighth Amendment would be meaningless without legal remedy for their violation: *ubi jus ibi remedium*. "It is a settled and invariable principle, that every right, when withheld, *must have a remedy*, and every injury its proper redress." *Marbury v. Madison*, 5 U.S. 137, 147 (1803)

193.    "It cannot be presumed that any clause in the constitution is intended to be without effect; and, therefore, such a construction is inadmissible, unless the words require it." *Marbury v. Madison*, 5 U.S. 137, 174 (1803)

194.    Excessive fines are ordered by judges allegedly acting in their official capacity.

195.    Article VI, para. 2 declares, "This Constitution, and the laws of the United States which shall me made in pursuance thereof," take precedence over Ferguson's *ultra vires* acts to assert jurisdiction to issue the Orders under RCW 25.51 and declares that "the *judges in every state shall be bound thereby.*"

196.    Judicial Branch cannot grant themselves immunity through doctrine. This would violate the Separation of Powers Doctrine. Immunity must be legislated, and as *Mitchum v. Foster* held, the 1871 Act clearly bespoke a citizen's right to sue judges for violating the citizen's rights under color of law. "It is clear from the legislative debates surrounding passage of § 1983's predecessor that the Act was

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

intended to enforce the provisions of the Fourteenth Amendment "against State action, . . . whether that action be executive, legislative, or *judicial.*" *Ex parte Virginia*, 100 U.S. 339, 346 (emphasis supplied)." *Mitchum v. Foster*, 407 U.S. 225, 240 (1972)

197.    Under the Supremacy Clause, doctrine must yield to Congressional Act; therefore, the doctrine of absolute judicial immunity cannot immunize judges sued in their individual capacity under 42 U.S.C. §1983 or 42 U.S.C. §2000bb for their *ultra vires* acts inflicting cruel punishments upon Benshoof nor imposing unwarranted and excessive fines.   "Our cases instruct that, absent utmost deference to Congress' preeminent authority in this area, the courts "arrogat[e] legislative power." *Hernández*, 589 U. S., at ——, 140 S.Ct., at 741." *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022)

# FIRST CAUSE OF ACTION
## NEGLIGENCE
### Violation of 18 U.S.C. § 3

198.    Plaintiffs reallege and incorporate by reference the preceding paragraphs with the same force and effect as if fully set forth herein.

199.    In this first cause of action, defendants named herein include Marshall Ferguson, Blair Russ, Jessica Skelton, Michael Tracy, and Sarah Turner, ("Defendants"), each sued in their individual capacity.

## A. Witness Tampering

COMPLAINT FOR DAMAGES
WAWD No.
Page 39 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

200.    Defendants had a duty to refrain from relieving, comforting, or assisting another's violations of 18 U.S.C. §1512(b) by tampering with a victim or witness, including Benshoof, pursuant to 18 U.S.C. §3 Accessory after the fact.

201.    Defendants had a duty to refrain from relieving, comforting, or assisting Cliber, Owen, and Russ in order to prevent their trial or punishment for engaging in misleading conduct with intent to influence, delay, or prevent the testimony of Benshoof in any official proceeding.

**B. Kidnapping**

202.    Defendants had a duty to refrain from relieving, comforting, or assisting Lerman's and Owen's kidnapping of A.R.W., pursuant to 18 U.S.C. §3 Accessory after the fact.

203.    Benshoof sought redress for Lerman's and Owen's kidnapping of A.R.W. by filing multiple petitions for writ of habeas corpus, by seeking injunctive relief, and by filing claims for damages against Cliber, Keenan, Lerman, Owen, Narver, Russ, and others.

204.    Between January 16, 2024, and June 1, 2024, Ferguson and Russ acted to relieve, comfort, or assist Owen and Lerman in order to prevent their trial or punishment for kidnapping A.R.W.

**C. Subornation of Perjury**

COMPLAINT FOR DAMAGES
WAWD No.
Page 40 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
 (206) 460-4202
 kurtbenshoof@gmail.com

205.    Benshoof sought redress for Cliber's subordination of Owen's perjury by filing multiple petitions for writ of habeas corpus, by seeking injunctive relief, and by filing claims for damages against Cliber, Owen, Narver, and Russ.

206.    Defendants had a duty to refrain from relieving, comforting, or assisting Cliber's subornation of Owen's perjury, pursuant to 18 U.S.C. § 3 Accessory after the fact.

207.    Between January 16, 2024, and June 2, 2024, Ferguson, Russ, Tracy, and Turner acted to relieve, comfort, or assist Cliber in order to prevent his trial or punishment for suborning Owen's perjury.

208.    Defendants acted as accessories after the fact with the intent to deny Plaintiffs' right to petition for redress, to deny Plaintiffs' right of familial association, to subject Benshoof to excessive fines and cruel punishments, to deny Plaintiffs the equal protection of the law, and to deny Benshoof due process.

209.    Defendants' acts and failures to act denied Plaintiffs' right to petition for redress of their grievances, constituting negligence as a matter of law, and such negligence has the same effect as any other act of negligence.

210.    Defendants' acts and failures to act subjected Benshoof to excessive fines and cruel punishments' by imposing nearly $100,000 of fines upon Benshoof, and by threatening Benshoof with approximately $2,000 of fines per day, and by threatening Benshoof with unlawful and indefinite imprisonment, each of which constituted

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

negligence as a matter of law, and such negligence has the same effect as any other act of negligence.

211.    Defendants' *ultra vires* acts violated the duty imposed upon them by 18 U.S.C. § 3; therefore, Defendants are liable for damages in their individual capacities.

212.    In order for Ferguson to have authority to order Benshoof to pay Cliber, Owen, Russ, Tracy, or Turner, Owen expenses under RCW 4.84.185, it was required that Ferguson have jurisdiction, yet Ferguson was absent jurisdiction under the void *ab initio* ORAL and Contempt Order.

213.    In order for Ferguson to have authority to order Benshoof to pay Cliber, Owen, Russ, Tracy, or Turner, Owen expenses under RCW 4.84.185, it was required that Ferguson find that an action before Ferguson, brought by Benshoof, "was frivolous and advanced without reasonable cause."    However, the motions for sanctions against Benshoof regarded claims brought by Benshoof in U.S. District Court.

214.    18 U.S.C. § 3 is admissible on the issue of negligence pursuant to the test set forth in Restatement (Second) of Torts section 286 (1965). *See Schooley v. Pinch's Deli Mkt., Inc.,* 134 Wn.2d 468, 474–75, 951 P.2d 749 (1998), as the purpose of the legislative enactment of 18 U.S.C. § 3 was exclusively or in part to protect the public, including Plaintiffs, from persons acting as accessories after the fact to kidnapping, witness tampering, or the subornation of perjury.

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
 kurtbenshoof@gmail.com

215.    18 U.S.C. §3 was enacted to protect the class of persons whose religious beliefs require them to petition for redress of their grievances against state actors and private individuals in joint action with state actors who act as accessories after the fact to kidnapping, witness tampering, or the subornation of perjury.

216.    18 U.S.C. §3 was enacted to protect the public's interest in the preventing people from those who act as accessories after the fact to kidnapping, witness tampering, or the subornation of perjury.

217.    18 U.S.C. §3 was enacted to protect the aforementioned interest against the kind of harm which has resulted to Plaintiffs by the acts, and failures to act, by Defendants.

218.    18 U.S.C. §3 was enacted to protect against the hazard of public officials and private individuals engaging in discretionary acts, or discretionary failure to act, to act as accessories after the fact to subornation of perjury intended to deny the right to petition for redress of grievances for criminal law violations and First Amendment violations perpetrated by state actors and private individuals in joint action with state actors.

219.    The negligence was not due to some cause beyond the control of Defendants that ordinary care could not have guarded against.

220.    The violations of 18 U.S.C. §3 by Defendants, or those acting under their direction, advice, or counsel, constitutes negligence as a matter of law.

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

221.    The violations of 18 U.S.C. §3 by Defendants, or those acting under their direction, advice, or counsel, is ongoing.

222.    18 U.S.C. § 3 was enacted to protect people, including Plaintiffs, from kidnapping, from the subornation of perjury, from extortion, and from witness tampering, and to protect the right of association of fathers and sons. *See In Estate of Kelly v. Falin,* 127 Wn.2d 31, 896 P.2d 1245 (1995)

223.    The violation of 18 U.S.C. §3 by Defendants and those acting under their direction, advice, or counsel, was and is the proximate cause of irreparable harm to Plaintiffs, as the violations have relieved, comforted, or assisted Cliber's subornation of Owen's perjury, witness tampering, attempted extortion of Benshoof, and the kidnapping of A.R.W. by Owen and Lerman, concealing the whereabouts of A.R.W. from Benshoof, and thereby denied Benshoof the ability to contact A.R.W. to petition for redress of Plaintiffs' grievances. *See Ward v. Zeugner,* 64 Wn.2d 570, 392 P.2d 811 (1964)

224.    By relieving, comforting, or assisting kidnapping, witness tampering, extortion, or Cliber's subornation of Owen's perjury, Defendants have acted to conceal the whereabouts of A.R.W. from Benshoof, which is a direct and proximate cause of denying Plaintiffs' right of association, resulting in irreparable and ongoing harm to Plaintiffs. *See Elrod v. Burns,* 427 U.S. 347 (1976)

225.    By relieving, comforting, or assisting kidnapping, witness tampering, extortion, or Cliber's subornation of Owen's perjury, Defendants have acted to conceal

COMPLAINT FOR DAMAGES
WAWD No.
Page 44 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
 kurtbenshoof@gmail.com

the whereabouts of A.R.W. from Benshoof, which is a direct and proximate cause of denying Plaintiffs' right to petition for redress of their grievances, resulting in irreparable and ongoing harm to Plaintiffs.

