Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KURT BENSHOOF,
A.R.W. By and Through His Father,
KURT A. BENSHOOF,

                                   Plaintiffs,

v.

MARSHALL FERGUSON, *et al.*,

                                   Defendants.

No.  2:24-cv-00808-JHC

PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER

NOTE ON MOTION CALENDAR:
June 24, 2024

**ORAL ARGUMENT REQUESTED**

## I.    RELIEF REQUESTED

Under threat of grave, immediate, and ongoing irreparable harm Plaintiff Kurt

Benshoof ("Benshoof") moves the Court to enjoin Respondents from continuing to

render criminal assistance, either by their acts or failures to act, to the ongoing

kidnapping and child abuse of Benshoof's minor son, A.R.W., to enjoin Respondents

from ongoing retaliatory threats to unlawfully imprison Benshoof for exercising his

First Amendment rights, and to enjoin Respondents from conspiring to deny

Plaintiffs the privilege of habeas corpus in violation of the privileges clause of the

PLAINTIFFS' MOTION FOR TRO
WAWD No. 2:24:cv-00808-JHC
Page 1 of 42

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
 (206) 460-4202
 kurtbenshoof@gmail.com

Fourteenth Amendment, U.S. Const. § 1, and Wash. Const. art I. § 13.  Plaintiffs' motion also notices as Respondents kidnapping perpetrators Jessica Rae Owen and Magalie Lerman, as well as City of Seattle for the ongoing malicious prosecutions of Benshoof which are rendering criminal assistance to the kidnappers.

Because of the emergency nature requiring injunctive relief, Benshoof requests a full adversary hearing required for a preliminary injunction, while moving under the expedited noting schedule of a TRO.

## II.  INTRODUCTION

Benshoof and the mother of A.R.W., Respondent Jessica Owen, were never parties to "domestic relations" by which a "child custody" proceeding could have ever occurred.  This motion "in no way seeks a divorce, alimony or child custody decree." *Ankenbrandt v. Richards,* 504 U.S. 689, 690 (1992)

Defendants cannot claim the Court lacks jurisdiction by claiming that Benshoof is challenging a "state's child custody determination." *Lehman v. Lycoming County Children's Servs. Agency*, 458 U.S. 502, 511-512 (1982) *Lehman* did not proscribe jurisdictional inquiry to consider the absence of municipal or state court jurisdiction.  *Lehman* quoted Justice Black, speaking for the unanimous Court in *Jones v. Cunningham,* 371 U. S. 236, 243 (1963), who observed that the federal writ of habeas corpus "is not now and never has been a static narrow, formalistic remedy."[1]

---

[1] *Lehman v. Lycoming Cty. Ch. Svcs. Agcy.,* 458 U.S. 502, [Footnote 19] (1982)

PLAINTIFFS' MOTION FOR TRO
WAWD No. 2:24-cv-00808-JHC
Page 2 of 42

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

Justice Black also stated that "[t]he sparse legislative history of the [Habeas Corpus Act] gave "no indication whatever that the bill intended to change the general nature of the classical habeas jurisdiction."[2] ....Nor, since that time, has this Court ever held that the congressional purpose originally underlying the statute barred use of the federal writ to free children from unlawful state custody."[3]

This motion does not seek *review* of King County Superior Court or Seattle Municipal Court proceedings; rather, the petition seeks a ***jurisdictional inquiry*** in Equity to answer federal questions regarding the violations of Plaintiffs' rights under color of law.  28 U.S.C. § 1331 commands district court inquiry (*Axon v. FTC,* 598 U.S. 175 (2023) (J. GORSUCH concurring at 34-35), and 42 U.S.C. § 1983 is an express exception to 28 U.S.C. § 2283. *Mitchum v. Foster,* 407 U.S. 225, 226 (1972)

All Respondents were notified by email or telephone on or before 100pm June 24, 2024, of the pending motion, in order to afford Respondents the opportunity to respond in a full adversarial hearing.

### III.  CO-CONSPIRATORS

1.    Respondent Jessica R. Owen ("Owen") is the mother of A.R.W. and is currently kidnapping A.R.W. under color of law.

---

[2] Bator, Finality in Criminal Law and Federal Habeas Corpus for State Prisoners, 76 Harv.L.Rev. 441, 476-477 (1963) [Footnote 2/3]
[3] *Lehman v. Lycoming Cty. Ch. Svcs. Agcy.,* 458 U.S. 502, 518-19 (1982)

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
 (206) 460-4202
 kurtbenshoof@gmail.com

2.      Defendant Marshall Ferguson ("Ferguson") works as a King County Superior Court judge.  Ferguson recently suspended the writ of habeas corpus under the fraudulent and void *ab initio* Order Restricting Abusive Litigation by Kurt Benshoof ("ORAL").  Ferguson did so in violation of Wash. Const. art. I § 13 and U.S. Const. § 1 to render criminal assistance to Owen's kidnapping of A.R.W.

3.      Defendant Blair Russ ("Russ") is an attorney representing Owen who conspired with Ferguson to render criminal assistance to Owen's kidnapping of A.R.W.

4.      Defendant Jessica Skelton ("Skelton") represents Seattle Public Schools general counsel Gregory Narver in state and federal court.  Under the ORAL ruse, Skelton is rendering criminal assistance to Gregory Narver rendering criminal assistance to Owen's kidnapping of A.R.W.

5.      Defendants Michael Tracy ("Tracy") and Sarah Turner ("Turner") represent Owen's former family law attorney, Nathan Cliber, in state and federal court.  Under the ORAL ruse, Tracy and Turner are rendering criminal assistance to Nathan Cliber's rendering criminal assistance to Owen's kidnapping of A.R.W.

6.      Defendant Jamal Whitehead ("Whitehead") directed the U.S. District Court Office of the Clerk to deny Benshoof the issuance of summons to Owen's prostitute girlfriend, Magalie E. Lerman, who kidnapped A.R.W. and stole Benshoof's car.  Whitehead, in his role as a federal judge, defied 28 U.S.C. § 1657(a), has refused

PLAINTIFFS' MOTION FOR TRO
WAWD No. 2:24-cv-00808-JHC
Page 4 of 42

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
 (206) 460-4202
 kurtbenshoof@gmail.com

to adjudicate Benshoof's motions for temporary restraining orders, noted for March 5, 2024, and March 25, 2024.

7.    Officials working for Respondent CITY OF SEATTLE ("City") are maliciously prosecuting Benshoof for allegedly violating void *ab initio* restraining orders, thereby rendering criminal assistance to Owen's kidnapping of A.R.W.

# IV.  SWORN STATEMENT OF FACTS

Benshoof avers the following upon his firsthand knowledge, information and belief, statements to which he is prepared to testify under penalty of perjury.

## A.    Background of Kidnapping

8.    Respondent Jessica Owen ("Owen") has gotten away with lying to public officials, including felony perjury, for the last **nine years**.  Owen is the mother of A.R.W. (Ex. #0078 ¶¶21, 30-34)

9.    Owen and her prostitute girlfriend, Magalie Lerman ("Lerman") conspired to kidnap A.R.W., steal Benshoof's car (Ex. #0078 ¶24), and extort Benshoof of thousands of dollars (Ex. #0078 ¶¶37-38).  (Dkt. #1 ¶¶16-28)

10.    Family law attorney Nathan Cliber ("Cliber") suborned the perjury of Owen to perpetuate the kidnapping of A.R.W. under color of law of a barratrous and fraudulent petition to decide parentage in King County Superior Court ("KCSC") Case No. 21-5-00680-6 SEA. (Dkt. #1 ¶¶19-28)

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

11.     To date, countless public officials and corrupt attorneys have rendered criminal assistance to the ongoing kidnapping of A.R.W., including Defendants. (Dkt. #1 ¶¶29-188)

12.     Respondents have all been provided with irrefutable proof of the following:

(1) Cliber suborned the perjury of Owen;

(2) Owen was collaterally estopped from claiming that Benshoof was not the presumed father of A.R.W., a requirement for a petition to decide parentage;

(3) Owen's own statements and exhibits precluded family court jurisdiction to adjudicate Owen's petition to decide parentage, pursuant to RCW 26.26A.435(2);

(4) In the absence of jurisdiction and absent a justiciable controversy, the family court orders granted by Judge David Keenan were void *ab initio;*

(5) CITY OF SEATTLE has been maliciously prosecuting Benshoof, derivative of the family court fraud;

(6) Owen and Russ did not, and could not, provide Ferguson with evidence required for statutory authority to grant an Order Restricting Abusive Litigation ("ORAL");

(7) the ORAL granted by Ferguson was void *ab initio;*

(8) Russ, Skelton, Tracy, and Turner used the fraudulent, void *ab initio* ORAL to protect themselves and their clients from criminal and civil liability.

