UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT BENSHOOF,<br><br>Plaintiff,<br><br>v.<br><br>MARSHALL FERGUSON; J DOE; BLAIR M RUSS; JESSICA SKELTON; MICHAEL TRACY; SARAH TURNER; JAMAL WHITEHEAD,<br><br>Defendants. | CASE NO. 2:24-cv-00808-JHC<br><br>ORDER |

This matter comes before the Court on Plaintiff's Motion for Temporary Restraining Order (TRO). Dkt. # 12.

In multiple cases in federal and state court, Plaintiff, who is self-represented, has claimed that his son, A.R.W., has been kidnapped by the child's mother, Jessica Owen. *See* Dkt. # 12 at 5–13.

On October 21, 2021, King County Superior Court Judge David Keenan granted Owen full custody of A.R.W. and issued a restraining order against Plaintiff, determining that he posed a "credible threat to the physical safety" of Owen and A.R.W. Dkt. # 21-1 at 2–3, 6; Dkt # 21-3

ORDER - 1

at 1–2. On March 31, 2023, King County Superior Court Judge Marshall Ferguson issued a vexatious litigant order against Plaintiff, restricting his abusive litigation in state court. Dkt. # 21-6 at 5. That order enjoins Plaintiff from bringing any case against Nathan Cliber, Jessica Owen, Magalie Lerman, or Owen Hermsen in state court. *Id.* at 1.

On March 22, 2024, Plaintiff filed a petition for writ of mandamus in King County Superior Court against Seattle School District's General Counsel, Gregory Narver. *Benshoof v. Narver*, 24-2-06539-3 SEA; *see* Dkt. # 17 at 4. Defendant Jessica Skelton appeared as counsel for Narver there and moved to dismiss based on the vexatious litigant order mentioned above. *Id.* The superior court denied the motion because Narver was not protected by the vexatious litigant order. *Id.*

Plaintiff is engaged in litigation in this District against the Seattle School District based on his requests for his son's school records. *See* 2:23-cv-01829-JNW and 2:23-cv-01392-JNW. In one of those cases, Plaintiff moved for TROs on March 5, 2024, and March 25, 2024. *Benshoof v. Admon, et. al.*, No. 2:23-cv-01392-JNW, Dkt. ## 129 and 158. At the time the present lawsuit was filed, June 7, 2024, Judge Jamal Whitehead had not ruled on the motions for TRO.

Plaintiff filed the present lawsuit against Judge Ferguson; Judge Whitehead; Michael Tracy and Sarah Turner, attorneys for Cliber; Skelton; Blair M Russ, attorney for Owen; and J. Doe, Clerk for the Western District of Washington. *Id.* at 1. In his motion, Plaintiff argues that he is likely to succeed on the merits because the "fraudulent" "ORAL and Contempt Order" violated various constitutional rights. Dkt. # 12 at 27. Specifically, he argues that the state court order "(1) violated the First Amendment by denying [Plaintiff's] right to associate with [his son] A.R.W.; (2) violated the First Amendment by abridging [his] right to petition for redress; (3) violated the First Amendment by retaliating against [him] for his religious beliefs; and (4) [was]

ORDER - 2

not justified by 'interests of the highest order'—a so called, 'compelling' interest—and that the malicious prosecutions of [him] were 'narrowly tailored' to achieve those interests." Dkt. # 12 at 31–32.[1]

Plaintiff seeks "to enjoin Respondents from continuing to render criminal assistance, either by their acts or failures to act, to the ongoing kidnapping and child abuse of [Plaintiff's] minor son, A.R.W., to enjoin Respondents from ongoing retaliatory threats to unlawfully imprison [Plaintiff] for exercising his First Amendment rights, and to enjoin Respondents from conspiring to deny Plaintiffs the privilege of habeas corpus in violation of the privileges clause of the Fourteenth Amendment, U.S. Const. § 1, and Wash. Const. art I. § 13." Dkt. # 12 at 1–2.

The legal standards for a preliminary injunction and a TRO are "substantially identical." *Stuhlbarg Int'l Sales Co v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain a TRO, a plaintiff must show that (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of" a preliminary injunction; (3) "the balance of equities tips in [their] favor"; and (4) a preliminary injunction "is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008)). The likelihood of success on the merits "is a threshold inquiry" and "a 'court need not consider the other factors' if a movant fails to show a likelihood of success on the merits." *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (quoting *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017)). A TRO "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

---

[1] Plaintiff's 91-page complaint and 42-page motion for TRO advance various other legal theories. *See* Dkt. ## 1, 12. Because the moving party bears the burden of showing a likelihood of success on the merits, the Court only considers those claims on which Plaintiff argues he is likely to succeed.

ORDER - 3

In this case, Plaintiff has not demonstrated a likelihood of success on the merits as to any of his claims. Because likelihood of success on the merits is a threshold issue, Plaintiff has failed to show that he is entitled to a TRO. *See Baird*, 81 F.4th at 1040.

