Hon. John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KURT A. BENSHOOF; A.R.W. by and through his father, KURT A. BENSHOOF,<br><br>Plaintiffs,<br><br>v.<br><br>MARSHALL FERGUSON, J. DOE, BLAIR RUSS, JESSICA SKELTON, MICHAEL TRACY, SARAH TURNER, JAMAL WHITEHEAD,<br><br>Defendants. | No. 2:24-cv-00808-JHC<br><br>DEFENDANT MARSHALL FERGUSON'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)<br><br>NOTED ON MOTION CALENDAR: November 15, 2024 |

## I.  INTRODUCTION

Defendant Marshall Ferguson ("Defendant") respectfully asks this Court to dismiss all of Plaintiff's ("Plaintiff" or "Benshoof") claims against him with prejudice pursuant to Fed. R. Civ. P. Rule 12(b)(6). First, defendant is entitled to absolute judicial immunity from all alleged actions related to this lawsuit as a King County Superior Court judge. In addition, the complaint regurgitates formulaic recitals and conclusory statements as facts, and lacks valid basis to support any cognizable legal theory against Judge Ferguson. Since no amendment would allow Plaintiff to recover damages from Judge Ferguson, Defendant asks this Court to dismiss the claims against him with prejudice and without leave to amend.

DEFENDANT FERGUSON'S MOTION TO DISMISS - 1
2:24-CV-00808-JHC

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

## II. FACTUAL BACKGROUND

Plaintiff Kurt Benshoof filed this action on June 7, 2024 against defendants Marshall Ferguson, Blair Russ, Jessica Skelton, Michael Tracy, Sarah Turner, and Jamal Whitehead. Dkt. #1. Defendant Marshall Ferguson is a King County Superior Court Judge who was assigned to one of Mr. Benshoof's cases in the state trial court and eventually entered an order restricting his abusive litigation. *See* Dkt. #21, Ex. 5 and 6. Other named defendants in this case are attorneys and judges who have either represented opposing parties or presided over civil cases involving Mr. Benshoof in both state and federal courts. *See* Dkt. #1 at p. 5.

Procedural History relevant to Judge Ferguson[1]

1) **King County Superior Court Cause No. 21-5-00680-6 SEA**

Plaintiff Kurt Benshoof and Jessica Owen are parents of A.R.W. Dkt. #1 at p. 9, ¶19. They were parties to several cases in King County Superior Court, including a parentage determination action under King County Superior Court cause no. 21-5-00680-6 SEA. Dkt. #1 at p. 9-11, ¶16-28. The assigned Judge David Keenan entered the final child custody orders on October 21, 2022 that granted the sole residential custody of A.R.W. to Ms. Owen and restrained Mr. Benshoof from having any contact with both Ms. Owen and A.R.W. Dkt. #21, Ex. 1, 2, and 3. Attorney Nathan Caliber represented Ms. Owen in the parentage determination action. *Ibid.*

2) **King County Superior Court Cause No. 22-2-15958-8 SEA**

On October 3, 2022, Mr. Benshoof filed a complaint against Nathan Caliber, Jessica Owen and two other defendants for tort, abuse of process, and defamation under King County Superior

---

[1] A court may take judicial notice of proceedings of other courts of record if those proceedings have a direct relation to matters at issue. *Trigueros v. Adams,* 658 F.3d 983, 987 (9th Cir. 2011). Judicial notice is particularly appropriate for court records (including the court's own records) in prior litigation related to the case before it. *Amphibious Partners, LLC v. Redman,* 534 F.3d 1357, 1361-1362 (10th Cir. 2008).

DEFENDANT FERGUSON'S MOTION TO DISMISS - 2
2:24-CV-00808-JHC

Leesa Manion (she/her)
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

Court cause no. 22-2-15958-8 SEA. Dkt. #1 at p. 12. The case was eventually assigned to Judge Marshal Ferguson.

As the assigned judge, Judge Ferguson made various rulings and issued orders in the case, including the March 6, 2023 vexatious litigant order and temporary order restricting abusive litigation against Mr. Benshoof. Dkt. #21, Ex. 5. On March 31, 2023, Judge Ferguson entered the order Restricting Abusive Litigation of Kurt Benshoof. Dkt. #21, Ex. 6.[2]

Mr. Benshoof now names Judge Ferguson (in his individual capacity) as a defendant in the present lawsuit for actions taken in King County Superior Court cause no. 22-2-15958-8 SEA.

### III. STANDARD OF REVIEW

Dismissal is proper under Fed. R. Civ. P. 12(b)(6) when the complaint lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). A motion to dismiss may be granted if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although material facts in the complaint are taken as true and construed in the light most favorable to the nonmoving party, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Dichter-Mad Family Partners, LLP. v. United States*, 709 F.3d 749, 761 (9th Cir. 2013). The Court is not required "to accept as true allegations that are merely conclusory,

---

[2] Under Federal Rule of Evidence 201, courts may take judicial notice of a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2).

