UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KURT A. BENSHOOF, et al.,<br><br>                       Plaintiffs,<br><br>  v.<br><br>MARSHALL FERGUSON, J. DOE, BLAIR RUSS, JESSICA SKELTON, MICHAEL TRACY, SARAH TURNER, JAMAL WHITEHEAD,<br><br>                       Defendants. | No. 2:24-cv-00808-JHC<br><br>ORDER GRANTING DEFENDANT JUDGE MARSHALL FERGUSON'S MOTION TO SEAL<br><br>NOTED ON MOTION CALENDAR:<br>December 10, 2024 |

      This matter comes before the Court on Defendant Judge Marshall Ferguson's Motion to Seal Dkt No. 6-1 and 8.  Dkt. # 52.  The motion is unopposed.

      In reviewing motions to seal, courts start with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003). Parties seeking to seal a judicial record must show "compelling reasons" to overcome the presumption. *Id.*  In applying the compelling reasons standard, a court must balance "all relevant factors," including the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).  "The mere fact that the production of records may lead to a litigant's

ORDER GRANTING DEFENDANT JUDGE
FERGUSON'S MOTION TO SEAL - 1
2:24-CV-00808-JHC

embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). But the presence of sensitive personal information in a document may be a "compelling reason" to seal it. *See id.* at 1182.

Here, Judge Ferguson asks the Court to seal the summons because it contains his personal address. Dkt. # 52 at 1. He says that he has a compelling interest in protecting this information from public disclosure because he "is a judge at the King County Superior Court." *Id.* He says that "his privacy and personal security interests in keeping his home address confidential outweigh the public's interest in access to the summons." *Id.* Weighing Judge Ferguson's interests against the public interest in disclosure, the Court determines that he has demonstrated a compelling reason to protect his address from public disclosure.[1]

Judge Ferguson did not satisfy the meet and confer requirement of Federal Rule of Civil Procedure 26(c). He explained that meet and confer was not possible because Plaintiff, who is representing himself pro se, had "been in custody at the King County Correctional Facility since July 3, 2024." Dkt. # 52 at 3. The Court waives the meet and confer requirement because of the unique circumstances of this motion.

Thus, having considered the motion, the rest of the file, and the governing law, the Court GRANTS the motion to seal. The Court DIRECTS the Clerk to seal Dkt. No. 6-1 and 8.

---

[1] Courts apply the less stringent "good cause" standard of Federal Rule of Civil Procedure 26(c) to seal documents that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The summons is not related to the merits of the case, so Judge Ferguson needs to demonstrate only good cause to seal this document. The good cause standard is less exacting than the compelling reasons standard and Ferguson has satisfied both standards here. *See id.*

ORDER GRANTING DEFENDANT JUDGE
FERGUSON'S MOTION TO SEAL - 2
2:24-CV-00808-JHC

DATED this 10th day of December, 2024.

*John H. Chun*
JOHN H. CHUN
UNITED STATES DISTRICT JUDGE