Hon. John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT A. BENSHOOF,<br>A.R.W. By and Through His Father,<br>KURT A. BENSHOOF,<br><br>          Plaintiffs,<br><br>         v.<br><br>MARSHALL FERGUSON, *et al.*,<br><br>         Defendants. | No. 2:24-cv-00808-JHC<br><br>PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT<br><br>NOTED ON MOTION CALENDAR:<br>January 6, 2025, 7(d)(2) |

## I.    INTRODUCTION

Plaintiff Kurt Benshoof ("Benshoof") moves the Court with good cause for an Order granting Plaintiff's Motion to Leave to file Plaintiffs' First Amended Complaint. Benshoof brings this motion under threat, duress, and coercion of the Order Restricting Abusive Litigation by Kurt Benshoof ("ORAL") and Contempt Order granted by Judge Marshall Ferguson in KCSC No 22-2-15958-8 SEA, Document Nos. 189; 319, attached hereto as Appendix A and B.

Kurt Benshoof, Co-Plaintiff
22701 42nd Place West
Mountlake Terrace, WA 98043
(425) 553-8112
kurtbenshoof@gmail.com

While the ORAL and Contempt Order were the result of perjury and fraud perpetrated by two perjuring prostitutes and their corrupt attorneys, and while Benshoof has good cause to believe that he is not legally obligated to comply with fraudulent orders, he does so to avoid the possibility of additional unlawful imprisonment.

## II.     SWORN STATEMENT OF FACTS

1.     Benshoof incorporates by reference as if fully restated herein the attached Amended Petition for Writ of Habeas Corpus (WAWD No. 2:24-cv-1110-JNW; Dkt. #23) and Exhibits. (*Id.*, Dkt. #23-1)

## III.     AUTHORITY

2.     The First Amendment prohibits government officials from abrogating Benshoof's right to petition for redress of his grievances, and his Amended Habeas provides irrefutable evidence that the mother of A.R.W., Jessica Owen ("Owen"), has committed perjury and extrinsic fraud across multiple court cases for more than three years to conceal the kidnapping of A.R.W.

3.     The Amended Habeas details the ongoing conspiracy by City of Seattle and King County officials to unlawfully and indefinitely imprison Benshoof *in communicado* under color of law, aided and abetted by Owen's co-conspirators, family law attorney Nathan Cliber ("Cliber") and Magalie Lerman.

4.     Current defendants—who are all attorneys—Blair Russ, Jessica Skelton, Michael Tracy, and Sarah Turner have engaged in parallel acts to render

PLAINTIFFS' MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT
WAWD No. 2:24-cv-00808-JHC
Page 2 of 4

Kurt Benshoof, Co-Plaintiff
22701 42nd Place West
Mountlake Terrace, WA 98043
(425) 553-8112
kurtbenshoof@gmail.com

criminal assistance to the kidnapping of A.R.W., and to prevent Benshoof from seeking redress in violation of 18 U.S.C. § 1512(b), a predicate act under Civil RICO.

5.      "The [attorney's] failure to report the [perjury of his client] "is the actual cause of [the] injury only if the injury would not have occurred `but for' that conduct." *White v. Roper*, 901 F.2d 1501, 1505 (9th Cir. 1990) (citing W. Prosser W. Keeton, *The Law of Torts* [hereinafter "Prosser Keeton"] § 41, at 266 (5th ed. 1984)). "The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Johnson v. Duffy,* 588 F.2d 740, 743-44 (9th Cir. 1978)." *Conn v. City of Reno*, 572 F.3d 1047, 1058 (9th Cir. 2009)

6.      The previous five months of constitutional violations of Benshoof's rights and resultant damages to Plaintiffs were the direct and proximate result of Cliber suborning the perjury of his client, Owen, and parallel acts by Defendants and others.

