Hon. John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KURT A. BENSHOOF,
A.R.W. By and Through His Father,
KURT A. BENSHOOF,

                                    Plaintiffs,

                    v.

MARSHALL FERGUSON, *et al.*,

                                    Defendants.

No.  2:24-cv-00808-JHC

PLAINTIFFS' MOTION FOR LEAVE
TO FILE FIRST AMENDED
COMPLAINT AND COMPLY UNDER
THREAT AND DURESS WITH THE
ORDER RESTRICTING ABUSIVE
LITIGATION BY KURT BENSHOOF

NOTED ON MOTION CALENDAR:
January 24, 2025, 7(d)(2)

## I.    INTRODUCTION

Plaintiff Kurt Benshoof ("Benshoof") moves the Court with good cause for an

Order granting Plaintiff's Motion for Leave to file Plaintiffs' First Amended

Complaint, joining additional co-plaintiffs and co-defendants.  Benshoof brings this

motion under threat, duress, and coercion of the Order Restricting Abusive Litigation

by Kurt Benshoof ("ORAL") and Contempt Order granted by Judge Marshall

PLAINTIFFS' MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT
WAWD No. 2:24-cv-00808-JHC
Page 1 of 4

Kurt Benshoof, Co-Plaintiff
22701 42nd Place West
Mountlake Terrace, WA 98043
(425) 553-8112
kurtbenshoof@gmail.com

Ferguson in KCSC No 22-2-15958-8 SEA, Document Nos. 189; 319, attached hereto as Appendix A and B.

While the ORAL and Contempt Order were the result of perjury and fraud perpetrated by two perjuring prostitutes and their corrupt attorneys, and while Benshoof has good cause to believe that he is not legally obligated to comply with fraudulent orders, he does so to avoid the possibility of additional unlawful imprisonment.

## II.    SWORN STATEMENT OF FACTS

1.    Benshoof incorporates by reference as if fully restated herein the attached Plaintiffs' First Amended Complaint.

## III.    AUTHORITY

2.    The shocking injustices of the previous six months, which include Benshoof being subject to malicious prosecution in Seattle Municipal Court, in which Benshoof was denied the right to call witnesses on his behalf, denied the right to be present during *voi dire*, denied the right to be present during testimony by the prosecution's witnesses, and denied the right exculpatory evidence, evidence the need for Benshoof and his co-plaintiffs to file their First Amended Complaint to arrest the ongoing and egregious injustices.

3.    "[L}eave to amend pleadings should be granted — regardless of the length of time of delay by the moving party — absent a showing of bad faith by the

PLAINTIFFS' MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT
WAWD No. 2:24-cv-00808-JHC
Page 2 of 4

Kurt Benshoof, Co-Plaintiff
22701 42nd Place West
Mountlake Terrace, WA 98043
(425) 553-8112
kurtbenshoof@gmail.com

moving party or prejudice to the opposing party." *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981)

4.     "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 — to facilitate decision on the merits, rather than on the pleadings or technicalities. *See Conley v. Gibson,*355 U.S. 41, 47-48, 78 S.Ct. 99, 102-103, 2 L.Ed.2d 80 (1957). Accordingly, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality."*See Rosenberg Brothers Co. v. Arnold,*283 F.2d 406 (9th Cir. 1960) (per curiam)." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)

5.     "The Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a). F.R.Civ.P., by freely granting leave to amend when justice so requires. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *United States v. Hougham*, 364 U.S. 310, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960). The purpose of pleadings is "to facilitate a proper decision on the merits," *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), and not to erect formal and burdensome impediments in the litigation process. Unless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its complaint." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973)

6.     Benshoof also seeks leave of this Court, under threat, duress, and coercion of the Order Restricting Abusive Litigation by Kurt Benshoof ("ORAL") issued by King County Superior Court Judge Marshall Ferguson (KCSC No. 22-2-

PLAINTIFFS' MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT
WAWD No. 2:24-cv-00808-JHC
Page 3 of 4

Kurt Benshoof, Co-Plaintiff
22701 42nd Place West
Mountlake Terrace, WA 98043
(425) 553-8112
kurtbenshoof@gmail.com

15958-8 SEA; Document 189), attached hereto as Appendix A, and the Contempt Order, attached hereto as Appendix B.

