# Appendix **B**

No. 24-5188

---

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

*In re* Mr. KURT A. BENSHOOF,

*Petitioner-Appellant,*

v.

U.S. DISTRICT COURT FOR THE WESTERN
DISTRICT OF WASHINGTON, SEATTLE,

*Respondent,*

SEATTLE SCHOOL DISTRICT NO.1, *et al.,*

*Real Parties in Interest.*

---

## CIRCUIT RULE 27-3 EMERGENCY MOTION FOR
## PEREMPTORY WRIT OF INJUNCTION

---

*In re* WRIT OF HABEAS CORPUS
From United States Court for
The Western District of Washington

---

Kurt A. Benshoof, *pro se*
22701 42nd Place West
Mountlake Terrace, WA 98043
Phone: (425) 553-8112
kurtbenshoof@gmail.com

## RELIEF SOUGHT

Appellant Kurt Benshoof ("Benshoof") respectfully requests that the Court mandate that District Court forthwith adjudicate Benshoof's Amended Petition for Writ of Habeas Corpus. Benshoof has been unlawfully imprisoned for more than five months, yet for the previous five months District Court has refused to: (1) forthwith award the writ; (2) issue an order directing the Warden to show cause why the writ should not be granted; or (3) dismiss the petition if it appears from the application that Benshoof is not entitled thereto, pursuant to 28 U.S.C. § 2243.

## ISSUES PRESENTED

Beginning in 2020, City of Seattle ("City") and King County ("County") officials retaliated in joint action with privates businesses against Benshoof because his religious beliefs proscribed him from being coerced to wear a face mask, and because Benshoof opposed having his (then) eleven-year-old son subjected to an ongoing Pfizer clinical trial for a gene therapy which was neither "safe" nor "effective" nor a "vaccine" pursuant to RCW 70.290.010(10). Despite retaliatory and malicious prosecutions in violation of the Civil Rights Act of 1964, Benshoof's beliefs

1

remained firmly held.  When Benshoof sought redress of his grievances, the retaliation increased.  City and County officials acted in concert to render criminal assistance to the perjuring prostitutes who kidnapped Benshoof's son, stole his car, and conspired to indefinitely imprison him under color of law ***for texting his own son.***

Unfortunately, the custom and widespread practice of Respondent has been to first gaslight the violations of Benshoof's rights by tautologically claiming federal domestic relations exception, despite no evidence before any court of: (1) family court jurisdiction; nor (2) "domestic relations" pursuant to RCW Title 26.  Similarly, Respondent asserted *Younger* abstention, claiming that the City had a compelling local interest in maliciously prosecuting Benshoof, despite no evidence that Seattle Municipal Court had obtained personal jurisdiction over Benshoof pursuant to RCW 35.20.270(1), nor was statutorily authorized to claim subject matter jurisdiction pursuant to RCW 7.105.050(1)(a)(d). When the gaslighting could not plausibly be supported by either facts or law, Respondent resorted to administrative nonfeasance: refusing adjudicate Benshoof's habeas petition for ***five months and counting.***

The questions presented are:

1.    Whether Respondent must be ordered to forthwith comply with 28 U.S.C. §2243, which states, "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."

2. Whether Respondent's refusal to comply with the statutory requirements of 28 U.S.C. §2243, *supra,* constitutes *administrative* nonfeasance, contradistinguished from a discretionary *judicial* act.

## PARTIES

Appellant Kurt A. Benshoof ("Benshoof") is reverend of a humble home church. Benshoof was petitioner in the Supreme Court of the United States, was appellant in the Ninth Circuit Court of Appeals, was petitioner and is co-plaintiff in the United States District Court for the Western District of Washington, was petitioner in the Washington State Supreme Court, is appellant in the Washington State Court of Appeals, was plaintiff in King County Superior Court, and was defendant in

Seattle Municipal Court.

Respondent U.S. District Court was respondent in the Ninth Circuit Court of Appeals, Nos. 24-1958; 24-3053.

