UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT BENSHOOF,<br><br>Plaintiff,<br><br>v.<br><br>MARSHALL FERGUSON; J DOE; BLAIR M RUSS; JESSICA SKELTON; MICHAEL TRACY; SARAH TURNER; JAMAL WHITEHEAD,<br><br>Defendants. | CASE NO. 2:24-cv-00808-JHC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for leave to amend his complaint. Dkt. # 63. No Defendant has responded to the motion. The Court GRANTS the motion.

Rule 15(a) dictates that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. Fed R. Civ. P. 15(a); *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has even said Rule 15(a) should be applied with "extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam). Under Rule 15(a), courts consider several factors,

ORDER - 1

including: (1) bad faith; (2) undue delay; (3) repeated failure to cure deficiencies in previously allowed amended complaints; (4) prejudice to the opposing party; (5) futility; and (6) whether the party has been previously granted leave to amend. *Id.* at 1052. This analysis should generally "be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

But not all the Rule 15(a) factors bear the same weight; it is the consideration of undue prejudice that is the "touchstone of the inquiry under Rule 15(a)." *Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir.1973). Without prejudice, or a very strong showing of any of the remaining factors, there is a presumption in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1052. And the party opposing amendment "bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

As not Defendant has responded to the motion, no prejudice has been shown. And a review of the proposed amended complaint shows that none of the other Rule 15(a) factors are so obviously present that they overcome the presumption of amendment. Thus, the Court grants the motion and deems the first amended complaint at docket number 63-1 filed.

Dated this 11th day of February, 2025

John H. Chun
United States District Judge

ORDER - 2