MAR 03 2025

Hon. John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KURT BENSHOOF, et al.,

Plaintiffs,

v.

ANDREA CHIN, et al.,

Defendants.

No.: 2:24-CV-00808-JHC

RESPONSE CITY OF SEATTLE'S
MOTION FOR RECONSIDERATION &
MOTION TO SEAL

# I. INTRODUCTION

Plaintiffs oppose the City of Seattle's Motion for Reconsideration and Motion to Seal (Dkt. #74) because they lack standing, are procedurally defective, and are brought in bad faith. Seattle's motions rely on irrelevant arguments, improper legal standards, and an attempt to mislead the Court into overturning a valid order.

Seattle's arguments fail on multiple grounds:

- Seattle has not been served and lacks standing to file these motions.
- Seattle fails to identify any manifest error or new evidence justifying reconsideration under LCR 7(h).
- The Motion to Seal does not comply with LCR 5(g)(3)(A)-(B) and is legally deficient.

RESPONSE CITY OF SEATTLE'S MOTION FOR RECONSIDERATION & MOTION TO SEAL
No. 2:24-CV-00808-JHC

1

Seattle's motions are not just procedurally improper—they represent a deliberate attempt to obstruct justice and prejudice the Court against Plaintiffs.

## II. SEATTLE LACKS STANDING TO FILE THESE MOTIONS AND ACTS IN BAD FAITH

Seattle admits that it has not been served in this case (Dkt. #74, p. 2). Because Seattle has not yet been served, it is not a party to this case and lacks standing to file any motions at this time.

Non-parties lack standing to seek relief unless they have been properly joined to the case. Seattle's filings are not just procedurally improper—they are part of a broader pattern of obstruction, as detailed in Plaintiffs' Amended Complaint (Dkt. #69). These latest filings should be seen as a continuation of Seattle's efforts to manipulate the judicial process and improperly disadvantage Plaintiffs.

### A. Seattle's Motion Should Be Stricken as Improper

Seattle has no standing and is not properly before this Court, and therefore its motion must be stricken outright. The Federal Court may not rule on the merits of a case without first determining that it has jurisdiction over the cause (subject-matter jurisdiction) and the parties (personal jurisdiction). See *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007).

Because Seattle has not been served, the Court has no personal jurisdiction over it and therefore cannot entertain Seattle's motions for reconsideration or sealing.

RESPONSE CITY OF SEATTLE'S MOTION FOR RECONSIDERATION & MOTION TO SEAL
No. 2:24-CV-00808-JHC

## III. SEATTLE FAILS TO MEET THE STANDARD FOR RECONSIDERATION

Seattle fails to meet the high bar for reconsideration under LCR 7(h), which requires either:

1. Manifest error in the prior ruling, or
2. Newly discovered evidence that was not available earlier.

Seattle presents neither. Rather than addressing the Court's ruling on its merits, Seattle improperly relies on an unrelated vexatious litigant order from a separate case in a blatant attempt to prejudice the Court against Plaintiffs. \

Courts have consistently condemned such tactics as an improper collateral attack on judicial rulings and a waste of judicial resources. Seattle's omission of any argument to meet the high bar for reconsideration demonstrates that this motion is not a legitimate request—it is a bad-faith effort to manipulate the Court. See, e.g., *In re Rainbow Magazine, Inc.*, 77 F.3d 278, 284 (9th Cir. 1996) (finding bad faith where litigant's actions "were intended to manipulate judicial proceedings").

Seattle's motion is not about correcting a legal error—it is a transparent attempt to misuse judicial procedure to gain an unfair advantage —**before it has even been served**. The Court should not entertain such bad-faith litigation tactics and should summarily deny the motion.

## IV. SEATTLE FAILS TO JUSTIFY SEALING UNDER LCR 5(g)(3)(A)-(B)

RESPONSE CITY OF SEATTLE'S MOTION FOR RECONSIDERATION & MOTION TO SEAL
No. 2:24-CV-00808-JHC

Seattle's Motion to Seal is procedurally improper and legally deficient. Under LCR 5(g)(3)(A)-(B), a motion to seal must:

1. Include a certification that the party met and conferred about redaction alternatives.
2. Demonstrate a legitimate public or private interest justifying sealing.
3. Show why redaction would not suffice.

Seattle fails on all three prongs.

- No meet-and-confer certification is included.
- Seattle fails to articulate a legitimate public or private interest warranting sealing.
- Seattle fails to explain why redaction would not suffice to protect any valid interest.

Seattle's attempt to equate lawful service of process with harassment is baseless, legally flawed, and a transparent effort to prejudice the Court. The suggestion that sealing the summons would prevent alleged harassment is meritless, as Plaintiffs already have the necessary information to effect service.

Seattle cites *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), but misapplies it in an attempt to obscure the fact that it has no legitimate grounds for sealing. In *Kamakana*, the Ninth Circuit held that compelling reasons are required to justify sealing court records in dispositive motions. Here, Seattle offers no compelling reason—or even a minimally legitimate interest—to justify sealing.

RESPONSE CITY OF SEATTLE'S MOTION FOR RECONSIDERATION & MOTION TO SEAL
No. 2:24-CV-00808-JHC

Seattle fails to articulate any legitimate public or private interest in sealing because none exist. Instead, it relies on citing the unrelated case in *Kamakana* in order to obfuscate its lack of any interest in sealing.

Seattle's motion is not about privacy—it is a delay tactic and a blatant attempt to manipulate this Court. Seattle's misuse of judicial procedures to obstruct Plaintiffs' case is a continuation of its broader pattern of bad-faith litigation tactics.

