UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT BENSHOOF, et al., | CASE NO. 2:24-cv-00808-JHC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| MARSHALL FERGUSON; J DOE; BLAIR M RUSS; JESSICA SKELTON; MICHAEL TRACY; SARAH TURNER; JAMAL WHITEHEAD, | |
| Defendants. | |

# I

## INTRODUCTION

This matter comes before the Court on Defendant City of Seattle's (the City) Motion for Reconsideration and Motion to Seal. Dkt. # 74.[1] The City's motion asks the Court to: (1) reconsider the order granting Plaintiff's Motion for Leave to File Amended Complaint, Dkt. # 68; (2) in the alternative, clarify whether Plaintiff Kurt Benshoof (Benshoof) is bound by the Order Declaring Plaintiff Benshoof a Vexatious Litigant, Case No. 2:23- cv-1392 JNW, ECF No. 264; and (3) seal the summons filed at Dkt. # 67. Dkt. # 74 at 2.

---

[1] Plaintiffs' argument that the City cannot bring this motion because it lacks standing is misguided. Dkt. # 84. Plaintiffs bear the burden of establishing standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

ORDER DENYING MOTION FOR RECONSIDERATION - 1

## II

### DISCUSSION

A.    Motion for Reconsideration

"Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). The City does not satisfy this standard.

In Case No. 2:23-cv-1392 JNW, Judge Jamal N. Whitehead issued an order declaring Benshoof a vexatious litigant. ECF No. 264. This order was issued at 5:22 PM PST on February 11, 2025. In this case, the Court granted Plaintiffs leave to file an amended complaint, Dkt. # 68, and they did so at 2:16 PM PST on February 11, 2025. Dkt. # 69. Thus, the vexatious litigation order and amended complaint were filed on the same day but the amended complaint was unquestionably filed first. Plaintiffs cannot be expected to comply with an order that was not yet in effect. *See, e.g.*, *In re Copper Antitrust Litig.*, 436 F.3d 782, 793 (7th Cir. 2006) ("The general rule is that the judgment of a district court becomes effective and enforceable as soon as it is entered[.]").

As a result, there are no unusual circumstances that would warrant the Court vacating its prior ruling.

B.    Clarification

In the alternative to its motion for reconsideration, the City asks whether Judge Whitehead's vexatious litigant order applies equally to this case. Dkt. # 74 at 5. The Court's response is no.

Before Judge Whitehead's order went into effect, Benshoof filed this case and the Court granted him leave to proceed with it. Dkt. ## 68, 69. So the first three provisions of Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 2

Whitehead's order do not currently apply to this matter. *See* Case No. 2:23- cv-1392 JNW, ECF No. 264. Nor does the Court read the other terms of that order to apply to this case, which was pending at the time of that order. *Id.*

C.  Sealing

The City also asks the Court to seal the summonses filed on the docket. Dkt. # 74 at 5–6; *see* Dkt. # 67. For the reasons stated in the City's motion, the Court FINDS the City has stated compelling reasons to seal the requested material. Therefore, the City's motion is GRANTED without prejudice to any future motions to unseal.

### III

### CONCLUSION

For all these reasons, the Court DENIES the motion for reconsideration and GRANTS the motion to seal. The Court DIRECTS the Clerk to seal Dkt. # 70.

Dated this 13th day of March 2025.

John H. Chun
United States District Judge