Hon. John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KURT BENSHOOF,  et al.,                          No.: 2:24-CV-00808-JHC

Plaintiffs,

v.                                               PLAINTIFFS' MOTION TO DISQUALIFY
                                                 COUNSEL (CONFLICT OF INTEREST)
ANDREA CHIN, et al.,

   Defendants.

## I. INTRODUCTION

Pursuant to Local Civil Rule 7, Plaintiffs move this Court to disqualify counsel

Sarah N. Turner and Michael C. Tracy from further representing Defendants Nathan Cliber

and Blair Russ due to significant conflicts of interest and the resulting prejudice to

Plaintiffs. Turner and Tracy currently serve simultaneously as both pro se defendants and

counsel for Defendants Cliber and Russ creating substantial ethical conflicts and confusion

that will prejudice Plaintiffs' right to a fair trial.

## II. FACTUAL BACKGROUND

Plaintiffs initiated this suit alleging multiple constitutional and statutory violations

by several defendants, including attorneys Sarah N. Turner and Michael C. Tracy, sued

individually for acts of misconduct involving Defendants Nathan Cliber and Blair Russ.

Attorneys Sarah Turner and Michael Tracy currently represent Defendants Nathan Cliber and Blair Russ in this litigation. Attorneys Turner and Tracy filed notices of appearance [Doc. No. 80] and motions on behalf of Defendants Cliber and Russ in this proceeding, despite being individually named defendants themselves.

Turner and Tracy, acting as counsel, have filed pleadings on behalf of Defendants Cliber and Russ, despite simultaneously being named individually as defendants for alleged misconduct relating to the same facts underlying Plaintiffs' claims.

## III. LEGAL ARGUMENT

### A. Impermissible Conflict of Interest[1] (RPC 1.7(a)(1))

Washington RPC 1.7(a)(1) prohibits representation when:

"the representation of one client will be directly adverse to another client."

Representing Opposing Parties in Same Lawsuit Representation of opposing persons in the same lawsuit is prohibited by Rule 1.7(a) l); this conflict is not waivable. Rule 1.7(b)(3); see, e.g., *Ex parte Osbon*, 888 So. 2d 1236 (Ala. 2004) (in divorce proceeding, husband's lawyer subpoenaed wife's records from mental health agency; lawyer's partner

---

[1] Rule 1.7 Conflict of Interests. Ellen J. Bennett, Helen W. Gunnarsson. Annotated Model Rules of Professional Conduct (9th ed., 2019) (Kindle Locations 4233-4240; 4288-4290) American Bar Association.

MOTION TO DISQUALIFY COUNSEL
No. 2:24-CV-00808-JHC

1    responded on behalf of agency)
2

3    **B. Impermissible Conflict of Interest (RPC 1.7(a)(2))**
4

5
6    Washington RPC 1.7(a)(2) prohibits representation when:
7

8    "there is a significant risk that the representation of one or more clients will
9
10    be materially limited by the lawyer's personal interests."
11

12
13    Because Turner and Tracy are named defendants whose personal interests are
14
15    directly implicated by the outcome of claims involving Defendants Cliber and Russ, their
16    ability to objectively and zealously represent Defendants Cliber and Russ is materially
17
18    compromised. Their representation directly violates RPC 1.7(a)(1) and RPC 1.7(a)(2).
19

20    **C. Prohibited Representations - Rule 1.7**
21
22    Ordinarily, clients may consent to representation notwithstanding a conflict.
23
24    However, as indicated in paragraph (b), some conflicts are nonconsentable,
25
26    meaning that the lawyer involved cannot properly ask for such agreement or provide
27    representation on the basis of the client's consent. When the lawyer is representing more
28
29    than one client, the question of consentability must be resolved as to each client.
30
31    Consentability is typically determined by considering whether the interests of the
32
33    clients will be adequately protected if the clients are permitted to give their informed
34
35    consent to representation burdened by a conflict of interest.

MOTION TO DISQUALIFY COUNSEL
No. 2:24-CV-00808-JHC

Thus, under paragraph (b)(1), representation is prohibited if in the circumstances the lawyer cannot reasonably conclude that the lawyer will be able to provide competent and diligent representation. See Rule 1.1 (competence) and Rule 1.3 (diligence).[2]

Paragraph (b)(3) describes conflicts that are nonconsentable because of the institutional interest in vigorous development of each client's position when the clients are aligned directly against each other in the same litigation or other proceeding before a tribunal. Whether clients are aligned directly against each other within the meaning of this paragraph requires examination of the context of the proceeding.[3]

### D.  Lawyer as Witness (RPC 3.7)

RPC 3.7 prohibits attorneys from acting as advocates at a trial where they are likely to be necessary witnesses. Attorneys Turner and Tracy will inevitably become witnesses regarding their own alleged conduct and knowledge of underlying facts, creating impermissible dual roles. Their testimony is critical to proving Plaintiffs' claims, making their continued representation improper and unethical.

