HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT A. BENSHOOF, A.R.W. by and through his father, KURT A. BENSHOOF, BRETT FOUNTAIN, URVE MAGGITTI, <br> Plaintiffs, <br> v. <br> ANDREA CHIN, ANTHONY BELGARD, DONOVAN BROUSSARD, NATHAN CLIBER, CATHERINE CORNWALL, GREGG CURTIS, JANE DOE, JENNY DURKAN, JOHN DUUS, NICHOLAS EVANS, PASCAL HERZER, RYAN ELLIS, MICHAEL FOX, TYLER GOSLIN, JULIE KLINE, ERNEST JENSEN, JONATHAN KIEHN, SPENCER KURZ, MAGALIE LERMAN, RICHARD LIMA, ADAM LOSLEBEN, YVES LUC, SARAH MACDONALD, JACOB MASTERSON, GRANT MAYER, STEVEN MITCHELL, JOHNATHAN MUSSEAU, BREHON NESS, LILIYA NESTERUK, STEPHEN OKRUHLICA, KATRINA OUTLAND, JESSICA OWEN, SARAH PENDLETON, DWAYNE PIRAK, BRIAN REES, BLAIR RUSS, JULIE SALLE, DANIEL SCHILLING, TY SELFRIDGE, NATHAN SHOPAY, STEVEN STONE, MICHAEL TRACY, MELANIE TRATNIK, SARAH TURNER, TREVOR TYLER, MICHAEL VIRGILIO, ANDREW WEST, CHAD ZENTNER, in their individual capacities, CITY OF SEATTLE, KING COUNTY, <br> Defendants. | NO.  2:24-cv-00808-JHC <br><br> DEFENDANTS NATHAN CLIBER AND BLAIR RUSS'S MOTION TO DISMISS ALL CLAIMS AGAINST THEM PURSUANT TO FRCP 12(b)(6) <br><br> NOTE ON MOTION CALENDAR: <br><br> APRIL 14, 2025 |

DEFENDANTS CLIBER AND RUSS'S
MOTION TO DISMISS - 1
2:24-cv-00808-JHC

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

final draft motion to dismiss v2(99689308.1) - 3/17/2025 5:33 PM

I. **INTRODUCTION AND RELIEF REQUESTED**

Defendants Nathan Cliber and Blair Russ ("Defendants"), through their undersigned counsel, hereby move this Court, pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6), to dismiss with prejudice all the claims in Plaintiffs Kurt Benshoof, A.R.W. (by and through his father Kurt Benshoof), Brett Fountain, and Urve Maggitti's First Amended Complaint ("FAC") against them.

Mr. Benshoof is a serial abuser of the state and federal judicial systems who is subject to vexatious litigant orders in King County Superior Court and the Western District of Washington. Many of the 1,097 paragraphs in the FAC are simply copied and pasted from his previously dismissed claims and counterclaims for supposed constitutional violations and conspiracies in this district involving Defendants, WDWA 2:23-cv-01392-JNW and WDWA 2:23-cv-01829-JNW.[1] None have any basis whatsoever.

A.R.W. is Mr. Benshoof's son, on whose behalf Mr. Benshoof is improperly appearing, and Mr. Fountain and Ms. Maggitti are two of Mr. Benshoof's enablers who failed to sign the FAC.[2] No claims were ascribed to A.R.W. in the FAC, and the single claim brought by Mr. Fountain and Ms. Maggitti complains that they were prohibited from the unlawful practice of law, and is not against Mr. Cliber or Mr. Russ. All are improper parties to this litigation.

All of Mr. Benshoof's claims against Mr. Cliber, a family law attorney based in Seattle, stem from Mr. Cliber's representation of Defendant Jessica Owen in a single parentage action

---

[1] Though "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion," a court may take judicial notice of "matters of public record" including other state or federal court proceedings. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (citation omitted); *Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995) ("We may take notice of proceedings in other courts whether in the federal or state systems."). Accordingly, Defendants request that the Court take judicial notice of *Seattle School District No. 1 v. Kurt Benshoof v. Nathan Cliber et al.*, Western District of Washington Case No. 2:23-cv-01829-JNW, *Kurt Benshoof v. Moshe Admon et al*, Western District of Washington Case No. 2:23-cv-01392-JNW, as well as *Benshoof v. Cliber et al.*, Case No. 22-2-15958-8 (King Cnty. Sup. Ct.) and the other cases involving Mr. Benshoof noted herein.

[2] Mr. Benshoof has previously been warned in this district against the unauthorized practice of law. *See* WDWA 2:23-cv-01392-JNW, Dkt. 245, 3 ("The Court makes no finding at this time whether Benshoof has engaged in the unauthorized practice of law but warns him that it is unlawful to do so in Washington.").

DEFENDANTS CLIBER AND RUSS'S
MOTION TO DISMISS - 2
2:24-cv-00808-JHC

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

final draft motion to dismiss v2(99689308.1) - 3/17/2025 5:33 PM

before Judge Keenan (the "Parentage Action"), who has also a been defendant to lawsuits filed in this district by Mr. Benshoof. Similarly, all of Mr. Benshoof's claims against Mr. Russ, a civil litigation attorney based in Seattle, stem from his representation of Ms. Owen in actions involving her home and Mr. Benshoof's car.

