1

2

3

4

5

HONORABLE JOHN H. CHUN

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
KURT A. BENSHOOF, A.R.W. by and
through his father, KURT A. BENSHOOF,
10
BRETT FOUNTAIN, URVE MAGGITTI,
Plaintiffs,
11
v.
ANDREA CHIN, ANTHONY BELGARD,
12
DONOVAN BROUSSARD, NATHAN
CLIBER, CATHERINE CORNWALL,
13
GREGG CURTIS, JANE DOE, JENNY
DURKAN, JOHN DUUS, NICHOLAS
14
EVANS, PASCAL HERZER, RYAN ELLIS,
MICHAEL FOX, TYLER GOSLIN, JULIE
15
KLINE, ERNEST JENSEN, JONATHAN
KIEHN, SPENCER KURZ, MAGALIE
16
LERMAN, RICHARD LIMA, ADAM
LOSLEBEN, YVES LUC, SARAH
17
MACDONALD, JACOB MASTERSON,
GRANT MAYER, STEVEN MITCHELL,
18
JOHNATHAN MUSSEAU, BREHON NESS,
LILIYA NESTERUK, STEPHEN
19
OKRUHLICA, KATRINA OUTLAND,
JESSICA OWEN, SARAH PENDLETON,
20
DWAYNE PIRAK, BRIAN REES, BLAIR
RUSS, JULIE SALLE, DANIEL
21
SCHILLING, TY SELFRIDGE, NATHAN
SHOPAY, STEVEN STONE, MICHAEL
22
TRACY, MELANIE TRATNIK, SARAH
TURNER, TREVOR TYLER, MICHAEL
23
VIRGILIO, ANDREW WEST, CHAD
ZENTNER, in their individual capacities,
24
CITY OF SEATTLE, KING COUNTY,
Defendants.

NO.  2:24-cv-00808-JHC

DEFENDANTS NATHAN CLIBER AND
BLAIR RUSS'S OPPOSITION TO
PLAINTIFFS' MOTION TO DISQUALIFY

NOTE ON MOTION CALENDAR:

APRIL 7, 2025

25

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

## I.     INTRODUCTION

Plaintiffs' Motion to Disqualify relies on manufactured prejudice of their own making, false assumptions, and repeated misconstruction of the Rules of Professional Conduct ("RPC"). Left unchecked, Plaintiffs' goal appears to be to conflict out every attorney (and judge) in the State of Washington, across state and federal courts. Their improper strategy is simple—after an attorney appears on behalf of a defendant in one of Plaintiffs' many abusive and baseless lawsuits, that attorney finds him or herself as a named defendant in the subsequent lawsuits filed by Plaintiffs. [1]

Thought the vexatious litigant orders entered against Mr. Benshoof in state and federal court have (at least temporarily) put a stop to the near-limitless horizon of additional counsel and judges against whom his frivolous claims could be brought, Mr. Benshoof and the other Plaintiffs seek to take away Nathan Cliber and Blair Russ's ("Defendants") right to be represented by counsel of their choosing, and rob them of the benefit of continuing to use the counsel that have successfully rebuffed Mr. Benshoof's frivolous lawsuits and appeals in state and federal courts for more than two years. Furthermore, Plaintiffs' Motion will be mooted entirely should the Court grant Defendants' pending Motion to Dismiss. *See* Dkt. 90.

Plaintiffs' Motion should be denied.

## II.     STATEMENT OF FACTS

Mr. Benshoof's litany of weaponized and meritless lawsuits have two common threads. First, he repleads and rehashes the same claims and allegations—all of which have been summarily rejected by every court in which he has filed them—to inflict maximum monetary and

---

[1] A court may take judicial notice of "matters of public record" including other state or federal court proceedings. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (citation omitted); *Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995) ("We may take notice of proceedings in other courts whether in the federal or state systems."). Accordingly, Defendants request that the Court take judicial notice of *Seattle School District No. 1 v. Kurt Benshoof v. Nathan Cliber et al.*, Western District of Washington Case No. 2:23-cv-01829-JNW, *Kurt Benshoof v. Moshe Admon et al*, Western District of Washington Case No. 2:23-cv-01392-JNW, as well as *Benshoof v. Cliber et al.*, Case No. 22-2-15958-8 (King Cnty. Sup. Ct.) and the other cases involving Mr. Benshoof noted herein.

