UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Mr. Kurt A. Benshoof,
A.R.W. By and Through His Father, Mr.
Kurt A. Benshoof, Brett Fountain, Urve
Maggitti,

                                    Plaintiffs,

v.                                           Case No. 2:24-cv-00808-JHC

ANDREA CHIN, et al.

                                    Defendants.

### Co-Plaintiff Urve Maggitti's MOTION IN SUPPORT to "RESPONSE TO OPPOSITION TO JUDICIAL NOTICE OF FACTS" filed by Co-Plaintiff Brett Fountain

On March 26, 2024, Co-Plaintiff Brett Fountain filed into Case No. 2:24-CV-00808-JHC document entitled: "RESPONSE TO OPPOSITION TO JUDICIAL NOTICE OF FACTS " via fax to following:

- Clerk, United States District Court, Washington Western District at Seattle, via fax (206) 553-0882
- Co-Plaintiff Urve Maggitti, via fax (610) 947-5116
- Co-Plaintiff Kurt Benshoof c/o KCCF, via fax (206) 296-0168
- Defendants c/o Leesa Manion, via fax (206) 296-0191

On March 26, 2024, Co-Plaintiff Urve Maggitti received the said fax. See attached EXHIBIT A.

Co-Plaintiff Urve Maggitti, hereby state the following in support of Co-Plaintiff Brett Fountain's clarification and rebuttal to defendents' spurious opposition to this Court's following of its rules under Federal Rule 201, which govern the judicial notice of specific facts which are not subject to reasonable dispute:

    1. Leesa Manion, on behalf of defendants King County, Catherine Cornwall, Pascal Herzer, and Julie Salle ("Defendants") filed [Dkt #91] an opposition to Fountain's Dkt #87 Judicial Notice.

    2. Defendants made a number of repetitive vague conclusory assertions that the facts Fountain brought are not appropriate for judicial notice.

1

3. Defendants did not offer any law or rule that would tend to support Defendants' conclusory notions.

4. Defendants did not directly challenge any specific fact Fountain brought.

5. Defendants seem to be targeting only one fact: that Fountain is a plaintiff.

6. Defendants seem to have no issue with any other facts Fountain brought.

7. The facts Fountain offered for judicial notice need not be "generally known throughout" anywhere or by anyone in particular, as Manion carelessly infers; these facts are matters of the court's own record. Manion should speak with candor before this court, and recognize that the conjunction actually used in Rule 201(b) is "or", not "and".

8. It would appear that what Manion is truly attempting to do is an end-run for prematurely addressing the issue of whether or not Fountain should continue to be a plaintiff, prior to this Court having the opportunity to hold a proper hearing and rule on Cliber's and Russ' [Dkt #90] motion to have some plaintiffs removed. Manion is muddying the waters. That motion has yet to be heard. For now, per the record, Fountain is a plaintiff.

9. While Cliber and Russ may be unaware as to why it is proper for Fountain to continue being a plaintiff, that is a separate matter from this judicial notice. Fountain is confident that Cliber and Russ and Manion and everyone will readily comprehend, once that particular matter is heard, but Defendants' opposition to Fountain's judicial notice appears to hinge on Manion's improvident presumption to offer Cliber's and Russ' lack of awareness, as if someone had offered ultimate evidentiary facts which might be capable of bringing anything into dispute.

10. Notwithstanding Manion's seemingly-frantic repetition of frivolous conclusions about what is inappropriate, the facts noticed were from the official court record. As such, these facts are <u>perfectly appropriate</u> for judicial notice, being <u>exactly</u> identified by Fed. R. Evid. 201.

11. Manion cited case law which appears to caution against too lightly taking judicial notice; however, there is no danger of injustice here. Manion appears to merely be churning the case, as it is obvious that no defendant could benefit if the court were to begin violating the rules of evidence and treating the court's own record as if it were a source whose accuracy could reasonably be questioned.

12. The plain language of Rule 201 (c) (2), (f) is mandatory - not discretionary.

2

## **CONCLUSION**

Co-Plaintiff Maggitti requests that the court simply follow the Federal Rules of Evidence, take judicial notice of these facts from the court's own record, and recognize that while Cliber and Russ may wish to change Fountain's status as plaintiff, this in itself does not make the current facts improper for judicial notice.

Co-Plaintiff Maggitti also requests that this court admonish Defendants regarding Manion's irresponsible conflation of issues which waste everybody's time and this court's judicial resources, and regarding Manion's reliance on her own inferences and conclusions (or on Cliber's and Russ' emotions and lack of awareness) rather than on any evidentiary facts, which is what Defendants should have tried to bring.

This Court must promptly take judicial notice of the noticed facts, receiving them all into evidence, and then instruct the jury that the Court has taken judicial notice and instruct the jury to accept the noticed facts as conclusive.

