UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Mr. Kurt A. Benshoof,
A.R.W. By and Through His Father, Mr. Kurt
A. Benshoof, Brett Fountain, Urve Maggitti,
                              Plaintiffs,

v.                                                    Case No. 2:24-cv-00808-JHC

ANDREA CHIN, et al.
                              Defendants.

**PLAINTIFFS' COMBINED REPLY IN OPPOSITION TO MOTION TO DISMISS (DKT. 90)
and MOTION TO STRIKE filed by Plaintiffs Maggitti and Fountain**

### RELEVANT PROCEDURAL HISTORY

1.  On January 10, 2025, Plaintiffs Benshoof, Maggitti, and Fountain, filed MOTION for Leave to File Proposed AMENDED COMPLAINT (Dkt. 63), and authorized use of their signatures.

2.  On February 11, 2025, Court granted Plaintiffs' (Dkt. 63) Motion for Leave to File Amended Complaint.

3.  On On February 11, 2025, First Amended Complaint was filed by Plaintiffs.

4.  On February 12, 2025, after the court granted the motion to amend - Plaintiff Maggitti signed an affidavit attesting to the fact that she is Co-Plaintiff and has attached her signature to amended complaint. (Dkt. 94)

5.  On February 21, 2025, MOTION for Reconsideration [re Dkt. 68] Order on Motion for Leave to File , was filed by Defendant City of Seattle.

6.  On February 24, 2025, Plaintiff Kurt Benshoof was sentenced by the City of Seattle Municipal Court, located in King County  and taken into immediate custody before the completion of his sentencing hearing. He was immediately and inexplicably placed into maximum security confinement, on Floor 11 and continues to be held in solitary confinement without access to legal resources, including writing materials, a computer/tablet, internet. Additionally, he has been unable to communicate with his attorney, Robert E. Barnes.

1

7. On March 5, 2025, Plaintiff Maggitti submitted Plaintiff Benshoof's reply to Defendant City of Seattle [Dkt. 84] which was drafted prior to Plaintiff Benshoof's unconstitutional incarceration by a court of limited jurisdiction having no statutory right to prosecute nor incarcerate Mr. Benshoof.

8. On March 17, 2025, Plaintiffs filed a *PLAINTIFFS' MOTION TO DISQUALIFY COUNSEL (CONFLICT OF INTEREST)* [Dkt. 89].

9. On March 17, 2025, Defendants Nathan Cliber, Blair Russ filed MOTION to Dismiss *Claims Against Defendants Cliber and Russ Pursuant to FRCP 12(b)(6)*, filed by their Co-Defendants Sarah N. Turner and Michael C. Tracy [Dkt. 90].

## I. INTRODUCTION

Defendants Nathan Cliber and Blair Russ by way of their defense counsel who are simultaneously their Co-Defendants Sarah N. Turner and Michael C. Tracy, seek dismissal of all claims (Dkt. 90) against all Plaintiffs "*to dismiss with prejudice all the claims in Plaintiffs Kurt Benshoof, A.R.W. (by and through his father Kurt Benshoof), Brett Fountain, and Urve Maggitti's First Amended Complaint ("FAC") against them.*"

The motion to dismiss is procedurally and substantively deficient. Defendants mischaracterize the pleadings and fail to rebut well-pleaded factual allegations supported by constitutional and statutory law. The motion, filed by Defendants Nathan Cliber, Blair Russ, Sarah N. Turner, and Michael C. Tracy, is fundamentally flawed and should be denied in its entirety.

## II. PROCEDURAL DEFICIENCIES

The motion to dismiss is procedurally deficient as it fails to adhere to established legal standards. In *Pflaum v. Town of Stuyvesant*, No. 1:11-cv-335 (GTS/RFT), 2014 WL 12891533, at *5 (N.D.N.Y. Oct. 23, 2014) the court emphasized the necessity for motions to be grounded in factual and legal sufficiency, which Defendants' motion lacks. Similarly, in *Sube v. City of Allentown*, 974 F. Supp. 2d 754 (E.D. Pa. 2013) the court highlighted the importance of clear procedural compliance, which is absent here. Defendants' motion mischaracterizes the pleadings and fails to address the well-pleaded factual allegations, warranting its dismissal.

Co-Plaintiffs Maggitti and Fountain respectfully submit this reply and move to strike the improper motion dismiss because Defendants Nathan Cliber, Blair Russ, Sarah N. Turner and Michael C. Tracy

have no standing to file motion to dismiss against Plaintiffs Maggitti and Fountain as none of the causes of action by the Plaintiffs Maggitti and Fountain are plead against Defendants Nathan Cliber, Blair Russ, Sarah N. Turner and Michael C. Tracy.

The motion to dismiss must be stricken due to the fact that it was filed by Co-Defendants Sarah N. Turner and Michael C. Tracy who are acting as counsel representing their Co-Defendants Nathan Cliber and Blair Russ - due to significant conflicts of interest and the resulting prejudice to all Plaintiffs.

## *Legal action against Defendants City of Seattle and King County*

Co-Plaintiff Kurt Benshoof filed this legal action against Defendants City of Seattle and King County - the same defendants who continue to violate Plaintiff Benshoof's rights protected under Washington State constitution, its laws, statutes and rules and by Constitution of United States, the supreme law of the land.

## *Unconstitutional Prosecution and Persecution by Defendants City of Seattle and King County*

Defendants City of Seattle and King County have not only prosecuted Co-Plaintiff Benshoof despite having no such statutory authority, but have compounded the immeasurable damage upon Plaintiff Benshoof by unconstitutionally incarcerating him on February 24, 2025, and placing him in solitary confinement without any access to legal resources, including writing materials, a computer/tablet, internet.

