UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Mr. Kurt A. Benshoof,
A.R.W. By and Through His Father, Mr.
Kurt A. Benshoof, Brett Fountain, Urve
Maggitti,

Plaintiffs,

v.

**Case No. 2:24-cv-00808-JHC**

ANDREA CHIN, et al.
Defendants.

## JUDICIAL NOTICE
### Fed. R. Evid. 201

Co-Plaintiff, Urve Maggitti respectfully requests this Court take judicial notice, Fed. R. Evid. 201(c)(2) of the facts on the record that are not subject to reasonable dispute because it: Fed. R. Evid. 201(b) **(1)** is generally known within the trial court's territorial jurisdiction, and **(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Take notice that there is no legally valid vexatious litigant order issued by Federal District Court against Co-Plaintiff Kurt Benshoof.

**I.   ORDER 2:23-cv-01392-JNW**

1. Kurt Benshoof is Plaintiff in Case No. 2:23-cv-01392-JNW

2. Defendants in Case No 2:23-cv-01392-JNW are: MOSHE ADMON, DANIEL AUDERER, JUSTIN BOOKER, FREYA BRIER, CITY OF, SEATTLE, NATHAN CLIBER, ZACHARY COOK, BENJAMIN COOMER, ANITA CRAWFORD-WILLIS, JENNY DURKAN, JAMES ERVIN, DAVID ESTUDILLO, MARSHAL FERGUSON, MICHAEL FOX, COREY FOY, AMY FRANKLIN-BIHARY, WILLIAM GATES, III, STEVEN GONZALEZ, TYLER GOSLIN, WILLIE GREGORY, OWEN HERMSEN, JAY INSLEE, DAVID KEENAN, GABRIEL LADD, DANEIL LENTZ, MAGALIE LERMAN, MARY LYNCH, SARAH MACDONALD, ANTHONY MARINELLA, RICARDO MARTINEZ, BRADLEY MOORE, KATRINA OUTLAND, JESSICA OWEN, PCC NATURAL MARKETS, KYLE REKOFKE,

1

STEVEN ROSEN, BLAIR RUSS, UMAIR SHAH, SPROUTS FARMERS MARKET, MICHAEL THURSTON, JARED WALLACE, SANDRA WIDLAN.

3. Presiding Judge - in Case No. 2:23-cv-01392-JNW - Judge Jamal N Whitehead.

4. Date Case Filed: 09/07/2023

5. Date Case Terminated: 06/28/2024 - Order terminating the case [Dkt. 245].

6. Notice of Appeal filed on 7/02/2024. [Dkt. 247]. See attached EXHIBIT A

7. MOTION Vexatious Litigant Order Against Plaintiff Kurt A. Benshoof filed on 7/ 16/2024. [Dkt. 250].[1] See attached EXHIBIT B

8. On 02/11/2025, court issued an order declaring Plaintiff Benshoof *vexatious* litigant. [Dkt. 264]. See attached EXHIBIT C


**II. ORDER Case No. 2:23-cv-01829-JNW**

9. Kurt Benshoof is Defendant and Plaintiff/Counter Claimant in Case No. 2:23-cv-01829-JNW

10. Plaintiffs/ Counter Defendant in Case No. 2:23-cv-01829-JNW are: SEATTLE SCHOOL DISTRICT NO 1, NATHAN L. CLIBER, SARAH E. SPIERLING MACK, GREGORY C. NARVER, JESSICA R. OWEN, BLAIR M. RUSS.

11. Presiding Judge - in Case No. 2:23-cv-01829-JNW - Judge Jamal N Whitehead.

12. Date Case Filed: 11/28/2023

13. Date case Terminated: 07/19/2024 - Order terminating the case [Dkt. 67, 68].

14. Notice of Appeal filed on 8/21/2024. [2] [Dkt. 72]. See attached EXHIBIT D

15. On 01/15/2025 Kurt Benshoof filed MOTION to Vacate [Dkt.75] Order [Dkt. 67, 68].

16. On 01/24/2025 Counter Defendants Sarah E. Spierling Mack, Gregory C. Narver filed RESPONSE in opposition [Dkt. 77]. See attached EXHIBIT E.

17. On 01/30/2025 Counter Defendant Nathan L. Cliber filed [3] [Dkt. 78] ]. See attached

---

[1] "MOTION Vexatious Litigant Order Against Plaintiff Kurt A. Benshoof , filed by Defendants Faye Chess, City of Seattle, Benjamin Coomer, Anita Crawford-Willis, Ann Davidson, Jenny Durkan, Adam Eisenberg, Willie Gregory, Gabriel Ladd, Matthew Lentz, Mary Lynch, Katrina Outland, Jerome Roache, Soheila Sarrafan, David Sullivan, Jordan Wallace." [Dkt. 250].
[2] Ninth Circuit (24-5188)
[3] "COUNTERCLAIM DEFENDANT NATHAN CLIBER'S JOINDER OF COUNTERCLAIM DEFENDANTS MACK AND NARVER'S RESPONSE TO COUNTERCLAIM PLAINTIFFS' MOTIONS TO VACATE AND FOR IN CAMERA REVIEW" [Dkt. 78]

EXHIBIT F

18. On 04/04/2025, court issued an ORDER [Dkt. 82] denying Benshoof's motion to vacate. See attached EXHIBIT G

## III.  **Effect Of Notice Of Appeal On District Court Jurisdiction**

19. District court jurisdiction ends with filing of notice of appeal.  "This Court has long held that the taking of an appeal within the prescribed time is "mandatory and jurisdictional." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) *(per curiam)* (internal quotation marks omitted); accord, *Hohn v. United* **\*\*2364** *States,* 524 U.S. 236, 247, 118 S.Ct. 1969, 141 L.Ed.2d 242 (1998); *Torres* **\*210** *v. Oakland Scavenger Co.,* 487 U.S. 312, 314–315, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988); *Browder,* 434 U.S., at 264, 98 S.Ct. 556." *Bowles v. Russell*, 551 U.S. 205, 209–10, 127 S. Ct. 2360, 2363–64, 168 L. Ed. 2d 96 (2007)

20.  "The filing of a notice of appeal is an event of jurisdictional significance; it confers jurisdiction on the Court of Appeals and divests the district court of its control over those aspects of the case involved in the appeal. Fed. R. App. P. 4(a)."*Evans v. Synopsys, Inc.,* 34 F.4th 762 (9th Cir. 2022)

21. Motion for vexatious litigant designation was filed after Notice of Appeal filing, stripping District Court from its jurisdiction. See attached EXHIBITS E, F and G for reference.

## IV. **Violation of Due Process**

### A- *Ringgold-Lockhart v. Cnty. of Los Angeles*

22. A vexatious litigant designation is typically reserved for those who repeatedly file frivolous lawsuits or abuse judicial resources. Kurt Benshoof's litigation history does not meet this threshold under binding ninth circuit precedent.

23. When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice

3

encountered." *Id.* at 1147–48." *Ringgold-Lockhart v. Cnty. of Los Angeles, 761 F.3d 1057, 1062 (9th Cir. 2014)*

24. Judge Whitehead failed to apply all four  conditions in Benshoof's case:

(1) No meaningful "opportunity to oppose the order before it [was] entered", on the contrary the court **DENIED** Benshoof's motion to stay the Court's decision on Defendants' motion for a vexatious litigant order until Benshoof  is released from King County Jail.

(2) The pre-filing ORDER 2:23-cv-01392 expressly relied on ten prior filings to justify classifying Kurt Benshoof as a vexatious litigant. Those filings were either: (1) constitutionally protected, (2) dismissed on procedural grounds without a finding of frivolity or harassment, or (3) affirmatively screened and accepted under the in forma pauperis (IFP) standard.

### Habeas' and Petitions for Injunctive Relief

Petitions for habeas or injunctive relief to enjoin Seattle and other defendants from their malicious prosecution of Plaintiff and his minor son.

- WDWA 2:22-cv-01281-LK, Voluntarily abandoned. No finding of bad faith or frivolity. Improper to count under *Ringgold-Lockhart*.
- WDWA 2:23-cv-00751-RAJ - Dismissed on jurisdictional grounds (domestic custody). Improper to count under *Slack*.
- WDWA  2:24-cv-1110-**JNW** - A habeas filing is a protected activity, and denial is procedural. Currently appealed.

### Habeas Filed By Third Party

Habeas petition  filed  on  behalf  of  incarcerated  Kurt  Benshoof  who  was  held  in  jail incommunicado.

- WDWA 2:24-mc-43-**JNW**- Dismissed on procedural standing grounds, *Whitmore*, not on merits or bad faith. Judge Whitehead improperly utilized a constitutionally protected habeas access and is procedurally unacceptable under *Ex parte Hull, 312 U.S. 546, 549 (1941)* and  *Slack v. McDaniel*, 529 U.S. 473 (2000).

### Removal Under 28 U.S.C. § 1443

Filed for violation of Benshoof's federally protected civil rights while Benshoof was incarcerated.

- WDWA 2:24-mc-57-**JNW**, - Dismissed for failure to pay filing fee. This failure is a

jurisdictional defect, not an abuse of the court.
- WDWA 2:24-mc-60-**JNW** - Denied for lack of statutory basis and legal insufficiency, not abuse of the court. Currently appealed.

### *Order applied to Active Cases in Litigation in Mid-Stream*

Vexatious litigation order issued against actively litigated cases in mid-stream.
- WDWA Case No. 2:24-cv-343-TL - Actively litigated at the time of vexatious litigant order. Dismissed with leave to amend. No finding of bad faith and improper to count as a vexatious litigant reason. Currently appealed.
- WDWA 2:24-cv-808-JHC - Actively litigated at this time**.** Non-frivolous under *Molski.*
- WDWA 2:23-cv-1392-**JNW** - Actively litigated at the time of vexatious litigant order.
- WDWA 2:24-cv-382-**JNW** - Actively litigated at the time of vexatious litigant order. Dismissed based on judicial immunity. Currently appealed.

(3) Court failed to make substantive findings of frivolousness or harassment;

(4) Court failed to tailor the order narrowly so as "to closely fit the specific vice encountered." *Id.* at 1147–48." *Ringgold-Lockhart v. Cnty. of Los Angeles, 761 F.3d 1057, 1062 (9th Cir. 2014)*

25. Therefore, under binding Ninth Circuit precedent, such filings may not be used to justify a pre-filing order. See *Ringgold Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061–63 (9th Cir. 2014); *De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir. 1990); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1059 (9th Cir. 2007).

## B. - *Sec. & Exch. Comm'n v. Jarkesy*:

26. Kurt Benshoof's litigation history does not meet this threshold, under *Sec. & Exch. Comm'n v. Jarkesy*.

"The question presented by this case—whether the Seventh Amendment entitles" a Plaintiff "to a jury trial when the" Court "seeks civil penalties for" first amendment right to petition court for redress of grievance which is "straightforward. Following the analysis set forth in Granfinanciera, S. A. v. Nordberg, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26, and Tull v. United States, 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365, this action implicates the Seventh Amendment because" the Court is attempting to administratively

turn a common law actions into "public right" exception in violation of Constitution and Bill of Rights. "And the "public rights" exception to Article III jurisdiction does not apply, because the present action does not fall within any of the distinctive areas involving governmental prerogatives where the Court has concluded that a matter may be resolved outside of an Article III court, without a jury." *Sec. & Exch. Comm'n v. Jarkesy,* 603 U.S. 109, 110, 144 S. Ct. 2117, 2120, 219 L. Ed. 2d 650 (2024)

"The Court first explains why this action implicates the Seventh Amendment.

(1) The right to trial by jury is "of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right" has always been and "should be scrutinized with the utmost care." Dimick v. Schiedt, 293 U.S. 474, 486, 55 S.Ct. 296, 79 L.Ed. 603. When the British attempted to evade American juries by siphoning adjudications to juryless admiralty, vice admiralty, and chancery courts, the Americans protested and eventually cited the British practice as a justification for declaring Independence. In the Revolution's aftermath, concerns that the proposed Constitution lacked a provision guaranteeing a jury trial right in civil cases was perhaps the "most success[ful]" critique leveled against the document during the ratification debates. The Federalist No. 83, p. 495. To fix that flaw, the Framers promptly adopted the Seventh Amendment. Ever since, "every encroachment upon [the jury trial right] has been watched with great jealousy." Parsons v. Bedford, 3 Pet. 433, 28 U.S. 433, 7 L.Ed. 732. Pp. 2127 – 2129.

(2) The Seventh Amendment guarantees that in "[s]uits at common law ... the right of trial by jury shall be preserved." The right itself is not limited to the "common-law forms of action recognized" when the Seventh Amendment was ratified. Curtis v. Loether, 415 U.S. 189, 193, 94 S.Ct. 1005, 39 L.Ed.2d 260. Rather, it "embrace[s] all suits which are not of equity or admiralty jurisdiction, whatever may be the peculiar form which they may assume." Parsons, 3 Pet. at 447. That includes statutory claims that are "legal in nature." Granfinanciera, 492 U.S. at 53, 109 S.Ct. 2782" Sec. & Exch. Comm'n v. Jarkesy, 603 U.S. 109, 110, 144 S. Ct. 2117, 2120, 219 L. Ed. 2d 650 (2024).

27. Under ***Mathews v. Eldridge, 424 U.S. 319 (1976),*** procedural due process requires a balancing of (1) the private interest affected, (2) the risk of erroneous deprivation, and (3) the

government's interest. The administrative designation of Kurt Benshoof as a vexatious litigant severely impacts his fundamental right to petition the courts.

28. Benshoof's legal actions do not fall under definition of "*public rights*." "Such matters "historically could have been determined exclusively by [the executive and legislative] branches." *Id.,* at 493, 131 S.Ct. 2594 (internal quotation marks omitted). No involvement by an Article III court in the initial adjudication of public rights claims is necessary. Certain categories that have been recognized as falling within the exception include matters concerning: the collection of revenue; aspects of customs law; immigration law; relations with Indian tribes; the administration of public lands; and the granting of public benefits. The Court's opinions governing this exception have not always spoken in precise terms. But "even with respect to matters that arguably fall within the scope of the 'public rights' doctrine, the presumption is in favor of Article III courts." *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 69, n. 23, 102 S.Ct. 2858, 73 L.Ed.2d 598 (plurality opinion). Pp. 2131 – 2134." *Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109, 112, 144 S. Ct. 2117, 2120, 219 L. Ed. 2d 650 (2024).

29. "Congress cannot "conjure away the Seventh Amendment by mandating that traditional legal claims be ... taken to an administrative tribunal." 492 U.S. at 52, 109 S.Ct. 2782." .. . "What matters is the substance of the suit, not where it is brought, who brings it, or how it is labeled. *Northern Pipeline Constr. Co.*, 458 U.S. at 69 n. 23, 102 S.Ct. 2858 (plurality opinion). Pp. 2135 - 2137." *Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109, 113, 144 S. Ct. 2117, 2120, 219 L. Ed. 2d 650 (2024)

30. Court effectively levied civil sanctions against Benshoof administratively for seeking first amendment right to petition court for redress of grievances - "a civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment." *Austin v. United States*, 509 U.S. 602, 610, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) (internal quotation marks omitted). And while courts of equity could order a defendant to return unjustly obtained funds, only courts of law issued monetary penalties to "punish culpable individuals." *Tull*, 481 U.S. at 422, 107 S.Ct. 1831. Applying these principles, we have recognized that "civil penalt[ies are] a type of remedy at common law that could only be enforced in courts of law." *Ibid.* The same is true here." *Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109, 123, 144 S. Ct. 2117, 2129, 219 L. Ed. 2d 650 (2024).

31. The Court imposed civil penalty, labelling Benshoof a vexatious litigant, in the perceived need to punish Benshoof - while the only victims are Besnhoof and his minor son- there are no other "victim(s)" to restore, "such considerations are legal rather than equitable." *Sec. & Exch. Comm'n v. Jarkesy*, (2024). "In sum, the civil penalties in this case are designed to punish and deter, not to compensate. They are therefore "a type of remedy at common law that could only be enforced in courts of law." *Ibid*. That conclusion effectively decides that this suit implicates the Seventh Amendment right, and that a [PLAINTIFF] would be entitled to a jury on these claims. See *id.*, at 421–423, 107 S.Ct. 1831." *Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109, 125, 144 S. Ct. 2117, 2130, 219 L. Ed. 2d 650 (2024).

"The Seventh Amendment's jury-trial right does not work alone. It operates together with Article III and the Due Process Clause of the Fifth Amendment to limit how the government may go about depriving an individual of life, liberty, or property. The Seventh Amendment guarantees the right to trial by jury. Article III entitles individuals to an independent judge who will preside over that trial. And due process promises any trial will be held in accord with time- honored principles. Taken together, all three provisions vindicate the Constitution's promise of a "fair trial in a fair tribunal." In re Murchison, 349 U. S. 133, 136 (1955)" Justices Gorsuch and Thomas *Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109, 125, 144 S. Ct. 2117, 2130, 219 L. Ed. 2d 650 (2024).

"Why should Article III, the Seventh Amendment, or the Fifth Amendment's promise of due process be any different? None of them exists to "protec[t] judicial authority for its own sake." Oil States, 584 U. S., at 356 (GORSUCH, J., dissenting). They exist to "protect the individual." Bond v. United States, 564 U. S. 211, 222 (2011)" Justices Gorsuch and Thomas, *Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109, 125, 144 S. Ct. 2117, 2130, 219 L. Ed. 2d 650 (2024).

32. The administrative Court Order violates Kurt Benshoof's Seventh Amendment right to a jury trial, when it imposed a severe legal penalty, a punishment, a designation of Benshoof as a vexatious litigant in a clear unconstitutional power grab to administratively strip Benshoof of his first amendment right to petition courts . Under *Jarkesy v. SEC* (2024), such penalties must be adjudicated by an Article III court with a jury trial, as required by the Seventh Amendment.

