UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Mr. Kurt A. Benshoof,
A.R.W. By and Through His Father, Mr.
Kurt A. Benshoof, Brett Fountain, Urve
Maggitti,

Plaintiffs,

v.

Case No. 2:24-cv-00808-JHC

ANDREA CHIN, et al.

Defendants.

<u>JUDICIAL NOTICE</u>

<u>REF: EMERGENCY HABEAS CORPUS PETITION 2:25-mc-00007-JNW filed in Ref:<br>Co-Plaintiff KURT BENSHOOF</u>

1. On March 26, 2024, Benjamin Blanchard, appearing as Assistance of Counsel pursuant to Section 35 of the Judiciary Act of 1789, which guarantees that: "In all courts of the United States, the parties may plead and manage their own causes personally or by assistance of such counsel or attorneys at law" filed a petition in Habeas Corpus for Petitioner Kurt Alden Benshoof, currently held in the custody of the State of Washington at King County facility, is under punitive and retaliatory solitary confinement conditions imposed without formal conviction, finding of misconduct, or lawful justification. Petitioner is held at King County Correctional Facility address 500 5th Avenue, Seattle; housed at Solitary 11th Floor.

2. Court may must judicial notice as per Rule 201( c)(2), (f) of "matters of public record", pertinent to the case at hand - including other state or federal court proceedings. _Lee v. City of Los Angeles_, 250 F.3d 668, 688-89 (9th Cir. 2001) (citation omitted); _Duckett v. Godinez_, 67 F.3d 734, 741 (9th Cir. 1995) ("We may take notice of proceedings in other courts whether in the federal or state systems.").

3. The plain language of Rule 201( c)(2), (f) is mandatory.

4. The Court is hereby moved to take Judicial Notice of "EMERGENCY HABEAS CORPUS

1

PETITION Under Article I, Section 9; 28 U.S.C. §§ 2241, 1651 Filed on Behalf of Petitioner by Designated Assistance of Counsel (JA 1789, § 35)" Docket No. 2:25-mc-00007-JNW, filed on Marc 26, 2025. See attached EXHIBIT A

## **VERIFICATION**

Pursuant to 28 U.S. Code § 1746 (1) 1, Urve Maggitti, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

Respectfully submitted by

April 12, 2025

Urve Maggitti, Plaintiff
244 Blackburn Drive, Berwyn, PA 19312
urve.maggitti@gmail.com

2

**ACKNOWLEDGMENT**
**AFFIDAVIT**
**(Verification)**

STATE OF PENNSYLVANIA  )
COUNTY OF CHESTER   )

I, Urve Maggitti, the undersigned Affiant hereto, do hereby declare under penalties of perjury under the laws of the Commonwealth of Pennsylvania and the United States of America, that the foregoing accounting of facts are true and correct to the best of my current knowledge and belief.

I am over the age of 18 years of age, am a resident of the Commonwealth of Pennsylvania, have personal knowledge of the matters of this affidavit, and am capable of making such affidavit.

Pursuant to 28 U.S. Code § 1746 (1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on *April 12* /2025

Signed: _____
        Urve Maggitti

Notary as JURAT CERTIFICATE

State of Washington___*COUNTY OF KING*___

BEFORE ME personally appeared Urve Maggitti who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to her own personal knowledge.

_____*SAMARPAN MALLA*_____

Notary Public,
My commission expires: *03/09/2029*

SAMARPAN MALLA
NOTARY PUBLIC
STATE OF WASHINGTON
LICENSE NUMBER 21020072
MY COMMISSION EXPIRES
03/09/2029

*Page 3*

## CERTIFICATE OF SERVICE

**Aric S Bomsztyk**
TOMLINSON BOMSZTYK RUSS
1000 SECOND AVENUE
STE 3660                                      representing          **Jessica Owen**
SEATTLE, WA 98104                                                   *(Defendant)*
206-621-1871
asb@tbr-law.com


**Carson Welsh Canonie**
SEATTLE CITY ATTORNEY'S OFFICE
701 FIFTH AVENUE
SUITE 2050                                    representing          **City of Seattle**
SEATTLE, WA 98104-7097                                             *(Defendant)*
206-733-9239
carson.canonie@seattle.gov


