UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Mr. Kurt A. Benshoof,
A.R.W. By and Through His Father, Mr.
Kurt A. Benshoof, Brett Fountain, Urve
Maggitti,

Plaintiffs,

v.

ANDREA CHIN, et al.

Defendants.

Case No.  2:24-cv-00808-JHC

**EMERGENCY MOTION FOR HABEAS CORPUS RELIEF**
Under Article I, Section 9; 28 U.S.C. §§ 2241, 1651
Filed on Behalf of Petitioner by Designated Assistance of Counsel (JA 1789, § 35) and as
<u>directly interested party a Co-Plaintiff in this legal action.</u>

<u>Schedule an immediate ORAL EVIDENTIARY HEARING under 28 U.S.C. § 2243</u>

"It is better that ten guilty persons escape than that one innocent suffer."
— *William Blackstone*, *Commentaries*, Book IV, Chapter 27.

## I. PARTIES AND AUTHORITY TO FILE

1. Co-Plaintiff Urve Maggitti respectfully moves this Court for immediate emergency relief in the form of a Writ of Habeas Corpus under 28 U.S.C. § 2241, on behalf of Co-Plaintiff Kurt Benshoof, who is presently incarcerated in King County Correctional Facility in Seattle, Washington, and who is:

- Being held incommunicado,

- Denied access to legal materials, writing instruments, envelopes, and communications necessary to exercise constitutional rights - including to participate in this action as indispensable party,

- Subjected to solitary confinement without adequate justification or due process.

2. This petition is filed by Urve Maggitti, appearing[1] as Assistance of Counsel pursuant to

---

[1] See attached EXHIBIT B

1

Section 35 of the Judiciary Act of 1789, which guarantees that: "In all courts of the United States, the parties may plead and manage their own causes personally or by assistance of such counsel or attorneys at law." This right has long been interpreted to allow pro se litigants to be assisted by individuals of their choosing; scholars, merchants, priests, or other learned individuals, consistent with the historical times when many a citizen was illiterate or unfamiliar with the court's nuances.

3. This petition is filed by Urve Maggitti, as directly interested party in this legal action as a Co-Plaintiff of Kurt Benshoof - Maggitti's first amendment right to access court is directly affected by the violations directed at her Co-Plaintiff Kurt Benshoof- it is violating Co-Plaintiff Maggitti's right to association, due process right to petition the Court for a redress of grievances.

**RESPONDENTS for Purposes of the Habeas Petition are:**

4. Respondent, ALLEN NANCE, is the gaoler of the Department of Adult. and Juvenile Detention, specifically King County Correctional Facility, located at 500 Fifth Avenue Room 500, Seattle, WA 98104, alt: King County Court House, 516 3rd Ave Rm E245, Seattle, WA 98104

5. Respondent, Sheriff of King County, PATRICIA COLE-TINDALL at 516 Third Avenue, Room W-116, Seattle, WA 98104.

6. Respondent, Interim Chief of Police for Seattle Police, SHON BARNES, at 610 5th Avenue, Seattle, WA, 98104.

7. Respondent, Pascal Herzer, Legal Department, King County DAJD, Pascal.erzer@kingcounty.gov

8. Respondent, Andrea Chin, Seattle Justice Center, 600 5th Ave, Seattle, WA 98104-1900

9. Respondent, CITY OF SEATTLE ("City") is a political subdivision of the State of Washington

10. Respondent, KING COUNTY ("County") is a political subdivision of the State of Washington.

11. Respondent, Catherine Cornwall, , Director and Superior Court Clerk, KCC-JA-0609516, Third Ave Rm 609

12. Respondent, Gregg Curtis, King County Department of Adult & Juvenile Services ("DAJD"), Gregg.Curtis@kingcounty.gov

13. Respondent, Katrina Outland, City of Seattle Attorney's Office 701 5th Ave., Suite 2050,

2

Seattle, WA 98104-7097

14. Respondent, Julie Salle, bailiff for King County Superior Court Judge Suzanne Parisien,

15. Respondent, Daniel Schilling, City Attorney's Office, 701 5th Ave., Suite 2050, Seattle, WA 98104-7097

16. Respondent, Melanie Tratnik ("Tratnik"), *pro tem* judge by Seattle Municipal Court, Seattle Justice Center, 600 5th Ave, Seattle, WA 98104-1900

***

This emergency motion is brought in good faith and under exigent circumstances, as detailed below:

## II. FACTUAL BACKGROUND

17. Co-Plaintiff Kurt Benshoof was sentenced on February 24, 2025, by the Seattle Municipal Court and was taken into custody before the conclusion of his sentencing proceeding.

18. Immediately upon being taken into custody, Co-Plaintiff Mr. Benshoof was placed in maximum security solitary confinement (Floor 11), without any disciplinary infraction or threat assessment that would warrant such placement.

19. Since that time, Mr. Benshoof has been held in solitary confinement, deprived of access to:

> Writing materials, including Envelopes
>
> Access to jail Commissary to purchase these items,
>
> Legal reference materials or law library,
>
> Phone calls or communication with legal counsel or co-plaintiffs,
>
> Any technology such as a tablet or computer.

20. These restrictions render it impossible for Co-Plaintiff Kurt Benshoof to pursue legal remedies on his own behalf, including filing appeals, motions, or habeas petitions. His detention conditions directly violate his rights under the First, Fifth, Sixth, Ninth and Fourteenth Amendments.

21. FURTHERMORE, These restrictions render it impossible for Co-Plaintiff Kurt Benshoof to pursue legal remedies on his own behalf, and for purposes of this emergency motion for habeas corpus relief specifically in this legal action - it is causing irreparable harm not only to Benshoof's own right to access court but is causing irreparable harm to his Co-Plaintiffs Urve Maggitti and Brett Fountain - because the detention conditions inflicted upon the Co-Plaintiff Benshoof directly

violate their rights under the First, Ninth and Fourteenth Amendments- to access Court for redress of grievances in this action because the indispensable party to this action Co-Plaintiff Kurt Benshoof is held captive incommunicado directly by the defendants in this action as listed:

**22. Defendants Who Are Holding Benshoof Captive Incommunicado Are:**

1- Defendant CITY OF SEATTLE ("City") is a political subdivision of the State of Washington.

2- Defendant KING COUNTY ("County") is a political subdivision of the State of Washington.

3- Defendant Andrea Chin, a woman often employed as a judge for the City, is sued in her personal capacity.

4- Defendant Catherine Cornwall, a woman employed as King County Superior Court Clerk, sued in her individual capacity.

5- Defendant Gregg Curtis, a man employed by the King County Department of Adult & Juvenile Services ("DAJD"), sued in his official and individual capacity.

6- Defendant Jane Doe, a woman employed as a Jail Health Services ("JHC") nurse by the King County DAJD, sued in her official and individual capacity.

