1

2

3

4

5

HONORABLE JOHN H. CHUN

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9    KURT A. BENSHOOF, A.R.W. by and         NO.  2:24-cv-00808-JHC
     through his father, KURT A. BENSHOOF,
10   BRETT FOUNTAIN, URVE MAGGITTI,          DEFENDANTS NATHAN CLIBER AND
                Plaintiffs,                  BLAIR RUSS'S REPLY IN SUPPORT OF
11        v.                                 THEIR MOTION TO DISMISS ALL
                                             CLAIMS AGAINST THEM PURSUANT
     ANDREA CHIN, ANTHONY BELGARD,           TO FRCP 12(b)(6)
12   DONOVAN BROUSSARD, NATHAN
     CLIBER, CATHERINE CORNWALL,             NOTE ON MOTION CALENDAR:
13   GREGG CURTIS, JANE DOE, JENNY
     DURKAN, JOHN DUUS, NICHOLAS             APRIL 14, 2025
14   EVANS, PASCAL HERZER, RYAN ELLIS,
     MICHAEL FOX, TYLER GOSLIN, JULIE
15   KLINE, ERNEST JENSEN, JONATHAN
     KIEHN, SPENCER KURZ, MAGALIE
16   LERMAN, RICHARD LIMA, ADAM
     LOSLEBEN, YVES LUC, SARAH
17   MACDONALD, JACOB MASTERSON,
     GRANT MAYER, STEVEN MITCHELL,
18   JOHNATHAN MUSSEAU, BREHON NESS,
     LILIYA NESTERUK, STEPHEN
19   OKRUHLICA, KATRINA OUTLAND,
     JESSICA OWEN, SARAH PENDLETON,
20   DWAYNE PIRAK, BRIAN REES, BLAIR
     RUSS, JULIE SALLE, DANIEL
21   SCHILLING, TY SELFRIDGE, NATHAN
     SHOPAY, STEVEN STONE, MICHAEL
22   TRACY, MELANIE TRATNIK, SARAH
     TURNER, TREVOR TYLER, MICHAEL
23   VIRGILIO, ANDREW WEST, CHAD
     ZENTNER, in their individual capacities,
24   CITY OF SEATTLE, KING COUNTY,
                Defendants.

25

DEFENDANTS CLIBER AND RUSS'S
REPLY ISO MOTION TO DISMISS - 1
2:24-cv-00808-JHC

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

1

## I.     INTRODUCTION

Mr. Benshoof, the only Plaintiff to assert claims against Defendants Nathan Cliber and Blair Russ ("Defendants") in the First Amended Complaint ("FAC"), failed to respond to Defendants' Motion to Dismiss (the "Motion"). Rather, plaintiffs Brett Fountain and Urve Maggitti filed an Opposition to Defendants' Motion (misnamed as a Reply in Opposition), opposing the dismissal of Defendants who they have no claims against. The circumstances surrounding the filing of this Opposition by Mr. Fountain and Ms. Maggitti constitutes the unauthorized practice of law, for which they have been previously warned by other courts. Based on this alone, Defendants' Motion to Dismiss should be granted.

Though the Court may grant Defendants' Motion on Mr. Benshoof's failure to respond, for completeness Defendants' Reply addresses the remaining deficient sections in Mr. Fountain and Ms. Maggitti's Opposition where they fail to: (1) show the Court how the FAC satisfies *Twombly/Iqbal*; (2) show the Court how Mr. Benshoof's claims do not offend *res judicata*; (3) identify the asserted procedural deficiencies with Defendants' Motion where there are none; (4) provide no salient basis for Mr. Benshoof's improper representation of his son or them; and (5) provide any argument as to why they are re-raising the arguments for disqualifying Defendants' counsel after this Court recently denied their motion.

For the following reasons set forth below Defendants' Motion to Dismiss should be granted.

