Case 2:24-cv-00808-JHC   Document 110   Filed 04/18/25   Page 1 of 4

2025-04-17 23:15 MDT depositdox  FILED  ENTERED    +18339900970   PAGE 1/4
                                 LODGED  RECEIVED

APR 18 2025
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY

RE

Hon. John H. Chun

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

Kurt **Benshoof**, **A.R.W.** by and
through his father Kurt Benshoof,
Brett **Fountain**, Urve **Maggitti**,
    Plaintiffs,

v.

Andrea **Chin**, et al.
    Defendants.

No. 2:24-CV-00808-JHC

## MOTION FOR JUSTICE AND FAIRNESS

Plaintiff Fountain brings this motion to the court, highlighting the injustice caused by one of the defendants acting prejudicially (again) to unlawfully incarcerate one of the plaintiffs, Benshoof.

For any defendant to be allowed to sequester a plaintiff and thereby effectively kill a whole case prior to its adjudication, such circumvention of due process obviously causes prejudicial harm to all the plaintiffs.

In this case, Defendant Chin is effectively cheating by having Benshoof incarcerated without cause, held in solitary confinement, isolated from phones and paper and legal resources (again). This is likely the only way for that defendant to "win": forcefully silencing the one who brought the complaint against her. What has happened in the recent past is that he sues in an attempt to bring public officials to accountability before the law, who then unlawfully incarcerate him or otherwise physically prevent him from participating in his own cases; when he "loses" — not on the merits but because defendants prevented him from litigating — the defendants merely point at his having "lost again" and call him a "vexatious litigant" as if all (or any) of his cases were adjudicated and ruled frivolous.

It is plain for all to see that it is unjust for any individual to act as not only defendant but also as one with power to incarcerate a plaintiff on a whim or label him "vexatious" and to thereby construe a "win" for oneself by way of plaintiff's resulting lack of participation in his own litigation.

2025-04-17 23:15 MDT depositdox                                                              +18339900970    PAGE 2/4

My motion for justice and fairness simply calls for Benshoof's immediate release, or at the very least, that he be produced *ad testificandum*, to be heard, as is his right.

Lest my properly-served motion be rejected unfiled or frivolously opposed based solely on Manion's inferences about any defendant's confusion, I will clear the air about <u>why</u> I legitimately have status as a plaintiff.

1. Plaintiff Benshoof is not representing me.
2. He has never represented me.
3. He is not represented by me.
4. He has never been represented by me.
5. Neither he nor I have ever purported to represent each other.
6. The only one who has expressed any confusion at all about this is Leesa Manion, on behalf of Defendants Cliber and Russ.
7. My claims do not implicate Defendants Cliber or Russ.
8. I see no reason for Defendants Cliber or Russ to want me removed as a plaintiff.
9. The so-called grounds presented by Leesa Manion are patently false and disingenuous.
10. The so-called grounds presented by Leesa Manion are purely conclusory, devoid of facts.
11. I have never claimed to be Plaintiff Benshoof's "next friend".
12. He and I each have our own distinct and discrete claims, as the complaint clearly details.
13. I am a plaintiff in my own right.
14. I have an inherent and federally-protected right to petition courts for redress of grievances.
15. I have an inherent and federally-protected right to the due process of law.
16. I have an inherent and federally-protected right to be secure in my person, papers and effects, against unreasonable search and seizure.
17. I have an inherent and federally-protected right to the freedom of association.

18. I became aware of some apparently-unlawful restraints against Benshoof's sacred liberty.

19. I sought habeas relief from Washington courts and judges.

20. I wanted and expected this grievance to be redressed.

21. I wanted and expected the due process of law to be followed.

22. I wanted and expected to freely associate with Benshoof.

23. Certainly, Benshoof's own rights were deprived as well; however, he will speak for himself when he is allowed to, as his claims describe his issues.

24. My issues are orthogonal to his; however, I am a witness who can testify in his favor.

25. If any fellow man is attacked and incarcerated prior to a trial, or even prior to any formal charges, then we the people live in peril: none of us can enjoy our right to be secure against unreasonable search and seizure.

26. Issuance of the writ of habeas corpus was not a matter of judicial discretion, but a mandatory and ministerial duty of office.

27. Any state judge of whom I sought habeas relief (on behalf of Benshoof) failing or refusing to issue the writ has deprived me personally in my right to petition courts for redress of grievances.

28. Any state judge of whom I sought habeas relief (on behalf of Benshoof) failing or refusing to issue the writ has deprived me personally in my right to the due process of law.

29. Any state judge of whom I sought habeas relief (on behalf of Benshoof) failing or refusing to issue the writ has deprived me personally in my right to the freedom of association.

30. Any state judge of whom I sought habeas relief (on behalf of Benshoof) failing or refusing to issue the writ has deprived me personally in my right to be secure against unreasonable search and seizure.

31. There is no lawful provision for ignoring me, denying me, or purporting to convert my seeking constitutionally-guaranteed habeas relief into a mere Personal Restraint Petition (PRP) and then summarily discarding it for failure to comply with various non-legislative PRP rules.

32. I am suing state actors who willingly or knowingly refused to do their sworn duties of office, and thereby deprived me of my aforementioned federally-protected civil rights.

33. I believe any and every juror will comprehend these clear distinctions.

34. My claims of grievances and petitions for redress cannot be disregarded merely because another co-plaintiff is being unlawfully silenced by a defendant. This Honorable Court should recognize the patent injustice and issue The Great Writ immediately.

## CONCLUSION

On these grounds, Plaintiff Fountain moves for habeas relief: judicial issuance of The Great Writ commanding Defendant Chin to release Plaintiff Benshoof from Defendant Chin's unfair and unlawful sequestration.

In the alternative, a writ of habeas corpus *ad testificandum* should be issued so that Plaintiff Benshoof may be heard, along with a judicial order declaring that co-plaintiffs may communicate and that Plaintiff Benshoof be provided with the necessary means of communication, including paper, writing instruments, envelopes and stamps.

EXECUTED on this 17th day of April 2025.

/s/ *Brett Fountain*
Plaintiff

## CERTIFICATE OF SERVICE

I certify that on this 17th day of April 2025, a copy of this document is being sent by me as follows:

- Clerk, United States District Court, Washington Western District at Seattle, via fax (206) 553-0882

- Co-Plaintiff Urve Maggitti, via fax (610) 947-5116

- Co-Plaintiff Kurt Benshoof c/o KCCF, via fax (206) 296-0168

- Defendants c/o Leesa Manion, via fax (206) 296-0191

- Remaining defendants via their respective attorneys' provided email addresses: carson.canonie@seattle.gov, dfeider@sbj.law, mghosh@sbj.law, sarah.mack@pacificalawgroup.com, catherine.riedo@seattle.gov, mtracy@grsm.com, sturner@grsm.com, pwu@kingcounty.gov

/s/ *Brett Fountain*
Sender

