UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Mr. Kurt A. Benshoof,
A.R.W. By and Through His Father, Mr.
Kurt A. Benshoof, Brett Fountain, Urve
Maggitti,
                    Plaintiffs,

v.                                     Case No. 2:24-cv-00808-JHC

ANDREA CHIN, et al.
                    Defendants.

**EMERGENCY MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS**

Plaintiffs Urve Maggitti and Brett Fountain hereby renew their Motion to Extend Time for Service originally filed on April 3, 2025 [Dkt. #101], and respectfully request an order extending the time to serve all remaining unserved Defendants.

## Procedural History

1. On February 11, 2025, this court issued an Order [Dkt. # 68] granting Plaintiffs' motion for leave to amend the complaint [Dkt. # 63].

2. On February 12, 2025, Plaintiffs filed the First Amended Complaint.

3. The statutory 90-days for process of service deadline is about May 12, 2025.

4. On February 24, 2025, Co-Plaintiff Kurt Benshoof was taken into custody and placed in solitary confinement in Seattle. Since that time, he has been held incommunicado and denied access to legal tools necessary to pursue or defend legal action(s), including paper, writing instruments, envelopes, a computer or tablet, internet, and access to a law library. Mr. Benshoof has been prevented from communicating with his assistants of counsel as defined under Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, and his defense attorney, Robert E. Barnes, further impeding his ability to access the court(s).

5. The Co-Plaintiffs Urve Maggitti and Brett Fountain are both out of state residents, and require time to locate the correct addresses for all defendants and need time to properly serve them.

6. The ongoing detention and inaccessibility of Mr. Benshoof has created unavoidable logistical hardship in identifying and serving all named defendants, particularly given the plaintiffs' out-of-state residence. This hardship not only affects Co-Plaintiffs Maggitti and Fountain, but also prejudices Mr. Benshoof himself and his minor son, both of whom have a legal interest in the outcome of this action.

7. The current inability to coordinate service is not due to neglect, but to the continued incommunicado detention of Co-Plaintiff Benshoof and logistical barriers beyond Plaintiffs' control. Denying this motion would further impair Plaintiffs' access to the courts in violation of the First and Fourteenth Amendments, as recognized in *Bounds v. Smith*, 430 U.S. 817 (1977). The Ninth Circuit defines good cause under Rule 4(m) as requiring a showing of "reasonable diligence" in attempting service and that "some outside factor" caused delay. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). Here, both prongs are satisfied: plaintiffs acted promptly following amendment and are obstructed by factors beyond their control.

***Constitutional Right of Access to Courts***

8. In *Bounds v. Smith*, the Supreme Court held that prisoners have a constitutional right of access to the courts, which requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing adequate law libraries or adequate assistance from persons trained in the law (*Bounds v. Smith, 430 U.S. 817 (1977)*). This decision underscores the importance of ensuring that plaintiffs, including those who are detained, have the necessary means to access the courts. Although Bounds was limited by *Lewis v. Casey*, " the Supreme Court has reaffirmed that access to the courts remains a fundamental constitutional right."

***Good Cause Under***

9. The Ninth Circuit has established that good cause under Rule 4(m) requires a showing of "reasonable diligence" in attempting service and that "some outside factor" caused the delay Rule 4(m). In (*Efaw v. Williams, 473 F.3d 1038 (2007)*), the court emphasized that factors such as the length of the delay, the plaintiff's efforts to serve the defendant, and any prejudice to the defendant must be considered *Efaw v. Williams*. The court in (*Efaw v. Williams, 473 F.3d 1038 (2007)*) further clarified that good cause means excusable neglect, which may require showing that the party to be served received actual notice of the lawsuit, the defendant would suffer no prejudice, and the plaintiff would be severely prejudiced if the complaint were dismissed *In re Sheehan*, (*In re Sheehan, 253 F.3d 507 (2001)*).

*Reasonable Diligence and Outside Factors*

10. In this case, the plaintiffs have demonstrated reasonable diligence by acting promptly following the amendment of their complaint. The continued incommunicado detention of Co-Plaintiff Benshoof and logistical barriers beyond the plaintiffs' control constitute outside factors that have obstructed their ability to complete service. These circumstances align with the Ninth Circuit's interpretation of good cause, as they are factors beyond the plaintiffs' control that have prevented timely service (*Sebastian Brown Productions, LLC v. Muzooka, Inc., 143 F.Supp.3d 1026 (2015)*).

