UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT BENSHOOF, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREA CHIN, et al.,<br><br>Defendants. | CASE NO. 2:24-cv-00808-JHC<br><br>ORDER |

**I**

**INTRODUCTION**

This matter comes before the Court on Plaintiffs' Motion for Extension of Time to Serve Defendants, Dkt. # 101, and Emergency Motion for Extension of Time to Serve Defendants, Dkt. # 113. For the reasons below, the Court DENIES the motions.

**II**

**DISCUSSION**

Rule 4(m) requires a plaintiff to serve a defendant within 90 days after filing the complaint, otherwise "the court—on motion or its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specific

ORDER - 1

time." Fed. R. Civ. P. 4(m).  But the rule allows a court to extend the time for service, "if the plaintiff shows good cause for the failure[.]" *Id.*  In the Ninth Circuit, "[a]t a minimum, 'good cause' means excusable neglect." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).  To determine whether the neglect is excusable, courts examine "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (internal citations omitted). District courts may also consider other factors, "like a statute of limitations bar, . . . actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Troxell v. Fedders of N. Am., Inc.,* 160 F.3d 381, 383 (7th Cir. 1998)).  "The burden is on the plaintiff to establish good cause."  4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137 (4th ed. 2024).

Plaintiffs maintain they satisfy the "excusable neglect" standard because they have been reasonably diligent and acted promptly following the amendment of their complaint.  Dkt. # 113 at 3.  They also say that circumstances outside their control are to blame for the delay: some Plaintiffs reside out of state and Plaintiff Benshoof is incarcerated. *Id.* at 1–3.  And Plaintiffs add "[t]here is no indication that any defendant will suffer prejudice" if a short extension is granted. *Id.* at 4.

A.     *Lemoge* Factors

Plaintiffs' do not show their delay in serving Defendants is excusable, and, on balance, the four factors enumerated in *Lemoge* weigh against granting the requested extension.

1.      Danger of Prejudice to Opposing Party

Although Plaintiffs claim Defendants will not be prejudiced by an extension, the time limit for service is intended to facilitate the prompt resolution of civil actions in federal court.

ORDER - 2

And Defendants' ability to resolve the present litigation will be delayed if Plaintiffs' requested extension is granted—this is a form of prejudice. But the Court does not heavily weigh this factor because the opposing party in any case where an extension of time for service is granted is also prejudiced.

   2.  Length of Delay and Potential Impact

   Plaintiffs do not address the length of the delay or the potential impact on this case. *See* Dkt. ## 101, 113. But the delay is substantial. The original complaint was filed in June 2024—nearly a year ago—and most Defendants still have not been served. This weighs heavily against granting the extension for service.

   3.  Reason for the Delay

   Plaintiffs argue the extension is warranted because Plaintiff Benshoof has been incarcerated since February 2025 and because two of the other Plaintiffs reside out of state. *See* Dkt. # 113 at 1–3. These arguments are unavailing. Benshoof was seemingly not in jail for several months after this lawsuit was filed, and apparently only two Defendants were served during that period. Plaintiffs also do not explain *how* Benshoof's current detention in any way prevents them from serving Defendants, other than to say it "has created unavoidable logistical hardships in identifying and serving all named defendants[.]" *Id.* at 2. But Plaintiffs do not identify these "logistical hardships," nor they do explain why those hardships arise based on Benshoof's imprisonment. The other argument is just as unpersuasive because "the plaintiff is the master of a complaint" and Plaintiffs here chose to sue Defendants that are largely domiciled in Washington state. *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1040 (9th Cir. 2014). Thus, the unidentified logistical barriers that Plaintiffs complain of are not truly "beyond Plaintiffs' control." Dkt. # 113 at 2. These reasons do not support granting Plaintiffs an extension for service.

ORDER - 3

### 4. Good Faith

Plaintiffs have not shown good faith. Plaintiffs have apparently not served one Defendant since filing their initial motion for an extension of time for service. Dkt. # 101. And Plaintiffs do not explain what efforts, if any, they are now making to serve Defendants. *See* Dkt. ## 101, 113. Instead, Plaintiffs simply say they "have demonstrated reasonable diligence by acting promptly following the amendment of their complaint. The continued incommunicado detention of [Benshoof] and logistical barriers beyond the plaintiffs' control constitute outside factors that have obstructed their ability to complete service." Dkt. # 113 at 3. This does not satisfy Plaintiffs' burden to show they are making good-faith efforts to carry out service.

In sum, these factors weigh against granting Plaintiffs an extension for service.

### B. Other Factors

In assessing the *Lemoge* factors, the Court has considered factors enumerated in *Efaw*. *See Efaw*, 473 F.3d at 1041. But an extension of time for service is further unwarranted because Plaintiffs do not address "eventual service." *See id.* That is, Plaintiffs do not address why the barriers that have thus far prevented them from serving Defendants will no longer prevent service if a 60-day extension is granted. *See* Dkt. # 113 at 4. Plaintiffs likewise do not address which Defendants who have not been served—if any—have actual notice of the lawsuit. *See generally* Dkt. ## 101, 113. This weighs against the requested extension too.

All in all, Plaintiffs have not shown good cause for their failure to serve Defendants.

//
//
//
//
//
//

## III

### CONCLUSION

For all these reasons, the Court DENIES the motions. Dkt. ## 101, 113.

Dated this 9th day of May, 2025.

                                          John H. Chun
                                          United States District Judge