UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT BENSHOOF, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ANDREA CHIN, et al.,<br><br>  Defendants. | CASE NO. 2:24-cv-00808-JHC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' "Emergency Motion for Habeas Corpus Relief," Dkt. # 107, and "Motion for Justice and Fairness," Dkt. # 110. For the reasons below, the Court DENIES the motions.

The federal habeas corpus statute provides that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. When a third party seeks redress on behalf of a habeas petitioner, this is known as "next friend" standing. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). But "next friend" standing is not granted automatically. *Id.* A third party must make two threshold showings to qualify: "(1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the

ORDER - 1

next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." *Naruto v. Slater*, 888 F.3d 418, 421 (9th Cir. 2018).

Plaintiffs Maggitti and Fountain cannot bring a habeas corpus petition on behalf of Plaintiff Benshoof because they do not show they qualify for "next friend" standing. In the Emergency Motion for Habeas Corpus Relief, which is signed by Maggitti, Maggitti says that Benshoof has been placed in solitary confinement since February 24, 2025, and denied access to writing materials, the jail commissary, phone calls, any technology, and all legal reference materials. Dkt. # 107 at 3. She claims that Benshoof is thus unable to pursue legal remedies on his own behalf. *Id.* But this claim is contradicted by Plaintiffs' other filings. Benshoof signed Plaintiffs' Response [to] City of Seattle's Motion for Reconsideration & Motion to Seal, filed March 5, 2025. Dkt. # 84. And Benshoof signed Plaintiffs' Motion to Disqualify Counsel, filed March 17, 2025. Dkt. # 89. So it does not appear Benshoof is, in fact, "held incommunicado and denied access to any means of filing grievances." Dkt. # 107 at 7. Maggitti does not raise any other reason—such as mental incapacity or other disability—that would prevent Benshoof from litigating his habeas petition on his own. Thus, Maggitti does not qualify for "next friend" standing because she has not shown Benshoof is incapable of litigating his own case.

The Motion for Justice and Fairness, which is signed by Fountain, fails for the same reason.[1] Fountain similarly does not show Benshoof is incapable of litigating his own habeas petition. *See* Dkt. # 110. This motion also fails because Fountain does not demonstrate he is truly dedicated to Benshoof's best interests. Fountain disclaims acting on behalf of Benshoof—

---

[1] Although styled as a "Motion for Justice and Fairness," Fountain asks the Court "for habeas relief: judicial issuance of The Great Writ commanding Defendant Chin to release Plaintiff Benshoof from Defendant Chin's unfair and unlawful sequestration." Dkt. # 110 at 4. So the Court interprets this motion as a petition for habeas corpus relief under 28 U.S.C. § 2242. *Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016) ("[P]ro pleadings must be construed liberally[.]").

ORDER - 2

he says, "I have never claimed to be Plaintiff Benshoof's 'next friend'"[;] and "[Benshoof] has never been represented by me." So the Court concludes that Fountain does not show he qualifies as a "next friend" for this reason too.

For these reasons, Plaintiffs Maggitti and Fountain have not shown they qualify for "next friend" standing under 28 U.S.C. § 2242 and they cannot bring a habeas corpus petition on behalf of Plaintiff Benshoof.[2] Accordingly, the Court DENIES the Emergency Motion for Habeas Corpus Relief, Dkt. # 107, and Motion for Justice and Fairness, Dkt. # 110.

Dated this 12th day of May, 2025.

John H. Chun
United States District Judge

---

[2] Even if Plaintiffs Maggitti and Fountain showed "next friend" standing, their motions appear to ask the Court to intervene in pending state court criminal proceedings. But Plaintiffs' motions do not show sufficiently unusual circumstances to justify this intervention. *See Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts."); *see Younger v. Harris*, 401 U.S. 37, 43–45 (1971); *Benshoof v. Warden*, Case No. 24-cv-01110-JNW, ECF No. 22 at 7–11 (recommending dismissal of Benshoof's habeas petition on *Younger* abstention grounds).

ORDER - 3