UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____

Mr. Kurt A. Benshoof,
A.R.W. By and Through His Father, Mr.
Kurt A. Benshoof, Brett Fountain, Urve
Maggitti,
                        Plaintiffs,

v.                                     Case No.  2:24-cv-00808-JHC

ANDREA CHIN, et al.
                        Defendants.
_____

## RENEWED EMERGENCY MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS under Local Civil Rule 7(j)

On May 7, 2025, the Court denied Plaintiffs' Emergency Motion [Dkt. #113] based on the "four factors enumerated in Lemoge," as stated in the Court's Order [Dkt. #114].

Plaintiffs Urve Maggitti and Brett Fountain hereby renew their Motion to Extend Time for Service as per Local Civil Rule 7(j).

**Plaintiff's Maggitti and Fountain not litigating on behalf of Benshoof or his son A.R.W.**

Plaintiffs Maggitti and Fountain are individual pro se Plaintiffs litigating their cause(s) of action only on their own behalf.

Any and all reference to Co-Plaintiff Benshoof and his son by Maggitti and Fountain are strictly to be construed as facts on the record that directly affect Co-Plaintiff's rights to access court for redress of grievances and right to association as co-plaintiff's in this action.

Any attempt to refer that Maggitti and/or Fountain are somehow liable or responsible for actions or inactions by Co-Plaintiffs Benshoof and/or his son, are directly prejudicial to Co-Plaintiffs.

**Original Complaint was filed in June 2024**

1. Plaintiff Benshoof filed the original complaint in June 2024, individually and on behalf of minor A.R.W.[Dkt. # 1]

1

2. On July 3, 2024, Co-Plaintiff Benshoof was arrested by Seattle Police swat team and held incarcerated incommunicado without bail for five months until late November 2024.

3. On July 22, 2024, JUDICIAL NOTICE [Dkt. # 34] was filed by Interested Party Howard Brown- informing the court that Plaintiff Benshoof has been incarcerated and held without pen, paper, and calls to his attorney.

4. On September 9, 2024, Plaintiff Benshoof had obtained pen and paper to scribble out handwritten Motion to Stay [Dkt. # 41], informing the court of he has been deprived not only of his liberty, but access to his personal papers and effects, and that the jail staff was obstructing his access to court due to administrative abuse of process in violation of pro se inmate rights to access courts.

5. On October 2, 2024, Plaintiff Benshoof filed EMERGENCY REQUEST to STAY [Dkt. # 46], filed thru Urve Maggitti which clearly stated : "*foregoing statements of fact were typed up by the undersigned, upon Mr. Kurt Benshoof's request and to the best of the undersigned's understanding.*[1]"  The filing clearly spelled out that:

> "Appellant/Plaintiff Benshoof has been and continues to be denied not only meaningful opportunity to present a complete defense in the malicious criminal prosecution and persecution brought against Appellant Benshoof, it is a FACT that Appellant Benshoof has been denied the most essential, elemental and basic resources to even attempt to present defense: access to pen, paper, computer, internet, email, and majority of the discovery.[Footnote 2- Federal and State Constitutions require that criminal prosecutions conform to prevailing notions of fundamental fairness and that criminal defendants be given a meaningful opportunity to present a complete defense. State v. Wittenbarger, 124 Wn.2d 467, 474–75, 880 P.2d 517 (1994). ]"

6. On or about November 27, 2024, Plaintiff Benshoof was released on bail.

7. On or about January 10, 2025, Plaintiffs Benshoof and son A.R.W. filed MOTION for Leave to File Proposed AMENDED COMPLAINT. [Dkt. # 63]

8. On or about February 11, 2025, Court granted [Dkt.#68] Plaintiffs petition for Amended Complaint [Dkt. #69] which was officially filed on February 11, 2025, with two additional Co-Plaintiffs - Maggitti and Fountain - joining in action.

---

[1] See *Faretta v. California* and Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**

**Plaintiff Benshoof Hired ABC Legal to Process Serve**

9. On or about February 12, 2025, Plaintiff Benshoof hired ABS Legal to start the process of serving the Defendants.

10. ABC Legal served NATHAN L. CLIBER and BLAIR M. RUSS.

11. Blair M. Russ attempted service upon Jessica Rae Owen, Magalie E. Lerman, Michael Sarah E. Nelson Turner Clinton Tracy

**Co-Plaintiff Benshoof Incarcerated on February 24, 2025**

12. On February 24, 2025, Co-Plaintiff Benshoof was incarcerated at his sentencing, taken to jail into solitary confinement and held since that time incommunicado, including from official communication with his defense legal counsel and the assigned team members, in violation of Benshoof's sixth amendment right.

