1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KURT BENSHOOF et al.,

                Plaintiffs,

     v.

ANDREA CHIN et al.,

                Defendants.

CASE NO. 2:24-cv-00808-JHC

ORDER

# I

## INTRODUCTION

      This matter comes before the Court on Defendants Blair Russ and Nathan Cliber's Motion to Dismiss.  Dkt. # 90.  Plaintiffs allege that these Defendants have committed several civil rights violations under federal law and other offenses under state law.  Dkt. # 69.  Defendants Russ and Cliber seek dismissal under Federal Rule of Civil Procedure 12(b)(6).  Dkt. # 90.  The Court has considered the motion, Plaintiffs' opposition (Dkt. # 102), the reply (Dkt. # 108), the rest of the file, and the governing law.  For the reasons discussed below, the Court GRANTS the motion.

//

ORDER - 1

## II

### BACKGROUND

This factual background is based on the allegations in the First Amended Complaint, *see* Dkt. # 69, which the Court accepts as true on a Rule 12(b)(6) motion to dismiss.  But Plaintiffs' amended complaint is sprawling—it spans more than 250 pages, names 50 Defendants, and alleges 23 causes of action.  *Id.*  The factual background here concerns only the allegations against Defendants Russ and Cliber.

A.      State Court Litigation

Plaintiff Kurt Benshoof and Defendant Jessica Owen have a minor son, A.R.W.  Dkt. # 69 at 38.  They never married; instead, they entered into a "verbal parenting contract at common law" and amicably raised their son together for 12 years.  *Id.*  But in August 2021, relations between Benshoof and Owen deteriorated.  *Id.* at 39.  And in September 2021, Owen retained a family law attorney—Defendant Cliber—to file a Petition to Decide Parentage in King County Superior Court.  *Id.* at 44.  As part of this litigation, a parenting plan was issued and Owen obtained a final restraining order against Benshoof.  *Id.* at 47.

Notwithstanding this litigation, Benshoof and Owen continued to dispute the right to parent A.R.W. and Benshoof sued Owen, Cliber, and several others in King County Superior Court for "Abuse of Process and Defamation."  *Id.* at 55.  Owen retained Defendant Russ to represent her in this litigation.  *Id.*  As part of this case, Benshoof alleged that Cliber engaged in joint action with state and county officials to extort him, steal his car, and kidnap A.R.W.  *Id.* at 56.  The case was dismissed in January 2023.  *Id.* at 58.

In March 2023, Russ, Cliber, and others petitioned the King County Superior Court for an Order Restricting Abusive Litigation (ORAL) against Benshoof.  *Id.* at 62.  The ORAL was granted.  *Id.* at 65.  Benshoof maintains the ORAL was unlawfully awarded and issued only

because Cliber and Russ made misrepresentations to the court.  *Id.* at 61.  But, in issuing the

ORAL against Benshoof, the court necessarily found "by a preponderance of the evidence that

[he was] engaging in abusive litigation" and that the litigation should be "dismissed, denied,

stricken, or resolved by other disposition with prejudice."  RCW 26.51.060.

Then Cliber and Russ sought sanctions against Benshoof under the ORAL in both King

County Superior Court and this District.  Dkt. # 69 at 65–66.  In March 2024, King County

Superior Court issued a contempt order and sanctioned Benshoof for violating the ORAL.  *Id.* at

67.  Russ was awarded $11,014.92 and Cliber was awarded $11,825 for "the hours spent to bring

Nathan Cliber's Motion for Finding of Contempt and Sanctions Against Plaintiff Kurt

Benshoof[.]"  *Id.* at 68.

Benshoof further alleges that Russ and Cliber have unlawfully conspired against him in

several other state court proceedings.  *See, e.g.*, *id.* at 115, 116, 122.

B.      Other U.S. District Court Litigation[1]

In Case No. 23-cv-01392-JNW, Benshoof presented nearly identical factual allegations to

the ones he presents here about Russ and Cliber's conduct in state court.  ECF No. 47 at 51–88.

He also alleged that Russ and Cliber's conduct constituted joint action for purposes of 42 U.S.C.

