HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Mr. Kurt A. Benshoof
A.R.W. By and Through His Father, Mr Kurt A. Benshoof, Brett Fountain, Urve Maggitti,
    Plaintiffs,

v.

Andrea Chin, et al.
    Defendants

Case No.: 2:24-cv-00808-JHC

**PLAINTIFFS MAGGITTI AND FOUNTAIN: RESPONSE TO ORDER TO SHOW CAUSE**

NOTING DATE: May 19, 2025

    COMES NOW, the Plaintiffs, URVE MAGGITI and BRETT FOUNTAIN, in response to the courts order to show cause.

    On May 13, 2025, Court issued a *sua sponte* ORDER to Show Cause "why this action should not be dismissed for failure to comply with Rule 4(m)." [Dkt. #119]. Court requires Plaintiffs to address following points:

    1. "Lawsuit commenced nearly a year ago," "on June 7, 2024." [Dkt.#1]

    2. "Plaintiffs' Amended Complaint was filed on February 11, 2025." [Dkt. # 69]

    3. "Filing an amended complaint does not provide an additional 90 days for service."[ Fed. R. Civ. P. 4. Rule 4(m)]

    4. a) "To comply with Rule 4(m), Defendants named in Plaintiff's Complaint needed to be served by September 5, 2024;"

      b) "and new Defendants named in the Amended Complaint needed to be served by May 12, 2025."

    5. " Plaintiffs failed to timely serve number of Defendants."

    6. "If Plaintiff does not file proof of proper service for a Defendant, the Court will dismiss the action without prejudice as to that Defendant."

## I.    RULE 4(m)

Rule 4(m) of the Federal rules of civil procedure has been amended since 1993 to reduce the service window from 120 days to 90 days, however, "[t]he 1993 amendments to General Rule 4(m) gave courts greater leeway to preserve meritorious lawsuits despite untimely service of process." *United States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir.2004)." *Efaw v. Williams*, 473 F. 3d 1038, 1042 (9th Cir. 2007). Also substance of the 1993 the amendments give the district court "discretion to enlarge the [90]-day period 'even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 663, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996) (Citations ommitted). Additionally, a court may retroactively grant such an extension after the 90-day period has expired. *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).

Since this matter is a § 1983 action, it is in the public interest that the Court should grant an extension since "the public policy favoring resolution on the merits is 'particularly important in civil rights cases.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir.1998) (quoting *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.1987)). Nevertheless, the 5th Circuit in *McGuire v. Turnbo*, 137 F.3d 321, 323-24 (5th Cir.1998) ruled that service was timely where plaintiff served defendant within court's extended deadline, nearly two years after filing suit. As it stands here, it has been 11 months since the filing of the initial complaint and 4 months since the filing of the amended complaint; the Fifth Circuits precedent of nearly two years applies to this action

## II.     GOOD CAUSE

To date, 35 out of 50 Defendants have been served before the May 12th deadline.

MOST DEFENDANTS WERE SERVED LONG AGO

While, this Court's perspective seems to have been that "most" defendants have yet to be served, the truth is that most defendants were served and only few remain to be served.

SERVICE ATTEMPTED ON ALL DEFENDANTS

Of those 50 defendants which remain technically not served, the truth is that service of process has been attempted in good faith upon all of them, at least once each, by normal methods and expedited methods, via professional process servers.

A FEW DEFENDANTS ARE EVADING SERVICE

Remaining 15 defendants have evidently been actively avoiding the service of process, which technically is a federal crime in itself, and is also codified as a crime in the state of Washington.

SERVICE BY PUBLICATION

One way to quickly and simply resolve this matter without any potential prejudice to anyone is service by publication.

