UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF
WASHINGTON AT SEATTLE

Mr. Kurt A. Benshoof,
A.R.W. By and Through His Father,
Mr. Kurt A. Benshoof, Brett
Fountain, Urve Maggitti,
                   Plaintiffs,

v.                                       Case No. 2:24-cv-00808-JHC

ANDREA CHIN, et al.
                   Defendants.

**MOTION TO CLARIFY COURT ORDER Dkt #139,
REF: Local Civil Rule 7(i) RIGHT OR ORDER TO LITIGATE VIA <u>TELEPHONIC
MEANS</u> in Case No. 2:24-cv-00808-JHC**

  Plaintiff Maggitti is hereby submitting motion for clarification of Court ORDERS Dkt # 128 and Dkt # 139.

  FUNDAMENTAL QUESTION: Is this court stating that Co-Plaintiff Benshoof can, should and is ordered to communicate with this court and all parties to this litigation via telephonic means under **Local Civil Rule 7(i)?**

  1. On May 19, 2025, Plaintiffs Maggitti and Fountain filed Emergency Motion for Telephonic Motion with Chambers, Dkt. # 122, stating: "*Plaintiffs Urve Maggitti and Brett Fountain hereby move the court for emergency telephonic conference of all Plaintiffs as per Local Civil Rule 7 (i) and 7(j) strictly on one issue: Plaintiff Benshoof is incarcerated incommunicado. **He can only make phone calls out, not receive any calls**. Benshoof called Urve Maggitti, today May 19, 2025, stating that chambers denied his telephonic motion made under Local Civil Rule 7 (i)."* [Emphasis added].

  2. On May 23, 2025, Court ORDER [Dkt # 128] denied the Emergency Motion for Telephonic Motion with Chambers [Dkt. # 122] stating: "*Plaintiffs have responded to the order to

1

*show cause, rendering the motion moot. Dkt. ## 124, 125.*" and "*Furthermore, Plaintiff Benshoof telephoned the Court on May 19, 2025.*"

- Only Plaintiffs that responded to show cause motion [Dkt ## 120] were Maggitti and Fountain. Plaintiff Benshoof did not file any written response to Order to Show Cause motion, because he has no means of doing so.

Furthermore, the Court did not grant Plaintiff Benshoof the telephonic motion, the Court in fact declined to entertain Benshoof's right to emergency telephonic motion under Local Civil Rule 7(i) and (j) when the chambers did not connect the call to the judge Chun and did not join all co-plaintiffs to the call. The phone call by Benshoof was made from prison and was recorded.

Court ORDER [Dkt # 128] denying Plaintiffs Maggitti, Fountain and Benshoof's motion for emergency telephonic motion for being " moot" is not supported by the underlying sequence of events. The underlying facts are well known to the court/chambers as a first hand participant on recorded line.

3. On April 7, 2025, Plaintiff Maggitti filed Judicial Notice under Rule 201( c)(2), (f)with verified AFFIDAVIT [Dkt #103], stating:" *2. Plaintiff Kurt Benshoof was immediately and inexplicably placed into maximum security confinement, on Floor 11 and continues to be held in solitary confinement **without access to legal resources, including writing materials, a computer/tablet, internet**." [Emphasis added].*

The Judicial Notice moved the Court to take notice under Rule 201( c)(2), (f) of "DEFENDANT'S SENTENCING MEMORANDUM" and "ORDER OF COMMITMENT".

Judicial Notice further stated: "*8. To date Plaintiff Benshoof is **without any access to legal resources, including paper, pen envelopes, a computer/tablet, access to law library**, and he has been unable to communicate with his attorney, Robert E. Barnes*" and "*11. Plaintiff Kurt Benshoof is unable to litigate the instant case, to submit any responsive motions due to the ongoing constitutional violations against him.*"

The Court **has not ruled on** Judicial Notice Dkt #103, as of this date.