226.    As there is a prima facie causal connection between the violations of 18 U.S.C. §3 and the irreparable harms to Plaintiffs, and the requirements of Restatement (Second) of torts section 286 (1965) are met, the proximate cause question is for the jury to decide at trial. *See Kness v. Truck Trailer Equip. Co.*, 81 Wn.2d 251, 501 P.2d 285 (1972)

227.    Defendants acted, or failed to act, with callous indifference to the direct, proximate, and foreseeable consequences that a reasonable person would know, or should know, that such conduct would, in a high degree of probability, violate 18 U.S.C. §3 and thereby result in substantial harm to Plaintiffs.

228.    By reason of the foregoing, and as a direct, proximate, and foreseeable result of Defendants' negligence, Plaintiffs suffered, and continue to suffer, irreparable harm and damages; therefore, Plaintiffs are entitled to recover compensatory damages, equitable and injunctive relief, court costs, and fees.

## SECOND CAUSE OF ACTION
### NEGLIGENCE

### Violation of RCW 9A.76.080
*Re* Extortion in the Second Degree

229.    Benshoof realleges and incorporates by reference the preceding paragraphs with the same force and effect as if fully set forth herein.

COMPLAINT FOR DAMAGES
WAWD No.
Page 45 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

230.    In this second cause of action, defendants named herein include Marshall Ferguson, Blair Russ, Michael Tracy, and Sarah Turner, ("Defendants"), each sued in their individual capacity.

231.    It is a class C felony under RCW 9A.76.080 when a person acts to prevent, hinder or delay the apprehension of another person, and in so doing, prevents or obstructs, by use of deception or threat, anyone from performing an act that might aid in the discovery or apprehension of such person.

## A. Rendering Criminal Assistance - Extortion

232.    Defendants had a duty to refrain from rendering criminal assistance to RCW 9A.56.120 Extortion in the first degree, a class B felony.

233.    Between January 16, 2024, and June 1, 2024, Ferguson, Russ, Tracy, and Turner acted to prevent or obstruct, by use of deception or threat, Benshoof from seeking legal redress that might aid in the discovery or apprehension of Ferguson, Russ, Tracy, or Turner, for their extortion of Benshoof.

234.    Defendants rendered criminal assistance to the extortion of Benshoof, under color of law of the March 31, 2023, Order Restricting Abusive Litigation by Kurt Benshoof ("ORAL"), and the March 1, 2024, Order Finding of Contempt and Imposing Sanctions Against Plaintiff Kurt Benshoof ("Contempt Order").

235.    RCW 9A.56.120 states that "(1) A person is guilty of extortion in the first degree if he or she commits extortion by means of a threat as defined in RCW 9A.04.110." RCW 9A.04.110 (28) "Threat" means to communicate, directly or

COMPLAINT FOR DAMAGES
WAWD No.
Page 46 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
 (206) 460-4202
kurtbenshoof@gmail.com

indirectly the intent: (c) to subject the person threatened or any other person to physical confinement or restraint."

236.    The ORAL and Contempt Order threaten Benshoof with physical confinement.

237.    In order for Ferguson to have authority to order Benshoof to pay Cliber, Owen, Russ, Tracy, or Turner, Owen expenses under RCW 4.84.185, it was required that Ferguson have jurisdiction, yet Ferguson was absent jurisdiction under the void *ab initio* ORAL and Contempt Order.

238.    In order for Ferguson to have authority to order Benshoof to pay Cliber, Owen, Russ, Tracy, or Turner, Owen expenses under RCW 4.84.185, it was required that Ferguson find that an action before Ferguson, brought by Benshoof, "was frivolous and advanced without reasonable cause."    However, the motions for sanctions against Benshoof regarded claims brought by Benshoof in U.S. District Court.

239.    Defendants acts and failures to act denied Plaintiffs' right to petition for redress of their grievances, constituting negligence as a matter of law, and such negligence has the same effect as any other act of negligence.

240.    Defendants' ultra vires acts violated the duty imposed upon them by RCW 9A.76.070; therefore, Defendants are liable for damages in their individual capacities.

241.    RCW 9A.76.070 is admissible on the issue of negligence pursuant to the

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

test set forth in Restatement (Second) of Torts section 286 (1965). *See Schooley v. Pinch's Deli Mkt., Inc.,* 134 Wn.2d 468, 474–75, 951 P.2d 749 (1998), as the purpose of the legislative enactment of RCW 9A.76.070 was exclusively or in part to protect the public, including Plaintiffs, from lending criminal assistance to felony kidnapping through violations of RCW 28A.605.030 and violations of the First Amendment.

242.    RCW 9A.76.070 was enacted to protect the class of persons whose religious beliefs require them to petition for redress of their grievances against state actors and private individuals in joint action with state actors who lend criminal assistance to kidnappers are those who violate First Amendment prohibitions.

243.    RCW 9A.76.070 was enacted to protect the public's interest in the preventing people from lending criminal assistance.

244.    RCW 9A.76.070 was enacted to protect the aforementioned interest against the kind of harm which has resulted to Plaintiffs by the acts, and failures to act, by Defendants

245.    RCW 9A.76.070 was enacted to protect against the hazard of public officials engaging in discretionary acts, or discretionary failure to act, to lend criminal assistance to the denial of the right to petition for redress of grievances for criminal law violations and First Amendment violations perpetrated by state actors and private individuals in joint action with state actors.

246.    The negligence was not due to some cause beyond the control of Defendants that ordinary care could not have guarded against.

COMPLAINT FOR DAMAGES
WAWD No.
Page 48 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

247.    The violation of RCW 9A.76.070 by Defendants, or those acting under their direction, advice, or counsel, constitutes negligence as a matter of law.

248.    The violation of RCW 9A.76.070 by Defendants, or those acting under their direction, advice, or counsel, is ongoing.

249.    RCW RCW 9A.76.070 was enacted to protect parents, including Benshoof, and their interest involved in free and equal access to the records of their children and the right of association of fathers and sons. *See In Estate of Kelly v. Falin,* 127 Wn.2d 31, 896 P.2d 1245 (1995)

250.    The violation of RCW 9A.76.070 by Defendants and those acting under their direction, advice, or counsel, was and is the proximate cause of irreparable harm to Plaintiffs, as the violations have concealed the whereabouts of A.R.W. from Benshoof and thereby denied Benshoof the ability to contact A.R.W. to petition for redress of Plaintiffs' grievances. *See Ward v. Zeugner,* 64 Wn.2d 570, 392 P.2d 811 (1964)

251.    The First Amendment prohibits denying Plaintiffs' right of familial association with each other.  Concealing the whereabouts of A.R.W. from Benshoof is a direct and proximate cause of denying Plaintiffs' right of association, resulting in irreparable and ongoing harm to Plaintiffs. *See Elrod v. Burns,* 427 U.S. 347 (1976)

252.    The First Amendment prohibits denying Plaintiffs' right to petition for redress of their grievances.  Concealing the whereabouts of A.R.W. from Benshoof is

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

a direct and proximate cause of denying Plaintiffs' right to petition for redress of their grievances, resulting in irreparable and ongoing harm to Plaintiffs.

253.   As there is a prima facie causal connection between the violations of RCW 9A.76.070 and the irreparable harms to Plaintiffs, and the requirements of Restatement (Second) of torts section 286 (1965) are met, the proximate cause question is for the jury to decide at trial. *See Kness v. Truck Trailer Equip. Co.,* 81 Wn.2d 251, 501 P.2d 285 (1972)

254.   Defendants acted, or failed to act, with callous indifference to the direct, proximate, and foreseeable consequences that a reasonable person would know, or should know, that such conduct would, in a high degree of probability, violate RCW 9A.76.070 and thereby result in substantial harm to Plaintiffs.

255.   By reason of the foregoing, and as a direct, proximate, and foreseeable result of Defendants' negligence, Plaintiffs suffered, and continue to suffer, irreparable harm and damages; therefore, Plaintiffs are entitled to recover compensatory damages, equitable, injunctive, and declaratory relief, court costs, and reasonable fees.

# THIRD CAUSE OF ACTION
## VIOLATION OF FIRST AMENDMENT
### Free Exercise of Religion Retaliation
#### 42 U.S.C. § 1983

256.   Benshoof realleges and incorporate by reference the preceding paragraphs with the same force and effect as if fully set forth herein.