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

13.     Whitehead refused to adjudicate Benshoof's Fifth and Sixth Temporary Restraining Orders ("TRO"), which exhaustively detailed the foregoing fraud, perjury, kidnapping, and retaliations against Benshoof for seeking redress of Plaintiffs' grievances. (WAWD No. 2:23-cv-1392-JNW, Dkt. #129; #158)

**B. KCSC No. 22-2-15958-8 SEA**

*1) ORAL*

14.     Ferguson granted an Order Restricting Abusive Litigation by Kurt Benshoof ("ORAL" Ex. ##0380-0388) without statutory authority. (Dkt. #1 ¶¶75-97)

15.     On January 27, 2023, Ferguson initiated *ex parte* communications with opposing counsel, giving them legal advice to fraudulently move for the ORAL to abridge Benshoof's First Amendment rights under color of law.  (Ex. #0089-0150)

*2) Writs of Prohibition re: Seattle Municipal Court*

16.     Under threat, duress, and coercion of the ORAL, Benshoof sought leave from Ferguson to file petitions for writ of prohibition to arrest the malicious prosecutions by CITY OF SEATTLE in case nos. 669329 (KCSC No. 22-2-15958-8 SEA, Document 219) and 671384 (*Id.,* Document 221). (Ex. #0089-0150)

17.     July 6, 2022, A.R.W. ran away from Owen's home to return to Benshoof. SPD forced A.R.W. to return to Owen's. (Ex. #0078 ¶39)

18.     In early August 2022, A.R.W. considered suicide because he didn't know if he would be forced to stay at Owen's until he turned eighteen years old.  (Ex. #0078 ¶40)

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
 (206) 460-4202
 kurtbenshoof@gmail.com

**SMC No. 669329**

19.    On November 15, 2022, Benshoof discovered a letter from the City in his mailbox alleging he was charged with violating RCW 7.105.450.  The letter stated a hearing was scheduled for November 16, 2022.

20.    On November 16, 2022, at 230pm, Benshoof appeared by Special Appearance via WebEx before Judge Willie Gregory ("Gregory").

21.    Benshoof challenged personal jurisdiction, citing RCW 35.20.270(1). The City failed to provide evidence that the City had legally served Benshoof.

22.    The City claimed that Benshoof had violated a King County Superior Court restraining order in case no. 21-5-00680-6 involving Benshoof's minor son, A.R.W.

23.    RCW 7.105.050(1)(a) states that a protection order violation allegation "must be transferred" to superior court when a "superior court has exercised jurisdiction over a proceeding involving the parties."

24.    RCW 7.105.050(1)(d) states that a protection order violation allegation "must be transferred" to superior court when a "victim… to the petition is under 18 years of age."  A.R.W. was an alleged victim and thirteen years old at the time.

25.    Gregory stated "the court has jurisdiction" and set bail at $10,000 and issued a restraining order against Benshoof.

26.    On June 21, 2023, Benshoof appeared by WebEx before Judge Jerome Roache ("Roache").  City prosecutor Katrina Outland ("Outland") motion to issue a

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

$100,000 warrant for Benshoof's arrest. Roache issued warrant #990437083 in the amount of $50,000 for Benshoof's "failure to appear." The worksheet stated that Benshoof appeared.

### SMC No. 671384

27.    Between September 2022 and January 23, 2023, Benshoof and A.R.W. used the Discord messaging app to secretly communicate with each other. Benshoof sent his son funny memes to keep A.R.W. from killing himself. (Ex. #0088)

28.    On January 23, 2023, A.R.W. again ran away from Owen's house to return to Benshoof. (Ex. #0079 ¶42)

29.    When the police arrived at Benshoof's home, the police refused to look at Benshoof's evidence of Owen's perjury, fraud, threats, kidnapping, extortion, and theft. Police again forced A.R.W. to return to Owen's. (Ex. #0078 ¶¶43-44)

30.    On March 14, 2023, the City filed eighty-nine (89) charges of "domestic violence" because Benshoof texted with A.R.W. Defendant Prosecutor Katrina Outland ("Outland") submitted *some* of the texts in the City's complaint.

31.    On March 14, 2021, Judge Faye Chess issued $250,000 warrant #990435958.

32.    Outland did *not* submit as evidence texts from A.R.W. to Benshoof which evidenced that A.R.W.: (1) wants to escape Owen's house to be with Benshoof; (2) believes Owen is suffering from mental illness; (3) heard Owen and Lerman state their intent to extort Benshoof for $100,000; and (4) wants Benshoof to continue and

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

expedite litigation against Owen and Lerman to facilitate A.R.W. returning home to Benshoof. A.R.W. told his father, "Just keep hitting them." (Ex. #0085).

33. On September 26, 2023, City attorneys were served with further proof of A.R.W.'s statements, all of which confirm Benshoof's sworn statements: the affidavit of A.R.W. was signed before three adult witnesses on February 10, 2023. (Ex. #0077-0079)

### 3) *Legal Challenges Unavailable*

34. Benshoof cannot bring motion before Seattle Municipal Court. Benshoof tried repeatedly, and numerous Catch-22 barriers were erected: (1) Benshoof's public defender, Mr. Pirani, refused to file any motions raising constitutional, statutory, or jurisdictional challenges; (2) Mr. Pirani refused to withdraw as counsel; (3) judges refused to hear Benshoof's *pro se* Marsden motions so long as Mr. Pirani remained counsel of record; (4) judges refuse to hear Benshoof's motion to dismiss ***unless*** Benshoof first subjects himself to indefinite unlawful imprisonment

35. Russ filed an opposition to Benshoof seeking leave to file his petitions for writ of prohibition.

36. Ferguson granted leave to file both petitions for writ of prohibition after Ferguson "reviewed Mr. Benshoof's application materials and Jessica Owen's response to Mr. Benshoof's application." (Ex. #0151)

### 4) *Habeas Petition*

37. On January 24, 2024, under threat, duress, and coercion of the ORAL

PLAINTIFFS' MOTION FOR TRO
WAWD No. 2:24-cv-00808-JHC
Page 10 of 42

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

Benshoof sought Ferguson's leave to file a petition for writ of habeas corpus to end the unlawful imprisonment of Plaintiffs. (Ex. #0001-0083)

38.     Under the void *ab initio* ORAL, Ferguson and Russ acted to deny Benshoof the privilege of *habeas corpus.* (Dkt. #1 ¶¶119-129)

39.     Ferguson claimed that the *habeas* petition "demands that this Court investigate "whether family court had jurisdiction" in [KCSC No. 21-5-00680-6 SEA] and look into allegedly fraudulent proceedings in that case; and he claims that assorted constitutional violations occurred in those other proceedings.  In other words, Mr. Benshoof clearly intends to use his proposed *habeas* petition as a substitute for appeal of those other proceedings.  His petition is frivolous and without merit." (Ex. #0154)

40.     Benshoof's *habeas* petition averred essentially the same set of facts detailed in Benshoof's prohibition petitions, yet Ferguson did not claim the prohibition petitions were "frivolous and without merit."