A.   Mootness

Plaintiff argues that Judge Whitehead "refused to adjudicate" the motions for TRO that he filed on March 5 and 25, 2024, and that he "directed the U.S. District Court Office of the Clerk to deny [Plaintiff] the issuance of summons to" Magalie E. Lerman. Dkt. # 12 at 4–5. On June 28, 2024, Judge Whitehead denied both motions with prejudice. *Benshoof v. Admon, et. al.*, No. 2:23-cv-01392-JNW, Dkt. # 244. Plaintiff's motion with respect to Judge Whitehead and the Clerk for the Western District of Washington is thus moot.

B.   Judicial Immunity

Judges have absolute immunity from lawsuits arising from "judicial acts." *Forrester v. White*, 484 U.S. 219, 227 (1988); *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996), *superseded by statute on other grounds*, (recognizing that "[t]he judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief"). "[I]mmunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches." *Forrester*, 484 U.S. at 227 (emphasis in original).

There are two exceptions to the doctrine of judicial immunity: "First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (internal citations omitted). Judicial immunity still applies when a party alleges that "a judge conspired

ORDER - 4

with one party to rule against another party: 'a conspiracy between judge and [a party] to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges.'" *Moore*, 96 F.3d at 1244 (quoting *Ashelman v. Pope,* 793 F.2d 1072, 1078 (9th Cir.1986) (en banc)). "Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." *Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir. 1988).

Judicial immunity also extends to "those performing judge-like functions," such as clerks. *Richardson v. Koshiba*, 693 F.2d 911, 913 (9th Cir. 1982); *see also Moore*, 96 F.3d at 1244 (holding that the clerk of the district court and a judge's law clerk "performed quasi-judicial functions as to which [they were] entitled to absolute immunity").

Plaintiff sues King County Superior Court Judge Ferguson for issuing the vexatious litigant order against him. Dkt. # 12 at 4. He also alleges that Judge Ferguson gave "fraudulent *ex parte* legal advice to opposing counsel at the January 27, 2023." *Id.* at 25. All these alleged actions could have been taken only within Judge Ferguson's judicial capacity, and could not have been "taken in the complete absence of all jurisdiction." Thus, Judge Ferguson is immune from suit. As for the relief sought against Judge Whitehead and the Clerk, assuming the issue is not moot, the claims still fail due to judicial immunity.

C.     Private Attorneys

Generally, lawyers in private practice cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law. *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law, and we have stated that '[c]onclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a

claim under the Civil Rights Act.'" (quoting *Jones v. Community Redevelopment Agency,* 733 F.2d 646, 649 (9th Cir.1984)).

Plaintiff appears to be suing Defendants Tracy, Turner, and Russ for actions taken in their capacity as attorneys representing private individuals. Dkt. # 12 at 4. Plaintiff offers only conclusory allegations that Defendants conspired with state actors to kidnap his son by representing their clients in other legal actions with Plaintiff. *Id.*; *see* Dkt. 1 at 77. This does not suffice to show that Defendants were acting under the color of law. Thus, Plaintiff has failed to show a likelihood of success on the merits as to these claims.

D.   Immunity for Seattle Public School District Attorneys

Defendant Skelton argues that Plaintiff has not shown a likelihood of success on the merits because Skelton is entitled to either absolute immunity or qualified immunity as an attorney representing governmental actors, Seattle Public Schools and Narver. Dkt. # 17 at 8. "When considering claims of governmental immunity, '[t]he presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties.'" *Fry v. Melaragno*, 939 F.2d 832, 835 (9th Cir. 1991) (quoting *Burns v. Reed,* 500 U.S. 478, 486–87 (1991)).

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). The Court may "decide which of the two prongs of qualified-immunity analysis to tackle first." *Id.* "To determine if a right was clearly established, the relevant inquiry is whether, at the time of the [individual's] action, the state of the law gave the

ORDER - 6

[individual] fair warning that their conduct was unconstitutional." *Ballentine v. Tucker*, 28 F.4th 54, 64 (9th Cir. 2022) (internal citation and quotation omitted).

The Supreme Court has "repeatedly told courts . . . not to define clearly established law at a high level of generality." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (per curiam) (quoting *al-Kidd*, 563 U.S. at 742). Thus, the court must "identify a case where an officer acting under similar circumstances . . . was held to have violated" the Constitution. *White v. Pauly*, 580 U.S. 73, 79 (2017) (per curiam). Further, qualified immunity extends to private attorneys representing public entities. *Filarsky v. Delia*, 566 U.S. 377, 394 (2012).

Here, Skelton is a private attorney who represents Seattle Public Schools, and Seattle Public School General Counsel Gregory Narver. Dkt. # 17 at 3. Plaintiff has not identified any cases demonstrating that the law was clearly established as to any of the alleged constitutional violations. Thus, Skelton is likely entitled to qualified immunity and there is no likelihood of success on the merits as to this claim.

E.    Failure to meet Rule 8 pleading standard

Last, Plaintiff has not demonstrated a likelihood of success on the merits because he has failed to allege sufficient facts to support his allegations that lawyers and judges are aiding and abetting in the kidnapping of his son. "[A] bare assertion of conspiracy will not suffice" to state a claim under Rule 8 pleadings standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

For the forgoing reasons, the Court DENIES Plaintiff's motion for TRO. Dkt. # 12.

Dated this 12th day of July, 2024.

*[signature]*
John H. Chun
United States District Judge

ORDER - 7