DEFENDANT FERGUSON'S MOTION TO DISMISS - 3
2:24-CV-00808-JHC

Leesa Manion (she/her)
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

unwarranted deductions of fact, or unreasonable inferences." *Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136, 1145 n. 4 (9th Cir. 2012); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001).

### IV.   ARGUMENT

For the following reasons, Plaintiff's claims against Judge Ferguson should be dismissed:

**A.   Judge Ferguson is entitled to absolute judicial immunity**

The complaint against Judge Ferguson should be dismissed because judges are absolutely immune from civil liability for judicial acts. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Issuing court orders is a quintessential judicial function. *See ibid.* at 362 (finding that a judge's issuance of an order was a judicial act and "the type of act normally performed only by judges"). A judge retains absolute immunity even when "the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction." *Id.* at 356–57 (citing *Bradley v. Fisher*, 80 U.S. 335, 351, 20 L.Ed. 646 (1872)). This strong immunity protects judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants. *Forrester v. White,* 484 U.S. 219, 108 S. Ct. 538, 540, 98 L. Ed. 2d 555 (1988). Immunity is only overcome when a judge takes nonjudicial actions or actions in complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288 (1991).

Mr. Benshoof alleges that Judge Ferguson committed the following acts:

1) Denied Benshoof's right to appear in court in person because he would not wear a mask or face shield to enter the courtroom. Dkt. #1 at p. 14, ¶40.

2) Denied Benshoof's motion to change venue to Snohomish County Superior Court. Dkt. #1 at p. 14, ¶43-44.

3) Communicated ex parte with defense counsel. Dkt. #1 at p.15, ¶45-46.

DEFENDANT FERGUSON'S MOTION TO DISMISS - 4
2:24-CV-00808-JHC

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

4) Provided case law to defense counsel. Dkt. #1 at p. 15, ¶47.

5) Dismissed Benshoof's claims for lack of evidence. Dkt. #1 at p. 15, ¶48-56.

6) Imposed monetary sanctions against Benshoof. Dkt. #1 at p. 18, ¶70.

7) Granted judgments against Benshoof in favor of defendants Hermsen, Lerman, Owen, and Caliber. Dkt. #1 at p. 19, ¶71-74; *id.* at p. 25, ¶109-110.

8) Entered orders restricting abusive litigation against Benshoof without jurisdiction. Dkt. #1 at p. 19-23, ¶75-97.

9) Entered contempt orders against Benshoof without jurisdiction. Dkt. #1 at p. 23-24, ¶100-107.

10) Threatened Benshoof with arrest and additional monetary sanctions for contempt. Dkt. #1 at p. 24-25, ¶108.

11) Denied Benshoof the ability to seek habeas relief due to the order restricting abusive litigation. Dkt. #1 at p. 26-28, ¶119-129.

Mr. Benshoof does not dispute that Judge Ferguson engaged in judicial acts. Instead, he alleges that Judge Ferguson did not have jurisdiction over him because he and Ms. Owen were never parties to "domestic relations." Dkt. #1 at p. 10.

Mr. Benshoof's contention is without legal basis or merit. Superior court has original jurisdiction in all cases and of all proceedings in which jurisdiction was not vested exclusively in some other court. RCW 2.08.010. Additionally, superior court has jurisdiction to adjudicate parenting plans, child custody, visitation, or support, or the distribution of property or obligations. RCW 26.12.010. As a judge of the superior court, Judge Ferguson acted fully within his jurisdiction and judicial authority when he issued rulings and entered orders in King County Superior Court cause no. 22-2-15958-8 SEA.

Even assuming Judge Ferguson's actions taken in the case were in error, he remains protected by judicial immunity. *O'Neil v. City of Lake Oswego*, 642 F.2d 367, 369 (9th Cir. 1981)

DEFENDANT FERGUSON'S MOTION TO DISMISS - 5
2:24-CV-00808-JHC

Leesa Manion (she/her)
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

(holding that a judge who convicted a defendant of contempt, an act within the court's jurisdiction, without the affidavit required by state law to confer jurisdiction over the offense was still entitled to immunity; his act was in excess of his jurisdiction, not in clear absence of all jurisdiction). Mr. Benshoof has not provided any evidence that Judge Ferguson acted outside of his judicial scope or in clear absence of all jurisdiction. Therefore, all claims against Judge Ferguson should be dismissed for judicial immunity.

**B.    Judicial immunity applies even when Plaintiff sues Judge Ferguson in "his individual capacity"**

Plaintiff further argues that Judge Ferguson is not entitled to judicial immunity because he is being sued in his "individual capacity" and not as a judge. Mr. Benshoof's distinction, that Judge Ferguson and Marshall Ferguson are two different people, is not supported by the law.

To determine when judicial immunity applies, courts look to the function being performed rather than the person performing it by using factors to assess whether an action is judicial in nature. *Stump,* 435 U.S. at 362. These factors include "whether it is a function normally performed by a judge, and to the expectations of the parties" and "whether they dealt with the judge in his judicial capacity." *Id*.