7.      "When [private attorneys] conspired to construct a false story about the events that took place...they deliberately set in motion a series of events that they anticipated (or should have anticipated) would lead to [Benshoof's] arrest, and [ ] trial [ ]. Not only did [private attorneys] set the events in motion but, according to the complaint, they voluntarily provided crucial information, false though it was, at every step of the proceeding." *Harris v. Roderick,* 126 F.3d 1189, 1199 (9th Cir. 1997)

8.      Private parties, such as attorneys, "'act under color of state law if they willfully participate in joint action to deprive others of constitutional rights.' *Dennis*

PLAINTIFFS' MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT
WAWD No. 2:24-cv-00808-JHC
Page 3 of 4

Kurt Benshoof, Co-Plaintiff
22701 42nd Place West
Mountlake Terrace, WA 98043
(425) 553-8112
kurtbenshoof@gmail.com

*v. Sparks*, 449 U.S. 24, 27 (1980); *Adickes v. S.H. Kress Co.,* 398 U.S. 144, 152 ((1970); U.S. v. Price, 383 U.S. 787, 794 (1966)." *United Steelworkers v. Phelps Dodge,* 865 F.2d 1539, 1540 (9th Cir. 1989)

9.    Plaintiffs deserve the opportunity to question all defendants under oath before a jury of their peers.  "The existence or nonexistence of a conspiracy is essentially a factual issue that a jury, not the trial judge, should decide...The right to confront, cross-examine, and impeach adverse witnesses is one of the most fundamental rights sought to be preserved by the Seventh Amendment provision for jury trials in civil case." *Adickes v. S.H. Kress Co.,* 398 U.S. 144, 176 (1970)

## VERIFICATION

This motion contains 696 words in compliance with LCR 7(e)(1).  Plaintiff Kurt Benshoof does hereby declare that the foregoing is true and correct to the best of his knowledge under penalty of perjury under the laws of the United States.  Executed this 22nd day of December in the year 2024, in the city of Mountlake Terrace, in the county of Snohomish, in the state of Washington.


By:      _____

Kurt Benshoof, Co-Plaintiff *Pro Se*
22701 42nd Place West
Mountlake Terrace, WA 98043
Phone: (425) 553-8112
Email: kurtbenshoof@gmail.com

PLAINTIFFS' MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT
WAWD No. 2:24-cv-00808-JHC
Page 4 of 4

Kurt Benshoof, Co-Plaintiff
22701 42nd Place West
Mountlake Terrace, WA 98043
(425) 553-8112
kurtbenshoof@gmail.com

# Appendix  **A**

1
2
3
4
5
6
7

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND OF THE COUNTY OF KING**

8

| KURT BENSHOOF, | NO. 22-2-15958-8 SEA |
| --- | --- |
| Plaintiff, | **ORDER RESTRICTING ABUSIVE LITIGATION OF KURT BENSHOOF** |
| v. | |
| NATHAN CLIBER, JESSICA OWEN, MAGALIE LERMAN, and OWEN HERMSEN | |
| Defendants. | |

9
10
11
12
13

14        This Court has determined that Kurt Benshoof is a vexatious litigant, that he has

15   engaged in an extensive pattern of abusive litigation and weaponization of the court system

16   against Defendants, and that Defendants are entitled to entry of an order restricting Mr.

17   Benshoof's ability to file abusive legal actions against them, their friends and family, and their

18   respective counsel. *See* Dkt. #177 (Order Granting Defendants' Joint Motion for a Vexatious

19   Litigant Order Against Plaintiff, And <u>Temporary</u> Order Restricting Abusive Litigation By Kurt

20   Benshoof).  The Court incorporates that order by reference as if set forth fully herein and makes

21   the following additional findings and final orders:

22
23

ORDER RESTRICTING ABUSIVE LITIGATION OF KURT
BENSHOOF - 1



TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907



0380

1    **PRIOR ABUSIVE FILINGS BY MR. BENSHOOF**

2    **King County Superior Court Cause No. 22-2-02932-3 SEA**

3        1.        On March 1, 2022, Mr. Benshoof filed his first of several complaints against Ms.

4    Owen arising from his claim that Ms. Owen had converted his Toyota FJ Cruiser, which was

5    titled in Ms. Owen's name.

6        2.        After Ms. Owen voluntarily transferred title to Plaintiff, that matter was

7    dismissed.

8        3.        However, and despite the vehicle being voluntarily transferred to him, Plaintiff

9    continued to allege facts in this case (and others) regarding the vehicle.

10    **King County Superior Court Cause No. 22-2-03826-8 SEA**

11        1.        On March 16, 2022, Plaintiff filed another complaint against Ms. Owen.