7.     The ORAL was predicated upon the perjury and fraud of family attorney Nathan L. Cliber and the mother of Benshoof's minor son, Jessica R. Owen ("Owen"). Plaintiffs' First Amended Complaint provides newly discovered proof of Owen's perjury and fraud, which has been used knowingly and maliciously by CITY OF SEATTLE officials to retaliate against Benshoof under color of law.

## VERIFICATION

This motion contains 636 words in compliance with LCR 7(e)(1).  Plaintiff Kurt Benshoof does hereby declare that the foregoing is true and correct to the best of his knowledge under penalty of perjury under the laws of the United States.  Executed this 10TH day of January in the year 2025, in the city of Mountlake Terrace, in the county of Snohomish, in the state of Washington.

By: _____

Kurt Benshoof, Co-Plaintiff *Pro Se*
22701 42nd Place West
Mountlake Terrace, WA 98043
Phone: (425) 553-8112
Email: kurtbenshoof@gmail.com

PLAINTIFFS' MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT
WAWD No. 2:24-cv-00808-JHC
Page 4 of 4

Kurt Benshoof, Co-Plaintiff
22701 42nd Place West
Mountlake Terrace, WA 98043
(425) 553-8112
kurtbenshoof@gmail.com

# Appendix  **A**

1

2

3

4

5

6

7

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND OF THE COUNTY OF KING**

8

KURT BENSHOOF,

9
                                    Plaintiff,

10
v.

11
NATHAN CLIBER, JESSICA OWEN,
MAGALIE LERMAN, and OWEN
HERMSEN

12

13
                                    Defendants.

NO.  22-2-15958-8 SEA

**ORDER RESTRICTING ABUSIVE**
**LITIGATION OF KURT BENSHOOF**

14

15

16

17

18

19

20

21

22

23

   This Court has determined that Kurt Benshoof is a vexatious litigant, that he has engaged in an extensive pattern of abusive litigation and weaponization of the court system against Defendants, and that Defendants are entitled to entry of an order restricting Mr. Benshoof's ability to file abusive legal actions against them, their friends and family, and their respective counsel. *See* Dkt. #177 (Order Granting Defendants' Joint Motion for a Vexatious Litigant Order Against Plaintiff, And <u>Temporary</u> Order Restricting Abusive Litigation By Kurt Benshoof).  The Court incorporates that order by reference as if set forth fully herein and makes the following additional findings and final orders:

ORDER RESTRICTING ABUSIVE LITIGATION OF KURT
BENSHOOF - 1

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907


0380

## PRIOR ABUSIVE FILINGS BY MR. BENSHOOF

**King County Superior Court Cause No. 22-2-02932-3 SEA**

1. On March 1, 2022, Mr. Benshoof filed his first of several complaints against Ms. Owen arising from his claim that Ms. Owen had converted his Toyota FJ Cruiser, which was titled in Ms. Owen's name.

2. After Ms. Owen voluntarily transferred title to Plaintiff, that matter was dismissed.

3. However, and despite the vehicle being voluntarily transferred to him, Plaintiff continued to allege facts in this case (and others) regarding the vehicle.

**King County Superior Court Cause No. 22-2-03826-8 SEA**

1. On March 16, 2022, Plaintiff filed another complaint against Ms. Owen.

2. In that complaint, Mr. Benshoof alleged claims of constructive fraud and infliction of emotional distress relating to a previously shared residence (titled in Ms. Owen's name). Further, and similar to the allegations alleged in this matter, Mr. Benshoof claimed that Ms. Owen wrongfully filed police reports against him.

3. On June 24, 2022, Ms. Owen filed a motion to dismiss Mr. Benshoof's claims in that lawsuit pursuant to CR 12(c). Judge Robertson granted Ms. Owen's motion on July 22, 2022, and his claims were dismissed with prejudice. Judge Robertson determined Mr. Benshoof's claims were either time-barred or failed to state a claim upon which relief could be granted.