## JURISDICTION

Pursuant to FRAP 8(a)(2) and U.S.C. § 1651 the Court has jurisdiction to grant Benshoof injunctive relief.

Pursuant to 28 U.S.C. § 1291 this Court has jurisdiction to adjudicate federal questions involving constitutional violations of Benshoof's rights.

Pursuant to 28 U.S.C. § 1292 this Court has jurisdiction to adjudicate an interlocutory injunctive order directly related to the appealable issues in the instant case.

# Table of Contents

PARTIES ................................................................................................ 3

JURISDICTION .................................................................................... 4

TABLE OF AUTHORITIES .................................................................. 6

STATEMENT OF THE CASE ............................................................... 9

  A. BACKGROUND – UNLAWFUL IMPRISONMENT ............................. 9
  B. WASH. CONST. ART I § 13 SUSPENDED ...................................... 10
  C. U.S. CONST. ART. I § 9 CL. 2 SUSPENDED .................................. 11
    1)  *9th Circuit No. 24-4394* ........................................................ 11
    2)  *District Court Habeas Petitions* ........................................ 12
  D. MOVING IN DISTRICT COURT IMPRACTICABLE ........................ 13

REASONS INJUNCTION SHOULD ISSUE ................................... 13

I.    BENSHOOF WILL EVENTUALLY PREVAIL ON MERITS ................. 14

  A.   PRIMA FACIA CASE ................................................................. 14
  B.   SUPREMACY CLAUSE ............................................................... 14
  C.   EQUITABLE RIGHT – 42 U.S.C. § 1983 .................................. 15

II.   BENSHOOF SUFFERING IRREPARABLE HARM ........................... 16

  A.   FIRST AMENDMENT VIOLATIONS .......................................... 17
  B.   DUE PROCESS VIOLATIONS UNDENIABLE .............................. 18

III.  INJURY TO BENSHOOF OUTWEIGHS RISK TO RESPONDENT ... 19

IV.  INJUNCTION NOT ADVERSE TO PUBLIC INTEREST ................... 22

V.   THE EQUITIES ENTIRELY FAVOR INJUNCTIVE RELIEF ............. 24

# TABLE OF AUTHORITIES

## Cases

*Baird v. Bonta,*
    81 F.4th 1036 (9th Cir. 2023) ................................................................. 20

*Carey v. Piphus,*
    435 U.S. 247 (1978)) ............................................................................ 18

*Citizens for Responsible Energy, Inc. v. NRC,*
    479 U.S. 1312 (1986) .......................................................................... 12

*Elrod v. Burns,*
    427 U.S. 347 (1976) ...................................................................... 16, 20

*Erickson v. Pardus,*
    551 U.S. 89 (2007) ............................................................................. 14

*Ex Parte Young,*
    209 U.S. 123 (1908) ........................................................................... 16

*Fellowship of Christian Athletes v. San Jose Sch. Dist. et al.,*
    No. 22-15827 (9th Cir. 2023) ........................................................ 17, 21

*First Pentecostal Church v. City of Holly Springs,*
    959 F.3d 669 (5th Cir. 2020) .............................................................. 18

*Fulton v. City of Philadelphia,*
    141 S.Ct. 1868 (2021) ................................................................... 17, 15

*Gomez v. Toledo,*
    446 U.S. 635 (1980) ........................................................................... 14

*Gonzoales v. O Centro Espirita Beneficente Uniao do Vegetal,*
    546 U.S. 418 (2006) ........................................................................... 14

*Harris v. Roderick,*
    126 F.3d 1189, 1199 (9th Cir. 1997) .................................................. 19

*Little Sisters of the Poor Home v. Sebelius,*
    571 US 1171 (2014) ............................................................................ 14

*Mirabelli v. Olson,*
    2:23-cv-00768-BEN-WVG (S.D. Cal. Sep. 14, 2023) ..................................... 21

*Mitchum v. Foster,*
    407 U.S. 225 (1972) ............................................................................. 15, 23

*New York Times Co. v. United States,*
    403 U.S. 713 (1971) ...................................................................................... 16