## V. SEATTLE'S FILINGS ARE A BAD-FAITH ATTEMPT TO PREJUDICE THE COURT

Seattle's motions are not merely procedurally improper—they are an overt attempt to manipulate the Court by injecting irrelevant and prejudicial material into the record.

By raising an unrelated vexatious litigant order from a separate case and falsely equating lawful service of process with harassment, Seattle seeks to taint the Court's view of Plaintiffs rather than address the legal merits of its motions—even before it has been served.

Seattle's conduct is part of a broader pattern of obstruction, as detailed in Plaintiffs' Amended Complaint (Dkt. #69). This misuse of judicial process is not an isolated incident—it is part of Seattle's ongoing bad-faith litigation tactics designed to evade accountability.

Courts have condemned such abusive litigation tactics as an improper collateral

RESPONSE CITY OF SEATTLE'S MOTION FOR RECONSIDERATION & MOTION TO SEAL
No. 2:24-CV-00808-JHC

attack on judicial rulings and an attempt to derail proper judicial proceedings.

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court deny and strike the City of Seattle's Motion for Reconsideration and Motion to Seal in their entirety.

Seattle's motions lack merit, are procedurally deficient, and serve no legitimate legal purpose. Rather than addressing the merits of this case, they are transparently designed to obstruct justice and prejudice the Court against Plaintiffs.

Seattle's reliance on irrelevant claims, misuse of judicial procedures, and ongoing pattern of obstruction demonstrate that these filings were made in bad faith and should be rejected by this Court.

Respectfully submitted on this day of March , 2025.

By: _/s/ Kurt A. Benshoof_

KURT BENSHOOF, Plaintiff

Address: 22701 42nd Place West
Mountlake Terrace WA 98043
Phone: (425)553-8112
Email: kurtbenshoof@gmail.com

RESPONSE CITY OF SEATTLE'S MOTION FOR RECONSIDERATION & MOTION TO SEAL
No. 2:24-CV-00808-JHC

Brett Fountain Plaintiff

Address: c/o 2100 W NW HWY
114#1115, Grapevine, TX 76051-7808
Kb407@ExposeLegalCorruption.com

Urve Maggitti, Plaintiff
Address: 244 Blackburn Drive,
Berwyn, PA 19312
Urve.maggitti@gmail.com

**CERTIFICATE OF COMPLIANCE**

I certify that this RESPONSE contains 1,048 words in compliance with the Local Civil Rules of the King County Superior Court as amended September 1, 2024.

DATED this 21st day of February, 2025, by Urve Maggitti

RESPONSE CITY OF SEATTLE'S MOTION FOR RECONSIDERATION & MOTION TO SEAL
No. 2:24-CV-00808-JHC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35

RESPONSE CITY OF SEATTLE'S MOTION FOR RECONSIDERATION & MOTION TO SEAL
No. 2:24-CV-00808-JHC

To Reuse Envelope: 1 Peel off old labels   2 Fold this flap down   3 Expose adhesive   4 Fold top flap down   5 Press this flap up to seal

PULL TAB TO OPEN ◀◀◀

Visit **UPS.com**

**Apply shipping documents on this side.**

Scan QR code to schedule a pickup

**Domestic Shipments**
- To qualify for the letter rate, UPS Express® envelopes may only contain correspondence, urgent documents, and/or electronic media, and must weigh 8 oz. or less. UPS Express envelopes containing items other than those listed or weighing more than 8oz. will be billed by weight.

**International Shipments**
- The UPS Express envelope may be used only for documents of no commercial value. Certain countries consider electronic media as documents. Visit ups.com/importexport to verify if your shipment is classified as a document.

- To qualify for the letter rate, the UPS Express envelope must weigh 8 oz. or less. UPS express envelopes weighing more than 8 oz. will be billed by weight.

**Note:** UPS Express envelopes are not recommended for shipments of electronic media containing sensitive personal information or breakable items. Do not send cash or cash equivalent.

## Reusable Express Envelope

### Legal Size
Reduce paper waste by using this envelope a second time – either to return to sender or with another recipient. See reuse instructions on the flap above.

International Shipping Notice — Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

Serving you for more than 110 years
United Parcel Service.®

This envelope is for use with the following services: **UPS Next Day Air®**
**UPS Worldwide Express®**
**UPS 2nd Day Air®**

Do not use this envelope for: **UPS Ground**
**UPS Standard**
**UPS 3 Day Select®**
**UPS Worldwide Expedited®**

1 LBS
SHP WT: 1 LBS
DATE: 01 MAR 2025

1 OF 1

SHIP REF NO. 24-CV-00808
TO: US DISTRICT COURT CLERKS OFFICE
STE 2310
700 STEWART ST

SEATTLE WA 98101-4442

WA 981 9-03

UPS NEXT DAY AIR
TRACKING #: 1Z X81 337 A2 2701 0854

BILLING: P/P
ADULT SIGNATURE REQUIRED - MIN 21

REF #2: JS



For information about UPS's privacy practices or to opt out from the sale of personal information, please see the UPS Privacy Notice at www.ups.com  01019511212  05/21  PAC  United Parcel Service

100% Recycled fiber
80% Post-Consumer

**Extremely Urgent**

Reusable Express

UPS

US DISTRICT COURT CLERKS OFFICE
700 STEWART ST
STE 2310
SEATTLE WA 98101

P:PURPLE:4TG / 805
805-8346
12X81397A22731 0854  1030