The rules and supporting case law is not in "favor" of allowing pro se defendant(s) to be attorney(s) of record for their co-defendants, which is not only prejudicial to the co-defendants but also to the opposing parties which in this case are the Plaintiffs.

---

[2] Ellen J. Bennett, Helen W. Gunnarsson. Annotated Model Rules of Professional Conduct (9th ed., 2019) (Kindle Locations 4233-4240). American Bar Association.
[3] Ellen J. Bennett, Helen W. Gunnarsson. Annotated Model Rules of Professional Conduct (9th ed., 2019) (Kindle Locations 4245-4248). American Bar Association.

MOTION TO DISQUALIFY COUNSEL
No. 2:24-CV-00808-JHC

4

*Suchite v. Kleppin,* 784 F. Supp. 2d 1343 (S.D. Fla. 2011) (lawyer disqualified

from representing co-defendants but not from representing self at trial)

*State ex rel. Neb. State Bar Ass 'n v. Neumeister,* 449 N.W. 2d 17 (Neb. 1989)

(lawyer suspended for not withdrawing; trial court's failure to disqualify "will not exonerate

him from discipline where it is found that his conduct is in violation of disciplinary rules').

*See generally Douglas R. Richmond, Lawyers as Witnesses, 36 N.M. L. Rev. 47 (Winter*

*2006).*

### E.  Lawyer May Not Act as Advocate at Trial if Likely to Be Necessary Witness

Rule 3.7 requires disqualification when it is "likely" the lawyer will be a"necessary"

witness. *In re Gibrick*, 562 B.R. 183 (Bankr. N.D. Ill. 2017) (courts have "variously

described" circumstances under which lawyer is necessary witness, such as when it is

"foreseeable"; when lawyer is aware of facts making it "obligatory" for him to testify; when

lawyer has "crucial information [that] must be divulged"; and when lawyer's testimony is

"essential to the case"; collecting cases).

### F.  When Lawyer-Witness Is Also Litigant

The rationales of the advocate-witness rule do not apply to the prose lawyer-litigant.

*See Duncan v. Poythress,* 777 F. 2d 1508 (11th Cir. 1985);

MOTION TO DISQUALIFY COUNSEL
No. 2:24-CV-00808-JHC

*Suchite v. Kleppin*, 784 F. Supp. 2d 1343 (S.D. Fla. 2011) (lawyer disqualified from representing co-defendants but not from representing self at trial); [4]

## G. Prejudice to Plaintiffs and Jury Confusion

Allowing Turner and Tracy to simultaneously serve as defendants and attorneys presents a substantial and unfair prejudice to Plaintiffs by confusing and misleading the jury. Jurors cannot reasonably distinguish when these attorneys are acting as advocates versus when they are testifying or defending themselves as witnesses or defendants. This dual capacity compromises the jury's ability to fairly assess witness credibility and undermines the integrity and fairness of the trial.

Courts consistently recognize this as impermissible, as it violates fundamental fairness and due process rights, and unduly prejudices Plaintiffs' right to a fair trial.

When a lawyer takes on both roles, jurors are likely to be confused about "whether statement by an advocate-witness should be taken as proof or as an analysis of the proof." Rule 3.7, cmt. [2].[5]

Confusion regarding the lawyer's role could prejudice a party or call into question the impartiality of the judicial process itself. See *People v. Rivera,* 986 N.E. 2d

---

[4] Ellen J. Bennett, Helen W. Gunnarsson. Annotated Model Rules of Professional Conduct (9th ed., 2019) (Kindle Locations 11438-11439). American Bar Association.

[5] Ellen J. Bennett, Helen W. Gunnarsson. Annotated Model Rules of Professional Conduct (9th ed., 2019) (Kindle Locations 11217-11222). American Bar Association

MOTION TO DISQUALIFY COUNSEL
No. 2:24-CV-00808-JHC

634 (Ill. 2013) (rule protects against possibility that "attorney-witness may not be a fully

objective witness, causing harm to the client's cause, or the trier of fact may gran undue

weight to the attorney's testimony, unfairly disadvantaging the opposing party")