While the Parentage Action was pending, Mr. Benshoof brought a separate suit against Mr. Cliber (and Defendant Owen, whom Mr. Russ represents) alleging abuse of process (the "Abuse of Process Action") for his actions in the Parentage Action. All of Mr. Benshoof's claims against Mr. Cliber and the other defendants to that action were dismissed with prejudice pursuant to the Uniform Public Expression Protection Act, RCW 4.105 *et seq.* ("UPEPA"). After Mr. Benshoof's claims in the Abuse of Process Action were dismissed with prejudice, the court entered a vexatious litigant order against Mr. Benshoof, which he continues to violate. Mr. Benshoof did not appeal the Parentage Action (and multiple motions to vacate the judgment in that matter have been denied). Mr. Benshoof appealed of the Abuse of Process matter to Washington Court of Appeals on two separate occasions—both were affirmed, and Mr. Benshoof was ordered to pay attorneys in both. Judge Ferguson, who presided over the Abuse of Process Action, and Judge Whitehead, who presided over WDWA 2:23-cv-01392-JNW and WDWA 2:23-cv-01829-JNW, both entered the vexatious litigant orders against Mr. Benshoof (in state and federal court, respectively) and were both defendants in the present lawsuit before Judge Ferguson was dismissed based on judicial immunity. Dkt. 51.

Like he did in WDWA 2:23-cv-01392-JNW and WDWA 2:23-cv-01829-JNW[3], Mr. Benshoof is attempting to use this Court as a secondary appellate court to review his rejected, dismissed, and affirmed state law actions, and to harass Defendants through "new"

---

[3] The Ninth Circuit affirmed Judge Whitehead's dismissal of Mr. Benshoof's claims in WDWA 2:23-cv-01392-JNW via summary disposition, stating that "We conclude that the questions on review are too insubstantial to warrant further briefing." Ninth Circuit Case No. 24-4223, Dkt. 14.1. The Ninth Circuit issued its mandate on March 17, 2025. *Id*. at Dkt. 15. Mr. Benshoof's appeal of WDWA 2:23-cv-01829-JNW remains pending after multiple extensions to file his opening brief. *See* Ninth Circuit Case No. 24-5188.

DEFENDANTS CLIBER AND RUSS'S
MOTION TO DISMISS - 3
2:24-cv-00808-JHC

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

final draft motion to dismiss v2(99689308.1) - 3/17/2025 5:33 PM

claims based on the same facts, circumstances, and issues of the Parentage Action and Abuse of Process Action. The only wrinkle to this new action is the expanded claims are predicated upon the actions judges and attorneys took to enforce those orders and to respond to Mr. Benshoof frivolous attempts to vacate prior orders. However, the same pleading deficiencies in Mr. Benshoof's prior actions remain: his constitutional claims lack any joint action between private and government actors; his conspiracy claims lack any allegations that make his conspiracy theories plausible; and his fraud claim fails to identify any actionable fraud. And, as Mr. Benshoof has been repeatedly warned in other actions in this district, his claims pertaining to and arising from family-law related issues are outside a federal court's jurisdiction.

Mr. Benshoof's *modus operandi* is the vexatious litigant version of Six Degrees of Kevin Bacon—sue every concerned person, attorney, state and federal judge and clerk who defies him in court, and then sue the next wave attorneys who appear on their behalf.[4] Regardless of Mr. Benshoof's weaponization of the judicial system, however, Plaintiffs' FAC fails to state any claim upon which relief may be granted. Defendants request that it be dismissed with prejudice.

## II.     STATEMENT OF FACTS

Mr. Benshoof filed his Original Complaint on June 7, 2024, and then his FAC on January 10, 2025. Dkts. 1 and 63-1. His Original Complaint was 91 pages, and was comprised of fifteen causes of action, including for supposed constitutional violations of the first, fourth, fifth, eighth, and 14th Amendments, as well as various conspiracy claims, and claims for extortion, witness tampering, kidnapping, and subornation of perjury, against seven defendants, including Judge Whitehead and Judge Ferguson. Dkt. 1. Mr. Russ was one of the originally identified defendants (as well as the undersigned counsel), but he was never served with the Original Complaint. Apart from expanding the time period of his allegations, the causes of action in the

---

[4] When counsel appears on behalf of the undersigned, it will be the 4th "step" from Defendant Owen.

DEFENDANTS CLIBER AND RUSS'S
MOTION TO DISMISS - 4
2:24-cv-00808-JHC

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

final draft motion to dismiss v2(99689308.1) - 3/17/2025 5:33 PM

Original Complaint are near-copies of the same claims in WDWA 2:23-cv-01392-JNW and WDWA 2:23-cv-01829-JNW, which were dismissed with prejudice by Judge Whitehead on motions by Mr. Cliber, Mr. Russ, and many other defendants to those actions.

Mr. Benshoof's FAC increases the page count to 255, the causes of action to twenty-three (though many have sub-causes of action), and the named defendants to fifty, including Mr. Cliber. Dkt. 63-1. As identified in his FAC, this action is not Mr. Benshoof's first experience bringing a court action within the judicial system. He identifies **twenty-two** municipal, state, federal, civil, criminal, and police actions and incidents as related cases. *Id.* at 6-7. However, his prior Amended Complaint in WDWA 2:23-cv-01392-JNW identified more than **thirty** cases, while Judge Whitehead's vexatious litigant order identified ten in the Western District alone—yet the FAC only identifies one such case and two appeals. *Compare* Dkt. 63-1 to WDWA 2:23-cv-01392-JNW, Dkt. 264.