DEFENDANTS CLIBER AND RUSS'S
OPPOSITION TO MOTION TO DISQUALIFY -
2
2:24-cv-00808-JHC

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

emotional pain upon his targets. *See e.g.*, WDWA 2:23-cv-01392-JNW, WDWA 2:23-cv-01829-JNW, and KCSC 22-2-15958-8. Then, he sues the attorneys of those targets, in an effort to inflict additional monetary damage and take away those individuals' Sixth Amendment right to be represented by counsel of their choosing.[2] *Id*. Plaintiffs' Motion and present lawsuit takes this strategy a step further, suing and attempting to conflict out the counsel (the undersigned, "Defendants' Counsel") of the counsel (Mr. Cliber and Mr. Russ) of one of his original targets (Ms. Owen). Also part of this improper strategy, Mr. Benshoof sues and attempts to disqualify judges who rule against him, including King County Superior Court Judge Marshall Ferguson and Western District of Washinton Judge Jamal Whitehead. Dkt. 1. More troubling still, however, is Plaintiffs' blatant attempt to effect and coerce sitting judges mid-determination— Seattle Municipal Court Judge Andrea Chin, a defendant in Plaintiffs' Amended Complaint, was served *during* a sentencing hearing for Mr. Benshoof, over which she presided. Declaration of Michael Tracy, ¶ 2.

Mr. Cliber and Mr. Russ both represented Ms. Owen in actions involving Mr. Benshoof—Mr. Cliber in family court and Mr. Russ in various civil actions. Declaration of Nathan Cliber, ¶ 2; Declaration of Blair Russ, ¶ 2. Mr. Cliber was first sued by Mr. Benshoof for his representation of Ms. Owen (along with Ms. Owen, who was represented by Mr. Russ) in KCSC 22-2-15958-8. Mr. Russ was first sued by Mr. Benshoof in WDWA 2:23-cv-01392-JNW (along with Mr. Cliber and Ms. Owen). Both were also sued by Mr. Benshoof in 2:23-cv-01829-JNW. Defendants' Counsel began representing Mr. Cliber as appellate counsel for Mr. Benshoof's first state court appeal of KCSC 22-2-15958-8 in 2023, and their representation has led to the dismissal of every claim filed against Mr. Cliber, as well as the rejection of every

---

[2] Mr. Cliber and Mr. Russ are not the only attorneys who have been subjected to Plaintiffs' abusive strategy. The list includes the general counsel for the Seattle School District and his counsel at Pacific Law Group, City of Seattle prosecutor Katrina Outland, and Moshe Admon, counsel for Magalie Lerman and Owen Hermsen.

DEFENDANTS CLIBER AND RUSS'S
OPPOSITION TO MOTION TO DISQUALIFY - 3
2:24-cv-00808-JHC

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

1    appeal filed by Mr. Benshoof.[3] Tracy Decl., ¶ 3.

2          Mr. Cliber and Mr. Russ are aware of the potential conflicts inherit in their joint

3    representation by Defendants' Counsel, including that Defendants Counsel have been named as

4    defendants[4] in Plaintiffs' latest frivolous lawsuit, and understand and have consented to the

5    same. Cliber Decl., ¶ 3; Russ Decl., ¶ 3; Tracy Decl., ¶ 4. Mr. Cliber and Mr. Russ retained

6    Defendants' Counsel in the present lawsuit, in part, because of the now *years* of experience they

7    have gained in responding to and dismissing Mr. Benshoof's baseless claims and abusive

8    litigation tactics, and they would both be severely prejudiced if the Court were to grant Plaintiffs'

9    Motion and force them to retain new counsel. Cliber Decl., ¶ 4; Russ Decl., ¶ 4. Furthermore,

10   Mr. Cliber, Mr. Russ, and Defendants' Counsel's interests in defending against and dismissing

11   Plaintiffs' meritless claims are aligned. Cliber Decl., ¶ 5; Russ Decl., ¶ 5; Tracy Decl., ¶ 5.

## III.    ISSUES PRESENTED

12

13        1.    Should the Court deny Plaintiffs' Motion to Disqualify when any alleged conflict

14   or prejudice was caused by their own actions? Yes.