RESPECTFULLY SUBMITTED,

Signature: _____   Date: _____
/URVE MAGGITTI/   urve.maggitti@gmail.com

3

# ACKNOWLEDGMENT
## AFFIDAVIT
### (Verification)

STATE OF PENNSYLVANIA  )
COUNTY OF CHESTER  )

I, Urve Maggitti, the undersigned Affiant hereto, do hereby declare under penalties of perjury under the laws of the Commonwealth of Pennsylvania and the United States of America, that the foregoing accounting of facts are true and correct to the best of my current knowledge and belief.

I am over the age of 18 years of age, am a resident of the Commonwealth of Pennsylvania, have personal knowledge of the matters of this affidavit, and am capable of making such affidavit.

Pursuant to 28 U.S. Code § 1746 (1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____March_____ /_27_/2025

Signed: _____
            Urve Maggitti

Notary as JURAT CERTIFICATE

State of Washington_____
BEFORE ME personally appeared Urve Maggitti who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to her own personal knowledge.

_____
Notary Public,
My commission expires: 01/10/2026

Notary Public
State of Washington
AMIT K. PATEL
Lic. No. 147047
MY COMMISSION EXPIRES
January 10, 2026

Page 4

## CERTIFICATE OF SERVICE

| | | |
|---|---|---|
| **Aric S Bomsztyk**<br>TOMLINSON BOMSZTYK RUSS<br>1000 SECOND AVENUE<br>STE 3660<br>SEATTLE, WA 98104<br>206-621-1871<br>asb@tbr-law.com | representing | **Jessica Owen**<br>*(Defendant)* |
| **Carson Welsh Canonie**<br>SEATTLE CITY ATTORNEY'S OFFICE<br>701 FIFTH AVENUE<br>SUITE 2050<br>SEATTLE, WA 98104-7097<br>206-733-9239<br>carson.canonie@seattle.gov | representing | **City of Seattle**<br>*(Defendant)* |
| **Darren Anthony Feider**<br>SEBRIS BUSTO JAMES<br>15375 SE 30TH PL<br>STE 310<br>BELLEVUE, WA 98007<br>425-450-3388<br>dfeider@sbj.law | representing | **Michael Fox**<br>*(Defendant)*<br><br>**Steven Mitchell**<br>*(Defendant)*<br><br>**Tyler Goslin**<br>*(Defendant)* |
| **Monica Ghosh**<br>SEBRIS BUSTO JAMES<br>15375 SE 30TH PL<br>STE 310<br>BELLEVUE, WA 98007 | representing | **Michael Fox**<br>*(Defendant)* |

425-454-4233
mghosh@sbj.law

                          **Steven Mitchell**
                          *(Defendant)*

                          **Tyler Goslin**
                          *(Defendant)*

| | | |
|---|---|---|
| **Sarah Spierling Mack**<br>PACIFICA LAW GROUP LLP<br>1191 SECOND AVENUE<br>SUITE 2000<br>SEATTLE, WA 98101<br>206-245-1700<br>sarah.mack@pacificalawgroup.com | representing | **Jessica Skelton**<br>*TERMINATED:*<br>*08/09/2024*<br>*(Defendant)* |
| **Catherine E Riedo**<br>SEATTLE CITY ATTORNEY'S OFFICE<br>701 FIFTH AVENUE<br>SUITE 2050<br>SEATTLE, WA 98104-7097<br>206-684-7782<br>catherine.riedo@seattle.gov | representing | **City of Seattle**<br>*(Defendant)* |
| **Michael C Tracy**<br>GORDON REES SCULLY MANSUKHANI LLP (SEATTLE)<br>701 FIFTH AVE STE 2100<br>SEATTLE, WA 98104<br>206-659-5135<br>mtracy@grsm.com | representing | **Blair Russ**<br>*(Defendant)* |

                          **Nathan Cliber**
                          *(Defendant)*

| | | |
|---|---|---|
| **Sarah N Turner**<br>GORDON REES SCULLY MANSUKHANI LLP (SEATTLE)<br>701 FIFTH AVE STE 2100<br>SEATTLE, WA 98104<br>206-695-5100<br>sturner@grsm.com | representing | **Blair Russ**<br>*(Defendant)* |
| | | **Nathan Cliber**<br>*(Defendant)* |
| **Peggy C Wu**<br>KING COUNTY PROSECUTING ATTORNEY'S OFFICE (FIFTH AVE)<br>701 FIFTH AVE<br>STE 600<br>SEATTLE, WA 98104<br>206-263-4008<br>pwu@kingcounty.gov | representing | **Marshall Ferguson**<br>TERMINATED: 11/15/2024<br>*(Defendant)* |
| | | **King County**<br>*(Defendant)* |
| | | **Catherine Cornwall**<br>*(Defendant)* |
| | | **Julie Salle**<br>*(Defendant)* |
| | | **Pascal Herzer**<br>*(Defendant)* |

# EXHIBIT A

Hon. John H. Chun

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

Kurt **Benshoof**, A.R.W. by and
through his father Kurt Benshoof,
Brett **Fountain**, Urve **Maggitti**,
    Plaintiffs,

v.                                                        No. 2:24-CV-00808-JHC

Andrea **Chin**, et.
    Defendants.