## *Defendants City of Seattle and King County Have Custody Of Plaintiff's Evidence*

The Defendants City of Seattle and King County are responsible for illegally removing Co-Plaintiff Benshoof's computer and cell phone, containing the evidence against the defendants sued not only in this action but in other legal actions that Co-Plaintiff Benshoof has rightfully filed, under the Petition Clause of the First Amendment guarantees "the right of the people... to petition the Government for a redress of grievances." U.S. CONST. amend. I. The Supreme Court has affirmed that this right includes meaningful access to the courts (Marbury v. Madison, 5 U.S. 137, 147 (1803)).

**_Defendants City Of Seattle And King County Violating Plaintiff's Right To Access Court_**

Due to the direct actions by Defendants City of Seattle and King County Co-Plaintiff Benshoof is not able to access court for redress of grievances, to file his Reply to the Motion to Dismiss filed by Co-Defendants Nathan Cliber, Blair Russ, Sarah N. Turner and Michael C. Tracy.

In _Washington v. U.S. Department of Homeland Security_ 614 F.Supp.3d 863 (2020)  the District Court for the Western District of Washington held that the State of Washington stated a plausible right-of-access-to-court claim based on the practice of DHS, ICE, and CBP of civilly arresting people in or near Washington state courthouses,

## III. SUBSTANTIVE CLAIMS UNDER §§ 1983 AND 1985

The First Amended Complaint (FAC) adequately states claims under §§ 1983 and 1985. Defendants erroneously assert that Plaintiffs fail to allege state action or conspiracy. However, the FAC details extensive facts showing joint action with state actors to deprive Plaintiffs of constitutional rights:

- Joint participation in fabricating family court evidence to obtain facially void protective orders.
- Collusive efforts with SPD and King County officials to detain Plaintiff Benshoof on baseless pretexts.
- Use of court orders obtained through perjury and ex parte communication to weaponize law enforcement against Plaintiffs.

These acts constitute "joint action" for § 1983 purposes. See _Dennis v. Sparks_, 449 U.S. 24, 27–28 (1980);  In _NAACP of San Jose/Silicon Valley v. City of San Jose_,  562 F. Supp. 3d 382 (N.D. Cal. 2021) the court recognized similar joint actions as sufficient for § 1983 claims. Additionally, _Dean v. Town of Hempstead_ 163 F. Supp. 3d 59, 82 (E.D.N.Y. 2016) and _Bonilla v. City of Allentown_ 359 F. Supp. 3d 281, 287 (E.D. Pa. 2019), as amended (Apr. 19, 2019) support the assertion that Plaintiffs' allegations meet the threshold for conspiracy under § 1985.

In _California Attorneys for Criminal Justice v. Butts_ 922 F.Supp. 327 (1996), the District Court for the Central District of California held that individuals stated a claim under § 1983, while corporations lacked direct or third-party standing.

In *Olympus Spa v. Armstrong*, 675 F.Supp.3d 1168 (2023) the District Court for the Western District of Washington held that a spa had Article III standing to bring a pre-enforcement action for violation of First Amendment rights and that the action met requirements for prudential ripeness

## IV. RES JUDICATA AND COLLATERAL ESTOPPEL

Defendants' reliance on res judicata and collateral estoppel is misplaced. The dismissal of earlier actions under UPEPA involved different claims and factual circumstances. Federal courts apply res judicata narrowly, and dismissal under UPEPA is not equivalent to full adjudication on the merits. *See e.g., Darling v. Linde, Inc.*, No. 21-cv-01258, 2023 WL 2320117 (D. Or. Feb. 28, 2023) (SLAPP dismissal does not preclude claims on new factual basis).

This action includes new claims and defendants, as well as additional harms not previously adjudicated, including:

- New claims arising from events between January 2024 and January 2025.
- Additional harms, including the July 3, 2024 SWAT raid and suppression of legal filings from jail.
- New defendants and causes of action beyond the scope of the 2023 cases.

In *Oil Heat Institute of Long Island, Inc. v. Town of Babylon* 156 A.D.2d 352 (1989) where the court addressed the preemption of local laws by state statutes, indicating that new factual circumstances can lead to different legal outcomes, the court held that res judicata does not apply to claims arising from new factual bases. Similarly, *Speer v. Brown Jacobson P.C.*, 222 Conn.App. 638 (2023) underscores that collateral estoppel requires identical issues, which is not the case here. In *Speer v. Brown Jacobson P.C.*, where the court stated that collateral estoppel prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim.    Additionally, "*Dancor Const., Inc. v. FXR Const., Inc*.  2016 IL App (2d) 150839 (2016) clarifies that for collateral estoppel to apply, the identical issue must have been necessarily decided in the prior action, and the party opposing the doctrine must have had a full and fair opportunity to contest the prior determination.

## V.  PLAINTIFFS HAVE STANDING AND PROPERLY ASSERT CLAIMS

A.R.W. is represented under Fed. R. Civ. P. 17(c) as a minor through a competent next

friend/assistance of counsel his father Plaintiff Benshoof ,[1] and the FAC asserts specific violations of his rights under the First, Fourth, and Fourteenth Amendments.

Plaintiffs Maggitti and Fountain were harmed by being barred from assisting Benshoof and threatened with contempt for lawful activities, while all plaintiffs have the right to assistance of counsel as defined in  *Judiciary Act of 1789, 1 Stat. 73, 92.*

The claims are properly pleaded, and factual assertions must be taken as true at this stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).


### Ad Hominem Attacks

Defendants make unsubstantiated claims that Co-Plaintiff Kurt Benshoof is "***improperly representing***" Plaintiffs A.R.W., Brett Fountain, and Urve Maggitti.