## CONCLUSION

Accordingly, Co-Plaintiff Urve Maggitti respectfully request that the Court take Judicial Notice:

- Of the attached exhibits.

- Of the due process violations of the vexatious litigant order issued on motion filed after Notice of Appeal filing, stripping District Court from its jurisdiction.

- Of the due process violation under  *Ringgold-Lockhart v. Cnty. of Los Angeles* and *Sec. & Exch. Comm'n v. Jarkesy*.

## **VERIFICATION**

Pursuant to 28 U.S. Code § 1746 (1) 1, Urve Maggitti, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

Respectfully submitted,

April 12, 2025

_____

Urve Maggitti, Plaintiff
244 Blackburn Drive, Berwyn, PA 19312
urve.maggitti@gmail.com

**ACKNOWLEDGMENT**
**AFFIDAVIT**
**(Verification)**

STATE OF PENNSYLVANIA   )
COUNTY OF CHESTER    )

I, Urve Maggiti, the undersigned Affiant hereto, do hereby declare under penalties of perjury under the laws of the Commonwealth of Pennsylvania and the United States of America, that the foregoing accounting of facts are true and correct to the best of my current knowledge and belief.

I am over the age of 18 years of age, am a resident of the Commonwealth of Pennsylvania, have personal knowledge of the matters of this affidavit, and am capable of making such affidavit.

Pursuant to 28 U.S. Code § 1746 (1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____ April ___ / 12 ___ /2025

Signed:_____
        Urve Maggiti

Notary as JURAT CERTIFICATE

State of Washington___ COUNTY OF KING _____
BEFORE ME personally appeared Urve Maggiti who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to her own personal knowledge.

_____ SAMARPAN MALLA _____
Notary Public,
My commission expires: 03 / 09 / 2029

SAMARPAN MALLA
NOTARY PUBLIC
STATE OF WASHINGTON
LICENSE NUMBER 21020072
MY COMMISSION EXPIRES
03/09/2029

Page 10

## CERTIFICATE OF SERVICE

**Aric S Bomsztyk**
TOMLINSON BOMSZTYK RUSS
1000 SECOND AVENUE
STE 3660                                    representing        **Jessica Owen**
SEATTLE, WA 98104                                              *(Defendant)*
206-621-1871
asb@tbr-law.com


**Carson Welsh Canonie**
SEATTLE CITY ATTORNEY'S OFFICE
701 FIFTH AVENUE
SUITE 2050                                  representing        **City of Seattle**
SEATTLE, WA 98104-7097                                         *(Defendant)*
206-733-9239
carson.canonie@seattle.gov


**Darren Anthony Feider**
SEBRIS BUSTO JAMES
15375 SE 30TH PL
STE 310                                     representing        **Michael Fox**
BELLEVUE, WA 98007                                             *(Defendant)*
425-450-3388
dfeider@sbj.law


                                                               **Steven Mitchell**
                                                               *(Defendant)*


                                                               **Tyler Goslin**
                                                               *(Defendant)*


**Monica Ghosh**
SEBRIS BUSTO JAMES
15375 SE 30TH PL
STE 310                                     representing        **Michael Fox**
BELLEVUE, WA 98007                                             *(Defendant)*
425-454-4233
mghosh@sbj.law


11

**Steven Mitchell**
*(Defendant)*

**Tyler Goslin**
*(Defendant)*

**Sarah Spierling Mack**
PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000                          representing
SEATTLE, WA 98101
206-245-1700
sarah.mack@pacificalawgroup.com

**Jessica Skelton**
*TERMINATED:*
*08/09/2024*
*(Defendant)*

**Catherine E Riedo**
SEATTLE CITY ATTORNEY'S OFFICE
701 FIFTH AVENUE
SUITE 2050                          representing
SEATTLE, WA 98104-7097
206-684-7782
catherine.riedo@seattle.gov

**City of Seattle**
*(Defendant)*

**Michael C Tracy**
GORDON REES SCULLY MANSUKHANI
LLP (SEATTLE)
701 FIFTH AVE STE 2100              representing
SEATTLE, WA 98104
206-659-5135
mtracy@grsm.com

**Blair Russ**
*(Defendant)*

**Nathan Cliber**
*(Defendant)*

**Sarah N Turner**
GORDON REES SCULLY MANSUKHANI       representing
LLP (SEATTLE)

**Blair Russ**
*(Defendant)*

701 FIFTH AVE STE 2100
SEATTLE, WA 98104
206-695-5100
sturner@grsm.com

**Nathan Cliber**
*(Defendant)*

**Peggy C Wu**
KING COUNTY PROSECUTING
ATTORNEY'S OFFICE (FIFTH AVE)
701 FIFTH AVE
STE 600                                         representing
SEATTLE, WA 98104
206-263-4008
pwu@kingcounty.gov

**Marshall
Ferguson**
*TERMINATED:
11/15/2024*
*(Defendant)*

**King County**
*(Defendant)*

**Catherine
Cornwall**
*(Defendant)*

**Julie Salle**
*(Defendant)*

**Pascal Herzer**
*(Defendant)*

# EXHIBIT A

1

2                                                          Hon. Jamal N. Whitehead

3

4

5

6

7               UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
8                      AT SEATTLE

9   KURT A. BENSHOOF,              No. 2:23-cv-01392 JNW
    BRIANA D. GAGE,
10
                    Plaintiffs,    PLAINTIFF'S NOTICE OF APPEAL
11                                 OF ORDER DISMISSING
                                   PLAINTIFFS' FIRST AMENDED
12          v.                     COMPLAINT WITH PREJUDICE

13  MOSHE ADMON, et al.,
                    Defendants.
14

15                      I.   NOTICE

16      Plaintiffs hereby give notice to the Ninth Circuit Court of Appeals from the

17  Court's Order Dismissing Plaintiffs' First Amended Complaint With Prejudice. (Dkt.

18  #245) Respectfully submitted this second day of July 2024.

19

20  By

21  _____         _____
                                                Pro S
22
    Kurt Benshoof, Plaintiff pro se     Briana D. Gage, Plaintiff pro se
23  1716 N 128th Street                  1716 N 128th Street
    Seattle, WA 98133                    Seattle, WA 98133
24  Phone: (206) 460-4202               Phone: (332) 260-7171
    Email: kurtbenshoof@gmail.com       Email: brianagage702@gmail.com
25

26  PLAINTIFFS Notice of Appeal (Dkt 245)
    WAWD No. 2:23-cv-01392-JNW               Kurt Benshoof, Co-Plaintiff
    Page 1 of 3                               1716 N 128th ST
                                              Seattle, Washington 98133
                                              (206) 460-4202
                                              kurtbenshoof@gmail.com

1

2

# CERIFICATION OF SERVICE

3       Plaintiff Kurt Benshoof hereby certifies that on July 2, 2024, he did electronically file the

4   foregoing notice with the Clerk of Court by using the CM/ECF system, which will send a notice

5   of electronic filing to all counsel of record, and by email to attorneys for defendants and by email

6   to the addresses listed below.

7   **Attorneys For Defendant**
   **CITY OF SEATTLE:**
8   Dallas LePierre, WSBA #47391
   Catherine Riedo, WSBA #50418
9   701 Fifth Avenue, Suite 2050
   Seattle, WA 98104
10  Email: dallas.lepierre@seattle.gov
   Phone: (206) 386-1041
11  Email: catherine.riedo@seattle.gov
   Phone: (206) 684-8200
12

13  **Attorneys for Defendant**
   **NATHAN CLIBER:**
14  Sarah N. Turner, WSBA #37748
   Email: sturner@grsm.com
15  Michael C. Tracy, WSBA #51226
   Email: mtracy@grsm.com
16  701 Fifth Avenue, Suite 2100
   Seattle, WA 98104
17  Phone: (206) 695-5178

18  **Defendant Blair Russ:**
19  Blair M. Russ, WSBA #40374
   1000 Second Avenue
20  Suite 3660
   Seattle, WA 98104
21  Email: bmr@tbr-law.com
   Phone: (206) 621-1871
22

23

24

25  **Attorneys for Defendants**
   **BIG 5 and SPROUTS:**
26
   PLAINTIFFS Notice of Appeal (Dkt 245)
   WAWD No. 2:23-cv-01392-JNW
   Page 2 of 3

**Defendant AMY FRANKLIN-BIHARY:**
Amy Franklin-Bihary, *pro se* WSBA#35787
701 Fifth Avenue
Suite 4550
Seattle, WA 98104
Phone: (206) 624-4900
Email: afb@wechslerbecker.com

**Attorneys for Defendants**
**PUGET CONSUMERS CO-OP, Freya Brier,**
**Zachary Cook:**
Darren A. Feider, WSBA #22430
Email: dfeider@sbjlaw.com
Matthew Coughlan, WSBA #56583
Email: mcoughlan@sbjlaw.com
15375 SE 30th Place
Suite 310
Bellevue, WA 98007

**Defendant Moshe Admon:**
Moshe Y. Admon, WSBA #50325
300 Lenora Street
Suite 4008
Seattle, WA 98121
Email: jeff@admonlaw.com
Phone: (206) 739-8383

**Attorneys for Defendant**
**CENTRAL COOP:**

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

1

2

3

4

5

James Yand, WSBA #18730
Email: james.yand@millernash.com
James Johnson, WSBA #45750
Email: james.johnson@millernash.com
605 Fifth Avenue S, Suite 900
Seattle, WA 98104
Phone: (206) 624-8300

Darren A. Feider, WSBA #22430
Email: dfeider@sbj.law
Matthew Coughlan, WSBA #56583
Email: mcoughlan@sbj.law
15375 SE 30th Place
Suite 310
Bellevue, WA 98007

6

7

8

9

**Attorney for Defendants**
**David Keenan, KING COUNTY:**
Peggy Wu, WSBA #35941
Email: pwu@kingcounty.gov
Phone: (206) 477-1120
701 Fifth Avenue, Suite 600
Seattle, WA 98104

**Defendant Jessica Owen:**
Jessica R. Owen
849 NE 130th Street
Seattle, WA 98125
Email: ms.jadelicious@gmail.com
Phone: (206) 427-6170

10

11

12

13

**Defendant Magalie Lerman:**
Magalie E. Lerman
849 NE 130th Street
Seattle, WA 98125
Email: magalie.lerman@gmail.com
Phone: (303) 500-9723

14

15

16

17

**Attorney for Defendants**
**Seattle Public Schools, Justin Booker:**
Sarah S. Mack, WSBA #32853
1191 Second Avenue, Suite 2000
Seattle, WA 98101
Phone: (206) 245-1700
Email: sarah.mack@pacificalawgroup.com

18

19

20

21

22

23

24

25

DATED:  July 2, 2024

Signed:    s/ Kurt Benshoof
               Kurt Benshoof, *Pro Se*

26

PLAINTIFFS Notice of Appeal (Dkt 245)
WAWD No. 2:23-cv-01392-JNW
Page 3 of 3

Kurt Benshoof, Co-Plaintiff
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

# UNITED STATES DISTRICT COURT

**FOR THE DISTRICT OF** | Western Washington |

## Form 1. Notice of Appeal from a Judgment or Order of a United States District Court

U.S. District Court case number: | 2:23-cv-1392-JNW |

Notice is hereby given that the appellant(s) listed below hereby appeal(s) to the United States Court of Appeals for the Ninth Circuit.

Date case was first filed in U.S. District Court: | 09/07/2023 |

Date of judgment or order you are appealing: | 06/28/2024 |

Docket entry number of judgment or order you are appealing: | 245 |

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

○ Yes   ○ No   ◉ IFP was granted by U.S. District Court

**List all Appellants** *(List **each** party filing the appeal. Do not use "et al." or other abbreviations.)*

Kurt A. Benshoof, pro se
Briana D. Gage, pro se

Is this a cross-appeal?  ○ Yes   ◉ No

If yes, what is the first appeal case number? | |

Was there a previous appeal in this case?  ◉ Yes   ○ No

If yes, what is the prior appeal case number? | 24-952 |

Your mailing address (if pro se):

| 1716 N 128th Street |

| |

City: | Seattle |   State: | WA |   Zip Code: | 98133 |

Prisoner Inmate or A Number (if applicable): | |

**Signature** | s/ Kurt A. Benshoof |   **Date** | 07/02/2024 |

*Complete and file with the attached representation statement in the U.S. District Court*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

**Form 1**                                        *Rev. 06/09/2022*

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*
Name(s) of party/parties:

> Kurt A. Benshoof, pro se
> Brian D. Gage, pro se

Name(s) of counsel (if any):

Address: | 1716 N 128th Street, Seattle, WA 98133

Telephone number(s): | (206) 460-4202; (332) 260-7171

Email(s): | kurtbenshoof@gmail.com; brianagage702@gmail.com

Is counsel registered for Electronic Filing in the 9th Circuit?    ⦿ Yes    ○ No

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*
Name(s) of party/parties:

> CITY OF SEATTLE; CITY OF SEATTLE OFFICALS: Daniel Auderer,
> Faye Chess, Anita Crawford-Willis, Benjamin Coomer, Ann Davison,
> Jenny Durkan, Adam Eisenberg, Willie Gregory, Gabriel Ladd,

Name(s) of counsel (if any):

> Dallas LePierre, WSBA #47391
> Catherine Riedo, WSBA #50418

Address: | 701 Fifth Avenue, Suite 2050, Seattle, WA 98104

Telephone number(s): | (206) 684-8200

Email(s): | dallas.lepierre@seattle.gov; catherine.riedo@seattle.gov

*To list additional parties and/or counsel, use next page.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                    *1*                    *New 12/01/2018*

Continued list of parties and counsel: *(attach additional pages as necessary)*

**Appellants**

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit?    ⦿ Yes    ○ No

**Appellees**

Name(s) of party/parties:

PUGET CONSUMERS CO-OP ("PCC"), Freya Brier, Zachary Cook, CENTRAL COOP

Name(s) of counsel (if any):

Darren A. Feider, WSBA #22430
Matthew Coughlan, WSBA #56583

Address:    15375 SE 30th Place, Suite 310, Bellevue, WA 98007

Telephone number(s):    (425) 454-4233

Email(s):    dfeider@sbjlaw.com; mcoughlan@sbjlaw.com

Name(s) of party/parties:

Amy Franklin-Bihary, pro se, WSBA #35787

Name(s) of counsel (if any):

Address:    701 Fifth Ave, Suite 4550, Seattle, WA 98104

Telephone number(s):    (206) 624-4900

Email(s):    afb@wechslerbecker.com

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                                  *2*                                  *New 12/01/2018*

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 6. Representation Statement

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form06instructions.pdf

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit?    ◌ Yes    ◌ No

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

NATHAN L. CLIBER

Name(s) of counsel (if any):

Sarah N. Turner, WSBA #37748
Michael C. Tracy, WSBA #51226

Address:  701 Fifth Avenue, Suite 2100, Seattle, WA 98104

Telephone number(s):  (206) 695-5178

Email(s):  sturner@grsm.com;  mtracy@grsm.com

*To list additional parties and/or counsel, use next page.*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

**Form 6**                    *1*                    *New 12/01/2018*

Continued list of parties and counsel: *(attach additional pages as necessary)*

**Appellants**

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit?    ○ Yes    ○ No

**Appellees**

Name(s) of party/parties:

BLAIR M. RUSS, pro se, WSBA #40374

Name(s) of counsel (if any):

Address: 1000 Second Avenue, Suite 3660, Seattle, WA 98104

Telephone number(s): (206) 621-1871

Email(s): bmr@tbr-law.com

Name(s) of party/parties:

CITY OF SEATTLE OFFICIALS: Matthew Lentz, Mary Lynch, Katrina Outland, Jerome Roache, Soheila Sarrafan, David Sullivan, Jordan Wallace

Name(s) of counsel (if any):

Dallas LePierre, WSBA #47391
Catherine Riedo, WSBA #50418

Address: 701 Fifth Avenue, Suite 2050, Seattle, WA 98104

Telephone number(s): (206) 684-8200

Email(s): dallas.lepierre@seattle.gov; catherine.riedo@seattle.gov

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                                        *2*                                    *New 12/01/2018*

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit?    ○ Yes    ○ No

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

BIG 5 SPORTING GOODS, SPROUTS FARMERS MARKET

Name(s) of counsel (if any):

James Yand, WSBA #18730
James Johnson, WSBA #45750

Address:  605 Fifth Avenue S, Suite 900, Seattle, WA 98104

Telephone number(s):  (206) 624-8300

Email(s):  james.yand@millernash.com; james.johnson@millernash.com

*To list additional parties and/or counsel, use next page.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                                        *1*                                  *New 12/01/2018*

Continued list of parties and counsel: *(attach additional pages as necessary)*

**Appellants**

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit?    ○ Yes    ○ No

**Appellees**

Name(s) of party/parties:

KING COUNTY, David S. Keenan

Name(s) of counsel (if any):

Peggy Wu, WSBA #35941

Address: 701 Fifth Avenue, Suite 600, Seattle, WA 98104

Telephone number(s): (206) 477-1120

Email(s): pwu@kingcounty.gov

Name(s) of party/parties:

Seattle Public Schools, Justin Booker

Name(s) of counsel (if any):

Sarah S. Mack, WSBA #32853

Address: 1191 Second Avenue, Suite 2000, Seattle, WA 98101

Telephone number(s): (206) 245-1700

Email(s): sarah.mack@pacificalawgroup.com

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                    *2*                    *New 12/01/2018*

# EXHIBIT B

1                                                          Hon. Jamal Whitehead

2

3

4

5

6

7                            UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF WASHINGTON

8                                    AT SEATTLE

9 KURT BENSHOOF,

10                            Plaintiff,         No.     2:23-cv-01392-JNW

11      v.