**Darren Anthony Feider**
SEBRIS BUSTO JAMES
15375 SE 30TH PL
STE 310                                       representing          **Michael Fox**
BELLEVUE, WA 98007                                                 *(Defendant)*
425-450-3388
dfeider@sbj.law


                                                                   **Steven Mitchell**
                                                                   *(Defendant)*


                                                                   **Tyler Goslin**
                                                                   *(Defendant)*


**Monica Ghosh**
SEBRIS BUSTO JAMES
15375 SE 30TH PL                              representing          **Michael Fox**
STE 310                                                            *(Defendant)*
BELLEVUE, WA 98007

4

425-454-4233
mghosh@sbj.law

**Steven Mitchell**
*(Defendant)*

**Tyler Goslin**
*(Defendant)*

**Sarah Spierling Mack**
PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WA 98101
206-245-1700
sarah.mack@pacificalawgroup.com

representing

**Jessica Skelton**
*TERMINATED:*
*08/09/2024*
*(Defendant)*

**Catherine E Riedo**
SEATTLE CITY ATTORNEY'S OFFICE
701 FIFTH AVENUE
SUITE 2050
SEATTLE, WA 98104-7097
206-684-7782
catherine.riedo@seattle.gov

representing

**City of Seattle**
*(Defendant)*

**Michael C Tracy**
GORDON REES SCULLY MANSUKHANI LLP
(SEATTLE)
701 FIFTH AVE STE 2100
SEATTLE, WA 98104
206-659-5135
mtracy@grsm.com

representing

**Blair Russ**
*(Defendant)*

**Nathan Cliber**
*(Defendant)*

**Sarah N Turner**
GORDON REES SCULLY MANSUKHANI LLP
(SEATTLE)
701 FIFTH AVE STE 2100
SEATTLE, WA 98104
206-695-5100
sturner@grsm.com

representing

**Blair Russ**
*(Defendant)*


**Nathan Cliber**
*(Defendant)*


**Peggy C Wu**
KING COUNTY PROSECUTING
ATTORNEY'S OFFICE (FIFTH AVE)
701 FIFTH AVE
STE 600
SEATTLE, WA 98104
206-263-4008
pwu@kingcounty.gov

representing

**Marshall
Ferguson**
*TERMINATED:
11/15/2024*
*(Defendant)*


**King County**
*(Defendant)*


**Catherine
Cornwall**
*(Defendant)*


**Julie Salle**
*(Defendant)*


**Pascal Herzer**
*(Defendant)*

6

# EXHIBIT A

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Kurt Benshoof | |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation -
Transfer

☐ 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse (Rev. 03/24)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

FILED
LODGED
RECEIVED

MAIL

MAR 2 6 2025

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

BY                    DEPUTY

# US DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

### EMERGENCY HABEAS CORPUS PETITION

**Under Article I, Section 9; 28 U.S.C. §§ 2241, 1651**
**Filed on Behalf of Petitioner by Designated Assistance of Counsel (JA 1789, § 35)**

## I. PARTIES AND AUTHORITY TO FILE

1.    Petitioner Kurt Alden Benshoof, currently held in the custody of the State of Washington at King County facility, is under punitive and retaliatory solitary confinement conditions imposed without formal conviction, finding of misconduct, or lawful justification. Petitioner is held at King County Correctional Facility address 500 5th Avenue, Seattle; housed at Solitary 11th Floor.

2.    This petition is filed by Benjamin Blanchard, appearing as Assistance of Counsel pursuant to Section 35 of the Judiciary Act of 1789, which guarantees that: *"In all courts of the United States, the parties may plead and manage their own causes personally or by assistance of such counsel or attorneys at law."* This right has long been interpreted to allow pro se litigants to be assisted by individuals of their choosing; scholars, merchants, priests, or other learned individuals, consistent with the historical times when many a citizen was illiterate or unfamiliar with the court's nuances.

3.    Respondent, ALLEN NANCE, is the gaoler of the Department of Adult and Juvenile Detention, specifically King County Correctional Facility, located at 500 Fifth Avenue Room 500, Seattle, WA 98104.