7- Defendant Jenny Durkan, a woman formerly employed as CITY OF SEATTLE Mayor, sued in her individual capacity.

8- Defendant Julie Kline, a woman formerly employed as a legal assistant to former Seattle Mayor, Defendant Jenny Durkan, sued in her individual capacity.

9- Defendant Pascal Herzer, a man employed by the King County DAJD, sued in his official and individual capacity.

10- Defendant Sarah MacDonald, a woman formerly employed by the City Attorney's Office, sued in her individual capacity.

11- Defendant Katrina Outland, a woman employed as a prosecutor for the City, sued in her individual capacity.

12- Sarah Pendleton, Deputy Clerk of the Washington Supreme Court, a woman, sued in her individual capacity.

13- Defendant Julie Salle, employed as bailiff for King County Superior Court Judge Suzanne Parisien, is sued in her individual capacity.

14- Defendant Daniel Schilling, a man employed by the City Attorney's Office, sued in his individual capacity.

15-Defendant Melanie Tratnik ("Tratnik"), a woman employed as a *pro tem* judge by Seattle Municipal Court, is sued in her individual capacity.

## *Legal action against Defendants City of Seattle and King County*

23. Co-Plaintiff Kurt Benshoof filed this legal action against Defendants City of Seattle and King County - the same defendants who continue to violate Plaintiff Benshoof's rights protected under Washington State constitution, its laws, statutes and rules and by Constitution of United States, the supreme law of the land.

## *Unconstitutional Prosecution and Persecution by Defendants City of Seattle and King County*

24. Defendants City of Seattle and King County have not only prosecuted Co-Plaintiff Benshoof despite having no such statutory authority, but have compounded the immeasurable damage upon Plaintiff Benshoof by unconstitutionally incarcerating him on February 24, 2025, and placing him in solitary confinement without any access to legal resources, including writing materials, a computer/tablet, internet.

## *Defendants City of Seattle and King County Have Custody Of Plaintiff's Evidence*

25. The Defendants City of Seattle and King County are responsible for illegally removing Co-Plaintiff Benshoof's computer and cell phone, containing the evidence against the defendants sued not only in this action but in other legal actions that Co-Plaintiff Benshoof has rightfully filed, under the Petition Clause of the First Amendment guarantees "the right of the people... to petition the Government for a redress of grievances." U.S. CONST. amend. I. The Supreme Court has affirmed that this right includes meaningful access to the courts (Marbury v. Madison, 5 U.S. 137, 147 (1803).

## *Defendants City Of Seattle And King County Violating Plaintiff's Right To Access Court*

25. Due to the direct actions by Defendants City of Seattle and King County Co-Plaintiff Benshoof was not able to access court for redress of grievances, to file his Reply to the Motion to Dismiss filed by Co-Defendants Nathan Cliber, Blair Russ, Sarah N. Turner and Michael C. Tracy.

In *Washington v. U.S. Department of Homeland Security* 614 F.Supp.3d 863 (2020) the District Court for the Western District of Washington held that the State of Washington stated a plausible right-of-access-to-court claim based on the practice of DHS, ICE, and CBP of civilly

arresting people in or near Washington state courthouses.

## CONSTITUTIONAL BASIS: APPLICATION OF BRUEN TO RIGHT OF ASSOCIATION

### *Application of Historical-Tradition Framework to Co-Plaintiff's First Amendment Right to Association*

26. Co-Plaintiff Urve Maggitti asserts that the unconstitutional incommunicado detention of Kurt Benshoof does not merely violate his individual rights, but also constitutes a direct and ongoing infringement upon her own First Amendment rights, specifically the right to associate for purposes of political expression, legal advocacy, and pursuit of redress through the judiciary.

27. The United States Supreme Court has long recognized that the First Amendment protects not only freedom of speech and petition, but also the closely related right of expressive association. (*Roberts v. U.S. Jaycees*, 468 U.S. 609, 622 (1984); *NAACP v. Alabama,* 357 U.S. 449 (1958)). This right includes the ability of individuals to join together to engage in protected activities — including political organizing, litigation, and mutual advocacy.

28. In *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. ___ (2022), the Supreme Court reaffirmed that courts may no longer apply means-end scrutiny (such as intermediate scrutiny or balancing tests) to restrict fundamental rights. Instead, courts must evaluate any government-imposed burden on a constitutional right based solely on the Nation's historical tradition at the time of the Founding.

"When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition…" (Bruen, at 15).

29. Co-Plaintiff Maggitti submits that the same historical-tradition standard governs her First Amendment rights. There is no Founding-era tradition authorizing the government to deliberately isolate and silence a co-plaintiff for the purpose of impairing joint litigation or political advocacy. The founding generation considered the right "to petition the government for redress of grievances" a cornerstone of liberty, and routinely exercised it through collaborative action, committees of correspondence, and legal coalitions — not in isolation.

30. Because Maggitti's ability to associate with Benshoof in this lawsuit has been obliterated by the State's ongoing policy of solitary confinement and legal inaccessibility — with no historical analogue to justify such a deprivation — the interference is presumptively unconstitutional under Bruen. The State has failed to meet its burden to identify any legitimate, historically grounded

6

justification for this infringement.

Thus, both Co-Plaintiff Benshoof's and Co-Plaintiff Maggitti's rights are violated under the First Amendment, and under the analytical framework now controlling after Bruen.

## III. JURISDICTION AND LEGAL BASIS

26. This Court has jurisdiction under 28 U.S.C. § 2241(c)(3), which authorizes federal courts to grant habeas relief to any person "in custody in violation of the Constitution or laws ... of the United States." Furthermore, 28 U.S.C. 1651(a), grants this Court additional jurisdiction. "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective Jurisdictions and agreeable to the usages and principles of law."

27. Petitioner is presently in state custody, confined in solitary conditions that lack any adjudicated legal basis, following an act of judicial retaliation on February 24, 2025, carried out by a named defendant, Seattle Municipal Judge Andrea Chin, in his federal civil rights case, No. 2:24-cv-00808-JHC. Petitioner has not been convicted of a new offense, nor subjected to any lawful due process hearing that would justify continued or intensified confinement.

28. Urve Maggitti hereby fully incorporates the " EMERGENCY HABEAS CORPUS PETITION" filed by Benjamin Blanchard, See attached as EXHIBIT A, and repeats and realleges each of the facts contained within it  in this motion as if fully set forth herein.

## IV. URGENCY AND EXHAUSTION

29. Mr. Benshoof is unable to exhaust administrative remedies because he is held incommunicado and denied access to any means of filing grievances. Under *Harris v. Nelson*, 394 U.S. 286 (1969), the court has broad equitable authority to grant habeas corpus relief in extraordinary circumstances, including conditions that preclude meaningful legal redress.