## II.     REPLY

1.     <u>Mr. Benshoof Failed to Oppose Defendants' Motion to Dismiss</u>

Defendants request that the Court take notice of Mr. Benshoof's failure to oppose Defendants' Motion to Dismiss. Under LCR 7(b)(2), "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." *See also, Hold Security LLC v. Microsoft Corp.,* 705 F.Supp.3d 1231, 1245 (W.D. Wash.

DEFENDANTS CLIBER AND RUSS'S
REPLY ISO MOTION TO DISMISS - 2
2:24-cv-00808-JHC

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

Dec. 5, 2023) (applying LCR 7(b)(2) in granting a motion to dismiss). Pursuant to LCR 7(d)(4), "[a]ny opposition papers [to a motion to dismiss] shall be filed and received by the moving party no later than 21 days after the filing date of the motion"—Mr. Benshoof's opposition to Defendants' Motion to Dismiss, if any, was due to be filed and served on Monday, April 7, 2025.

Mr. Fountain and Ms. Maggitti assert that Mr. Benshoof's lack of response is due to his incarceration, but this is no excuse, especially considering Mr. Benshoof signed the Motion to Disqualify that was filed the same day as Defendants' Motion to Dismiss. *Compare* Dkt. 89 to 90; *see e.g.*, *Cumis Insurance Society, Inc. v. Advanced Network, Inc.*, 2007 WL 9776585, *1, (S.D. Cal. July 12, 2007) (unpublished) ("Defendant Johnson attempts to meet his burden by relying on his present incarceration. However, this circumstance does not warrant the relief he seeks. Defendant Johnson fails to explain why he did not respond after being served with the Summons and Complaint and before his incarceration."). Furthermore, Mr. Benshoof is well versed in dispositive motions and his right to respond given the previous dismissals of his numerous frivolous complaints, and at no point in Mr. Fountain and Ms. Maggitti's Opposition do they assert Mr. Benshoof lacks notice of the present Motion to Dismiss. *See Woods v. Carey*, 684 F.3d 934, 938 (9th Cir. 2012) (pro se prisoner plaintiffs need only be provided notice of dispositive motions and their right to respond).

Mr. Benshoof is the only Plaintiff to have filed claims against Defendants, yet he failed to file or sign an opposition to Defendants' Motion to Dismiss or seek more time to respond. *See* FRCP 11(a) ("Every pleading, written motion, and other paper must be signed…by a party personally if the party is unrepresented."). This basis alone is sufficient for the Court to grant Defendants' Motion to Dismiss.

2.    Mr. Fountain and Ms. Maggitti's Opposition Constitutes the Unauthorized Practice of Law, and the Portions of the Opposition that Address Mr. Benshoof's Claims Should be Disregarded and/or Stricken

Though Mr. Fountain and Ms. Maggitti are permitted to file and sign pleadings and

motions on their own respective behalf, they are not permitted to do so on behalf of Mr. Benshoof. *Ruhl v. Wal-Mart Corp.*, 2010 WL 2159365, *2 (W.D. Wash. May 25, 2010) (unpublished) (citing *Simon v. Hartford Life and Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself pro se provided by 28 U.S.C. § 1654 is personal to the litigant and does not extend to other parties or entities.")); *Ruhl*, 2010 WL 2159365, *2 (citing *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("Pro se litigants have no authority to represent anyone other than themselves; therefore, they lack the representative capacity to file motions and other documents on behalf of others.")). Of the 20 pages contained within Mr. Fountain and Ms. Maggitti's Opposition, only portions of their section on standing (pp. 5-6) deal with issues specific to them.[1] The remainder of the Opposition should be disregarded or stricken.