*Judicial Discretion to Extend Time for Service*

11. Even if good cause is not established, (*Sebastian Brown Productions, LLC v. Muzooka, Inc., 143 F.Supp.3d 1026 (2015)*) grants courts the discretion to extend the time for service. This discretion is particularly appropriate when factors such as a statute of limitations bar would prevent re-filing of the action, or when the defendant has actual notice of the lawsuit and would not be prejudiced by the delay Rule 4(m). In this case, the plaintiffs' inability to serve due to the detention of Co-Plaintiff Benshoof and other logistical barriers justifies an extension of time for service to ensure that their constitutional right of access to the courts is not impaired.

12. In conclusion, the plaintiffs have satisfied both prongs of the Ninth Circuit's definition of good cause under *(Lemoge v. U.S., 587 F.3d 1188 (2009))* by demonstrating reasonable diligence and the presence of outside factors beyond their control. Additionally, the court has the discretion to extend the time for service to prevent further impairment of the plaintiffs' access to the courts.

**Federal Rules of Civil Procedure Rule 4 (m):**

**Time Limit for Service.** If a defendant is not served within **90 days** after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

See **Lemoge v. United States**, 587 F.3d 1188, 1198 (9th Cir. 2009) ("Relief is mandatory if the plaintiff shows good cause.")

13. Service of process is the method by which federal courts assert their authority over the defendants. **_Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd_**., 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415, 9 Fed. R. Serv. 3d 691 (1987)

14. The trial court's decision about whether or not good cause exists is reviewed for abuse of discretion. **_Ayres v. Jacobs & Crumplar, P.A_**., 99 F.3d 565, 568, 35 Fed. R. Serv. 3d 1125 (3d Cir. 1996).

15. There is no indication that any defendant will suffer prejudice from a brief extension of time, particularly where formal notice has not yet been effected.

16. Plaintiffs have not and do not relinquish their right to proper process of service on defendants which is strictly governed by the Federal Rules of Civil Procedure, Rule 4 - by which the court can legally obtain the adjudication powers over the parties to an action commenced in the Article III court.

**WHEREFORE,** Plaintiffs respectfully request that the Court grant an extension of 60 days under Fed. R. Civ. P. 4(m) to complete service of process on all unserved defendants, extending the current deadline from May 12, 2025 to July 10, 2025. Plaintiffs also reserve the right to seek authorization for alternative service as necessary under Rule 4(e)(1).

Respectfully submitted,

Brett Fountain, Co-Plaintiff
kb407@exposelegalcorruption.com

Urve Maggitti, Co-Plaintiff
urve.maggitti@gmail.com

4

# **CERTIFICATE OF SERVICE**

Maleng Regional Justice Center

Kurt Alden Benshoof. - Held Inocmmunicado_
B/A number 2024-008067
620 West James Street, Kent, WA 98032.
kurtbenshoof@gmail.com;
kurtbenshoof1@gmail.com

Brett Fountain
2100 West Northwest Highway
114 #1115
Grapevine, TX 76051-7808
kb407@exposelegalcorruption.com

Matthew Coughlan
Darren Anthony Feider
SEBRIS BUSTO JAMES
15375 SE 30TH Pl, Ste 310
Bellevue, WA 98007
425-450-3382
[Attorney for Fox, Goslin, Mitchell]
mcoughlan@sbj.law

Peggy C. Wu
King County Prosecuting Attorney's Office
701 Fifth Avenue, Suite 600
Seattle, WA 98104
206-263-4008
[King County, Catherine Cornwall, and Pascal Herzer]
pwu@kingcounty.gov


Arick S. Bonsztyk
1000 Second Avenue, Suite 3660
Seattle, WA 98104
206-621-1871
asb@tbr-law.com
[Jessica Owen]

Howard Brown
1003 West Michigan Street
Hammon, LA 70401

Sarah Spierling Mack
PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WA 98101
206-245-1700
sarah.mack@pacificalawgroup.com

Catherine E Riedo
SEATTLE CITY ATTORNEY'S OFFICE
701 FIFTH AVENUE
SUITE 2050
SEATTLE, WA 98104-7097
206-684-7782
catherine.riedo@seattle.gov

Sarah N Turner
GORDON REES SCULLY MANSUKHANI LLP (SEATTLE)
701 FIFTH AVE STE 2100
SEATTLE, WA 98104
206-695-5100
sturner@grsm.com

Peggy C Wu
KING COUNTY PROSECUTING ATTORNEY'S OFFICE (FIFTH AVE)
701 FIFTH AVE
STE 600
SEATTLE, WA 98104
206-263-4008
pwu@kingcounty.gov