**Emergency Motion for Habeas Corpus**

13. On Co-Plaintiff Maggitti filed "Emergency Motion for Habeas Corpus Relief," [Dkt. # 107], and "Motion for Justice and Fairness," [Dkt. # 110].

**Benshoof's Signature on Motions Filed While Incarcerated**

14. Benshoof's signature is on Plaintiffs' Response [to] City of Seattle's Motion for Reconsideration & Motion to Seal, filed March 5, 2025. Dkt. # 84, and on Plaintiffs' Motion to Disqualify Counsel, filed March 17, 2025. Dkt. # 89.

15. Motions Dkt. # 84, Dkt. # 89 , were drafted by Co-Plaintiffs Maggitti and Fountain, and the gist of the motions was discussed via recorded telephone line from jail between the Co-Plaintiff Benshoof and Maggitti.

Co-Plaintiff Benshoof was in agreement with the motions' purpose despite NOT being able to personally draft his own individual motions of any kind, due to being held incommunicado as detailed by Co-Plaintiffs Maggitti and Fountain in motions Dkt. # 107, and Dkt. #110.

16. Co-Plaintiff Maggitti has almost daily phone calls from Co-Plaintiff Benshoof from jail on recorded line - where he is reporting his conditions, and violations against his due process rights to access courts, to be able to litigate his civil cases and the right to have confidential

communication with his criminal defense team, including the attorney's of record and the team members.

**Benshoof denied access to confidential communication with his Legal Defense Team in Violation of his sixth amendment right**

17. Co-Plaintiff Maggitti is officially on Co-Plaintiff Benshoof's legal team lead by esteemed constitutional attorney Robert Barnes and continues to attest's under penalty of perjury that Benshoof is denied confidential access to his criminal defense attorney and the team members.

**Co-Plaintiff Benshoof indigen**

18. Co-Plaintiff Benshoof has been declared indigen in all court's of the great state of Washington. Maggitti has been informed that it was Benshoof's brother who paid the filing fee for this instant action before the court.

**Benshoof and ABC Legal**

19. Upon information and belief, since Benshoof has been incarcerated and for the fact that he is indigen, he has been unable not only to communicate with ABC Legal, but has had no financial means to pay for their service of process nor directly access his account which is electronic- as he is denied all access to internet.

**Maggitti and Fountain Obligation to Serve Process Upon Defendants.**

20. Both Co-Plaintiffs Maggitti and Fountain have an obligation to serve defendants, specifically the ones they have causes of action against.

21. Co-Plaintiffs Maggitti and Fountain were counting on legal system to allow their Co-Plaintiff Benshoof his constitutionally protected right to access court, see Dkt. # 107 and Dkt. #110.

**Plaintiff's Due Diligence in Process of Service**

22. Co-Plaintiff's have filed two motion for extension of time to serve defendants, see Dkt. # 101 and Dkt. #113.

23. Cour ignored the first motion [Dkt. # 101] and denied the second one [Dkt. #113] on May 7, 2024 [Dkt #114].

4

**Co-Plaintiff's Maggitti & Fountain have served following Defendants:**

24. To date, May 12, 2025, the following Defendants have been served:

ANDREA CHIN, CATHERINE CORNWALL, GREGG CURTIS, JENNY DURKAN, RYAN ELLIS, MICHAEL FOX, JONATHAN KIEHN, SPENCER KURZ, RICHARD LIMA, ADAM LOSLEBEN, YVES LUC, SARAH MACDONALD , JACOB MASTERSON, STEVEN MITCHELL, JOHNATHAN MUSSEAU, BREHON NESS, STEPHEN OKRUHLICA, KATRINA OUTLAND, JESSICA OWEN, DWAYNE PIRAK, JULIE SALLE, TY SELFRIDGE, NATHAN SHOPAY, CITY OF SEATTLE, KING COUNTY, MELANIE TRATNIK, SARAH TURNER

- Plaintiffs are expecting to file official affidavits of service after today's deadline for process of service, once the process servers provide them.

**Co-Plaintiff's Maggitti & Fountain have ATTEMPTED service upon following Defendants:**

25. To date an attempted process of service has been done upon Defendants:
ANTHONY BELGARD, DONOVAN BROUSSARD, JANE DOE, JOHN DUUS, NICHOLAS EVANS, PASCAL HERZER, TYLER GOSLIN, JULIE KLINE, MAGALIE LERMAN, GRANT MAYER, LILIYA NESTERUK, SARAH PENDLETON, BRIAN REES, DANIEL SCHILLING, STEVEN STONE, MICHAEL TRACY, TREVOR TYLER, MICHAEL VIRGILIO, ANDREW WEST, CHAD ZENTNER
- Plaintiffs are expecting to file official affidavits of service after today's deadline for process of service, once the process servers provide them.