§ 1983 and violated his civil rights.  *Id.* at 95–181.  Benshoof brought claims against Russ and

Cliber for Right to Free Exercise of Religion, Right of Father-Son Association, Right to Petition

for Redress of Grievances, Forced Association, Interference with Parent/Child Relationship,

Violation of Due Process, Right to Trial by Jury, Violation of the Contract Clause of the

Constitution, Passing a Bill of Attainder, and Violation of the Thirteenth Amendment under 42

U.S.C. § 1983; Conspiracy to Obstruct Justice, Conspiracy to Deprive Civil Rights, and Neglect

---

[1] The Court takes judicial notice of these facts because they "can be accurately and readily
determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

to Prevent under 42 U.S.C. § 1985; Excessive Punishment under the Eighth Amendment; Violation of the Equal Protection Clause under the 14th Amendment; and Violation of the Racketeer Influenced and Corrupt Organizations Act under 18 U.S.C. §§ 1962(c), (d).  *Id.*  The court rejected these arguments and dismissed Benshoof's complaint with prejudice.  *Id.*  Case No. 23-cv-01392-JNW, ECF No. 245.[2]

In another case before Judge Whitehead, Benshoof once again provided a nearly identical recitation of facts to the one he presents here, and he repeated his allegations that Russ and Cliber engaged in joint action with state official to violate his civil rights.  Case No. 23-cv-01829-JNW, ECF No. 8 at 30–41.  Benshoof brought claims against Russ and Cliber for Violation of Right of Association and Violation of Due Process under 42 U.S.C. § 1983; Conspiracy to Obstruct Justice, Conspiracy to Deprive Rights, and Neglect to Prevent under 42 U.S.C. § 1985; and Violation of the Equal Protection Clause under the Fourteenth Amendment.  *Id.*  All these claims were dismissed with prejudice as well.  Case No. 23-cv-01829-JNW, ECF No. 66.

C.      Present Litigation

Here, Benshoof yet again alleges Russ and Cliber have conspired with state actors to violate his civil rights.  Dkt. # 69 at 137–253.  He brings claims against Russ and Cliber for Free Exercise of Religion Retaliation, Violation of Right of Association, Violation of Right to Petition for Redress of Grievances, False Arrest, Excessive Fines and Cruel Punishment, and Violation of Due Process under 42 U.S.C. § 1983; Obstruction of Justice and Deprivation of Rights or Privileges under 42 U.S.C. § 1985; Violation of the Equal Protection Clause under the

---

[2] In total, Benshoof has filed 10 cases in this District over the past three years, and due to his "abusive litigation tactics," Judge Whitehead has entered a vexatious litigant order against him.  Case No. 23-cv-01392-JNW, ECF No. 264.

1    Fourteenth Amendment; and Negligence and Fraud under state common law. *Id.* Defendants

2    Russ and Cliber move to dismiss under Rule 12(b)(6), and they say that res judicata bars these

3    claims. Dkt. # 90 at 14.

### III

#### DISCUSSION

A.    Legal Standards

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court

accepts all factual allegations as true and construes them in the light most favorable to the

nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir.

2013). But "[t]he court need not . . . accept as true allegations that contradict matters properly

subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that

are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re

Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State

Warriors,* 266 F.3d 979, 988 (9th Cir. 2001)).

B.    Res Judicata

Res judicata may be raised by a defendant as an affirmative defense in a motion to

dismiss under Rule 12(b)(6). *New York Life Ins. Co. v. Gunwall*, 675 F. Supp. 3d 1126, 1132

(W.D. Wash. 2023) (citing *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984)). This legal

doctrine bars any later suit on claims that were raised or could have been raised in a prior suit.

*Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir. 2001) (citations omitted).

Because Russ and Cliber contend the present claims are barred by earlier decisions in

federal court, the Court must determine the preclusive effect of these decisions. Dkt. # 90 at 14.

To determine the preclusive effect of an earlier federal court decision, courts "apply the federal law of claim preclusion." *First Pac. Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1128 (9th Cir. 2000) (citation omitted). Under federal law, res judicata applies whenever there is: "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Owens*, 244 F.3d at 713. To determine whether there is an identity of claims, courts consider four factors: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *First Pac. Bancorp*, 224 F.3d 1117 at 1128 (citation omitted). The last of these factors is the most important. *Id.*

Defendants maintain that all the elements of res judicata are met and that Judge Whitehead's earlier decisions preclude the claims raised against them here. Dkt. # 90 at 14–16. But Plaintiffs say that res judicata is inappropriate because the amended complaint includes "additional harms not previously adjudicated" and raises new claims and causes of action. Dkt. # 102 at 5.