JUDICIAL NOTICE OF FACTS

Plaintiffs would also like to make it clear that service of the defendants was lengthened by Mr. Benshoof's incarceration, which has prevented Mr. Benshoof in assisting with the service of the Defendants. The court shall take notice of the following documents Pursuant to ER 201:

a) Judicial Notice Exhibit A: Search Warrant for Kurt Benshoof, Dkt. 2 of *IN RE King County Search Warrant*, No. 24-0-62121-3 SEA, (K. Cty. Sup. Ct. Jul. 9, 2024).

b) Judicial Notice Exhibit B: Application for Search Warrant, Dkt. 1 of *IN RE King County Search Warrant*, No. 24-0-62121-3 SEA, (K. Cty. Sup. Ct. Jul. 9, 2024).

c)     Judicial Notice Exhibit C: Email Authority for Search Warrant, Dkt. 3 of *IN RE King County Search Warrant*, No. 24-0-62121-3 SEA, (K. Cty. Sup. Ct. Jul. 9, 2024)

d)     Judicial Notice Exhibit D: Inventory/Return of Service, Dkt. 3 of *IN RE King County Search Warrant*, No. 24-0-62121-3 SEA, (K. Cty. Sup. Ct. Jul. 9, 2024)

e)     Judicial Notice Exhibit E: Order Establishing Conditions of Release, Dkt. 17 of *State of Washington v. Benshoof*, No. 24-1-02680-7 SEA, (K. Cty. Sup. Ct. Aug. 9, 2024).

f)     Judicial Notice Exhibit F:  Bond, Dkt. 120 of *State of Washington v. Benshoof*, No. 24-1-02680-7 SEA, (K. Cty. Sup. Ct. Nov. 15, 2024).

g)     Judicial Notice Exhibit G:  Order of Detention / Less Restrictive Alternative, Dkt. 122 of *State of Washington v. Benshoof*, No. 24-1-02680-7 SEA, (K. Cty. Sup. Ct. Nov. 26, 2024).

h)     Judicial Notice Exhibit H:  Order Accepting Into Community Court, Dkt. 123 of *State of Washington v. Benshoof*, No. 24-1-02680-7 SEA, (K. Cty. Sup. Ct. Nov. 26, 2024).

i)     Judicial Notice Exhibit I: Judgment and Sentence, *City of Seattle v. KURT A BENSHOOF*, No. 671384, (Sea. Muni. Ct. Feb. 24, 2025). Accessible at https://courtrecords.seattle.gov/portal/court/68f021c4-6a44-4735-9a76-5360b2e8af13/case/cb026c28-81de-41ff-b38d-a98684d6d34d.

j)     Judicial Notice Exhibit J: Order of Commitment, *City of Seattle v. KURT A BENSHOOF*, No. 671384, (Sea. Muni. Ct. Feb. 24, 2025). Accessible at https://courtrecords.seattle.gov/portal/court/68f021c4-6a44-4735-9a76-5360b2e8af13/case/cb026c28-81de-41ff-b38d-a98684d6d34d.

k)     Judicial Notice Exhibit K:  Judgment and Sentence Felony, Dkt. 184 of *State of Washington v. Benshoof*, No. 24-1-02680-7 SEA, (K. Cty. Sup. Ct. Apr. 11, 2025).

l)   Judicial Notice Exhibit L: Judgment and Sentence, Dkt. 185 of *State of Washington v. Benshoof*, No. 24-1-02680-7 SEA, (K. Cty. Sup. Ct. Apr. 11, 2025).

The above Documents are court records of both the Superior court for King County and the Seattle Municipal court. All documents are directly related to the status of Mr. Benshoof's incommunicado over the course of this litigation, and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." ER 201. Additionally, "[c]ourts 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.' *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (emphasis added) (internal citations omitted); see also *Tolliver v. United States*, 957 F. Supp. 2d 1236, 1250 & n.10 (W.D. Wash. 2012) (taking judicial notice of an unpublished Washington state court case which addressed similar facts and aided the federal court's determination of the state law standards for determining the establishment of proximate cause); *Leishman v. Wash. Atty. Gen.'s Off.*, No. C20-861, 2023 WL 7158434, at *3 (W.D. Wash. Oct. 31, 2023) (taking judicial notice of previous state court proceedings involving some of the same parties as in the litigation at hand)." White v. University of Washington, et al., No. 2:22-cv-01798-TL, (W.D Wash. Mar. 22, 2024), Dkt. 85 at 8.