4. On May 30, 2025, Court ORDER Dkt # 139, states: "*Plaintiffs' claim that Plaintiff Benshoof is "incommunicado" is undermined by the fact that Benshoof himself recently telephoned the Court. Dkt. # 128.*"

**Questions needing clarification from the Court:**

Is it the Court's official position that Plaintiff Benshoof can and must fully litigate this action against all the defendants via the only available method - phone call from the prison?

If such is Court's position then Plaintiff Maggitti respectfully moves the Court to provide detailed written guidance to Co-Plaintiffs and Defendants regarding the telephonic litigation and scheduling process whereby all parties to the litigation will be on the same call simultaneously as required by due process.

Plaintiff Benshoof can only make outgoing calls, no one can call him from outside the prison. Benshoof call schedule is limited and has changed from day to day without warning.

Or is the Court ORDERING Plaintiff Benshoof to litigate this action solely via ex-parte communication via phone to Chambers without participation of all parties to this action? Plaintiff Maggitti hereby moves this Honorable Court to provide under what Federal or local rule is that going to proceed?

The Court seems to disregard Plaintiff Maggitti's verified affidavits and motions attesting to the fact that Plaintiff Benshoof has been " *without any access to legal resources, including paper, pen envelopes, a computer/tablet, access to law library"*.

To date there is no verified affidavit on the record that has been submitted by any party attesting to the fact that Plaintiff Maggitti is committing perjury under oath.

Plaintiff Maggitti respectfully moves this Honorable Court to provide on what basis is the Court making assumptions contrary to verified attestations by Maggitti, stating that phone call by Plaintiff Benshoof from prison undermines "*Plaintiffs' claim that Plaintiff Benshoof is "incommunicado*""?

Respectfully submitted by,

*[signature]*

                                          Urve Maggitti, Co-Plaintiff
                                          urve.maggitti@gmail.com

**CERTIFICATE OF SERVICE**

KURT BENSHOOF - Held Inocmmunicado
Washington Corrections Center
DOC # 448305, R Units
PO Box 900, Shelton, WA 98584

Brett Fountain
2100 West Northwest Highway
114 #1115
Grapevine, TX 76051-7808
kb407@exposelegalcorruption.com

Matthew Coughlan
Darren Anthony Feider
SEBRIS BUSTO JAMES
15375 SE 30TH Pl, Ste 310
Bellevue, WA 98007
425-450-3382
[Attorney for Fox, Goslin, Mitchell]
mcoughlan@sbj.law

Peggy C. Wu
King County Prosecuting Attorney's Office
701 Fifth Avenue, Suite 600
Seattle, WA 98104
206-263-4008
[King County, Catherine Cornwall, and Pascal Herzer]
pwu@kingcounty.gov

Arick S. Bonsztyk
1000 Second Avenue, Suite 3660
Seattle, WA 98104
206-621-1871
asb@tbr-law.com
[Jessica Owen]

Howard Brown
1003 West Michigan Street
Hammon, LA 70401

Sarah Spierling Mack
PACIFICA LAW GROUP LLP

1191 SECOND AVENUE
SUITE 2000
SEATTLE, WA 98101
206-245-1700
sarah.mack@pacificalawgroup.com

Catherine E Riedo
SEATTLE CITY ATTORNEY'S OFFICE
701 FIFTH AVENUE
SUITE 2050
SEATTLE, WA 98104-7097
206-684-7782
catherine.riedo@seattle.go

Sarah N Turner
GORDON REES SCULLY MANSUKHANI LLP (SEATTLE)
701 FIFTH AVE STE 2100
SEATTLE, WA 98104
206-695-5100
sturner@grsm.com

Peggy C Wu
KING COUNTY PROSECUTING ATTORNEY'S OFFICE (FIFTH AVE)
701 FIFTH AVE
STE 600
SEATTLE, WA 98104
206-263-4008
pwu@kingcounty.gov

Urve Maggitti
244 Blackburn drive
Berwyn, PA 19312
urve.maggitti@gmail.com
917-340-0561