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

257.    In this third cause of action, defendants named herein include KING COUNTY, Marshall Ferguson, Blair Russ, Michael Tracy, Sarah Turner, and Jamal Whitehead ("Defendants").  KING COUNTY is a "person" for the purposes of liability under 42 U.S.C. § 1983.

258.    At all times relevant herein to this third cause of action Defendants were state actors, or individuals pervasively entwined as integral participants in joint action with state actors, acting under color of law, and their conduct was subject to 42 U.S.C. § 1983.

259.    Through the equal protection clause of the Fourteenth Amendment, Defendants were prohibited from violating the First Amendment prohibitions against discriminating against Benshoof's right to the free exercise of his religious beliefs.

260.    By punishing and threatening to punish Benshoof under the ORAL and Contempt Order for exercising his sincerely held religious beliefs in the way Benshoof is devoted to speaking the truth and seeking redress of his grievances against criminals and tortfeasors, Ferguson, Russ, Tracy, and Turner have violated and are violating the First Amendment and Benshoof's right to free exercise of religion.

261.    By punishing and threatening to punish Benshoof for exercising his sincerely held religious beliefs in the way Benshoof is devoted to speaking the truth and seeking redress of his grievances against criminals and tortfeasors, Whitehead violated and is violating the First Amendment and Benshoof's right to free exercise of religion.

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

262.    "To demonstrate a credible threat is likely to be enforced in the future, a history of threatened or actual enforcement of the policy against the plaintiff or other similarly situated parties will suffice." See *Rock for Life v Hrabowski quoting Lopez v. Candaele* F.3d, 2010 WL 3607033, (9th Cir. 2010)

263.    Defendants possess a class-based invidious discriminatory animus towards Benshoof.

264.    Benshoof's views and expression related to honesty, due process, equality under the law, and redress of grievances, are motivated by his sincerely held religious beliefs, are ways through which he exercises his religious faith, and constitute a central component of his sincerely held religious beliefs.

265.    This persistently widespread custom or practice of King County officials discriminating against Benshoof for the free exercise of his religious beliefs was the moving force behind the denial of Plaintiffs' right of association and petitions for redress and was both causation-in-fact and proximate causation of the violations of the First Amendment and Benshoof's free exercise of his religious beliefs.

266.    Under these practices or widespread customs, Defendants acted as integral participants in joint action to discriminate against Benshoof for the free exercise of his religious beliefs, and thereby retaliated against Benshoof's petition for redress of Plaintiffs' grievances.

267.    The practice and widespread customs to discriminate against Benshoof for the free exercise of his religious beliefs were arbitrary and capricious.

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

268.    The practice and widespread customs to discriminate against Benshoof for the free exercise of his religious beliefs were neither neutral nor generally applicable but allowed Defendants to target religious expression and activities specifically, and to express hostility to such expression by Benshoof.

269.    The practices and widespread customs were neither neutral nor generally applicable because they represent a system of denying Benshoof due process and denying Plaintiffs the equal protection of the law.

270.    The practices and widespread customs were underinclusive, prohibiting some expression while leaving unprohibited other expression equally harmful to Defendants' asserted interests of upholding the law.

271.    Defendants violated Benshoof's right to free exercise of religion when they acted, or threatened to act, to sanction or imprison Benshoof for exercising his religious beliefs, and they continue to do so by threatening to retaliate or punish Benshoof if he continues to communicate and act according to his beliefs by Benshoof petitioning for injunctive relief, for a writ of habeas corpus, or for bringing claims for the violations of Plaintiffs' rights.

272.    Ferguson, Russ, Tracy, and Turner violated Benshoof's right to free exercise of religion when they acted under color of law of the ORAL and Contempt Order to threaten Benshoof with financial penalties and imprisonment for Benshoof exercising his firmly held religious beliefs.

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

273.    By reason of the foregoing, and as a direct, proximate, and foreseeable result of the widespread practices or customs of KING COUNTY, Defendants' acts and failures to act, Benshoof has suffered, and continues to suffer, irreparable harm and damages; therefore, Benshoof is entitled to recover compensatory damages, equitable, injunctive and declaratory relief, court costs, and reasonable fees.

## FOURTH CAUSE OF ACTION
### VIOLATION OF FIRST AMENDMENT

**Right of Association**

42 U.S.C. § 1983

274.    Plaintiffs reallege and incorporate by reference the preceding paragraphs with the same force and effect as if fully set forth herein.

275.    In this fourth cause of action, defendants named herein include KING COUNTY, Marshall Ferguson, Blair Russ, and Jessica Skelton, ("Defendants"). KING COUNTY is a "person" for the purposes of liability under 42 U.S.C. § 1983.

276.    At all times relevant herein to this fourth cause of action Defendants were state actors, or individuals pervasively entwined as integral participants in joint action with state actors, acting under color of law, and their conduct was subject to 42 U.S.C. § 1983.

277.    Through the Equal Protection Clause of the Fourteenth Amendment, Counterclaim Defendants were prohibited from violating First Amendment prohibitions against restricting or denying Plaintiffs' right of familial association under color law.

COMPLAINT FOR DAMAGES
WAWD No.
Page 54 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

## A.  Habeas Corpus – Ferguson & Russ

278.    Wash. Const. Art. I §13 states that the "privilege of the writ of habeas corpus *shall not* be suspended, unless incase of rebellion or invasion the public safety requires it." No rebellion or invasion has occurred during the matters in controversy.

279.    RCW 7.36.040 states that "upon application the writ *shall* be granted without delay."

280.    Ferguson acted *ultra vires* to preempt the mandate of RCW 7.36.040, claiming that the void *ab initio* ORAL authorized Ferguson to effectively suspend Wash. Const. Art. I §13 and to violate RCW 7.36.040.

281.    Benshoof's petition for writ of habeas corpus sought to arrest the ongoing kidnapping of A.R.W. and the violation of Plaintiffs' right of familial association.

282.    Under color of law of the void *ab initio* ORAL, Russ acted to violate Plaintiffs' right of familial association and rendered criminal assistance to the kidnapping of A.R.W. by Owen and Lerman by acting to deny Benshoof's Motion for Leave to File Petition for Writ of Habeas Corpus.

283.    Under color of law of the void *ab initio* ORAL, Ferguson violated Plaintiffs' right of familial association and rendered criminal assistance to the kidnapping of A.R.W. by Owen and Lerman by denying Benshoof's Motion for Leave to File Petition for Writ of Habeas Corpus.

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

## B. Mandamus - Skelton

284.    Benshoof petitioned for writ of mandamus in King County Superior Court to compel Seattle Public School general counsel Gregory Narver ("Narver") to comply with RCW 28A.605.030, which states that Benshoof "has the right to review all education records" of A.R.W. (KCSC No. 24-2-06539-3 SEA, Dkt. No. 00)

285.    Benshoof's mandamus pleaded that Narver was rendering criminal assistance to the kidnapping of A.R.W. by Owen and Lerman, as Narver was denying Benshoof the "right to review all education records" of A.R.W. in order to conceal the whereabouts of A.R.W. from Benshoof. (WAWD No. 2:23-vc-1829-JNW, Dkt. #3 pg. 2 ¶2)

286.    Having been duly informed by Benshoof that Narver was rendering criminal assistance to the kidnapping of A.R.W., Skelton sought to dismiss Benshoof's mandamus under the ORAL.

287.    Narver was not a party to KCSC No. 22-2-15958-8, nor was Narver a "protected party" of the void *ab initio* ORAL.

288.    Skelton knowingly and willfully attempted to use the void *ab initio* ORAL to render criminal assistance to Narver's rendering of criminal assistance to the ongoing kidnapping of A.R.W. by Owen and Lerman.

289.    Upon the foregoing, Skelton knowingly and willfully acted in bad faith to indirectly deny Plaintiffs' right of familial association by helping Narver, Owen, and Lerman continue to conceal the whereabouts of A.R.W. from Benshoof.

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

290.    The widespread custom or practice of King County was the moving force behind the denial of Benshoof's right of association with A.R.W. and was both causation-in-fact and proximate causation of the violations of Plaintiffs' right of familial association.

291.    The practice or widespread custom of King County judges to grant Orders Restricting Abusive Litigation without statutory authority was the direct, proximate, and foreseeable cause of violations of the First Amendment, and Plaintiffs' right of familial association.

292.    King County failed to properly train its judges to not grant Orders Restricting Abusive Litigation without statutory authority.

293.    King County failed to properly train its judges not to violate RCW 7.36.040 by refusing, upon application, to grant a writ of habeas corpus without delay.

294.    Defendants, because of their invidious discriminatory animus towards Benshoof's class, willfully, maliciously, recklessly, and with callous indifference, acted for the purpose of depriving, either directly or indirectly, Plaintiffs' right of familial association.