### 5) *Contempt Order*

41.     Ferguson, Russ, Skelton, Tracy, and Turner have shown no remorse or accountability for their conspiracy to use the void *ab initio* ORAL to render criminal assistance to the kidnapping of A.R.W. (Ex. ##0389-0394)

42.     At the Contempt Order hearing on February 29, 2024, Benshoof recounted that he caught Ferguson giving fraudulent *ex parte* legal advice to opposing counsel at the January 27, 2023, hearing.

PLAINTIFFS' MOTION FOR TRO
WAWD No. 2:24-cv-00808-JHC
Page 11 of 42

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

### 6) *Mandamus*

43.     On March 22, 2024, Benshoof filed petition for writ of mandamus to compel Seattle Public Schools general counsel Gregory Narver's compliance with RCW 28A.605.030, KCSC No. 24-2-06539-3 SEA. (Ex. #0156-0171)

44.     Skelton motioned for the dismissal of Benshoof's mandamus by falsely claiming that Benshoof had violated the ORAL. (Dkt. #1 ¶¶157-168)

45.     Skelton is knowingly and willfully acting to conceal the whereabouts of A.R.W. from Benshoof by rendering criminal assistance to Gregory Narver's violations of RCW 28A.605.030.

## C. WAWD No. 2:23-v-1392-JNW

### 1) *Benshoof's Fifth TRO Motion*

46.     On March 5, 2024, Benshoof sought injunctive relief against the immediate threats of unlawful imprisonment and abridgement of his right to petition for redress, perpetrated under the void *ab initio* ORAL.  (WAWD No. 2:23-cv-1392-JNW, Dkt. #129)

47.     Tracy and Turner opposed Benshoof's Fifth TRO, perpetuating the gaslighting, fraud, and subornation of perjury to claim that "the entire purpose of the ORAL is to protect them from [Benshoof's ongoing harassment and abuse of the judicial system..." (*Id.,* Dkt. #133, pg. 8 ¶2)  Tracy and Turner could not, and did not, deny to that Cliber suborned Owen's perjury, nor did they deny that Ferguson granted the ORAL *ultra vires*.

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
 (206) 460-4202
 kurtbenshoof@gmail.com

48.     To date, Whitehead has refused to adjudicate the motion. (WAWD No. 2:24-cv-00808-JHC, Dkt. #1 ¶¶177-180)

### 2)  Benshoof's Sixth TRO Motion

49.     On March 25, 2024, Benshoof filed his Sixth Motion for Temporary Restraining Order ("TRO") to enjoin CITY OF SEATTLE, King County Judge David Keenan, Jessica Owen, and Magalie Lerman, from continuing to kidnap A.R.W. and malicious prosecute Benshoof for Benshoof's attempts to stop the kidnapping of A.R.W.  (WAWD No. 2:23-cv-1392-JNW, Dkt. #158)

50.     Only the City filed opposition to Benshoof's Sixth TRO, and it was a **single paragraph** response to Benshoof's **forty-page** TRO.  The City could not, and did not, deny that the City is proceeding without jurisdiction to maliciously prosecute Benshoof. (*Id.,* Dkt. #168) Benshoof replied, proving the City's one paragraph response "failed to argue any defense to Benshoof's motion." (*Id.,* Dkt. #169 pg. 1)

51.     The Sixth TRO motion was noted for March 25, 2024.  To date, Whitehead has refused to adjudicate Benshoof's Sixth TRO. (WAWD No. 2:24-cv-00808-JHC, Dkt. #1, ¶¶185-188)

# V.  ARGUMENT AND AUTHORITY

## A.  Family Court *Ultra Vires* Acts

### 1)  No Justiciable Issue

52.     A.R.W. was twelve years old when Owen filed her petition to decide parentage.  "Domestic relations" between Benshoof and Owen never existed.  Family

PLAINTIFFS' MOTION FOR TRO
WAWD No. 2:24-cv-00808-JHC
Page 13 of 42

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

courts are delegated limited authority under RCW Title 26: *Domestic Relations*. Family court was absent jurisdiction. (Ex. #0008-0012)

53.     Under RCW 26.26A.435(2), family court could not overcome Benshoof's presumption of fatherhood after A.R.W. turned four-years-old ***unless*** Benshoof (1) was not the genetic father of A.R.W.; (2) had never lived with A.R.W.; and (3) had never held A.R.W. out as his son. (Ex. #0011 ¶33)

54.     Owen's own statements denied family court jurisdiction to overcome Benshoof's presumption of fatherhood.

55.     Bringing a false suit at law or in equity violates RCW 9.12, and an attorney may be disbarred from practicing law.   Cliber and Owen brought a fraudulent parentage action to conceal the kidnapping of A.R.W., in violation of RCW 9A.40.020 and 18 U.S.C. §§ 3; 4.

### 2) *Perjury*

56.     Owen's own inconsistent material statements of fact constituted perjury in violation of RCW 9A.72.020, a class B felony. (Ex. #0010 ¶29; #0011 ¶¶30-32)

57.     Owen's perjury was foundational to her obtaining the TRO on September 28, 2021. (Ex. #0012 ¶35)

58.     Cliber suborned Owen's perjury to obtain the TRO. (Ex. #0062; #0069)

59.     Under the exclusionary rule and the Fruits of the Poisonous Tree doctrine, evidence derived from evidence that is illegally obtained is inadmissible.

PLAINTIFFS' MOTION FOR TRO
WAWD No. 2:24-cv-00808-JHC
Page 14 of 42

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

60.     Owen's perjurious statements were presented by Cliber as evidence and considered by Judge Keenan as evidence, in violation of the exclusionary rule.

### 3) Owen Estopped

61.     RCW 26.26A.115(1) states that an "individual is presumed to be a parent of a child if: (b) The individual resided in the same household with the child for the first four years of the life of the child, including any period of temporary absence, and openly held out the child as the individual's child."

62.     Owen' sworn statements set forth that Benshoof: (1) *is* the biological father of A.R.W. (Ex. #0022), yet was *not* the biological father of A.R.W. (Ex. #0059); (2) *lived* with A.R.W. since birth, yet had *never* lived with A.R.W. (Ex. #0059), and (3) Benshoof "had always insisted that A.R.W. was his" (Ex. #0042) and "acted as [A.R.W.'s] father for [A.R.W.'s] whole life (Ex. #0041); yet had *never* held out A.R.W. as his son (Ex. #0059).

63.     The doctrines of collateral and judicial estoppel precluded Owen making the foregoing inconsistent material statements of fact under penalty of perjury.

64.     Owen stated under penalty of perjury that Benshoof was not "already presumed to be a parent… by *holding out.*" (Ex. #0059 ¶8) Owen also perjured herself by claiming that Benshoof "has, at all times, refused to legal recognition as a parent of [A.R.W.]." (Ex. #0059 ¶9)

### 4) Orders Void ab initio

65.     Benshoof and Owen were never party to a dissolution of marriage or

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

domestic partnership, legal separation, or declaration of invalidity.

66.    "In entering a decree of dissolution of marriage or domestic partnership, legal separation, or declaration of invalidity, the court shall determine the marital or domestic partnership status of the parties, make provision for a parenting plan for any minor child of the marriage or domestic partnership" and "make provision for any necessary continuing restraining orders." RCW 26.09.050(1)

67.    A restraining order issued under RCW 26.09.060(1)(a) is limited to "a proceeding for: [d]issolution of marriage or domestic partnership, legal separation, or a declaration of invalidity." *Expressio unius est exclusio arlterius.* "Affirmative words are often, in their operation, negative of other objects than those affirmed, and, in this case, a negative or exclusive sense must be given to them or they have no operation at all." *Marbury v. Madison,* 5 U.S. 1 Cranch 137, 174 (1803)

68.    Under the doctrine of *stare decisis* and 28 U.S.C. § 1652, Washington statutes "shall be regarded as rules of decision in the courts of the United States."