In this case, all of Judge Ferguson's acts alleged in the complaint were judicial acts normally performed by a judge and done within his capacity as a judge. Therefore, Judge Ferguson's actions, even in his individual capacity, fall within the scope of judicial conduct and judicial immunity applies.

**C.    Plaintiff's Complaint fails to state a cognizable legal theory against Judge Ferguson**

The Court should also dismiss Plaintiff's complaint for lack of cognizable legal theory and merit. In the 92-page complaint, Mr. Benshoof offered nothing but formulaic legal conclusions and duplicative legal elements that he has presented in his prior lawsuits against judicial officers to support

DEFENDANT FERGUSON'S MOTION TO DISMISS - 6
2:24-CV-00808-JHC

Leesa Manion (she/her)
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

his causes of action against Judge Ferguson. *See Benshoof v. Keenan, et al.* No. 23-cv-751-RAJ (Dismissed by the court, Dkt. #22 (W.D. Wash. June 12, 2023) (Dismissal summarily affirmed, No. 23-35418, Dkt. #8 (9th Cir. October 27, 2023)); *Benshoof v. Admon, et al.* W.D. Wash. No. 2:23-cv-01392-JNW (Dismissed by the court, Dkt. #245).

Among the implausible causes of action, Mr. Benshoof claims that Judge Ferguson engaged in witness tampering; kidnapping; subornation of perjury; rendering criminal assistance in extortion; violation of his free exercise of religion not to wear a mask; violation of his first amendment right to associate with his son; violation of his first amendment right to petition for redress of grievances; violations of fourth, fifth, eighth, and fourteenth amendments, and conspiracy. Dkt. #1, at p. 37-90. Similar conclusory allegations were dismissed by Judge Whitehead in *Benshoof v. Admon*, No. 2-23-cv-1392-JNW. This Court also found Mr. Benshoof's claims against defendant Jessica Skelton lacked any merit. Dkt. #40. The Court should also dismiss Mr. Benshoof's claims against Judge Ferguson for the same reasons.

### D. Amending the Complaint would be futile

The Court should dismiss the complaint against Judge Ferguson with prejudice and without leave to amend because no amendment would allow Mr. Benshoof to recover damages against a judicial officer. "Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Lund v. Cowan*, 5 F.4th 964, 973 (9th. Cir, 2021); *Huffman v. Lindgren*, 81 F. 4th 1016, 1022 (9th Cir. 2023).

Although leave to amend should generally be given freely, factors such as futility of the proposed amendment and prejudice to the opposing party may be taken into consideration when deciding whether to permit an amendment. *Lockheed Martin Corp. v. Network Sols., Inc.,* 194 F.3d

DEFENDANT FERGUSON'S MOTION TO DISMISS - 7
2:24-CV-00808-JHC

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

980, 986, (9th Cir. 1999). Futility supports the refusal to grant leave when the legal basis for a cause of action is tenuous. *Id*.

As established above, Mr. Benshoof cannot show that Judge Ferguson acted in clear absence of all jurisdiction or that Judge Ferguson is not entitled to judicial immunity. This is true even if the complaint was amended to say that the action Judge Ferguson took was in error, was done maliciously, or was in excess of his authority. *Supra*. In view of absolute judicial immunity accorded to judges, amending the complaint against any judicial officer is futile. The Court should therefore dismiss Plaintiff's claims against Judge Ferguson with prejudice and without leave to amend.

## V. CONCLUSION

For those forgoing reasons, Plaintiff Kurt Benshoof's causes of action fail as a matter of law. Accordingly, the Court should dismiss all causes of action against Judge Ferguson with prejudice and without leave to amend.

I certify that this response contains 2030 words, in compliance with the Local Civil Rules.

DATED this 27th day of September 2024.

LEESA MANION (she/her)
King County Prosecuting Attorney

By: *s/ Peggy Wu*
PEGGY WU, WSBA #35941
Senior Deputy Prosecuting Attorney
King County Prosecuting Attorney's Office,
Civil Division
701 5th Avenue, Suite 600
Seattle, WA 98104
pwu@kingcounty.gov
*Attorney for Marshall Ferguson*

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on September 27, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF E-filing system which will send automatic notification to the following:

<div align="center">

Kurt A. Benshoof
1716 N 128TH ST
SEATTLE, WA 98133
206-460-4202
Email: kurtbenshoof@gmail.com
*Pro Se*

</div>

I also hereby certify that on September 27, 2024, I sent the same via US Postal Service to the following:

| Kurt Benshoof | Howard Brown |
|---|---|
| BKG. #2024-008067 | 1003 W. Michigan St. |
| King County Correctional Facility | Hammond, LA  70401 |
| Maleng Regional Justice Center | |
| 620 West James Street | |
| Kent, WA  98032 | |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 27th day of September 2024.

By: *s/ Katie Wilson*
KATIE WILSON
Paralegal, Civil Division
King County Prosecuting Attorney's Office

DEFENDANT FERGUSON'S MOTION TO DISMISS - 9
2:24-CV-00808-JHC

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191