12        2.        In that complaint, Mr. Benshoof alleged claims of constructive fraud and

13    infliction of emotional distress relating to a previously shared residence (titled in Ms. Owen's

14    name). Further, and similar to the allegations alleged in this matter, Mr. Benshoof claimed that

15    Ms. Owen wrongfully filed police reports against him.

16        3.        On June 24, 2022, Ms. Owen filed a motion to dismiss Mr. Benshoof's claims

17    in that lawsuit pursuant to CR 12(c). Judge Robertson granted Ms. Owen's motion on July 22,

18    2022, and his claims were dismissed with prejudice. Judge Robertson determined Mr.

19    Benshoof's claims were either time-barred or failed to state a claim upon which relief could be

20    granted.

21        4.        As to the claims concerning Ms. Owen's communications with law enforcement,

22    those were dismissed because they did not remotely rise to anything close to a viable cause of

23    action.

ORDER RESTRICTING ABUSIVE LITIGATION OF KURT
BENSHOOF - 2

**0381**

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

1      5.      Additionally, Judge Robertson's order admonished Mr. Benshoof's filings as

2    follows:

3          Plaintiff improperly attempt[ed] to "amend" the complaint via a
           filing of an "amended" complaint coupled with what purports to be
4          criminal allegations. These items were all filed on 7/15/22 without
           leave of this court. Plaintiff failed to comply with CR 15 to permit
5          an amendment of the complaint. However, *even if* this amended
           complaint were to be considered, it falls under the same merits as
6          above [time-barred & failure to state a claim upon which relief can
           be granted].
7
           Plaintiff's Response to this motion was improper and untimely, and
8          Plaintiff failed to follow local rules regarding service of working
           copies to the Court. However, the response was given consideration
9          by this Court as if it were filed timely. In this Response, Plaintiff
           failed to provide any legal basis to deny Defendant's motion [to
10         dismiss].

11   **King County Superior Court Case No. 22-2-1112-7 SEA**

12
13      1.      On July 18, 2022, Mr. Benshoof filed an 85-page Petition for Writ of Habeas

     Corpus and named Mr. Cliber, Judge David Keenan, Commissioner Jason Holloway, Ms.
14
     Owen, Ms. Lerman, and one other individual as Respondents. The writ was denied three days
15
     after it was filed and the case was dismissed.
16
     **King County District Court Cause No. 22CIV11976KCX**
17
18      1.      On August 2, 2022, Mr. Benshoof attempted to obtain an anti-harassment

     protection order against Mr. Cliber based on Mr. Cliber's representation of Ms. Owen in the
19
     Parentage Action. The court denied Mr. Benshoof's request.
20
     **U.S District Court for the Western District of Washington Cause No. 2:22-cv-
     01281-LK and King County Superior Court Cause No. 22-2-15745-3 SEA**
21
22      1.      Following Judge Robertson's dismissal of his claims, Mr. Benshoof filed two

     other complaints against Ms. Owen on September 9, 2022, and September 29, 2022,
23
     respectively.

ORDER RESTRICTING ABUSIVE LITIGATION OF KURT
BENSHOOF - 3



TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

**0382**

1       2.     In the first of these two actions (the "Federal Action"), Mr. Benshoof filed a

2 litany of allegations against dozens of people, including all named Defendants here and multiple

3 sitting King County Superior Court Judges.

4       3.     On September 26, 2022, Judge Lauren King dismissed Mr. Benshoof's nearly

5 300-page complaint *sua sponte*.

6       4.     Three days later, Mr. Benshoof filed another action which was nothing short of

7 a re-filing on the exact same claims previously dismissed by Judge Robertson (King Co. Sup.

8 Ct. No. 22-2-15745-3).

9     **King County Superior Court Cause No. 22-2-15958-8 SEA (this case)**

10       1.     On October 3, 2022, Mr. Benshoof filed the present action. When Ms. Owen

11 sought to consolidate this matter with the other matter assigned to Judge Robertson, Mr.

12 Benshoof filed an affidavit of prejudice. This was a concerted effort to circumvent the prior

13 orders of the Superior Court.

14       2.     This case marked the fifth civil complaint filed by Mr. Benshoof against Ms.