4. As to the claims concerning Ms. Owen's communications with law enforcement, those were dismissed because they did not remotely rise to anything close to a viable cause of action.

ORDER RESTRICTING ABUSIVE LITIGATION OF KURT
BENSHOOF - 2

**0381**

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

5.      Additionally, Judge Robertson's order admonished Mr. Benshoof's filings as follows:

> Plaintiff improperly attempt[ed] to "amend" the complaint via a filing of an "amended" complaint coupled with what purports to be criminal allegations. These items were all filed on 7/15/22 without leave of this court. Plaintiff failed to comply with CR 15 to permit an amendment of the complaint. However, *even if* this amended complaint were to be considered, it falls under the same merits as above [time-barred & failure to state a claim upon which relief can be granted].

> Plaintiff's Response to this motion was improper and untimely, and Plaintiff failed to follow local rules regarding service of working copies to the Court. However, the response was given consideration by this Court as if it were filed timely. In this Response, Plaintiff failed to provide any legal basis to deny Defendant's motion [to dismiss].

**King County Superior Court Case No. 22-2-1112-7 SEA**

1.      On July 18, 2022, Mr. Benshoof filed an 85-page Petition for Writ of Habeas Corpus and named Mr. Cliber, Judge David Keenan, Commissioner Jason Holloway, Ms. Owen, Ms. Lerman, and one other individual as Respondents. The writ was denied three days after it was filed and the case was dismissed.

**King County District Court Cause No. 22CIV11976KCX**

1.      On August 2, 2022, Mr. Benshoof attempted to obtain an anti-harassment protection order against Mr. Cliber based on Mr. Cliber's representation of Ms. Owen in the Parentage Action. The court denied Mr. Benshoof's request.

**U.S District Court for the Western District of Washington Cause No. 2:22-cv-01281-LK and King County Superior Court Cause No. 22-2-15745-3 SEA**

1.      Following Judge Robertson's dismissal of his claims, Mr. Benshoof filed two other complaints against Ms. Owen on September 9, 2022, and September 29, 2022, respectively.

ORDER RESTRICTING ABUSIVE LITIGATION OF KURT
BENSHOOF - 3



TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

**0382**

1    2.    In the first of these two actions (the "Federal Action"), Mr. Benshoof filed a

2 litany of allegations against dozens of people, including all named Defendants here and multiple

3 sitting King County Superior Court Judges.

4    3.    On September 26, 2022, Judge Lauren King dismissed Mr. Benshoof's nearly

5 300-page complaint *sua sponte*.

6    4.    Three days later, Mr. Benshoof filed another action which was nothing short of

7 a re-filing on the exact same claims previously dismissed by Judge Robertson (King Co. Sup.

8 Ct. No. 22-2-15745-3).

9    **King County Superior Court Cause No. 22-2-15958-8 SEA (this case)**

10    1.    On October 3, 2022, Mr. Benshoof filed the present action.  When Ms. Owen

11 sought to consolidate this matter with the other matter assigned to Judge Robertson, Mr.

12 Benshoof filed an affidavit of prejudice.  This was a concerted effort to circumvent the prior

13 orders of the Superior Court.

14    2.    This case marked the fifth civil complaint filed by Mr. Benshoof against Ms.

15 Owen in a nine-month period.  In this action, Mr. Benshoof cited to the above-mentioned,

16 previously adjudicated matters, King County Superior Court Cause Nos. 21-5-00680-6 SEA

17 and 21-2-11149-8 SEA, alleging, among other things, "Defendants Cliber and Owen illegally

18 or improperly perverted the King County Family Court system against Plaintiff."

19    3.    When Ms. Owen and Mr. Cliber availed themselves of the protections found in

20 Ch. 4.105 RCW, Mr. Benshoof responded by threatening to file yet more litigation against the

21 same parties arising out of the same "facts".