*Niken v. Holder,*
    556 U.S. 418 (2009) ...................................................................................... 21

*Ohio Citizens for Responsible Energy, Inc. v. NRC,*
    479 U.S. 1312 (1986) .................................................................................... 13

*Parratt v. Taylor,*
    451 U.S. 527 (1981) ...................................................................................... 14

*Puerto Rico Aqueduct Sewer Auth. v. Metcalf Eddy,*
    506 U.S. 139 (1993) ...................................................................................... 16

*Riley's Am. Heritage Farms v. Elsasser,*
    32 F.4th 707 (9th Cir. 2022) ........................................................................ 21

*Scheuer v. Rhodes,*
    416 U.S. 232 (1974) ...................................................................................... 14

*Thomas v. Review Bd. of Ind. Employment Security Div.,*
    450 U.S. 707 (1981) ...................................................................................... 18

*West Virginia State Board of Education. v. Barnette,*
    319 U.S. 624 (1943) ...................................................................................... 17

## Constitutional Provisions

United States Constitution
    Art. I, § 9 Cl. 2 ............................................................................................. 20

United States Constitution
    Art. VI, Para. 2 ............................................................................................. 14

United States Constitution
    First Amendment ................................................................................. *passim*

United States Constitution
    Fourteenth Amendment ............................................................ *passim*

Washington State Constitution
    Art I, § 13 ................................................................................ *passim*

Washington State Constitution
    Art IV, § 4 ............................................................................... *passim*

Washington State Constitution
    Art IV, § 6 ............................................................................... *passim*

## Federal Codes & Rules

United States Code, Title 28 § 1651 ........................................... 13

United States Code, Title 28 § 2243 ........................................... 18

## STATEMENT OF THE CASE

Benshoof's incorporates by reference as if fully restated herein his Amended Petition for Writ of Habeas Corpus ("Amended Habeas"), attached hereto as an exhibit for the Court's reference. (WAWD No. 2:24-cv-1110-JNW; Dkt. #23)

The perjury, fraud, kidnapping, and the rendering of criminal assistance by Counterclaim Defendants-Appellees, which was detailed in Benshoof's Amended Counterclaim (WAWD No. 2:23-cv-1829; Dkt. #32), was a direct and proximate cause of Benshoof's ongoing unlawful imprisonment for the previous five months.

## A.  Background – Unlawful Imprisonment

After years of escalating discrimination and retaliation against Benshoof for the exercise of his religious beliefs and his forthright attempts to expose systemic corruption, thirty-five (35) Seattle police and SWAT and the King County Guardian One helicopter stormed Benshoof's home church with a facially invalid search warrant (Amended Habeas ¶¶60-89; 237-269) in a dawn raid on July 3, 2024.  It was a concerted attempt to silence Benshoof by indefinitely imprisoning him and preventing him from litigating any of his state and federal lawsuits.

After spending nearly five months in jail, the last three weeks of which were in solitary confinement where Benshoof was eventually denied access to even use a telephone, members of Benshoof's church freed Benshoof by posting the $420,000 bail. (Amended Habeas ¶122)

Finally able to write and file his own documents, Benshoof composed a 145 page Amended Petition for Writ of Habeas Corpus, filed on December 16, 2024. (WAWD No. 2:24-cv-1110-JNW; Dkt. #23) along with 640 pages of exhaustively cited exhibits. (*Id.,* Dkt. #23-1)

## B. Wash. Const. art I § 13 Suspended

Benshoof and his next friends repeatedly sought habeas relief in every level of state court. The King County Superior Court Clerk simply refused to docket one habeas petition, in violation of Wash. Const. art. I § 13 and art. IV § 6. (Amended Habeas ¶421) Incredulously, King County Superior Court Judge Suzanne Parisien claimed that Benshoof's next friends did not have the right to file a habeas petition on Benshoof's behalf while Benshoof was being imprisoned without paper, envelopes or postage, despite the Washington Constitution expressly stating otherwise. (Amended Habeas ¶203)

The Washington State Supreme Court Clerk effectively suspended Wash. Const. art. I § 13 and art. IV § 4 by converting the habeas petitions into "Personal Restraint Petitions." (Amended Habeas ¶¶205-206)   The Clerk pretended that the habeas petitions were brought under the court's *appellate* jurisdiction, as opposed to the court's *original* jurisdiction to challenge Benshoof's pre-trial detention.   Through this ruse, Benshoof was brought to trial before any Washington court would consider the unlawful pre-trial restraints upon his liberty.