"The right to confront, cross-examine, and impeach adverse witnesses is

one of the most fundamental rights sought to be preserved by the Seventh

Amendment provision for jury trials in civil cases." *Adickes v. Kress & Co*.,

398 U.S. 144, 176 (1970).

*Jensen v. Poindexter*, 352 P. 3d 1201 (Okla. 2015) (rule protects integrity of

judicial process by eliminating possibility that lawyer will not be an objective

witness, reducing risk that fact-finder may confuse roles of witness and advocate,

and promoting public confidence in a fair judicial system); *see also Smith v.*

*Wharton,* 78 S.W. 3d 79 (Ark. 2002) (by sitting with trial counsel and actively

participating in trial though he expected to testify, lawyer "reassumed his role as an

advocate" and therefore should not have been allowed to testify; appellate court

would disregard his testimony and would send copy of its opinion to disciplinary

committee);

*State ex rel. Neb. State Bar Ass 'n v. Neumeister*, 449 N.W. 2d 17 (Neb. 1989)

(lawyer suspended for not withdrawing; trial court's failure to disqualify "will not

exonerate him from discipline where it is found that his conduct is in violation of

MOTION TO DISQUALIFY COUNSEL
No. 2:24-CV-00808-JHC

disciplinary rules'). *See generally Douglas R. Richmond, Lawyers as Witnesses*, 36 N.M. L. Rev. 47 (Winter 2006).

Because the advocate-witness rule protects opposing parties and the integrity of the judicial system as a whole, the client's consent to the representation or willingness to forgo the lawyer's testimony will not prevent disqualification if the lawyer's testimony is deemed "necessary." S*ee Premium Prods., Inc. v. Pro Performance Sports, LLC*, 997 F. Supp. 2d 433 (E.D. Va. 2014) (rule "not subject to client waiver because the interests served by the rule extend beyond those of a single client");

*MacArthur v. Bank of N Y.*, 524 F. Supp. 1205 (S.D.N.Y. 1981) (disqualifying defendant bank's law film despite bank's willingness to stay with firm and forgo its lawyer's necessary testimony; bank could obtain other counsel, but could not obtain substitute for his testimony).

The jury's confusion would severely prejudice Plaintiffs, thereby requiring disqualification of counsel.

## H. Rule 3.3 Candor Toward the Tribunal

This Rule sets forth the special duties of lawyers as officers of the court to avoid conduct that undermines the integrity of the adjudicative process.

A lawyer acting as an advocate in an adjudicative proceeding has an obligation to

Present the client's case with persuasive force. Performance of that duty while maintaining confidences of the client, however, is qualified by the advocate's duty of candor to the tribunal. Consequently, although a lawyer in an adversary proceeding is not required to present an impartial exposition of the law or to vouch for the evidence submitted in a cause, the lawyer must not allow the tribunal to be misled by false statements of law or fact or evidence that the lawyer knows to be false. [6]

## I.   Representations by a Lawyer

An advocate is responsible for pleadings and other documents prepared for litigation, but is usually not required to have personal knowledge of matters asserted therein, for litigation documents ordinarily present assertions by the client, or by someone on the client's behalf, and not assertions by the lawyer. Compare Rule 3.1.

However, an assertion purporting to be on the lawyer's own knowledge, as in an affidavit by the lawyer or in a statement in open court, may properly be made only when the lawyer knows the assertion is true or believes it to be true on the basis of a reasonably diligent inquiry. There are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation. [7]

## J.   Statements Made In Representing Client

_____

[6] Ellen J. Bennett, Helen W. Gunnarsson. Annotated Model Rules of Professional Conduct (9th ed., 2019) (Kindle Locations 9783-9788). American Bar Association.
[7] Ellen J. Bennett, Helen W. Gunnarsson. Annotated Model Rules of Professional Conduct (9th ed., 2019) (Kindle Locations 9789-9794). American Bar Association

MOTION TO DISQUALIFY COUNSEL
No. 2:24-CV-00808-JHC

9

Rule 3.3( a)( 1) prohibits a lawyer from knowingly making a false statement of fact or law to a tribunal- whether material or not, whether oral or written, and whether in an affidavit, a pleading, or another document. *See, e.g., Ligon v. Price*, 200 S.W. 3d 417 (Ark. 2004). [8]

Douglas R. Richmond, *Lawyers' Professional Responsibilities and Liabilities in Negotiations*, 22 Geo. J. Legal Ethics 249 (Winter 2009) (" lawyer who violates Rule 3.3(a) necessarily violates Rule 8.4 (c) as well").[9]