Regardless of the case, Mr. Benshoof's claims against Mr. Cliber and Mr. Russ are either: (1) predicated upon near-identical factual underpinnings already brought by Mr. Benshoof in Washington State court, which he has already appealed twice and lost in Division I of the Washington State Court of Appeals (or were disposed of without appeal); or (2) arise from the supposed conduct by Defendants in the course of that state court litigation. In response to his weaponization of the judicial system, vexatious litigant orders have been entered against Mr. Benshoof in both the Western District of Washington and King County Superior Court, though he continues to attempt litigation in both forums.

**A.    The Statement of Facts in Plaintiffs' FAC Includes Recycled Allegations from Prior Dismissed Lawsuits Against Mr. Cliber and Mr. Russ**

The first group of factual allegations plead against Mr. Cliber and Mr. Russ are simply regurgitated and conclusory statements from his claims that were dismissed with prejudice in WDWA 2:23-cv-01392-JNW and WDWA 2:23-cv-01829-JNW. Further, these allegations all deal with Washington State court proceedings that have either already been affirmed on appeal

DEFENDANTS CLIBER AND RUSS'S
MOTION TO DISMISS - 5
2:24-cv-00808-JHC

GORDON REES SCULLY MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

final draft motion to dismiss v2(99689308.1) - 3/17/2025 5:33 PM

or were disposed of without appeal:

- ¶ 138 (Mr. Cliber filed a Petition to Decide Parentage in 2021, in KCSC No. 21-5-00680-6 SEA ("the Parentage Action"))

- ¶¶ 149, 152, and 155 (Mr. Cliber suborned Ms. Owen's perjury in obtaining a restraining order against Mr. Benshoof in 2021, and Benshoof was denied entry to the courtroom without a face mask);

- ¶ 158 (Either Mr. Russ or Defendant Outland edited Ms. Owen's 2022 declaration that claimed Mr. Benshoof's conduct amount to "abusive acts");

- ¶¶ 185-191, 193, 198 (Mr. Benshoof sued Mr. Cliber and Ms. Owen in KCSC No. 22-2-15958-8 SEA in 2022 [the Abuse of Process Lawsuit], and Mr. Russ represented Ms. Owen. This lawsuit alleged that Mr. Cliber, Ms. Owen and others committed perjury and criminal law violations against Mr. Benshoof as part of their participation in prior lawsuits involving Mr. Benshoof);

- ¶¶ 203, 206, 208, and 211 (Mr. Benshoof's claims were dismissed in the Abuse Process lawsuit because Judge Ferguson "claimed that he didn't have evidence before him of any crimes perpetrated by [defendants]" against Mr. Benshoof);

- ¶¶ 218 and 220 (Mr. Benshoof informed Mr. Cliber and Mr. Russ that A.R.W. had granted him power of attorney, and that Ms. Owen and Ms. Lerman lied to kidnap A.R.W.);

- ¶¶ 221, 223, 225 (Mr. Cliber and Mr. Owen filed a joint motion to declare Mr. Benshoof a vexatious litigant in the Abuse of Process lawsuit, despite them "knowing" that everything Mr. Benshoof said was true);

- ¶¶ 226-227, and 230 (Mr. Cliber and Mr. Russ asserted Washington's Uniform Public Expression Protection Act ("UPEPA"), despite Mr. Benshoof's claim being allegedly brought "in a civil suit brought by a victim of a crime against a perpetrator," and them successfully moving to dismiss the Abuse of Process lawsuit was a First Amendment violation);

- ¶¶ 231-232, 239-241 (Judge Ferguson entered a temporary Order Restricting the Abusive Litigation of Mr. Benshoof ("ORAL") despite no evidence being produced that "abusive litigation" occurred[5]);

- ¶¶ 246 and 249 (Mr. Russ and Mr. Cliber's then-counsel filed a joint motion seeking an Order Restricting the Abusive Litigation of Mr. Benshoof ("ORAL"), and Judge Ferguson granted it); and

---

[5] Washington's Court of Appeals has affirmed both the UPEPA dismissal and the entry of the ORAL against Mr. Benshoof despite Mr. Benshoof appealing those decisions twice, and in both instances awarded defendants' their attorneys fees and costs on appeal. Washington Court of Appeals Division I Case Nos. 85-092-0 and 86466-1.

DEFENDANTS CLIBER AND RUSS'S
MOTION TO DISMISS - 6
2:24-cv-00808-JHC

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

final draft motion to dismiss v2(99689308.1) - 3/17/2025 5:33 PM

- ¶¶ 482-485 and 486 (As part of KCSC 22-2-03826-8, in April 2022, Mr. Russ was served with Mr. Benshoof's sworn criminal complaints and then neglected to inform Judge Widlan [who was a named defendant in WDWA 2:23-cv-01392-JNW] that he had "knowledge" that Mr. Cliber suborned Ms. Owen's perjury, among other criminal complaints).