## IV.    EVIDENCE RELIED UPON

15

16        Mr. Cliber and Mr. Russ rely upon the declarations of Nathan Cliber, Blair Russ, and

17   Michael Tracy, and the Court's records and pleadings contained herein.

## V.    AUTHORITY

18

19   **A.    Motions to Disqualify Are Disfavored, Especially So When Used for the Purposes of Harassment and Tactical Advantage**

20

21        Motions to disqualify counsel are disfavored and are only granted when "absolutely

22   necessary." *Switch Comm's Grp. v. Ballard*, 2011 WL 3859725, *2 (D.Nev. Aug. 31, 2011)

23

24   ---
[3] Appeal no. 24-5188 (from WDWA 2:23-cv-01829-JNW) is still pending, though Mr. Benshoof's opening brief is due the same day as the filing of this opposition (April 1). Dkt. 12.1. Mr. Benshoof has been given multiple extensions to file his opening brief and has so far failed to meet them.

25   [4] As noted in Defendants' Motion to Dismiss, though they have not yet been served, Defendants' Counsel have retained their own counsel, who plan to appear and similarly move to dismiss Plaintiffs' meritless claims. Dkt. 90; Tracy Decl., ¶ 5.

DEFENDANTS CLIBER AND RUSS'S
OPPOSITION TO MOTION TO DISQUALIFY -
4
2:24-cv-00808-JHC

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

1   (citing *United States v. Titan Pacific Constr. Corp.*, 637 F.Supp. 1556, 1562 (W.D. Wash. 1986).

2   Courts are especially vigilant that such motions not be misused for the purpose of harassment,

3   delay, or other tactical advantage. *See, e.g., id.* "Because of this potential for abuse,

4   disqualification motions should be subjected to particularly strict judicial scrutiny." *Optyl*

5   *Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (internal

6   quotations and citations omitted). The party seeking disqualification bears the burden of proof.

7   *See, e.g., Takiguchi v.. MRI Int'l, Inc.*, 2014 WL 3105068, *4 (D.Nev. July 7, 2014). "A motion

8   to disqualify should be accompanied by declarations and admissible evidence sufficient to

9   establish the factual predicate on which the motion depends." *Colyer v. Smith*, 50 F.Supp.2d 966,

10  967 (C.D. Cal. 1999).

11          Motions to disqualify counsel are decided under state law. *In re Cnty. of L.A.*, 223 F.3d

12  990, 995 (9th Cir. 2000); *see also Titan Pac. Const. Corp.*, 637 F. Supp. at 1560. In Washington,

13  state courts are reluctant to disqualify an attorney absent compelling circumstances. *Pub. Util.*

14  *Dist. No. 1 of Klickitat Co. v. Int'l Ins. Co.*, 124 Wash.2d 789, 812, 881 P.2d 1020 (1994).

15  Disqualification is only an appropriate sanction where there is an unresolvable issue involving

16  the rules of professional conduct. *Titan Pac. Constr. Corp.*, 637 F. Supp. at 1562.

17  **B.    Plaintiffs' Motion Fails to Identify or Meet the Standards for**
18  **Disqualification, and Defendants' Counsel Are Not Pro Se Defendants**

19          Preliminarily, the Court may reject Plaintiffs' Motion wholesale due to their failure to

20  provide any declarations or admissible evidence, much less anything sufficient to "establish the

21  factual predicate on which the motion depends." *Colyer v. Smith*, 50 F.Supp.2d 966, 967 (C.D.