## RESPONSE TO OPPOSITION TO
## JUDICIAL NOTICE OF FACTS

I, the undersigned, offer this Court my response to clarify and to rebut a spurious opposition to this Court's following of its rules which govern the judicial notice of specific facts which are not subject to reasonable dispute.

1. Leesa Manion, on behalf of defendants King County, Catherine Cornwall, Pascal Herzer, and Julie Salle ("Defendants") filed [Dkt #91] an opposition to Fountain's [Dkt #87] Judicial Notice.

2. Defendants made a number of repetitive vague conclusory assertions that the facts Fountain brought are not appropriate for judicial notice.

3. Defendants did not offer any law or rule that would tend to support Defendants' conclusory notions.

4. Defendants did not directly challenge any specific fact Fountain brought.

5. Defendants seem to be targeting only one fact: that Fountain is a plaintiff.

6. Defendants seem to have no issue with any other facts Fountain brought.

7. The facts Fountain offered for judicial notice need not be "generally known throughout" anywhere or by anyone in particular, as Manion carelessly infers; these facts are matters of the court's own record. Manion should speak with candor before this court, and recognize that the conjunction actually used in Rule 201(b) is "or", not "and".

8. It would appear that what Manion is truly attempting to do is an end-run for prematurely addressing the issue of whether or not Fountain *should continue to be* a plaintiff, prior to this Court having the opportunity to hold a proper hearing and rule on Cliber's and Russ' [Dkt #90] motion to have some plaintiffs *removed*. Manion is muddying the waters. That motion has yet to be heard. For now, per the record, Fountain *is* a plaintiff.

9. While Cliber and Russ may be unaware as to *why* it is proper for Fountain to continue being a plaintiff, that is a separate matter from this judicial notice. Fountain is confident that Cliber and Russ and Manion and everyone will readily comprehend, once that particular matter is heard, but Defendants' opposition to Fountain's judicial notice appears to hinge on Manion's improvident presumption to offer Cliber's and Russ' lack of awareness, as if someone had offered ultimate evidentiary facts which might be capable of bringing anything into dispute.

10. Notwithstanding Manion's seemingly-frantic repetition of frivolous conclusions about what is inappropriate, the facts noticed were from the official court record. As such, these facts are <u>perfectly appropriate</u> for judicial notice, being <u>exactly</u> identified by Fed. R. Evid. 201.

11. Manion cited case law which appears to caution against too lightly taking judicial notice; however, there is no danger of injustice here. Manion appears to merely be churning the case, as it is obvious that no defendant could benefit if the court were to begin violating the rules of evidence and treating the court's own record *as if* it were a source whose accuracy could reasonably be questioned.

12. The plain language of Rule 201(c)(2), (f) is mandatory - not discretionary.

## CONCLUSION

Fountain requests that the court simply follow the Federal Rules of Evidence, take judicial notice of these facts from the court's own record, and recognize that while Cliber and Russ may wish to change Fountain's status as plaintiff, this in itself does not make the current facts improper for judicial notice.

Fountain also requests that this court admonish Defendants regarding Manion's irresponsible conflation of issues which waste everybody's time and this court's judicial resources, and regarding Manion's reliance on her own inferences and conclusions (or on Cliber's and Russ' emotions and lack of awareness) rather than on any evidentiary facts, which is what Defendants should have tried to bring.

This Court *must* promptly take judicial notice of the noticed facts, receiving them all into evidence, and then instruct the jury that the Court has taken judicial notice and instruct the jury to accept the noticed facts as conclusive.

EXECUTED on this 26th day of March 2025.

/s/ *Brett Fountain*
Plaintiff

### CERTIFICATE OF SERVICE

I certify that on this 26th day of March 2025, a copy of this document is being sent by me as follows:

- Clerk, United States District Court, Washington Western District at Seattle, via fax (206) 553-0882
- Co-Plaintiff Urve Maggitti, via fax (610) 947-5116
- Co-Plaintiff Kurt Benshoof c/o KCCF, via fax (206) 296-0168
- Defendants c/o Leesa Manion, via fax (206) 296-0191

/s/ *Brett Fountain*
Sender