That  *"Mr. Fountain and Ms. Maggitti are two of Mr. Benshoof's **enablers** who failed to sign the FAC.."*

That *"....the single claim brought by Mr. Fountain and Ms. Maggitti complains that **they were prohibited from the unlawful practice of law.**"*


### Right to Assistance of Counsel

In 1975 in *Faretta v. California*, United States Supreme Court acknowledges an established historical fact:

> *"Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment **\*813** was proposed, provided that 'in all the courts of the United States, the parties may plead and manage their own **causes personally or by the assistance of such counsel** . . ..' The right is currently codified in 28 U.S.C. s 1654."[2]*

The Court quoted from Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92** which states as follows:

---

[1] See *Faretta v. California* and Section 35 of the *Judiciary Act of 1789, 1 Stat. 73, 92*
[2] Faretta v. California, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)

"SEC. 35. And be it further enacted, **That in all courts** of the United States**, the parties may plead and manage their own causes <u>personally</u> <u>or by assistance of such counsel or attorneys at law</u>**" [3]

**<u>Judiciary Act of 1789</u>** was passed before ratification of the Sixth Amendment in the Bill of Rights in 1791. The drafters of the Sixth Amendment had deliberately removed the word ***attorneys at law*** from the Sixth Amendment, and substantially amended the language to read: ***"right to have the Assistance of Counsel."***

## *<u>Vexatious Litigant Orders Administrative Over Reach - Unconstitutional</u>*

*"Mr. Benshoof is a serial abuser of the state and federal judicial systems who is subject to vexatious litigant orders in King County Superior Court and the Western District of Washington".*

The vexatious litigant order(s) infringe upon Plaintiff Benshoof's right to access court and fundamentally eliminates, eviscerates, and nullifies the WA State Const. Section 21 and U. S. Const., Amdt. 7 to jury trial, because *"in federal court a jury finds the facts, depending on the nature of the claim. See U. S. Const., Amdt. 7. In addition, a life-tenured, salary-protected Article III judge presides, see* Art. III, § 1, *and the litigation is governed by the Federal Rules of Evidence and the ordinary rules of discovery."* <u>Sec. & Exch. Comm'n v. Jarkesy</u>, 603 U.S. 109, 117, 144 S. Ct. 2117, 2125, 219 L. Ed. 2d 650 (2024).

## *<u>WA State Court Vexatious Litigant ORDER: KCSC No. 22-2-15958-8</u>*

First, IF the State Court issued vexatious litigant order KCSC No. 22-2-15958-8 by Judge Ferguson would have been legally valid - the state court order has no jurisdiction over federal court, and has no authority to deny Plaintiff's federally protect first amendment right to petition courts.

Second, the Order issued by Judge Ferguson was without evidence of "domestic relations" between Benshoof and Owen: Benshoof and Owen have never been parties to "domestic relations." Under RCW Title 26, "domestic relations" are limited to "marriage, divorce, domestic partnership, legal separation, or declaration of invalidity." *See* RCW 26.09.004(3)(4); RCW 26.09.050(1); RCW 26.09.060(1)(a) .

---

[3] "The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts of the United States." "APPROVED , September 24, 1789."
<u>https://avalon.law.yale.edu/18th_century/judiciary_act.asp</u>

RCW 26.51.020(1)(a)(ii) defines "abusive litigation" as where the party who is "filing, initiating, advancing, or continuing litigation *has been found by a court to have committed domestic violence* against the other party."

RCW 26.51.030(1) states that a "party to a case may request from the court an order restricting abusive litigation *if* the parties *are current or former intimate partners* and one party *has been found by the court to have committed domestic violence* against the other party."

Benshoof had never found by any court to have committed domestic violence against Owen, nor any other person.

### *Testimony Under Oath At Trial Proves Benshoof Has Been Telling The Truth All Along*

Furthermore, the Detective Ellis had never served the restraining order upon Benshoof. and Detective Ellis testified to that fact under oath at the trial in March 2025 [!!!] at the King County Superior Court, presided by Judge Parisien.

### *Washington State Court's Blatant Violation of Constitutional Rights and Civil Rights*

Robert Barnes, attorney for Appellant Kurt Benshoof in the WA state criminal case, is shocked to hear that King County Superior Court Judge Parisien stated on the record in open court:

> "*There is no place for the Constitution in this courtroom & the Constitution is not lawful authority.*"



United States Senate Judiciary Committee Member, U.S. Sen. Ted Cruz (R-Texas), is taking note of the fact that "*There is no place for the Constitution in this courtroom & the Constitution is not lawful authority.*"



### Vexatious Litigant ORDER: WDWA 2:23-cv-01392-JNW

The Order terminating the case was issued on 06/28/2024 [Dkt. 245]. Notice of Appeal was filed on 7/02/2024. [Dkt. 247].

On 7/ 16/2024 after case was formally closed, Defendants filed "*MOTION Vexatious Litigant Order Against Plaintiff Kurt A. Benshoof, filed by Defendants Faye Chess, City of Seattle, Benjamin Coomer, Anita Crawford-Willis, Ann Davidson, Jenny Durkan, Adam Eisenberg, Willie Gregory, Gabriel Ladd, Matthew Lentz, Mary Lynch, Katrina Outland, Jerome Roache, Soheila Sarrafan, David Sullivan, Jordan Wallace.*"

On 02/11/2025, court issued an order declaring Plaintiff Benshoof vexatious litigant.

The filing of a notice of appeal divests the district court of jurisdiction over the matters involved in the appeal, conferring jurisdiction on the court of appeals (*Oceana, Inc. v. Ross*, 359 F.Supp.3d 821 (2019), (*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982). This principle is designed to

avoid confusion and promote judicial economy by preventing simultaneous jurisdiction over the same issues by two courts (*Oceana, Inc. v. Ross,* 359 F.Supp.3d 821 (2019)), (*Tribe v. United States Bureau of Reclamation*, 319 F.Supp.3d 1168 (2018)

Therefore, the so-called vexatious litigant order issued without jurisdiction over the matter  is effectively void ab initio.

## *No Vexatious Litigant ORDER: WDWA 2:23-cv-01829-JNW*

Contrary to the impression by the defendants in their motion to dismiss, there is no Vexatious litigant order issued in this case WDWA 2:23-cv-01829-JNW.