12                                         CITY OF SEATTLE'S MOTION FOR A
MOSHE ADMON, *et al.*,                           VEXATIOUS LITIGANT ORDER

13                                         AGAINST PLAINTIFF KURT A.
                           Defendants.        BENSHOOF

14

15

16

17       Defendant City of Seattle respectfully moves this Court for an order imposing prefiling

18 restrictions against Plaintiff Kurt A. Benshoof. In the past eighteen months Plaintiff has filed three

19 cases in federal court, and at least five cases in state court, based on the same related set of factual

20 allegations. After receiving unfavorable rulings, Plaintiff will then name the judge(s) and opposing

21 attorney(s) as defendants in his next case. For the reasons set forth below, imposing prefiling

22 restrictions on Plaintiff is authorized under the All Writs Act, 28 U.S.C. § 1651(a), and this extreme

23 remedy is necessary in this case to prevent Plaintiff's accelerating abuse of the court system.

CITY OF SEATTLE'S MOTION FOR A VEXATIOUS
LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW - 1

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

## I.    INTRODUCTION

Since March 1, 2022, Plaintiff Kurt A. Benshoof has filed nine separate lawsuits against his ex-girlfriend Jessica Owen. Ms. Owen is the primary target of these lawsuits, but anyone associated with Ms. Owen also assumes the risk of future litigation. For example, each attorney who has represented Ms. Owen or a co-defendant is now named as an individual defendant in the present case. Similarly, Plaintiff is now suing eleven judges for judicial decisions that he disagrees with. Along with his ex-girlfriend, members of the bar, and judicial officers, Plaintiff has also named grocery store workers, police officers, and a smattering of public figures as defendants in this case and others.

The factual nucleus in each of these lawsuits is the same. Plaintiff and Ms. Owen were in a relationship for many years. They had a child together. A few years ago they split up. It appears the split was less than amicable. Familiar disputes over a vehicle, a residence, and child custody ensued. Ms. Owen unsuccessfully petitioned for a temporary restraining order, and then commenced a family court case. Plaintiff believes that he was unfairly treated in family court, claims that Ms. Owen lied under oath at various times during and before that proceeding and argues that the court-ordered parenting plan and custody arrangements impair his "verbal parentage contract" with Ms. Owen. Plaintiff believes that he is restrained by an unlawful domestic violence protection order issued during the family court proceeding.

Plaintiff also has strong feelings regarding COVID mask-mandates and COVID vaccines. Ms. Owen appears to feel differently. This is problematic for Plaintiff since Ms. Owen was awarded primary custody of their child in common. Plaintiff's beliefs regarding the supremacy of "natural law" and religious freedom seem to have guided his actions and resulted in multiple exclusion orders from local grocery stores, arrests for repeatedly violating those orders, and dozens of pending counts for allegedly violating the domestic violence protection order. Plaintiff has multiple active bench

CITY OF SEATTLE'S MOTION FOR A VEXATIOUS
LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW - 2

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

1  warrants in municipal court for refusing to appear.

2      Plaintiff's litigation tactics follow a common pattern. Plaintiff will file a lawsuit in state or

3  federal court. He will then file another similar lawsuit shortly thereafter, sometimes while the first

4  matter is still pending. After receiving an unfavorable ruling, Plaintiff will simply sue the judge(s)

5  and defense attorney(s) in his next action. What began as a garden-variety dispute over child custody

6  and vehicle possession has now blossomed into wide-ranging conspiracy allegations connecting

7  private individuals to Bill Gates to the highest levels of the United States government. Furthermore,

8  Plaintiff has shown a proclivity for improperly voluminous pleadings, and demonstrated that he will

9  waste judicial resources by successively filing spurious demands for emergency equitable relief.

10     Other than his first suit on March 1, 2022, each of Plaintiff's cases have lacked legal merit

11  and are frivolous. Moreover, by suing the attorneys who advocate against him, and the judges who

12  rule against him, Plaintiff has demonstrated his improper vindictive motives.

13                    **II.    LITIGATION HISTORY**

14     Plaintiff's litigation history over the last eighteen months is described below:

15     1.  March 1, 2022 – King County Sup. Ct. 22-2-02932-3 SEA.

16     Plaintiff filed this lawsuit against Jessica Owen seeking return of a Toyota FJ Cruiser that

17  Plaintiff asserted was his pursuant to an oral contract. [Complaint]. Ms. Owen voluntarily transferred

18  title to the vehicle to Plaintiff, and the matter was then dismissed by stipulation of the parties on May

19  20, 2022. [Stipulated Dismissal].

20     2.  March 16, 2022 – KCSC 22-2-03826-8 SEA (consolidated with 22-2-15745-3 SEA).

21     Two weeks after filing the prior case, Plaintiff served Jessica Owen with a second complaint

22  seeking $500,000 in damages. [Complaint]. Plaintiff alleged that Ms. Owen had defrauded him out

23  of an ownership stake in real property that he acquired through an oral contract with her. Ms. Owen

CITY OF SEATTLE'S MOTION FOR A VEXATIOUS
LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW - 3

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

1   filed counterclaims, including a writ of ejectment, and the matter eventually proceeded to trial. On

2   June 2, 2023, King County Superior Court Judge Sandra Widlan entered findings of fact and

3   conclusions of law, issued an order ejecting Plaintiff from the property, and awarded monetary

4   damages to Ms. Owen in the amount of $41,300.

5        On June 15 Plaintiff filed a notice of appeal. *See also Benshoof v. Owen*, No. 85465-8-I (Wash.

6   Ct. App. Div. 1) (2023).[1] The docket indicates that Plaintiff has not filed a designation of clerk's

7   papers, a statement of arrangements, a motion to extend time, or any other document.

8        3.   July 18, 2022 – KCSC 22-2-11112-7 SEA.

9        Plaintiff filed an 85-page "Petition for Writ of Habeas Corpus" arguing that he was unlawfully

10  (and criminally) restrained from any contact with his son. [Petition for Writ]. The named defendants

11  were Jessica Owen, her significant other Magalie Lerman, her family law attorney Nathan Cliber,

12  King County Superior Court Judge David Keenan, King County Superior Court Commissioner Jason

13  Holloway, and Seattle Police Chief Adrian Diaz. *Id.* The primary grounds asserted by Plaintiff were

14  his disagreement with the decisions of Judge Keenan and Commissioner Holloway during the family

15  court proceedings. Plaintiff also took issue with Seattle police officers enforcing the family court

16  orders, and Ms. Owen's decision to vaccinate their child in common against COVID-19.

17       King County Superior Court Judge Steve Rosen denied the Petition three days after it was

18  filed. [Order on Writ Petition].

19       4.   September 9, 2022 – Western District of Washington 2:22-cv-01281-LK.

20       Less than two months after his state court writ petition was denied, Plaintiff filed a 295-page

21  complaint in federal court seeking emergency injunctive relief and attempting to bring the action on

22

23  ---
    [1] Washington appellate cases, including all unsealed filings, are publicly available online at:
    https://www.courts.wa.gov/appellate_trial_courts/?fa=atc.display_divs&folderID=div1&fileID=documentsearchportal.

CITY OF SEATTLE'S MOTION FOR A VEXATIOUS
LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW - 4

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

1    behalf of himself and his minor son A.R.W. *See* 2:22-cv-01281-LK, Dkt. 1. Plaintiff supplied a

2    laundry list of defendants, including Jessica Owen, Chief Diaz, Judge Keenan, Governor Inslee, and

3    Anthony Fauci, along with a number of other Seattle-area judges, attorneys, and public figures. That

4    lengthy pleading described Plaintiff's myriad grievances with the family court proceedings, child

5    custody, Ms. Owen's attorneys, COVID-19 related orders, denial of service at private businesses for

6    refusing to wear a mask, active bench warrants in municipal court for Plaintiff's failure to appear on

7    criminal charges, and Seattle police officers' enforcement of local laws and court orders.

8        The Court denied Plaintiff's request for emergency relief on September 26, 2022, dismissed

9    the claims he improperly attempted to bring on behalf of minor A.R.W., and directed him to file an

10   amended complaint that complied with Fed. R. Civ. P. 8. *See, id.,* Dkt. 5. The Court took the time to

11   highlight for Plaintiff some of the infirmities in his complaint, explaining that Plaintiff "asserts

12   various state law claims without demonstrating that this Court has subject matter jurisdiction," that

13   Plaintiff could not bring a 42 U.S.C. § 1983 claim against federal or private actors, and that law

14   enforcement's "failure to do more in response to his complaints . . . did not violate his constitutional

15   rights." *Id*. at 4. The Court carefully described the "short and plain statement" pleading requirement

16   from Rule 8. *Id*. at 4-5. Finally, the Court informed Plaintiff why *Younger v. Harris*, 401 U.S. 37

17   (1971) precludes him from seeking an injunction that would interfere with pending state judicial

18   proceedings, *id.* at 5-6, and further noted "the *Rooker-Feldman* doctrine [also] 'prohibits a federal

19   district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a

20   state court judgment.'" *Id*. at 7 n. 2 (quoting *Moore v. Cty. of Butte*, 547 Fed. App'x 826, 829 (9th

21   Cir. 2013)).

22       Plaintiff declined the Court's invitation to file an amended complaint and the case was

23   accordingly dismissed. 2:22-cv-01281-LK, Dkt. 7.

CITY OF SEATTLE'S MOTION FOR A VEXATIOUS
LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW - 5

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

5. September 28, 2022 – KCSC 22-2-15745-3 SEA (consolidated with 22-2-03826-8 SEA).

Perhaps unhappy with Judge King's order two days prior, and presumably sensing that his pending state court action was also not going his way, Plaintiff commenced another new lawsuit by simply recycling the same allegations that were then pending trial under 22-2-03826-8 SEA. [Complaint]. The Superior Court subsequently consolidated these two cases into the preexisting cause number. [Order Consolidating]. As noted above, Ms. Owen prevailed in that case and Plaintiff appears to have his abandoned his appeal.

6. October 3, 2022 – KCSC 22-2-15958-8 SEA.

Less than a week after filing 22-2-15745-3, Plaintiff filed yet another complaint against Jessica Owen, but this time added her attorney Mr. Cliber and her significant other Magalie Lerman as defendants. [Complaint]. In this lawsuit Plaintiff alleged abuse of process and defamation, relying on his familiar allegations regarding the family court case, the (now settled) dispute over the Toyota FJ Cruiser, domestic violence protection orders, and COVID-19 masking requirements. *Id.* Plaintiff further claimed that Ms. Owen and Ms. Lerman committed felony auto theft, Ms. Owen committed perjury, and Mr. Cliber engaged in criminal money laundering. *Id.* ¶ 6.

That complaint marked the sixth time Plaintiff had sued Ms. Owen since March of that year, and the third lawsuit he filed against her in less than a month. Plaintiff also effectively disqualified her attorney Mr. Cliber by naming him as a defendant. Several new attorneys entered appearances for the defendants and moved for expedited relief under the Washington State Uniform Public Expression Protection Act. *See* RCW 4.105, *et seq*. King County Superior Court Judge Mashall Ferguson dismissed Plaintiff's claims on February 2, 2023, and awarded to each defendant costs, attorney fees, and $10,000 in statutory damages. [2/2/2023 Order]. The court then granted defendants' joint motion for an order restricting Plaintiff's abusive litigation. [3/31/2023].

CITY OF SEATTLE'S MOTION FOR A VEXATIOUS
LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW - 6

1    Plaintiff sought review of Judge Ferguson's decisions and that appeal is currently pending.

2    *See Benshoof v. Cliber, et al.*, No. 85092-0-I (Wash. Ct. App.) (Div. 1) (2023). Plaintiff appears to be

3    pursuing that appeal and filed his opening brief on October 6. *See id.*

4    7.  May 4, 2023 – Washington State Supreme Court 101964-5.

5    About a month after receiving the vexatious litigant order, Plaintiff filed a 134-page "Verified

6    Petition for Common Law Writ of Habeas Corpus" directly in the Washington State Supreme Court.

7    [Verified Petition]; *Benshoof v. Keenan, et al.,* No. 101964-5 (Wash. 2023). This appears to have

8    been in direct violation of the terms of Judge Ferguson's order. Plaintiff named Judge Keenan, Chief

9    Diaz, and Jessica Owen as respondents. *Id.* A commissioner dismissed Plaintiff's petition four days

10   after it was filed. [Ruling Dismissing].

11   8.  May 22, 2023 – WDWA 2:23-cv-00751-RAJ.

12   Plaintiff, claiming again to represent both himself and his minor son A.R.W., retooled his

13   dismissed state court habeas petition and filed a similar "Verified Petition for Common Law Writ of

14   Habeas Corpus" in federal court. *See* 2:23-cv-00751-RAJ, Dkt. 1. Plaintiff again named Jessica

15   Owen, Judge Keenan, and Seattle Police Chief Adrian Diaz as the defendants. *Id.* Just like his other

16   dismissed and/or pending actions, Plaintiff complained about his family court case, child custody

17   arrangements, the protection order, various (now-expired) COVID-19 public health orders, active

18   bench warrants in municipal court for his repeated refusals to appear in court, and Seattle police

19   officers' enforcement of state and local laws. *Id.* Plaintiff also filed an emergency motion for a

20   temporary restraining order on June 8, which in turn prompted responses from the defendants who

21   appeared through counsel. *See id.*, Dkt. 15 through 21.

22   The Court dismissed that case with prejudice four days later. *See* Dkt. 22. The Court explained

23   that "federal district courts have no jurisdiction over child custody issues" and that "federal courts are

CITY OF SEATTLE'S MOTION FOR A VEXATIOUS
LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW - 7

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

1    not courts of appeal from state decisions." *Id*. at 2.

2        Plaintiff filed an emergency appeal on June 16. *See* Dkt. 24. Ten days later, Plaintiff filed an

3    emergency motion for an injunction pending appeal. *See Benshoof v. Keenan, et al.*, No. 23-35418,

4    Dkt. 2 (9th Cir.) (June 26, 2023). The Ninth Circuit denied that motion on June 28 and directed

5    Plaintiff to show why summary affirmance was not warranted. *Id*., Dkt. 3. Plaintiff filed a "response

6    to order and motion for injunctive relief" on July 18, which respondents Judge Keenan and Ms. Owen

7    responded to on July 28. *See id.,* Dkts. 6 and 7. The docket does not reflect any subsequent action on

8    that case.

9        9.   September 7, 2023 – WDWA 2:23-cv-01392-JNW.

10        This litigation history informs this action. In this case, Plaintiff filed the operative 280-page

11    complaint on September 19, 2023. *See* Dkt. 9. The named defendants here include Plaintiff's usual

12    targets of Jessica Owen, Judge Keenan, Magalie Lerman, Mr. Cliber, and Chief Diaz. Additionally,

13    Plaintiff is trying to bring to court Judge Ferguson, Judge Rosen, and Judge Widlan (presumably for

14    ruling against him), and attorneys Moshe Admon, Anthony Marinella, and Kyle Rekofke (presumably

15    for defending their clients). Plaintiff also names Bill Gates, an assortment of other Seattle-area judges,

16    several police officers, and a number of private individuals including grocery store employees who

17    told him to leave when he refused to wear a mask.

18        Plaintiff attempts to bring a number of causes of action, including criminal racketeering and

19    conspiracy to deprive Plaintiff of his federal legal rights. *Id*. at 182-267. According to Plaintiff, these

20    claims all commonly arise from the snowballing tangle of injustice created by his unfair family court

21    case, COVID-19 public health orders, the COVID-19 vaccine, and a deepening institutional

22    conspiracy against him. Plaintiff has also made a series of requests for emergency equitable relief in

23    this case, filing a petition for a preliminary injunction on September 27, a petition for a second

CITY OF SEATTLE'S MOTION FOR A VEXATIOUS
LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW - 8

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

1    preliminary injunction on September 29, a motion for a temporary restraining order on October 2, a

2    motion for a second temporary restraining order on October 3, and a motion for a third temporary

3    restraining order on October 4. *See* Dkt. 14, 15, 16, 20, and 23. This Court denied Plaintiff's three

4    motions for temporary restraining orders on October 6 because "the doctrine of *Younger* abstention

5    bars the Court from deciding Benshoof's claims and because he is unlikely to succeed on the merits

6    in any event." *See* Dkt. 29 at 2.  Following the denial of these motions, the Plaintiff followed up by

7    filing three additional motions for temporary restraining orders largely identical to the denied

8    motions. *See* Dkt. 74, 129, and 158. Plaintiff appealed the denial of these motions, generally

9    accompanied by emergency motions for injunctive relief to the 9th Circuit, all of which have been

10   denied.

11        10. March 15, 2024 – WDWA 2:24-cv-382-JNW

12        Continuing his vexatious litigation, Plaintiff filed suit against Judge Keenan again in this

13   action raising First Amendment claims against the Judge. Having filed to proceed in forma pauperis,

14   which Motion was denied, the Plaintiff has a current pending Motion to disqualify the presiding

15   Judge.

16        11. June 7, 2024 – WDWA 2:24-cv-808-LK

17        Unhappy with the course of this litigation, Plaintiff has again filed a 91-page complaint

18   purportedly on behalf of himself and his minor child raising substantially the same arguments in this

19   proceeding while adding claims against Judge Whitehead related to the proceeding of this case.

20   Plaintiff then used the new case naming the presiding judge a Defendant as the basis for a renewed

21   Motion to Recuse in the instant proceeding. A Motion for Temporary Restraining Order was filed and

22   is fully briefed before the Court raising claims asserted before this Court in TRO's that have been

23   ruled upon already.