4.      Respondent, Sheriff of King County, PATRICIA COLE-TINDALL at 516 Third

Avenue, Room W-116, Seattle, WA 98104.

5.      Respondent, Interim Chief of Police for Seattle Police, SHON BARNES, at 610

5th Avenue, Seattle, WA, 98104.

6.      Petitioner is unable to file on his own behalf due to his placement in solitary

confinement without access to writing materials, communication tools, or legal resources,

and thus requires the undersigned to act in his stead to protect his constitutional rights.

> Considered the fundamental instrument for safeguarding individual freedom
> against arbitrary and lawless state action, the writ of habeas corpus is a powerful
> tool for the protection of individuals' constitutional and statutory rights against
> overreaching of the government and its agents. The writ serves as a procedural
> device for subjecting executive, judicial, or private restraints on liberty to judicial
> scrutiny, and where it is available, it assures, among other things, that a prisoner
> may require his or her jailer to justify the detention under the law.
> **39 Am. Jur. 2d Habeas Corpus § 1**

## II. JURISDICTION AND LEGAL BASIS

7.      This Court has jurisdiction under 28 U.S.C. § 2241(c)(3), which authorizes federal

courts to grant habeas relief to any person "*in custody in violation of the Constitution or

laws... of the United States.*" Furthermore, 28 U.S.C. 1651(a), grants this Court additional

jurisdiction. "*The Supreme Court and all courts established by Act of Congress may issue

all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to

the usages and principles of law.*"

8.      Petitioner is presently in state custody, confined in solitary conditions that lack any

adjudicated legal basis, following an act of judicial retaliation on February 24, 2025,

carried out by a named defendant, Seattle Municipal Judge Andrea Chin, in his federal civil rights case, No. 2:24-cv-00808-JHC. Petitioner has not been convicted of a new offense, nor subjected to any lawful due process hearing that would justify continued or intensified confinement.

9.    Petitioner's custody violates the Suspension Clause of Article I, Section 9 of the U.S. Constitution, as the State of Washington has refused to process or docket two of Benshoof's habeas corpus petitions. The Washington Supreme Court Clerk, Sara Pendleton, both times rejected filings that sought review under its original jurisdiction, converting one into a Personal Restraint Petition (PRP) with a filing fee and deferring it to the appellate system—an action that effectively nullifies habeas corpus protections.

10.    Additionally, Petitioner is denied any means of accessing the courts directly. He remains physically prevented from drafting pleadings, filing motions, or preparing defenses, due to being held in solitary without access to pen, paper, legal forms, or communications.

11.    Because Petitioner is unable to litigate or seek relief through Washington state courts, this matter falls within the emergency scope of federal habeas jurisdiction. Exhaustion of state remedies is excused where, as here, "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii).

12.    In the alternative, this Court retains authority under the All Writs Act, 28 U.S.C. §

1651, to issue orders necessary to preserve the availability of constitutional relief and to

prevent the further obstruction of fundamental rights by state officials or institutions.

## II. FACTUAL BACKGROUND

13.    On February 11, 2025, Petitioner Kurt Alden Benshoof filed an amended

complaint in his pending federal civil rights action, Benshoof v. Chin, et al., Case No.

2:24-cv-00808-JHC, in the U.S. District Court for the Western District of Washington.

The complaint named as defendants more than forty municipal and judicial officials,

including Seattle Municipal Court Judge Andrea Chin, who had presided over Petitioner's

underlying "masking case" in Seattle Municipal Court, No. 656749.

14.    That same day, the Clerk of Court accepted the amended filing, and the case

proceeded under Judge Chun. Within hours of the federal filing, Judge Jamal Whitehead,

who was not assigned to the civil matter, entered a "vexatious litigant" order against

Petitioner at 5:22 p.m., aimed at restricting his access to further judicial remedies. No

hearing preceded that order as it was placed into effect via Benshoof's cases under

Whitehead's purview.   Whitehead is also a named defendant in one Benshoof's federal

cases.

15.    Thirteen days later, on February 24, 2025, Petitioner appeared for a hearing before

Judge Andrea Chin in the Seattle Municipal Court matter. Despite there being no new

conviction, no violation hearing, no contempt finding, nor any on-record justification,

Judge Chin ordered Petitioner immediately taken into custody and placed in solitary confinement at a King County facility.