"The writ of habeas corpus is the fundamental instrument for safeguarding individual freedom against arbitrary **\*291** and lawless state action. Its pre-eminent role is recognized by the admonition in the Constitution that: 'The Privilege of the Writ of Habeas Corpus shall not be suspended * * *.' U.S.Const., Art. I, s 9, cl. 2. The scope and flexibility of the writ— its capacity to reach all manner of illegal detention—its ability to cut through barriers of form and procedural mazes—have always been emphasized and jealously guarded by courts

and lawmakers. **The very nature of the writ demands that it be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected.**

As Blackstone phrased it, habeas corpus is 'the great and efficacious writ, in all manner of illegal confinement.'[2] As this Court said in Fay v. Noia, 372 U.S. 391, 401—402, 83 S.Ct. 822, 829, 9 L.Ed.2d 837 (1963), the office of the writ is 'to provide a prompt and efficacious remedy for whatever society deems to be intolerable restraints.' See Peyton v. Rowe, 391 U.S. 54, 65—67, 88 S.Ct. 1549, 1555, 20 L.Ed.2d 426 (1968).

**It is now established beyond the reach of reasonable dispute that the federal courts not only may grant evidentiary hearings to applicants, but must do so upon an appropriate showing.** Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Brown v. Allen, 344 U.S. 443, 464, No. 19, 73 S.Ct. 397, 97 L.Ed. 469 (1953). **And this Court has emphasized, taking into account the office of the writ and the fact that the petitioner, being in custody, is usually handicapped in developing the evidence needed to support in necessary detail the facts alleged in his petition, that a habeas \*292 corpus proceeding must not be allowed to founder in a 'procedural morass.'** Price v. Johnston, 334 U.S. 266, 269, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948).

There is no higher duty of a court, under our constitutional system, than the careful processing and adjudication \*\*1087 of petitions for writs of habeas corpus, for it is in such proceedings that a person in custody charges that error, neglect, or evil purpose has resulted in his unlawful confinement and that he is deprived of his freedom contrary to law. **This Court has insistently said that the power of the federal courts to conduct inquiry in habeas corpus is equal to the responsibility which the writ involves: 'The language of Congress, the history of the writ, the decisions of this Court, all make clear that the power of inquiry on federal habeas corpus is plenary.'** Townsend v. Sain, supra, at 312, 83 S.Ct. at 757."

Harris v. Nelson, 394 U.S. 286, 290–92, 89 S. Ct. 1082, 1086–87, 22 L. Ed. 2d 281 (1969)

- Emphasis added by Maggitti.

## V. REQUESTED RELIEF

Urve Maggitti respectfully requests that this Court to Expedite this petition under *Bruen* and:

a) Issue a Writ of Habeas Corpus ad subjiciendum ordering the Warden or appropriate official at King County Correctional Facility to have Co-Plaintiff Kurt Benshoof brought before the court - *produce the body*- for **ORAL EVIDENTIARY HEARING under 28 U.S.C. § 2243** why Co-Plaintiff Kurt Benshoof is denied access to court by the defendants in this case in violation of first amendment rights of all Co-Plaintiffs: Benshoof, Maggitti and Fountain.

b) Issue a Writ of Habeas Corpus ad subjiciendum ordering the Warden or appropriate official at King County Correctional Facility to immediately justify the basis for Mr. Benshoof's solitary confinement and denial of legal access to court: to writing materials, legal research materials, and ability to correspond with counsel and co-plaintiff;

c) Retain jurisdiction to enforce its orders and supervise compliance by the State of Washington;

d) Grant any further relief that is just and proper to prevent ongoing constitutional harm.

e) That this filing should not be dismissed based on procedural formalities, in light of Ex parte Hull, Wolff, and Wolff's reiteration that "no person will be denied the opportunity to present ... fundamental constitutional rights."

f) **Expedite hearing and/or schedule an immediate evidentiary hearing under 28 U.S.C. § 2243, including under *Bruen* principle.**

### VERIFICATION

Pursuant to 28 U.S. Code § 1746 (1) 1, Urve Maggitti, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

Respectfully submitted,

_____   April 12, 2025

Urve Maggitti, Plaintiff
244 Blackburn Drive, Berwyn, PA 19312
urve.maggitti@gmail.com

9

**ACKNOWLEDGMENT**
**AFFIDAVIT**
**(Verification)**

STATE OF PENNSYLVANIA   )
COUNTY OF CHESTER     )

I, Urve Maggitti, the undersigned Affiant hereto, do hereby declare under penalties of perjury under the laws of the Commonwealth of Pennsylvania and the United States of America, that the foregoing accounting of facts are true and correct to the best of my current knowledge and belief.

I am over the age of 18 years of age, am a resident of the Commonwealth of Pennsylvania, have personal knowledge of the matters of this affidavit, and am capable of making such affidavit.

Pursuant to 28 U.S. Code § 1746 (1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____April____ _12_____ /2025

Signed:_____
          Urve Maggitti

Notary as JURAT CERTIFICATE

State of Washington _COUNTY  OF  KING_____
BEFORE ME personally appeared Urve Maggitti who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to her own personal knowledge.

_____SAMARPAN MALLA_____
Notary Public,
My commission expires: 03/09/2029

SAMARPAN MALLA
NOTARY PUBLIC
STATE OF WASHINGTON
LICENSE NUMBER 21020072
MY COMMISSION EXPIRES
03/09/2029

Page 10

<u>**CERTIFICATE OF SERVICE**</u>

**Aric S Bomsztyk**
TOMLINSON BOMSZTYK RUSS
1000 SECOND AVENUE
STE 3660                                    representing    **Jessica Owen**
SEATTLE, WA 98104                                           *(Defendant)*
206-621-1871
asb@tbr-law.com


**Carson Welsh Canonie**
SEATTLE CITY ATTORNEY'S OFFICE
701 FIFTH AVENUE
SUITE 2050                                  representing    **City of Seattle**
SEATTLE, WA 98104-7097                                      *(Defendant)*
206-733-9239
carson.canonie@seattle.gov


**Darren Anthony Feider**
SEBRIS BUSTO JAMES
15375 SE 30TH PL
STE 310                                     representing    **Michael Fox**
BELLEVUE, WA 98007                                          *(Defendant)*
425-450-3388
dfeider@sbj.law