### 3.    The FAC Fails to Satisfy FRCP 12(b)(6) and *Twombly/Iqbal*

It is not until page 15 of 20 that Mr. Fountain and Ms. Maggitti finally attempt to address the sufficiency of the FAC under FRCP 12(b)(6). Wading through these remaining pages reveals only a few scant sentences relating to the FAC; the remainder are simply copied-and-pasted citations to general FRCP 12(b)(6) standards without analysis or citation to the FAC. None of these pages attempt to show how any of the allegations contained within the FAC are plausible, yet alone, provide anything beyond "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed.2d 929 (207)). Then, instead of attempting to show that the myriad of conclusory statements contained with the 300 page FAC are not "mere conclusions, [] not entitled to the assumption of truth," Mr. Fountain and Ms. Maggitti provide the court with uncited brief summary statements of those conclusions. *Iqbal*, 556 U.S. at 664; *see* Dkt. 102, 15-20. Like

---

[1] As described *infra*, a large portion also deals with the failed arguments of Plaintiffs' Motion to Disqualify, which the Court denied on April 8, 2025. Dkt. 104.

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

alchemists failing to turn lead into gold, Mr. Fountain and Ms. Maggitti's summaries of conclusory statements do not ameliorate the FAC's deficiencies. For example:

After citing to *Twombly* and *Conley v. Gibson* for FRCP 12(b)(6) standards, Mr. Fountain and Ms. Maggitti state: "Defendants have filed a Motion to Dismiss under [FRCP] 12(b)(6), failure to state a claim. However, Plaintiff has adequately alleged constitutional violations under 42 U.S.C. §1983 and §1985." Dkt. 102, 15. Full stop.

Then, after providing authority for the proposition that courts must consider the complaint in its entirety, Mr. Fountain and Ms. Maggitti state: "Plaintiff [sic] alleged with specificity, clear and direct violations of state and federal law as well as provisions of the Federal constitution." Dkt. 102, 17. Full stop.

Mr. Fountain and Ms. Maggitti then take the opportunity to provide Court with over a page of block text from *National Rifle Association of America v. Vullo*, without its case citation, inserting their names in brackets to the citation. Dkt. 102, 17-18. Nothing beyond the block quote is provided, and no part of the quote relates to the claims and allegations against Defendants.

Next, Mr. Fountain and Ms. Maggitti attempt to address scope and length of the FAC. They state: "Defendants argue the complaint is too lengthy implicitly invoking Rule 8(a). However: Plaintiffs allegations are detailed and necessary to establish the claims." Dkt. 102, 18. They continue, "Plaintiffs [sic] Petition is just under 300 pages but then, Plaintiff [sic] is alleging a long running set of facts involving many defendants over the course of three years. Each individual allegation is presented as concisely as Plaintiff was able, however, when all the alleged acts were stitched together, the document grew considerably." *Id*. They then conclude that "[t]he [FAC] is strictly applying the [sic] [FRCP] 8(a), each paragraph is short and concise, *pleading factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" *Id*. (emphasis maintained). No description or citation to the individual allegations is included.

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

1    After another page of block quotes, this time from *Iqbal*, Mr. Fountain and Ms. Maggitti

2  conclude:

3      the Complaint presents detailed recitation of Plaintiffs' assertions that more than
       satisfies the pleading requirements.  A review of the entire FAC demonstrates that
4      the FAC in no way relies upon mere legal conclusions but contains a detailed
       factual account of Defendants' actions, inaction, and practices which establish
5      their liability.

6  Dkt. 102, 19.

7    In sum, Mr. Fountain and Ms. Maggitti argue that if the Court will but read the FAC, it

8  will see that the 300 pages of conclusions they have summarized are not legal conclusions, that

9  they satisfy *Twombly/Iqbal*, and that they establish Defendants' liability; also, Plaintiffs made

10  these statements under "**penalty of perjury**," which apparently exempts the FAC from

11  FRCP 12(b)(6). *Id.* (emphasis maintained).

12    Mr. Fountain and Ms. Maggitti take a similarly deficient tact with their section dedicated

13  to the claims under §1983 and §1985, continuing with the nonspecific and conclusory statements

14  that make the FAC deficient under *Twombly/Iqbal*. They claim, without citing to a supporting

15  allegation in the FAC, that "extensive facts show[]" three broad categories regarding: (1) joint