**Plaintiff's Have Have Complied With Four Factors Enumerated In *Lemoge***

*1. Danger of Prejudice to Opposing Party*

26. The record is void of any and all potential prejudice on opposing party in any way shape or form.

*2. Length of Delay and Potential Impact*

27. Co-Plaintiffs Maggitti and Fountain have proven that they have taken all necessary steps to attempt the process of service upon the Defendants they personally are obligated to serve.

28. Benshoof's co-plaintiffs have petitioned this court with motions in attempt to facilitate their co-plaintiff's right and ability to litigate his own instant case, which includes his ability, right and obligation to serve the defendants that he is obligated to serve.

29. And Co-Plaintiffs Maggitti and Fountain have proceeded to serve all Defendants that are listed in this caption.  In combined effort all Plaintiffs , Benshoof, Maggitti and Fountain have served majority of the defendants, and have attempted multiple attempts at service upon all defendants.

30. There is no delay issues on the record, specifically by Plaintiffs Maggitti and Fountain who are parties who joined only to the Amended Complaint filed on February 11, 2025, and have clearly complied with Federal Rule 4 in attempting proper process of service within the 90-day rule.

*3. Reason for the Delay*

31. Plaintiffs arguments for the extension are warranted not only because Plaintiff Benshoof has been incarcerated since February 2025 and because two of the other Plaintiffs reside out of state. [Dkt. # 113] but because the obligation to serve the majority of Defendents falls under the shoulders of Co-Plaintiff benshoof.

32. Plaintiffs Maggitti and Fountain did not expect thaat Co-Plaintiff will be incarcerated without ability to be out on appeal bond pending the appeal, and that the process of service upon defendants will fall upon their shoulders and causing logistical need to locate proper addresses for all defendants and the associated expense.

 33. Despite the logistical difficulties Plaintifffs Maggitti and Fountain have complied with Federal Rule 4  to the best of their ability.

*4. Good Faith*

34. Plaintiffs have shown good faith and served majority of Defendents, and have attempted Process of Service upon all Defendants.

6

**Plaintiffs Request Extension Of Time due to following factors:**

35. Plaintiff's have encountered some addresses that may be incorrect causing issues with process of service.

36. Some Defendants who live in gated communities are refusing to accept process of service.

37. Plaintiff's request extension of time to effectuate process of service upon unserved defendants.

**Case Law supporting Plaintiff's Request:**

38. The Ninth Circuit defines good cause under Rule 4(m) as requiring a showing of "reasonable diligence" in attempting service and that "some outside factor" caused delay. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). Here, both prongs are satisfied: plaintiffs acted promptly following amendment and are obstructed by factors beyond their control.

*Constitutional Right of Access to Courts*

39. In *Bounds v. Smith,* the Supreme Court held that prisoners have a constitutional right of access to the courts, which requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing adequate law libraries or adequate assistance from persons trained in the law *(Bounds v. Smith, 430 U.S. 817 (1977)*). This decision underscores the importance of ensuring that plaintiffs, including those who are detained, have the necessary means to access the courts. Although Bounds was limited by *Lewis v. Casey*, " the Supreme Court has reaffirmed that access to the courts remains a fundamental constitutional right."

*Good Cause Under*

40. The Ninth Circuit has established that good cause under Rule 4(m) requires a showing of "reasonable diligence" in attempting service and that "some outside factor" caused the delay Rule 4(m). In (*Efaw v. Williams, 473 F.3d 1038 (2007)*), the court emphasized that factors such as the length of the delay, the plaintiff's efforts to serve the defendant, and any prejudice to the defendant must be considered *Efaw v. Williams*. The court in (*Efaw v. Williams, 473 F.3d 1038 (2007)*) further clarified that good cause means excusable neglect,

which may require showing that the party to be served received actual notice of the lawsuit, the defendant would suffer no prejudice, and the plaintiff would be severely prejudiced if the complaint were dismissed  *In re Sheehan*, (*In re Sheehan, 253 F.3d 507 (2001)*).

*Reasonable Diligence and Outside Factors*

41. In this case, the plaintiffs have demonstrated reasonable diligence by acting promptly following the amendment of their complaint. The continued incommunicado detention of Co-Plaintiff Benshoof and logistical barriers beyond the plaintiffs' control constitute outside factors that have obstructed their ability to complete service. These circumstances align with the Ninth Circuit's interpretation of good cause, as they are factors beyond the plaintiffs' control that have prevented timely service (*Sebastian Brown Productions, LLC v. Muzooka, Inc., 143 F.Supp.3d 1026 (2015)*).