The first element of res judicata is satisfied. There is an identity of claims between those raised here against Russ and Cliber and those raised in the prior federal court cases. In all three cases, the claims arise from the same "transactional nucleus of facts" because they are related to Benshoof's dissatisfaction with Russ and Cliber's representations in state court proceedings, motions for sanctions against him under the ORAL, and legal representation of Defendant Owen. Benshoof has also presented substantially the same state court filings as evidence against these Defendants in both cases. Thus, there is an identity of claims between this lawsuit and the prior federal court cases.

The second and third elements of res judicata are satisfied too.  Benshoof's claims in both cases before Judge Whitehead were dismissed with prejudice.  Case No. 23-cv-01829-JNW, ECF No. 66; Case No. 23-cv-01392-JNW, ECF No. 245.  These decisions are a final judgment on the merits.  *See, e.g.*, *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002); *Paganis v. Blonstein,* 3 F.3d 1067, 1071 (7th Cir. 1993) (noting that "with prejudice" is an acceptable shorthand for "adjudication on the merits").  And the same Plaintiff (Benshoof) has sued the same Defendants (Russ and Cliber) in all three cases.  So there is identity between the parties.

In addition, in the few instances in which Benshoof has not explicitly brought the same claims against Russ and Cliber, these claims could have been brought in earlier cases.  *See Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) ("the doctrine of res judicata [ ] bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties") (internal citation and quotation marks omitted).  For instance, Benshoof brings a negligence claim against Russ and Cliber for the first time that turns on the "extortion of Benshoof" under the ORAL and "the kidnapping of A.R.W."  Dkt. # 69 at 148–50.  And in prior litigation, Benshoof similarly brought RICO claims against Russ and Cliber that was based on "kidnapping" and "extortion."  Case No. 23-cv-01392-JNW, ECF No. 47 at 170.  These claims are all based on the same underlying facts and Benshoof could have brought his negligence claim in earlier proceedings but chose not to.  Res judicata bars Benshoof from bringing these claims now because he has been provided an opportunity to litigate them.  *In re JPMorgan Chase Derivative Litig.*, 263 F. Supp. 3d 920, 939 (E.D. Cal. 2017) ("A party who has had a full and fair opportunity to litigate a claim should not be allowed to try again.") (citing *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 481 n.22 (1982)).

Plaintiffs' contrary arguments are unavailing.  Dkt. # 102 at 5.  Although Plaintiffs bring a few new claims against Russ and Cliber, those claims are solely based on the same

"transactional nucleus of facts" as claims in earlier federal litigation. So, as explained above, res judicata bars these claims. Plaintiffs also do not bring any claims against Russ and Cliber related to "additional harms" arising from a July 2024 SWAT raid. The inclusion of Defendants other than Russ and Cliber in the amended complaint likewise does not change the fact that Benshoof previously sued Russ and Cliber in federal court and is suing them again here. In addition, the New York, Illinois, and Connecticut state court authority that Plaintiffs rely on is largely inapt and unpersuasive, nor is it binding on the Court.[3]

## IV

### CONCLUSION

For all these reasons, the Court GRANTS Defendants Russ and Cliber's motion and DISMISSES the claims against them with prejudice. Dkt. # 90.

Dated this 15th day of May, 2025.

_John H. Chun_
John H. Chun
United States District Judge

---

[3] Plaintiffs also cite "*Darling v. Linde, Inc.*, No. 21-cv-01258, 2023 WL 2320117 (D. Or. Feb. 28, 2023)[.]" Dkt. # 102 at 5. The Court is unable to locate this case on the Westlaw or Lexis Nexus databases. Nor is the Court able to find this case through an internet search. Under Fed. R. Civ. P. 11(b)(2), a party that submits a written motion "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions [in a written motion] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Plaintiffs are reminded that filing and signing a motion that cites to nonexistent authority can be grounds for sanctions under this rule. *See* Fed. R. Civ. P. 11(c); *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (pro se litigants must adhere to the same procedural requirements as other litigants); *Saxena v. Martinez-Hernandez*, 2025 WL 1194003, at *2 n.5 (D. Nev. Apr. 23, 2025) (collecting cases warning pro se litigants that generative artificial intelligence can create "hallucinated" case citations and that using these citations may lead to court-imposed sanctions).