a.   *<u>Service deadline of the original complaint Defendants, September 5, 2024.</u>*

After filing this action on June 7, 2024, Plaintiff Benshoof was unable to complete service of the defendants due to a swat raid on his home on July 3, 2024 due to warrant proceedings that were initiated 20 days after the filing of this action, see Judicial Notice Exhibits A-D. Service was not complete as Plaintiff Benshoof was destitute and because he sent waivers of service pursuant to FRCP 4(d) on June 28, 2024 just 5 days before the swat raid on his home.[1] Because of said swat

---

[1] Plaintiffs KURT BENSHOOF and A.R.W. By and Through His Father, KURT A. BENSHOOF. filed their original complaint on June 7, 2024, and on June 26, 2024, they properly served complaint (Dkt. #1), summons and/or Waivers of Service upon Defendants *Marshall*

1  raid, Plaintiff was unable to effectuate service via process server while in jail due to his destitution.
2  From July 3, 2024 to November 27, 2024 during this time Plaintiff Benshoof was unable to litigate
3  his claims due to administrative roadblocks which prevented Mr. Benshoof from access to papers,
4  pencils, stamps, and envelopes. As a result, Mr. Benshoof was unable to serve nor litigate against
5  any defendants in his original complaint. All documents purportedly filed and signed by Mr.
6  Benshoof during this timeframe were drafted on his behalf by Plaintiff Urve Maggitti acting as
7  Assistance of Counsel under the Judiciary act of 1789; See also Dockets 30, 34. Because Mr.
8  Benshoof was imprisoned without the financial ability to contract process servers and otherwise
9  not have the ability for laypersons to serve for the entire duration of July 3, 2024 to November 27,
10 2024, it was an impossible task that led to obstruction of timely service with respect to the Original
12 Complaint's service deadline of September 5, 2024.

13 　　Given that Plaintiff Benshoof's Imprisonment with administrative roadblocks, destitution,
14 and reduced ability to contact anyone outside the jail, Plaintiff was unable to fulfill his obligations
15 under FRCP 4(c). Plaintiff Benshoof had no ability to contract with third parties who would
16 conduct service of process for a fee nor procure summons or a copy of a complaint due to his
17 incarceration, held incommunicado. Due to these exceptional circumstances, good cause is shown
18 to grant an equitable extension of service deadline as it applies to the Defendants of the original
19 complaint as Plaintiff Benshoof's liberties were restrained at the time by third party intervention
20 preventing Mr. Benshoof from executing his responsibilities under FRCP 4(c).

21 　　Judicial Notice Exhibits A-L demonstrate that Plaintiff Benshoof was unable act on such
22 service as on both occasion the original complaint and the amended complaint, Mr. Benshoof has
23 been incarcerated shortly after filing both complaints.

24 　　As good cause was shown, the Court in equity should find the following individual
25 original defendants were served:
26 　　- 　BLAIR RUSS, - served, see Exhibit M-6

27
28 *Ferguson, Blair Russ, Michael Tracy,Sarah Turner, Jamal Whitehead,J*essica Skelton. See EXHIBIT M-1, M-2, M-3, M-4, M-5

- SARAH TURNER, served , see Exhibit M- 12

   b.  *Service deadline of the Amended complaint Defendants, September 5, 2024.*

On or about November 27, 2024, Plaintiff Benshoof was released from jail on bail on ankle GPS monitor into house confinement.

    On or about February 11, 2025, Court granted [Dkt.#68] Plaintiffs petition for Amended Complaint [Dkt. #69]. Two Co-Plaintiffs - Urve Maggitti and Brett Fountain - joined the legal action in the Amended Complaint.