295.    First Amendment violations of Plaintiffs' right of familial association, even for a brief period of time, constitute irreparable harm. *See Elrod v. Burns*, 427 U.S. 347 (1976)

296.    As a direct, proximate, and foreseeable result of the failure to trains its judges by KING COUNTY, the widespread practice or custom of KING COUNTY,

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

and as a result of the acts of Ferguson, Russ, Tracy, and Turner, Plaintiffs have suffered cruel and inhumane conditions and treatment and continue to suffer from such cruel and inhumane acts, irreparable harm and damages for which they are entitled to recover.

## FIFTH CAUSE OF ACTION
### VIOLATION OF FIRST AMENDMENT

**Right to Petition for Redress of Grievances**
42 U.S.C. § 1983

297.    Plaintiffs repeat and reallege each of the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

298.    In this fifth cause of action, defendants named herein include KING COUNTY, J. Doe, Marshall Ferguson, Blair Russ, Jessica Skelton, Michael Tracy, Sarah Turner, and Jamal Whitehead, ("Defendants").  KING COUNTY is a "person" for the purposes of liability under 42 U.S.C. § 1983.

299.    At all times relevant herein to this fifth cause of action Defendants were state actors, or individuals pervasively entwined as integral participants in joint action with state actors, acting under color of law, and their conduct was subject to 42 U.S.C. § 1983.

300.    Through the equal protection clause of the Fourteenth Amendment, Defendants were prohibited from violating the First Amendment prohibitions against discriminating against Benshoof's right to petition for redress of grievances.

COMPLAINT FOR DAMAGES
WAWD No.
Page 58 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

301.    Defendants did not have evidence of "domestic relations" between Benshoof and Owen.

## A. King County Superior Court

302.    KING COUNTY failed to properly train its judges, including Ferguson, regarding retaliation against Benshoof's class for exercising his right to petition for redress.

303.    KING COUNTY officials have displayed a custom or widespread practice of retaliating against Benshoof for exercising his right to petition for redress of grievances or denying Benshoof's right to seek redress.

### 1) ORAL & Contempt Order

304.    In *United States v. Watson*, 582 F.3d 974 (9th Cir. 2009), the Ninth Circuit held that "[a] waiver of the right to appeal does not bar a defendant from challenging an illegal sentence." Id. at 977 (emphasis added). The Ninth Circuit has held that a sentence is "illegal" if it "violates the Constitution." *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016), quoting *United States v. Bibler,* 495 F.3d 621, 624 (9th Cir. 2007). Thus, an appeal waiver does not apply to a sentence "if it exceeds the permissible statutory penalty for the crime or violates the Constitution." *Bibler,* 495 F.3d at 624; see also *United States v. Wells*, 29 F.4th 580, 584 (9th Cir.), cert. denied, 143 S. Ct. 267, 214 L. Ed. 2d 115 (2022).

305.    Ferguson, Russ, Tracy, and Turner, acted, or threatened to act, to perpetrate retaliatory punishment of Benshoof for exercising his right to seek redress

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

of Plaintiffs' grievances, secured by the First Amendment, by or through the ORAL or Contempt Order.

306.    Ferguson issued the *ultra vires* ORAL without subject matter jurisdiction pursuant to RCW 26.51.030(1).

307.    Ferguson issued the *ultra vires* ORAL without setting a hearing and hearing all relevant testimony, as required by RCW 26.51.040.

308.    As Ferguson did not have jurisdiction to issue the ORAL, the ORAL was a nullity; therefore, Ferguson was without authority to claim that Benshoof violated the void *ab initio* ORAL.

309.    Upon the foregoing, the Contempt Order was void *ab initio,* and the sanctions imposed by Ferguson constitute a violation of RCW 9A.56.120, extortion in the first degree, a class B felony.

310.    The ORAL and Contempt Order were not narrowly tailored; pre-filing restrictions must be narrowly tailored to closely fit the specific vice encountered.

311.    In order for Ferguson to have authority to order Benshoof to pay Cliber, Owen, Russ, Tracy, or Turner, Owen expenses under RCW 4.84.185, it was required that Ferguson have jurisdiction, yet Ferguson was absent jurisdiction under the void *ab initio* ORAL and Contempt Order.

312.    In order for Ferguson to have authority to order Benshoof to pay Cliber, Owen, Russ, Tracy, or Turner, Owen expenses under RCW 4.84.185, it was required that Ferguson find that an action before Ferguson, brought by Benshoof, "was

COMPLAINT FOR DAMAGES
WAWD No.
Page 60 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

frivolous and advanced without reasonable cause." However, the motions for sanctions against Benshoof regarded claims brought by Benshoof in U.S. District Court.

313.    Under the terms of the void *ab initio* ORAL, Ferguson asserted the authority to require Benshoof to motion for leave to petition for writ of habeas corpus, thereby denying Benshoof the right to petition for redress by way of habeas corpus.

314.    The void *ab initio* ORAL and Contempt Order not only restricted Benshoof's right to petition for redress of Plaintiffs' grievances under color of law, they transmuted Benshoof's right into a privilege which could be suspended at any time by any state or federal judge in the country.

### 2) *Habeas Corpus Petition*

315.    Under the terms of the void *ab initio* ORAL, Benshoof could not file a petition for writ of habeas corpus in any superior court in the state of Washington without seeking leave to file from Ferguson, *supra* ¶97.

316.    Wash. Const. Art. I §13 states that the "privilege of the writ of habeas corpus *shall not* be suspended, unless in case of rebellion or invasion the public safety requires it." No rebellion or invasion occurred during the matters in controversy.

317.    RCW 7.36.040 states that "upon application the writ *shall* be granted without delay."

318.    Ferguson acted *ultra vires* to preempt the mandate of RCW 7.36.040, claiming that the void *ab initio* ORAL authorized Ferguson to effectively suspend

COMPLAINT FOR DAMAGES
WAWD No.
Page 61 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

Wash. Const. Art. I §13 and to violate RCW 7.36.040.

319.    Benshoof's petition for writ of habeas corpus sought to arrest the ongoing kidnapping of A.R.W. and the violation of Plaintiffs' right of familial association.

320.    Under color of law of the void *ab initio* ORAL, Russ acted to violate Plaintiffs' right of familial association and rendered criminal assistance to the kidnapping of A.R.W. by Owen and Lerman by acting to deny Benshoof's Motion for Leave to File Petition for Writ of Habeas Corpus.

321.    Under color of law of the void *ab initio* ORAL, Ferguson violated Plaintiffs' right of familial association and rendered criminal assistance to the kidnapping of A.R.W. by Owen and Lerman by denying Benshoof's Motion for Leave to File Petition for Writ of Habeas Corpus.

**B. U.S. District Court**

*1) Refusal to Adjudicate*

322.    In his denial order issued on February 16, 2024, Whitehead threatened to retaliate against Benshoof as punishment for Benshoof for exercising his right to seek redress of Plaintiffs' grievances in accordance with Benshoof's spiritual beliefs. (WAWD No. 2:23-cv-1392-JNW, Dkt. #92, pg. 4 ¶2)

323.    On March 5, 2024, Benshoof filed his Fifth Motion for TRO to enjoin Moshe Admon, Nathan Cliber, Marshall Ferguson, Owen Hermsen, Magalie Lerman, Jesica Owen, Blair Russ, Michael Tracy, and Saray Turner from acting under the

COMPLAINT FOR DAMAGES
WAWD No.
Page 62 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

1  void *ab initio* ORAL or Contempt Order to subject Benshoof to extortion and threaten

2  Benshoof with unlawful imprisonment. (*Id., Dkt. #129*)

3       324.   Tracy and Turner responded on behalf of their client, Nathan Cliber.

4  (*Id.*, Dkt. #133)

5

6       325.   Tracy and Turner could not, and did not, deny that Cliber suborned the

7  perjury of Owen to enable the kidnapping of A.R.W.

8       326.   Tracy and Turner could not, and did not, deny that Rekofke and Russ

9  motioned for the ORAL without the statutory requirement that a court found

10  Benshoof to be a perpetrator of domestic violence.

11

12       327.   Tracy and Turner could not, and did not, argue that the ORAL was not

13  fraudulent and void *ab initio*.

14       328.   Upon the foregoing, Tracy and Turner made false and misleading

15  statements, in violation of RCW 9A.76.175, in order to deny Plaintiffs' right to

16  petition for redress of his grievances.

17       329.   LCR 65(b)(3) Procedure states that "The clerk will promptly assign a

18  judge and advise his or her chambers of the emergency nature of the filing. The court

19  may consider the motion on the papers *or* schedule a hearing."

20

21       330.   28 U.S.C. §1657(a) states that "each court of the United States *shall*

22  determine the order in which civil actions are heard and determined, *except* that the

23  court *shall expedite* the consideration of any action for temporary or preliminary

24  injunctive relief."