69.    Judgments must be dismissed, regardless of timeliness, if jurisdiction is deficient. *Mitchell v. Kitsap County*, 59 Wash.App. 177, 180-81, 797 P2d 516 (1990) (collateral challenge to jurisdiction of pro tem judge granting summary judgment properly raised on appeal) (citing *Allied Fidelity Ins. Co. v. Ruth*, 57 Wash.App. 783, 790, 790 P2d 206 (1990)); *Jaffe and Asher v. Van Brunt*, 158 F.R.D. 278 (S.D.N.Y.1994)

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

70.    Keenan did not have jurisdiction to issue the Final Restraining Order,

By acting *ultra vires* Keenan granted void *ab initio* orders.

> "[I]t is apparent, that the framers of the constitution contemplated that
> instrument as a rule for the government of *courts*... Why otherwise does it
> direct the judges to take an oath to support it? This oath certainly applies in an
> especial manner, to their conduct in their official character. How immoral to
> impose it on them, if they were to be used as the instruments, and the knowing
> instruments, for violating what they swear to support!
> *Marbury v. Madison*, 5 U.S. 137, 179-180 (1803)

> "[A] law repugnant to the constitution is void; and that courts, as well as other
> departments, are bound by that instrument." (*Id.*, at 180)

71.    Benshoof had no legal obligation to abide by the terms of Keenan's

fraudulent and unconstitutional orders, nor could CITY OF SEATTLE allege that

Benshoof could violate a void *ab initio* order.

### 5) Fraud

72.    Cliber suborned Owen's perjury to create the fraudulent pretense of

family court jurisdiction.  "There is no question of the general doctrine that fraud

vitiates the most solemn contracts, documents, and even judgments." *United States

v. Throckmorton*, 98 U.S. 61, 64 (1878)

73.    The extrinsic and collateral fraud included Cliber suborning Owen's

perjury to falsely assert that family court was statutorily authorized to adjudicate a

petition to decide parentage, with Owen, Cliber, and Keenan "purposely keeping

[Benshoof] in ignorance of the [invalidity]" of the restraining orders.  *Burke v.

Bladine,* 99 Wash. 383, 394 (1918) "Adopting the language of *Pico v. Cohn*, 91 Cal.

129, 25 Pac. 970, 27 Pac. 537, 13 L.R.A. 336, 25 Am. St. Rep. 159.***In all such

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

instances, the unsuccessful party is really prevented, by the fraudulent contrivances of his adversary, from having a trial[.]"

74.    The fraud perpetrated by Cliber and Owen render all orders issued by Keenan in case no. 21-5-00680-6 void.

## B. Domestic Relations Exception

75.    28 U.S.C. § 1331 mandates the Court exercise federal question jurisdiction. *Axon v. FTC,* 598 U.S. 175 (2023) (J. GORSUCH concurring at 34-35)

76.    District court has repeatedly and incorrectly cited *Ankenbrandt v. Richards,* 504 U.S. 689 (1992) to claim "domestic relations exception." (WAWD No. 2:23-cv-1392, Dkt. #38, pg. 14 ¶1)

77.    "In *Ankenbrandt* v. *Richards*, 504 U.S. 689 (1992), this Court reined in the "domestic relations exception."" *Marshall v. Marshall*, 547 U.S. 293, 299 (2006)

78.    Benshoof, A.R.W., and Owen have lived in King County since A.R.W. was conceived.

79.    *Ankenbrandt* held that the exception ***only*** reaches "cases involving the issuance of a divorce, alimony, or child custody decree." *Id.,* at 704.

80.    *Ankenbrandt* held "the Court of Appeals erred by affirming the District Court's invocation of the domestic relations exception" in an action which "in no way seeks a divorce, alimony, or child custody decree." *Id.,* at 690.

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

81.    Plaintiffs' motion does not seek a divorce decree, alimony, nor a child custody decree; therefore, *Ankenbrandt* cannot substantiate domestic relations exclusion.

82.    Similar to Benshoof's complaint, "this lawsuit in no way seeks such a decree; rather, it alleges that respondents Richards and Kesler committed torts against L.R. and S.R., Ankenbrandt's children by Richards. Federal subject matter jurisdiction pursuant to §1332 thus is proper in this case." *Id.,* at 704

83.    Setting aside the issue of diversity jurisdiction under 28 U.S.C. §1332, as the instant case is not a diversity case, *Ankenbrandt* affirms federal subject matter jurisdiction to hear Benshoof's complaint pursuant to 28 U.S.C. §1331.

84.    Federal courts routinely—and incorrectly—cite *Lehman v. Lycoming Cty. Ch. Svcs. Agcy.,* 458 U.S. 502 (1982) to claim domestic relations exception. *Id.,* [Footnote 19]

85.    *Lehman* did not proscribe federal jurisdiction for investigating absence of family court jurisdiction. *Id.,* [Footnote 19]

86.    *Lehman* held that 28 U.S.C. § 2254(a) "does not confer jurisdiction on federal courts to consider collateral challenges to state-court judgments involuntarily terminating parental rights." *Lehman v. Lycoming County Children's Services*, 458 U.S. 502 (1982)

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

87.    Benshoof's parental rights were never terminated, nor was a termination hearing ever held; therefore, *Lehman* cannot substantiate domestic relations exception.

## C.  Preclusion Doctrines

88.    There is abundant evidence to doubt the quality, extensiveness, and fairness of proceedings involving Benshoof in Seattle Municipal and King County courts.

89.    "Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." *Montana v. United States,* supra, at 164, n.11, 99 S.Ct., at 979, n.11. Cf. *Gibson v. Berryhill,* 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973).  *Kremer v. Chem. Const. Corp.,* 456 U.S. 461, 480–81 (1982)

90.    Benshoof has not had a full and fair opportunity in any court addressing Plaintiffs' present issues.

91.    We have previously recognized that the judicially created doctrine of collateral estoppel does not apply when the party against whom the earlier decision is asserted did not have a "full and fair opportunity" to litigate the claim *481 or issue, *Allen v. McCurry*, 449 U.S., at 95, 101 S.Ct., at 415; *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 328–329, 91 S.Ct. 1434, 1442–43, 28 L.Ed.2d 788 (1971). *Kremer* at 480-481.

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

92.     The primary exception to this general rule is that we do not give preclusive effect to judgments rendered in proceedings that fail to comply with the minimum standards of due process. In other words, the party against whom preclusion is urged must have had a "full and fair opportunity" to litigate his claim. See *Kremer,* 456 U.S. at 480–82. *Clements v. Airport Auth. of Washoe Cnty.,* 69 F.3d 321, 328 (9th Cir. 1995)  Neither *res judicata* nor collateral estoppel can apply.