15 Owen in a nine-month period. In this action, Mr. Benshoof cited to the above-mentioned,

16 previously adjudicated matters, King County Superior Court Cause Nos. 21-5-00680-6 SEA

17 and 21-2-11149-8 SEA, alleging, among other things, "Defendants Cliber and Owen illegally

18 or improperly perverted the King County Family Court system against Plaintiff."

19       3.     When Ms. Owen and Mr. Cliber availed themselves of the protections found in

20 Ch. 4.105 RCW, Mr. Benshoof responded by threatening to file yet more litigation against the

21 same parties arising out of the same "facts".

22       4.     On March 17, 2023, this Court dismissed the one remaining claim asserted by

23 Mr. Benshoof after having previously dismissed all other claims.

ORDER RESTRICTING ABUSIVE LITIGATION OF KURT
BENSHOOF - 4

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1048
P/ 206.621.1871  F/ 206.621.9907

**0383**

1    Based on the factual findings above, this Court concludes that Mr. Benshoof has

2    engaged in an extensive pattern of abusive litigation and weaponization of the court system

3    against these defendants, their friends and family, and their attorneys. This pattern of abusive

4    litigation has taken a significant emotional and financial burden on the defendants.

5    Accordingly, the Court imposes the following filing restrictions against Mr. Benshoof.

6                                **FILING RESTRICTIONS**

7    Based on the pattern of abusive litigation detailed above, the court enters the following

8    filing restrictions which will apply to any and all future litigation Mr. Benshoof may attempt

9    to bring. These restrictions shall be in effect for five (5) years from the date of the entry of

10    this order.

11    1.    Kurt Benshoof is hereby **ENJOINED AND RESTRAINED**, in both an

12    individual and in any representative capacity, from initiating any litigation whatsoever in any

13    Superior Court in the state of Washington against Defendants, their attorneys, their friends

14    and family, or any other person related or connected to Defendants (collectively, "Persons

15    Covered by This Order"), <u>unless</u> Mr. Benshoof first obtains advanced approval from this

16    Court.

17    2.    To obtain advance approval from this Court, Mr. Benshoof shall submit an

18    application to the undersigned Judge/Department 31 in the form of a one-page document, in

19    twelve-point type, that provides a summary of the parties involved and the proposed claims

20    or issues.[1]   The proposed complaint/petition shall be attached to the summary. No other

21

22

23    ---
[1] Mr. Benshoof shall submit the application by filing it under the current case caption, King County Superior Court Case No. 22-2-15958-8 SEA, with copies served via e-mail on all parties and counsel of record.

ORDER RESTRICTING ABUSIVE LITIGATION OF KURT
BENSHOOF - 5

**0384**

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1048
P/ 206.621.1871  F/ 206.621.9907

1  exhibits or attachments may be included.  The Court may, at its discretion, request a response

2  from Persons Covered by This Order before ruling on Mr. Benshoof's application.

3      3.    Any new case against Persons Covered by This Order filed by Mr. Benshoof

4  with Court approval in King County Superior Court shall be assigned to the undersigned

5  judge/Department 31.

6      4.    If Mr. Benshoof seeks to commence a new action against Persons Covered by

7  This Order in a court *other than* a Superior Court, Mr. Benshoof must first bring a motion in

8  the other court for leave to proceed with the action.  The motion must be filed

9  contemporaneous to the filing of the complaint or petition.  The motion for leave must

10  demonstrate that good cause exists to permit the action to proceed given the claims raised in

11  the new complaint and Mr. Benshoof's past litigation abuses.  If the reviewing court finds

12  good cause has not been show for the action to proceed, it may dismiss the action with

13  prejudice.  If the reviewing court determines that sanctions are warranted, it may impose

14  sanctions at the same time the action is dismissed.  Mr. Benshoof shall have an opportunity to

15  explain in writing why sanctions should not be imposed in a post-dismissal motion for

16  reconsideration within ten (10) days of the dismissal.

17      5.    Mr. Benshoof shall submit a copy of this Order with any future lawsuit he files

18  or attempts to file in <u>any</u> court, including (but not limited to) any federal court.