22    4.    On March 17, 2023, this Court dismissed the one remaining claim asserted by

23 Mr. Benshoof after having previously dismissed all other claims.

ORDER RESTRICTING ABUSIVE LITIGATION OF KURT
BENSHOOF - 4

**0383**

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1048
P/ 206.621.1871  F/ 206.621.9907

1    Based on the factual findings above, this Court concludes that Mr. Benshoof has

2  engaged in an extensive pattern of abusive litigation and weaponization of the court system

3  against these defendants, their friends and family, and their attorneys.  This pattern of abusive

4  litigation has taken a significant emotional and financial burden on the defendants.

5  Accordingly, the Court imposes the following filing restrictions against Mr. Benshoof.

6                                    **FILING RESTRICTIONS**

7        Based on the pattern of abusive litigation detailed above, the court enters the following

8  filing restrictions which will apply to any and all future litigation Mr. Benshoof may attempt

9  to bring.  These restrictions shall be in effect for five (5) years from the date of the entry of

10  this order.

11        1.        Kurt Benshoof is hereby **ENJOINED AND RESTRAINED**, in both an

12  individual and in any representative capacity, from initiating any litigation whatsoever in any

13  Superior Court in the state of Washington against Defendants, their attorneys, their friends

14  and family, or any other person related or connected to Defendants (collectively, "Persons

15  Covered by This Order"), <u>unless</u> Mr. Benshoof first obtains advanced approval from this

16  Court.

17        2.        To obtain advance approval from this Court, Mr. Benshoof shall submit an

18  application to the undersigned Judge/Department 31 in the form of a one-page document, in

19  twelve-point type, that provides a summary of the parties involved and the proposed claims

20  or issues.[1]   The proposed complaint/petition shall be attached to the summary.  No other

21

22

23  ---
[1] Mr. Benshoof shall submit the application by filing it under the current case caption, King County Superior Court Case No. 22-2-15958-8 SEA, with copies served via e-mail on all parties and counsel of record.

ORDER RESTRICTING ABUSIVE LITIGATION OF KURT
BENSHOOF - 5

**0384**

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3650,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9807

1  exhibits or attachments may be included. The Court may, at its discretion, request a response

2  from Persons Covered by This Order before ruling on Mr. Benshoof's application.

3      3.      Any new case against Persons Covered by This Order filed by Mr. Benshoof

4  with Court approval in King County Superior Court shall be assigned to the undersigned

5  judge/Department 31.

6      4.      If Mr. Benshoof seeks to commence a new action against Persons Covered by

7  This Order in a court *other than* a Superior Court, Mr. Benshoof must first bring a motion in

8  the other court for leave to proceed with the action.  The motion must be filed

9  contemporaneous to the filing of the complaint or petition.  The motion for leave must

10  demonstrate that good cause exists to permit the action to proceed given the claims raised in

11  the new complaint and Mr. Benshoof's past litigation abuses.  If the reviewing court finds

12  good cause has not been show for the action to proceed, it may dismiss the action with

13  prejudice.  If the reviewing court determines that sanctions are warranted, it may impose

14  sanctions at the same time the action is dismissed. Mr. Benshoof shall have an opportunity to

15  explain in writing why sanctions should not be imposed in a post-dismissal motion for

16  reconsideration within ten (10) days of the dismissal.

17      5.      Mr. Benshoof shall submit a copy of this Order with any future lawsuit he files

18  or attempts to file in <u>any</u> court, including (but not limited to) any federal court.

19      6.      If Mr. Benshoof fails to abide by the terms of this Order, any party may move,

20  or the Court *sua sponte* may move, for a finding of contempt and sanctions.  A contempt

21  finding could result in the imposition of jail time as a sanction. The Court has attached the

22  <u>Knight</u> warnings to this Order.