## C.  U.S. Const. art. I § 9 Cl. 2 Suspended

### 1) *9th Circuit No. 24-4394*

After Benshoof was unlawfully imprisoned in King County jail on July 3, 2024, and denied paper, envelopes and postage with which to petition for habeas relief, Tate Prows ("Prows") filed a next friend habeas petition (9th Cir. No. 24-4394; DktEntry No. 1) pursuant to Fed.R.Civ.P. 17(c) because Prows had good cause to believe that a habeas petition to district court would be stonewalled.

9th Circuit Commissioner Lisa Fitzgerald exercised her authority under 28 U.S.C. § 2241(b) and transferred the petition to district court,

not knowing that Respondent would refuse to adjudicate the petition for the next five months.  (*Id.*, DktEntry No. 4)

### 2) District Court Habeas Petitions

More than a week after Commissioner Fitzgerald transferred Prows' habeas petition, the district court finally docketed the petition on July 26, 2024.  (WAWD No. 2:24-cv-1110-JNW; Dkt. #4)

After Benshoof obtained scratch paper and a three-inch golf pencil, he wrote his own habeas petition in jail.  Though he was denied access to envelopes and postage, he handed his petition to a friend sitting in the gallery of Seattle Municipal Court on August 5, 2024.  Benshoof's friend then filed it on his behalf with the U.S. District Court Clerk on August 6, 2024.  (WAWD No. 2:24-cv-1110-JNW; Dkt. #7)

Another next friend of Benshoof's, Benny Blanchard ("Blanchard"), filed a habeas petition in district court which the Clerk "accidentally" docketed as a *miscellaneous* action. (WAWD No. 2:24-mc-00043-JNW.) As Prows and Blanchard had good cause to believe that district court officials were colluding to prevent any adjudication of the three federal habeas petitions, Blanchard filed a mandamus petition to compel

Respondent's performance of office to issue a writ of habeas corpus. (9th Cir. No.24-3765) Blanchard's mandamus was summarily dismissed.

## D. Moving In District Court Impracticable

Pursuant to the requirement of FRAP 8(a)(2)(A)(i), Benshoof has reason to believe and does believe that moving in the district court is not only impracticable but guaranteed to cause further irreparable harm to Benshoof through Respondent's continued nonfeasance. Respondent has been unresponsive to Benshoof's emails to chambers regarding the adjudication of his Amended Habeas.

## REASONS INJUNCTION SHOULD ISSUE

The All Writs Act, 28 U.S.C. § 1651(a), authorizes all courts established by an Act of Congress to issue an injunction when (1) the circumstances presented are "critical and exigent"; (2) the legal rights at issue are "indisputably clear"; and (3) injunctive relief is "necessary or appropriate in aid of the Court's jurisdiction." *Ohio Citizens for Responsible Energy, Inc. v. NRC*, 479 U.S. 1312 (1986) (Scalia, J., in chambers) (citations and alterations omitted). The Court also has discretion to issue an injunction "based on all the circumstances of the case," without its order "be[ing] construed as an expression of the Court's

views on the merits" of the underlying claim. *Little Sisters of the Poor Home for the Aged v. Sebelius*, 571 U.S. 1171 (2014)

## I.    Benshoof Will Eventually Prevail on Merits

### A. Prima Facia Case

The court must treat the complaint's factual matter as true and construe Benshoof's complaint in the light most favorable to Benshoof "even if doubtful in fact." See *Erickson vs. Pardus,* 551 U.S. 89 (2007); *Scheuer vs. Rhodes,* 416 U.S. 232, 236 (1974). To establish a prima facie case under 42 U.S.C. § 1983, plaintiffs must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right. *Parratt vs. Taylor,* 451 U.S. 527, 535 (1981), *Gomez vs. Toledo,* 446 U.S. 635, 640 (1980); 22 see also, e.g., *Groman vs. Township of Manalapan,* 47 F.3d 628, 633 (3rd Cir. 1995).