**K. Statements or Omissions that Mislead**

Failure to make a disclosure can be "the equivalent of an affirmative misrepresentation." Rule 3.3, cmt. [3]. "Any differences between 'false' and 'misleading' statements are in-irrelevant for Rule 3.3( a)( 1) purposes .... Courts routinely employ Rule 3.3( a)( 1) and equivalent rules to discipline lawyers who have misled through their silence." Douglas R. Richmond, *Appellate Ethics: Truth, Criticism, and Consequences,* 23 Rev. Litig. 301, 310-11 (Spring 2004). See, e.g.,

*Kim v. 511 E. 5th St., LLC,* No. 12 Civ. 8096 (JCF), 2016 WL 6833928, 2016 BL

---

[8] Ellen J. Bennett, Helen W. Gunnarsson. Annotated Model Rules of Professional Conduct (9th ed., 2019) (Kindle Locations 9899-9901). American Bar Association
[9] Ellen J. Bennett, Helen W. Gunnarsson. Annotated Model Rules of Professional Conduct (9th ed., 2019) (Kindle Locations 9932-9934). American Bar Association.

MOTION TO DISQUALIFY COUNSEL
No. 2:24-CV-00808-JHC

391452 (S.D.N.Y. Nov. 7, 2016).[10]

**L.  Reporting Professional Misconduct- Rule 8.3**

**"(a)** A lawyer who knows that another lawyer or LLLT has committed a violation of the applicable Rules of Professional Conduct that raises a substantial question as to that lawyer's or LLLT's honesty, trustworthiness or fitness as a lawyer or LLLT in other respects, should inform the appropriate professional authority."

Although Rule 8.3 does not require a lawyer to report his or her own  misconduct,

the lawyer must report the misconduct of others even if doing so would implicate the

lawyer's own conduct as well. See, e.g., In re Rivers, 331 S.E. 2d 332 (S.C. 1984)

(inexperienced lawyer helped his partner use private investigator to contact potential jurors;

lawyer disciplined for failing to report partner as well as for his own role)

A lawyer generally must report the misconduct of law firm colleagues and former

law firm colleagues. See, e.g., In re Rivers, 761 S.E. 2d 234 (S.C. 2014) (reporting partner's

trust account misappropriations only after learning of disciplinary agency's investigation);

ABA Formal Ethics Op. 03-429 (2003) (patiner must report impaired associate's violation

of ethics rules).

Va. Ethics Op. 1886 (2017) (must report firm lawyer's misconduct involving

dishonesty even if lawyer is in treatment for substance abuse problem that contributed to

---

[10] Ellen J. Bennett, Helen W. Gunnarsson. Annotated Model Rules of Professional Conduct (9th ed., 2019) (Kindle Locations 9935-9941). American Bar Association.
MOTION TO DISQUALIFY COUNSEL
No. 2:24-CV-00808-JHC

misconduct); *see also Skolnick v. Altheimer & Gray*, 730 N.E. 2d 4 (Ill. 2000) (trial court abused discretion by refusing to modify protective order so associate could report misconduct by firm's former partner);

*Cf. Estate of Spencer v. Gavin*, 946 A. 2d 1051 (N.J. Super. Ct. App. Div. 2008)

(Rule 8.3 duty of lawyer to report officemate's embezzlement "strengthens" court's conclusion that "inaction [can expose] him to civil liability to those who were harmed" by failure to report); Va. Ethics Op. 1887 (2017) (no requirement to report lawyer's impairment if representation is competent, but must report if impairment results in incompetent representation). See generally Cynthia L. Gendry, An Attorney's Duty to Report the Professional Misconduct of Co-Workers, 18 S. Ill. U. L.J. 603 (Spring 1994);

Paragraph (b) requires that misconduct by a judge be rep01ied to the  appropriate authority. *Lisi v. Several Att'ys*, 596 A. 2d 313 (R.I. 1991) (lawyers' loans to judge violated Rule 3.5; lawyers' failure to report judge violated Rule 8.3); *see also Ohio Sup. Ct. Ethics Op*. 2017-2 (2017) Judge must report misconduct of lawyer or another judge)

**M. Rule 8.4 Misconduct**

It is professional misconduct for a lawyer to: (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

"Paragraph (a): Violating, Attempting to Violate, or Assisting in Violation of Ethics Rules"

Model Code, Rule 8.4( a) states that it misconduct even to attempt to violate an ethics rule. *See People v. Katz,* 58 P. 3d 1176 (Colo. O.P.D.J. 2002) (attempted conversion of funds;

"The fortuitous discovery and frustration of [respondent's] intended misappropriation of those funds does not lessen the seriousness of his actions.").

     *In re Swarts,* 30 P. 3d 1011 (Kan. 2001) (attempt to falsify evidence).