The "new" allegations by Mr. Benshoof arose during the pendency of WDWA 2:23-cv-01392-JNW and WDWA 2:23-cv-01829-JNW, and are based upon the enforcement of the ORAL and his rejected attempts to vacate other state court judgments:

- ¶¶ 253-256, 258-259, 264-266, and 269 (In January 2024, Mr. Cliber, and Mr. Russ on behalf of Ms. Owen, sought sanctions[6] against Mr. Benshoof for violating the ORAL, despite Mr. Cliber's counsel and Mr. Russ knowing "that the ORAL was fraudulent and were continuing their fraud to violate Mr. Benshoof's First Amendment rights in order to render criminal assistance" to kidnapping and perjury);

- ¶¶ 273-274 (On or before January 16, 2024, Mr. Cliber's attorneys were in possession of "irrefutable evidence that Cliber suborned Owen's perjury in KCSC No. 21-5-00680-6," as well as evidence that Mr. Cliber's former counsel "conspired with Russ to fraudulently obtain the ORAL" and that "Judge Ferguson did not have statutory authority to grant" the ORAL);

- ¶¶ 454-455 (After his release from King County jail, Mr. Benshoof filed a motion to vacate all orders in the Parentage Action after he discovered "new" proof that Mr. Cliber suborned the perjury of Ms. Owen[7]); and

- ¶¶ 519-520 (On behalf of Ms. Owen, Mr. Russ filed a response to Mr. Benshoof's Motion for Leave to File Petition for Writ of Habeas Corpus, claiming that the motion violated the requirements of the ORAL.[8]

All of the allegations against Mr. Cliber and Mr. Russ arise from their participation in state court proceedings involving Mr. Benshoof and Ms. Owen. Nearly all were previously alleged and dismissed in WDWA 2:23-cv-01392-JNW and WDWA 2:23-cv-01829-JNW, and the "new" allegations likewise stem from the state court actions involving Mr. Benshoof and Ms. Owen. Furthermore, none of the allegations against Mr. Cliber or Mr. Russ involve Plaintiffs

---

[6] These sanctions were affirmed in the second state court appeal brought by Mr. Benshoof, Washington Court of Appeals Division I Case No. 86466-1.

[7] Mr. Benshoof filed a wave of motions to vacate in the Parentage Action and Abusive of Process actions beginning in December 2024, and all were rejected by those courts. *See* KCSC Nos. 21-5-00680-6 and 22-2-15958-8.

[8] It did. The ORAL provides for a one page summary motion.

DEFENDANTS CLIBER AND RUSS'S
MOTION TO DISMISS - 7
2:24-cv-00808-JHC

GORDON REES SCULLY MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

final draft motion to dismiss v2(99689308.1) - 3/17/2025 5:33 PM

Brett Fountain or Urve Maggitti—their sole cause of action is against Defendants King County, Catherine Cornwall and Sarah Pendleton for violation of what they term as the right to petition for redress of grievances.

### III.     ISSUES PRESENTED

1. Should the Court dismiss all claims against Mr. Cliber and Mr. Russ pursuant to FRCP 12(b)(6) as Mr. Benshoof's allegations and claims fail to satisfy *Iqbal/Twombly*? Yes.

2. Alternatively, should the Court dismiss all claims against Mr. Cliber and Mr. Russ because they violate *res judicata*? Yes.

3. Should the Court dismiss Plaintiffs A.R.W., Brett Fountain, and Urve Maggitti from the action as they being improperly represented by pro se Plaintiff Kurt Benshoof? Yes.

### IV.     EVIDENCE RELIED UPON

Mr. Cliber and Mr. Russ rely upon the Court's records and pleadings contained herein.

### V.     AUTHORITY

**A. A Motion to Dismiss under FRCP 12(b)(6) Must Be Granted Where the Allegations Do Not Support a Legal Claim for Relief**

A defendant may move to dismiss a complaint under FRCP 12(b)(6) for "failure to state a claim upon which relief can be granted." Dismissal under FRCP 12(b)(6) is informed by FRCP 8(a)(2), which requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Dismissal is proper under Fed. R. Civ. P. 12(b)(6) when the complaint lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

In order to survive a motion to dismiss, the complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S.

DEFENDANTS CLIBER AND RUSS'S
MOTION TO DISMISS - 8
2:24-cv-00808-JHC

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

final draft motion to dismiss v2(99689308.1) - 3/17/2025 5:33 PM

544, 570, 127 S. Ct. 1955 (2007); *see also Iqbal*, 556 U.S. 662 at 678-79. When evaluating a FRCP 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007), and draw all reasonable inferences in favor of the plaintiff. *See Walleri v. Federal Home Loan Bank*, 83 F.3d 1575, 1580 (9th Cir. 1996). A court is not required, however, to accept as true any conclusory allegations or legal conclusions, and may judge the complaint only on actual factual allegations. *See Iqbal*, 556 U.S. at 678-79 (sufficiency of complaint judged under two-pronged analysis: (1) disregard all conclusory allegations; and (2) determine whether remaining "well-pleaded factual allegations," accepted as true, plausibly give rise to entitlement to relief). Early dismissal, even prior to any discovery, is appropriate in cases where there is no basis for a plaintiff's allegations. *See Twombly*, 550 U.S. at 559 (allowing for dismissal under FRCP 12(b)(6) avoid "the potentially enormous expense of discovery in cases with no reasonably founded hope that the [discovery] process will reveal relevant evidence.") (omitting internal citations). Factual allegations "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S at 555, and "[c]onclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011).