22  Cal. 1999). Their Motion also fails to identify any standards by which the Court should evaluate

23  the extreme relief they seek. These procedural deficiencies are fatal, given that they have the

24  burden of proof. *See Takiguchi*, 2014 WL 3105068, at *4.

25          Furthermore, many of Plaintiffs' arguments are predicated upon the false assumption that

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

1    Defendants' Counsel will be representing themselves pro se. Dkt. 89, 1, and 4-6. As Defendants

2    noted in their pending Motion to Dismiss, Defendants' Counsel have not yet been served, but

3    they have retained their own counsel and plan to file their own motion to dismiss Plaintiffs'

4    meritless claims. Tracy Decl., ¶ 5; Dkt. 90, 4.

5    **C.    Plaintiffs Provide No Salient Basis as to Why Defendants' Counsel's**

6    **Representation of Defendants Violates RPC 1.7**

7    RPC 1.7 addresses an attorney's ethical obligations to concurrent clients. Under

8    RPC 1.7(a)(1) and (2), a conflict of interest exists between concurrent clients when either (1) the

9    representation of one client is directly adverse to another client; or (2) there is a "significant risk"

10   that the representation of one client will be materially limited by the representation of another

11   client. The underlying principles to this rule are loyalty and independent judgment to each client.

12   *Id.*, cmt 1. Clients may ordinarily consent to representation notwithstanding a conflict. *Id.*,

13   Comment 15; RPC 1.7(b)(1)–(4).

14   With respect to RPC 1.7, Plaintiffs' Motion does little more than announce portions of

15   the RPC and then conclude that Defendants' Counsel's representation is in violation. First, they

16   misidentify Defendants and Defendants' Counsel as opposing parties. Dkt. 89, 2. Defendants and

17   Defendants' Counsel are all defendants in this matter—their interests are not opposed. Cliber

18   Decl., ¶ 5; Russ Decl., ¶ 5; Tracy Decl., ¶ 4. Then, they claim that Defendants' Counsel's

19   personal interests are implicated by the outcome of the claims against Defendants, but fail to

20   state how or why the representation of Defendants will be materially limited by Defendants'

21   Counsel's personal interests. Dkt. 89, 3. Finally, Plaintiffs cite to various client consent

22   requirements under RPC 1.7 (b), but fail to identify any basis as to how the requirements are not

23   met here. *Id*. at 4.

24   Like the remainder of Plaintiffs' Motion, their complaints under RPC 1.7 amount to

25   simply citing the RPC and then concluding it has been violated, falling well short of identifying

DEFENDANTS CLIBER AND RUSS'S
OPPOSITION TO MOTION TO DISQUALIFY -
6
2:24-cv-00808-JHC

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

the "compelling circumstances" required to grant the Motion. *Pub. Util. Dist. No. 1 of Klickitat Co.*, 124 Wash.2d at 812.

**D.    Plaintiffs' Complaints Under RPC 3.7 Fail Because They Are the Cause of Any Purported Witness Issues, Which They Are Attempting to Use for Tactical Advantage**

Courts must be "especially vigilant that [motions to disqualify counsel] not be misused for the purpose of harassment, delay, or other tactical advantage". *Switch Comm's Grp.*, 2011 WL 3859725, *2 (D.Nev. Aug. 31, 2011) (citing *Titan Pacific Constr. Corp.*, 637 F.Supp. at 1562. Plaintiffs' improper strategy across years of failed and abusive litigation is clear—nearly every successive lawsuit adds to it the prior lawsuits' defense counsel as defendants, in an improper attempt to conflict out the attorneys and gain a tactical advantage in successive litigation. *Compare, e.g.,* KCSC 22-2-15958-8 *to* WDWA 2:23-cv-01392-JNW (Naming Mr. Russ as a defendant after he represented Ms. Owen).

Further, each of Plaintiffs' arguments under RPC 3.7 are predicated solely upon Defendants' Counsel being pro-se defendants—they are not. Dkt. 89, 4-6; Tracy Decl., ¶ 5.