## *Under Jarkesy V. SEC (2024) Vexatious Litigant Orders Violate Seventh Amendment Right To A Jury Trial*

The administrative Court Order(s) violate Plaintiff's Seventh Amendment right to a jury trial, when it seeks to impose a a severe legal penalty, a punishment,  in attempt to designate Plaintiff as a vexatious litigant in clear unconstitutional power grab to administratively strip Plaintiff of his first amendment right to petition  courts . Under *Jarkesy v. SEC (2024),* such penalties must be adjudicated by an Article III court with a jury trial, as required by the Seventh Amendment

## *Defendants Contradictory Litigation Position in Related Proceeding*

In case WDWA 2:23-cv-01829-JNW Defendants Sarah E. Spierling Mack, Gregory C. Narver [Dkt. 77] position on filings into case where Notice of Appeal has been filed:

*" By filing his Notice of Appeal, Benshoof divested this Court of jurisdiction to hear his Motion to Vacate under Federal Rule of Civil Procedure ("Rule") 60(b). In the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"), "the filing of a notice of appeal divests the district court of jurisdiction to dispose of [a Rule 60(b)] motion after an appeal has been taken, without a remand from [the appellate court]." Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir. 1984); Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 772 (9th Cir. 1986) ("Unless the appellate court remands to the district court, the latter is without jurisdiction to consider motions to vacate judgment."). Thus, while a case is on appeal, "the district court [does] not have jurisdiction to decide [a Rule 60(b)] motion." Scott, 790 F.2d at 772. "To seek Rule 60(b) relief, [while a case is on appeal,] the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the appellate] court, if appropriate, for remand of the case." Id. (original punctuation omitted). Benshoof failed to comply with these procedural requirements. Because he failed to first ask this Court to entertain his motion, and failed to seek and obtain remand from the Ninth Circuit, his Motion to Vacate is procedurally defective and must be denied."*

Defendent Nathan L. Cliber position is same. [Dkt. 78] The court Order issued by Judge Whitehead on 4/4/2025 [Dkt. 82] stated same as reason to dismiss Plaintiff motions:

"If a party files a Rule 60(b) motion while the case is on appeal, the district court is without jurisdiction to consider it. Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 772 (9th Cir. 1986) ("Unless the appellate court remands to the district court, the latter is without jurisdiction to consider motions to vacate judgment.").

See attached EXHIBIT A

### *Void Ab Initio*

Therefore, the Defendants and Judge Whitehead who issued the so-called vexatious litigant order against Co-Plaintiff Benshoof are on the record attesting to the fact that the vexatious litigant Order was issued without jurisdiction over the matter  and is effectively void ab initio.

## VI. CONFLICT OF INTEREST

### *Turner and Tracy Must Be Disqualified Under RPCs 1.7 and 3.7*

The non-waivable nature of conflicts under Washington RPC 1.7 and 3.7:

1. An attorney is a named party to the litigation,
2. Is personally implicated in the same factual allegations,
3. And cannot objectively represent co-defendants due to conflicting interests.
4. A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness

### *Washington RPC 1.7(a)(2) prohibits representation when*:

"there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's personal interests."

Because Turner and Tracy are named defendants whose personal interests are directly implicated by the outcome of claims involving Defendants Cliber and Russ, their ability to objectively and

zealously represent Defendants Cliber and Russ is materially compromised. Their representation directly violates RPC 1.7(a)(1) and RPC 1.7(a)(2).

### *Lawyer as Witness (RPC 3.7)*

RPC 3.7 prohibits attorneys from acting as advocates at a trial where they are likely to be necessary witnesses. Attorneys Turner and Tracy will inevitably become witnesses regarding their own alleged conduct and knowledge of underlying facts, creating impermissible dual roles. Their testimony is critical to proving Plaintiffs' claims, making their continued representation improper and unethical.

*Suchite v. Kleppin*, 784 F. Supp. 2d 1343 (S.D. Fla. 2011) (lawyer disqualified from representing co-defendants but not from representing self at trial)

*State ex rel. Neb. State Bar Ass 'n v. Neumeister*, 449 N.W. 2d 17 (Neb. 1989) (lawyer suspended for not withdrawing; trial court's failure to disqualify "will not exonerate him from discipline where it is found that his conduct is in violation of disciplinary rules'). See generally *Douglas R. Richmond, Lawyers as Witnesses, 36 N.M. L. Rev. 47 (Winter 2006).*

### *Lawyer May Not Act as Advocate at Trial if Likely to Be Necessary Witness*

Rule 3.7 requires disqualification when it is "likely" the lawyer will be a "necessary" witness. *In re Gibrick*, 562 B.R. 183 (Bankr. N.D. Ill. 2017) (courts have "variously described" circumstances under which lawyer is necessary witness, such as when it is "foreseeable"; when lawyer is aware of facts making it "obligatory" for him to testify; when lawyer has "crucial information [that] must be divulged"; and when lawyer's testimony is "essential to the case"; collecting cases).

### *When Lawyer-Witness Is Also Litigant*

The rationales of the advocate-witness rule do not apply to the prose lawyer-litigant. *See Duncan v. Poythress*, 777 F. 2d 1508 (11th Cir. 1985);

*Suchite v. Kleppin*, 784 F. Supp. 2d 1343 (S.D. Fla. 2011) (lawyer disqualified from representing co-defendants but not from representing self at trial); [4]

---

[4] Ellen J. Bennett, Helen W. Gunnarsson. Annotated Model Rules of Professional Conduct (9th ed., 2019) (Kindle Locations 11438-11439). American Bar Association.

## *Prejudice to Plaintiffs and Jury Confusion*

Allowing Turner and Tracy to simultaneously serve as defendants and attorneys presents a substantial and unfair prejudice to Plaintiffs by confusing and misleading the jury. Jurors cannot reasonably distinguish when these attorneys are acting as advocates versus when they are testifying or defending themselves as witnesses or defendants. This dual capacity compromises the jury's ability to fairly assess witness credibility and undermines the integrity and fairness of the trial.