CITY OF SEATTLE'S MOTION FOR A VEXATIOUS
LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW - 9

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

12. February 2, 2024 - 24-952

After the denial of his motions for temporary restraining order in 2:24-cv-808, the Plaintiff filed an appeal with the 9th Circuit asking for the equitable relief requested in those motions from the Appellate Court. The Plaintiff then filed a motion for expedited hearing on the case. The 9th Circuit issued an order revoking the Plaintiff's in forma pauperis status for failure to raise a single non-frivolous claim and for filing in bad faith. A dismissal for lack of standing followed.

13. April 2, 2024 – 24-1958 (9th Cir.)

Undeterred, Plaintiff filed an Emergency Petition for Writ of Mandamus requesting that the 9th Circuit enter an Order directing this Court to enter an order granting his new motions for temporary restraining order. That Petition was summarily denied.

14. May 13, 2024 – 24-3053 (9th Cir.)

Plaintiff again filed a petition for writ of mandamus asking the 9th Circuit to enter an order directing this Court to adjudicate his sixth motion for temporary restraining order. Plaintiff followed this with a motion for injunction requesting that the 9th Circuit to grant the relief sought in his sixth motion for temporary restraining order in this case. Plaintiff followed that with an emergency motion for expedited hearing. That petition and motion were summarily denied and dismissed.

15. November 9, 2023 – 23-6090 (SCOTUS)

Plaintiff filed a petition for writ of habeas corpus directly with the Supreme Court requesting essentially identical relief as was requested in this case. That petition was summarily denied without opinion.

### III.   ARGUMENT AND AUTHORITY

The City of Seattle respectfully moves this Court to enter an order imposing reasonable and narrowly tailored prefiling restrictions on Plaintiff Kurt A. Benshoof. Federal courts have the inherent

CITY OF SEATTLE'S MOTION FOR A VEXATIOUS
LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW - 10

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

1  power "'to regulate the activities of abusive litigants by imposing carefully tailored restrictions under

2  appropriate circumstances.'" *De Long v. Hennessey*, 912 F.3d 1144, 1147 (9th Cir. 1990) (quoting

3  *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)); *see also Martin v. District of Columbia Court*

4  *of Appeals*, 506 U.S. 1 (1992) (per curiam). This authority can include "enjoining litigants with

5  abusive and lengthy histories" pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *Id.*

6         Orders imposing prefiling restrictions are an extreme remedy because they directly impact the

7  litigant's right to access the courts. Vexatious litigant orders are disfavored and must comply with

8  procedural and substantive requirements. Before imposing prefiling restrictions district courts must:

9         (1) give litigants notice and an opportunity to oppose the order before it is entered; (2)
           compile an adequate record for appellate review, including a listing of all the cases and
10         motions that led the district court to conclude that a vexatious litigant order was needed;
           (3) make substantive findings of frivolousness or harassment; and (4) tailor the order
11         narrowly so as to closely fit the specific vice encountered.

12  *Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (quotations removed).

13  The first and second requirements are procedural, while the latter two are substantive. *Id.* The Ninth

14  Circuit also uses the "helpful framework" created by a sister circuit "for applying the two substantive

15  factors." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007) (citing *Safir v. U.S.*

16  *Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). That framework describes five additional considerations:

17         (1) the litigant's history of litigation and in particular whether it entailed vexatious,
           harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.*,
18         does the litigant have an objective good faith expectation of prevailing?; (3) whether the
           litigant is represented by counsel; (4) whether the litigant has caused needless expense
19         to other parties or has posed an unnecessary burden on the courts and their personnel;
           and (5) whether other sanctions would be adequate to protect the courts and other
20         parties.

21  *Ringgold-Lockhart*, 761 F.3d at 1062 (quotations omitted). "In light of the seriousness of restricting

22  litigants' access to the courts, pre-filing orders should be a remedy of last resort." *Id.*

23

CITY OF SEATTLE'S MOTION FOR A VEXATIOUS
LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW - 11

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

1     To be vexatious a litigant's actions must be substantively frivolous or harassing. To be

2  frivolous, "[t]he plaintiff's claims must not only be numerous, but also be patently without merit."

3  *Molski*, 500 F.3d at 1059 (quoting *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990)). "As an

4  alternative to frivolousness, the district court may make an alternative finding that the litigant's filings

5  'show a pattern of harassment.'" *Ringghold-Lockhart*, 761 F.3d at 1064 (quoting *De Long*, 912 F.2d

6  at 1148). District courts should not immediately conclude that repetitious actions are harassing, but

7  "must instead discern whether the filing of several similar types of actions constitutes an intent to

8  harass the defendant or the court." *Id.* (quotations omitted).

9     The four-factor test described above is satisfied here. The first factor is met through notice of

10  this motion and providing Plaintiff with an opportunity to respond. *Molski*, 500 F.3d at 1058. The

11  second factor – compiling an adequate record – is satisfied by Plaintiff's other cases described in this

12  memorandum, and the excerpts from those cases submitted by the City as exhibits in support of this

13  motion. *See also, Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (explaining that

14  under Fed. R. Evid. 201 "[w]e may take judicial notice of undisputed matters of public record, . . .

15  including documents on file in federal or state courts").

16     The third and fourth factors are substantive, and examined through the five considerations

17  provided in the Second Circuit's "helpful framework" quoted above. Plaintiff's lawsuits all share a

18  common factual origin (to wit, his disagreements with Ms. Owen). In each successive lawsuit Plaintiff

19  will add new defendants who "sided" with Ms. Owen (e.g., her attorneys, the various judges, and the

20  police who enforced the court's orders). Plaintiff's claims lack any legal basis and, quite plainly, there

21  is not an objective good-faith expectation of prevailing. *E.g., Mireles v. Waco*, 502 U.S. 9, 11-12

22  (1991) (explaining absolute judicial immunity); *Dennis v. Sparks*, 449 U.S. 24 (1980) (same).

23  Furthermore, Plaintiff has ignored the two other judges in the Western District who have explained:

CITY OF SEATTLE'S MOTION FOR A VEXATIOUS
LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW - 12

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

1    a) *Younger* and *Rooker-Feldman* abstention, b) the lack of federal jurisdiction over state family law

2    proceedings; c) that § 1983 claims cannot be brought against private actors; and d) that the Rule 8

3    pleading standard requires short and plain statements. *See generally,* 2:22-cv-01281-LK; 2:23-cv-

4    00751-RAJ. And, in case 01281-LK, rather than accept Judge King's invitation to file a truncated

5    amended complaint, Plaintiff filed a new complaint in state court (22-2-15745-3, which simply

6    repeated the allegations in 22-2-03826-8), waited a year, and then filed the substantially similar 280-

7    page complaint in this case. Although Judge King appears to have avoided Plaintiff's ire, Plaintiff

8    attempted to name Judge Jones[2] as a defendant along with Chief Judge Estudillo and former Chief

9    Judge Martinez. Rather than following this Court's orders or procedural rules, or accepting this

10   Court's invitations to amend his complaints, Plaintiff will commence a new action and improperly

11   sues the disagreeable judge.

12        Attorneys, other than prosecutors, do not enjoy the same immunity afforded to judges. When

13   sued as a co-defendant in a new action, they may be ethically limited in continuing to represent their

14   (former) client. This impacts both the client and the attorney's profession. Plaintiff here has sued

15   seven individual attorneys for their courtroom advocacy, including one prosecutor. *See* Dkt. 9 at 15-

16   18. Each of the six named private attorneys represented either Ms. Owen, a co-defendant, or Ms.

17   Owen's former counsel. He has since amended the Complaint, adding additional prosecuters. *See*

18   Dkt. 47. Filing baseless lawsuits against lawyers for litigating cases is not a new behavior for Plaintiff,

19   and all signs indicate that it will continue. Indeed, Plaintiff starts off this case with a threatening

20   "Notice to Counsel" that concludes with the admonition "[v]iolate the trinity of truth, equity, and law

21   at your peril." Dkt. 9 at 9.

22

23   _____

[2] It appears that Plaintiff omitted Judge Jones from the caption but identifies him as a "respondent" in the pleading. *See, e.g.,* Dkt. 9 at 18.

CITY OF SEATTLE'S MOTION FOR A VEXATIOUS
LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW - 13

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

1    Plaintiff numerous, successive, and concurrently filed lawsuits are not the product of

2  ignorance or lack of legal training. They are the product of Plaintiff's accelerating crusade against

3  Ms. Owen, and his vindictive abuse of the court system to exact retribution on those who dare to

4  disagree with him. The evolving panoply of defendants demonstrates Plaintiff's vexatious nature. The

5  harm and distress that this has likely caused to Ms. Owen seems obvious. Undoubtedly, it is also more

6  than triflingly inconvenient to her attorneys who have in turn retained counsel.

7    The City respectfully submits that an order stopping Plaintiff's abusive practices should be

8  entered in this case. It is unlikely, or at least unclear, that a monetary sanction would have any effect.

9  Given Plaintiff's demonstrated recalcitrance, it is also unlikely that any type of Rule 11 sanction in

10  this case could adequately protect the courts and other parties from Plaintiff's future abuse. The City

11  therefore requests the Court to issue an order that, at a minimum, requires Plaintiff to do the following

12  prior to commencing any new civil action in federal court:

13    1. Comply with any other vexatious litigant orders issued by any state or federal court that
         impose prefiling restrictions on Plaintiff;
14
     2. Identify all past or pending case(s) initiated by Plaintiff against the same defendant(s),
15       concisely state the past disposition or present posture of those cases, and succinctly describe
         why the proposed new action involves different factual allegations; and
16
     3. Obtain advance leave from the forum court to file the new action if Plaintiff seeks relief from
17       (i) any other civil proceeding to which Plaintiff is a party, (ii) COVID public health order(s),
         (iii) any judicial officer's decision(s), or (iv) any active bench warrant(s) issued by any court.
18

19  The City submits that these conditions are reasonable, do not unduly restrict Plaintiff's right to

20  otherwise avail himself to the court system, and are narrowly tailored to Plaintiff's harmful abuse of

21  the court system.

22

23  *///*

CITY OF SEATTLE'S MOTION FOR A VEXATIOUS
LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW - 14

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

1                              IV.    CONCLUSION

2        The City files this motion understanding that undersigned counsel, and perhaps this Court,

3   will likely be defendants in Plaintiff's next action. That likelihood increases the imperative of issuing

4   the requested order and underscores why it is appropriate. Plaintiff's frivolous claims should not be

5   re-litigated again.

6

7        DATED this 16th day of July, 2024.

8                                        ANN DAVISON
                                         Seattle City Attorney
9

10                              By:    */s/ Dallas LePierre*
                                       Dallas LePierre, WSBA# 47391
11                                     Catherine E. Riedo, WSBA# 50418
                                       Assistant City Attorneys
12                                     E-mail: Dallas.LePierre@seattle.gov
                                       E-Mail: Catherine.Riedo@seattle.gov
13
                                       Seattle City Attorney's Office
14                                     701 Fifth Avenue, Suite 2050
                                       Seattle, WA 98104
15                                     Phone: (206) 684-8200

16                                     *Attorney for Defendant City of Seattle, Jenny Durkan, Matthew*
                                       *Lentz, Katrina Outland, David Sullivan, Gabriel Ladd, Jordan*
17                                     *Wallace, Mary Lynch, Willie Gregory, Faye Chess, Jerome*
                                       *Roache, Adam Eisenberg, Anita Crawford-Willis, Soheila*
18                                     *Sarrafan, Ann Davison, and Benjamin Coomer*

19

20

21

22

23

CITY OF SEATTLE'S MOTION FOR A VEXATIOUS            **Ann Davison**
LITIGANT ORDER AGAINST PLAINTIFF                    Seattle City Attorney
No. 2:23-cv-01392-JNW - 15                          701 5th Avenue, Suite 2050
                                                    Seattle, WA 98104-7095
                                                    (206) 684-8200

1

**CERTIFICATE OF SERVICE**

2

3

I certify that on the 16th day of July, 2024, I caused a true and correct copy of this document to be served on the following in the manner indicated below:

| | |
|---|---|
| Kurt A. Benshoof<br>1716 North 128th Street<br>Seattle, WA 98133<br>&<br>King County Correctional Facility<br>Kurt Alden Benshoof<br>B/A number 2024-008067<br>500 Fifth Ave.<br>Seattle, WA 98104<br><br>*[Pro Se Plaintiff]* | (X) U.S. Mail<br>(X) CM/ECF<br>( ) ABC Legal Messengers<br>( ) Faxed<br>( ) Via Email:<br>kurtbenshoof@gmail.com |
| Briana D. Gage<br>1716 North 128th Street<br>Seattle, WA 98133<br><br>*[Pro Se Plaintiff]* | ( ) U.S. Mail<br>(X) CM/ECF<br>( ) ABC Legal Messengers<br>( ) Faxed<br>( ) Via Email:<br>bgage025@gmail.com |
| Michael C. Tracy and Sarah N. Turner<br>Gordon Rees Scully<br>701 Fifth Avenue, Suite 2100<br>Seattle, WA 98104<br>(206) 659-5135<br><br>*[Nathan Cliber]* | ( ) U.S. Mail<br>(X) CM/ECF<br>( ) ABC Legal Messengers<br>( ) Faxed<br>( ) Via Email:<br>mtracy@grsm.com |
| Amy Franklin-Bihary<br>701 Fifth Avenue, Suite 4550<br>Seattle, WA 98104<br>(206) 624-4900<br><br>*[Pro Se Defendant]* | ( ) U.S. Mail<br>(X) CM/ECF<br>( ) ABC Legal Messengers<br>( ) Faxed<br>( ) Via Email:<br>afb@wechslerbecker.com |
| Darren A. Feider & Matthew Coughlan<br>Sebris Busto James<br>15375 SE 30th Place, Suite 310<br>Bellevue, WA 98007<br>(425) 454-4233 | ( ) U.S. Mail<br>(X) CM/ECF<br>( ) ABC Legal Messengers<br>( ) Faxed<br>( ) Via Email: |

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

CITY OF SEATTLE'S MOTION FOR A VEXATIOUS
LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW - 16

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

| | |
|---|---|
| *[Puget Consumers Co-op, Freya Brier, Zachary Cook, Central Co-op]* | dfeider@sbj.law, mcoughlan@sbj.law |
| James T. Yand & James Johnson<br>Miller Nash LLP<br>605 Fifth Avenue S, Suite 900<br>Seattle, WA 98104<br>(206) 622-8484<br><br>*[Big 5 Sporting Goods & Sprouts Farmers Market]* | ( ) U.S. Mail<br>(X) CM/ECF<br>( ) ABC Legal Messengers<br>( ) Faxed<br>( ) Via Email:<br>james.yand@millernash.com,<br>james.johnson@millernash.com<br>cara.lowrance@millernash.com |
| Peggy Wu<br>King County Proseuting Attorney's Office<br>701 5th Avenue, Suite 600<br>Seattle, WA 98104<br>(206) 477-1120<br><br>*[King County and Judge David Keenan]* | ( ) U.S. Mail<br>(X) CM/ECF<br>( ) ABC Legal Messengers<br>( ) Faxed<br>( ) Via Email:<br>pwu@kingcounty.gov |
| Sarah S. Mack<br>Pacific Law Group LLP<br>1191 Second Avenue, Suite 2000<br>Seattle, WA 98101<br>(206) 245-1700<br><br>*[Seattle Public Schools, Gregory Narver, and Justin Booker]* | (X) CM/ECF<br>( ) ABC Legal Messengers<br>( ) Faxed<br>( ) Via Email:<br>sarah.mack@pacificlawgroup.com |
| Blair M. Russ<br>Tomlinson Bomsztyk Russ<br>1000 Second Avenue, Suite 3660<br>Seattle, WA 98104<br>(206) 621-1871<br><br>*[Blair M. Russ]* | (X) CM/ECF<br>( ) ABC Legal Messengers<br>( ) Faxed<br>( ) Via Email: bmr@tbr-law.com |

*/s/ Grace Selsor*
Grace Selsor, Legal Assistant

CITY OF SEATTLE'S MOTION FOR A VEXATIOUS
LITIGANT ORDER AGAINST PLAINTIFF
No. 2:23-cv-01392-JNW - 17

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

1                                                          Hon. Jamal N. Whitehead

2

3

4

5

6                        UNITED STATES DISTRICT COURT
7                       WESTERN DISTRICT OF WASHINGTON
                                  AT SEATTLE
8
KURT A. BENSHOOF,
9
                    Plaintiff,
10                                              No.   2:23-CV-1392-JNW
                vs.
11                                              [PROPOSED] VEXATIOUS LITIGANT
MOSHE ADMON, DANIEL AUDERER,                    ORDER AGAINST KURT A. BENSHOOF
12   JUSTIN BOOKER, FREYA BRIER, CITY OF
SEATTLE, NATHAN CLIBER, ZACHARY
13   COOK, BENJAMIN COOMER, ANITA
CRAWFORD-WILLIS, JENNY DURKAN,
14   JAMES ERVIN, DAVID ESTUDILLO,
MARSHAL FERGUSON, MICHAEL FOX,
15   COREY FOY, AMY FRANKLIN-BIHARY,
WILLIAM GATES, III, STEVEN GONZALEZ,
16   TYLER GOSLIN, WILLIE GREGORY, OWEN
HERMSEN, JAY INSLEE, DAVID KEENAN,
17   GABRIEL LADD, DANEIL LENTZ,
MAGALIE LERMAN, MARY LYNCH,
18   SARAH MACDONALD, ANTHONY
MARINELLA, RICARDO MARTINEZ,
19   BRADLEY MOORE, KATRINA OUTLAND,
JESSICA OWEN, PCC NATURAL MARKETS,
20   KYLE REKOFKE, STEVEN ROSEN, BLAIR
RUSS, UMAIR SHAH, SPROUTS FARMERS
21   MARKET, MICHAEL THURSTON, JARED
WALLACE, SANDRA WIDLAN,
22
                    Defendants.
23

[PROPOSED] VEXATIOUS LITIGANT ORDER AGAINST KURT A.          **Ann Davison**
  BENSHOOF - 1                                               Seattle City Attorney
  (2:23-cv-1392-JNW)                                         701 5th Avenue, Suite 2050
                                                             Seattle, WA 98104-7095
                                                             (206) 684-8200

1    THIS MATTER having come before the undersigned judge of the above-entitled Court

2    pursuant to City's Vexatious Litigant Motion Against Kurt A. Benshoof in the above-entitled cause,

3    and the Court has read and considered the following:

4        1.  City's Vexatious Litigant Motion Against Kurt A. Benshoof,

5        2.  Response from Plaintiff, if any.