**16.**     Since that date, Petitioner has remained in complete isolation, denied all access to writing materials, legal forms, and communication with courts or counsel. He has had no ability to file pleadings, respond to motions, or participate in his own defense. No hearing has been held regarding his confinement conditions. No disciplinary proceeding has been initiated. His placement in solitary was extrajudicial and retaliatory.

**17.**     Following his re-incarceration, Petitioner's "assistance of counsel," Benjamin Blanchard, acting under the Judiciary Act of 1789 [Exhibit A], submitted a habeas corpus petition to the Washington Supreme Court on February 27, 2025, invoking its original jurisdiction under the Washington Constitution.

**18.**     That petition was returned un-filed [Exhibit B.] A second habeas corpus petition, submitted on March 2, 2025, was also rejected in its original form [Exhibit C.] Instead, it was converted into a Personal Restraint Petition (PRP) and transferred to the Washington Court of Appeals. The state imposed a $250 filing fee and treated the matter as a routine post-conviction appeal, rather than as a constitutionally urgent habeas petition.

**19.**     As of this filing, no Washington court has accepted or ruled upon either habeas corpus petition. Petitioner remains detained in solitary confinement with no adjudicated cause, no access to courts, and no functioning state mechanism by which to challenge his detention.

### IV. LEGAL GROUNDS FOR RELIEF

20.     Petitioner's continued confinement violates the United States Constitution and longstanding Supreme Court precedent. The State of Washington has not only refused to adjudicate multiple properly submitted habeas corpus petitions, but has also imposed punitive and isolating conditions that deprive Petitioner of access to legal process, assistance, and communication, all without due process or lawful basis.

**A. Suspension Clause Violation (U.S. Const. Art. I, § 9, Cl. 2)**

21.     The Suspension Clause provides: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

22.     The State of Washington, through its judiciary and administrative structure, has functionally suspended habeas corpus. The Washington Supreme Court refused to docket or hear a February 27, 2025 habeas petition and converted the March 2, 2025 petition into a different legal mechanism (a PRP), deferring it to the Court of Appeals with a mandatory filing fee. These actions remove the habeas petition from its original jurisdictional path and render it procedurally inaccessible.

23.     In *Boumediene v. Bush*, 553 U.S. 723 (2008), the U.S. Supreme Court held that procedures which functionally deny habeas review are tantamount to suspension. A system that claims to preserve habeas while blocking it through mechanisms like conversion, fees, or rejection violates the Suspension Clause.

**B. Denial of Access to Courts (First and Fourteenth Amendments)**

24.    Petitioner has been denied pen, paper, legal materials, and court communication since February 24, 2025. This violates his First Amendment right to petition the government, and his Fourteenth Amendment due process rights, as articulated in *Bounds v. Smith*, 430 U.S. 817 (1977), and reaffirmed in *Lewis v. Casey*, 518 U.S. 343 (1996). *"The fundamental constitutional right of access to the courts held to require prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Younger v. Gilmore*, 404 U. S. 15. Pp. 430 U. S. 821-833."

25.    The State has not merely neglected its duty to provide legal access, it has affirmatively interfered with it, by placing Petitioner in solitary confinement following a hearing before a judicial officer named in a pending civil suit, and cutting off his ability to litigate.

### C. Procedural Due Process and Equal Protection Violations (Fourteenth Amendment)

26.    Petitioner was placed in solitary confinement without any formal violation, conviction, hearing, or administrative review. This violates procedural due process, as established in Wolff v. McDonnell, 418 U.S. 539 (1974).

> "while it is true that only in habeas actions may relief be granted which will shorten the term of confinement, *Preiser*, supra, it is more pertinent that both actions serve to protect basic constitutional rights. The right of access to the courts, upon which Avery was premised, is founded in the Due Process Clause, and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights. It is futile to contend that the Civil Rights Act of 1871 has less importance in our constitutional scheme than does the Great Writ."