                                                            **Steven Mitchell**
                                                            *(Defendant)*


                                                            **Tyler Goslin**
                                                            *(Defendant)*


**Monica Ghosh**
SEBRIS BUSTO JAMES
15375 SE 30TH PL
STE 310                                     representing    **Michael Fox**
BELLEVUE, WA 98007                                          *(Defendant)*
425-454-4233
mghosh@sbj.law

|  |  |  |
|---|---|---|
|  |  | **Steven Mitchell**<br>*(Defendant)* |
|  |  | **Tyler Goslin**<br>*(Defendant)* |
| **Sarah Spierling Mack**<br>PACIFICA LAW GROUP LLP<br>1191 SECOND AVENUE<br>SUITE 2000<br>SEATTLE, WA 98101<br>206-245-1700<br>sarah.mack@pacificalawgroup.com | representing | **Jessica Skelton**<br>*TERMINATED:*<br>*08/09/2024*<br>*(Defendant)* |
| **Catherine E Riedo**<br>SEATTLE CITY ATTORNEY'S OFFICE<br>701 FIFTH AVENUE<br>SUITE 2050<br>SEATTLE, WA 98104-7097<br>206-684-7782<br>catherine.riedo@seattle.gov | representing | **City of Seattle**<br>*(Defendant)* |
| **Michael C Tracy**<br>GORDON REES SCULLY MANSUKHANI<br>LLP (SEATTLE)<br>701 FIFTH AVE STE 2100<br>SEATTLE, WA 98104<br>206-659-5135<br>mtracy@grsm.com | representing | **Blair Russ**<br>*(Defendant)* |
|  |  | **Nathan Cliber**<br>*(Defendant)* |
| **Sarah N Turner**<br>GORDON REES SCULLY MANSUKHANI<br>LLP (SEATTLE) | representing | **Blair Russ**<br>*(Defendant)* |

701 FIFTH AVE STE 2100
SEATTLE, WA 98104
206-695-5100
sturner@grsm.com

**Nathan Cliber**
*(Defendant)*

**Peggy C Wu**
KING COUNTY PROSECUTING
ATTORNEY'S OFFICE (FIFTH AVE)
701 FIFTH AVE
STE 600
SEATTLE, WA 98104
206-263-4008
pwu@kingcounty.gov

representing

**Marshall
Ferguson**
*TERMINATED:
11/15/2024*
*(Defendant)*

**King County**
*(Defendant)*

**Catherine
Cornwall**
*(Defendant)*

**Julie Salle**
*(Defendant)*

**Pascal Herzer**
*(Defendant)*

# EXHIBIT A

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Kurt Benshoof

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
     Plaintiff

☐ 3  Federal Question
     *(U.S. Government Not a Party)*

☐ 2  U.S. Government
     Defendant

☐ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | |
| | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     Another District
     *(specify)*

☐ 6 Multidistrict
     Litigation -
     Transfer

☐ 8 Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
   UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☐ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 03/24)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related cases, if any.  If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

```
┌─────────────────────────┐
│ ══════ FILED            │
│ ══════ LODGED    MAIL   │
│ ══════ RECEIVED         │
└─────────────────────────┘
```

**US DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

MAR 2 6 2025

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

BY _____ DEPUTY

**EMERGENCY HABEAS CORPUS PETITION**

**Under Article I, Section 9; 28 U.S.C. §§ 2241, 1651**
**Filed on Behalf of Petitioner by Designated Assistance of Counsel (JA 1789, § 35)**

## I. PARTIES AND AUTHORITY TO FILE

1.    Petitioner Kurt Alden Benshoof, currently held in the custody of the State of Washington at King County facility, is under punitive and retaliatory solitary confinement conditions imposed without formal conviction, finding of misconduct, or lawful justification. Petitioner is held at King County Correctional Facility address 500 5th Avenue, Seattle; housed at Solitary 11th Floor.

2.    This petition is filed by Benjamin Blanchard, appearing as Assistance of Counsel pursuant to Section 35 of the Judiciary Act of 1789, which guarantees that: *"In all courts of the United States, the parties may plead and manage their own causes personally or by assistance of such counsel or attorneys at law."* This right has long been interpreted to allow pro se litigants to be assisted by individuals of their choosing; scholars, merchants, priests, or other learned individuals, consistent with the historical times when many a citizen was illiterate or unfamiliar with the court's nuances.

3.    Respondent, ALLEN NANCE, is the gaoler of the Department of Adult. and Juvenile Detention, specifically King County Correctional Facility, located at 500 Fifth Avenue Room 500, Seattle, WA 98104.

4.    Respondent, Sheriff of King County, PATRICIA COLE-TINDALL at 516 Third

Avenue, Room W-116, Seattle, WA 98104.

5.    Respondent, Interim Chief of Police for Seattle Police, SHON BARNES, at 610

5th Avenue, Seattle, WA, 98104.

6.    Petitioner is unable to file on his own behalf due to his placement in solitary

confinement without access to writing materials, communication tools, or legal resources,

and thus requires the undersigned to act in his stead to protect his constitutional rights.

> Considered the fundamental instrument for safeguarding individual freedom
> against arbitrary and lawless state action, the writ of habeas corpus is a powerful
> tool for the protection of individuals' constitutional and statutory rights against
> overreaching of the government and its agents. The writ serves as a procedural
> device for subjecting executive, judicial, or private restraints on liberty to judicial
> scrutiny, and where it is available, it assures, among other things, that a prisoner
> may require his or her jailer to justify the detention under the law.
> **39 Am. Jur. 2d Habeas Corpus § 1**

## II. JURISDICTION AND LEGAL BASIS

7.    This Court has jurisdiction under 28 U.S.C. § 2241(c)(3), which authorizes federal

courts to grant habeas relief to any person "*in custody in violation of the Constitution or

laws… of the United States.*" Furthermore, 28 U.S.C. 1651(a), grants this Court additional

jurisdiction. "*The Supreme Court and all courts established by Act of Congress may issue

all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to

the usages and principles of law.*"

8.    Petitioner is presently in state custody, confined in solitary conditions that lack any

adjudicated legal basis, following an act of judicial retaliation on February 24, 2025,

carried out by a named defendant, Seattle Municipal Judge Andrea Chin, in his federal civil rights case, No. 2:24-cv-00808-JHC. Petitioner has not been convicted of a new offense, nor subjected to any lawful due process hearing that would justify continued or intensified confinement.

9.    Petitioner's custody violates the Suspension Clause of Article I, Section 9 of the U.S. Constitution, as the State of Washington has refused to process or docket two of Benshoof's habeas corpus petitions. The Washington Supreme Court Clerk, Sara Pendleton, both times rejected filings that sought review under its original jurisdiction, converting one into a Personal Restraint Petition (PRP) with a filing fee and deferring it to the appellate system—an action that effectively nullifies habeas corpus protections.

10.    Additionally, Petitioner is denied any means of accessing the courts directly. He remains physically prevented from drafting pleadings, filing motions, or preparing defenses, due to being held in solitary without access to pen, paper, legal forms, or communications.

11.    Because Petitioner is unable to litigate or seek relief through Washington state courts, this matter falls within the emergency scope of federal habeas jurisdiction. Exhaustion of state remedies is excused where, as here, "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii).

12.    In the alternative, this Court retains authority under the All Writs Act, 28 U.S.C. § 1651, to issue orders necessary to preserve the availability of constitutional relief and to prevent the further obstruction of fundamental rights by state officials or institutions.