16  participation in fabricating family court evidence; (2) collusive efforts with officials to detain

17  Mr. Benshoof; and (3) use of court orders to weaponize law enforcement against Plaintiffs.

18  Dkt. 102, 4. Absent from both the Opposition and the FAC, however, are any specific allegations

19  beyond conclusory statements of joint action between Defendants and state officials, any

20  allegation that Defendants assisted SPD and King County officials, or the weaponization of law

21  enforcement. *See* Dkt. 63-1 and 69, ¶¶ 138, 149, 152, 155, 158, 185-91, 193, 198, 203, 206, 208,

22  211, 208, 220-21, 223, 225, 226-27, 230-32, 239-41, 246, 249, 253-56, 258-59, 264-66, 273-74,

23  454-455, 482-86, and 519-20.

24    The FAC clearly fails to satisfy *Twombly/Iqbal*. The claims against Defendants should be

25  dismissed.

DEFENDANTS CLIBER AND RUSS'S
REPLY ISO MOTION TO DISMISS - 6
2:24-cv-00808-JHC

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

1

2

    4.    <u>Mr. Fountain and Ms. Maggitti Fail to Show How Mr. Benshoof's Claims Do Not Violate *Res Judicata*, and Then Raise and Refute the Irrelevant Issue of Collateral Estoppel</u>

3

4

5

6

7

8

9

Mr. Benshoof's claims against Mr. Cliber and Mr. Russ arise from their representation of Ms. Owen in Washington state court proceedings, and these claims mirror his dismissed and improper claims from WDWA 2:23-cv-01392-JNW and WDWA 2:23-cv-01829-JNW. Rather than provide a substantive response to these fatal issues, Mr. Fountain and Ms. Maggitti's Opposition fabricates authority; points vaguely to new, uncited harms alleged in the FAC, which turn out to be proceedings in which Mr. Benshoof attempted to resuscitate dismissed claims already affirmed on appeal; and cite to inapposite authority.

10

    *a.    Mr. Fountain and Ms. Maggitti cite to fabricated authority*

11

12

13

14

15

16

17

18

First, Mr. Fountain and Ms. Maggitti cite to a case they title as "Darling v. Linde, Inc.," for the assertions that "dismissal under UPEPA is not equivalent to full adjudication on the merits" and that "SLAPP dismissal does not preclude claims on new factual basis [sic]." Dkt. 102, 5 (citing No. 21-cv-01258, 2023 WL 2320117 (D. Or. Feb. 28, 2023)). But neither the case, nor the citation they provide, correlate to any reported or unreported case on Westlaw (or Google, for that matter). Even if the citation were not a fabrication, Mr. Fountain and Ms. Maggitti's assertions therefrom are contrary to Washington law. In *Jha v. Khan,* the court explained:

19

20

21

> UPEPA provides for early adjudication of baseless claims aimed at preventing an individual from exercising the constitutional right of free speech. Unlike its predecessor, however, UPEPA incorporates standards for adjudication that mirror those utilized in Civil Rules 12 and 56.

22

24 Wash.App.2d 377, 387, 520 P.3d 470 (2022).

23

24

25

That Mr. Benshoof's baseless claims were disposed of by standards that mirror Civil Rules 12 and 56 does not make their dismissal any less final, and his arguments to the contrary were already rejected by Division I of the Washington Court of Appeals. *Benshoof v. Cliber,*

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

32 Wash.App.2d 1011, 2024 WL 3936917 (2024) (unpublished).

> b.   *All of the "new" allegations arise from Mr. Benshoof's failed attempts to re-open previously adjudicated proceedings*

Second, the "additional harms not previously adjudicated" as alluded to by Mr. Fountain and Ms. Maggitti are either unrelated to Mr. Cliber and Mr. Russ, or arise from those same state court actions which have already been adjudicated. That Mr. Fountain and Ms. Maggitti fail to specify what those are—or even point to the corresponding FAC allegation that supposedly supports them—is also fatal.