*Judicial Discretion to Extend Time for Service*

42. Even if good cause is not established, (*Sebastian Brown Productions, LLC v. Muzooka, Inc., 143 F.Supp.3d 1026 (2015)*) grants courts the discretion to extend the time for service. This discretion is particularly appropriate when factors such as a statute of limitations bar would prevent re-filing of the action, or when the defendant has actual notice of the lawsuit and would not be prejudiced by the delay Rule 4(m). In this case, the plaintiffs' inability to serve due to the detention of Co-Plaintiff Benshoof and other logistical barriers justifies an extension of time for service to ensure that their constitutional right of access to the courts is not impaired.

43. In conclusion, the plaintiffs have satisfied both prongs of the Ninth Circuit's definition of good cause under *(Lemoge v. U.S., 587 F.3d 1188 (2009)*) by demonstrating reasonable diligence and the presence of outside factors beyond their control. Additionally, the court has the discretion to extend the time for service to prevent further impairment of the plaintiffs' access to the courts.

**Federal Rules of Civil Procedure Rule 4 (m):**

**Time Limit for Service.** If a defendant is not served within **90 days** after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

See **_Lemoge v. United States_**, 587 F.3d 1188, 1198 (9th Cir. 2009) ("Relief is mandatory if the plaintiff shows good cause.")

44. Service of process is the method by which federal courts assert their authority over the defendants. **_Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd_**., 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415, 9 Fed. R. Serv. 3d 691 (1987)

45. The trial court's decision about whether or not good cause exists is reviewed for abuse of discretion. **_Ayres v. Jacobs & Crumplar, P.A_**., 99 F.3d 565, 568, 35 Fed. R. Serv. 3d 1125 (3d Cir. 1996).

46. There is no indication that any defendant will suffer prejudice from a brief extension of time, particularly where formal notice has not yet been effected.

47. Plaintiffs have not and do not relinquish their right to proper process of service on defendants which is strictly governed by the Federal Rules of Civil Procedure, Rule 4 - by which the court can legally obtain the adjudication powers over the parties to an action commenced in the Article III court.

## **CONCLUSION**

48. Absent relief, Plaintiffs risk involuntary dismissal of claims against defendants who have had actual notice or have actively evaded service—an outcome that would unjustly reward procedural obstruction and violate their fundamental right of access to the courts.

**WHEREFORE,** Plaintiffs respectfully request that the Court grant an extension of 60 days under Fed. R. Civ. P. 4(m) to complete service of process on all unserved defendants, extending

the current deadline from May 12, 2025 to July 10, 2025. Plaintiffs also reserve the right to seek authorization for alternative service as necessary under Rule 4(e)(1).

Respectfully submitted,

Brett Fountain, Co-Plaintiff

kb407@exposelegalcorruption.com

Urve Maggitti, Co-Plaintiff

urve.maggitti@gmail.com

**CERTIFICATE OF SERVICE**

Maleng Regional Justice Center

Kurt Alden Benshoof. - Held Inocmmunicado_
B/A number 2024-008067
620 West James Street, Kent, WA 98032.
kurtbenshoof@gmail.com;
kurtbenshoof1@gmail.com

Brett Fountain
2100 West Northwest Highway
114 #1115
Grapevine, TX 76051-7808
kb407@exposelegalcorruption.com

Matthew Coughlan
Darren Anthony Feider
SEBRIS BUSTO JAMES
15375 SE 30TH Pl, Ste 310
Bellevue, WA 98007
425-450-3382
[Attorney for Fox, Goslin, Mitchell]
mcoughlan@sbj.law

Peggy C. Wu
King County Prosecuting Attorney's Office
701 Fifth Avenue, Suite 600
Seattle, WA 98104
206-263-4008
[King County, Catherine Cornwall, and Pascal Herzer]
pwu@kingcounty.gov

Arick S. Bonsztyk
1000 Second Avenue, Suite 3660
Seattle, WA 98104
206-621-1871
asb@tbr-law.com
[Jessica Owen]

Howard Brown
1003 West Michigan Street
Hammon, LA 70401

Sarah Spierling Mack
PACIFICA LAW GROUP LLP

1191 SECOND AVENUE
SUITE 2000
SEATTLE, WA 98101
206-245-1700
sarah.mack@pacificalawgroup.com

Catherine E Riedo
SEATTLE CITY ATTORNEY'S OFFICE
701 FIFTH AVENUE
SUITE 2050
SEATTLE, WA 98104-7097
206-684-7782
catherine.riedo@seattle.gov

Sarah N Turner
GORDON REES SCULLY MANSUKHANI LLP (SEATTLE)
701 FIFTH AVE STE 2100
SEATTLE, WA 98104
206-695-5100
sturner@grsm.com

Peggy C Wu
KING COUNTY PROSECUTING ATTORNEY'S OFFICE (FIFTH AVE)
701 FIFTH AVE
STE 600
SEATTLE, WA 98104
206-263-4008
pwu@kingcounty.gov