    On or about February 12, 2025, Plaintiff Benshoof hired ABS Legal to start the process of serving the Defendants.

    ABC Legal attempted service upon Jessica Rae Owen, Magalie E. Lerman, Michael Clinton Turner, Sarah E. Nelson. See attached EXHIBIT M-9, M-10, M-11, M-12, M-13.

   c.    *35 out of 50 Defendants Have Been Served*

    For the service of the Defendants of the amended complaint, the Following Defendants have been served prior to the May 12, 2025 see Exhibit N:

- ANDREA CHIN,
- NATHAN CLIBER, served see attached EXHIBIT M- 7
- CATHERINE CORNWALL,
- GREGG CURTIS,
- JENNY DURKAN,
- JOHN DUUS,
- NICHOLAS EVANS,
- PASCAL HERZER,
- RYAN ELLIS,
- MICHAEL FOX,
- JONATHAN KIEHN,

1. - SPENCER KURZ,
2. - MAGALIE LERMAN,
3. - RICHARD LIMA,
4. - ADAM LOSLEBEN,
5. - YVES LUC,
6. - SARAH MACDONALD,
7. - JACOB MASTERSON,
8. - STEVEN MITCHELL,
9. - JOHNATHAN MUSSEAU,
10. - BREHON NESS,
12. - STEPHEN OKRUHLICA,
13. - KATRINA OUTLAND,
14. - JESSICA OWEN,
15. - DWAYNE PIRAK,
16. - JULIE SALLE,
17. - DANIEL SCHILLING,
18. - TY SELFRIDGE,
19. - NATHAN SHOPAY,
20. - MELANIE TRATNIK,
21. - CHAD ZENTNER,
22. - CITY OF SEATTLE,
23. - KING COUNTY
24. -
25. - d.    **_15 out of 50 Defendants Still have to be Served_**

Plaintiffs have diligently attempted to serve the following remaining amended complaint Defendants, see attached Exhibit O:

- ANTHONY BELGARD,

1. - DONOVAN BROUSSARD,
2.    a) bad address
3.    b) no answer at different address
4. - JANE DOE,
5. - TYLER GOSLIN,
6. - JULIE KLINE,
7.    a) wrong address
8.    b) no answer at different address
9. - ERNEST JENSEN,
10.   a) bad address, demo building
12.   b) bad address, no unit number
13.   c) no one home
14. - 7 - #19. MAGALIE LERMAN,
15.   a) potentially served in person
16.   b) attempted service at attorney, refused to accept service
17.   c) attempted service at home, no one home
18. - GRANT MAYER,
19. - LILIYA NESTERUK,
20.   a) secure building , unable to access
21. - SARAH PENDLETON,
22. - BRIAN REES,
23.   a) vacant house
24.   b) gated community, no access at different address
25. - STEVEN STONE,
26. - MICHAEL TRACY,
27. - TREVOR TYLER,
28.   a) gated community, wife refused to grant access- avoiding service

1  - MICHAEL VIRGILIO,

2  - ANDREW WEST,

3

4    Plaintiff's have have complied with four factors enumerated in *Lemoge*.

5    Plaintiffs have shown good faith and served majority of Defendants, and have attempted
6  Process of Service upon all Defendants.

7    The Ninth Circuit defines good cause under Rule 4(m) as requiring a showing of "reasonable
8  diligence" in attempting service and that "some outside factor" caused delay. *Efaw v. Williams*,
9  473 F.3d 1038, 1040 (9th Cir. 2007). Here, both prongs are satisfied: plaintiffs acted promptly
10 following amendment and have been obstructed by factors beyond their control.