25

26  COMPLAINT FOR DAMAGES            Kurt Benshoof, Co-Plaintiff
    WAWD No.                        1716 N 128th ST
    Page 63 of 91                  Seattle, Washington 98133
                              (206) 460-4202
                             kurtbenshoof@gmail.com

331.    Since, March 25, 2024, Whitehead refused to hear Benshoof's Fifth TRO, which sought to enjoin Moshe Admon, Nathan Cliber, Marshall Ferguson, Owen Hermsen, Magalie Lerman, Jessica Owen, Blair Russ, Michael Tracy, Sarah Turner, and Peggy Wu from acting to violate Benshoof's right to petition for redress of grievances. (*Id.*, Dkt. #129)

332.    Since March 5, 2024, Whitehead has continued to act *ultra vires,* non-discretionary and ministerial acts, in violation of 28 U.S.C. §1257(a), by not only refusing to expedite consideration of Benshoof's Fifth TRO, but by refusing to consider it altogether.

333.    By refusing to adjudicate Benshoof's Fifth TRO, Whitehead has precluded Benshoof from exercising his right to direct appeal of a denial order of the Fifth TRO.

334.    Upon the foregoing, Whitehead continues to violate Benshoof's right to petition for redress in U.S. District Court and the Ninth Circuit Court of Appeals.

### 2) *Refusal to Issue Summons*

335.    Fed.R.Civ.P. 4(b) required clerk J. Doe to issue summons to Benshoof in when Benshoof e-filed praecipe to issue summons for Defendants KING COUNTY and Magalie Lerman on February 7, 2024. (WAWD No. 2:23-cv-1829-JNW, Dkt. #17)

336.    Under the *ultra vires* administrative direction of Whitehead, clerk J. Doe has refused to issue summons for Defendants KING COUNTY and Magalie

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

Lerman for approximately four months, denying Plaintiffs' right to seek redress of their grievances against Defendants KING COUNTY and Magalie Lerman.

337.    The acts, and failure to act, by J. Doe and Whitehead were non-discretionary and ministerial.

338.    By denying Benshoof right to petition for redress, Plaintiffs have been unable to communicate in any way since January 23, 2023. Without means of communication between Plaintiffs, Benshoof's ability to seek redress of Plaintiffs' grievances has been, and is being, irreparably harmed.

339.    Defendants acted, or failed to act, to target Benshoof to silence his right to petition for redress of grievances with the threat sanctions or unlawful imprisonment.

340.    As a direct, proximate, and foreseeable result of the failure to trains its judges by KING COUNTY, the widespread practice or custom of KING COUNTY to deny Benshoof's right to petition for redress, and as a result of individual defendants' ministerial acts and failures to act, Plaintiffs have suffered irreparable harm and damages for which they are entitled to recover.

## SIXTH CAUSE OF ACTION
### VIOLATION OF FOURTH AMENDMENT

**Right to Life & Liberty**
42 U.S.C. § 1983

341.    Plaintiffs repeat and reallege each of the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

COMPLAINT FOR DAMAGES
WAWD No.
Page 65 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

342.    In this sixth cause of action, defendants named herein include KING COUNTY, Marshall Ferguson, and Blair Russ, ("Defendants"). KING COUNTY is a "person" for the purposes of liability under 42 U.S.C. § 1983.

343.    At all times relevant herein to this sixth cause of action Defendants were state actors, or individuals pervasively entwined as integral participants in joint action with state actors, acting under color of law, and their conduct was subject to 42 U.S.C. § 1983.

344.    Through the equal protection clause of the Fourteenth Amendment, Defendants were prohibited from violating Fourth Amendment prohibitions against denying Plaintiffs' right to life and liberty under color of law.

### Denial of Habeas

345.    Under the terms of the void *ab initio* ORAL, Benshoof could not file a petition for writ of habeas corpus in any superior court in the state of Washington without seeking leave to file from Ferguson, *supra* ¶97.

346.    Wash. Const. Art. I §13 states that the "privilege of the writ of habeas corpus ***shall not*** be suspended, unless incase of rebellion or invasion the public safety requires it." No rebellion or invasion occurred during the matters in controversy.

347.    RCW 7.36.040 states that "upon application the writ ***shall*** be granted without delay."

COMPLAINT FOR DAMAGES
WAWD No.
Page 66 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
 (206) 460-4202
 kurtbenshoof@gmail.com

348.    Ferguson acted *ultra vires* to preempt the mandate of RCW 7.36.040, claiming that the void *ab initio* ORAL authorized Ferguson to effectively suspend Wash. Const. Art. I §13 and to violate RCW 7.36.040.

349.    Benshoof's petition for writ of habeas corpus sought to arrest the ongoing kidnapping of A.R.W. and the violation of Plaintiffs' right of familial association.

350.    Under color of law of the void *ab initio* ORAL, Russ acted to violate Plaintiffs' right of familial association and rendered criminal assistance to the kidnapping of A.R.W. by Owen and Lerman by acting to deny Benshoof's Motion for Leave to File Petition for Writ of Habeas Corpus.

351.    Under color of law of the void *ab initio* ORAL, Ferguson violated Plaintiffs' right of familial association and rendered criminal assistance to the kidnapping of A.R.W. by Owen and Lerman by denying Benshoof's Motion for Leave to File Petition for Writ of Habeas Corpus

352.    As a direct, proximate, and foreseeable result of the failure to trains its judges by KING COUNTY, the widespread practice or custom of KING COUNTY officials to deny Benshoof the privilege of a writ of habeas corpus, and as a result of individual defendants' acts and failures to act, Plaintiffs have suffered cruel and inhumane conditions and treatment and continue to suffer from such cruel and inhumane acts, irreparable harm and damages for which they are entitled to recover.

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
 (206) 460-4202
 kurtbenshoof@gmail.com

# SEVENTH CAUSE OF ACTION
VIOLATION OF FIFTH AMENDMENT

## Right to Due Process
42 U.S.C. § 1983

353.    Plaintiffs repeat and reallege each of the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

354.    In this seventh cause of action, defendants named in their individual capacity include clerk J. Doe and Jamal Whitehead.

355.    The Fifth Amendment to the U.S. Constitution prohibited Defendants from violating Plaintiffs' right to due process.

356.    Fed.R.Civ.P. 4(b) required clerk J. Doe to issue summons to Benshoof in WAWD No. 2:23-cv-1829-JNW when Benshoof e-filed praecipe to issue summons for Defendants KING COUNTY and Magalie Lerman on February 7, 2024. (*Id.*, Dkt. #17)

357.    Under the *ultra vires* ministerial direction of Whitehead, clerk J. Doe has refused to issue summons for Defendants KING COUNTY and Magalie Lerman for approximately four months.

358.    The doctrine of absolute judicial immunity does not protect Whitehead's *ultra vires* administrative directive that clerk J. Doe refuse issuing summons for Defendants KING COUNTY and Magalie Lerman for approximately four months.

359.    Plaintiffs' private interest in seeking redress against Defendants KING COUNTY and Magalie Lerman was burdened by the acts of Defendants, and failure

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

to act by clerk J. Doe, one of the three factors in the balancing test for determining "what due process is due." *Mathews v. Eldridge,* 424 U.S. 319, 333–35 (1976)

360.    Whitehead's ministerial directive, and clerk J. Doe's non-discretionary refusal to issue summons, deprived Plaintiffs of their due process right to obtain summons and thereafter serve Defendants KING COUNTY and Magalie Lerman.

361.    There was no valid government interest in denying Plaintiffs' their right to obtain summons for Defendants KING COUNTY and Magalie Lerman.

362.    As a direct, proximate, and foreseeable result of the ministerial acts or refusal to act by Defendants, Plaintiffs have suffered, and continue to suffer, irreparable harm and damages for which they are entitled to recover.

## EIGHTH CAUSE OF ACTION
VIOLATION OF EIGHTH AMENDMENT
### Excessive Fines & Cruel Punishments
42 U.S.C. § 1983

363.    Benshoof repeats and realleges each of the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

364.    In this eighth cause of action, defendants named herein include KING COUNTY, Marshall Ferguson, Blair Russ, Michael Tracy, and Sarah Turner, ("Defendants").  KING COUNTY is a "person" for the purposes of liability under 42 U.S.C. § 1983.

365.    At all times relevant herein to this eighth cause of action Defendants were state actors, or individuals pervasively entwined as integral participants in joint

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

action with state actors, acting under color of law, and their conduct was subject to 42 U.S.C. § 1983.

366.    Through the equal protection clause of the Fourteenth Amendment, Defendants were prohibited from violating Eighth Amendment prohibitions against subjecting Benshoof to excessive fines or cruel punishments.

367.    The Eighth Amendment's categorical prohibition upon the infliction of cruel and unusual punishment applies to practices condemned by the common law at the time the Bill of Rights was adopted, as well as to punishments which offend our society's evolving standards of decency as expressed in objective evidence of legislative enactments and the conduct of sentencing juries. See *Penry v. Lynaugh*, 492 U.S. 302, 305 (1989)

368.    Defendants were without evidence of "domestic relations" between Benshoof and Owen.

369.    Defendants were without evidence that a court had found that Benshoof ever committed domestic violence against anyone.

370.    Ferguson did not have statutory authority under RCW 26.51 to grant an Order Restricting Abusive Litigation by Kurt Benshoof ("ORAL").

371.    Ferguson knowingly and willfully acted *ultra vires* in the absence of jurisdiction to grant the ORAL and fine Benshoof $78,118.39.