## D.  Seattle Municipal Court

### 1)  No Personal Jurisdiction

93.     City prosecutors and judges ignore the statutory requirement for obtaining personal jurisdiction under RCW 35.20.270(1), refusing to provide evidence of compliance and legal service when Benshoof objected on the record. (Ex. #0110)

> ***"Execution of process and the performance of duty by constituted officers must not be thwarted. But these agents, servants of a government and a society whose existence and strength comes from these constitutional safeguards, are <u>serving law when they respect, not override, these guarantees</u>."***
> *Miller v. United States*, 230 F.2d 486, 490 (5th Cir. 1956)

94.     "All criminal and civil process issuing out of courts created under this title shall be directed to the chief of police of the City served by the court and/or to the sheriff of the county in which the court is held and/or the warrant officers and be by them executed according to law in any county of this state." RCW 35.20.270(1)

> ***A court has an "independent <u>obligation</u> to determine whether subject-matter jurisdiction exists, even when no party challenges it."***
> *Hertz Corp v. Friend,* 559 U.S. 77, 94 (2010)

PLAINTIFFS' MOTION FOR TRO
WAWD No. 2:24-cv-00808-JHC
Page 21 of 42

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
 (206) 460-4202
 kurtbenshoof@gmail.com

95.     On December 27, 2023, Def. Katrina Outland implicitly admitted the City's practice and widespread customs of violating 35.20.270(1).  (WAWD No. 2:23-cv-1392-JNW, Dkt. #58-1, pg. 2 #2)

96.     Seattle Municipal Court failed to obtain personal jurisdiction to prosecute Benshoof. (Ex. #0090 ¶5; #0110 ¶¶4-7)

### 2)  No Subject Matter Jurisdiction

97.     Seattle Municipal Court is a court of limited jurisdiction.

98.     A protection order violation allegation "must be transferred" to superior court when a "superior court has exercised jurisdiction over a proceeding involving the parties." RCW 7.105.010(1)(a)(d). (Ex. #0090 ¶6; #0147 ¶4; #0148 ¶4)

99.     "If any tribunal finds absence of proof of jurisdiction over a person and subject matter, the case must be dismissed."  *Louisville R.R. v Motley,* 211 US 149, 29 S. Ct. 42 (1908)

100.     Under state law, only King County Superior Court could be authorized to hear allegations that Benshoof violated an allegedly valid family court restraining order issued in KCSC case no. 21-5-00680-6.

101.     Judge Gregory did not have personal or subject matter jurisdiction to issue a restraining order, nor issue a warrant. (Ex. #0110-0111)

102.     A restraining order issued without jurisdiction is invalid.  Benshoof did not violate a valid restraining order issued by the City.

### 3) Malicious Prosecutions

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

103.    City did not have personal or subject matter jurisdiction to proceed against Benshoof in Seattle Municipal Court nos. 669329; 671384; 675317; 675405; 676175; 676207; 676216; 676463; 676492.

104.    It is a violation of RCW 9.62.010 for City officials to "maliciously and without probable cause therefor, cause or attempt to cause another to be arrested or proceeded against for any crime of which [Benshoof] is innocent."

105.    City prosecutors and judges are violating RCW 9.62.010 by prosecuting Benshoof in case nos. 669329; 671384; 675317; 675405; 676175; 676207; 676216; 676463; 676492.

## E. ORAL & Contempt Order

106.    Ferguson issued the *ultra vires* ORAL and Contempt Order without subject matter jurisdiction pursuant to RCW 26.51.030(1).  There was no inquiry nor finding by any court that Benshoof had ever been found to be a domestic violence perpetrator, nor did Ferguson have evidence of "domestic relations" between Benshoof and Owen; therefore, Ferguson and Russ acted to deny Benshoof due process of law. (Dkt. #1 ¶414)

## F. Suspension of *Habeas Corpus*

107.    The Fourteenth Amendment to the U.S. Constitution, §1 states, "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States."

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

108.    Respondents acted as integral participants in violating Plaintiffs' privileges or immunities as citizens of the United States. *Reynaga Hernandez v. Skinner,* 969 F.3d 930, 941-42 (9th Cir. 2020)

109.    Article I § 9 Clause 2 of the U.S. Constitution states, 'The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.

110.    The privilege of habeas relief is one of the privileges "which owe their existence to the Federal Government, its Nation character, its Constitution, or its laws." *Slaughter-Houe Cases,* 83 U.S. (16 Wall.) 36, 78-79 (1873)

111.    Wash. Const. Art. I §13 states that the "privilege of the writ of habeas corpus ***shall not*** be suspended, unless incase of rebellion or invasion the public safety requires it."  No rebellion or invasion occurred during the matters in controversy.

112.    RCW 7.36.040 states that "upon application the writ ***shall*** be granted without delay."

113.    By granting the void *ab initio* ORAL, Ferguson "knew about and acquiesced in the constitutionally defective conduct as part of a common plan with those" who would act under color of law to abridge Plaintiffs' right to habeas relief. *Peck v. Montoya,* 51 F.4th 877, 891 (9th Cir. 2022)

114.    By moving for the void *ab initio* ORAL, Russ set in motion a series of events which Russ knew or reasonably should have known would cause others to act under color of law to abridge Plaintiffs' right to habeas relief. (*Id.*)

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
 (206) 460-4202
 kurtbenshoof@gmail.com

## G. Due Process Violations

115.    The Due Process Clause entitles a person to an impartial and disinterested tribunal. This requirement of neutrality in adjudicative proceedings safeguards the two central concerns of due process: the prevention of unjustified or mistaken deprivations and the promotion of participation and dialogue by affected individuals in the decision-making process. *Carey v. Piphus,* 435 U.S. 247, 259-262, 266-267 (1978)

### 1) Family Court

116.    Keenan denied Benshoof entrance to the courtroom and prevented Benshoof from testifying before a jury of his peers. (Ex. #0108)

117.    Denying Benshoof entrance to the courtroom violated Wash. Const. art I § 10.  Preventing Benshoof from testifying before a jury of his peers violated Wash. Const. art I § 21.

### 2) Ferguson Court

118.    Because Benshoof caught Ferguson giving fraudulent *ex parte* legal advice to opposing counsel at the January 27, 2023, and had already named Ferguson as a defendant (WAWD No. 2:23-cv-1392-JNW, Dkt. #9) Ferguson had a direct, personal, substantial, and pecuniary interest in perpetuating the ORAL fraud to silence Benshoof. (Ex. #0187-0191)

119.    In *Tumey v. Ohio,* 273 U.S. 510 (1927) "There we held that it deprives a defendant of due process to "subject his liberty or property to the judgment of a court

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

the judge of which has a direct, personal, substantial, pecuniary interest in reaching a conclusion against him in his case." *Id.*, at 523." *In re Murchison*, 349 U.S. 133, 142 (1955)

120.    The foregoing prevented Benshoof "from presenting all of his case to the court." *United States v. Throckmorton*, 98 U.S. 61, 66 (1878)

## H. First Amendment Violations

121.    Through the equal protection clause of the Fourteenth Amendment, Defendants were prohibited from violating First Amendment prohibitions against restricting or denying Benshoof's right to the freely exercise of his religious beliefs and speech, his right to associate with A.R.W., and his right to petition for redress.

### 1) Religious Freedom

122.    Respondents have maliciously retaliated against Benshoof because Benshoof exercised his inalienable rights.

> **"The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes <u>irreparable injury</u>."**
> *Elrod* v. *Burns*, 427 U. S. 347, 373 (1976)

123.    "[R]eligious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection," *Fulton v. City of Philadelphia,* 141 S.Ct. at 1876 (quoting *Thomas v. Review Bd. offend. Employment Security Div.,* 450 U.S. 707, 714 (1981))

124.    The ORAL, the Contempt Order, and the City's malicious prosecutions were intended to have a chilling effect upon Benshoof exercising his free speech and

PLAINTIFFS' MOTION FOR TRO
WAWD No. 2:24-cv-00808-JHC
Page 26 of 42

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

petitions for redress.

### 2) *Right of Association*

125.    Ferguson and Russ acted under the fraudulent ORAL to perpetuate the violation of Plaintiffs' right of association by denying Benshoof leave to petition for *habeas.*

126.    Tracy and Turner continue to render criminal to Cliber under the fraudulent ORAL, rendering criminal assistance to Owen's kidnapping of A.R.W.