19      6.    If Mr. Benshoof fails to abide by the terms of this Order, any party may move,

20  or the Court *sua sponte* may move, for a finding of contempt and sanctions.  A contempt

21  finding could result in the imposition of jail time as a sanction.  The Court has attached the

22  <u>Knight</u> warnings to this Order.

23

ORDER RESTRICTING ABUSIVE LITIGATION OF KURT
BENSHOOF - 6

**0385**

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1048
P/ 206.621.1871   F/ 206.621.9907

1    DONE this 31st day of March, 2023.

2

3    The Hon. Marshall Ferguson

4    Presented by:

5    GORDON REES SCULLY MANSUKHANI, LLP

6    By: /s/ Kyle J. Rekofke
     Kyle J. Rekofke, WSBA #49327
7    Attorney for Defendant Nathan Cliber

8

9    TOMLINSON BOMSZTYK RUSS

     By:
10   Anthony S. Marinella, WSBA #55611
     Attorney for Defendant Jessica Owen
11

12

13   ADMON LAW FIRM , PLLC

14   By:    /s/ Moshe Y. Admon
     Moshe Y. Admon
15   Attorney for Defendants Lerman and Hermsen

16

17

18

19

20

21

22

23

ORDER RESTRICTING ABUSIVE LITIGATION OF KURT
BENSHOOF - 7

**0386**

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3500,
Seattle, Washington 98104-1049
P/ 206.621.1871   F/ 206.621.9807

# CONTEMPT "KNIGHT" WARNING

1. If this court finds you in contempt of court, jail time is an immediate possibility. Consequently, you have a right to counsel.

2. You may hire private counsel at your own expense, but the court is referring you to the Department of Public Defense (formerly the Office of Public Defense) where an attorney will be provided if you cannot afford to hire private counsel. It is your responsibility to contact the Department of Public Defense for screening. You are being provided with the contact information for the Department of Public Defense with this notice.

3. If you do not contact the Department of Public Defense or hire private counsel, your conduct will be deemed dilatory, which means you have failed to follow through on your obligation. As a consequence, the court can find that you have forfeited your right to an attorney.

4. If you are found to have forfeited your right to an attorney, the court will require you to proceed in the matter without representation by counsel. Without an attorney, you risk failing to assert defenses to contempt or effectively explaining to the court why you should not be held in contempt. Without an attorney you also may miss an opportunity to present information that could mitigate or make less severe any sanctions imposed if you are found to be in contempt. Given that I have advised you that a possible sanction for contempt is jail, I urge you seek counsel now.

King County Superior Court

**0387**

1

2                                                         **[King County logo]** King County

3    Important notice to defendants accused              Department of
     of a crime or involved in a dependency action       **PUBLIC DEFENSE**
                                                          *Upholding the Constitution,*
4                                                         *one client at a time.*

     If you cannot afford a lawyer, you must be screened and determined eligible for a public
5                        defender. There are two ways to be interviewed:
       **1. Call the King County Department of Public Defense (DPD) at (206) 477-9727**
6                        *Monday through Friday from 8 a.m. to 5 p.m.*

7                       **2. Report in person to a DPD screening office:**
          **King County Courthouse, 516 3rd Ave, Room E-820, Seattle**
8                        *Mondays and Wednesdays from 8 a.m. to 5 p.m.*

9         **Maleng Regional Justice Center, 401 4th Ave North, Kent, WA 98032**
                                    **Room 1-B**
10                       *Tuesdays and Wednesdays from 8 a.m. to 5 p.m.*

11   You can also email DPDScreening@kingcounty.gov to have a DPD screener contact you.

12   You will likely have a better outcome if you discuss your case with your attorney as soon as
     possible. To see if you qualify for a public defender, contact DPD immediately. Even if an
13   attorney was originally assigned to you while you were in custody, you must still call DPD
     upon release to see if you continue to qualify. SCREEN EARLY! DON'T WAIT!