23

ORDER RESTRICTING ABUSIVE LITIGATION OF KURT
BENSHOOF - 6

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1049
P/ 205.621.1871  F/ 206.621.9907

**0385**

1       DONE this 31st day of March, 2023.

2

3                                                    The Hon. Marshall Ferguson

4    Presented by:

5    GORDON REES SCULLY MANSUKHANI, LLP

6    By: /s/ Kyle J. Rekofke
     Kyle J. Rekofke, WSBA #49327
7    Attorney for Defendant Nathan Cliber

8

9    TOMLINSON BOMSZTYK RUSS

     By: _____
10   Anthony S. Marinella, WSBA #55611
     Attorney for Defendant Jessica Owen
11

12

13   ADMON LAW FIRM , PLLC

     By: ___/s/ Moshe Y. Admon_____
14   Moshe Y. Admon
     Attorney for Defendants Lerman and Hermsen
15

16

17

18

19

20

21

22

23

ORDER RESTRICTING ABUSIVE LITIGATION OF KURT
BENSHOOF - 7

TOMLINSON
BOMSZTYK
RUSS

1008 Second Avenue, Suite 3500,
Seattle, Washington 98104-1049
P/ 206.621.1871   F/ 206.621.9907

**0386**

# CONTEMPT "KNIGHT" WARNING

1. If this court finds you in contempt of court, jail time is an immediate possibility. Consequently, you have a right to counsel.

2. You may hire private counsel at your own expense, but the court is referring you to the Department of Public Defense (formerly the Office of Public Defense) where an attorney will be provided if you cannot afford to hire private counsel. It is your responsibility to contact the Department of Public Defense for screening. You are being provided with the contact information for the Department of Public Defense with this notice.

3. If you do not contact the Department of Public Defense or hire private counsel, your conduct will be deemed dilatory, which means you have failed to follow through on your obligation. As a consequence, the court can find that you have forfeited your right to an attorney.

4. If you are found to have forfeited your right to an attorney, the court will require you to proceed in the matter without representation by counsel. Without an attorney, you risk failing to assert defenses to contempt or effectively explaining to the court why you should not be held in contempt. Without an attorney you also may miss an opportunity to present information that could mitigate or make less severe any sanctions imposed if you are found to be in contempt. Given that I have advised you that a possible sanction for contempt is jail, I urge you seek counsel now.

King County Superior Court

**0387**

**King County**

**Department of**
**PUBLIC DEFENSE**
*Upholding the Constitution,*
*one client at a time.*

**Important notice to defendants accused**
**of a crime or involved in a dependency action**

If you cannot afford a lawyer, you must be screened and determined eligible for a public
defender. There are two ways to be interviewed:
1. **Call the King County Department of Public Defense (DPD) at (206) 477-9727**
*Monday through Friday from 8 a.m. to 5 p.m.*

2. **Report in person to a DPD screening office:**
**King County Courthouse, 516 3rd Ave, Room E-820, Seattle**
*Mondays and Wednesdays from 8 a.m. to 5 p.m.*

**Maleng Regional Justice Center, 401 4th Ave North, Kent, WA 98032**
**Room 1-B**
*Tuesdays and Wednesdays from 8 a.m. to 5 p.m.*
You can also email DPDScreening@kingcounty.gov to have a DPD screener contact you.

You will likely have a better outcome if you discuss your case with your attorney as soon as
possible. To see if you qualify for a public defender, contact DPD immediately. Even if an
attorney was originally assigned to you while you were in custody, you must still call DPD
upon release to see if you continue to qualify. SCREEN EARLY! DON'T WAIT!

**Aviso importante a los acusados, acusado de un delito o**
**involucrados en un caso de dependencia**
Si usted no puede pagar a un abogado, debe ser entrevistado y
determinado elegible para tener un defensor público. Hay dos
maneras para hacer la entrevista:

**King County**

**Department of**
**PUBLIC DEFENSE**
*Upholding the Constitution,*
*one client at a time.*

1. Llame el Departamento del Condado de King de los
Defensores Publicos (DPD) en (206) 477-9727 en el lunes al viernes desde a las 8:00 AM
– 5:00 PM
2. Aparecer en persona a la Oficina de Defensores Publicos a:
King County Courthouse, 516 3rd Ave, Seattle, WA 98104
**Los lunes y miercoles entre los horarios 8:00 AM – 5:00 PM**
Maleng Regional Justice Center, 401 4th Ave North, Kent, WA 98032
Sala 1-B
**Los martes y miercoles entre los horarios 8:00 AM – 5:00 PM**