### B. Supremacy Clause

"This Constitution, and the laws of the United States which shall be made in pursuance thereof," take precedence over Respondent's presumed authority to effectively suspend U.S. Const. art. I § 9 Cl. 2.

14

Respondent and "the *judges in every state shall be bound thereby."* United States Constitution, Article VI, Paragraph 2.

By refusing to adjudicate Benshoof's habeas petition for five months, Respondent is violating the First Amendment by denying Benshoof's right to petition for redress of his grievances, which is not justified by "interests of the highest order"—a so called, "compelling" interest—nor can it be argued that Respondent's nonfeasance is "narrowly tailored" to achieve those interests. *See Fulton v. CITY of Phila.*, 141 S. Ct. at 1881; *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 429-30 (2006) (government bears the burden to satisfy strict scrutiny even at the preliminary injunction phase).

## C. Equitable Right – 42 U.S.C. § 1983

An Act of Congress, 42 U.S.C. § 1983, expressly authorizes a "suit in equity" to redress "the deprivation," under color of state law, "of any rights, privileges, or immunities secured by the Constitution…" *Mitchum v. Foster,* 407 U.S. 225, 226 (1972).

Applying *Ex parte Young* requires a "straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and

seeks relief properly characterized as prospective." *Puerto Rico Aqueduct*

*Sewer Auth. v. Metcalf Eddy,* 506 U.S. 139 (1993)

> "The various authorities we have referred to furnish ample justification for the assertion that individuals who, as officers of the State, are clothed with some duty in regard to the enforcement of the laws of the State, and who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution, may be enjoined by a Federal court of equity from such action."
> *Ex parte Young,* 209 U.S. at 156

## II.    Benshoof Suffering Irreparable Harm

Benshoof has been subjected to unprecedented retaliation for over two years for telling the truth and trying to care for his son. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *New York Times Co. v. United States,* 403 U. S. 713 (1971); *Elrod v. Burns,* 427 U.S. 347 (1976)

As a direct and proximate result of the City's malicious prosecutions, unlawful imprisonment, and more than one million dollars in warrants and bail, Benshoof has been unable to see his son, hold church, work, drive, travel, or even go grocery shopping.  In concert, municipal, county, state, and federal law enforcement officers have

refused to even take Benshoof's complaints as a firsthand victim witness to countless felonies.

## A. First Amendment Violations

Respondent has no compelling reason to abrogate Benshoof's right to petition for habeas relief, which seeks to arrest the violations of his right of familial association with A.R.W. and his right to freely exercise his religious beliefs. "[F]reedoms of speech and of press, of assembly, and of worship may not be infringed on such slender grounds. They are susceptible of restriction only to prevent grave and immediate danger to interests which the State may lawfully protect." *West Virginia State Bd. of Educ. v. Barnette*, 319 U.S. 624, 639 (1943)

"Nor may the government 'act in a manner that passes judgment upon or presupposes the illegitimacy of religious beliefs and practices.'" *Fellowship of Christian Athletes*, 2023 WL 5946036, at *38 (quoting *Masterpiece Cakeshop, Ltd. v. Colo. Civ. Rts. Comm'n*, 138 S.Ct. 1719, 1731 (2018)). "[R]eligious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection." *Fulton* v. City of Philadelphia, 141 S.Ct. at

1876 (quoting *Thomas v. Review Bd. of Ind. Employment Security Div.*, 450 U.S. 707, 714 (1981)).