     Paragraph (a) prohibits a lawyer from knowingly assisting or inducing another to violate the ethics rules, or from violating the rules through the acts of another. *See People v. Cozier,* 74 P. 3d 531 (Colo. O.P.D.J. 2003) (lawyer asked notary public to notarize signature neither had witnessed);

     *In re Asher*, 772 A. 2d 1161 (D.C. 2001) (inducing another lawyer to lie to court).

     Paragraph (c)' s prohibition of "conduct involving dishonesty, fraud, deceit or misrepresentation" is broad and, like the other provisions of Rule 8.4, encompasses conduct outside the practice of law. *See, e.g., D.C. Ethics Op*. 336 (2006).

     A lawyer's intent or purpose to deceive is generally irrelevant to Rule 8.4( c*). See In re Lawrence,* 884 So. 2d 561 (La. 2004) (lawyer who submitted false timesheets to firm violated rule regardless of intent or motive*); State ex rel. Special Counsel v. Shapiro*, 665

N.W. 2d 615 (Neb. 2003) (misrepresentation does not require proof of intent to deceive or defraud).

*In re Dann*, 960 P. 2d 416 (Wash. 1998) (in determining whether lawyer violated Rule 8.4( c), "the question is whether the attorney lied"; motive irrelevant);

*cf. Att'y Grievance Comm'n v. Dore*, 73 A. 3d 161 (Md. 2013) (" dishonesty and misrepresentation under Rule 8.4( c) have no requirement of intent to deceive"; intent to deceive relevant only when fraud or deceit alleged).

**Behavior toward Courts, Opposing Parties, Their Counsel, or Witnesses Rule:**

Lying to or misleading a court can violate Rule 8.4( d). *See In re Alcorn,* 41 P. 3d 600 (Ariz. 2002).

Rule 8.4 (d) encompasses abusive or uncivil behavior toward opposing counsel, as well as parties and witnesses. *See In re Fletcher*, 424 F. 3d 783 (8th Cir. 2005) (pattern of unprofessional conduct "in an attempt to harass, humiliate and intimidate deponents and their counsel" by, for example, "selectively quoting deposition testimony in a way that grossly mischaracterized deponents' statements").

## IV. RELIEF REQUESTED

Plaintiffs respectfully request the following:

1. **Immediate disqualification** of attorneys Sarah Turner and Michael Tracy from

   representation of Defendants Nathan Cliber and Blair Russ;

   An evidentiary or oral argument hearing to fully address the prejudice to Plaintiffs

   and jury confusion issues arising from this conflict; and

2. Any additional relief the Court deems just and appropriate.

## V. CONCLUSION

   Due to the substantial ethical conflict under RPC 1.7, RPC 3.3, RPC 3.7, RPC 8.3,

and RPC 8.4 - as well as the inherent jury prejudice from ambiguity in these attorneys'

dual roles, this Court should immediately disqualify Sarah Turner and Michael Tracy

from acting as counsel for Defendants Nathan Cliber and Blair Russ.

   Respectfully submitted on this day of March 17, 2025, by Plaintiffs


   Urve Maggitti, Plaintiff
   244 Blackburn Drive, Berwyn, PA 19312
   urve.maggitti@gmail.com

MOTION TO DISQUALIFY COUNSEL
No. 2:24-CV-00808-JHC

15

1
2
3
4
5       Brett Fountain, Plaintiff
6       c/o 2100 W NW HWY 114 #1115
7       Grapevine, TX 76051-7808
8       kb407@exposelegalcorruption.com
9
10
11
12
13      Kurt Benshoof, Plaintiff
14      1716 N 128th Street
15      Seattle, WA 98133
16      King County Correctional Facility – Seattle
        B/A 2024-008067, UCN# 10518097
17      500 Fifth Ave., Seattle, WA 98104
18      kurtbenshoof@gmail.com
19      Kurtbenshoof1@gmail.com
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35

MOTION TO DISQUALIFY COUNSEL
No. 2:24-CV-00808-JHC

1
2
**CERTIFICATE OF COMPLIANCE**

3
4      I certify that this filing complies with the provisions of the Case Record Public

5
6   Access Policy of the Unified Judicial System that require filing confidential information

7   and documents differently than non-confidential information and documents

8
9      I certify that this MOTION contains 3110 words in compliance with the Local

10
11  Civil Rules.

12
13
14     DATED: March 17, 2025.

15
16
17
18                                                _____
19
20
21                                          Address: 244 Blackburn Drive, Berwyn, PA 19312
22                                                   urve.maggitti@gmail.com
23
24
25
26
27
28
29
30
31
32
33
34
35

MOTION TO DISQUALIFY COUNSEL
No. 2:24-CV-00808-JHC