In evaluating a motion to dismiss, the court may consider facts alleged in the pleadings, documents incorporated by reference in the pleadings, or matters of which the judge may take judicial notice. *See Davis v. HSBC Bank*, 691 F.3d 1152, 1159-60 (9th Cir. 2012) (district court may incorporate documents by reference in ruling on a motion to dismiss); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (in ruling on motion to dismiss, district court may consider document not explicitly incorporated in complaint and not attached to complaint, but authenticity of which is not questioned and on which complaint necessarily relies). Here, Mr. Cliber and Mr. Russ rely on the allegations contained within the FAC and the voluminous, repetitive ligation filed by Mr. Benshoof of which Mr. Cliber and Mr. Russ request that this Court take

DEFENDANTS CLIBER AND RUSS'S
MOTION TO DISMISS - 9
2:24-cv-00808-JHC

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

final draft motion to dismiss v2(99689308.1) - 3/17/2025 5:33 PM

1  judicial notice, in requesting that the Court dismiss all claims against them with prejudice.

2  **B.     Mr. Cliber and Mr. Russ Are Private Attorneys, Not State Actors**

Mr. Cliber represented Ms. Owen in the Parentage Action and briefly to respond to Mr. Benshoof's motions to vacate orders therefrom. Mr. Russ has represented Ms. Owen in the Abusive of Process action, as well as other state court actions involving her home and Mr. Benshoof's car, and all of the corresponding appeals. All of Mr. Benshoof's causes of action arise from their respective representation of Ms. Owen, and none of his conclusory allegations are sufficient to show they were acting in concert with state officials. As Judge Whitehead recognized when he dismissed Mr. Benshoof's substantively identical claims against Mr. Cliber and Mr. Russ:

> Private lawyers are generally not state actors. *See Simmons [v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003)] (holding plaintiff could not sue counsel under Section 1983 because he was a "lawyer in private practice who was not acting under color of state law" and conclusory conspiracy allegations were insufficient). And Benshoof's conclusory claims—devoid of any factual adornment—fail to overcome this presumption. He fails to allege facts plausibly showing that the private lawyers at issue actually acted in concert with state officials to deny Benshoof of his rights ensured by the Constitution.

Case No. 23-cv-01392-JNW, Dkt. 243 at 14-15.

The same fatal flaws remain in *this* FAC as they were in the FAC before Judge Whitehead. With no plausible joint action alleged between Mr. Cliber and Mr. Russ and state actors, all Mr. Benshoof's constitutional and conspiracy claims fail.

**C.     Mr. Benshoof's FAC Fails to Allege Sufficient Facts to State Any Claims to Relief that Are Plausible on Their Face**

Mr. Benshoof's "factual" allegations (most of which are improper conclusory allegations or legal conclusions) against Mr. Cliber and Russ claim that:

- Mr. Cliber filed the Parentage Action and suborned Ms. Owen's perjury in obtaining a restraining order against Mr. Benshoof (¶¶ 138, 149, 152, and 155);

DEFENDANTS CLIBER AND RUSS'S
MOTION TO DISMISS - 10
2:24-cv-00808-JHC

GORDON REES SCULLY MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

final draft motion to dismiss v2(99689308.1) - 3/17/2025 5:33 PM

- Either Mr. Russ or Defendant Outland edited Ms. Owen's 2022 declaration that claimed Mr. Benshoof's conduct amount to "abusive acts" (¶ 158);

- Mr. Benshoof sued Mr. Cliber and Ms. Owen in the Abuse of Process action (¶¶ 185-191, 193, 198);

- Mr. Benshoof's claims were dismissed in the Abuse Process lawsuit (¶¶ 203, 206, 208, and 211);

- Mr. Benshoof informed Mr. Cliber and Mr. Russ that A.R.W. had granted him power of attorney, and that Ms. Owen and Ms. Lerman lied to kidnap A.R.W. (¶¶ 218 and 220);

- Mr. Cliber and Mr. Owen filed a joint motion to declare Mr. Benshoof a vexatious litigant in the Abuse of Process lawsuit, despite them "knowing" that everything Mr. Benshoof said was true, and moved to dismiss the lawsuit under UPEPA, despite Mr. Benshoof being a crime victim (¶¶ 221, 223, 225-227, and 230);

- Judge Ferguson entered a temporary ORAL despite no evidence being produced that "abusive litigation" occurred, and then entered a 5 year ORAL (¶¶ 231-232, 239-241, 246 and 249);

- Mr. Cliber, and Mr. Russ on behalf of Ms. Owen, sought sanctions against Mr. Benshoof for violating the ORAL (¶¶ 253-256, 258-259, 264-266, and 269);

- Mr. Cliber's attorneys were in possession of "irrefutable evidence that Cliber suborned Owen's perjury in KCSC No. 21-5-00680-6," as well as evidence that Mr. Cliber's former counsel "conspired with Russ to fraudulently obtain the ORAL" and that "Judge Ferguson did not have statutory authority to grant" the ORAL (¶¶ 273-274);

- After his release from King County jail, Mr. Benshoof filed a motion to vacate all orders in the Parentage Action after he discovered "new" proof that Mr. Cliber suborned the perjury of Ms. Owen (¶¶ 454-455);

- In April 2022, Mr. Russ was served with Mr. Benshoof's sworn criminal complaints and then neglected to inform Judge Widlan that he had "knowledge" that Mr. Cliber suborned Ms. Owen's perjury, among other criminal complaints (¶¶ 482-485 and 486); and

- On behalf of Ms. Owen, Mr. Russ filed a response to Mr. Benshoof's Motion for Leave to File Petition for Writ of Habeas Corpus, claiming that the motion violated the requirements of the ORAL (¶¶ 519-520).