**E.    Any Alleged Prejudice or Potential Jury Confusion Is of Plaintiffs' Own Making**

Plaintiffs also use RPC 3.7 to complain of supposed prejudice and jury confusion, but both issues arise from their repeated insistence on suing the attorneys who represent their litigation targets. WDWA 2:23-cv-01392-JNW, WDWA 2:23-cv-01829-JNW, and KCSC 22-2-15958-8. Similar to a party with unclean hands being prevented from challenging a contract or bringing a claim for equitable estoppel, Plaintiffs improperly attempt to complain about prejudice while simultaneously being the cause of the issue. *See Top Line Builders, Inc. v. Bovenkamp*, 179 Wash.App. 794, 815, 320 P.3d 130 (2014) ("a party with unclean hands may not assert equitable estoppel" in Washington.); *J.L. Cooper & Co. v. Anchor Sec. Co.*, 9 Wash.2d 45, 2 (1941) (The doctrine of unclean hands prevents a party from obtaining equitable relief if the party has committed willful misconduct that has an immediate and necessary relation to the

DEFENDANTS CLIBER AND RUSS'S
OPPOSITION TO MOTION TO DISQUALIFY -
7
2:24-cv-00808-JHC

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

1    requested relief.).

2         Plaintiffs' also selectively quote from and ignore relevant portions of RPC 3.7, claiming

3    that "[c]ourts consistently recognize [attorney-witnesses] as impermissible, as it violates

4    fundamental fairness and due process rights, and unduly prejudices Plaintiffs' right to a fair

5    trial." Dkt. 89, 6. But RPC 3.7 provides that "[a] lawyer shall not act as advocate at a trial in

6    which the lawyer is likely to be a necessary witness **unless**:…(3) disqualification would work

7    substantial hardship **on the client**; or (4) the lawyer has been called by the opposing party and

8    the court rules that the lawyer may continue to act as an advocate." (emphasis added).

9    Washington's revision to comment 3 clarifies that:

> paragraph (a)(3) recognizes that a balancing is required between the interests of
> the client and those of the tribunal and the opposing party. Whether the tribunal is
> likely to be misled or the opposing party is likely to suffer prejudice depends on
> the nature of the case, the importance and probable tenor of the lawyer's
> testimony, and the probability that the lawyer's testimony will conflict with that of
> other witnesses. Even if there is risk of such prejudice, in determining whether the
> lawyer should be disqualified, due regard must be given to the effect of
> disqualification on the lawyer's client.

15   Accordingly, Washington courts interpret RPC 3.7 to require that motions for disqualification

16   "must be supported by a showing that (1) the attorney will give evidence material to the

17   determination of the issues being litigated, (2) the evidence is unobtainable elsewhere, and (3)

18   the testimony is or may be prejudicial to the **testifying attorney's client**." *State v. Sanchez*, 171

19   Wash.App. 518, 545, 288 P.3d 351 (2012) (emphasis added). Not only does Plaintiffs' Motion

20   fail to raise or identify these requirements, it puts the question of prejudice on the wrong party.

21   Here, the question of prejudice is whether it affects *Defendants*, not Plaintiffs. And

22   disqualification would do substantial prejudice to Defendants. Cliber Decl., ¶ 4; Russ Decl., ¶ 4.

23        Lastly, Washington's additional comment 8 warns against the exact tactic Plaintiffs seek

24   to benefit from:

> When a lawyer is called to testify as a witness by the adverse party, there is a risk
> that Rule 3.7 is being inappropriately used as a tactic to obtain disqualification of

DEFENDANTS CLIBER AND RUSS'S
OPPOSITION TO MOTION TO DISQUALIFY -
8
2:24-cv-00808-JHC

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

the lawyer. Paragraph (a)(4) is intended to confer discretion on the tribunal in determining whether disqualification is truly warranted in such circumstances.

Mr. Benshoof, and the remaining Plaintiffs by extension, have repeatedly attempted to conflict out attorneys and judges throughout his litigation history, even attempting to serve a municipal judge mid-sentencing hearing to affect her ruling. Tracy Decl., ¶ 2. They should not be rewarded for such abusive tactics.