Courts consistently recognize this as impermissible, as it violates fundamental fairness and due process rights, and unduly prejudices Plaintiffs' right to a fair trial.

When a lawyer takes on both roles, jurors are likely to be confused about "whether statement by an advocate-witness should be taken as proof or as an analysis of the proof." Rule 3.7, cmt. [2].[5]

Confusion regarding the lawyer's role could prejudice a party or call into question the impartiality of the judicial process itself. See *People v. Rivera,* 986 N.E. 2d 634 (Ill. 2013) (rule protects against possibility that "attorney-witness may not be a fully objective witness, causing harm to the client's cause, or the trier of fact may gran undue weight to the attorney's testimony, unfairly disadvantaging the opposing party")

"The right to confront, cross-examine, and impeach adverse witnesses is one of the most fundamental rights sought to be preserved by the Seventh Amendment provision for jury trials in civil cases." *Adickes v. Kress & Co.*, 398 U.S. 144, 176 (1970).

*Jensen v. Poindexter*, 352 P. 3d 1201 (Okla. 2015) (rule protects integrity of judicial process by eliminating possibility that lawyer will not be an objective witness, reducing risk that fact-finder may confuse roles of witness and advocate, and promoting public confidence in a fair judicial system); *see also Smith v. Wharton,* 78 S.W. 3d 79 (Ark. 2002) (by sitting with trial counsel and actively participating in trial though he expected to testify, lawyer "reassumed his role as an advocate" and therefore should not have been allowed to testify; appellate court would disregard his testimony and would send copy of its opinion to disciplinary committee);

*State ex rel. Neb. State Bar Ass 'n v. Neumeister*, 449 N.W. 2d 17 (Neb. 1989) (lawyer suspended for not withdrawing; trial court's failure to disqualify "will not exonerate him from discipline where it is found that his conduct is in violation of disciplinary rules'). *See generally Douglas R. Richmond, Lawyers as Witnesses*, 36 N.M. L. Rev. 47 (Winter 2006).

---

[5] Ellen J. Bennett, Helen W. Gunnarsson. Annotated Model Rules of Professional Conduct (9th ed., 2019) (Kindle Locations 11217-11222). American Bar Association

Because the advocate-witness rule protects opposing parties and the integrity of the judicial system as a whole, the client's consent to the representation or willingness to forgo the lawyer's testimony will not prevent disqualification if the lawyer's testimony is deemed "necessary." See *Premium Prods., Inc. v. Pro Performance Sports, LLC*, 997 F. Supp. 2d 433 (E.D. Va. 2014) (rule "not subject to client waiver because the interests served by the rule extend beyond those of a single client");

*MacArthur v. Bank of N.Y.*, 524 F. Supp. 1205 (S.D.N.Y. 1981) (disqualifying defendant bank's law film despite bank's willingness to stay with firm and forgo its lawyer's necessary testimony; bank could obtain other counsel, but could not obtain substitute for his testimony).

The jury's confusion would severely prejudice Plaintiffs, thereby requiring disqualification of counsel.


### *Motion To Dismiss Must Be Stricken*

The motion to dismiss must be stricken due to significant conflicts of interest. Attorneys Sarah Turner and Michael Tracy, are individually named defendants accused of misconduct in the very proceedings at issue , cannot objectively represent their co-defendants due to conflicting interests, violating Washington RPC 1.7 and 3.7. In Quinn v. City of Vancouver, the court disqualified counsel in similar circumstances, emphasizing the non-waivable nature of such conflicts.

## VII. MOTION TO STRIKE

"Under Federal Rule of Civil Procedure 12(f), a party may ask the court to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). " 'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.... 'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), rev'd on other grounds by *Fogerty v. Fantasy, Inc*., 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994)." *Greenwich Ins. Co. v. Rodgers*, 729 F. Supp. 2d 1158, 1162 (C.D. Cal. 2010).

"[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co*., 697 F.2d 880, 885 (9th Cir.1983)

Inflammatory language includes language that is inflammatory and highly prejudicial. *Bureerong v. Uvawas, 922 F.Supp.* 1450, 1479 (C.D.Cal.1996).

Plaintiffs move to strike the Motion to Dismiss under FRCP 12(f) as it contains immaterial and scandalous content, including ad hominem attacks and unsupported claims of vexatious litigation. In *Sube v. City of Allentown,* the court struck similar motions for failing to adhere to legal standards. The Federal Rules of Civil Procedure Rule 12(f) supports striking motions that prejudice fair adjudication.


## VIII.  FED.R.CIV.P. 12(B)(6)

A motion to dismiss under Rule 12(b)(6) must be denied unless, accepting all well- pleaded allegations as true and construing them in the light most favorable to the Plaintiff, the Court determines that Plaintiff has failed to state a claim upon which relief can be granted. *Bell All. Corp. v Twombly*, 550 U.S. 544, 570 (2007).

> "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. " Id.

"A complaint should not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d. 80 (1957)


Defendants have filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6), failure to state a claim. However, Plaintiff has adequately alleged constitutional violations under 42 U.S.C. § 1983 and § 1985.

A motion to dismiss under Rule 12(6)(6) must be denied unless, accepting all well- pleaded allegations as true and construing them in the light most favorable to the Plaintiffs, the Court determines that Plaintiffs have failed to state a claim upon which relief can be granted. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

> *"state a claim to relief that is plausible on its face."Ashcroft v. Iqbal,* 556 US. 662, 678 (2009) (quoting BellAtl. Corp. v. Twombly, 550 US. 544, 570, (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."Id.

The motion to dismiss under Rule 12(b)(6) raises only an issue of law. *Barefoot Architect, Inc. v. Bunge*, 54 V.I. 948,632 F.3d 822, 835 (3d Cir. 2011) (Rule 12(b)(6) motion presents purely legal question; evidence is irrelevant).