6        Based on the foregoing, the Court finds that Plaintiff Kurt A. Benshoof has demonstrated a

7    pattern of vexatious litigation evidenced by repeated filings with Courts that are frivolous and brought

8    in bad faith. In accordance with that finding, it is hereby ORDERED that City's Vexatious Litigant

9    Motion Against Kurt A. Benshoof is GRANTED.

10       Prior to the filing of any new case within this Court's jurisdiction Plaintiff Kurt A. Benshoof

11   must:

12       1.  Comply with any other vexatious litigant orders issued by any state or federal court that

13           has imposed prefiling restrictions on Plaintiff Kurt. A. Benshoof; and

14       2.  Obtain advance leave from the forum court to file the new action if Plaintiff seeks relief

15           from (i) any other civil or criminal proceeding to which Plaintiff is a party, (ii) COVID

16           public health order(s), (iii) any judicial officer's decision(s), or (iv) any active bench

17           warrant(s) issued by any court.

18       In requesting leave to file from the forum court Plaintiff Kurt A. Benshoof must:

19       1.  Certify that he has complied with the above requirements;

20       2.  Identify all past or pending case(s) initiated by Plaintiff against the same defendant(s),

21           concisely state the past disposition or present posture of those cases, and succinctly

22           describe why the proposed new action involves different factual allegations; and

23       3.  Demonstrate that the new filing is not frivolous or in bad faith.

[PROPOSED] VEXATIOUS LITIGANT ORDER AGAINST KURT A.
BENSHOOF - 2
(2:23-cv-1392-JNW)

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

1       Any new complaint filed by Plaintiff Kurt A. Benshoof that fails to comply with the

2  requirements of this order shall be subject to dismissal. Further, Plaintiff Kurt A. Benshoof may be

3  subject to sanctions for the violation of this order, including, but not limited to, the imposition of costs

4  and fees to any defendant, fines, or any other sanction necessary to enforce compliance with this

5  order.

6

7  DONE and ORDERED:

8

9       DATED this ___ day of _____, 2024.

10

11

12

                               _____

13                         Hon. Jamal Whitehead
                         United States District Court Judge

14

15

16

17

18

19

20

21

22

23

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

1    Presented by:

2

3        ANN DAVISON
         Seattle City Attorney

4

5        */s/ Dallas LePierre*
         Dallas LePierre, WSBA# 47391
6        Catherine E. Riedo, WSBA# 50418

7        E-mail: Dallas.LePierre@seattle.gov
         E-Mail: Catherine.Riedo@seattle.gov

8
         Seattle City Attorney's Office
9        701 Fifth Avenue, Suite 2050
         Seattle, WA 98104
10       Phone: (206) 684-8200

11       *Attorney for Defendant City of Seattle, Jenny Durkan, Matthew Lentz, Katrina
         Outland, David Sullivan, Gabriel Ladd, Jordan Wallace, Mary Lynch, Willie
         Gregory, Faye Chess, Jerome Roache, Adam Eisenberg, Anita Crawford-Willis,
12       Soheila Sarrafan, Ann Davison, and Benjamin Coomer*

13

14

15

16

17

18

19

20

21

22

23

[PROPOSED] VEXATIOUS LITIGANT ORDER AGAINST KURT A.
BENSHOOF - 4
(2:23-cv-1392-JNW)

**CERTIFICATE OF SERVICE**

I certify that on the 16th day of July, 2024, I caused a true and correct copy of this document to be served on the following in the manner indicated below:

| | |
|---|---|
| Kurt A. Benshoof<br>1716 North 128th Street<br>Seattle, WA 98133<br>&<br>King County Correctional Facility<br>Kurt Alden Benshoof<br>B/A number 2024-008067<br>500 Fifth Ave.<br>Seattle, WA 98104<br><br>*[Pro Se Plaintiff]* | (X)  U.S. Mail<br>(X)  CM/ECF<br>( )  ABC Legal Messengers<br>( )  Faxed<br>( )  Via Email:<br>kurtbenshoof@gmail.com |
| Briana D. Gage<br>1716 North 128th Street<br>Seattle, WA 98133<br><br>*[Pro Se Plaintiff]* | ( )  U.S. Mail<br>(X)  CM/ECF<br>( )  ABC Legal Messengers<br>( )  Faxed<br>( )  Via Email:<br>bgage025@gmail.com |
| Michael C. Tracy and Sarah N. Turner<br>Gordon Rees Scully<br>701 Fifth Avenue, Suite 2100<br>Seattle, WA 98104<br>(206) 659-5135<br><br>*[Nathan Cliber]* | ( )  U.S. Mail<br>(X)  CM/ECF<br>( )  ABC Legal Messengers<br>( )  Faxed<br>( )  Via Email:<br>mtracy@grsm.com |
| Amy Franklin-Bihary<br>701 Fifth Avenue, Suite 4550<br>Seattle, WA 98104<br>(206) 624-4900<br><br>*[Pro Se Defendant]* | ( )  U.S. Mail<br>(X)  CM/ECF<br>( )  ABC Legal Messengers<br>( )  Faxed<br>( )  Via Email:<br>afb@wechslerbecker.com |
| Darren A. Feider & Matthew Coughlan<br>Sebris Busto James<br>15375 SE 30th Place, Suite 310<br>Bellevue, WA 98007<br>(425) 454-4233 | ( )  U.S. Mail<br>(X)  CM/ECF<br>( )  ABC Legal Messengers<br>( )  Faxed<br>( )  Via Email: |

[PROPOSED] VEXATIOUS LITIGANT ORDER AGAINST KURT A.
BENSHOOF - 5
(2:23-cv-1392-JNW)

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

| | |
|---|---|
| *[Puget Consumers Co-op, Freya Brier, Zachary Cook, Central Co-op]* | dfeider@sbj.law, mcoughlan@sbj.law |
| James T. Yand & James Johnson<br>Miller Nash LLP<br>605 Fifth Avenue S, Suite 900<br>Seattle, WA 98104<br>(206) 622-8484<br><br>*[Big 5 Sporting Goods & Sprouts Farmers Market]* | ( ) U.S. Mail<br>(X) CM/ECF<br>( ) ABC Legal Messengers<br>( ) Faxed<br>( ) Via Email:<br>james.yand@millernash.com,<br>james.johnson@millernash.com<br>cara.lowrance@millernash.com |
| Peggy Wu<br>King County Proseuting Attorney's Office<br>701 5th Avenue, Suite 600<br>Seattle, WA 98104<br>(206) 477-1120<br><br>*[King County and Judge David Keenan]* | ( ) U.S. Mail<br>(X) CM/ECF<br>( ) ABC Legal Messengers<br>( ) Faxed<br>( ) Via Email:<br>pwu@kingcounty.gov |
| Sarah S. Mack<br>Pacific Law Group LLP<br>1191 Second Avenue, Suite 2000<br>Seattle, WA 98101<br>(206) 245-1700<br><br>*[Seattle Public Schools, Gregory Narver, and Justin Booker]* | (X) CM/ECF<br>( ) ABC Legal Messengers<br>( ) Faxed<br>( ) Via Email:<br>sarah.mack@pacificlawgroup.com |
| Blair M. Russ<br>Tomlinson Bomsztyk Russ<br>1000 Second Avenue, Suite 3660<br>Seattle, WA 98104<br>(206) 621-1871<br><br>*[Blair M. Russ]* | (X) CM/ECF<br>( ) ABC Legal Messengers<br>( ) Faxed<br>( ) Via Email: bmr@tbr-law.com |

*/s/ Grace Selsor*
Grace Selsor, Legal Assistant

[PROPOSED] VEXATIOUS LITIGANT ORDER AGAINST KURT A. BENSHOOF - 6
(2:23-cv-1392-JNW)

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

# EXHIBIT C

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KURT BENSHOOF and BRIANA D. GAGE,

                Plaintiffs,

     v.

MOSHE ADMON, DANIEL AUDERER, JUSTIN BOOKER, FREYA BRIER, CITY OF SEATTLE, NATHAN CLIBER, ZACHARY COOK, BENJAMIN COOMER, ANITA CRAWFORD-WILLIS, JENNY DURKAN, AMY FRANKLIN-BIHARY, WILLIE GREGORY, OWEN HERMSEN, DAVID KEENAN, GABRIEL LADD, MAGALIE LERMAN, MARY LYNCH, KATRINA OUTLAND, JESSICA OWEN, BLAIR RUSS, SPROUTS FARMERS MARKET, KING COUNTY, SEATTLE PUBLIC SCHOOLS, BIG 5 SPORTING GOODS, CENTRAL COOP, PUGET CONSUMERS CO-OP, FAYE CHESS, ANN DAVIDSON, ADAM EISENBERG, MATTHEW LENTZ, JEROME ROACHE, SOHEILA SARRAFAN, DAVID SULLIVAN, and JORDAN WALLACE,

                Defendants.

CASE NO. 2:23-cv-1392

ORDER DECLARING PLAINTIFF BENSHOOF A VEXATIOUS LITIGANT

# 1. INTRODUCTION

This matter comes before the Court on Defendants' motions to declare Plaintiff Kurt Benshoof a vexatious litigant. Dkt. Nos. 250, 258. Benshoof opposes the motions and moves to stay the proceedings. Dkt. No. 257, 261. Because Benshoof fails to show a need for the requested stay and because Defendants have established that Benshoof uses abusive litigation tactics, the Court DENIES Benshoof's motion to stay and ENTERS a vexatious litigant order against him as set forth below.

# 2. BACKGROUND[1]

Over the last three years, Benshoof has filed ten cases in this district.[2] Eight of the ten cases have been dismissed. In each case, Benshoof proceeded pro se. Below, the Court briefly recounts each of the cases.

## 2.1    *Benshoof et al. v. Fauci et al.,* Case No. 2:22-cv-1281-LK.

On September 9, 2022, Benshoof filed a 295-page complaint and petition for an "emergency injunction." Dkt. No. 1. Benshoof sued nearly 70 defendants, including numerous employees of the City of Seattle, King County, Washington State, and the federal government, alleging constitutional violations arising from

---

[1] Within each subsection below, the record citations correspond to the docket of the case under discussion therein.

[2] Benshoof also moved twice for leave to file an amicus brief in *United States v. City of Seattle*, Case No. 2:12-cv-1282-JLR, in which the Honorable James L. Robart monitors the City of Seattle Police Department's compliance with its consent decree with the United States Department of Justice. Judge Robart denied Benshoof's motions both times.

ORDER DECLARING PLAINTIFF BENSHOOF A VEXATIOUS LITIGANT - 2

1    his state-court family law proceedings. *Id.* Benshoof also objected to various COVID-

2    19 policies involving indoor-masking requirements and vaccines. *Id.*

3        The Honorable Lauren King, United States District Judge, denied Benshoof's

4    request for emergency injunctive relief. Dkt. No. 5. Judge King also found

5    Benshoof's complaint deficient because it failed to comply with Federal Rule of Civil

6    Procedure 8. Judge King granted Benshoof an opportunity to file an amended

7    complaint within 30 days. *Id.* Because Benshoof failed to file an amended complaint

8    by the deadline, Judge King dismissed his case without prejudice on October 31,

9    2022. Dkt. Nos. 7, 8.

10   **2.2    *Benshoof v. Keenan et al.*, Case No. 2:23-cv-751-RAJ.**

11       On May 22, 2023, Benshoof filed a case styled as a habeas petition

12   challenging the state's child-custody determination. Dkt. No. 1. A couple of weeks

13   later, on June 8, 2023, Benshoof moved for a temporary restraining order (TRO).

14   Dkt. No. 15. On June 12, 2023, the Honorable Richard Jones, United States District

15   Judge, denied Benshoof's TRO motion and dismissed the petition with prejudice,

16   holding that the federal court lacked jurisdiction to relitigate Benshoof's interest in

17   his parental rights. Dkt. No. 22.

18       Benshoof appealed. Dkt. No. 24. The Ninth Circuit ordered him to show cause

19   why summary affirmance of the district court's judgment was not appropriate. Dkt.

20   No. 26. Benshoof failed to respond, and the Ninth Circuit summarily affirmed the

21   dismissal order finding "the questions raised in [Benshoof's] appeal so insubstantial

22   as not to require further argument." Dkt. No. 27.

23

**2.3    *This lawsuit.***

On September 7, 2023, Benshoof moved to proceed *in forma pauperis* (IFP) and filed a proposed complaint. Dkt. No. 1. On his IFP application, Benshoof stated he received no money from any source for the last year even though his monthly expenses totaled over $1,000. *Id.* The Honorable Michelle L. Peterson, United States Magistrate Judge, ordered Benshoof to show cause why his IFP application should be granted considering the contradictions listed in his paperwork. Dkt. No. 4. Benshoof responded that he pays for monthly expenses through "personal lifetime savings" and Judge Peterson granted Benshoof's application to proceed IFP on September 19, 2023. Dkt. No. 8.

Benshoof's complaint in this lawsuit mirrors his claims in his prior case before Judge King, *Benshoof et al. v. Fauci et al.*, Case No. 2:22-cv-1281-LK. It spanned 280 pages, named over 42 defendants (many overlapping with those in the *Fauci* matter), and asserted nearly 40 causes of action covering family law issues, conspiracy theories, and COVID-19 masking policies at local stores. Dkt. No. 9. Benshoof also filed 2,034 pages of stand-alone exhibits. Dkt. No. 13. On September 27 and September 29, 2023, Benshoof filed two "emergency" motions for preliminary injunctions. Dkt. Nos. 14, 15. Benshoof then moved for three TROs on successive days between October 2–4, 2023. Dkt. Nos. 16, 20, 23. The Court denied all three motions, finding that Benshoof failed to establish that he was likely to succeed on the merits of any of his motions. Dkt. No. 29.

On October 31, 2023, the Court denied Benshoof's motions for injunctive relief as barred under the *Younger* abstention doctrine. The Court also identified

ORDER DECLARING PLAINTIFF BENSHOOF A VEXATIOUS LITIGANT - 4

several deficiencies, including that it lacked jurisdiction over Benshoof's claim for declaratory judgment, his Section 1983 claims against private persons and immune parties failed as a matter of law, and his complaint violated Federal Rule of Civil Procedure 8(a). Dkt. No. 38 at 6–13. Accordingly, the Court ordered Benshoof to file an amended complaint. *Id.* at 16.

Benshoof's amended complaint failed to cure any of the deficiencies raised by this Court. His amended complaint was similarly sprawling in scope—spanning 184 pages, naming over 30 defendants, and asserting nearly 40 causes of action, raising the same family law issues, constitutional allegations, and conspiracy theories. Dkt. No. 245 at 1.

On June 28, 2024, after reviewing Defendants' motions to dismiss and conducting an independent review under 28 U.S.C. § 1915(e)(2)(i)–(iii), the Court dismissed Benshoof's first amended complaint with prejudice because he failed to state a claim upon which relief could be granted. *Id.* at 45–46. Specifically, the Court found that Benshoof's "long-winded filings" failed "to allege cognizable legal theories or factual assertions that show[ed] a facially plausible claim for relief." *Id.* at 2. The Court also denied Benshoof's fourth, fifth, and sixth TRO motions. Dkt. Nos. 92, 244.

### 2.4    *Benshoof et al. v. City of Shoreline et al.*, Case No. 2:24-cv-343-TL.

On March 11, 2024, Benshoof again moved for leave to proceed IFP and filed a proposed complaint involving grocery store masking policies during the COVID-19 pandemic. Dkt. No. 1. On April 2, 2024, the Honorable S. Kate Vaughan, United

States Magistrate Judge, found Benshoof's IFP application deficient because he indicated no income but listed monthly expenses of $1,630. Dkt. No. 8. Benshoof responded but failed to address this disparity, so Judge Vaughan again ordered him to show cause why his IFP application should be granted. Dkt. No. 11. Benshoof responded claiming to pay for his monthly expenses with credit cards and by "barter[ing] with members of his church[.]" Dkt. No. 12. Ultimately, Judge Vaughan granted Benshoof IFP status, and allowed his case to proceed. Dkt. No. 13.

On December 20, 2024, the Honorable Tana Lin, United States District Judge, granted the defendants' motions to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(c). Judge Lin dismissed Benshoof's complaint with leave to amend. Dkt. No. 85. On January 19, 2025, Benshoof filed an amended complaint, and in response, the defendants again moved to dismiss. Dkt. Nos. 93, 94. The motions to dismiss will be ripe for consideration in early March 2025.