27.    Further, Washington's selective rejection and rerouting of Petitioner's habeas petitions, when compared to the standard treatment of such filings, establishes a "class-of-one" Equal Protection violation, as recognized in *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000)," holding: "*The Equal Protection Clause gives rise to a cause of action on behalf of a "class of one" where the plaintiff does not allege membership in a class or group, but alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for such treatment. See, e. g., Sioux City Bridge Co. v. Dakota County,* 260 U. S. 441."

### D. Interference with 'Assistance of Counsel' (Sixth Amendment; Judiciary Act of 1789)

28.    Petitioner has designated Benjamin Blanchard as his "Assistance of Counsel" [Exhibit A] pursuant to Section 35 of the Judiciary Act of 1789, codified at 28 U.S.C. § 1654, which provides that parties may "*plead and manage their own causes personally or by **assistance of such counsel** or attorneys at law.*"

29.    The State's actions have interfered with this arrangement by preventing Petitioner from corresponding with his chosen assistance of counsel, or from exercising his right to direct his legal strategy or filings. Such interference implicates the Sixth Amendment right to counsel of choice, as elaborated in *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006). "*The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." We have previously held that an element of this right is the right of a defendant who does not*

*require appointed counsel to choose who will represent him. See Wheat v. United States,*

*486 U. S. 153, 159 (1988). Cf. Powell v. Alabama, 287 U. S."*

## V. RELIEF REQUESTED

**30.**    For the reasons stated above, Petitioner respectfully requests that this Court grant

the following relief under 28 U.S.C. § 2241, the Suspension Clause, and the Due Process

Clause of the Fourteenth Amendment:

### A. Immediate Release from Custody

**31.**    That this Court issue a writ of habeas corpus ordering the immediate release of

Petitioner Kurt Alden Benshoof from solitary confinement and state custody or in the

alternative restore bail of $420,000, which was previously posted in full and has not been

forfeited by any lawful proceeding. Benshoof's continued detention is unlawful,

unadjudicated, retaliatory in nature, and in violation of his fundamental constitutional

rights — including the rights to due process, access to the courts, and to seek habeas

corpus itself.

### B. In the Alternative: Judicial Order to Compel Washington State Habeas
###    Relief

**32.**    If this Court declines to order immediate release, Petitioner respectfully requests

that the Court:

a. Declare that the Washington Supreme Court's failure to docket and adjudicate

Petitioner's habeas corpus petitions violates the Suspension Clause of the United States

Constitution and *Ex parte Hull*, 312 U.S. 546 (1941);

b. Enjoin the Washington Supreme Court, its Clerk Sara Pendleton, or other responsible agents from refusing to file habeas corpus petitions submitted under the court's original jurisdiction, or from converting such filings into Personal Restraint Petitions (PRPs) with filing fees and appellate delay;

c. Order the Washington Supreme Court to file, docket, and adjudicate Petitioner's previously submitted habeas petition as a habeas corpus petition, within a constitutionally reasonable period.

### C. Restoration of Court Access and Litigation Rights

**33.**    Petitioner further requests that this Court:

a. Enjoin the State of Washington and King County officials from denying Petitioner access to legal writing materials, court correspondence, legal pleadings, or communication with attorneys or "assistance of Counsel, JA 1789, Sec 35" in State or Federal cases;

c. Direct the facility detaining Petitioner to provide equal access to litigation tools, including pen, paper, and the ability to prepare legal filings, consistent with *Bounds v. Smith*, 430 U.S. 817 (1977).

### D. Recognition of Authority to File Under Section 35 of the Judiciary Act of 1789

**34.**    Petitioner further requests that this Court formally recognize that this Petition has been submitted by Benjamin Blanchard, acting with the express authorization of

Petitioner, in the role of "Assistance of Counsel" pursuant to Section 35 of the Judiciary Act of 1789, which provides, "*In all the courts of the United States, the parties may plead and manage their own causes personally or by the assistance of such counsel or attorneys at law.*"

36. This filing is submitted not as an act of licensed legal representation, but in furtherance of Petitioner's constitutional right to access the courts, preserved by the Due Process Clause and the First Amendment, and as necessary to protect the pro se right of Petitioner, which he cannot currently exercise due to confinement, physical isolation, and deprivation of legal tools.