## II. FACTUAL BACKGROUND

13.    On February 11, 2025, Petitioner Kurt Alden Benshoof filed an amended complaint in his pending federal civil rights action, Benshoof v. Chin, et al., Case No. 2:24-cv-00808-JHC, in the U.S. District Court for the Western District of Washington. The complaint named as defendants more than forty municipal and judicial officials, including Seattle Municipal Court Judge Andrea Chin, who had presided over Petitioner's underlying "masking case" in Seattle Municipal Court, No. 656749.

14.    That same day, the Clerk of Court accepted the amended filing, and the case proceeded under Judge Chun. Within hours of the federal filing, Judge Jamal Whitehead, who was not assigned to the civil matter, entered a "vexatious litigant" order against Petitioner at 5:22 p.m., aimed at restricting his access to further judicial remedies. No hearing preceded that order as it was placed into effect via Benshoof's cases under Whitehead's purview.   Whitehead is also a named defendant in one Benshoof's federal cases.

15.    Thirteen days later, on February 24, 2025, Petitioner appeared for a hearing before Judge Andrea Chin in the Seattle Municipal Court matter. Despite there being no new conviction, no violation hearing, no contempt finding, nor any on-record justification,

Judge Chin ordered Petitioner immediately taken into custody and placed in solitary confinement at a King County facility.

**16.**    Since that date, Petitioner has remained in complete isolation, denied all access to writing materials, legal forms, and communication with courts or counsel. He has had no ability to file pleadings, respond to motions, or participate in his own defense. No hearing has been held regarding his confinement conditions. No disciplinary proceeding has been initiated. His placement in solitary was extrajudicial and retaliatory.

**17.**    Following his re-incarceration, Petitioner's "assistance of counsel," Benjamin Blanchard, acting under the Judiciary Act of 1789 [Exhibit A], submitted a habeas corpus petition to the Washington Supreme Court on February 27, 2025, invoking its original jurisdiction under the Washington Constitution.

**18.**    That petition was returned un-filed [Exhibit B.] A second habeas corpus petition, submitted on March 2, 2025, was also rejected in its original form [Exhibit C.] Instead, it was converted into a Personal Restraint Petition (PRP) and transferred to the Washington Court of Appeals. The state imposed a $250 filing fee and treated the matter as a routine post-conviction appeal, rather than as a constitutionally urgent habeas petition.

**19.**    As of this filing, no Washington court has accepted or ruled upon either habeas corpus petition. Petitioner remains detained in solitary confinement with no adjudicated cause, no access to courts, and no functioning state mechanism by which to challenge his detention.

## IV. LEGAL GROUNDS FOR RELIEF

20.     Petitioner's continued confinement violates the United States Constitution and longstanding Supreme Court precedent. The State of Washington has not only refused to adjudicate multiple properly submitted habeas corpus petitions, but has also imposed punitive and isolating conditions that deprive Petitioner of access to legal process, assistance, and communication, all without due process or lawful basis.

### A. Suspension Clause Violation (U.S. Const. Art. I, § 9, Cl. 2)

21.     The Suspension Clause provides: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

22.     The State of Washington, through its judiciary and administrative structure, has functionally suspended habeas corpus. The Washington Supreme Court refused to docket or hear a February 27, 2025 habeas petition and converted the March 2, 2025 petition into a different legal mechanism (a PRP), deferring it to the Court of Appeals with a mandatory filing fee. These actions remove the habeas petition from its original jurisdictional path and render it procedurally inaccessible.

23.     In *Boumediene v. Bush*, 553 U.S. 723 (2008), the U.S. Supreme Court held that procedures which functionally deny habeas review are tantamount to suspension. A system that claims to preserve habeas while blocking it through mechanisms like conversion, fees, or rejection violates the Suspension Clause.

### B. Denial of Access to Courts (First and Fourteenth Amendments)

24.    Petitioner has been denied pen, paper, legal materials, and court communication since February 24, 2025. This violates his First Amendment right to petition the government, and his Fourteenth Amendment due process rights, as articulated in *Bounds v. Smith*, 430 U.S. 817 (1977), and reaffirmed in *Lewis v. Casey*, 518 U.S. 343 (1996). *"The fundamental constitutional right of access to the courts held to require prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Younger v. Gilmore*, 404 U. S. 15. Pp. 430 U. S. 821-833."

25.    The State has not merely neglected its duty to provide legal access, it has affirmatively interfered with it, by placing Petitioner in solitary confinement following a hearing before a judicial officer named in a pending civil suit, and cutting off his ability to litigate.

### C. Procedural Due Process and Equal Protection Violations (Fourteenth Amendment)

26.    Petitioner was placed in solitary confinement without any formal violation, conviction, hearing, or administrative review. This violates procedural due process, as established in Wolff v. McDonnell, 418 U.S. 539 (1974).

> "while it is true that only in habeas actions may relief be granted which will shorten the term of confinement, *Preiser*, supra, it is more pertinent that both actions serve to protect basic constitutional rights. The right of access to the courts, upon which Avery was premised, is founded in the Due Process Clause, and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights. It is futile to contend that the Civil Rights Act of 1871 has less importance in our constitutional scheme than does the Great Writ."

27.     Further, Washington's selective rejection and rerouting of Petitioner's habeas petitions, when compared to the standard treatment of such filings, establishes a "class-of-one" Equal Protection violation, as recognized in Village of Willowbrook v. Olech, 528 U.S. 562 (2000)," holding: *The Equal Protection Clause gives rise to a cause of action on behalf of a "class of one" where the plaintiff does not allege membership in a class or group, but alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for such treatment. See, e. g., Sioux City Bridge Co. v. Dakota County, 260 U. S. 441."*

### D. Interference with 'Assistance of Counsel" (Sixth Amendment; Judiciary Act of 1789)

28.     Petitioner has designated Benjamin Blanchard as his "Assistance of Counsel" [Exhibit A] pursuant to Section 35 of the Judiciary Act of 1789, codified at 28 U.S.C. § 1654, which provides that parties may "*plead and manage their own causes personally or by **assistance of such counsel** or attorneys at law.*"

29.     The State's actions have interfered with this arrangement by preventing Petitioner from corresponding with his chosen assistance of counsel, or from exercising his right to direct his legal strategy or filings. Such interference implicates the Sixth Amendment right to counsel of choice, as elaborated in *United States v. Gonzalez-Lopez,* 548 U.S. 140 (2006). "*The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defence." We have previously held that an element of this right is the right of a defendant who does not*

*require appointed counsel to choose who will represent him. See Wheat v. United States,*

*486 U. S. 153, 159 (1988). Cf. Powell v. Alabama, 287 U. S."*

### V. RELIEF REQUESTED

**30.**    For the reasons stated above, Petitioner respectfully requests that this Court grant

the following relief under 28 U.S.C. § 2241, the Suspension Clause, and the Due Process

Clause of the Fourteenth Amendment:

### A. Immediate Release from Custody

**31.**    That this Court issue a writ of habeas corpus ordering the immediate release of

Petitioner Kurt Alden Benshoof from solitary confinement and state custody or in the

alternative restore bail of $420,000, which was previously posted in full and has not been

forfeited by any lawful proceeding. Benshoof's continued detention is unlawful,

unadjudicated, retaliatory in nature, and in violation of his fundamental constitutional

rights — including the rights to due process, access to the courts, and to seek habeas

corpus itself.