As described in Defendants' Motion, the "events between January 2024 and January 2025" that pertain to Mr. Cliber and Mr. Russ *only* relate to Mr. Benshoof's already-adjudicated state court actions. FAC Paragraphs 253-256, 258-259, 264-266, and 269 complain that Mr. Cliber and Mr. Russ sought sanctions against Mr. Benshoof in January 2024 for repeated (and still ongoing violations) of Judge Ferguson's Order Restricting the Abusive Litigation of Kurt Benshoof ("ORAL"). But both the ORAL and the sanctions entered against Mr. Benshoof have already been affirmed on appeal. *Benshoof v. Cliber*, 32 Wash.App.2d 1011; *Benshoof v. Cliber*, 33 Wash.App.2d 1052, 2025 WL 252817 (2025) (unpublished).

FAC Paragraphs 273-274 complain that in January 2024 Mr. Cliber's attorneys (the undersigned) were in possession of "irrefutable evidence that Cliber suborned Owen's perjury in KCSC No. 21-5-00680-6," as well as evidence that Mr. Cliber's former counsel "conspired with Russ to fraudulently obtain the ORAL" and that "Judge Ferguson did not have statutory authority to grant" the ORAL. But Mr. Benshoof's claim against Mr. Cliber for supposedly suborning Ms. Owen's perjury was already dismissed by Judge Furguson, and that dismissal and the propriety of the ORAL were likewise affirmed in state court. *Benshoof v. Cliber*, 32 Wash.App.2d 1011; *Benshoof v. Cliber*, 33 Wash.App.2d 1052. Mr. Benshoof also recycled the subornation of perjury allegations in WDWA 2:23-cv-01392-JNW and WDWA 2:23-cv-01829-JNW, where they were likewise rejected.

DEFENDANTS CLIBER AND RUSS'S
REPLY ISO MOTION TO DISMISS - 8
2:24-cv-00808-JHC

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

1    FAC Paragraphs 454-455 and 519-520 complain that Mr. Cliber and Mr. Russ responded

2    to Mr. Benshoof's motions to vacate and for leave to file petition for writ of habeas corpus.

3    These "new" allegations all arise from Mr. Cliber and Mr. Russ's participation in

4    Mr. Benshoof's state court proceedings, where his trial and appellate challenges have all failed.

5    Finally, the "[a]dditional harms, including the July 3, 2024 SWAT raid and suppression

6    of legal filings from jail" have absolutely nothing to do with Mr. Cliber and Mr. Russ, and there

7    are no allegations that connect these vague statements to them. Likewise, that Mr. Benshoof,

8    Mr. Fountain, and Ms. Maggitti have dragged "[n]ew defendants and asserted new causes of

9    action beyond the 2024 cases" against them does nothing to show that the claims against

10    Mr. Cliber and Mr. Russ violate *res judicata*.

11          c.    *Mr. Fountain and Ms. Maggitti misrepresent and misunderstand*
12                *the additional authority cited*

13    While Mr. Fountain and Ms. Maggitti's remaining authority *exists*, their descriptions of

14    the holdings therein are either completely fabricated or inapposite, and regardless, state court

15    authority from New York, Connecticut, and Illinois has no bearing on this Court.

16    First, they claim that the New York state court in *Oil Heat Institute of Long Island, Inc. v.*

17    *Town of Babylon* "held that res judicata does not apply to claims arising from new factual bases."

18    Dkt. 102, 5 (citing 156 A.D.2d 352 (1989)). But *res judicata* is never mentioned in the brief *Oil*

19    *Heat* opinion affirming summary judgment, nor are any issues relating to new claims or new

20    facts. *See* 156 A.D.2d 352. Next, Mr. Fountain and Ms. Maggitti cite to a Connecticut state court

21    in *Speer v. Brown Jacobson* and an Illinois state court in *Dancor Const. Inc. v. FXR Const., Inc.*

22    for those court's holdings regarding collateral estoppel. Dkt. 102, 5 (citing 222 Conn.App. 638

23    (2023) and 2016 IL App (2d) 150839 (2016)). But Defendants' Motion did not raise collateral

24    estoppel.