12

13   Plaintiff Benshoof has made this Court aware that while he is able to make outbound calls
14 from solitary confinement, he is physically prevented from any written communication, including
15 filing a court motion in writing. If the Court deems such unlawful restraint of his liberty,
16 particularly coupled with defendants' evasive actions, to be somehow insufficient to objectively
17 show good cause for extension of time for plaintiff Benshoof to serve the remaining few
18 defendants, then plaintiffs Fountain and Maggitti respectfully move for the Court to allow service
19 by publication on these remaining few defendants; it is hereby proposed that this Court would
20 order service by publication to commence immediately, today, or as soon as possible given various
21 publishers' lead times and deadlines.

22

23   WHERFORE , Plaintiffs move this Honorable Court to extend time to serve the remaining
24 Defendants, if needed by publication.

25
26   Respectfully submitted,

27

28

*[signature]*

       Urve Maggitti, Co-Plaintiff

       urve.maggitti@gmail.com

*[signature]*

       Brett Fountain, Co-Plaintiff

       kb407@exposelegalcorruption.com

**ACKNOWLEDGMENT**
**AFFIDAVIT**
**(Verification)**

STATE OF PENNSYLVANIA )
COUNTY OF CHESTER )

I, Urve Maggitti, the undersigned Affiant hereto, do hereby declare under penalties of perjury under the laws of the Commonwealth of Pennsylvania and the United States of America, that the foregoing accounting of facts are true and correct to the best of my current knowledge and belief.

I am over the age of 18 years of age, am a resident of the Commonwealth of Pennsylvania, have personal knowledge of the matters of this affidavit, and am capable of making such affidavit.

Pursuant to 28 U.S. Code § 1746 (1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May / 19 /2025.

Signed: _____
Urve Maggitti

Notary as JURAT CERTIFICATE

State of Pennsylvania County of Delaware
BEFORE ME personally appeared Urve Maggitti who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to her own personal knowledge.

_____
Notary Public
My commission expires: 05/08/2028

Commonwealth of Pennsylvania - Notary Seal
Daniel J. Brady, Notary Public
Chester County
My commission expires May 8, 2028
Commission number 1016077
Member, Pennsylvania Association of Notaries

**CERTIFICATE OF SERVICE**

CERTIFICATE OF SERVICE
Kurt Alden Benshoof. - held Inocmmunicado

Washington Corrections Center
No. 448305
R Units, PO Box 900, Shelton, WA 98584
kurtbenshoof@gmail.com;
kurtbenshoof1@gmail.com

Brett Fountain
2100 West Northwest Highway
114 #1115
Grapevine, TX 76051-7808
kb407@exposelegalcorruption.com

Matthew Coughlan
Darren Anthony Feider
SEBRIS BUSTO JAMES
15375 SE 30TH Pl, Ste 310
Bellevue, WA 98007
425-450-3382
[Attorney for Fox, Goslin, Mitchell]
mcoughlan@sbj.law

Peggy C. Wu
King County Prosecuting Attorney's Office
701 Fifth Avenue, Suite 600
Seattle, WA 98104
206-263-4008
[King County, Catherine Cornwall, and Pascal Herzer]
pwu@kingcounty.gov

Arick S. Bonsztyk

1000 Second Avenue, Suite 3660
Seattle, WA 98104
206-621-1871
asb@tbr-law.com
[Jessica Owen]

Howard Brown
1003 West Michigan Street
Hammon, LA 70401

Sarah Spierling Mack
PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WA 98101
206-245-1700
sarah.mack@pacificalawgroup.com

Catherine E Riedo
SEATTLE CITY ATTORNEY'S OFFICE
701 FIFTH AVENUE
SUITE 2050
SEATTLE, WA 98104-7097
206-684-7782
catherine.riedo@seattle.gov

Sarah N Turner
GORDON REES SCULLY MANSUKHANI LLP (SEATTLE)
701 FIFTH AVE STE 2100
SEATTLE, WA 98104
206-695-5100
sturner@grsm.com

Peggy C Wu
KING COUNTY PROSECUTING ATTORNEY'S OFFICE (FIFTH AVE)
701 FIFTH AVE
STE 600
SEATTLE, WA 98104
206-263-4008
pwu@kingcounty.gov