372.    During oral arguments on February 29, 2024, Benshoof again reminded Ferguson, Russ, Tracy, and Turner, that the Ferguson Court was acting *ultra vires*

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

to sanction and threaten Benshoof with fines or unlawful imprisonment.

373.    On March 1, 2024, Ferguson granted an Order Finding of Contempt and Imposing Sanctions Against Plaintiff Kurt Benshoof.

374.    On March 29, 2024, Ferguson ordered sanctions against Benshoof $11,825 for Cliber, Tracy, and Turner.

375.    On March 29, 2024, Ferguson ordered sanctions against Benshoof $11,014.92 for Owen and Russ.

376.    Plaintiffs have suffered irreparable harm as a proximate result of the actions, or failures to act, of Defendants.

377.    As a direct, proximate, and foreseeable result of the failure to trains its judges by KING COUNTY, the widespread practice or custom of KING COUNTY officials to subject Benshoof to excessive fines or cruel punishments, and as a result of individual defendants' *ultra vires* acts and failures to act, Plaintiffs have suffered cruel and inhumane conditions and treatment and continue to suffer irreparable harm and damages for which they are entitled to recover.

## NINTH CAUSE OF ACTION
### RELIGIOUS FREEDOM RESTORATION ACT
#### 42 U.S.C. § 2000bb

378.    Plaintiffs repeat and reallege each of the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

379.    In this ninth cause of action, individual defendants named herein include clerk J. Doe, and Jamal Whitehead ("Defendants").

380.    Benshoof has standing under article III §2 of the U.S. Constitution to bring this ninth cause of action against Defendants, pursuant to the Religious Freedom Restoration Act ("RFRA"), Pub. L. 103-141, Nov. 16, 1993.

381.    At all relevant times herein, Defendants were the "government" under 42 U.S.C. §2000bb-2(1).

382.    The "RFRA provides, as one avenue for relief, a right to seek damages against Government employees." *Tanzin v. Tanvir*, 141 S. Ct. 486, 492 (2020) "RFRA's express remedies provision permits litigants, when appropriate, to obtain money damages against federal officials in their individual capacities." *Id.* at 493

383.    Defendants were prohibited from substantially burdening Benshoof's exercise of his religion, even if the burden resulted from a rule of general applicability, except in the furtherance of a compelling government interest *and* the burden was the least restrictive means of furthering that compelling government interest.

384.    Benshoof duly informed Whitehead of his religious beliefs in writing, *supra,* at ¶¶1-13

385.    Defendants possess a class-based invidious discriminatory animus towards Benshoof, due to his religious beliefs.

386.    Benshoof's views and expression related to honesty, due process, equality under the law, and redress of grievances, are motivated by his sincerely held

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

religious beliefs, are ways through which Benshoof exercises his religious faith, and constitute a central component of his sincerely held religious beliefs.

387.    This practice or widespread custom of Defendants discriminating against Benshoof for the free exercise of his religious beliefs was the moving force behind Defendants acting ministerially to deny Benshoof the issuance of summons.

388.    This practice or widespread custom of Whitehead discriminating against Benshoof for the free exercise of his religious beliefs was the moving force behind Whitehead refusing to adjudicate Benshoof's Fifth and Sixth TRO.

389.    Under this practice or widespread custom, Defendants acted as integral participants to discriminate against Benshoof for the free exercise of his religious beliefs, and thereby retaliated against Benshoof by denying the issuance of summons and refusing to adjudicate Benshoof's Fifth and Sixth TRO.

390.    The ministerial practice or widespread custom of discriminating against Benshoof for the free exercise of his religious beliefs was arbitrary and capricious, absent any compelling government interest.

391.    The practice or widespread custom of discriminating against Benshoof for the free exercise of his religious beliefs was neither neutral nor generally applicable but allowed Defendants to target religious expression and activities specifically, and to discriminate against such expression by Benshoof.

COMPLAINT FOR DAMAGES
WAWD No.
Page 73 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

392.    The practices and widespread customs were neither neutral nor generally applicable because they represent a pattern of discriminating against Benshoof for exercising his religious beliefs.

393.    The practices and widespread customs were underinclusive, prohibiting some expression while leaving unprohibited other expression equally harmful to Defendants' asserted interests.

394.    As a direct, proximate, and foreseeable result of Defendants' ministerial acts, or failures to act, Plaintiffs have suffered irreparable harm and damages for which they are entitled to recover.

## TENTH CAUSE OF ACTION
### VIOLATION OF FOURTEENTH AMENDMENT
### Due Process Clause
42 U.S.C. § 1983

395.    Plaintiffs repeat and reallege each of the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

396.    In this tenth cause of action, defendants named herein include KING COUNTY, Marshall Ferguson, Blair Russ, Michael Tracy, and Sarah Turner, ("Defendants"). KING COUNTY is a "person" for the purposes of liability under 42 U.S.C. § 1983.

397.    The Fourteenth Amendment prohibited Defendants from acting as integral participants in joint action under color of law to deny Benshoof of life, liberty, or property without due process of law.

COMPLAINT FOR DAMAGES
WAWD No.
Page 74 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

398.    At all times relevant herein to this tenth cause of action Defendants were state actors, or individuals pervasively entwined as integral participants in joint action with state actors, acting under color of law, and their conduct was subject to 42 U.S.C. § 1983.

**A. Habeas Petition**

399.    KING COUNTY failed to properly train its judges, including Ferguson, regarding denying Benshoof's class the right to due process regarding petitions for writ of habeas corpus.

400.    KING COUNTY officials displayed a custom or widespread practice of denying Benshoof's class the right to due process regarding petitions for writ of habeas corpus.

401.    Under the terms of the void *ab initio* ORAL, Benshoof could not file a petition for writ of habeas corpus in any superior court in the state of Washington without seeking leave to file from Ferguson, *supra*, ¶¶118-119.

402.    Wash. Const. Art. I §13 states that the "privilege of the writ of habeas corpus ***shall not*** be suspended, unless incase of rebellion or invasion the public safety requires it." No rebellion or invasion occurred during the matters in controversy.

403.    RCW 7.36.040 states that "upon application the writ ***shall*** be granted without delay."

404.    Ferguson acted *ultra vires* to preempt the mandate of RCW 7.36.040, claiming that the void *ab initio* ORAL authorized Ferguson to effectively suspend

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
 (206) 460-4202
 kurtbenshoof@gmail.com

Wash. Const. Art. I §13 and to violate RCW 7.36.040.

405.    Benshoof's petition for writ of habeas corpus sought to arrest the ongoing kidnapping of A.R.W. and the violation of Plaintiffs' right of familial association.

406.    Under color of law of the void *ab initio* ORAL, Russ acted to violate Plaintiffs' right of familial association and rendered criminal assistance to the kidnapping of A.R.W. by Owen and Lerman by acting to deny Benshoof's Motion for Leave to File Petition for Writ of Habeas Corpus.

407.    Under color of law of the void *ab initio* ORAL, Ferguson violated Plaintiffs' right of familial association and rendered criminal assistance to the kidnapping of A.R.W. by Owen and Lerman by denying Benshoof's Motion for Leave to File Petition for Writ of Habeas Corpus, thereby denying Benshoof due process.

408.    Under color of law of the void *ab initio* ORAL, Ferguson and Russ acted as integral participants in joint action to set in motion a series of events by which Defendants knew or should have known would interfere with Benshoof's right to due process under Fourteenth Amendment by refusing to issue a writ of habeas corpus upon application.

409.    Ferguson and Russ, because of their invidious discriminatory animus towards Benshoof's class, willfully, maliciously, recklessly, and with callous indifference, acted for the purpose of depriving, either directly or indirectly, Benshoof's right to due process.

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

410.    With callous indifference, Ferguson and Russ allowed harm to occur to Plaintiffs by acting in concert to deny Benshoof due process of law to seek redress of his grievances, thereby prolonging the ongoing kidnapping of A.R.W.

**B. ORAL & Contempt Order**

411.    KING COUNTY failed to properly train its employees, including Ferguson, regarding the right to due process of law before Ferguson acted *ultra vires* to grant the ORAL and Contempt Order in violation of the Due Process Clause.

412.    The widespread custom or practice of KING COUNTY officials was the moving force behind the denial of Benshoof's right to due process of law and was both causation-in-fact and proximate causation of the violations by Ferguson of the Fourteenth Amendment and Benshoof's right to due process.

413.    Defendants acted as integral participants in joint action to set in motion a series of events by which the Contempt Order would be granted and enforced, which Defendants knew or should have known would interfere with Plaintiffs' right of familial association and right to petition for redress of their grievances, in violation of the due process clause of the Fourteenth Amendment by denying Benshoof an impartial hearing adjudicated upon the facts and law.

414.    Ferguson issued the *ultra vires* Contempt Order without subject matter jurisdiction pursuant to RCW 26.51.030(1).  There was no inquiry nor finding by any court that Benshoof had ever been found to be a domestic violence perpetrator, nor

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

did Ferguson have evidence of "domestic relations" between Benshoof and Owen; therefore, Defendants acted to deny Benshoof due process of law.