127.    Skelton continues to render criminal assistance to Gregory Narver's violations of RCW 28A.605.030.

128.    The City's malicious prosecutions, predicated upon the family court barratry, fraud, and perjury threaten Benshoof with indefinite imprisonment if Benshoof has any contact with A.R.W.

> **"An unconstitutional act is not a law; it confers no rights; it imposes no duties it affords no protection; it creates no office; it is in legal contemplation as inoperative as though it had never been passed."** *Norton v. Shelby County*, 118 US 425 (1886)

129.    Void protection orders issued by King County family court and Seattle Municipal Court impose no duty upon Benshoof.

## I. Eighth Amendment Violations

130.    Ferguson, Russ, Tracy, and Turner continue to threaten Benshoof with nearly a ***million dollars per year*** in sanctions under the fraudulent ORAL and Contempt Order, as well as the threat of indefinite, unlawful imprisonment.

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

131.    The City has issued over $300,000 in void ab initio warrants for Benshoof's arrest.

132.    Eighth Amendment prohibitions would be meaningless without legal remedy for its violation: *ubi jus ibi remedium*. Excessive fines and warrants are ordered by judges acting in their OFFICIAL capacity.

> "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and *the Judges in every State shall be bound thereby…*" Article VI, Paragraph 2

133.    Doctrine is subordinate to the U.S. Constitution under the Supremacy Clause When in conflict with the U.S. Constitution, doctrine must yield.  The doctrine of absolute judicial immunity cannot immunize Ferguson's *ultra vires* acts which are inflicting cruel punishments upon Benshoof through excessive fines.

## J.  Criminal Law Violations

### 1)  *Federal Kidnapping*

134.    Lerman kidnapped A.R.W. on September 3, 2021, in violation of 18 U.S.C. §1201.  18 U.S.C. §3 prohibits Respondents from assisting Lerman in order to prevent her apprehension, trial, or punishment, relating to Lerman's kidnapping A.R.W.

135.    Through their acts or failures to act, Respondents and City officials have acted as accessories after-the-fact to the kidnapping of Benshoof's son by Owen and Lerman by assisting Owen and Lerman to prevent the trial or punishment of Owen and Lerman.

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

136.    The City's fraudulent warrants prevent Benshoof from communicating to federal law enforcement regarding Lerman's violation of 18 U.S.C. §1201.

137.    Using intimidation or threats, or engaging in misleading conduct towards Benshoof, with intent to hinder, delay, or prevent Benshoof communicating to a law enforcement officer of information relating to federal offense is a violation of 18 U.S.C. §1512(b)(3).

### 2) *State Kidnapping*

138.    Owen, by and through her friend Owen Hermsen under her power-of-attorney, attempted to extort Benshoof for $19,000 in exchange for allowing Benshoof eight days per month with A.R.W. and the return of Benshoof's car. (Ex. #173-176; Ex. #0078 ¶¶37-38)

139.    Owen and Lerman kidnapped A.R.W. to facilitate the commission of Owen's perjury in her petition to decide parentage by preventing A.R.W. from controverting Owen's perjury.

140.    Owen and Lerman kidnapped A.R.W. to inflict extreme emotional distress on Benshoof due to their hatred of Benshoof and his beliefs. (Ex. #0079 ¶¶45-46)

141.    RCW 9A.40.020(1)(a)(d) prohibited Owen and Lerman from intentionally abducting A.R.W. to: (1) use A.R.W. for ransom or reward; (2) facilitate Owen's felony perjury; (3) inflict extreme emotional distress on Benshoof.

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

### 3) Rendering Criminal Assistance

142. By acting to deny Benshoof's privilege of habeas, Ferguson and Russ continue to act as accessories after-the-fact to the kidnapping of A.R.W.

143. City officials continue to act as accessories after-the-fact to the kidnapping of A.R.W

144. The City's malicious prosecutions and fraudulent warrants are preventing or obstructing Benshoof and law enforcement from acting to aid in the apprehension of Owen and Lerman for kidnapping A.R.W.

145. Respondents' acts, or failures to act, are lending criminal assistance to Owen's and Lerman's kidnapping of A.R.W., in violation of RCW 9A.76.070, a class B felony.

# MOTION FOR PRELIMINARY INJUNCTION

## Fed.R.Civ.P. 65(b)

---

146. Benshoof realleges and incorporates by reference the preceding paragraphs and cited documents in the record.

147. Benshoof has notified Respondents and their counsel by email and phone. When "notice of a motion for a temporary restraining order is given to the adverse party, the same legal standard as a motion for a preliminary injunction applies." *Fang v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 16-cv-06071, 2016 WL 9275454, at *1 (N.D. Cal. Nov. 10, 2016), *aff'd*, 694 F. App'x 561 (9th Cir. 2017)

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

# I. Benshoof Will Eventually Prevail on the Merits

## A. Prima Facia Case

148.    The court must treat the complaint's factual matter as true and construe Benshoof's complaint in the light most favorable to Benshoof "even if doubtful in fact." See *Erickson vs. Pardus,* 551 U.S. 89 (2007); *Scheuer vs. Rhodes,* 416 U.S. 232, 236 (1974). To establish a prima facie case under 42 U.S.C. § 1983, plaintiffs must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right. *Parratt vs. Taylor,* 451 U.S. 527, 535 (1981), *Gomez vs. Toledo,* 446 U.S. 635, 640 (1980); 22 see also, e.g., *Groman vs. Township of Manalapan,* 47 F.3d 628, 633 (3rd Cir. 1995))

## B. Legal Right

### *Supremacy Clause*

149.    "This Constitution, and the laws of the United States which shall be made in pursuance thereof," take precedence over the City's fraudulent assertions of jurisdiction, and the "***judges in every state shall be bound thereby.***" United States Constitution, Article VI, Paragraph 2.

150.    Respondents cannot prevail.  They cannot disprove that the family court restraining orders were fraudulent and void *ab initio*.  Respondents cannot disprove that the restraining order issued by Gregory and Ferguson's ORAL and Contempt Order were issued without jurisdiction, and void *ab initio*.  Therefore, the fraudulent orders: (1) violated the First Amendment by denying Benshoof's right to associate

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

with A.R.W.; (2) violated the First Amendment by abridging Benshoof's right to petition for redress; (3) violated the First Amendment by retaliating against Benshoof for his religious beliefs; and (4) were not justified by "interests of the highest order"— a so called, "compelling" interest—and that the malicious prosecutions of Benshoof were "narrowly tailored" to achieve those interests. *See Fulton v. CITY of Phila.*, 141 S. Ct. at 1881; *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 429-30 (2006) (government bears the burden to satisfy strict scrutiny even at the preliminary injunction phase).

## C. Equitable Right – 42 U.S.C. § 1983

151.    An Act of Congress, 42 U.S.C. § 1983, expressly authorizes a "suit in equity" to redress "the deprivation," under color of state law, "of any rights, privileges, or immunities secured by the Constitution. . . ." *Mitchum v. Foster,* 407 U.S. 225, 226 (1972).

152.    Applying *Ex parte Young* requires a "straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Puerto Rico Aqueduct Sewer Auth. V Metcalf Eddy,* 506 U.S. 139 (1993)

> "The various authorities we have referred to furnish ample justification for the assertion that individuals who, as officers of the State, are clothed with some duty in regard to the enforcement of the laws of the State, and who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution, may be enjoined by a Federal court of equity from such action." *Ex parte Young,* 209 U.S. at 156

PLAINTIFFS' MOTION FOR TRO
WAWD No. 2:24-cv-00808-JHC
Page 32 of 42

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
 (206) 460-4202
 kurtbenshoof@gmail.com

153.    The City insists that Benshoof must submit himself to unlawful imprisonment pursuant to $310,000 in warrants, yet knows that Benshoof is indigent.