14

15   **Aviso importante a los acusados, acusado de un delito o**            **[King County logo]** King County
     **involucrados en un caso de dependencia**
     Si usted no puede pagar a un abogado, debe ser entrevistado y         Department of
16   determinado elegible para tener un defensor público. Hay dos          **PUBLIC DEFENSE**
     maneras para hacer la entrevista:                                     *Upholding the Constitution,*
                                                                           *one client at a time.*
17     1. Llame el Departamento del Condado de King de los
          Defensores Publicos (DPD) en (206) 477-9727 el  lunes al viernes desde a las  8:00 AM
18        – 5:00 PM

19     2. Aparecer en  persona a la Oficina de Defensores Publicos a:
     King County Courthouse, 516 3rd Ave, Seattle, WA 98104
20   **Los lunes y miercoles entre los horarios  8:00 AM – 5:00 PM**
     Maleng Regional Justice Center, 401 4th Ave North, Kent, WA 98032
21   Sala 1-B
     **Los martes y miercoles entre los horarios  8:00 AM – 5:00 PM**

22   Usted podria tener los mejores resultados si puede discutir sobre su caso con su abogado lo
     mas pronto que sea posible. Para averiguar si usted califique por tener un defensor publico,
23   debe comunicarse con DPD inmediatamente aunque ha tenido un defensor publico mientras
     usted estaba encarcelado, aun debe comunicarse con DPD cuando salga de la carcel para
24   averiguar si sigue ser eligible. Haga su entrevista pronto.

25   Usted tambien puede mandar un email a DPDScreening@kingcounty.gov para comunicarse con
     uno de los entrevistadores.

                                                          King County Superior Court

                                    **0388**

# Appendix  **B**

FILED

2024 MAR 01 02:30 PM    The Honorable Marshall Ferguson
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 22-2-15958-8 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| KURT BENSHOOF,<br><br>          Plaintiff,<br><br>v.<br><br>NATHAN CLIBER, JESSICA OWEN and<br>MAGALIE LERMAN,<br><br>          Defendants. | Case No. 22-2-15958-8 SEA<br><br>**ORDER FINDING OF CONTEMPT**<br>**AND IMPOSING SANCTIONS**<br>**AGAINST PLAINTIFF KURT**<br>**BENSHOOF** |

This matter comes before the Court on Defendant Nathan Cliber's Motion for Finding of Contempt and Sanctions Against Plaintiff Kurt Benshoof ("Cliber's Motion"), Defendant Jessica Owen's Motion for Finding and Contempt and Sanctions Against Plaintiff Kurt Benshoof ("Owen's Motion"). The Court considered the arguments of the parties, the documents and pleadings on file herein, including the following:

- Cliber's Motion;

- The Declaration of Sarah N. Turner in Support of Cliber's Motion;

- Plaintiff's Opposition to Cliber's Motion;

- Defendant Nathan Cliber's Reply in Support of Cliber's Motion;

- Owen's Motion;

- The Declaration of Jessica Owen in Support of Owen's Motion;

- The Declaration of Paige Gagliardi in Support of Owen's Motion;

ORDER FINDING OF CONTEMPT AND IMPOSING
SANCTIONS AGAINST PLAINTIFF KURT BENSHOOF - 1

GORDON REES SCULLY
MANSUKHANI, LLP
Attorneys at Law
701 5th Avenue, Suite 2100
Seattle, Washington 98104
(206) 695-5100

**0389**

- The Declaration of Moshe Y. Admon in Support of Cliber's and Owen's Motions;

- Plaintiff's Opposition to Owen's Motion; and

- Defendant Jessica Owen's Reply in Support of Owen's Motion.

Based upon such review and consideration, the Court GRANTS both Cliber's Motion and Owen's Motion, and enters the following FINDINGS OF FACT and CONCLUSIONS OF LAW:

1.      Plaintiff has disregarded and failed to comply with this Court's Order Restricting Abusive Litigation of Kurt Benshoof (the "Abusive Litigation Order") (Dkt. 189) in his filing and attempted service of new claims and causes of action in Western District of Washington Case No. 2:23-cv-01392-JNW and Western District of Washington Case No. 2:23-cv-01829-JHC (now JNW) upon Defendants Nathan Cliber, Jessica Owen, and the other "Persons Covered by This Order" (as those persons are defined in the Abusive Litigation Order);

2.      Specifically, Plaintiff failed to file a contemporaneous motion for leave to proceed with his claims against Mr. Cliber, Jessica Owen and other Persons Covered by This Order (as those persons are defined in the Abusive Litigation Order) in both Case No. 2:23-cv-01392-JNW and Case No. 2:23-cv-01829-JHC, as required by the Abusive Litigation Order (at p. 6, ¶ 4);