Usted podria tener los mejores resultados si puede discutir sobre su caso con su abogado lo
mas pronto que sea posible. Para averiguar si usted califique por tener un defensor publico,
debe comunicarse con DPD inmediatamente aunque ha tenido un defensor publico mientras
usted estaba encarcelado, aun debe comunicarse con DPD cuando salga de la carcel para
averiguar si sigue ser elegible. Haga su entrevista pronto.
Usted tambien puede mandar un email a DPDScreening@kingcounty.gov para comunicarse con
uno de los entrevistadores.

King County Superior Court

**0388**

# Appendix **B**

FILED

2024 MAR 01 02:30 PM    The Honorable Marshall Ferguson
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 22-2-15958-8 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

KURT BENSHOOF,

               Plaintiff,

    v.

NATHAN CLIBER, JESSICA OWEN and
MAGALIE LERMAN,

               Defendants.

Case No. 22-2-15958-8 SEA

**ORDER FINDING OF CONTEMPT
AND IMPOSING SANCTIONS
AGAINST PLAINTIFF KURT
BENSHOOF**

This matter comes before the Court on Defendant Nathan Cliber's Motion for Finding of
Contempt and Sanctions Against Plaintiff Kurt Benshoof ("Cliber's Motion"), Defendant Jessica
Owen's Motion for Finding and Contempt and Sanctions Against Plaintiff Kurt Benshoof
("Owen's Motion").  The Court considered the arguments of the parties, the documents and
pleadings on file herein, including the following:

- Cliber's Motion;

- The Declaration of Sarah N. Turner in Support of Cliber's Motion;

- Plaintiff's Opposition to Cliber's Motion;

- Defendant Nathan Cliber's Reply in Support of Cliber's Motion;

- Owen's Motion;

- The Declaration of Jessica Owen in Support of Owen's Motion;

- The Declaration of Paige Gagliardi in Support of Owen's Motion;

ORDER FINDING OF CONTEMPT AND IMPOSING
SANCTIONS AGAINST PLAINTIFF KURT BENSHOOF - 1

GORDON REES SCULLY
MANSUKHANI, LLP
Attorneys at Law
701 5th Avenue, Suite 2100
Seattle, Washington  98104
(206) 695-5100

**0389**

- The Declaration of Moshe Y. Admon in Support of Cliber's and Owen's Motions;

- Plaintiff's Opposition to Owen's Motion; and

- Defendant Jessica Owen's Reply in Support of Owen's Motion.

Based upon such review and consideration, the Court GRANTS both Cliber's Motion and Owen's Motion, and enters the following FINDINGS OF FACT and CONCLUSIONS OF LAW:

1. Plaintiff has disregarded and failed to comply with this Court's Order Restricting Abusive Litigation of Kurt Benshoof (the "Abusive Litigation Order") (Dkt. 189) in his filing and attempted service of new claims and causes of action in Western District of Washington Case No. 2:23-cv-01392-JNW and Western District of Washington Case No. 2:23-cv-01829-JHC (now JNW) upon Defendants Nathan Cliber, Jessica Owen, and the other "Persons Covered by This Order" (as those persons are defined in the Abusive Litigation Order);

2. Specifically, Plaintiff failed to file a contemporaneous motion for leave to proceed with his claims against Mr. Cliber, Jessica Owen and other Persons Covered by This Order (as those persons are defined in the Abusive Litigation Order) in both Case No. 2:23-cv-01392-JNW and Case No. 2:23-cv-01829-JHC, as required by the Abusive Litigation Order (at p. 6, ¶ 4);

3. Plaintiff also failed to file a copy of the Abusive Litigation Order with the federal court in Case No. 2:23-cv-01829-JHC, as required by the Abusive Litigation Order (at p. 6, ¶ 5);