The widespread retaliation against Benshoof for the exercise of his religious is being perpetrated for one simple reason: corrupt public officials cannot tolerate an honest man exposing their malfeasance, misfeasance and nonfeasance. *See First Pentecostal Church of Holly Springs v. City of Holly Springs*, 959 F.3d 669, 670-71 (5th Cir. 2020) (Willett, J., concurring in grant of injunction pending appeal) ("Singling out [Benshoof for his religious beliefs]—and *only* [Benshoof], it seems—cannot possibly be squared with the First Amendment." (emphasis in original)); *see also S. Bay*, 140 S. Ct. at 1615.

## B. Due Process Violations Undeniable

The Due Process Clause entitles a person to an impartial and disinterested tribunal. This requirement of neutrality in adjudicative proceedings safeguards the two central concerns of due process: the prevention of unjustified or mistaken deprivations and the promotion of participation and dialogue by affected individuals in the decision-making process.[1]

---

[1] *See Carey v. Piphus*, 435 U.S. 247, 259–262, 266–267 (1978)

In September 2024, City prosecutors violated due process elements of a fair hearing, including Benshoof's right: (1) to be present during *voi dire*; (2) to call *any* witnesses in his defense; (3) to present exculpatory evidence in his defense; and (4) to be present in court during the testimony of the prosecution's witnesses.  In other words, prosecutorial and judicial misconduct so egregious that it would shock the conscience of citizens living in a banana republic or totalitarian regime.  Despite the foregoing facts, Respondent can be expected to continue rendering assistance to the City's due process violations until this Court grants Benshoof injunctive relief.

### III.  Injury to Benshoof Outweighs Risk to Respondent

Appellees, Respondent, and County and City officials have acted in parallel to set in motion a series of events by which Benshoof would be maliciously prosecuted and unlawfully imprisoned under color of law. "When [Appellees] conspired to construct a false story about the events that took place...they deliberately set in motion a series of events that they anticipated (or should have anticipated) would lead to [Benshoof's] arrest, and [ ] trial [ ]. Not only did [Appellees] set the events in motion but, according to the complaint, they voluntarily provided crucial

information, false though it was, at every step of the proceeding." *Harris v. Roderick,* 126 F.3d 1189, 1199 (9th Cir. 1997)

While Benshoof is not currently behind bars after the $420,000 bail was posted after nearly five months in jail, he is currently imprisoned on electronic home detention, violating his liberty.

Enjoining Respondent to adjudicate Benshoof's Amended Habeas Petition poses no risk to Respondent or the public whatsoever. Denying Benshoof his right to petition for redress will continue inflicting irreparable harm on him and his minor son, A.R.W., who continues to be kidnapped by his perjuring abusers, Appellees Jessica Owen and Magalie Lerman. U.S. Const. art. I § 9 Cl. 2 states that "the privilege of the writ of habeas corpus cannot be suspended, except in cases of rebellion or invasion when public safety requires it." Respondent's refusal to adjudicate Benshoof's petition is a *de facto* suspension of U.S. Const. art. I § 9 Cl. 2.

"[A] finding that the plaintiff is likely to succeed on the merits of [a constitutional] claim sharply tilts in the plaintiff's favor both the irreparable harm factor and the merged public interest and balance of harms factors." *Baird v. Bonta,* 2023 U.S. App. LEXIS 23760, *15

(citations omitted). It is black letter law that the deprivation of constitutional rights "unquestionably constitutes irreparable injury." *Elrod v. Burns,* 427 U.S. 347, 373 (1976); see also *Fellowship of Christian Athletes,* 2023 WL 5946036, at *56 (describing the principle as "axiomatic"). Moreover, "'irreparable harm is relatively easy to establish in a First Amendment case' because the party seeking the injunction 'need only demonstrate the existence of a colorable First Amendment claim.'" *Id. Mirabelli v. Olson, 3:23-cv-00768-BEN-WVG, 29-30 (S.D. Cal. Sep. 14, 2023)*