From these allegations, Mr. Benshoof asserts nine constitutional claims against

DEFENDANTS CLIBER AND RUSS'S
MOTION TO DISMISS - 11
2:24-cv-00808-JHC

GORDON REES SCULLY MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

final draft motion to dismiss v2(99689308.1) - 3/17/2025 5:33 PM

Mr. Cliber and/or Mr. Russ under the First, Fourth, Eighth, and Fourteenth Amendments. Dkt. 63-1, 137-255. Nearly all claim that Mr. Cliber, Mr. Russ and other defendants "were state actors, or individuals acting as integral participants in joint action with state actors, acting under color of law…," yet none plausibly allege how Mr. Cliber and Mr. Russ were acting in concert with state actors, or that Mr. Cliber's or Mr. Russ's conduct violated any of the cited Amendments. *See e.g., id.* at ¶ 878. Likewise, there is no support in the above allegations to support Mr. Benshoof's conspiracy, fraud, or negligence claims against Mr. Cliber and/or Mr. Russ, all of which are conclusory. *See Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9the Cir. 2003) (finding a plaintiff's "conclusory allegations that the lawyer was conspiring with state officers to deprive of due process…insufficient."); *O'Handley v. Padilla*, 579 F. Supp. 3d 1163, 1184 (N.D. Cal. 2022) (finding "generalized statements about working together do not demonstrate joint action."). Judge Whitehead dismissed Mr. Benshoof's similarly conclusory claims against Mr. Cliber and Mr. Russ without issue: "Benshoof does not allege facts that make his elaborate conspiracy theory plausible. The Court may dismiss legal theories that are 'indisputably meritless' or based on factual allegations that are clearly baseless." 23-cv-01392-JNW, Dkt. 243 at 40-41 (quoting *Morehead v. United States, et al.,* No. 1:23-CV-00075-JAR, 2023 WL 4295423).

None of Mr. Benshoof's factual allegations against Mr. Cliber or Mr. Russ support any of Mr. Benshoof's constitutional, conspiracy, negligence or fraud claims. All the allegations lack plausibility, and all are simply improper attempts by Mr. Benshoof to have this Court review his vexatious—and already litigated—Washington state court claims, as well as the claims dismissed by Judge Whitehead. Accordingly, Mr. Cliber and Mr. Russ request that these claims be dismissed with prejudice.

**D.     Mr. Benshoof's Allegations and Claims Violate *Res Judicata***

A defendant "may raise the affirmative defense of res judicata by way of a motion to

DEFENDANTS CLIBER AND RUSS'S
MOTION TO DISMISS - 12
2:24-cv-00808-JHC

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

final draft motion to dismiss v2(99689308.1) - 3/17/2025 5:33 PM

dismiss under Rule 12(b)(6)." *New York Life Insurance Company v. Gunwall*, --- F.Supp.3d ---, 2023 WL 3722233, *3 (W.D. Wash. May 30, 2023) (citing *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984)). "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). Res judicata serves "the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Under federal jurisprudence, res judicata applies when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (internal quotations omitted).

Under 28 U.S.C. § 1738, "federal courts are required to give full faith and credit to state court judgments." *Drawsand v. F.F. Properties, L.L.P.*, 866 F.Supp.2d 1110, 1125 (N.D. Cal. Sept. 30, 2011) (citing *San Remo Hotel, L.P. v. City & County of San Francisco*, 545 U.S. 323, 336, 125 S.Ct. 2491, 162 L.Ed.2d 315 (2005) and *Brodheim v. Cry, 584 F.3d 1262, 1268* (9th Cir.2009). When considering the preclusive effect of a state court decision, this Court must "'give the same preclusive effect to [that] judgment as another court of that State would give,' meaning that we apply res judicata as adopted by that state." *Adam Bros. Farming v. Cnty. of Santa Barbara*, 604 F.3d 1142, 1149 (9th Cir. 2010) (quoting *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986)). Here, Mr. Benshoof is *again* attempting to relitigate a long line of Washington state court decisions that have not gone in his favor, most of which he failed to timely appeal. *See supra* at n. 4.