As Plaintiffs' own conduct is the cause of their complained prejudice and jury confusion, the Court should deny their motion.

**F.     The Remainder of Plaintiffs' Motion Is Devoid of Argument**

The remaining sections of Plaintiffs' Motion, Sections H-M, contain no argument whatsoever, instead only citing to and quoting various RPCs, including 3.3, 3.1, 8.3, and 8.4, regarding candor, representations and statements by lawyers, reporting professional misconduct, and professional misconduct. Dkt. 89, 8-14. None of these sections, however, contain any argument or allegation that Defendants' Counsel have violated these RPCs (or even any statement about Defendants or Defendants' Counsel), and as such no response is necessary. That Plaintiffs spent six pages copying and pasting rules and case citations and failed to include a single sentence related to Defendants or Defendants' Counsel only speaks to the lack of merit to their motion. It should be denied.

**VI.     CONCLUSION**

Plaintiffs' Motion to Disqualify relies on manufactured prejudice of their own making, false assumptions, and repeated misconstruction of the RPCs. It was brought to harass and gain an improper tactical advantage, and will be mooted entirely if the Court grants Defendants' Motion to Dismiss. Defendants' request that Plaintiffs' Motion be denied in full.

I certify that this memorandum contains 2,728 words, in compliance with the Local Civil Rules.

DEFENDANTS CLIBER AND RUSS'S
OPPOSITION TO MOTION TO DISQUALIFY -
9
2:24-cv-00808-JHC

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

1

Dated:  April 1, 2025

GORDON REES SCULLY MANSUKHANI,
LLP

2

3

By:    */s/ Sarah N. Turner*
Sarah N. Turner, WSBA No. 37748

4

By:    */s/ Michael C. Tracy*
Michael C. Tracy, WSBA No. 51226
701 5th Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5178
Fax: (206) 689-2822
Email:  sturner@grsm.com
Email:  mtracy@grsm.com

5

6

7

8

9

*Attorneys for Defendants Nathan Cliber and Blair
Russ*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DEFENDANTS CLIBER AND RUSS'S
OPPOSITION TO MOTION TO DISQUALIFY -
10
2:24-cv-00808-JHC

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

**CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury under the laws of the United States and the State of Washington that on April 1, 2025, the foregoing document was served upon the following parties in the manner indicated below:

Kurt Benshoof                                   ☐ U.S. Mail, Postage Prepaid
22701 42nd Place W                           ☐ Legal Messenger
Mount lake Terrace, WA 98043                     ☐ E-Mail
Tel: (206) 460-4202                              ☒ CM/ECF
Email:    kurtbenshoof@gmail.com
              Kurtbenshoof1@gmail.com

Pro Se Plaintiff

Monica Ghosh                                     ☐ U.S. Mail, Postage Prepaid
Darren Anthony Feider                            ☐ Legal Messenger
Sebris Busto James                              ☐ E-Mail
15375 SE 30th Place, Suite 310              ☒ CM/ECF
Bellevue, WA 98007
Tel: (425) 450-3382

Attorneys for Defendants Michael Fox, Tyler
Goslin, and Steven Mitchell

Howard Brown                                    ☐ U.S. Mail, Postage Prepaid
1003 West Michigan Street                        ☐ Legal Messenger
Hammon, LA 70401                                ☐ E-Mail
                                                 ☒ CM/ECF
Pro Se Interested Party

Catherine E. Riedo                               ☐ U.S. Mail, Postage Prepaid
Carson W. Canonie                               ☐ Legal Messenger
Assistant City Attorneys                         ☐ E-Mail
701 5th Avenue, Suite 2050                  ☒ CM/ECF
Seattle, WA 98104
Email:    catherine.riedo@seattle.gov
              Carson.canonie@seattle.gov

Attorneys for Defendant City of Seattle

Dated:  April 1, 2025

                                          _s/ Marry Marze_____
                                          Marry Marze, Legal Assistant

DEFENDANTS CLIBER AND RUSS'S
OPPOSITION TO MOTION TO DISQUALIFY -
11
2:24-cv-00808-JHC

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822