### *Consider Complaint In Entirety*

It is well established that "[c]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss" *Dunn v. Castro,* 621 F.3d 1196, 1205 n.6 (quoting *Tellabs, Inc. v. Makar Issues & Rights, Ltd.,* 551 US. 308, 322 (2007));

Second, courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions. The inquiry is whether all of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard. *Tellabs v. Makar Issues Rights, supra*

Consideration of the Complaint as a whole demonstrates that it meets the requirements established under the Federal Rules. *"[A] complaint must contain sufficient factual matter. to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009)

Thus, to survive a motion to dismiss, *"factual allegations must be enough to raise a right to relief above the speculative level." Twombly,* 550 US. at 555, 127 S.Ct. 1955.

The court explains more fully as follows:

*"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247. 251 (CA7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 US. 265, 286. 106 S. Ct. 2932. (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a/actual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure§ 1216, pp 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"),3 on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., Swierkiewicz v.*

16

*Sorema NA., 534 US. 506, 508, n. 1, 122 S. Ct. 992.· Neitzke v. Williams, 490 US. 319, 327. 109 S. Ct. 1827. ("Rule 12(b)(6) does not countenance … dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 US. 232. 236. 94 S. Ct. 1683. (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). BellAtl. Corp. v. Twombly, 550 US. 544, 555-56 (2007).*

"Pursuant to Fed. R. Civ. P. 12(b) (1), the only "facts" are the allegations of the complaint. These must be taken as true for the purposes of our review." *Walker. Inc. v. Food Machinery,* 382 U.S. 172,174-5, 86 S. Ct. 347,15 L. Ed. 2d 247 (1965); *Curtis v. Everette,* 489 F.2d 516, 518 (3d Cir. 1973), cert, denied sub nom. *Smith v. Curtis,* 416 U.S. 995, 94 S. Ct. 2409, 40 L. Ed. 2d 774 (1974). U.S. Court of Appeals for the Third Circuit - 538 F.2d 63 (3d Cir. 1976)

Plaintiff alleged with specificity, clear and direct violations of state and federal law as well as provisions of the Federal Constitution.

### *National Rifle Association Of America V. Vullo*

Certiorari To The United States Court Of Appeals For The Second Circuit  No. 22-842. Argued March 18, 2024-Decided May 30, 2024

"Today we reaffirm a well-settled principle: "A government official cannot coerce a private party to punish or suppress disfavored speech on her behalf." Ante, at 11. As the Court mentions, **many lower courts have taken to analyzing** this kind of coercion **claim under a four-pronged "multifactor test." Ibid. These tests, the Court explains, might serve "as a useful, though nonexhaustive, guide."** Ante, at 12. *But sometimes they might not.* Cf. Axon Enterprise, Inc. v. FTC, 598 U. S. 175, 205-207 (2023) (GORSUCH, J., concurring in judgment). In- deed, the Second Circuit's decision **to break up its analysis into discrete parts and "tak[e] the [complaint's] allegations in isolation"** appears only to have **contributed to** its **mis- taken conclusion that** the National Rifle Association **[MAGGITTI, FOUNTAIN, BENSHOOF] failed fo state a claim.** Ante, at 15. **Lower courts would therefore do well to heed this Court's directive: Whatever value these "guideposts" serve, they remain "just" that and nothing more.** Ante, at 12. **"Ultimately, the critical" question is whether the plaintiff has "plausibly allege[d] conduct that, viewed in context, could be reasonably understood** [THAT MAGGITTI, FOUNTAIN, BENSHOOF

HAVE PLEADED FACTS THAT CONVEY CONDUCT, ACTIONS THAT CONSTITUTE VIOLATION OF THEIR RIGHTS] to convey a threat of adverse government action in order to punish or suppress the plaintiff's speech." Ante, at 12, 19." (Justice GORSUCH, concurring.)

### _Plaintiffs Complain The Scope and Length of FAC_

Defendants argue the complaint is too lengthy implicitly invoking Rule 8(a). However: Plaintiffs allegations are detailed and necessary to establish the claims.

Under Rule 8, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. _Id._

Simple, concise, and direct is relative to the nature of the complaint filed. Plaintiffs Petition is just under 300 pages but then, Plaintiff is alleging a long running set of facts involving many defendants over the course of three years. Each individual allegation is presented as concisely as Plaintiff was able, however, when all the alleged acts were stitched together, the document grew considerably.

To survive a motion to dismiss:

> _"a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting BellAtl. Corp. v. Twombly, 550 U.S. 544,570,127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id._ (citing _Twombly,_ 550 U.S. at 556).

The First Amended Complaint is strictly applying the Fed. R. Civ. P. 8(a), each paragraph is short and concise, _pleading factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged._

### _Ashcroft v. Iqbal:_

_(b) Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" "[D]etailed factual allegations" are not required, Twombly,550 US, at 555, 127 S.Ct. 1955, but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that_

*is plausible on its face," id., at 570, 127 S.Ct. 1955. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S.Ct. 1955. Two working principles underlie Twombly. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555, 127 S.Ct. 1955. Second, determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556, 127 S.Ct. 1955. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well- pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief Pp. 1948- 1951. Ashcroft v. Iqbal, 556 U.S. 662, 663-64 (2009)*

Complex civil rights violations require comprehensive pleading. *"The plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 US. at 556).*

*"When the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged " Ashcroft v. Iqbal, 556 US. 662 (2009). "The plausibility standard is not the equivalent of a probability requirement, but the standard requires more than a sheer possibility that a defendant has acted unlawfully." Id*

Here, the Complaint presents a detailed recitation of Plaintiffs' assertions that more than satisfies the pleading requirements. A review of the entire FAC demonstrates that the FAC in no way relies upon mere legal conclusions but contains a detailed factual account of Defendants' actions, inactions, and practices which establish their liability.