**2.5    *Benshoof v. Keenan*, Case No. 2:24-cv-382-JNW.**

On March 15, 2024—four days after Benshoof filed his proposed complaint in *Benshoof et al. v. City of Shoreline et al.*, Case No. 2:24-cv-343-TL—Benshoof applied for IFP status to proceed with another proposed complaint. Dkt. No. 1. After two orders to show cause, Benshoof still glossed over the discrepancy between his total lack of income and monthly expenses. Dkt. No. 14. Judge Peterson recommended that this Court deny Benshoof's IFP status, and Benshoof objected, claiming that he pays his monthly expenses with credit cards and through bartering

with members of his church. Dkt. Nos. 14, 15. The Court granted Benshoof IFP on

July 30, 2024. Dkt. No. 19.

In his complaint, Benshoof alleged that King County Superior Court Judge

David Keenan facilitated perjury in the parentage action between him and the

mother of his child. Dkt. No. 20. Benshoof made a series of social media posts on

Judge Keenan's public Twitter and Facebook pages about the case. Dkt. No. 44 at

1–2. In response, Judge Keenan blocked Benshoof from his social media accounts for

engaging in ex parte communications with the court. *Id.* On January 9, 2025, this

Court dismissed Benshoof's case with prejudice based on judicial immunity. *Id.*

### 2.6    *Benshoof v. Ferguson et al.*, Case No. 2:24-cv-808-JHC.

On June 7, 2024, preceding pro se but not IFP, Benshoof sued King County

Superior Court Judge Marshall Ferguson, as well as several attorneys who have

represented parties opposite Benshoof in prior suits—Blair Russ, Jessica Skelton,

Michael Tracy, and Sarah Turner. Dkt. No. 1. Benshoof also named the

undersigned, Judge Jamal Whitehead, and an unnamed clerk for this Court. *Id.* In

his 91-page complaint, Benshoof alleged the defendants committed witness

tampering and suborned perjury. *Id.* at 39–65. He also alleged this Court failed to

adjudicate his TRO motions in *Benshoof v. Admon*, Case No. 2:23-cv-1392-JNW. *Id.*

at 62–65.

On August 9, 2024, the Honorable John H. Chun, United States District

Judge, granted Defendant Skelton's motion to dismiss, dismissed Benshoof's claims

against Skelton without prejudice, and granted Benshoof leave to amend his

1    complaint with respect to the claims against Skelton. Dkt. No. 40. On November 14,

2    2024, Judge Chun granted Defendant Judge Ferguson's motion to dismiss and

3    dismissed all claims against Judge Ferguson with prejuidce based on judicial

4    immunity. Dkt. No. 51. Benshoof moved for leave to amend his complaint, which

5    Judge Chun denied. Dkt. Nos. 57, 61. Judge Chun then dismissed with prejuidce all

6    claims against Skelton because Benshoof failed to file a proposed amended

7    complaint as required by Local Civil Rule 15(a). *Id.* On July 10, 2025, Benshoof

8    again moved for leave to file an amended complaint. The motion remains pending.

9    Dkt. No. 63.

10   **2.7    *In re: Kurt Benshoof*, Case No. 2:24-mc-43-JNW.**

11       On July 14, 2024, Benjamin Blanchard filed a proposed habeas petition on

12   behalf of Kurt Benshoof. Dkt. No. 1. Because Blanchard did not establish any kind

13   of significant relationship with Benshoof, as required of a proper "next friend" who

14   can pursue a habeas petition on behalf of a detained person, this Court dismissed

15   his petition and closed the case on August 30, 2024. Dkt. No. 10.

16   **2.8    *Benshoof v. Warden*, Case No. 2:24-cv-1110-JNW.**

17       Three days after Blanchard's filing, on July 17, 2024, Benshoof petitioned for

18   habeas corpus under 28 U.S.C. § 2241, challenging his pretrial detention at King

19   County Correctional Facility in Seattle, Washington. Dkt. No. 12. Judge Vaughan

20   recommended that this Court dismiss Benshoof's petition based on two procedural

21   deficiencies: (1) "the claims asserted in [Benshoof's habeas] petition lack sufficient

22   clarity and factual support for the Court to conclude that *Younger* abstention is

23

1  . . . inappropriate in the circumstances of this case[;]" and (2) Benshoof "does not

2  show that he presented any of his federal habeas claims to the Washington state

3  trial and appellate courts in his ongoing criminal proceedings, and he offers no

4  explanation as to why exhaustion should not be required[.]" Dkt. No. 22 at 9–10.

5  Accordingly, on January 17, 2025, this Court dismissed Benshoof's petition on

6  procedural grounds as barred by the doctrine of *Younger* abstention and because

7  Benshoof failed to exhaust state court remedies. Dkt. No. 28. Benshoof appealed

8  even though this Court denied a certificate of appealability. Dkt. Nos. 32, 33.

9  **2.9**    ***City of Seattle v. Benshoof*, Case No. 2:24-mc-57-JNW.**

10       On September 9, 2024, Benshoof tried to remove his criminal cases from state

11  court to this Court. Dkt. No. 1. Because Benshoof failed to pay the filing fee or move

12  for leave to proceed IFP, this Court dismissed his case on January 8, 2025. Dkt.

13  Nos. 4, 5.

14  **2.10**   ***State of Washington v. Benshoof*, Case No. 2:24-mc-60-JNW.**

15       On September 24, 2024, Benshoof again attempted to remove his Seattle

16  Municipal Court criminal cases to this Court under 28 U.S.C. § 1443. Dkt. No. 1.

17  This Court found that Benshoof met none of the requirements for removal to federal

18  court; thus, Benshoof's proposed removal was defective. Dkt. No. 16. This Court

19  terminated the case for lack of jurisdiction, *id.* at Dkt. No. 16, and Benshoof

20  appealed to the Ninth Circuit, *id.* at Dkt. No. 17.

21

22

23

1

### 3. DISCUSSION[3]

2

**3.1    Staying the proceedings is unwarranted.**

3

To begin, Benshoof moves to stay this Court's decision on Defendants' motion

4

for a vexatious litigant order until he is released from King County Jail. Dkt. No.

5

257. A stay is unwarranted.

6

A district court has discretion to stay proceedings in its own court. *Sullivan v.*

7

*Aurich*, No. C21-5433-TL-SKV, 2022 WL 2111113, at *1 (W.D. Wash. May 9, 2022)

8

(citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In exercising this discretion,

9

the court weighs competing interests, including "(1) the damage that might result

10

from granting a stay; (2) the hardship a party may suffer in being required to move

11

forward; and (3) whether a stay would promote the orderly course of justice by the

12

simplification or complication of the issues." *Germack v. Dentists Ins. Co.*, No. C20-

13

0661-JCC, 2020 WL 6505020, at *1 (W.D. Wash. July 7, 2020) (citing *Lockyer v.*

14

*Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)).

15

That a party is incarcerated does not always support staying a case. *See*

16

*Fader v. Berrada*, No. C21-5264 TSZ-TLF, 2021 WL 5967949, at *1 (W.D. Wash.

17

Nov. 24, 2021), *report and recommendation adopted in part*, No. C21-5264 TSZ,

18

2021 WL 5937687 (W.D. Wash. Dec. 16, 2021) ("The interests of justice and equity

19

do not support staying this action" while the plaintiff was incarcerated because

20

"[t]here is no indication that plaintiff's access to the Court is currently restricted or

21

22

---

23

[3] Within each subsection that follows, the record citations correspond to the docket in this case.

ORDER DECLARING PLAINTIFF BENSHOOF A VEXATIOUS LITIGANT - 10

1   that plaintiff is unable to litigate this action pro se."). Benshoof has submitted

2   multiple filings since his arrest, showing that he has access to the Court. Dkt. Nos.

3   261, 263. He also filed a notice registering to electronically file and receive

4   electronic service. Dkt. No. 262. Therefore, Benshoof's actions contradict his claims,

5   and the Court finds no reason supported in the record to stay its decision.

6       The Court thus DENIES Benshoof's motion to stay. Dkt. No. 257.

7   **3.2    Legal standard for a bar order.**

8       The All Writs Acts, 28 U.S.C. § 1651(a), provides district courts with the

9   inherent power to enter pre-filing orders against vexatious litigants. *De Long v.*

10  *Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) ("Under the power of 28 U.S.C. §

11  1651(a), enjoining litigants with abusive and lengthy histories is one such form of

12  restriction that the district court may take."). Although, such orders should be rare,

13  "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one

14  person to preempt the use of judicial time that properly could be used to consider

15  the meritorious claims of other litigants." *Id.* at 1148.

16      In the Ninth Circuit, a vexatious litigant order may be entered when (1) the

17  litigant has received notice and a chance to be heard before the order is entered, (2)

18  there is an adequate record for review, (3) the litigant's actions are frivolous or

19  harassing, and (4) the vexatious litigant order is "narrowly tailored to closely fit the

20  specific vice encountered." *De Long*, 912 F.2d at 1147–48; *Molski v. Evergreen*

21  *Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). The first two factors are

22  procedural, while the "latter two factors . . . are substantive considerations . . .

23

[that] help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." *Molski*, 500 F.3d at 1058.

### 3.3    Benshoof is a vexatious litigant.

#### 3.3.1    Notice and opportunity to be heard.

The first factor the Court must consider is whether the litigant accused of vexatious behavior has been given fair notice of the possibility that they might be declared a vexatious litigant. *De Long*, 912 F.2d at 1147. And an opportunity to oppose the order before it is entered. *Molski*, 500 F.3d at 1058. The court need not hold an in-person hearing for this factor to be met. *See Gavin v. City & Cty. of S.F.*, No. 15-CV-05202-EMC, 2016 WL 126937, at *2 (N.D. Cal. Jan. 12, 2016); *see also Reddy v. MedQuist, Inc.*, No. 12-cv-1324-PSG, 2012 WL 6020010, at *3 (N.D. Cal. Dec. 3, 2012) ("The requirement that the plaintiff receive an opportunity to be heard does not include an oral hearing; the opportunity to brief the issue fully satisfies due process requirements.").

This factor is met, as Benshoof had an opportunity to—and did in fact—oppose Defendants' motion for a vexatious litigant order.

#### 3.3.2    Adequate record for review.

The second factor considers whether the district court has created an adequate record for review, including a listing of all the cases and motions that lead the district court to conclude that a vexatious litigant order is needed. *De Long*, 912 F.2d at 1147 (citing *Martin–Trigona v. Lavien*, 737 F.2d 1254, 1260 (2d Cir. 1984)).

At a minimum, the record should show that the litigant's activities are numerous or abusive. *Id.*

The Court has listed and discussed all the actions (ten, total) that Benshoof has filed in this district in the past three years alone. A review of them reveals that eight out of the ten cases have been dismissed either for lack of jurisdiction or failure to state a claim.

### 3.3.3    Frivolous or harassing filings.

The third factor "gets to the heart of the vexatious litigant analysis," *see Molski*, 500 F.3d at 1059, and requires the district court to look to "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims, *De Long*, 912 F.2d at 1148. "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Molski*, 500 F.3d at 1059.

Benshoof stands out as a particularly difficult litigant, not only because of his prolific filings but also because of his abusive litigation tactics. For example, in this case, Benshoof sought six meritless motions for temporary restraining orders, as well as duplicative "emergency" motions for preliminary injunctions. *See* Dkt. Nos. 14, 15, 16, 20, 23, 129, 158. Because they were filed as TROs, the Court, at least initially, handled them on an expedited basis, as required by the civil rules until it become clear that these were meritless filings. Handling motions for expedited relief, even those lacking in substance, is a considerable drain on the Court's resources.

1      Benshoof also has a history of repeatedly suing the same people or entities—

2  essentially, using multiple cases to harass them. In this Court alone, Benshoof has

3  sued his former romantic partner, Jessica Owen, four times and Owen's current

4  partner, Magalie Lerman, three times. He also routinely sues the judges presiding

5  over his cases, if displeased by the outcome of a case or ruling. Perhaps the best

6  example is Benshoof's suits against King County Superior Court Judge David

7  Keenan. After Judge Keenan presided over a parentage action between Benshoof

8  and Owen, Benshoof has sued Judge Keenan *four* times in this district. Similarly,

9  he often sues any lawyer on the opposing side of his cases; most notably, Benshoof

10  sued Owen's counsel, Blair Russ and Nathan Cliber. Finally, Benshoof uses service

11  of process to harass his named defendants by refusing to accept waivers of service

12  and, instead, utilizing their home addresses. From this, the Court finds that

13  Benshoof is not acting in good faith.

14      This is not the first court to find Benshoof vexatious. On March 31, 2023,

15  King County Superior Court Judge Marshall Ferguson determined that Benshoof is

16  a vexatious litigant based on his "pattern of abusive litigation and weaponization of

17  the [King County Superior Court] system[.]" Dkt. No. 13-2 at 111–117; *see also*

18  *Benshoof v. Cliber et al.*, Case No. 22-2-15958-8 (King Cnty. Sup. Ct. Feb. 17, 2023),

19  Dkt. No. 177. Judge Ferguson imposed certain filing restrictions on Benshoof,

20  including requiring him to move for leave to proceed with any future action filed

21  against Cliber, Owen, Lerman, and Owen's friend Owen Hermsen, and to submit a

22  copy of the abusive litigant order with any complaint. *Id.* On March 1, 2024, Judge

23

ORDER DECLARING PLAINTIFF BENSHOOF A VEXATIOUS LITIGANT - 14

1    Ferguson entered a Contempt Order for violating the filing restrictions, in part

2    based on his filings in federal court. Dkt. No. 129-3.

3        Finally, other sanctions, such as monetary fines, would be too punitive and

4    not dissuade Benshoof from continued filings given that his IFP requests have

5    shown that he has limited financial resources.

6        So the Court concludes that Benshoof is a vexatious litigant and that a bar

7    order is the most reasonable course here.

8        ### 3.3.4    Narrowly tailored.

9        The fourth and final factor considers whether the pre-filing order to be

10   entered is narrowly tailored to the vexatious litigant's wrongful behavior. *Molski*,

11   500 F.3d at 1061. "Narrowly tailored orders are needed 'to prevent infringement of

12   the litigator's right of access to the courts.'" *De Long*, 912 F.2d at 1148 (citing *Sires*

13   *v. Gabriel*, 748 F.2d 49, 51 (1st Cir. 1984)). The pre-filing restriction must fit the

14   plaintiff's specific practices. *See, e.g., Wood v. Santa Barbara Chamber of Com., Inc.*,

15   705 F.2d 1515, 1525 (9th Cir. 1983) (the injunction must describe in reasonable

16   detail the act or acts sought to be restrained).

17       The specific vice the Court seeks to address are Benshoof's serial, and

18   sometimes contemporaneous, filings of lawsuits addressing the same topics and

19   against the same defendants. Benshoof has brought multiple lawsuits that have

20   been dismissed for lack of jurisdiction or failure to state a claim. He has used these

21   lawsuits to harass the defendants through repeated actions and abusive tactics like

22   frivolous motions for temporary restraining orders.

23

ORDER DECLARING PLAINTIFF BENSHOOF A VEXATIOUS LITIGANT - 15

1    To remedy or prevent similar conduct in the future by Benshoof, Defendants

2  request that the Court require him to comply with Judge Ferguson's vexatious

3  litigant order: Benshoof must obtain advance leave from the forum court if he seeks

4  relief from (1) any other civil or criminal proceeding to which he is a party; (2)

5  COVID public health orders; (3) any judicial officer's decision; or (4) any active

6  bench warrants issued by any court. Dkt. No. 250 at 14; *see also* Dkt. No. 13-2 at

7  111–117 (Order Restricting Abusive Litigation of Kurt Benshoof, signed by Judge

8  Ferguson on March 31, 2023). Defendants also ask that the Court make Benshoof

9  certify that he has complied with these requirements, identify all past or pending

10  cases initiated against the same defendants, concisely state the past disposition or

11  present posture of those cases, and succinctly describe why the proposed new action

12  involves different factual allegations; and demonstrate that the new filing is not

13  frivolous or in bad faith. Dkt. No. 250 at 14. Finally, Defendants ask that the Court

14  order Benshoof to accept waivers of service or utilize professional process servers in

15  any action found meritorious. Dkt. No. 258 at 1–2.

16    The Court finds these terms generally agreeable but unlikely to cure one of

17  Benshoof's most disruptive tactics—the length of his filings. Further, Judge

18  Ferguson's order cannot constrain Benshoof in a federal forum and there is no need

19  for this Court to address or reimpose the terms of Judge Ferguson's when it comes

20  to Benshoof's state court filings. Lastly, the Court will not impose restrictions on

21  how Benshoof accomplishes service of process beyond the applicable civil and local

22  rules. Because the Court imposes prefiling restrictions, this will prevent Benshoof

23  for using service of process as a harassing technique.

ORDER DECLARING PLAINTIFF BENSHOOF A VEXATIOUS LITIGANT - 16

1    Accordingly, the Court refines the proposed terms and imposes the following

2  pre-filing order:

3    • Benshoof is prohibited from filing any pro se civil action in the Western

4       District of Washington without leave from the Court. To obtain leave from

5       the Court, Benshoof must submit a declaration signed under the penalty of

6       perjury that identifies all past or pending cases initiated against the same

7       defendant(s), concisely states the past disposition or present posture of those

8       cases, succinctly describe why the proposed new action involves different

9       factual allegations, and demonstrate that the new filing is not frivolous or in

10      bad faith. This declaration may not exceed ten pages of typed material.

11   • The Court will deny leave to proceed with a civil action upon finding that it

12      suffers from the defects outlined above, or that it is otherwise without merit,

13      without issuing an order to show cause.

14   • The Clerk will initially file all Benshoof's future pro se complaints and

15      motions for in forma pauperis status in a miscellaneous case number

16      specifically designated for this purpose pending the Court's review of each

17      such complaint and motion.

18   • The Clerk will not issue summons in any pro se action of Benshoof's without

19      approval of the Court.