36. Petitioner requests that this Court enter an order recognizing the historical and equitable legitimacy of this filing under the Judiciary Act of 1789, and affirming that it shall be treated with the same force and effect as a pro se filing made directly by Petitioner, to prevent future obstruction or dismissal based on form over substance.

### E. Protection from Vexatious Litigant Order and Related Obstructions

37. Petitioner further requests that this Court issue an order declaring that the "vexatious litigant" order issued by Judge Whitehead on February 11, 2025, does not apply to the present habeas petition or to any future filing related to Petitioner's liberty or conditions of confinement.

38. The use of such an order to obstruct habeas filings, or to justify rejection or procedural rerouting of habeas petitions, constitutes a violation of the Suspension Clause,

and directly undermines the First Amendment right to petition and the Fourteenth Amendment right to due process.

**39.**     In *SEC v. Jarkesy*, 603 U.S. ___ (2024), a federal entity could not sidestep constitutional guarantees by substituting administrative tribunals for Article III courts, and here, a federal judge may not procedurally suppress access to habeas relief by labeling a prisoner as vexatious or reclassifying constitutionally protected filings as miscellaneous matters to avoid judicial review.

**40.**     Petitioner respectfully asks this Court to prohibit federal or state actors from invoking or enforcing the vexatious litigant designation as a bar to habeas relief, access to courts, or related filings concerning Petitioner's confinement.

### F. Retention of Jurisdiction and Any Other Just Relief

**41.**     Petitioner requests that this Court:

a. Retain jurisdiction to enforce its orders and supervise compliance by the State of Washington;

b. Grant any further relief that is just and proper to prevent ongoing constitutional harm.

c. That this filing should not be dismissed based on procedural formalities, in light of *Ex parte Hull*, *Wolff*, and *Wolff's* reiteration that "n*o person will be denied the opportunity to present... fundamental constitutional rights.*"


"I declare under penalty of perjury" that the foregoing is true and correct. Executed on this 24th day of March, 2025

Benjamin Blanchard

3201 Anata Dr.,
Zephyrhills FL, 33541
bennyblanch@protonmail.com

State of Florida
County of Pasco

Sworn to (or affirmed) and subscribed before me by means of physical presence or, this
24th day of March, 2025, by Benjamin Blanchard, who is personally known to me or
regarding the attached instrument described as Writ of Habeas Corpus for Kurt Benshoof
and to whose signature this notarization applies.

(Seal)

_____
notary public signature

_____
notary public printed name

JOCELYN SANGIOVANNI
Notary Public
State of Florida
Comm# HH529307
Expires 5/20/2028

<u>**AFFIDAVIT**</u>

1. I, KURT ALDEN BENSHOOF, need for the judges of Washington to respect my inherent and constitutionally-protected rights, so for this purpose I declare my intent that BENJAMIN BLANCHARD shall have the general authority to file Petitions for Writs of Habeas Corpus, Amicus Briefs, and Next Friend Petitions on my behalf into all of my legal actions[1]; therefore, I hereby designate BENJAMIN BLANCHARD as a "next friend" of mine, and as one of my "assistance of counsel".

2. The United States Supreme Court has acknowledged an established historical fact:

"Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment *813 was proposed, provided that 'in all the courts of the United States, the parties may plead and manage their own **causes personally or by the assistance of such counsel** . . . .'The right is currently codified in 28 U.S.C. s 1654."[2]

3. That Court quoted from Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92:**

"SEC. 35. And be it further enacted, **That in all courts** of the United States, the **parties may plead and manage their own causes personally or by assistance of such counsel or attorneys at law**"[3]

4. **Judiciary Act of 1789** was passed before 1791 ratification of the Sixth Amendment in the Bill of Rights. The drafters of the Sixth Amendment deliberately removed the words ***attorneys at law,*** and substantially amended its language to read:" *right to have the Assistance of Counsel."*



MAR 2 6 2025

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON



---

BY    [1] Next friend standing allows a third party to petition for habeas corpus on behalf of the real party in interest: the detainee. *Whitmore v. Arkansas, 495 U.S. 149, 162 (1990)* ("Most frequently, next friends appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves."). Scott Harman-Heath, Unnamed & Uncharged: Next Friend Standing and the Anonymous Detainee, 11 Harv. Nat'l Sec. J. 420, 454 (2020)