### B. In the Alternative: Judicial Order to Compel Washington State Habeas Relief

**32.**    If this Court declines to order immediate release, Petitioner respectfully requests

that the Court:

a. Declare that the Washington Supreme Court's failure to docket and adjudicate

Petitioner's habeas corpus petitions violates the Suspension Clause of the United States

Constitution and *Ex parte Hull*, 312 U.S. 546 (1941);

b. Enjoin the Washington Supreme Court, its Clerk Sara Pendleton, or other responsible agents from refusing to file habeas corpus petitions submitted under the court's original jurisdiction, or from converting such filings into Personal Restraint Petitions (PRPs) with filing fees and appellate delay;

c. Order the Washington Supreme Court to file, docket, and adjudicate Petitioner's previously submitted habeas petition as a habeas corpus petition, within a constitutionally reasonable period.

## C. Restoration of Court Access and Litigation Rights

**33.**    Petitioner further requests that this Court:

a. Enjoin the State of Washington and King County officials from denying Petitioner access to legal writing materials, court correspondence, legal pleadings, or communication with attorneys or "assistance of Counsel, JA 1789, Sec 35" in State or Federal cases;

c. Direct the facility detaining Petitioner to provide equal access to litigation tools, including pen, paper, and the ability to prepare legal filings, consistent with *Bounds v. Smith*, 430 U.S. 817 (1977).

## D. Recognition of Authority to File Under Section 35 of the Judiciary Act of 1789

**34.**    Petitioner further requests that this Court formally recognize that this Petition has been submitted by Benjamin Blanchard, acting with the express authorization of

Petitioner, in the role of "Assistance of Counsel" pursuant to Section 35 of the Judiciary Act of 1789, which provides, "*In all the courts of the United States, the parties may plead and manage their own causes personally or by the assistance of such counsel or attorneys at law.*"

**35.**     This filing is submitted not as an act of licensed legal representation, but in furtherance of Petitioner's constitutional right to access the courts, preserved by the Due Process Clause and the First Amendment, and as necessary to protect the pro se right of Petitioner, which he cannot currently exercise due to confinement, physical isolation, and deprivation of legal tools.

**36.**     Petitioner requests that this Court enter an order recognizing the historical and equitable legitimacy of this filing under the Judiciary Act of 1789, and affirming that it shall be treated with the same force and effect as a pro se filing made directly by Petitioner, to prevent future obstruction or dismissal based on form over substance.

### E. Protection from Vexatious Litigant Order and Related Obstructions

**37.**     Petitioner further requests that this Court issue an order declaring that the "vexatious litigant" order issued by Judge Whitehead on February 11, 2025, does not apply to the present habeas petition or to any future filing related to Petitioner's liberty or conditions of confinement.

**38.**     The use of such an order to obstruct habeas filings, or to justify rejection or procedural rerouting of habeas petitions, constitutes a violation of the Suspension Clause,

and directly undermines the First Amendment right to petition and the Fourteenth Amendment right to due process.

**39.**     In *SEC v. Jarkesy*, 603 U.S. ___ (2024), a federal entity could not sidestep constitutional guarantees by substituting administrative tribunals for Article III courts, and here, a federal judge may not procedurally suppress access to habeas relief by labeling a prisoner as vexatious or reclassifying constitutionally protected filings as miscellaneous matters to avoid judicial review.

**40.**     Petitioner respectfully asks this Court to prohibit federal or state actors from invoking or enforcing the vexatious litigant designation as a bar to habeas relief, access to courts, or related filings concerning Petitioner's confinement.

### F. Retention of Jurisdiction and Any Other Just Relief

**41.**     Petitioner requests that this Court:

a. Retain jurisdiction to enforce its orders and supervise compliance by the State of Washington;

b. Grant any further relief that is just and proper to prevent ongoing constitutional harm.

c. That this filing should not be dismissed based on procedural formalities, in light of *Ex parte Hull*, *Wolff*, and *Wolff's* reiteration that "n*o person will be denied the opportunity to present... fundamental constitutional rights.*"


"I declare under penalty of perjury" that the foregoing is true and correct. Executed on this 24th day of March, 2025

Benjamin Blanchard

3201 Anata Dr.,
Zephyrhills FL, 33541
bennyblanch@protonmail.com

State of Florida
County of Pasco

Sworn to (or affirmed) and subscribed before me by means of physical presence or, this
24th day of March, 2025, by Benjamin Blanchard, who is personally known to me or
regarding the attached instrument described as Writ of Habeas Corpus for Kurt Benshoof
and to whose signature this notarization applies.

(Seal)

Jocelyn Sangiovanni

notary public signature

Jocelyn Sangiovanni

notary public printed name

**JOCELYN SANGIOVANNI**
Notary Public
State of Florida
Comm# HH529307
Expires 5/20/2028

13 of 13

## AFFIDAVIT

1. I, KURT ALDEN BENSHOOF, need for the judges of Washington to respect my inherent and constitutionally-protected rights, so for this purpose I declare my intent that BENJAMIN BLANCHARD shall have the general authority to file Petitions for Writs of Habeas Corpus, Amicus Briefs, and Next Friend Petitions on my behalf into all of my legal actions[1]; therefore, I hereby designate BENJAMIN BLANCHARD as a "next friend" of mine, and as one of my "assistance of counsel".