25    Mr. Fountain and Ms. Maggitti spend one paragraph asserting no violation of *res*

*judicata*, and then 5 pages attacking court orders across prior proceedings in state and federal

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

courts, all of which Mr. Benshoof either challenged—and failed—in appellate courts or failed to appeal in the first place. The Court should dismiss all Mr. Benshoof's claims as they violate *res judicata*.

      5.    <u>Despite Broad Complaints, Mr. Fountain and Ms. Maggitti Fail to Identify What Makes Defendants' Motion Procedurally Deficient</u>

Despite improperly attempting to respond to Defendants' Motion on Mr. Benshoof's behalf, Mr. Fountain and Ms. Maggitti make shallow and vague complaints about the supposed procedural deficiency of Defendants' Motion. Fatal to any of their complaints—and common to their motions and pleadings to date in the present action—is the lack of any concrete connection whatsoever between *what* they complain about and *how* Defendants' Motion is deficient in that manner. *See, e.g.,* Dkt. 102, 2 ("motions [must] be grounded in factual and legal sufficiency, which Defendants' motion lacks"; "clear procedural compliance … is absent here"; "Defendants' motion mischaracterizes the pleadings and fails to address the well-pleaded factual allegations, warranting its dismissal."). Defendants' Motion follows the requirements and procedures of FRCP 12(b)(6), just as their prior successful motions to dismiss Mr. Benshoof's other frivolous complaints in this district did; and Mr. Fountain and Ms. Maggitti's Opposition fails to point to any specific portion of Defendants' Motion is procedurally deficient.

Furthermore, beginning with this section and continuing throughout Mr. Fountain and Ms. Maggitti's Opposition, unless a case citation includes quoted text, it likely has little to nothing to do with the claimed assertion. This tact begins[2] with Mr. Fountain and Ms. Maggitti's first cited case, *Pflaum v. Town of Stuyvesant*, under which they assert that "the court emphasized the necessity for motions to be ground in factual and legal sufficiency, which Defendants' motion lacks." Dkt. 102, 2 (citing 2014 WL 1281533, at *5 (N.D. N.Y. Oct 23, 2013) (unpublished)). But *Pflaum* never addresses the factual and legal sufficiency of 12(b)(6)

---

[2] Given the word-count restrictions of Defendants' Reply, Defendants only point out the most egregious citations in Mr. Fountain and Ms. Maggitti's Opposition.

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

motions; rather, it dealt with a pro se plaintiff failing to provide a sufficient basis for his second motion to amend his pleadings after all but one claim was dismissed. *Pflaum*, 2014 WL 1281533. Like Mr. Benshoof, that plaintiff brought claims for conspiracy under §1983 and §1985, and that court rejected his requested amendment of those claims for the same reason this Court should dismiss Mr. Benshoof's claims: "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Id.* at *11 (quoting *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993)).

6.    Mr. Fountain and Ms. Maggitti's Scattershot Arguments for Standing Fail

Though it is hardly appropriate for Mr. Fountain and Ms. Maggitti to argue on behalf of Mr. Benshoof concerning his claimed right to represent A.R.W., their arguments fail. Though FRCP 17(c)(1) provides that a minor or incompetent person may sue or be defended by certain representatives, the 9th Circuit explicitly prohibits such representation without an attorney representing the parent. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child.").

Mr. Fountain and Ms. Maggitti also present an alternative—bordering on conspiracy—theory that arises from Judiciary Act of 1789 and supposedly provides them with the right to act as counsel for Mr. Benshoof. In support, they point to United States Supreme Court case *Faretta v. California*. But *Faretta* dealt with the right of a criminal defendant to self-representation, not to any purported right to be represented by his non-lawyer friends. 422 U.S. 806, 95 S. Ct. 2525, 45 L.Ed 562 (1975). Instead, the portion of *Faretta* they cite to only quotes the Judiciary Act of 1789 as a basis for the right of self-representation, a material detail omitted by Mr. Fountain and Ms. Maggitti:

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

1
2
3

> In the federal courts, the **right of self-representation** has been protected by statute since the beginnings of our Nation. Section 35 of the Judiciary Act of 1789…provided that 'in all the courts of the United States, the parties may plead and manage their own causes personally or by the assistance of such counsel… The right currently codified in 28 U.S.C. § 1654.