415.    Defendants had time to make unhurried decisions and extended opportunities to do better.

416.    Benshoof has suffered irreparable harm as a proximate result of the actions, and failures to act, of Defendants.

417.    As a direct, proximate, and foreseeable result of the failure to trains its judges by KING COUNTY, the widespread practice or custom of KING COUNTY officials to deny Benshoof due process of law, and as a result of individual defendants' *ultra vires* acts and failures to act, Benshoof has suffered cruel and inhumane conditions and treatment and continue to suffer from such cruel and inhumane acts, irreparable harm and damages for which he is entitled to recover.

## ELEVENTH CAUSE OF ACTION
### VIOLATION OF FOURTEENTH AMENDMENT
### Equal Protection Clause
42 U.S.C. § 1983

418.    Plaintiffs repeat and reallege each of the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

419.    In this eleventh cause of action, defendants named herein include KING COUNTY, clerk J. Doe, Marshall Ferguson, Blair Russ, Jessica Skelton, Michael Tracy, Sarah Turner, and Jamal Whitehead, ("Defendants").  KING COUNTY is a "person" for the purposes of liability under 42 U.S.C. § 1983.

COMPLAINT FOR DAMAGES
WAWD No.
Page 78 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

420.    At all times relevant herein to this eleventh cause of action Defendants were state actors, or individuals pervasively entwined as integral participants in joint action with state actors, acting under color of law, and their conduct was subject to 42 U.S.C. § 1983.

421.    Defendants acted, or failed to act, willfully, maliciously, recklessly, and with callous indifference, conspiring for the purpose of depriving, either directly or indirectly, Plaintiffs of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of Washington from giving or securing to all persons within Washington the equal protection of the laws.

422.    KING COUNTY failed to properly train its officials, including Ferguson, regarding granting a Contempt Order without statutory authority, and KING COUNTY failed to properly train its officials regarding denying Benshoof the equal protection of the law.

423.    Ferguson denied Plaintiffs the equal protection of law under the widespread custom of practice of KING COUNTY officials denying Plaintiffs the equal protection of law.

424.    Ferguson granting the ORAL and Contempt Order was the direct, proximate, and foreseeable cause of violations of the Equal Protection Clause of the Fourteenth Amendment and denying Plaintiffs equal protection under the law.

COMPLAINT FOR DAMAGES
WAWD No.
Page 79 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

425.    KING COUNTY's failure to train its officials was a moving force behind the denial of Benshoof's right to equal protection and was both causation-in-fact and proximate causation of the denying Plaintiffs' right to equal protection of the law.

426.    Ferguson was absent a compelling interest in granting the Contempt Order on March 1, 2024.

427.    As a direct, proximate, and foreseeable result of the failure to trains its judges by KING COUNTY, the widespread practice or custom of KING COUNTY officials to deny Plaintiffs the equal protection of the law, and as a result of individual defendants' *ultra vires* acts and failures to act, Plaintiffs have suffered cruel and inhumane conditions and treatment and continue to suffer from such cruel and inhumane acts, irreparable harm and damages for which they are entitled to recover.

# TWELFTH CAUSE OF ACTION
## VIOLATION OF FOURTEENTH AMENDMENT
### Privileges or Immunities Clause
42 U.S.C. § 1983

428.    Plaintiffs repeat and reallege each of the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

429.    In this twelfth cause of action, defendants named herein include KING COUNTY, Marshall Ferguson, Blair Russ, Michael Tracy, Sarah Turner, and Jamal Whitehead, ("Defendants").  KING COUNTY is a "person" for the purposes of liability under 42 U.S.C. § 1983.

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

430.    At all times relevant herein to this twelfth cause of action Defendants were state actors, or individuals pervasively entwined as integral participants in joint action with state actors, acting under color of law, and their conduct was subject to 42 U.S.C. § 1983.

431.    The Fourteenth Amendment to the U.S. Constitution, §1 states, "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States."

432.    Defendants acted as integral participants in violating Plaintiffs' privileges or immunities as citizens of the United States. *Reynaga Hernandez v. Skinner,* 969 F.3d 930, 941-42 (9th Cir. 2020)

**A. Writ of Habeas Corpus**

433.    Article I § 9 Clause 2 of the U.S. Constitution states, 'The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.

434.    The privilege of habeas relief is one of the privileges "which owe their existence to the Federal Government, its Nation character, its Constitution, or its laws." *Slaughter-Houe Cases,* 83 U.S. (16 Wall.) 36, 78-79 (1873)

435.    Wash. Const. Art. I §13 states that the "privilege of the writ of habeas corpus ***shall not*** be suspended, unless incase of rebellion or invasion the public safety requires it." No rebellion or invasion occurred during the matters in controversy.

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

436.    RCW 7.36.040 states that "upon application the writ **shall** be granted without delay."

437.    KING COUNTY officials had a custom and widespread practice of refusing to grant a writ upon application, as required by RCW 7.36.040, and this refusal to act is perpetrated under color of law.

438.    Benshoof has been unlawfully imprisoned by KING COUNTY and CITY OF SEATTLE officials, in violation of RCW 9A.40.040, for more than two years.

439.    Upon Benshoof's information and belief, KING COUNTY had a custom or widespread practice of denying habeas relief to Benshoof's class.

440.    Upon Benshoof's information and belief, KING COUNTY failed to properly train its officials, including Ferguson, regarding Wash. Const. art I §13 and the requirement of RCW 7.36.040 to issue a writ upon application.

441.    By granting the void *ab initio* ORAL, Ferguson "knew about and acquiesced in the constitutionally defective conduct as part of a common plan with those" who would act under color of law to abridge Plaintiffs' right to habeas relief. *Peck v. Montoya*, 51 F.4th 877, 891 (9th Cir. 2022)

442.    Be moving for the void *ab initio* ORAL, Russ set in motion a series of events which Russ knew or reasonably should have known would cause others to act under color of law to abridge Plaintiffs' right to habeas relief. (*Id.*)

COMPLAINT FOR DAMAGES
WAWD No.
Page 82 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

443.    By granting the void *ab initio* ORAL, Ferguson set in motion a series of events which Ferguson knew or reasonably should have known would cause others to act under color of law to abridge Plaintiffs' right to habeas relief.

444.    Under the filing requirements imposed by the void *ab initio* ORAL, Ferguson effectively granted himself the *ultra vires* power to act under color of law to abridge Plaintiffs' right to habeas relief.

## B. Constitutionally Protected Rights

445.    Rights protected by the U.S. Constitution "owe their existence to the Federal Government, its National character, its Constitution, or its laws." *Slaughter-Houe Cases,* 83 U.S. (16 Wall.) 36, 78-79 (1873) While Plaintiffs' rights are *endowed* by our Creator, without the Federal Government, its Constitution, or its laws, to uphold and protect Plaintiffs' rights, those rights would owe their existence to physical violence proportionate to the threats and acts of criminals.

446.    By granting the void *ab initio* ORAL and Contempt Order, Ferguson "knew about and acquiesced in the constitutionally defective conduct as part of a common plan" with those who would act under color of law to inflict excessive fines or cruel punishments upon Benshoof. (*Id.*)

447.    By moving for financial sanctions against Benshoof or the imprisonment of Benshoof under the void *ab initio* ORAL and Contempt Order, Russ, Tracy, and Turner set in motion a series of acts by Ferguson which Russ, Tracy, and Turner knew or reasonably should have known would cause others to violate Benshoof's free

COMPLAINT FOR DAMAGES
WAWD No.
Page 83 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

exercise of religion and right to not be subject to excessive fines or cruel punishments, and cause others to violate Plaintiffs' right of association, right to petition for redress, right to life and liberty, right to due process, and right to equal protection under the law.

448.    By refusing to adjudicate Benshoof's Fifth TRO, Whitehead set in motion a series of acts by others which Whitehead knew or reasonably should have known would cause others to violate Benshoof's free exercise of religion and right to not be subject to excessive fines or cruel punishments, and cause others to violate Plaintiffs' right of association, right to petition for redress, right to life and liberty, right to due process, and right to equal protection under the law.

449.    By refusing to adjudicate Benshoof's Sixth TRO, Whitehead set in motion a series of acts by others which Whitehead knew or reasonably should have known would cause others to violate Benshoof's free exercise of religion and right to not be subject to excessive fines or cruel punishments, and cause others to violate Plaintiffs' right of association, right to petition for redress, right to life and liberty, right to due process, and right to equal protection under the law.

450.    As a direct, proximate, and foreseeable result of the failure to trains its judges by KING COUNTY, the widespread practice or custom of KING COUNTY officials to abridge the privileges or immunities Plaintiffs, and as a result of individual defendants' *ultra vires* acts and failures to act, Plaintiffs have suffered irreparable harm and damages for which they are entitled to recover.