> Here, the appellants claimed a violation of their constitutional rights under 42 U.S.C. § 1983, and invoked federal jurisdiction under 28 U.S.C. § 1343(3). In *Mitchum v. Foster*, without dissent, the Supreme Court held that § 1983 is an expressly authorized exception to the general statutory bar to injunctions against state court proceedings.
>
> As the Supreme Court stated in *England v. Board of Medical Examiners*, "There are fundamental objections to any conclusion that a litigant who has properly invoked the jurisdiction of a Federal District Court to consider federal constitutional claim can be compelled without his consent and through no fault of his own, to accept instead a state court's determination of those claims."
> *New Jersey Ed. Ass'n v. Burke,* 579 F.2d 764, 771 (3d Cir. 1978)

## D. *Younger* Exceptions

154.    In *Younger v. Harris,* 401 U.S. 37 (1971), Harris challenged the constitutionality of a California state law.  At no time has Benshoof challenged the constitutionality of a municipal code, let alone a Washington state law.  On the contrary, Benshoof set forth that 28 U.S.C. §1652 mandates that Revised Code of Washington "shall be regarded as rules of decision in civil actions in the courts of the United States."  If the Court orders Respondents to stop violating state statutes, Plaintiffs' claims would be quickly resolved.

### 1) Bad Faith & Harassment

155.    The ORAL, the Contempt Order, and the City's malicious prosecutions, serve no legitimate purpose; therefore, the Respondents' only intent is to threaten

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
 (206) 460-4202
 kurtbenshoof@gmail.com

and intimidate Benshoof's exercise of his religious beliefs, petitions for redress, father-son association, and speech.

156.    "[A]bstention doctrine is inappropriate for cases such as the present one, where…statutes are justifiably attacked on their face as abridging free expression, or ***as applied*** for the purpose of discouraging protected activities." *Dombrowski v. Pfister,* 380 U. S. 479, at 490 (1965)

### 2) Unconstitutional Enforcement

157.    In *Younger,* Appellee Harris challenged the constitutionality of a state statute, an incredibly high bar.  Herein, Benshoof has proven that City officials are committing crimes under color of law via fraudulent restraining orders.

158.    The ongoing prejudicial retaliation shocks the conscience.   Ferguson ordering nearly $100,000 in sanctions and the City's malicious prosecutions, involving more than one hundred charges and $310,000 in arrest warrants, undeniably constitute extraordinary circumstances.

> "[T]he threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a *single criminal prosecution*. See, e.g., *Ex parte Young,* supra, 209 U.S. at 145—147"
> *Younger v. Harris,* 401 U.S. 37, 46 (1971)

159.    No fair-minded person of ordinary prudence can claim that Benshoof is not suffering from extraordinary circumstances, nor that Benshoof will not suffer continued impairment of his freedoms if the Court does not enjoin Respondents.

> "But the allegations in this complaint depict a situation in which defense of the State's criminal prosecution will not assure adequate vindication of constitutional rights. They suggest that a *substantial loss* of or *impairment of*

PLAINTIFFS' MOTION FOR TRO
WAWD No. 2:24-cv-00808-JHC
Page 34 of 42

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
 (206) 460-4202
 kurtbenshoof@gmail.com

*freedoms of expression will occur if appellants must await the state court's
disposition and ultimate review in this Court of any adverse determination.
These allegations, if true, clearly show irreparable injury.'*
*Younger v. Harris,* 401 U.S. 37, 48–49 (1971)

### 3) No Adequate Remedy

160.    Benshoof cannot raise ***any*** defense in Seattle Municipal Court, let alone

constitutional or jurisdictional objections.

161.    Seattle Municipal Court presents Benshoof a Faustian bargain: to be

afforded his Fourteenth Amendment right to due process, and to prevent the City

from violating Wash. Const. Art. I §22, Benshoof must first give up his liberty by

subjecting himself to unlawful imprisonment.

162.    Justice GINSBURG delivered the opinion addressing the application of

*Younger* abstention in *Sprint Commc'ns, Inc. v. Jacobs,* 571 U.S. 69 (2013).

> ***Abstention was in order, we explained, under "the basic doctrine of
> equity jurisprudence that courts of equity should not act <u>...</u> to restrain
> a criminal prosecution<u>, when the moving party has an adequate
> remedy at law</u> and <u>will not suffer irreparably injury if denied equitable
> relief.</u>"*** *Id.,* 77.

### 4) Required Elements Absent

163.    "Circumstances fitting within the *Younger* doctrine, we have stressed,

are "exceptional"; they include, as catalogued in *NOPSI,* "state criminal

prosecutions," "civil enforcement proceedings," and "civil proceedings involving

certain orders that are uniquely in furtherance of the state courts' ability to perform

their judicial functions." *Sprint.,* at 73

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

164.    None of the exceptional circumstances exist.  There was no valid family court enforcement proceeding.  There is no valid prosecution in municipal court. There aren't valid orders that are uniquely in furtherance of state court function.  The fourth required element, a "*Younger-based reason* to abstain" is absent.  *Amerisource Bergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007)

165.    The abstention doctrine is properly applied only when *each* of the elements of the doctrine's requirements is satisfied.  "[A]bstaining under *Younger* [i]s proper *only* if all four *Younger* requirements [a]re strictly satisfied." *Id.*

166.    "[I]t is readily apparent that abstention serves no legitimate purpose where a statute regulating speech is properly attacked on its face, and where, as here, the conduct charged in the indictments is not within the reach of an acceptable limiting construction readily to be anticipated as the result of a single criminal prosecution and is not the sort of "hard-core" conduct that would obviously be prohibited under any construction. *Dombrowski v. Pfister,* 380 U. S. 479, 492 (1965

> "We conclude that on the allegations of the complaint, if true, abstention and the denial of injunctive relief may well result in the denial of any effective safeguards against the loss of protected freedoms of expression, and <u>cannot be justified</u>."
> *Dombrowski v. Pfister,* 380 U. S. 479 (1965)

## II. Plaintiffs Will Suffer Irreparable Injury Unless Injunction Issues

167.    In *Younger*, Appellees Dan, Hirsch, and Broslawsky were not indicted, arrested, nor threatened with prosecution; therefore, *their* fears were merely

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

speculative, contradistinguished from Appellee Harris.

> "Federal courts will not enjoin pending state criminal prosecutions except under extraordinary circumstances where the danger of irreparable loss is both great and immediate in that (*unlike the situation affecting Harris*) there is a threat to the plaintiff's federally protected rights that cannot be eliminated by his defense against a single prosecution.
> *Younger v. Harris,* 401 U.S. 37 (1971).

168.    Respondents have subjected Benshoof to unprecedented retaliation for over two years for his truth telling and for trying to father his son.

> ***The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.***
> *New York Times Co. 374\*374 v. United States,* 403 U. S. 713 (1971); *Elrod v. Burns,* 427 U.S. 347 (1976)

169.    As a direct and proximate result Ferguson's sanctions and the City's warrants, Benshoof has been unable to see his son, hold church, work, drive, travel, enter courthouses, and denied the ability to report numerous felony crimes to the SPD.  Police refuse to take Benshoof's complaints over the phone or in writing, presenting another Faustian bargain: to obtain equal protection under the law as a reporting victim of felony crimes, Benshoof must first give up his liberty by subjecting himself to unlawful imprisonment.

### III. Injury to Plaintiffs Outweighs Risk to Respondents

170.    Respondents have acted in parallel to unlawfully imprison Benshoof under color of law.  While Benshoof is not currently behind bars, Respondents are restricting Benshoof's exercise of his rights through intimidation and deception in a

PLAINTIFFS' MOTION FOR TRO
WAWD No. 2:24-cv-00808-JHC
Page 37 of 42

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

manner which interferes substantially with his liberty. RCW 9A.40.010(6), 9A.40.040.