3.      Plaintiff also failed to file a copy of the Abusive Litigation Order with the federal court in Case No. 2:23-cv-01829-JHC, as required by the Abusive Litigation Order (at p. 6, ¶ 5);

4.      In Case No. 2:23-cv-01392-JNW, Plaintiff did file a copy of the Abusive Litigation Order, but he did so by burying the order among 2,034 pages of exhibits to his complaint. Plaintiff filed a 184-page original complaint and later a 280-page amended complaint in Case No. 2:23-cv-01392-JNW. Plaintiff's 2,034-page exhibit filing occurred on September 26, 2023, seven calendar days after Plaintiff filed the original complaint. Within the 2,034 pages of exhibits, the Abusive Litigation Order can be found at Pages 563 through 571. Plaintiff buried the Abusive Litigation Order among numerous other exhibits to reduce the likelihood that the federal court would become aware of the order;

ORDER FINDING OF CONTEMPT AND
SANCTIONS AGAINST PLAINTIFF KURT BENSHOOF - 2

GORDON REES SCULLY
MANSUKHANI, LLP
Attorneys at Law
701 5th Avenue, Suite 2100
Seattle, Washington 98104
(206) 695-5100

**0390**

1

2    5.    Plaintiff is in contempt of court for violating the Abusive Litigation Order.

3    6.    The Abusive Litigation Order warned Mr. Benshoof that if he "fails to abide by the

terms this Order, any party may move, or the Court *sua sponte* may move, for a finding of contempt

4    and sanctions.  A contempt finding could result in the imposition of jail time as a sanction."

5    Abusive Litigation Order (p. 6, ¶ 6);

6    7.    The Abusive Litigation Order included the <u>Knight</u>[1] warnings as an attachment;

7    8.    The Abusive Litigation Order clearly and unequivocally states that the filing

8    restrictions in the order "apply to any and all future litigation Mr. Benshoof may attempt to bring"

9    against the protected persons.  Abusive Litigation Order, p. 5.  The order further states that Mr.

10   Benshoof is "**ENJOINED AND RESTRAINED**…from initiating any litigation whatsoever in

11   any Superior Court in the state of Washington… <u>unless</u> Mr. Benshoof first obtains advanced

12   approval from this Court" and that "If Mr. Benshoof seeks to commence a new action…in a court

13   *other than* a Superior Court, Mr. Benshoof must first bring a motion in the other court for leave to

14   proceed with the action."  Id., p. 5, ¶ 1 and p. 6, ¶ 4.  Although the Abusive Litigation Order is

15   clear and unambiguous, the Court now clarifies, as guidance for Mr. Benshoof, that terms like "any

16   and all future litigation" and "new action" in the Abusive Litigation Order include all claims,

17   counterclaims, crossclaims, third party actions, and any other claims whatsoever brought by Mr.

18   Benshoof in any court against the "Persons Covered by This Order" as defined in the Abusive

19   Litigation Order.

20   9.    Although the present Order does not include jail time as a sanction, any future

21   violation(s) of the Abusive Litigation Order by Mr. Benshoof could potentially result in jail time

22   as a remedial or punitive sanction.

23   ///

24   ///

25

26   _____
[1] *State ex rel. Schmitz v. Knight*, 142 Wn. App. 291, 174 P.3d 1198 (2007).
ORDER FINDING OF CONTEMPT AND
SANCTIONS AGAINST PLAINTIFF KURT BENSHOOF - 3

GORDON REES SCULLY
MANSUKHANI, LLP
Attorneys at Law
701 5th Avenue, Suite 2100
Seattle, Washington  98104
(206) 695-5100

**0391**

Based upon the above findings of fact and conclusions of law, the Court ORDERS the following sanctions:

A.      Mr. Benshoof is ordered to pay the attorneys' fees and costs incurred by Defendants in bringing their respective motions for finding of contempt and sanctions against Mr. Benshoof, including supporting filings, declarations, and replies.  Defendants shall submit their respective fee petitions to the Court within **14 days** of this Order.