4. In Case No. 2:23-cv-01392-JNW, Plaintiff did file a copy of the Abusive Litigation Order, but he did so by burying the order among 2,034 pages of exhibits to his complaint. Plaintiff filed a 184-page original complaint and later a 280-page amended complaint in Case No. 2:23-cv-01392-JNW. Plaintiff's 2,034-page exhibit filing occurred on September 26, 2023, seven calendar days after Plaintiff filed the original complaint. Within the 2,034 pages of exhibits, the Abusive Litigation Order can be found at Pages 563 through 571. Plaintiff buried the Abusive Litigation Order among numerous other exhibits to reduce the likelihood that the federal court would become aware of the order;

ORDER FINDING OF CONTEMPT AND
SANCTIONS AGAINST PLAINTIFF KURT BENSHOOF - 2

GORDON REES SCULLY
MANSUKHANI, LLP
Attorneys at Law
701 5th Avenue, Suite 2100
Seattle, Washington 98104
(206) 695-5100

**0390**

5.      Plaintiff is in contempt of court for violating the Abusive Litigation Order.

6.      The Abusive Litigation Order warned Mr. Benshoof that if he "fails to abide by the terms this Order, any party may move, or the Court *sua sponte* may move, for a finding of contempt and sanctions.  A contempt finding could result in the imposition of jail time as a sanction." Abusive Litigation Order (p. 6, ¶ 6);

7.      The Abusive Litigation Order included the <u>Knight</u>[1] warnings as an attachment;

8.      The Abusive Litigation Order clearly and unequivocally states that the filing restrictions in the order "apply to any and all future litigation Mr. Benshoof may attempt to bring" against the protected persons.  Abusive Litigation Order, p. 5.  The order further states that Mr. Benshoof is "**ENJOINED AND RESTRAINED**…from initiating any litigation whatsoever in any Superior Court in the state of Washington… <u>unless</u> Mr. Benshoof first obtains advanced approval from this Court" and that "If Mr. Benshoof seeks to commence a new action…in a court *other than* a Superior Court, Mr. Benshoof must first bring a motion in the other court for leave to proceed with the action."  Id., p. 5, ¶ 1 and p. 6, ¶ 4.  Although the Abusive Litigation Order is clear and unambiguous, the Court now clarifies, as guidance for Mr. Benshoof, that terms like "any and all future litigation" and "new action" in the Abusive Litigation Order include all claims, counterclaims, crossclaims, third party actions, and any other claims whatsoever brought by Mr. Benshoof in any court against the "Persons Covered by This Order" as defined in the Abusive Litigation Order.

9.      Although the present Order does not include jail time as a sanction, any future violation(s) of the Abusive Litigation Order by Mr. Benshoof could potentially result in jail time as a remedial or punitive sanction.

///

///

---

[1] *State ex rel. Schmitz v. Knight*, 142 Wn. App. 291, 174 P.3d 1198 (2007).

ORDER FINDING OF CONTEMPT AND
SANCTIONS AGAINST PLAINTIFF KURT BENSHOOF - 3

GORDON REES SCULLY
MANSUKHANI, LLP
Attorneys at Law
701 5th Avenue, Suite 2100
Seattle, Washington 98104
(206) 695-5100

Based upon the above findings of fact and conclusions of law, the Court ORDERS the following sanctions:

A.      Mr. Benshoof is ordered to pay the attorneys' fees and costs incurred by Defendants in bringing their respective motions for finding of contempt and sanctions against Mr. Benshoof, including supporting filings, declarations, and replies.  Defendants shall submit their respective fee petitions to the Court within **14 days** of this Order.

B.      Mr. Benshoof shall pay the attorneys' fees and costs incurred by Mr. Cliber in bringing the Abusive Litigation Order to the attention of the federal court in Western District of Washington Case No. 2:23-cv-01392-JNW and Western District of Washington Case No. 2:23-cv-01829-JHC (now JNW).  Mr. Cliber shall submit his fee petition to the Court within **14 days** of this Order.