"[T]he public interest is always furthered by enjoining unconstitutional policies. *Riley's Am. Heritage Farms v. Elsasser,*32 F.4th 707, 731 (9th Cir. 2022) ("it is always in the public interest to prevent the violation of a party's constitutional rights.") *Id.,* at 30. The Ninth Circuit evaluates "these factors on a sliding scale, such 'that a stronger showing of one element may offset a weaker showing of another.' When the balance of equities 'tips sharply in the plaintiff's favor,' the plaintiff must raise only 'serious questions' on the merits—a lesser showing than likelihood of success." *Fellowship of Christian Athletes v.*

*San Jose Unified School District et al, No.* 22-15827, 2023 WL 5946036, at *35 (9th Cir. Sept. 13, 2023) (*en banc*) (citations omitted). *Id.,* at *5

## IV.   Injunction Not Adverse to Public Interest

Potential harm to Respondent and the public interest merge when the government is the opposing party.  "Next, we turn to whether the balance of the equities warrants an injunction and whether such relief is in the public interest. Where the government is the opposing party, harm to the opposing party and the public interest "merge." *Niken v Holder,* 556 U.S. 418, 435 (2009)

Mandating that Respondent act ***forthwith*** in compliance with 28 U.S.C. §2243 presents no risk to Respondent, nor the public interest. Benshoof's Amended Habeas Petition is supported by facts and law under penalty of perjury, and Respondent should issue the writ forthwith or issue an order to show cause, compelling the Warden to make Return. Alternatively, if Respondent truly believes that Benshoof's application is without merit, Respondent should ***forthwith*** deny Benshoof's Amended Petition.  None of the foregoing options present any risk to Respondent or the public.

Respondent is faced with an uncomfortable predicament: Respondent's tautological assertions across multiple cases have finally been exposed by the Amended Habeas as sophomoric attempts to immunize Appellees from civil and criminal liability. Benshoof's prior petitions for redress were subjected to Respondent's *ispe dixit ipso facto* gaslighting. "Benshoof alleges Narver conspired with other Defendants to deny him equal protection of the law. Benshoof does not identify how Narver allegedly deprived him this constitutional guarantee. This unsupported, conclusory statement lacks merit and does not amount to a constitutional deprivation." (WAWD No. 2:23-cv-1829, Dkt. #66, pg. 12 ¶2) The chickens have now come home to roost. No one can now deny that family law attorney, Appellee Cliber, suborned the perjury of Appellee Owen in their extrinsic fraud to kidnap Benshoof's minor son under color of law ***for more than three years.*** (Amended Habeas, ¶¶30; 39; 41; 44; 150-175; 218; 226; 380; 383; 397; 398)

The public interest requires Respondent to comply with 28 U.S.C. §2243 so that public trust in the integrity and impartiality of our courts is not further eroded. No public interest exists in Respondent violating

the Due Process Clause of the Fourteenth Amendment by refusing to adjudicate Benshoof's petitions for habeas relief.

## V.    The Equities Entirely Favor Injunctive Relief

The immediate threat of escalating and irreparable harm to Benshoof is beyond rational dispute. Seattle Municipal Court is being "used to harass and injure [Benshoof], either because the state courts [are] powerless to stop deprivations or [are] in league with those who [are] bent upon abrogation of federally protected rights." *Mitchum v. Foster,* 407 U.S. 225, 240 (1972) If this Court does not enjoin Respondent from its ongoing nonfeasance, Benshoof will be simultaneously denied his right to habeas relief and his right to appeal a dismissal order.

## CERTIFICATE OF COMPLIANCE

This motion contains 3,212 words, in compliance with Fed.R.App.P. 27(d)(2)(A), excluding the items exempted by Fed.R.App.P. 32(f). The type size and typeface comply with Circuit Rule 27(d)(1)(D) and (E).

## VERIFICATION

I, Kurt A. Benshoof, do hereby declare that the foregoing facts are true and correct to the best of my knowledge, under penalty of perjury of the laws of the United States. Executed this twenty-sixth day of

December in the year 2024, in the city of Mountlake Terrace, in the

county of Snohomish, in the state of Washington.

Kurt A. Benshoof, Petitioner, *pro se*