"Res judicata precludes relitigation of an entire claim when a prior proceeding involving the same parties and issues culminated in a judgment on the merits." *Weaver v. City of Everett*, 194 Wn. 2d 464, 480, 450 P.3d 177 (2019). "In Washington, '[t]he doctrine of res judicata

DEFENDANTS CLIBER AND RUSS'S
MOTION TO DISMISS - 13
2:24-cv-00808-JHC

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

final draft motion to dismiss v2(99689308.1) - 3/17/2025 5:33 PM

1  requires a concurrence of identity in four respects: (1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made.'" *Cayward v. HSBC Bank USA, Nat. Ass'n*, 2013 WL 392718, *2 (W.D. Wash. Jan. 31, 2013) (unpublished) (quoting *Schoeman v. New York Life Ins. Co.*, 106 Wash.2d 855, 858, 726 P.2d 1 (1986). Res judicata applies to matters actually litigated as well as those that "could have been raised, and in the exercise of reasonable diligence should have been raised, in the prior proceeding." *Cayward v. HSBC Bank USA, Nat. Ass'n*, 2013 WL 392718, *2 (W.D. Wash. Jan. 31, 2013) (unpublished) (quoting *Kelly–Hansen v. Kelly–Hansen*, 87 Wash. App. 320, 329, 941 P.2d 1108 (1997)).

Given that Mr. Benshoof's claims infringe on his prior actions in state and federal courts, we address both standards together. Both standards require dismissal.

1. <u>Identity of Parties and Quality of Persons / Identity or Privity Between Parties</u>

These requirements are easily met as the parties are in common. Mr. Cliber represented Ms. Owens during the Parentage Action against Mr. Benshoof, and Mr. Benshoof named Mr. Cliber as a defendant in the Washington State court actions at issue, including the Abuse of Process action. *See* King County Superior Court Case Nos. 21-5-00680-6 SEA (the Parentage Action), 22-2-1112-7 SEA, 22-2-15958-8 SEA (the Abuse of Process Action); King County District Court Case No. 22CIV11976KCX; Washington Court of Appeals Case Nos. 85092-0 and 86466-1 (the appeals of the Abuse of Process Action). Mr. Russ represented Ms. Owen in the Abusive of Process Action and its appeals, as well as state court actions involving her home and Mr. Benshoof's car. Both Mr. Cliber and Mr. Russ were defendants in the cases before Judge Whitehead. This action is just the latest attempt by Mr. Benshoof to sue Mr. Cliber and Mr. Russ for their participation in the state court actions involving Mr. Benshoof and Ms. Owen.

DEFENDANTS CLIBER AND RUSS'S
MOTION TO DISMISS - 14
2:24-cv-00808-JHC

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

final draft motion to dismiss v2(99689308.1) - 3/17/2025 5:33 PM

2. <u>Same Causes of Action and Subject Matter as State Court Actions that Were Disposed of through Final Judgments on the Merits / Identify of Claims and a Final Judgment on the Merits</u>

Two causes of action are identical for purposes of res judicata if (1) prosecution of the later action would impair the rights established in the earlier action, (2) the evidence in both actions is substantially the same, (3) infringement of the same right is alleged in both actions, and (4) the actions arise out of the same nucleus of facts. *Cayward*, 2013 WL 392718 at *3 (citing *Civil Serv. Comm'n v. City of Kelso*, 137 Wash.2d 166, 171, 969 P.2d 474 (1999)). "The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" *Stewart v. U.S. Bancorp.*, 2978 F.3d 953, 956 (9th Cir. 2002) (citing *Paganis v. Blonstein*, 3 F.3d 1067, 1071 (7th Cir.1993) (noting that "with prejudice" is an acceptable shorthand for "adjudication on the merits") and *Classic Auto Refinishing, Inc. v. Marino*, 181 F.3d 1142, 1144 (9th Cir.1999)).

For the state actions, Mr. Benshoof makes no secret about his attempt to relitigate the Parentage Action and the Abuse of Process Action—the majority of his allegations involving Mr. Cliber and Mr. Russ restate those perceived wrongs. Likewise, his claims of fraud and negligence are rooted in the Washington State court actions regarding Ms. Owen's home and alleged rendering of criminal assistance as part of the Abusive of Process action. *See* Dkt. 63-1, 148-153 and 230-236.

For WDWA 2:23-cv-01392-JNW and WDWA 2:23-cv-01829-JNW, the duplicated constitutional and conspiracy claims are even more blatant—many of them recycle the conclusory allegations as alleged in the claims rejected by Judge Whitehead. *Compare, e.g.,* Dkt. 63-1, ¶ 878 (Alleging Eighth Amendment violations: "Defendants were state actors, or individuals acting as integral participants in joint action with state actors, acting under color of law, and their conduct was subject to 42 U.S.C. § 1983.") *to* WDWA 2:23-cv-01392-JNW, Dkt. 47 (Alleging Eighth Amendment violations: Defendants "were private individuals

DEFENDANTS CLIBER AND RUSS'S
MOTION TO DISMISS - 15
2:24-cv-00808-JHC

GORDON REES SCULLY MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

final draft motion to dismiss v2(99689308.1) - 3/17/2025 5:33 PM

pervasively entwined in joint action with state actors as integral participants to impose excessive punishments upon [Mr. Benshoof].”). In WDWA 2:23-cv-01392-JNW, Mr. Benshoof asserted fifteen constitutional claims against Mr. Cliber and/or Mr. Russ, under the First, Eighth, Thirteenth, and Fourteenth Amendments, as well as under various conspiracy claims. WDWA 2:23-cv-01392-JNW, Dkt. 47. In the present action, Mr. Benshoof again asserts constitutional claims against Mr. Cliber and/or Mr. Russ, under the First, Fourth, Eighth, and Fourteenth Amendments, and again for various conspiracies. He also reframes previously asserted claims involving alleged criminal assistance for extortion and subornation of perjury as negligence and fraud claims. *See* Dkt. 63-1, ¶¶ 641-663 and 990-1025.