Throughout their motion is to assert that Plaintiffs' allegations simply recite the elements of a claim, that Plaintiffs' conclusory allegations are not sufficient to state a claim for relief and therefore the Court is not bound to accept as true labels conclusions, formulaic recitations of the elements of a cause of action, or legal conclusions couched as factual allegations.

Defendants ruse feigns ignorance of the fact that each of Plaintiffs' causes of action stated Plaintiffs' use following language:

*"repeat and reallege each of the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein."*

19

*"reallege and incorporate by reference the preceding paragraphs with the same force and effect as if fully set forth herein."*

- and that Plaintiffs ***incorporated*** statements of fact were made ***under penalty of perjury.***

### Right to amended complaint

If the court finds that the FAC is insufficiently pleaded, Plaintiffs move the court to allow amendment of the complaint. See *United States v. United Healthcare Insurance Company,* the Ninth Circuit allowed the relator to file a fourth amended complaint after previous amendments failed to meet the particularity requirements, showing the court's willingness to permit amendments to cure deficiencies (*United States v. United Healthcare Insurance Company,* 848 F.3d 1161 (2016).

## CONCLUSION

Public policy favoring disposition of cases on their merits. "The public has an interest in a determination of [the substantive] issues based on the facts, rather than by judicial fiat." *EEOC v. Fry's Elecs., Inc.*, 287 F.R.D. 655, 659 (W.D. Wash. 2012)

For the reasons stated above, Plaintiffs respectfully request that the Court:

1. DENY Defendants' Motion to Dismiss (Dkt. 90) in full;
2. STRIKE the improper motion (Dkt. 90) under FRCP 12(f); and
3. Grant such other relief as is just and proper.
4.

## VERIFICATION

Pursuant to 28 U.S. Code § 1746 (1) 1, Urve Maggitti, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted on this day of April 7, 2025, by

Urve Maggitti, Plaintiff
244 Blackburn Drive, Berwyn, PA 19312
urve.maggitti@gmail.com

Brett Fountain, Plaintiff
c/o 2100 W NW HWY 114 #1115
Grapevine, TX 76051-7808
kb407@exposelegalcorruption.com

**ACKNOWLEDGMENT**
**AFFIDAVIT**
**(Verification)**

STATE OF PENNSYLVANIA   )
COUNTY OF CHESTER   )

I, Urve Maggitti, the undersigned Affiant hereto, do hereby declare under penalties of perjury under the laws of the Commonwealth of Pennsylvania and the United States of America, that the foregoing accounting of facts are true and correct to the best of my current knowledge and belief.

I am over the age of 18 years of age, am a resident of the Commonwealth of Pennsylvania, have personal knowledge of the matters of this affidavit, and am capable of making such affidavit.

          Pursuant to 28 U.S. Code § 1746 (1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____April_____7___ /2025

Signed: _____
          Urve Maggitti

Notary as JURAT CERTIFICATE

State of Washington_____

BEFORE ME personally appeared Urve Maggitti who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to her own personal knowledge.

_____
Notary Public,
My commission expires: 06-25-2028

ABNER GUERRERO
NOTARY PUBLIC
STATE OF WASHINGTON
LICENSE NUMBER 24021151
MY COMMISSION EXPIRES
06/25/2028

Page 22

## CERTIFICATE OF SERVICE

**Aric S Bomsztyk**
TOMLINSON BOMSZTYK RUSS
1000 SECOND AVENUE
STE 3660                                    representing        **Jessica Owen**
SEATTLE, WA 98104                                              *(Defendant)*
206-621-1871
asb@tbr-law.com

**Carson Welsh Canonie**
SEATTLE CITY ATTORNEY'S OFFICE
701 FIFTH AVENUE
SUITE 2050                                                    **City of Seattle**
SEATTLE, WA 98104-7097            representing                *(Defendant)*
206-733-9239
carson.canonie@seattle.gov

**Darren Anthony Feider**
SEBRIS BUSTO JAMES
15375 SE 30TH PL
STE 310                                    representing        **Michael Fox**
BELLEVUE, WA 98007                                            *(Defendant)*
425-450-3388
dfeider@sbj.law


                                                              **Steven Mitchell**
                                                              *(Defendant)*


                                                              **Tyler Goslin**
                                                              *(Defendant)*

**Monica Ghosh**
SEBRIS BUSTO JAMES
15375 SE 30TH PL
STE 310                                                       **Michael Fox**
BELLEVUE, WA 98007            representing                    *(Defendant)*
425-454-4233
mghosh@sbj.law

**Steven Mitchell**
*(Defendant)*

**Tyler Goslin**
*(Defendant)*

**Sarah Spierling Mack**
PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WA 98101
206-245-1700
sarah.mack@pacificalawgroup.com

representing

**Jessica Skelton**
*TERMINATED:*
*08/09/2024*
*(Defendant)*

**Catherine E Riedo**
SEATTLE CITY ATTORNEY'S OFFICE
701 FIFTH AVENUE
SUITE 2050
SEATTLE, WA 98104-7097
206-684-7782
catherine.riedo@seattle.gov

representing

**City of Seattle**
*(Defendant)*

**Michael C Tracy**
GORDON REES SCULLY MANSUKHANI
LLP (SEATTLE)
701 FIFTH AVE STE 2100
SEATTLE, WA 98104
206-659-5135
mtracy@grsm.com

representing

**Blair Russ**
*(Defendant)*

**Nathan Cliber**
*(Defendant)*

**Sarah N Turner**
GORDON REES SCULLY MANSUKHANI
LLP (SEATTLE)
701 FIFTH AVE STE 2100

representing

**Blair Russ**
*(Defendant)*

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEATTLE SCHOOL DISTRICT NO. 1,

              Plaintiff,

     v.

KURT BENSHOOF,

              Defendant.

CASE NO. 2:23-cv-1829

ORDER

KURT BENSHOOF.,

              Counter Claimant,

     v.