20   • This pre-filing screening will not apply to any filing made in this district

21      where Benshoof is represented by counsel. Any such complaint accompanied

22      by a filing fee may receive a civil case number.

23

ORDER DECLARING PLAINTIFF BENSHOOF A VEXATIOUS LITIGANT - 17

1

### 4. CONCLUSION

2      In sum, Defendants' motion to declare Plaintiff Kurt Benshoof a vexatious

3  litigant is GRANTED in part and Plaintiff's motion to stay is DENIED.

4

5      Dated this 11th day of February, 2025.

6

7

8      Jamal N. Whitehead
       United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER DECLARING PLAINTIFF BENSHOOF A VEXATIOUS LITIGANT - 18

# EXHIBIT D

Hon. J. N. Whitehead

U.S. District Court
for the Western District of Washington

| | |
|---|---|
| SEATTLE SCHOOL DISTRICT NO. 1, Plaintiff, | No. 2:23-CV-1829-JNW |
| V. | |
| KURT BENSHOOF, Defendant and | COUNTERCLAIM PLAINTIFFS' NOTICE OF APPEAL |
| KURT BENSHOOF, Counterclaim Plaintiff | |
| and A.R.W. By And Through His Father KURT BENSHOOF, Counterclaim Plaintiff, | |
| V. | |
| SEATTLE SCHOOL DISTRICT NO. 1, NATHAN CLIBER, BLAIR RUSS, KING COUNTY, JESSICA OWEN, SARAH MACK, GREGORY NARVER, Counterclaim Defendants. | |

KURT BENSHOOF, on behalf of himself
and as next friend under FRCP 17 to
his fifteen year old son, A.R.W., give
notice of their appeal to the U.S.
Court of Appeals for the Ninth Circuit.

PAGE 1 OF 5

Counterclaim Plaintiff Kurt Benshoof ("Benshoof") has been held incommunicado by King County officials since July 3, 2024, unable to obtain a piece of paper, an envelope, postage, or to access a printer or computer. Today, August 16, 2024, is the first day Benshoof has been able to write and mail a document to any court, including U.S. District Court.

Benshoof is indigent and cannot pay the Ninth Circuit appellate filing fee in this case.

Benshoof's computers, phones and his computer files, records and evidence were unlawfully seized in a SWAT raid of Benshoof's home church on July 3, 2024. The raid involved approximately fifteen (15) SWAT in full riot gear, a helicopter over Benshoof's home church, a robot sent into Benshoof's home church, flash bang grenades, and the windows of Benshoof's home church were shot out as SWAT fired chemical weapons grenades into Benshoof's home church over several hours.

The habeas corpus petitions filed by Benshoof's congregation members and friends were assigned to Judge

PAGE 2 OF 5

Jamal Whitehead across two separate cases, beginning on or around July 16, 2024, in case nos. 2:24-mc-0043-JNW and 2:24-cv-01110-JNW-SKV. To date, Judge Whitehead has refused to issue a writ of habeas corpus, despite the federal law requirement that a writ be issued within THREE (3) DAYS.

"If letters and ~~private~~ private documents can thus be seized and held and used against a citizen accused of an offense, the protection of the Fourth Amendment declaring his right to be secure against such searches and seizures is of no value, and, so far as those thus placed are concerned, might as well be stricken from the Constitution." Mapp v. Ohio, 367 U.S. 643, at 648 (1961) quoting Weeks v. United States, 232 U.S. 383 at 393 (1914).

Yet again, an ordinary person exercising objective reasonableness, would conclude that Judge Whitehead is conspiring with King County officials, City of Seattle officials, and private attorneys and perjuring prostitutes, to deny Benshoof's rights.

"Detention incommunicado for days on

PAGE 3 OF 5

end is so fraught with evil that we should hold it to be inconsistent with the requirements of that free society which is reflected in the Bill of Rights. It is the means whereby the commands of the Fifth Amendment... are circumvented." Reck v. Pate, 367 U.S. 433, at 448 (1961). "Detention incommunicado was the secret of the Inquisition and is the secret of successful interrogation in communist countries." Reck v. Pate, at 446.

Because Benshoof has no computer or printer access, Benshoof cannot download any court forms or print them. For now, the interests of justice require the Court to accept this Notice of Appeal as sufficient to preserve the right of Counterclaim Plaintiffs to appeal and orders of dismissal and denial issued by Judge Whitehead in the instant case, until such time as Benshoof's rights are not being violated and Benshoof is afforded adequate access to computers, printers, and other materials needed to file and compose documents in federal court.

Benshoof states the foregoing under

# EXHIBIT E

HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEATTLE SCHOOL DISTRICT NO. 1,

       Plaintiff/Counterclaim Defendant,

    v.

KURT BENSHOOF,

       Defendant/Counterclaim Plaintiff,

A.R.W. by and through his father,
KURT BENSHOOF,

         Counterclaim Plaintiff,

    v.

NATHAN L. CLIBER, SARAH E.
SPIERLING MACK, GREGORY C.
NARVER, JESSICA R. OWEN, BLAIR M.
RUSS,

       Counterclaim Defendants.

No. 2:23-cv-01829-JNW

DISMISSED COUNTERCLAIM
DEFENDANTS SARAH E. SPIERLING
MACK AND GREGORY C.
NARVER'S COMBINED RESPONSE
TO DEFENDANT KURT
BENSHOOF'S MOTION TO VACATE
AND MOTION FOR IN CAMERA
REVIEW

NOTE ON MOTION CALENDAR:
February 6, 2025

## I.    INTRODUCTION

On July 19, 2024, this Court dismissed Plaintiff Seattle School District's Complaint for

Declaratory Relief for lack of subject matter jurisdiction, Dkt. # 67, and dismissed all of

Defendant Kurt Benshoof's ("Benshoof's") counterclaims, Dkt. # 66, disposing of this case in its

MACK AND NARVER'S COMBINED RESPONSE
TO DEFENDANT'S MOTIONS TO VACATE AND
FOR IN CAMERA REVIEW- 1
No. 2:23-cv-01829-JNW

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1   entirety. Benshoof subsequently filed a Notice of Appeal. Dkt. # 68. Now, six months after the

2   Court dismissed all claims and counterclaims, and five months after Benshoof filed his Notice of

3   Appeal, Benshoof has filed two motions before this Court: 1) a Motion to Vacate the Court's

4   order dismissing Benshoof's counterclaims, Dkt. # 75; and 2) a Motion for in Camera Review of

5   dismissed counterclaim defendants' e-mails with their legal counsel, Dkt. # 76. Due to the

6   procedural posture of this case, both motions fail, and they lack merit in any event. For these

7   reasons, the Court should deny Benshoof's Motion to Vacate and Motion for in Camera Review.

8

9                          II.      PROCEDURAL HISTORY

10          On November 28, 2023, Plaintiff Seattle School District No. 1 (the "District") filed a

11  Complaint for Declaratory Relief regarding its obligations to respond to Benshoof's request for

12  certain school records. *See* Dkt. # 67 at 3. In response, Benshoof filed a 42 U.S.C. § 1983

13  ("Section 1983") counterclaim against parties including general counsel to the District, Gregory

14  Narver ("Narver"), and outside legal counsel to the District, Sarah Mack ("Mack"). *See* Dkt. # 66

15  at 2. Narver and Mack moved to dismiss Benshoof's counterclaims. *Id.* The Court granted their

16  motions, and in an order dated July 19, 2024, dismissed all of Benshoof's counterclaims. *Id.*

17  Specifically, the Court dismissed the Section 1983 claims against private parties, including

18  Mack, "[b]ecause Benshoof's allegations against private parties lack state action," *id.* at 9, and

19  against Narver because he "is entitled to qualified immunity," *id.* at 12. The Court also dismissed

20  the District's Complaint for lack of subject matter jurisdiction. Dkt. # 67. The Court

21  subsequently directed the Clerk to close the case. Dkt. # 68. Benshoof filed a Notice of Appeal to

22  the Ninth Circuit Court of Appeals on August 21, 2024. Dkt. # 72. Despite the fact that his

23  appeal remains pending, on January 15, 2025, Benshoof filed the present Motion to Vacate and

24  Motion for in Camera Review before this Court.

25

26

27  MACK AND NARVER'S COMBINED RESPONSE
    TO DEFENDANT'S MOTIONS TO VACATE AND
    FOR IN CAMERA REVIEW- 2
    No. 2:23-cv-01829-JNW

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

### III.    ARGUMENT

**A. The District Court Lacks Jurisdiction to Hear Benshoof's Motion to Vacate, But Even If Benshoof Could Bring His Motion, It Lacks Merit.**

**1. Benshoof's pending appeal precludes his Motion to Vacate.**

By filing his Notice of Appeal, Benshoof divested this Court of jurisdiction to hear his Motion to Vacate under Federal Rule of Civil Procedure ("Rule") 60(b). In the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"), "the filing of a notice of appeal divests the district court of jurisdiction to dispose of [a Rule 60(b)] motion after an appeal has been taken, without a remand from [the appellate court]." *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984); *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 772 (9th Cir. 1986) ("Unless the appellate court remands to the district court, the latter is without jurisdiction to consider motions to vacate judgment."). Thus, while a case is on appeal, "the district court [does] not have jurisdiction to decide [a Rule 60(b)] motion." *Scott*, 790 F.2d at 772. "To seek Rule 60(b) relief, [while a case is on appeal,] the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the appellate] court, if appropriate, for remand of the case." *Id.* (original punctuation omitted). Benshoof failed to comply with these procedural requirements. Because he failed to first ask this Court to entertain his motion, and failed to seek and obtain remand from the Ninth Circuit, his Motion to Vacate is procedurally defective and must be denied.

**2. Even if this Court could consider Benshoof's motion, it lacks merit.**

Even if Benshoof could overcome the procedural errors with his Motion to Vacate, he cannot prevail on the merits. Benshoof appears to move to vacate this Court's dismissal of his

MACK AND NARVER'S COMBINED RESPONSE
TO DEFENDANT'S MOTIONS TO VACATE AND
FOR IN CAMERA REVIEW- 3
No. 2:23-cv-01829-JNW

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1  counterclaims under both Rule 60(b)(2) and (3), *see* Dkt. # 75 at 1, but he cannot satisfy the

2  requirements of either provision. The Court should thus refuse to entertain his motion.

3      First, Rule 60(b)(2), concerning new evidence, is inapplicable because Benshoof asks the

4  court to vacate a pre-trial order of dismissal for failure to state a claim. Rule 60(b)(2) permits a

5  trial court to relieve a party from a final judgment or order due to "newly discovered evidence

6  that, with reasonable diligence, could not have been discovered in time to move for a new trial

7  under Rule 59(b)." Rule 60(b)(2). To prevail, "the movant must show the evidence (1) existed at

8  the time of the trial, (2) could not have been discovered through due diligence, and (3) was of

9  such magnitude that production of it earlier would have been likely to change the disposition of

10 the case." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990). "The plain terms of the

11 Rule establish two predicate circumstances to move for such relief—there must have been a trial,

12 and the evidence must have been unavailable within the period to move for a new trial under

13 Rule 59(b)." *Creech v. Kind Lending LLC*, No. CV-22-00871-PHX-SMB, 2024 WL 4591811, at

14 *8 (D. Ariz. Oct. 28, 2024). "[B]ecause Rule 60(b)(2) provides relief only after a trial has

15 occurred," requests for "relief from [] pre-trial orders on motions to dismiss" are "outside the

16 ambit of what the Rule allows the Court to consider." *Id.* This construction of the rule is

17 particularly apt here, where Benshoof fails to demonstrate how any purported "newly discovered

18 evidence" would change the Court's order that Benshoof's counterclaims fail as a matter of law.

19 *See* Dkt. # 66 at 7, 9; *see also Myles v. Sullivan*, No. CV-04-05329-JAT, 2010 WL 4628688, at

20 *3 (E.D. Cal. Nov. 8, 2010) ("The Court finds no reason to reconsider its prior order dismissing

21 this case without prejudice . . . [where] Plaintiff has provided no facts to change the Court's prior

22 holding."); *Aero/Chem Corp.*, 921 F.2d at 878. Here, no trial occurred. Accordingly, the relief he

23 seeks is beyond the scope of Rule 60(b)(2) and his request for relief fails.

MACK AND NARVER'S COMBINED RESPONSE
TO DEFENDANT'S MOTIONS TO VACATE AND
FOR IN CAMERA REVIEW- 4
No. 2:23-cv-01829-JNW

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1    Likewise, Rule 60(b)(3) is equally unavailing as the basis for Benshoof's motion. "To

2  prevail [on a Rule 60(b)(3) motion to vacate], the moving party must prove by clear and

3  convincing evidence that the verdict was obtained through fraud, misrepresentation, or other

4  misconduct and the conduct complained of prevented the losing party from fully and fairly

5  presenting the defense." *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th

6  Cir. 2000). Further, "the moving party must have a valid defense to the dismissal motion they

7  wish the Court to vacate; otherwise it would be a 'fruitless gesture' to set aside the judgment[.]"

8  *Puente v. Cnty. of Los Angeles*, No. CV075809PSGFMOX, 2008 WL 11452489, at *3 (C.D. Cal.

9  July 3, 2008) (citing *Alexander v. Robertson*, 882 F.2d 421, 425 (9th Cir. 1989)).

10

11    It is difficult to decipher the exact "fraud" that Benshoof alleges. But even assuming that

12  all of the allegations in his motion are true, none are relevant to the Court's order dismissing all

13  counterclaims for "fail[ure] to state a claim that provides independent federal jurisdiction[.]" *See*

14  Dkt. # 66 at 2; *see e.g., Naharaja v. Wray*, No. 3:13-CV-01261-HZ, 2015 WL 5970346, at *2 (D.

15  Or. Oct. 12, 2015) ("[E]ven assuming Plaintiff's accusations, as outlandish as they are, were true,

16  Plaintiff fails to establish grounds for relief under Rule 60(b)(3). None of Plaintiff's accusations

17  are relevant to this Court's decision to dismiss Plaintiff's complaint because he failed to state a

18  claim."). Benshoof does not, and cannot, prove that 1) the dismissed counterclaim defendants

19  "obtained" the dismissal order "through fraud," and that 2) "the conduct complained of

20  prevented [Benshoof] from fully and fairly presenting [a] defense" to dismissal. *See De Saracho*,

21  206 F.3d at 880. The Court dismissed the counterclaims in this matter on the basis that those

22  Section 1983 claims lacked any support for the requisite state action element, Dkt. # 66 at 7-9,

23  and because defendant Narver is immune, *id.* at 9-12. A connection between Benshoof's fraud

24  allegations—to the extent he even makes them—and the dismissal of his counterclaims for

25

26

27  MACK AND NARVER'S COMBINED RESPONSE
   TO DEFENDANT'S MOTIONS TO VACATE AND
   FOR IN CAMERA REVIEW- 5
   No. 2:23-cv-01829-JNW

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1   failure to state a claim as a matter of law, does not exist. Thus, Benshoof also fails to prove he is

2   entitled to relief under Rule 60(b)(3).

3       In sum, the Court should deny Benshoof's Motion to Vacate as procedurally improper

4   and because it fails on the merits.

5

6   **B. Benshoof's Motion for In Camera Review Is Also Improper.**

7       Benshoof's Motion for in Camera Review is improper because the Court cannot grant the

8   relief he seeks. Specifically, Benshoof seeks an order—in a now-closed case—compelling

9   dismissed parties to produce their attorney-client privileged records. Benshoof seeks these

10  records "under the crime-fraud exception to a claim of privileged communications." Dkt. # 76 at

11  2. Like his Motion to Vacate, his Motion for in Camera Review also fails on procedural and

12  substantive grounds.

13

14      **1. Benshoof may not compel production of documents to support his claims after
        those claims have been dismissed.**

15

16      The crime-fraud exception does not provide litigants an independent right to review

17  documents. It is a basis for compelling discovery or trial evidence. *See Cunningham v.*

18  *Connecticut Mut. Life Ins.*, 845 F. Supp. 1403, 1416 (S.D. Cal. 1994). Specifically, "the crime-

19  fraud exception insures that the confidentiality enveloping the attorney-client relationship does

20  not encompass communications 'made for the purpose of getting advice for the commission of a

21  fraud or crime.'" *In re Grand Jury Proc.*, 87 F.3d 377, 381 (9th Cir. 1996) (quoting *United*

22  *States v. Zolin*, 491 U.S. 554, 563, 109 S. Ct. 2619, 2627, 105 L.Ed.2d 469 (1989)); *see also*

23  *Medicraft v. Washington*, No. 2:21-CV-01263-BJR, 2023 WL 3467360, at *3 (W.D. Wash. Apr.

24  21, 2023) (noting "crime-fraud exception applies when party seeking discovery has made prima

25

26

27  MACK AND NARVER'S COMBINED RESPONSE
    TO DEFENDANT'S MOTIONS TO VACATE AND
    FOR IN CAMERA REVIEW- 6
    No. 2:23-cv-01829-JNW

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1   facie case that attorney advice was sought to further commission of a crime or fraud"). It is an

2   exception to the rule that privileged communications are not discoverable in litigation.

3       As a means for compelling evidence, the crime-fraud exception has no applicability 1)

4   after a final judgment where there is no further trial or discovery, *see e.g., Gill v. Mayorkas*, No.

5   C20-939 MJP, 2022 WL 92986, at *2 (W.D. Wash. Jan. 10, 2022) (motion to compel is moot

6

7   after motion to dismiss is granted); or 2) against individuals who are no longer parties to a

8   lawsuit and thus could not be compelled to produce records, *see In re Chevron Corp.*, 633 F.3d

9   153, 168 (3d Cir. 2011) (order compelling dismissed party to produce documents would be

10  unenforceable). Given that the Court already has dismissed this case, including the

11  counterclaims, Benshoof has no basis to compel production of any materials, let alone privileged

12  materials from the dismissed parties.