[2] Faretta v. California, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)

[3] "The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts of the United States." "APPROVED , September 24, 1789." https://avalon.law.yale.edu/18th_century/judiciary_act.asp

5. Federal and State Constitutions require that criminal prosecutions conform to prevailing notions of fundamental fairness and that defendants be given a meaningful opportunity to present a complete defense. *State v. Wittenbarger*, 124 Wn.2d 467, 474–75, 880 P.2d 517 (1994)

6. I have been denied not only *meaningful opportunity* to present a *complete defense* in this instant matter, if any, which I maintain is frivolous and malicious criminal prosecution and persecution without cause, depriving me of my inherent and constitutionally-protected rights to due process. I have been denied the most essential, elemental and basic resources to even attempt to formulate a defense: access to pen, paper, law/legal resources, computer, internet, email, and discovery.[4]

Signature: _____    Date: 9/5/2024
/KURT ALDEN BENSHOOF /

## AFFIDAVIT

The foregoing statements of fact were typed up by the undersigned, upon Mr. Benshoof's request and to the best of the undersigned's understanding, to be signed by Mr. Benshoof himself. [5]

Signature: _____    Date: August 19, 2024
/URVE MAGGITTI /
urve.maggitti@gmail.com

---

[4] Benshoof was provided a few photocopies of incident reports, from the Seattle Police Dept. which responded to Owen's and Lerman's calls, and police reports of three visits to Benshoof's home.
[5] See *Faretta v. California* and Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**

## ACKNOWLEDGMENT
### AFFIDAVIT
#### (Verification)

STATE OF PENNSYLVANIA  )

COUNTY OF CHESTER   )

I, Urve Maggitti, the undersigned Affiant hereto, do hereby declare under penalties of perjury under the laws of the Commonwealth of Pennsylvania and the United States of America, that the foregoing accounting of facts are true and correct to the best of my current knowledge and belief.

   I am over the age of 18 years of age, am a resident of the Commonwealth of Pennsylvania, have personal knowledge of the matters of this affidavit, and am capable of making such affidavit.

          Pursuant to 28 U.S. Code § 1746 (1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 19 /2024.

Signed: _____

           Urve Maggitti

Notary as JURAT CERTIFICATE

State of Pennsylvania _____

BEFORE ME personally appeared Urve Maggitti who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to her own personal knowledge.

_____

Notary Public,

My commission expires: 10 - 12 - 2026.

Commonwealth of Pennsylvania - Notary Seal
Kerrick Sullivan, Notary Public
Delaware County
My commission expires October 12, 2026
Commission number 1283631
Member, Pennsylvania Association of Notaries

FILED
LODGED
RECEIVED  MAIL

**THE SUPREME COURT**
STATE OF WASHINGTON



MAR 2 6 2025

TEMPLE OF JUSTICE
CLERK OF SUPREME COURT
WESTERN BOX 40929 WASHINGTON
AT SEATTLE
OLYMPIA, WA 98504-0929
BY                    DEPUTY

(360) 357-2077
e-mail: supreme@courts.wa.gov
www.courts.wa.gov

SARAH R. PENDLETON
SUPREME COURT CLERK

February 27, 2025

**LETTER SENT BY E-MAIL ONLY**

Benjamin Blanchard
3201 Anata Drive
Zephyrhills, FL 33541
bennyblanch@protonmail.com



EXHIBIT
**B**

Benjamin Blanchard:

On February 26, 2025, the Supreme Court received your "PETITION FOR WRIT OF HABEAS CORPUS PER RCW 7.36 AND ART 1 SECTION 13 WA CONSTITUTION."

The Rules of Appellate Procedure (RAP) 16.3 through 16.15 establish a single procedure for obtaining relief <u>in the appellate courts</u> for an alleged unlawful restraint. That procedure is known as a personal restraint petition. In the appellate courts the personal restraint petition procedure supersedes the petition for writ of habeas corpus procedure (and also other writ processes when it applies).