2. The United States Supreme Court has acknowledged an established historical fact:

   "Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment **\*813** was proposed, provided that 'in all the courts of the United States, the parties may plead and manage their own **causes personally or by the assistance of such counsel . . . .** 'The right is currently codified in 28 U.S.C. s 1654."[2]

3. That Court quoted from Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92:**

   "SEC. 35. And be it further enacted, **That in all courts** of the United States, the **parties may plead and manage their own causes personally or by assistance of such counsel or attorneys at law**" [3]

4. **Judiciary Act of 1789** was passed before 1791 ratification of the Sixth Amendment in the Bill of Rights. The drafters of the Sixth Amendment deliberately removed the words *attorneys at law*, and substantially amended its language to read:" *right to have the Assistance of Counsel.*"

FILED _____
LODGED _____   MAIL
RECEIVED _____

MAR 2 6 2025

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY



EXHIBIT
A

[1] Next friend standing allows a third party to petition for habeas corpus on behalf of the real party in interest: the detainee. *Whitmore v. Arkansas, 495 U.S. 149, 162 (1990)* ("Most frequently, next friends appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves."). Scott Harman-Heath, Unnamed & Uncharged: Next Friend Standing and the Anonymous Detainee, 11 Harv. Nat'l Sec. J. 420, 454 (2020)

[2] Faretta v. California, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)

[3] "The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts of the United States." "APPROVED , September 24, 1789." https://avalon.law.yale.edu/18th_century/judiciary_act.asp

5. Federal and State Constitutions require that criminal prosecutions conform to prevailing notions of fundamental fairness and that defendants be given a meaningful opportunity to present a complete defense. *State v. Wittenbarger*, 124 Wn.2d 467, 474–75, 880 P.2d 517 (1994)

6. I have been denied not only *meaningful opportunity* to present a *complete defense* in this instant matter, if any, which I maintain is frivolous and malicious criminal prosecution and persecution without cause, depriving me of my inherent and constitutionally-protected rights to due process. I have been denied the most essential, elemental and basic resources to even attempt to formulate a defense: access to pen, paper, law/legal resources, computer, internet, email, and discovery.[4]

Signature: _____     Date: 9/5/2024
              /KURT ALDEN BENSHOOF /


**AFFIDAVIT**

The foregoing statements of fact were typed up by the undersigned, upon Mr. Benshoof's request and to the best of the undersigned's understanding, to be signed by Mr. Benshoof himself.[5]

Signature: _____     Date: August 19, 2024
              /URVE MAGGITTI /
              urve.maggitti@gmail.com
_____
[4] Benshoof was provided a few photocopies of incident reports, from the Seattle Police Dept. which responded to Owen's and Lerman's calls, and police reports of three visits to Benshoof's home.
[5] See *Faretta v. California* and Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**

Page **2** of **3**

**ACKNOWLEDGMENT**

**AFFIDAVIT**

**(Verification)**

STATE OF PENNSYLVANIA  )
COUNTY OF CHESTER  )

I, Urve Maggitti, the undersigned Affiant hereto, do hereby declare under penalties of perjury under the laws of the Commonwealth of Pennsylvania and the United States of America, that the foregoing accounting of facts are true and correct to the best of my current knowledge and belief.

I am over the age of 18 years of age, am a resident of the Commonwealth of Pennsylvania, have personal knowledge of the matters of this affidavit, and am capable of making such affidavit.

Pursuant to 28 U.S. Code § 1746 (1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 19 /2024.

Signed: _____

Urve Maggitti

Notary as JURAT CERTIFICATE

State of Pennsylvania _____

BEFORE ME personally appeared Urve Maggitti who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to her own personal knowledge.

_____

Notary Public,

My commission expires: 10 - 12 - 2026.

Commonwealth of Pennsylvania - Notary Seal
Kerrick Sullivan, Notary Public
Delaware County
My commission expires October 12, 2026
Commission number 1283631
Member, Pennsylvania Association of Notaries



FILED
LODGED
RECEIVED    MAIL

## THE SUPREME COURT
### STATE OF WASHINGTON

MAR 2 6 2025

SARAH R. PENDLETON
SUPREME COURT CLERK



TEMPLE OF JUSTICE
CLERK OF THE SUPREME COURT
WESTERN BOX 40929 ASHINGTON
OLYMPIA, WA 98504-0929
BY                        DEPUTY

(360) 357-2077
e-mail: supreme@courts.wa.gov
www.courts.wa.gov

February 27, 2025

## LETTER SENT BY E-MAIL ONLY

Benjamin Blanchard
3201 Anata Drive
Zephyrhills, FL 33541
bennyblanch@protonmail.com



EXHIBIT
B

Benjamin Blanchard:

On February 26, 2025, the Supreme Court received your "PETITION FOR WRIT OF HABEAS CORPUS PER RCW 7.36 AND ART 1 SECTION 13 WA CONSTITUTION."

The Rules of Appellate Procedure (RAP) 16.3 through 16.15 establish a single procedure for obtaining relief in the appellate courts for an alleged unlawful restraint. That procedure is known as a personal restraint petition. In the appellate courts the personal restraint petition procedure supersedes the petition for writ of habeas corpus procedure (and also other writ processes when it applies).

However, in your filing, you expressly state that you do not wish for your filing to be treated as a personal restraint petition. Based on that statement and that there is no procedure for filing a "writ of habeas corpus" in this Court, no action can be taken on your filing. The published notes to RCW 7.36 references RAP 16.3 through 16.5. Further, as explained above and as clearly stated in RAP 16.3, "the procedure established by rules 16.3 through 16.15 and rules 16.24 through 16.27 for a personal restraint petition supersedes the appellate procedure formerly available for a petition for writ of habeas corpus…"

Your filing will be placed in the Supreme Court's unfiled papers section with no action taken. If you wish to have this Court treat your writ as a personal restraint petition, please notify this Court in writing. Any additional filings challenging the treatment of the writ of habeas corpus as a personal restraint petition will not be acknowledged or responded to.

Sincerely,

Sarah R. Pendleton
Supreme Court Clerk

Page 2
February 27, 2025

SRP:ejn



# THE SUPREME COURT
## STATE OF WASHINGTON

SARAH R. PENDLETON
SUPREME COURT CLERK

TEMPLE OF JUSTICE
P.O. BOX 40929
OLYMPIA, WA 98504-0929

(360) 357-2077
e-mail: supreme@courts.wa.gov
www.courts.wa.gov

March 6, 2025

### LETTER SENT BY E-MAIL

Benjamin Blanchard
3201 Anata Drive
Zephyrhills, FL 33541
bennyblanch@protonmail.com

Urve Maggitti
58 E. Swedesford Road
Malvern, PA 19355
urve.maggitti@gmail.com

Kurt Alden Benshoof
**(sent by U.S. mail only)**
#10518097
King County Correctional Facility
500 Fifth Avenue
Seattle, WA 98104



EXHIBIT
C

Re:    Petition for Writ of Habeas Corpus

Benjamin Blanchard, Urve Maggitti, and Kurt Benshoof:

On March 6, 2025, this Court received on behalf of Kurt Benshoof the "PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO ARTICLE ONE, SECTIONS ONE, TWO, THIRTEEN, AND TWENTY-NINE OF THE WASHINGTON CONSTITUTION AND RCW 7.36".

It is noted that the party named on the petition is Kurt Benshoof but the document is signed by Benjamin Blanchard and Urve Maggitti. A document must be signed by either the party or their attorney. Because neither Benjamin Blanchard or Urve Maggitti are licensed Washington attorneys, this document must be signed by Kurt Benshoof.