4
*Id.* (emphasis added).

5
6
7
8
9
10
11

Here, the 9th Circuit explicitly rejected Mr. Fountain and Ms. Maggitti's position in *U.S. v. Kelley*: "Indeed, there is no indication in *Faretta* that the Sixth Amendment right to counsel refers to assistance by any person other than a lawyer. We therefore hold that Kelley's Sixth Amendment rights were not violated by the district court's refusal to permit Hurd, a non-lawyer, to act as counsel." 539 F.2d 1199, 1203 (9th Cir. 1976) (internal citations omitted). Further, despite Ms. Maggitti's declaration "attaching her signature" to the FAC, no filed copy with either her or Mr. Fountain's signature is listed on the Court's docket. Dkt. 94.

12
13
14
15
16
17
18
19
20
21
22
23
24
25

Finally, and seemingly unrelated to standing despite being in the same section, Mr. Fountain and Ms. Maggitti attack the vexatious litigant orders entered against Mr. Benshoof, regurgitating prior arguments about them being void ab initio, them being unconstitutional, etc. Dkt. 102, 7-11. All these arguments have been previously rejected in state and federal court, and if anything, only support Defendants' Motion's assertion that Mr. Benshoof's claims violate *res judicata*. *See supra*. The only new additions to these arguments are a couple of tweets provided as if they were binding authority, and a supposed contradictory position that misunderstands a trial court's jurisdiction over a motion to vacate judgment while a case is on appeal. Regardless, even if the tweet were accurate and its context provided—highly doubtful, given the purported statement—it represents multiple levels of hearsay and is irrelevant to Defendants' Motion. As this Court is aware, "[a]ppeal of one order does not necessarily deprive the district court of jurisdiction over issues not raised in that order." *Donovan v. Mazzola*, 761 F.2d 1411, 1415 (9th Cir. 1985). Judge Whitehead's vexatious litigant order had no effect or relation to Mr. Benshoof's appeal of the dismissal of his claims (which was affirmed), and at any rate,

1   Mr. Benshoof failed to appeal either the vexatious litigant order or the Ninth Circuit order

2   affirming the dismissal of his frivolous claims.

3       7.      The Court Should Ignore Failed Conflict of Interest Arguments and Deny
                the Unsupported Motion to Strike and Request to Amend
4

5       Mr. Fountain and Ms. Maggitti spend three pages regurgitating their failed arguments

6   from the Motion to Disqualify Counsel (Dkt. 89), which the Court denied on April 8, 2025

7   (Dkt. 104). Dkt. 102, 11-14. They then renew their prior request to disqualify the undersigned,

8   and assert that Defendants' Motion "must be stricken due to significant conflicts of interest."

9   Dkt. 102, 14. The Court should ignore these repeated arguments.

10      In addition to the requests to strike identified *supra*, Mr. Fountain and Ms. Maggitti also

11  move to strike Defendants' Motion "as it contains immaterial and scandalous content, including

12  ad hominem attacks and unsupported claims of vexatious litigation." Dkt. 102, 15. But they fail

13  to identify any of the purported immaterial and scandalous content or ad hominem attacks. *Id*.

14  They also fail to show how the state and federal vexatious litigant orders cited to by Defendants'

15  Motion constitute "unsupported" unsupported claims of vexatious litigation. *Id*. Furthermore,

16  amendment of the FAC would be futile—should the Court dismiss Mr. Benshoof's claims, it will

17  be but the latest Court to dismiss Mr. Benshoof's recycled claims.