COMPLAINT FOR DAMAGES
WAWD No.
Page 84 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
 kurtbenshoof@gmail.com

# THIRTEENTH CAUSE OF ACTION
CONSPIRACY

**Obstruction of Justice**

42 U.S.C. § 1985(2)

---

451.    Plaintiffs repeat and reallege each of the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

452.    In this thirteenth cause of action, defendants named herein include KING COUNTY, clerk J. Doe, Marshall Ferguson, Blair Russ, Jessica Skelton, Michael Tracy, Sarah Turner, and Jamal Whitehead, ("Defendants").    KING COUNTY is a "person" for the purposes of liability under 42 U.S.C. § 1983.

453.    At all times relevant herein to this thirteenth cause of action, individual Defendants were state actors, or individuals pervasively entwined as integral participants in joint action with state actors, acting under color of law, and their conduct was subject to 42 U.S.C. § 1985(2).

454.    Individual Defendants conspired for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the laws of Washington and the due course of justice, with intent to deny Plaintiffs the equal protection of the laws, or to injure Benshoof or his property for lawfully enforcing, or attempting to enforce, the right of Plaintiffs to the equal protection of the laws.

455.    Defendants' parallel acts constituted a conspiracy.    "Well-pleaded, nonconclusory factual allegations of parallel behavior" gives "rise to a 'plausible suggestion of conspiracy." *Ashcroft v. Iqbal,* 556 U.S. 662, 680 (2009)  A conspiracy

COMPLAINT FOR DAMAGES
WAWD No.
Page 85 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

between the State and a private party to violate another's constitutional rights may satisfy the "joint action" test for finding the private party liable as a "state actor" under § 1983. 42 U.S.C.A. § 1983. *Brunette v. Humane Soc'y of Ventura Cnty.*, 294 F.3d 1205 (9th Cir. 2002), as amended on denial of reh'g and reh'g en banc (Aug. 23, 2002)

456.    As a direct, proximate, and foreseeable result of the failure to trains its judges by KING COUNTY, the widespread practice or custom of KING COUNTY officials to deny Plaintiffs the equal protection of the law, and as a result of individual Defendants' *ultra vires* acts and failures to act, Plaintiffs have suffered cruel and inhumane conditions and treatment and continue to suffer from such cruel and inhumane acts, irreparable harm and damages for which they are entitled to recover.

## FOURTEENTH CAUSE OF ACTION
CONSPIRACY

### Deprivation of Rights or Privileges

42 U.S.C. § 1985(3)

457.    Plaintiffs repeat and reallege each of the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

458.    In this fourteenth cause of action, defendants named herein include clerk J. Doe, Marshall Ferguson, Blair Russ, Jessica Skelton, Michael Tracy, Sarah Turner, and Jamal Whitehead ("Defendants").

459.    At all times relevant herein to this fourteenth cause of action Defendants were state actors, or individuals pervasively entwined as integral

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

participants in joint action with state actors, acting under color of law, and their conduct was subject to 42 U.S.C. § 1985(3).

460.    Defendants hold a class-based invidious discriminatory animus toward Benshoof for the exercise of his religious beliefs and his petitions for redress.

461.    Defendants' acts under color of law aimed to deprive Plaintiffs of the equal enjoyment of constitutional or federal statutory rights secured by the law to all. *Parratt vs. Taylor,* 451 U.S. 527, 535 (1981), *Gomez vs. Toledo,* 446 U.S. 635, 640 (1980)

462.    42 U.S.C. § 1985(3) covers private conspiracies. *Griffin v. Breckenridge,* 403 U.S. 88 (1971).  See also *Life Ins. Co. of N. Am. v. Reichardt,* 591 F.2d 499 (9th Cir. 1979), *Marlowe v. Fisher Body,* 489 F.2d 1057 (6th Cir. 1973), *Richardson v. Miller,* 446 F.2d 1247 (3rd Cir. 1971)

463.    Defendants' acts, or willful failures to act, were intended to deter the attendance or testimony in federal court of Plaintiffs, as well as numerous defendants named by Plaintiffs.

464.    Defendants' acts, or willful failures to act, retaliated against Benshoof for recording documents of Plaintiffs' sworn testimonial statements in federal court.

465.    Defendants' parallel acts constituted a conspiracy.  "Well-pleaded, nonconclusory factual allegations of parallel behavior" gives "rise to a 'plausible suggestion of conspiracy." *Ashcroft v. Iqbal,* 556 U.S. 662, 680 (2009)  A conspiracy between the State and a private party to violate another's constitutional rights may

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

satisfy the "joint action" test for finding the private party liable as a "state actor" under § 1983. 42 U.S.C.A. § 1983. *Brunette v. Humane Soc'y of Ventura Cnty.*, 294 F.3d 1205 (9th Cir. 2002), as amended on denial of reh'g and reh'g en banc (Aug. 23, 2002)

466.    Defendants, because of their invidious discriminatory animus towards Benshoof, willfully, maliciously, recklessly, and with callous indifference, conspired for the purpose of depriving, either directly or indirectly, Benshoof's free exercise of his religious beliefs, Plaintiffs' right to petition for redress, Plaintiffs' right of association, Plaintiffs' right to life and liberty, Benshoof's right to due process, Benshoof's right to be free from excessive bail or cruel punishments, Plaintiffs' right to due process, and Plaintiffs' right to equal protection under the law.

467.    Defendants acted to deny Plaintiffs of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of Washington from giving or securing to all persons within Washington the equal protection of the laws.

468.    Defendants conspired to deprive Plaintiffs of rights or privileges using misrepresentation, coercion, harassment, intimidation, extortion, malicious prosecutions, and threats of theft, robbery, and unlawful imprisonment.

469.    As a direct, proximate, and foreseeable result of Defendants' acts, Plaintiffs have suffered, and continue to suffer, irreparable harm and damages for which they are entitled to recover.

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

470.    As a direct, proximate, and foreseeable result of the failure to trains its judges by KING COUNTY, the widespread practice or custom of KING COUNTY officials to deprive Plaintiffs of their rights, and as a result of individual Defendants' *ultra vires* acts and failures to act, Plaintiffs have suffered irreparable harm and damages for which they are entitled to recover

## FIFTEENTH CAUSE OF ACTION
### NEGLECT TO PREVENT
### 42 U.S.C. § 1986

471.    Plaintiffs repeat and reallege each of the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

472.    In this fifteenth cause of action, defendants named herein include clerk J. Doe, Marshall Ferguson, Blair Russ, Jessica Skelton, Michael Tracy, Sarah Turner, and Jamal Whitehead, ("Defendants").

### Neglect to Prevent § 1985(2)

473.    Defendants had actual knowledge of the § 1985(2) conspiracy and, despite having power to prevent or aid the preventing of the commission of the same, refused or neglected to act to prevent acts impeding, hindering, obstructing, or defeating the due course of justice in Washington; that is, the acts intended to deny Plaintiffs the equal protection of the laws, or to injure him or his property for attempting to enforce the rights of A.R.W., and those of Benshoof or his class, to the equal protection of the laws.

COMPLAINT FOR DAMAGES
WAWD No.
Page 89 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

**Neglect to Prevent § 1985(3)**

474.    Defendants had actual knowledge of the § 1985(3) conspiracy and, despite having power to prevent or aid the preventing of the commission of the same, refused or neglected to do so; that is, the acts intended to deprive, either directly or indirectly, Plaintiffs of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of Washington from giving or securing to all persons within such State or Territory the equal protection of the laws.

475.    By reason of the foregoing, and as a direct, proximate, and foreseeable result of Defendants' neglect to prevent wrongs which were conspired to be done, and were done, Plaintiffs suffered, and continue to suffer, irreparable harm and damages.

# VI.    DEMAND FOR RELIEF

*WHEREFORE*, Plaintiffs demand judgment as follows:

A. An order declaring that all Defendants' acts or omissions, described herein, violated the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution;

B. Compensatory damages against KING COUNTY, in an amount to be determined at trial;

C. Compensatory damages against all individual Defendants jointly and severally, in their individual capacities, in an amount to be determined at trial;

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

D. Punitive damages against all individual Defendants, in their individual capacities in an amount to be determined at trial;

E. Reasonable costs and fees, including fees in accordance with RCW 4.84; 42 U.S.C. § 2000a-3(b); 28 U.S.C. § 1927; 28 U.S.C. § 2412(d)(1)(A); Fed.R.Civ.P. 11(1); Fed.R.Civ.P. 54(d); and any other applicable law.

F. Pre- and post-judgment interest as allowed by law;

G. Any other relief this Court deems just and proper.

## VII. DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury pursuant to the Seventh Amendment to the United States Constitution and pursuant to Federal Rule of Civil Procedure 38(b).

## VERIFICATION

I, Kurt Benshoof, do hereby declare that the foregoing is true and correct to the best of my knowledge under penalty of perjury in the State of Washington and under the laws of the United States. Executed this 6th day of June in the year 2024, in the city of Seattle, in the county of King, in the state of Washington.

By: _____

Kurt Benshoof Plaintiff *pro se*
1716 N 128th Street
Seattle, WA 98133
Phone: (206) 460-4202
Email: kurtbenshoof@gmail.com

COMPLAINT FOR DAMAGES
WAWD No.
Page 91 of 91

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com