171.    Enjoining Owen and Lerman from continuing to perpetrate kidnapping of A.R.W. presents no risk to Respondents, except for the normal risk of prosecution and imprisonment incurred by those who commit class A felonies.

172.    Grave and immediate injury to Plaintiffs has been ongoing for over two years and will continue unless an injunction issues.

## IV.  Injunction Not Adverse to Public Interest

173.    Potential harm to Ferguson, Whitehead, City officials and the public interest merge.

> "Next, we turn to whether the balance of the equities warrants an injunction and whether such relief is in the public interest. Where the government is the opposing party, harm to the opposing party and the public interest "merge." *Niken v Holder,* 556 U.S. 418, 435 (2009)

174.    Enjoining the Respondents from violating RCW 9.62.010 and other crimes presents no risk to King County or the City.

175.    It's an irrelevant straw man for Respondents to claim: (1) this injunction implicates state interests because the ORAL and Contempt Order were granted by Ferguson; or (2) this injunction implicates "local interests because the charges concern the City's ability to enforce" restraining orders to protect Owen and A.R.W. Lending criminal assistance and acting as accessories after-the-fact to Owen's perjury, fraud, and kidnapping does not "implicate state interests."

PLAINTIFFS' MOTION FOR TRO
WAWD No. 2:24-cv-00808-JHC
Page 38 of 42

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

176.    Rather, the public interest requires the Court to enforce the rights of the actual victims—Benshoof and A.R.W. and to prevent Respondents from committing criminal law violations to perpetuate the kidnapping of A.R.W.

177.    No public interest exists in allowing continued discrimination against Benshoof, nor violations of RCW 9.62.010; 9A.40.020; 9A.40.040; 18 U.S.C. §§ 241; 242; 1201; 1512.  To do so would legitimize criminal conduct.

178.    The public interest is best served by enjoining Respondents from perpetrating further constitutional and statutory violations, lest the public's trust in our government be irreparably harmed.

## V.  CONCLUSION

Kurt Benshoof moves the Court to enter an Order granting injunctive relief to Benshoof, enjoining Respondents from continuing to render criminal assistance to the ongoing kidnapping of A.R.W., to enjoin Ferguson from sanctioning or imprisoning Benshoof under color of law of the ORAL or Contempt Order, to enjoin Ferguson from denying Benshoof the privilege of *habeas corpus,* to enjoin Jessica Owen's kidnapping of A.R.W., and to enjoin CITY OF SEATTLE employees, officers, agents,  servants, and attorneys, from acting to detain, arrest, imprison, or prosecute Benshoof relating to Seattle Municipal Court Nos. 669329; 671384; 675317; 675405; 676175; 676207; 676216; 676463; 676492; or King County Superior Court case no. 21-5-00680-6, pursuant to FRCP 65(d)(2)(A)(B).

PLAINTIFFS' MOTION FOR TRO
WAWD No. 2:24-cv-00808-JHC
Page 39 of 42

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

## VERIFICATION

I, Kurt Benshoof, do hereby declare that the foregoing is true and correct to the best of my knowledge under penalty of perjury in the State of Washington. Executed this 24th day of June in the year 2024, in the city of Seattle, in the county of King, in the state of Washington.

I certify this petition contains 8,396 words in compliance with LCR 7(e)(3)

By:  _____

Kurt Benshoof, Plaintiff *pro se*
1716 N 128th Street
Seattle, WA 98133
Phone: (206) 460-4202
Email: kurtbenshoof@gmail.com

PLAINTIFFS' MOTION FOR TRO
WAWD No. 2:24-cv-00808-JHC
Page 40 of 42

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

# CERTIFICATE OF NOTICE

Plaintiff Kurt Benshoof hereby certifies that he gave advance notice of the foregoing motion, by email on June 24, 2024, to the following addresses:

**Attorneys For Respondent**
**CITY OF SEATTLE:**
Dallas LePierre, WSBA #47391
Catherine Riedo, WSBA #50418
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
Email: dallas.lepierre@seattle.gov
Phone: (206) 386-1041
Email: catherine.riedo@seattle.gov
Phone: (206) 684-8200

**Defendant & Attorney For**
**Respondent Jessica Owen:**
Blair M. Russ, WSBA #40374
1000 Second Avenue
Suite 3660
Seattle, WA 98104
Email: bmr@tbr-law.com
Phone: (206) 621-1871

**Defendant Marshall Ferguson**
17353 92nd Ave NE
Bothell, WA 98011
Phone: (206) 477-1513
Email: marshall.ferguson@kingcounty.gov


**Respondent Jessica R. Owen**
849 NE 130th Street
Seattle, WA 98125
Phone: (206) 427-6170
Email: ms.jadelicious@gmail.com
Email: alwaysisobella@protonmail.com

**Attorney for Respondent**
**Magalie E. Lerman:**
Moshe Y. Admon, WSBA #50325
300 Lenora Street
Suite 4008
Seattle, WA 98121
Email: jeff@admonlaw.com
Phone: (206) 739-8383

**Respondent Magalie Lerman:**
849 NE 130th Street
Seattle, WA 98125
Phone: (303) 500-9723
Email: magalie.lerman@gmail.com
Email: solanasparks@protonmail.com


**Defendant Jessica Skelton:**
Jessica Skelton, WSBA #36748
1191 Second Avenue
Suite 2000
Seattle, WA 98101
Email: jessica.skelton@pacificalawgroup.com
Phone: (206) 245-1700

**Defendant Michael C. Tracy:**
Michael C. Tracy, WSBA #51226
701 Fifth Avenue
Suite 2100
Seattle, WA 98104
Email: mtracy@grsm.com
Phone: (206) 695-5178


PLAINTIFFS' MOTION FOR TRO
WAWD No. 2:24-cv-00808-JHC
Page 41 of 42

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

**Defendant Sarah Turner:**
Sarah N. Turner, WSBA #37748
701 Fifth Avenue
Suite 2100
Seattle, WA 98104
Email: sturner@grsm.com
Phone: (206) 695-5178

**Defendant Jamal N. Whitehead**
whiteheadchambers@wawd.uscourts.gov
700 Stewart St.
Lobby Level
Seattle, WA 98101

Plaintiff Kurt Benshoof hereby certifies that the following individuals received

notice of the foregoing motion via e-file (WAWD No. 2:23-cv-1392-JNW, Dkt. #242-2)

on June 24, 2024,

**Attorneys For Respondent**
**CITY OF SEATTLE:**
Dallas LePierre, WSBA #47391
Catherine Riedo, WSBA #50418
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
Email: dallas.lepierre@seattle.gov
Phone: (206) 386-1041
Email: catherine.riedo@seattle.gov
Phone: (206) 684-8200

**Defendant Sarah Turner:**
Sarah N. Turner, WSBA #37748
701 Fifth Avenue
Suite 2100
Seattle, WA 98104
Email: sturner@grsm.com
Phone: (206) 695-5178

**Defendant & Attorney For**
**Respondent Jessica Owen:**
Blair M. Russ, WSBA #40374
1000 Second Avenue
Suite 3660
Seattle, WA 98104
Email: bmr@tbr-law.com
Phone: (206) 621-1871

**Defendant Michael C. Tracy:**
Michael C. Tracy, WSBA #51226
701 Fifth Avenue
Suite 2100
Seattle, WA 98104
Email: mtracy@grsm.com
Phone: (206) 695-5178

DATED:  June 24, 2024

Signed:  ___s/ Kurt Benshoof_____
Kurt Benshoof, Plaintiff *Pro Se*

PLAINTIFFS' MOTION FOR TRO
WAWD No. 2:24-cv-00808-JHC
Page 42 of 42

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com