B.      Mr. Benshoof shall pay the attorneys' fees and costs incurred by Mr. Cliber in bringing the Abusive Litigation Order to the attention of the federal court in Western District of Washington Case No. 2:23-cv-01392-JNW and Western District of Washington Case No. 2:23-cv-01829-JHC (now JNW).  Mr. Cliber shall submit his fee petition to the Court within **14 days** of this Order.

C.      The Abusive Litigation Order's expiration date is extended by one year, to **March 31, 2029**.

D.      Mr. Benshoof shall file the leave motion ("Leave Motion") required by the Abusive Litigation Order in both Western District of Washington Case No. 2:23-cv-01392-JNW and Western District of Washington Case No. 2:23-cv-01829-JHC (now JNW) as to any and all Persons Covered by This Order, excluding Mr. Cliber, and including Moshe Admon, Owen Hermsen, Magalie Lerman, Jessica Owen, and Blair Russ (collectively, "Other Named Defendants Covered by this Order").  Such motion ("Leave Motion") shall be captioned "Motion for Leave to Proceed Against Certain Parties in Accordance with the Order Restricting the Abusive Litigation of Kurt Benshoof" and shall conspicuously identify the Abusive Litigation Order in the statement of facts.  Plaintiff shall attach a copy of the Abusive Litigation Order as an exhibit to a separately filed supporting declaration, appendix, or addendum to the Leave Motion.

E.      Upon filing the Leave Motions, Mr. Benshoof shall file proof in this action of such filings in the federal court cases.  Absent obtaining leave to proceed against the Other Named

ORDER FINDING OF CONTEMPT AND
SANCTIONS AGAINST PLAINTIFF KURT BENSHOOF - 4

GORDON REES SCULLY
MANSUKHANI, LLP
Attorneys at Law
701 5th Avenue, Suite 2100
Seattle, Washington  98104
(206) 695-5100

**0392**

Defendants Covered by this Order, Mr. Benshoof shall refrain from taking any action in pursuit of his claims against those individuals including but not limited to, attempting effectuate service and seeking affirmative relief in any form. To the extent necessary to comply with an impending deadline, Mr. Benshoof may seek to extend that deadline to an extent necessary to accommodate a ruling on the Leave Motion.

      F.      **Beginning one calendar week from the entry of this Order, for each day Mr. Benshoof has failed to the file the Abusive Litigation Order's required leave motion in BOTH pending actions, or otherwise dismissed claims in those actions against the Other Named Defendants Covered by This Order, an ongoing remedial sanction shall be entered against him in the amount of $250 per day, per Other Defendant Covered by This Order**. Mr. Benshoof shall deposit such accrued amounts in the King County Superior Court Registry under this cause number and the Other Named Defendants may, at their option, apply for disbursement or seek to enter a judgment for any accrued amounts not so deposited.

      G.      For any further legal proceedings filed by Mr. Benshoof in violation of the Abusive Litigation Order, he shall be assessed, in addition to any other sanction which may be imposed, a per diem sanction of $250.00 per day per Person Covered by the Order named as a defendant in such action.

      DATED this 1st day of March, 2024.


_____
THE HONORABLE MARSHALL FERGUSON

ORDER FINDING OF CONTEMPT AND
SANCTIONS AGAINST PLAINTIFF KURT BENSHOOF - 5

GORDON REES SCULLY
MANSUKHANI, LLP
Attorneys at Law
701 5th Avenue, Suite 2100
Seattle, Washington 98104
(206) 695-5100

**0393**

King County Superior Court
Judicial Electronic Signature Page

Case Number:          22-2-15958-8
Case Title:           BENSHOOF VS CLIBER ET AL

Document Title:       ORDER  RE CONTEMPT SANCTIONS

Signed By:            Marshall Ferguson
Date:                 March 01, 2024

Judge：Marshall Ferguson

This document is signed in accordance with the provisions in GR 30.

Certificate Hash:              A4ABB09C7C1D81F742E845B69E1C4CD6FEAA5E8C
Certificate effective date:    7/17/2023 2:21:34 PM
Certificate expiry date:       7/17/2028 2:21:34 PM
Certificate Issued by:         C=US, E=kcscefiling@kingcounty.gov, OU=KCDJA,
                               O=KCDJA, CN="Marshall Ferguson:
                               8skMktsk7hG1yuM6zbJ6iw=="

0394