C.      The Abusive Litigation Order's expiration date is extended by one year, to **March 31, 2029**.

D.      Mr. Benshoof shall file the leave motion ("Leave Motion") required by the Abusive Litigation Order in both Western District of Washington Case No. 2:23-cv-01392-JNW and Western District of Washington Case No. 2:23-cv-01829-JHC (now JNW) as to any and all Persons Covered by This Order, excluding Mr. Cliber, and including Moshe Admon, Owen Hermsen, Magalie Lerman, Jessica Owen, and Blair Russ (collectively, "Other Named Defendants Covered by this Order").  Such motion ("Leave Motion") shall be captioned "Motion for Leave to Proceed Against Certain Parties in Accordance with the Order Restricting the Abusive Litigation of Kurt Benshoof" and shall conspicuously identify the Abusive Litigation Order in the statement of facts.  Plaintiff shall attach a copy of the Abusive Litigation Order as an exhibit to a separately filed supporting declaration, appendix, or addendum to the Leave Motion.

E.      Upon filing the Leave Motions, Mr. Benshoof shall file proof in this action of such filings in the federal court cases.  Absent obtaining leave to proceed against the Other Named

ORDER FINDING OF CONTEMPT AND
SANCTIONS AGAINST PLAINTIFF KURT BENSHOOF - 4

GORDON REES SCULLY
MANSUKHANI, LLP
Attorneys at Law
701 5th Avenue, Suite 2100
Seattle, Washington 98104
(206) 695-5100

**0392**

Defendants Covered by this Order, Mr. Benshoof shall refrain from taking any action in pursuit of his claims against those individuals including but not limited to, attempting effectuate service and seeking affirmative relief in any form.   To the extent necessary to comply with an impending deadline, Mr. Benshoof may seek to extend that deadline to an extent necessary to accommodate a ruling on the Leave Motion.

F.    **Beginning one calendar week from the entry of this Order, for each day Mr. Benshoof has failed to the file the Abusive Litigation Order's required leave motion in BOTH pending actions, or otherwise dismissed claims in those actions against the Other Named Defendants Covered by This Order, an ongoing remedial sanction shall be entered against him in the amount of $250 per day, per Other  Defendant Covered by This Order**.   Mr. Benshoof shall deposit such accrued amounts in the King County Superior Court Registry under this cause number and the Other Named Defendants may, at their option, apply for disbursement or seek to enter a judgment for any accrued amounts not so deposited.

G.    For any further legal proceedings filed by Mr. Benshoof in violation of the Abusive Litigation Order, he shall be assessed, in addition to any other sanction which may be imposed, a per diem sanction of $250.00 per day per Person Covered by the Order named as a defendant in such action.

DATED this 1st day of March, 2024.


_____
THE HONORABLE MARSHALL FERGUSON

ORDER FINDING OF CONTEMPT AND
SANCTIONS AGAINST PLAINTIFF KURT BENSHOOF - 5

GORDON REES SCULLY
MANSUKHANI, LLP
Attorneys at Law
701 5th Avenue, Suite 2100
Seattle, Washington  98104
(206) 695-5100

**0393**

King County Superior Court
Judicial Electronic Signature Page

Case Number:          22-2-15958-8
Case Title:           BENSHOOF VS CLIBER ET AL

Document Title:       ORDER  RE CONTEMPT SANCTIONS

Signed By:            Marshall Ferguson
Date:                 March 01, 2024

_____

Judge：Marshall Ferguson

This document is signed in accordance with the provisions in GR 30.

Certificate Hash:            A4ABB09C7C1D81F742E845B69E1C4CD6FEAA5E8C
Certificate effective date:  7/17/2023 2:21:34 PM
Certificate expiry date:     7/17/2028 2:21:34 PM
Certificate Issued by:       C=US, E=kcscefiling@kingcounty.gov, OU=KCDJA,
                             O=KCDJA, CN="Marshall Ferguson:
                             8skMktsk7hG1yuM6zbJ6iw=="