Mr. Benshoof's claims violate *res judicata* under the guise of unfounded and repeated constitutional violations and conspiracy claims, and by challenging state court judgments through repackaged claims for negligence and fraud. They are nothing more than Mr. Benshoof's improper attempt at having his Washington State actions reviewed by this Court (for at least the third time in this district) and at asserting the claims rejected by Judge Whitehead. All his claims should be dismissed with prejudice.

**E.     Plaintiffs A.R.W., Brett Fountain, and Urve Maggitti Are Not Proper Parties**

In addition to dismissing all Mr. Benshoof's claims against Mr. Cliber and Mr. Russ, the other Plaintiffs should be dismissed from this action. Only Mr. Benshoof signed the FAC, and only one cause of action and a small percentage of the 255 pages of the FAC are relevant to the other plaintiffs. *See* Dkt. 63-1. Like he has done in prior lawsuits in this district, Mr. Benshoof is attempting to represent other litigants, despite his status as a nonlawyer. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir.1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself.") (internal quotations and citation omitted). Mr. Benshoof has previously been warned in this district against the unauthorized practice of law. *See* WDWA 2:23-cv-01392-JNW, Dkt. 245, 3 ("The

DEFENDANTS CLIBER AND RUSS'S
MOTION TO DISMISS - 16
2:24-cv-00808-JHC

GORDON REES SCULLY MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

final draft motion to dismiss v2(99689308.1) - 3/17/2025 5:33 PM

1  Court makes no finding at this time whether Benshoof has engaged in the unauthorized practice
2  of law but warns him that it is unlawful to do so in Washington."). This basis alone is sufficient
3  to dismiss their claim and terminate their status as parties to this action. *Jorss v. Schawrzenegger*,
4  168 Fed.Appx. 825, 2006 WL 448719, *1 (9th Cir. 2006) (affirmed district court dismissing
5  complaint because pro se plaintiff was representing others).

## VI. CONCLUSION

Mr. Benshoof's FAC is but his latest attempt to relitigate his Washington State court actions involving Mr. Cliber, Mr. Russ and a number of the other Defendants. The FAC fails to satisfy the requirements of *Iqbal* and *Twumbly*, and violates *res judicata*. Accordingly, for all the reasons stated above the Court should dismiss Mr. Benshoof's claims against Mr. Cliber and Mr. Russ, dismiss them from the action, and dismiss the FAC with prejudice.

I certify that this memorandum contains 5,587 words, in compliance with the Local Civil Rules.

Dated: March 17, 2025           GORDON REES SCULLY MANSUKHANI, LLP

                                By:  */s/ Sarah N. Turner*
                                     Sarah N. Turner, WSBA No. 37748

                                By:  */s/ Michael C. Tracy*
                                     Michael C. Tracy, WSBA No. 51226
                                     701 5th Avenue, Suite 2100
                                     Seattle, WA 98104
                                     Phone: (206) 695-5178
                                     Fax: (206) 689-2822
                                     Email: sturner@grsm.com
                                     Email: mtracy@grsm.com

                                *Attorneys for Defendants Nathan Cliber and Blair Russ*

DEFENDANTS CLIBER AND RUSS'S
MOTION TO DISMISS - 17
2:24-cv-00808-JHC

GORDON REES SCULLY MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

final draft motion to dismiss v2(99689308.1) - 3/17/2025 5:33 PM

# CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the United States and the State of Washington that on March 17, 2025, the foregoing document was served upon the following parties in the manner indicated below:

Kurt Benshoof
22701 42nd Place W
Mount lake Terrace, WA 98043
Tel: (206) 460-4202
Email: kurtbenshoof@gmail.com
          Kurtbenshoof1@gmail.com

Pro Se Plaintiff

☐ U.S. Mail, Postage Prepaid
☐ Legal Messenger
☐ E-Mail
☒ CM/ECF

Monica Ghosh
Darren Anthony Feider
Sebris Busto James
15375 SE 30th Place, Suite 310
Bellevue, WA 98007
Tel: (425) 450-3382

Attorneys for Defendants Michael Fox, Tyler Goslin, and Steven Mitchell

☐ U.S. Mail, Postage Prepaid
☐ Legal Messenger
☐ E-Mail
☒ CM/ECF

Howard Brown
1003 West Michigan Street
Hammon, LA 70401

Pro Se Interested Party

☒ U.S. Mail, Postage Prepaid
☐ Legal Messenger
☐ E-Mail
☒ CM/ECF

Catherine E. Riedo
Carson W. Canonie
Assistant City Attorneys
701 5th Avenue, Suite 2050
Seattle, WA 98104
Email: catherine.riedo@seattle.gov
          Carson.canonie@seattle.gov

Attorneys for Defendant City of Seattle

☐ U.S. Mail, Postage Prepaid
☐ Legal Messenger
☐ E-Mail
☒ CM/ECF

Dated: March 17, 2025

*s/ Marry Marze*
Marry Marze, Legal Assistant

DEFENDANTS CLIBER AND RUSS'S
MOTION TO DISMISS - 18
2:24-cv-00808-JHC

GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

final draft motion to dismiss v2(99689308.1) - 3/17/2025 5:33 PM