NATHAN L. CLIBER, SARAH E.
SPIERLING MACK, GREGORY C.
NARVER, JESSICA R. OWEN, BLAIR
M. RUSS, and SEATTLE SCHOOL
DISTRICT NO. 1,

              Counter Defendants.

## 1. INTRODUCTION

    This matter comes before the Court on three related motions from Defendant and Counter Claimant Kurt Benshoof: (1) motion to vacate the Court's order

ORDER - 1

Case 2:23-cv-00808-JHC Document 82 Filed 04/04/25 Page 2 of 3

dismissing Benshoof's counterclaims, Dkt. No. 75; (2) motion for *in camera* review of specific emails between Counterclaim Defendants, Dkt. No. 76; and (3) motion requesting that the Court entertain Benshoof's motion under Federal Civil Rule of Procedure 60(b), Dkt. No. 79. The Court DENIES all three motions for the following reasons.

## 2. BACKGROUND

Plaintiff and Counter Defendant Seattle School District No. 1 (the District) filed an action for declaratory relief seeking a judgment from this Court stating that it permissibly withheld certain information from Benshoof under the exceptions found in the Family Education Rights and Privacy Act (FERPA), 20 U.S.C. § 1232(g). Dkt. No. 3 at 1. In response, Benshoof filed a slew of counterclaims against the District and Counter-Defendants King County, Nathan Cliber, Magalie Lerman, Sarah Spierling Mack, Gregory Narver, Jessica Owen, and Blair Russ, including alleged violations of his constitutional rights and various state laws. Dkt. No. 32.

On July 19, 2024, the Court dismissed the District's complaint for lack of subject matter jurisdiction. Dkt. No. 67. Then the Court analyzed whether, through his counterclaims, Benshoof established an independent basis for federal jurisdiction under 28 U.S.C. § 1331. Dkt. No. 66. Although Benshoof purported to plead eight counterclaims under 42 U.S.C. § 1983, the Court held that these causes of action failed to state a claim upon which relief may be granted. *Id.* at 16. Accordingly, the Court dismissed Benshoof's counterclaims and lacked an independent basis for jurisdiction to adjudicate Benshoof's state-law claims. *Id.*

Case 2:23-cv-00808-JHC Document 82 Filed 04/04/25 Page 3 of 5

1      On August 21, 2024, Benshoof filed a notice of appeal to the Ninth Circuit.

2    Dkt. No. 72. Nearly five months later, on January 15, 2025, Benshoof moved to

3    vacate the Court's dismissal of his counterclaims. Dkt. No. 75. The same day, he

4    moved for in camera review of "specific emails between Counterclaim Defendants

5    and/or their counsel under the crime-fraud exception to a claim of privileged

6    communications." Dkt. No. 76 at 2. After Counterclaim Defendants responded by

7    pointing out that Benshoof divested this Court of jurisdiction to decide his motion to

8    vacate by filing an appeal, Benshoof filed a motion requesting that the Court

9    entertain his Rule 60(b) motion. Dkt. No. 79.

## 3. DISCUSSION

### 3.1   Legal standard.

12      If a party files a Rule 60(b) motion while the case is on appeal, the district

13    court is without jurisdiction to consider it. *Gould v. Mut. Life Ins. Co. of New York*,

14    790 F.2d 769, 772 (9th Cir. 1986) ("Unless the appellate court remands to the

15    district court, the latter is without jurisdiction to consider motions to vacate

16    judgment."). "To seek Rule 60(b) relief, the proper procedure is to ask the district

17    court whether it wishes to entertain the motion, or to grant it, and then move [the

18    Ninth Circuit], if appropriate, for remand of the case." *Scott v. Younger*, 739 F.2d

19    1464, 1466 (9th Cir. 1984) (internal quotation marks omitted).

20      Under Rule 60(b)(3), the court may relieve a party from a final judgment

21    based on "fraud (whether previously called intrinsic or extrinsic),

22    misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3).

23    "'To prevail, the moving party must prove by clear and convincing evidence that the

ORDER - 3

Case 2:23-cv-00808-JHC   Document 82   Filed 04/04/25   Page 4 of 5

1  verdict was obtained through fraud, misrepresentation, or other misconduct and the

2  conduct complained of prevented the losing party from fully and fairly presenting

3  the defense.'" *Casey v. Albertson's Inc*, 362 F.3d 1254, 1260 (9th Cir. 2004) (quoting

4  *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)).

5  ## 3.2    Benshoof fails to show why the Court's ruling should be vacated.

6         Benshoof argues the Court should grant his motion to vacate because he has

7  obtained new emails between Narver, Cliber, and Russ. Dkt. No. 79 at 2. Narver,

8  Seattle Public School's general counsel, emailed Cliber, a private attorney who

9  represented the mother of Benshoof's child in other suits. *Id.* at 3. The email

10  discusses whether Seattle Public Schools can provide Benshoof his son's records

11  given a "court order restricting . . . [his] right to know what school his son is

12  presently attending[.]" *Id.*

13         Benshoof objects to the District's reading of court orders produced during

14  family law proceedings. But this email does not constitute evidence of fraud that

15  would warrant consideration under Rule 60(b)(3).

16         Moreover, the Court dismissed Benshoof's Section 1983 claims against Cliber

17  and Russ for lack of state action. Dkt. No. 66 at 7-9. It dismissed Benshoof's claims

18  against Narver based on qualified immunity because Benshoof failed to state a

19  plausible violation of his constitutional rights. *Id.* at 12. Nothing in Benshoof's

20  motion changes the Court's analysis. Benshoof is simply trying to rehash his

21  previous arguments.

22

23

1    As to Benshoof's request for *in camera* review of various documents, he has

2  no procedural right to compel documents for his dismissed claims.

### 4.  CONCLUSION

4    Accordingly, this Court DENIES Benshoof's motions at Dkt. Nos. 75, 76, and

5  79.

6    Dated this 4th day of April, 2025.

7

8

9    Jamal N. Whitehead
     United States District Judge

ORDER - 5