13

14      **2. Benshoof also fails to demonstrate that the crime-fraud exception applies here.**

15      Even if the Court could consider Benshoof's Motion for in Camera Review (which it

16  cannot), Benshoof also fails to make the requisite showing of a criminal or fraudulent scheme as

17  necessary for the crime-fraud exception to apply. To compel production of privileged records

18  under the crime-fraud exception, a party must first "show that the client was engaged in or

19  planning a criminal or fraudulent scheme when it sought the advice of counsel to further the

20  scheme." *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1090 (9th Cir. 2007) (cleaned up).

21

22  Benshoof appears to allege "criminal assistance to [] kidnapping" as the requisite criminal

23  scheme. Yet he does not, and cannot, cite to any kidnapping conviction or even a charge

24  involving the dismissed counterclaim defendants. None exists. His opinion of what constitutes

25  kidnapping is insufficient. *See id.* at 1091-96. Because Benshoof fails to demonstrate a criminal

26

27  MACK AND NARVER'S COMBINED RESPONSE
    TO DEFENDANT'S MOTIONS TO VACATE AND
    FOR IN CAMERA REVIEW- 7
    No. 2:23-cv-01829-JNW

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1   scheme to invoke the crime-fraud exception, his Motion for in Camera Review also fails on its

2   merits. The Court should deny the motion.

3                              IV.    CONCLUSION

4        For the reasons stated above, dismissed counterclaim defendants Mack and Narver

5   respectfully request that the Court deny Benshoof's Motion to Vacate and Motion for in Camera

6   Review.

7

8

9        I certify that this memorandum contains 2,035 words, in compliance with the Local Civil

10  Rules.

11       DATED this 24th day of January, 2025.

12

13

14                                      PACIFICA LAW GROUP LLP

15

16                                      s/ Jessica A. Skelton
                                        Jessica A. Skelton, WSBA #36748
17                                      Attorneys for Counterclaim Defendants
                                        Sarah E. Spierling Mack and Gregory C. Narver

18

19

20

21

22

23

24

25

26

27  MACK AND NARVER'S COMBINED RESPONSE
    TO DEFENDANT'S MOTIONS TO VACATE AND
    FOR IN CAMERA REVIEW- 8
    No. 2:23-cv-01829-JNW

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1

2                                                            HONORABLE JAMAL N. WHITEHEAD

3

4

5

6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                  AT SEATTLE

8
   SEATTLE SCHOOL DISTRICT NO. 1,
9                                                   No. 2:23-cv-01829-JNW
               Plaintiff/Counterclaim Defendant,
10                                                   ORDER DENYING
       v.                                            DEFENDANT/COUNTERCLAIM
11                                                   PLAINTIFF KURT BENSHOOF'S
   KURT BENSHOOF,                                    MOTION TO VACATE AND MOTION
12                                                   FOR IN CAMERA REVIEW
               Defendant/Counterclaim Plaintiff,
13                                                   [PROPOSED]
14 A.R.W. by and through his father,
   KURT BENSHOOF,
15
                             Counterclaim Plaintiff,
16
       v.
17
   NATHAN L. CLIBER, SARAH E.
18 SPIERLING MACK, GREGORY C.
   NARVER, JESSICA R. OWEN, BLAIR M.
19 RUSS,
20                           Counterclaim Defendants.
21

22

23        This matter came before the Court on Defendant/Counterclaim Plaintiff Kurt Benshoof's

24 Motion to Vacate, Dkt. # 75, and Motion for in Camera Review, Dkt. # 76 (collectively,

25 "Motions"). The Court has reviewed the Motions, the response of Dismissed Counterclaim

26

27 [PROPOSED] ORDER DENYING
   KURT BENSHOOF'S MOTION TO VACATE AND
   MOTION FOR IN CAMERA REVIEW- 1
   No. 2:23-cv-01829-JNW

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1    Defendants Sarah E. Spierling Mack and Gregory C. Narver, Defendant/Counterclaim Plaintiff

2    Kurt Benshoof's Reply, if any, and the records and pleadings already on file in this matter.

3         Based on the foregoing, the Court orders that Defendant/Counterclaim Plaintiff Kurt

4    Benshoof's Motion to Vacate and Motion for in Camera Review are DENIED.

5         DATED this _____ day of _____, 2025.

6

7

8                                    _____
                                     Honorable Jamal N. Whitehead
9                                    United States District Judge

10

11   Presented by:

12   PACIFICA LAW GROUP LLP

13

14   _s/ Jessica A. Skelton_____
     Jessica A. Skelton, WSBA #36748
15   *Attorneys for Counterclaim Defendants*
     *Sarah E. Spierling Mack and Gregory C. Narver*
16

17

18

19

20

21

22

23

24

25

26

27   [PROPOSED] ORDER DENYING
     KURT BENSHOOF'S MOTION TO VACATE AND
     MOTION FOR IN CAMERA REVIEW- 2
     No. 2:23-cv-01829-JNW

                                              PACIFICA LAW GROUP LLP
                                                 1191 SECOND AVENUE
                                                     SUITE 2000
                                            SEATTLE, WASHINGTON 98101-3404
                                               TELEPHONE: (206) 245.1700
                                               FACSIMILE: (206) 245.1750

penalty of perjury this 16th day of
August 2024 in Kent Washington.
Benshoof has been denied an ink
pen since his unlawful arrest on
July 3, 2024 and must sign in pencil.

_Kurt Benshoof_
Kurt Benshoof

PAGE 5 of 5

US POSTAGE

quadient

FIRST-CLASS MAIL

IMI

$000.69

08/19/2024 ZIP 98027
043M01230677

SEATTLE WA 980

19 AUG 2024 PM 7

Clerk, U.S. District Court

MAIL 700 Stewart Street

Suite 2310

Seattle, WA 98101

Name Ramirez Kurt

BA#

King County Correctional Facility

500 5th Avenue

Seattle, WA 98104-2332

RECD

LODGED

FILED

AUG 21 2024

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

BY

FOR LEGAL MAIL ONLY

98101-444285

# EXHIBIT F

1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT
9        WESTERN DISTRICT OF WASHINGTON
              AT SEATTLE
10

11   SEATTLE SCHOOL DISTRICT NO. 1,          NO.  2:23-cv-01829-JNW

12                   Plaintiff / Counterclaim    COUNTERCLAIM DEFENDANT
                     Defendant,                  NATHAN CLIBER'S JOINDER OF
13                                               COUNTERCLAIM DEFENDANTS MACK
         v.                                      AND NARVER'S RESPONSE TO
14                                               COUNTERCLAIM PLAINTIFFS'
     KURT BENSHOOF,                              MOTIONS TO VACATE AND FOR *IN*
15                                               *CAMERA* REVIEW
                     Defendant / Counterclaim
16                   Plaintiff,                  NOTE ON MOTION CALENDAR:

17   _____        February 6, 2025
     A.R.W. By and Through His Father, KURT
18   BENSHOOF,

19                   Counterclaim Plaintiff,

20       v.

21   NATHAN L. CLIBER,
     SARAH E. SPIERLING MACK,
22   GREGORY C. NARVER,
     JESSICA R. OWEN,
23   BLAIR M. RUSS,

24                   Counterclaim Defendants.

25

COUNTERCLAIM DEFENDANT CLIBER'S                  **GORDON REES SCULLY**
JOINDER OF COUNTERCLAIM                          **MANSUKHANI, LLP**
DEFENDANTS MACK AND NARVER'S                     701 5th Avenue, Suite 2100
RESPONSE TO COUNTERCLAIM PLAINTIFF               Seattle, WA 98104
KURT BENSHOOF'S MOTIONS - 1                      Telephone: (206) 695-5112
2:23-cv-01829-JNW                                Facsimile: (206) 689-2822

1      Comes now Counterclaim Defendant Nathan Cliber ("Counterclaim Defendant Cliber")

2  and files this Joinder of Counterclaim Defendants Mack and Naver's Combined Response to

3  Defendant Plaintiff Kurt Benshoof's Motion to Vacate and Motion for *In Camera* Review (the

4  "Response"), Dkt. 77, and states in support thereof as follows:

5      Counterclaim Defendant Cliber joins in Counterclaim Defendants Mack and Narver's

6  Response and incorporates the same as if fully stated herein.  For the reasons stated in

7  Defendants Mack and Narver's Response, both the general arguments that apply to all of the

8  counterclaim defendants in this action and the arguments specific to Counterclaim Defendant

9  Mack,  Counterclaim  Defendant  Cliber  respectfully  requests  that  this  Court  deny

10  Defendant/Counterclaim Plaintiff Benshoof's Motions to Vacate (Dkt. 75) and for *In Camera*

11  Review (Dkt. 76).

12      The undersigned certifies that this memorandum contains 123 words, in compliance with

13  the Local Civil Rules.

14      Dated: January 30, 2025        GORDON REES SCULLY MANSUKHANI,
15                      LLP

16                    By:   */s/ Sarah N. Turner*
17                           Sarah N. Turner, WSBA No. 37748

17                    By:   */s/ Michael C. Tracy*
18                           Michael C. Tracy, WSBA No. 51226
19                           701 5th Avenue, Suite 2100
19                           Seattle, WA 98104
20                           Phone: (206) 695-5178
20                           Fax: (206) 689-2822
21                           Email:  sturner@grsm.com
21                           Email:  mtracy@grsm.com

22                    *Attorneys for Defendant Nathan Cliber*

23

24

25

COUNTERCLAIM DEFENDANT CLIBER'S
JOINDER OF COUNTERCLAIM
DEFENDANTS MACK AND NARVER'S
RESPONSE TO COUNTERCLAIM PLAINTIFF
KURT BENSHOOF'S MOTIONS - 2
2:23-cv-01829-JNW

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

1

## CERTIFICATE OF SERVICE

2     The undersigned declares under penalty of perjury under the laws of the State of

3    Washington that on this day a true and accurate copy of the foregoing document was filed with

4    the above-entitled Court through the United States District Court CM / ECF System and served

5    as indicated:

6

7    Plaintiff / Counterclaim Defendant
     Seattle School District No. 1\                    ☒ U.S. Mail Postage Prepaid
                                                        ☐ Hand Delivery
8    Sarah Spierling Mack                               ☒ Email: sarah.mack@pacificlawgroup.com
     Pacifica Law Group LLP
9    1191 Second Avenue
     Suite 2000
10   Seattle, WA 98101
     206-245-1700
11   Email: sarah.mack@pacificlawgroup.com

12

13   Defendant / Counterclaim Plaintiff

14   Kurt Benshoof                                      ☒ U.S. Mail Postage Prepaid
                                                        ☐ Hand Delivery
15   1716 N 128th St                                    ☒ Email: kurtbenshoof@gmail.com
     Seattle, WA 98133
     Email: kurtbenshoof@gmail.com
16

17

     Date: January 30, 2025
18

19                              *Jacqueline Burrell*
                                Jacqueline Burrell, Legal Assistant
20

21

22

23

24

25

COUNTERCLAIM DEFENDANT CLIBER'S                    **GORDON REES SCULLY**
JOINDER OF COUNTERCLAIM                            **MANSUKHANI, LLP**
DEFENDANTS MACK AND NARVER'S                       701 5th Avenue, Suite 2100
RESPONSE TO COUNTERCLAIM PLAINTIFF                 Seattle, WA 98104
KURT BENSHOOF'S MOTIONS - 3                        Telephone: (206) 695-5112
2:23-cv-01829-JNW                                  Facsimile: (206) 689-2822

# EXHIBIT G

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEATTLE SCHOOL DISTRICT NO. 1, | CASE NO. 2:23-cv-1829 |
| Plaintiff, | ORDER |
| v. | |
| KURT BENSHOOF, | |
| Defendant. | |
| KURT BENSHOOF., | |
| Counter Claimant, | |
| v. | |
| NATHAN L. CLIBER, SARAH E. SPIERLING MACK, GREGORY C. NARVER, JESSICA R. OWEN, BLAIR M. RUSS, and SEATTLE SCHOOL DISTRICT NO. 1, | |
| Counter Defendants. | |

## 1. INTRODUCTION

This matter comes before the Court on three related motions from Defendant

and Counter Claimant Kurt Benshoof: (1) motion to vacate the Court's order

ORDER - 1

1    dismissing Benshoof's counterclaims, Dkt. No. 75; (2) motion for *in camera* review of

2    specific emails between Counterclaim Defendants, Dkt. No. 76; and (3) motion

3    requesting that the Court entertain Benshoof's motion under Federal Civil Rule of

4    Procedure 60(b), Dkt. No. 79. The Court DENIES all three motions for the following

5    reasons.

6    ## 2.  BACKGROUND

7        Plaintiff and Counter Defendant Seattle School District No. 1 (the District)

8    filed an action for declaratory relief seeking a judgment from this Court stating that

9    it permissibly withheld certain information from Benshoof under the exceptions

10   found in the Family Education Rights and Privacy Act (FERPA), 20 U.S.C.

11   § 1232(g). Dkt. No. 3 at 1. In response, Benshoof filed a slew of counterclaims

12   against the District and Counter-Defendants King County, Nathan Cliber, Magalie

13   Lerman, Sarah Spierling Mack, Gregory Narver, Jessica Owen, and Blair Russ,

14   including alleged violations of his constitutional rights and various state laws. Dkt.

15   No. 32.

16       On July 19, 2024, the Court dismissed the District's complaint for lack of

17   subject matter jurisdiction. Dkt. No. 67. Then the Court analyzed whether, through

18   his counterclaims, Benshoof established an independent basis for federal

19   jurisdiction under 28 U.S.C. § 1331. Dkt. No. 66. Although Benshoof purported to

20   plead eight counterclaims under 42 U.S.C. § 1983, the Court held that these causes

21   of action failed to state a claim upon which relief may be granted. *Id.* at 16.

22   Accordingly, the Court dismissed Benshoof's counterclaims and lacked an

23   independent basis for jurisdiction to adjudicate Benshoof's state-law claims. *Id.*

ORDER - 2

1    On August 21, 2024, Benshoof filed a notice of appeal to the Ninth Circuit.

2    Dkt. No. 72. Nearly five months later, on January 15, 2025, Benshoof moved to

3    vacate the Court's dismissal of his counterclaims. Dkt. No. 75. The same day, he

4    moved for in camera review of "specific emails between Counterclaim Defendants

5    and/or their counsel under the crime-fraud exception to a claim of privileged

6    communications." Dkt. No. 76 at 2. After Counterclaim Defendants responded by

7    pointing out that Benshoof divested this Court of jurisdiction to decide his motion to

8    vacate by filing an appeal, Benshoof filed a motion requesting that the Court

9    entertain his Rule 60(b) motion. Dkt. No. 79.

10                           **3.  DISCUSSION**

11   **3.1    Legal standard.**

12   If a party files a Rule 60(b) motion while the case is on appeal, the district

13   court is without jurisdiction to consider it. *Gould v. Mut. Life Ins. Co. of New York*,

14   790 F.2d 769, 772 (9th Cir. 1986) ("Unless the appellate court remands to the

15   district court, the latter is without jurisdiction to consider motions to vacate

16   judgment."). "To seek Rule 60(b) relief, the proper procedure is to ask the district

17   court whether it wishes to entertain the motion, or to grant it, and then move [the

18   Ninth Circuit], if appropriate, for remand of the case." *Scott v. Younger*, 739 F.2d

19   1464, 1466 (9th Cir. 1984) (internal quotation marks omitted).

20   Under Rule 60(b)(3), the court may relieve a party from a final judgment

21   based on "fraud (whether previously called intrinsic or extrinsic),

22   misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3).

23   "'To prevail, the moving party must prove by clear and convincing evidence that the

1    verdict was obtained through fraud, misrepresentation, or other misconduct and the

2    conduct complained of prevented the losing party from fully and fairly presenting

3    the defense.'" *Casey v. Albertson's Inc*, 362 F.3d 1254, 1260 (9th Cir. 2004) (quoting

4    *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)).

**3.2    Benshoof fails to show why the Court's ruling should be vacated.**

6        Benshoof argues the Court should grant his motion to vacate because he has

7    obtained new emails between Narver, Cliber, and Russ. Dkt. No. 79 at 2. Narver,

8    Seattle Public School's general counsel, emailed Cliber, a private attorney who

9    represented the mother of Benshoof's child in other suits. *Id.* at 3. The email

10    discusses whether Seattle Public Schools can provide Benshoof his son's records

11    given a "court order restricting . . . [his] right to know what school his son is

12    presently attending[.]" *Id.*

13        Benshoof objects to the District's reading of court orders produced during

14    family law proceedings. But this email does not constitute evidence of fraud that

15    would warrant consideration under Rule 60(b)(3).

16        Moreover, the Court dismissed Benshoof's Section 1983 claims against Cliber

17    and Russ for lack of state action. Dkt. No. 66 at 7-9. It dismissed Benshoof's claims

18    against Narver based on qualified immunity because Benshoof failed to state a

19    plausible violation of his constitutional rights. *Id.* at 12. Nothing in Benshoof's

20    motion changes the Court's analysis. Benshoof is simply trying to rehash his

21    previous arguments.

22

23

ORDER - 4

1    As to Benshoof's request for *in camera* review of various documents, he has

2   no procedural right to compel documents for his dismissed claims.

3                          **4.  CONCLUSION**

4    Accordingly, this Court DENIES Benshoof's motions at Dkt. Nos. 75, 76, and

5   79.

6    Dated this 4th day of April, 2025.

7

8

9                                    Jamal N. Whitehead
                                     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER - 5