However, in your filing, you expressly state that you do not wish for your filing to be treated as a personal restraint petition. Based on that statement and that there is no procedure for filing a "writ of habeas corpus" in this Court, no action can be taken on your filing. The published notes to RCW 7.36 references RAP 16.3 through 16.5. Further, as explained above and as clearly stated in RAP 16.3, "the procedure established by rules 16.3 through 16.15 and rules 16.24 through 16.27 for a personal restraint petition supersedes the appellate procedure formerly available for a petition for writ of habeas corpus…"

Your filing will be placed in the Supreme Court's unfiled papers section with no action taken. If you wish to have this Court treat your writ as a personal restraint petition, please notify this Court in writing. Any additional filings challenging the treatment of the writ of habeas corpus as a personal restraint petition will not be acknowledged or responded to.

Sincerely,

Sarah R. Pendleton
Supreme Court Clerk

Page 2
February 27, 2025

SRP:ejn



## THE SUPREME COURT
### STATE OF WASHINGTON

SARAH R. PENDLETON
SUPREME COURT CLERK

TEMPLE OF JUSTICE
P.O. BOX 40929
OLYMPIA, WA 98504-0929

(360) 357-2077
e-mail: supreme@courts.wa.gov
www.courts.wa.gov

March 6, 2025

**LETTER SENT BY E-MAIL**

Benjamin Blanchard
3201 Anata Drive
Zephyrhills, FL 33541
bennyblanch@protonmail.com

Urve Maggitti
58 E. Swedesford Road
Malvern, PA 19355
urve.maggitti@gmail.com

Kurt Alden Benshoof
**(sent by U.S. mail only)**
#10518097
King County Correctional Facility
500 Fifth Avenue
Seattle, WA 98104



Re:    Petition for Writ of Habeas Corpus

Benjamin Blanchard, Urve Maggitti, and Kurt Benshoof:

On March 6, 2025, this Court received on behalf of Kurt Benshoof the "PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO ARTICLE ONE, SECTIONS ONE, TWO, THIRTEEN, AND TWENTY-NINE OF THE WASHINGTON CONSTITUTION AND RCW 7.36".

It is noted that the party named on the petition is Kurt Benshoof but the document is signed by Benjamin Blanchard and Urve Maggitti. A document must be signed by either the party or their attorney. Because neither Benjamin Blanchard or Urve Maggitti are licensed Washington attorneys, this document must be signed by Kurt Benshoof.

Also, review of the petition discloses that it is primarily a complaint alleging unlawful restraint. The Rules of Appellate Procedure (RAP) 16.3 through 16.15 establish a single procedure for obtaining relief <u>in the appellate courts</u> for an alleged unlawful restraint. That procedure is known as a personal restraint petition. **In the appellate courts the personal restraint petition procedure supersedes the petition for writ of habeas corpus procedure (and also other writ processes when it applies).** Accordingly, the petition will be treated and considered as a <u>personal restraint petition</u>.

Additionally, a personal restraint petition requires a $250 filing fee paid to this Court or a request to waive the filing fee. In the event you believe you are unable to pay the filing fee, I have

enclosed a "Statement of Finances" form with which waiver of the filing fee may be requested (a statement of your total assets and liabilities should support any such request; see RAP 16.7(a)(4)).

    For all of the reasons listed above, no action will be taken and the pleading will be placed in unfiled papers.

                        Sincerely,

                        Sarah R. Pendleton
                        Supreme Court Clerk

SRP:ejn

Enclosure





**Made from 100%**
recycled paperboard

Scan to learn how we
can help make Earth
a priority together.

Please recycle. See how we are connecting the world in responsible
and resourceful ways at **fedex.com/sustainability**. Recycling options
may vary by location.

PAP 21



© 2023 FedEx 155475/155476 REV 11/23

Check your FedEx Express shipping document, the current FedEx Service
Guide, or the conditions of carriage for complete terms, conditions, and
limits of liability.

You can help us get your package safely to its destination by packing your
items securely. Need help? Go to **fedex.com/packaging** for packing tips.

**This envelope is only for FedEx Express® shipments.**



◄ Insert shipping
document here.

03/02/25 15:43

Do not ship liquids, blood, or clinical specimens in this packaging.