Also, review of the petition discloses that it is primarily a complaint alleging unlawful restraint. The Rules of Appellate Procedure (RAP) 16.3 through 16.15 establish a single procedure for obtaining relief <u>in the appellate courts</u> for an alleged unlawful restraint. That procedure is known as a personal restraint petition. **In the appellate courts the personal restraint petition procedure supersedes the petition for writ of habeas corpus procedure (and also other writ processes when it applies).** Accordingly, the petition will be treated and considered as a <u>personal restraint petition</u>.

Additionally, a personal restraint petition requires a $250 filing fee paid to this Court or a request to waive the filing fee. In the event you believe you are unable to pay the filing fee, I have

enclosed a "Statement of Finances" form with which waiver of the filing fee may be requested (a statement of your total assets and liabilities should support any such request; see RAP 16.7(a)(4)).

For all of the reasons listed above, no action will be taken and the pleading will be placed in unfiled papers.

Sincerely,

Sarah R. Pendleton
Supreme Court Clerk

SRP:ejn

Enclosure



Align top of FedEx Express® shipping label here.

ORIGIN ID:LALA  (813) 782-7711
BLANCHARD
BLANCHARD
4850 ALLEN ROAD

ZEPHYRHILLS, FL 33541
UNITED STATES US

SHIP DATE: 24MAR25
ACTWGT: 0.94 LB
CAD: 28134108G/FRP12208

BILL SENDER

TO US DISTRIC COURT
US DISTRIC COURT
700 STEWART ST STE 2310

SEATTLE WA 98101
(999) 999-9999          REF: BLANCHARD

FILED
LODGED
RECEIVED
MAIL

MAR 26 2025

AT SEATTLE
CLERK US DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
          DEPUTY
BY

FedEx
Express

E

Envelope

Recycle me.

TRK#  8800 3026 8699
0201

WED – 26 MAR 5:00P
** 2DAY **

SW BFIA

98101
WA – US    SEA



Scan to learn how we
can help make Earth
a priority together.

Made from 100%
recycled paperboard

Please recycle. See how we are connecting the world in responsible
and resourceful ways at **fedex.com/sustainability.** Recycling options
may vary by location.

PAP 21



© 2023 FedEx 155475/155476 REV 11/23

Check your FedEx Express shipping document, the current FedEx Service
Guide, or the conditions of carriage for complete terms, conditions, and
limits of liability.

You can help us get your package safely to its destination by packing your
items securely. Need help? Go to **fedex.com/packaging** for packing tips.

**This envelope is only for FedEx Express® shipments.**



◄ Insert shipping
document here.

01/02/23 15:43

Do not ship liquids, blood, or clinical specimens in this packaging.

# EXHIBIT B

## AFFIDAVIT

1. I, KURT ALDEN BENSHOOF, need for the judges of Washington to respect my inherent and constitutionally-protected rights, so for this purpose I declare my intent that URVE MAGGITTI shall have the general authority to file Petitions for Writs of Habeas Corpus, Amicus Briefs, and Next Friend Petitions on my behalf into all of my legal actions[1]; therefore, I hereby designate URVE MAGGITTI as a "next friend" of mine, and as one of my "assistance of counsel".

2. The United States Supreme Court has acknowledged an established historical fact:

"Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment *813 was proposed, provided that 'in all the courts of the United States, the parties may plead and manage their own **causes personally or by the assistance of such counsel** . . .. 'The right is currently codified in 28 U.S.C. s 1654."[2]

3. That Court quoted from Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**:

"SEC. 35. And be it further enacted, **That in all courts** of the United States, the **parties may plead and manage their own causes personally or by assistance of such counsel or attorneys at law**" [3]

4. **Judiciary Act of 1789** was passed before 1791 ratification of the Sixth Amendment in the Bill of Rights. The drafters of the Sixth Amendment deliberately removed the words *attorneys at law*, and substantially amended its language to read:" *right to have the Assistance of Counsel.*"

5. Federal and State Constitutions require that criminal prosecutions conform to prevailing notions of fundamental fairness and that defendants be given a meaningful opportunity to present a complete defense. *State v. Wittenbarger,* 124 Wn.2d 467, 474–75, 880 P.2d 517 (1994)

---

[1] Next friend standing allows a third party to petition for habeas corpus on behalf of the real party in interest: the detainee. *Whitmore v. Arkansas, 495 U.S. 149, 162 (1990)* ("Most frequently, next friends appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves."). Scott Harman-Heath, Unnamed & Uncharged: Next Friend Standing and the Anonymous Detainee, 11 Harv. Nat'l Sec. J. 420, 454 (2020)

[2] Faretta v. California, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)

[3] "The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts of the United States." "APPROVED , September 24, 1789." https://avalon.law.yale.edu/18th_century/judiciary_act.asp

6. I have been denied not only *meaningful opportunity* to present a *complete defense* in this instant matter, if any, which I maintain is frivolous and malicious criminal prosecution and persecution without cause, depriving me of my inherent and constitutionally-protected rights to due process. I have been denied the most essential, elemental and basic resources to even attempt to formulate a defense: access to pen, paper, law/legal resources, computer, internet, email, and discovery.[4]

Signature: /KURT ALDEN BENSHOOF /     Date: 9/5/2024

## AFFIDAVIT

The foregoing statements of fact were typed up by the undersigned, upon Mr. Benshoof's request and to the best of the undersigned's understanding, to be signed by Mr. Benshoof himself.[5]

Signature: /URVE MAGGITTI/     Date: august 19,2024
urve.maggitti@gmail.com

---

[4] Benshoof was provided a few photocopies of incident reports, from the Seattle Police Dept. which responded to Owen's and Lerman's calls, and police reports of three visits to Benshoof's home.
[5] See *Faretta v. California* and Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**

Page 2 of 3

### ACKNOWLEDGMENT
### AFFIDAVIT
### (Verification)

STATE OF PENNSYLVANIA  )
COUNTY OF CHESTER   )

I, Urve Maggitti, the undersigned Affiant hereto, do hereby declare under penalties of perjury under the laws of the Commonwealth of Pennsylvania and the United States of America, that the foregoing accounting of facts are true and correct to the best of my current knowledge and belief.

I am over the age of 18 years of age, am a resident of the Commonwealth of Pennsylvania, have personal knowledge of the matters of this affidavit, and am capable of making such affidavit.

Pursuant to 28 U.S. Code § 1746 (1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _August 1 19_ /2024.

Signed:_____
              Urve Maggitti

Notary as JURAT CERTIFICATE
State of Pennsylvania _____
BEFORE ME personally appeared Urve Maggitti who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to her own personal knowledge.

_____
Notary Public,
My commission expires: _10 - 12 - 2026._

Commonwealth of Pennsylvania • Notary Seal
Kerrick Sullivan, Notary Public
Delaware County
My commission expires October 12, 2026
Commission number 1283631
Member, Pennsylvania Association of Notaries

Page 3 of 3