18                                  **III.      CONCLUSION**

19      Mr. Benshoof failed to respond to Defendants' Motion to Dismiss. Instead, Mr. Fountain

20  and Ms. Maggitti opposed the motion on his behalf, proof-positive of their unauthorized practice

21  of law. Even if they could oppose the dismissal of his claims, they fail to show how the FAC

22  satisfies the requirements of *Iqbal* and *Twombly*. More damning still, their pages of regurgitated

23  arguments against the vexatious litigant orders entered against Mr. Benshoof only provide

24  further bases for this Court to dismiss the FAC under *res judicata*. The Court should dismiss

25  Mr. Benshoof's claims against Mr. Cliber and Mr. Russ and dismiss them from the action with

    prejudice.

DEFENDANTS CLIBER AND RUSS'S
REPLY ISO MOTION TO DISMISS - 13
2:24-cv-00808-JHC

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822

1    I certify that this memorandum contains 4,070 words, in compliance with the Local Civil

2    Rules.

3        Dated:  April 14, 2025                    GORDON REES SCULLY MANSUKHANI,
                                                    LLP
4
                                                    By:    *s/ Sarah N. Turner*
5                                                          Sarah N. Turner, WSBA No. 37748

6                                                   By:    *s/ Michael C. Tracy*
                                                           Michael C. Tracy, WSBA No. 51226
7                                                          701 5th Avenue, Suite 2100
                                                           Seattle, WA 98104
8                                                          Phone: (206) 695-5178
                                                           Fax: (206) 689-2822
9                                                          Email:  sturner@grsm.com
                                                           Email:  mtracy@grsm.com
10

11                                                  *Attorneys for Defendants Nathan Cliber and Blair*
                                                    *Russ*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DEFENDANTS CLIBER AND RUSS'S                               **GORDON REES SCULLY**
REPLY ISO MOTION TO DISMISS - 14                           **MANSUKHANI, LLP**
2:24-cv-00808-JHC                                          701 5th Avenue, Suite 2100
                                                           Seattle, WA  98104
                                                           Telephone: (206) 695-5112
                                                           Facsimile: (206) 689-2822

**CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury under the laws of the United States and the State of Washington that on April 14, 2025, the foregoing document was served upon the following parties in the manner indicated below:

Kurt Benshoof                            ☐ U.S. Mail, Postage Prepaid
22701 42nd Place W                   ☐ Legal Messenger
Mount lake Terrace, WA 98043    ☐ E-Mail
Tel: (206) 460-4202                   ☒ CM/ECF
   Email:   kurtbenshoof@gmail.com
                  Kurtbenshoof1@gmail.com

Pro Se Plaintiff

Mr. Fountain and Ms. Maggitti

Monica Ghosh                         ☐ U.S. Mail, Postage Prepaid
Darren Anthony Feider             ☐ Legal Messenger
Sebris Busto James               ☐ E-Mail
15375 SE 30th Place, Suite 310    ☒ CM/ECF
Bellevue, WA 98007
Tel: (425) 450-3382

Attorneys for Defendants Michael Fox, Tyler Goslin, and Steven Mitchell

Howard Brown                        ☒ U.S. Mail, Postage Prepaid
1003 West Michigan Street         ☐ Legal Messenger
Hammon, LA 70401               ☐ E-Mail
                                ☒ CM/ECF
Pro Se Interested Party

Catherine E. Riedo                  ☐ U.S. Mail, Postage Prepaid
Carson W. Canonie               ☐ Legal Messenger
Assistant City Attorneys           ☐ E-Mail
701 5th Avenue, Suite 2050         ☒ CM/ECF
Seattle, WA 98104
   Email:     catherine.riedo@seattle.gov
                 Carson.canonie@seattle.gov

Attorneys for Defendant City of Seattle

   Dated:  April 14, 2025

                             *s/ Marry Marze*
                             Marry Marze, Legal Assistant

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5112
Facsimile: (206) 689-2822