UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF
WASHINGTON AT SEATTLE

Mr. Kurt A. Benshoof,
A.R.W. By and Through His Father,
Mr. Kurt A. Benshoof, Brett
Fountain, Urve Maggitti,

                Plaintiffs,

v.                                            Case No. 2:24-cv-00808-JHC

ANDREA CHIN, et al.

                Defendants.

**<u>Motion to Validate or Extend Time for Service; Authorize Alternative Service Methods; and Reply to Defendants' Objection Re: Rule 4(b) Summons Format by PLAINTIFFS MAGGITTI AND FOUNTAIN</u>**

I. RELIEF REQUESTED

Plaintiffs respectfully move the Court to:

1. Deem service valid for all defendants as described in Motion No. 125;
2. Alternatively, extend the time to re-serve under Rule 4(m), based on good cause including Plaintiff Benshoof's incarceration, the sealing of summonses, and lack of access to address information (see *Lemoge v. United States*, 587 F.3d 1188 (9th Cir. 2009));
3. Authorize alternative service methods, including by publication or email;
4. Direct the U.S. Marshals Service to effectuate service due to Plaintiff Benshoof's indigency and incarceration pursuant to 28 U.S.C. § 1915(d);
5. Overrule Defendants' objection regarding summons form under Rule 4(b), and deem their appearances and filings a waiver of any technical defect.

1

II. SUMMARY OF OBJECTION AND REPLY

Plaintiffs Maggitti and Fountain respectfully submit this reply to address Defendants' objection that the summonses served were invalid under Fed. R. Civ. P. 4(b) due to the alleged absence of a Clerk's signature and seal. That objection is meritless under the procedural history of this case and should be rejected in light of Defendants' actual notice, lack of prejudice, and participation in the litigation.

III. THE CLERK DID ISSUE SUMMONSES, BUT THEN SEALED THEM

- On January 30, 2025, Plaintiff Benshoof filed a Praecipe to Issue Summons, which was docketed as Dkt. 67 (SEALED).
- On February 11, 2025, the Clerk electronically issued summonses for numerous defendants, including all current objectors. This issuance is recorded in Dkt. 70:

"SEALED Summons(es) Electronically Issued as to defendant(s) Anthony Belgard, Andrea Chin, City of Seattle, Nathan Cliber, Catherine Cornwall, Ryan Ellis, Tyler Goslin, Pascal Herzer, Jonathan Kiehn, King County, Julie Kline, Magalie Lerman, Richard Lima, Sarah MacDonald, Katrina Outland, Jessica Owen, Julie Salle, Daniel Schilling, Nathan Shopay, Melanie Tratnik. (MJV) Modified to seal on 3/13/2025)."

Thus, the Clerk fulfilled its Rule 4(b) obligation to "sign, seal, and issue" summonses. Any defect in the versions Plaintiffs attempted to serve stems not from Plaintiffs' error, but from the Court's own sealing of those documents—leaving them inaccessible to pro se Plaintiffs who were never provided copies and lacked ECF access.

IV. PLAINTIFFS LACKED ACCESS TO THE OFFICIAL ISSUED SUMMONSES

At no time have Plaintiffs Maggitti or Fountain had access to the sealed summonses in Dkt. 70. As of this filing, no issued summons has been provided to them—not via ECF, physical mail, or

2

Clerk correspondence. Their emergency motion to unseal the summonses (Dkt. 138) was denied by Order (Dkt. 139) on May 30, 2025.

Moreover, Plaintiff Benshoof—incarcerated since February 24, 2025—has had no meaningful access to legal resources. He is currently confined at Washington Corrections Center and has been effectively held incommunicado. He has lacked writing materials, envelopes, access to a law library, computer/tablet access, and any consistent mechanism for outgoing legal correspondence. These facts have substantially impaired service efforts and prevented him from retrieving, sharing, or re-serving the sealed summonses.

The inaccessibility of Plaintiff Benshoof has also prevented his co-plaintiffs from advancing claims and arguments that depend on his knowledge, documents, or evidentiary materials. This constitutes a direct impairment of their First Amendment rights of expressive association and their right to petition the courts as protected under the First and Fourteenth Amendments.

Defendants' objection therefore exploits a procedural barrier caused entirely by the Court's own sealing—not by any failure or misconduct by Plaintiffs. Plaintiffs have no control over docket entries sealed by the Court and respectfully request that procedural rules be applied equitably, not rigidly, in light of the extraordinary circumstances of this case.

V. DEFENDANTS WAIVED ANY RULE 4 OBJECTION THROUGH NOTICE AND PARTICIPATION

The objecting Defendants have:

- Appeared through counsel (e.g., Dkts. 72, 73, 80, 82);
- Filed substantive motions (e.g., Dkts. 74, 90);
- Joined responsive pleadings (e.g., Dkts. 79, 81, 83, 130);
- Been on notice of this litigation for several months.

Defendants do not challenge their obligation to appear, nor have they claimed any confusion, surprise, or prejudice arising from the summons form.

Courts in the Ninth Circuit have consistently held that minor defects in service—particularly those involving technical aspects of the summons form—do not warrant dismissal where the defendant has actual notice and cannot demonstrate prejudice.

VI. THE COURT MAY CURE ANY DEFECT NUNC PRO TUNC

If the Court deems re-service advisable, Plaintiffs respectfully request that:

- The Clerk be directed to unseal or re-issue the signed and sealed summonses;
- Any previously attempted service be deemed sufficient;
- Plaintiffs be granted a brief window to re-serve defendants *nunc pro tunc*, especially in light of Benshoof's incarceration, the inaccessibility of sealed filings, and the logistical barriers faced by pro se litigants.

Dismissal on this basis would not only reward Defendants for the Court's own administrative sealing, but would also undermine judicial access for Plaintiffs who have acted in good faith and sought clarification and compliance at each stage.

VII. ADDITIONAL EQUITY CONSIDERATION: EFFECT OF VEXATIOUS LITIGANT DESIGNATION

Even if this Court were to dismiss the complaint without prejudice, such dismissal would inflict irreversible harm on Plaintiff Benshoof due to his prior designation as a **vexatious litigant**. Under the restrictions already imposed upon him, Plaintiff Benshoof will be barred from refiling this action, or any substantively similar action, without first obtaining court permission—a hurdle that in practical terms functions as a filing ban.

This harm does not stop with Benshoof. Because the constitutional violations forming the basis of Co-Plaintiffs Maggitti and Fountain's claims stem from the initial deprivation of Benshoof's rights—particularly under the First and Fourteenth Amendments—any dismissal of Benshoof's claims nullifies their standing and substantive right to proceed. Their rights of expressive

association and petition are derivatively extinguished if Benshoof is procedurally barred from participating.

Thus, the denial of service relief or dismissal based on summons formalities will not only effectively terminate this action against all plaintiffs, but will also constitute a de facto denial of court access to Maggitti and Fountain as well. This result is fundamentally incompatible with the First Amendment and with the Supreme Court's recognition that access to the courts must remain open to those who seek redress of constitutional injury.

## VIII. CONSTITUTIONAL STRUCTURAL REVIEW IS REQUIRED BEFORE DISMISSAL UNDER AXON, JARKESY, AND BRUEN

The Constitution forbids courts from extinguishing legal claims through procedural formalities—such as sealing, consolidation, or reassignment—without first determining whether the structure or process being used is itself lawful. In *Axon Enterprise, Inc. v. FTC*, 598 U.S. 175 (2023), the Supreme Court held that federal courts must review structural and constitutional defects in process before denying adjudication on the merits.

Likewise, in *SEC v. Jarkesy*, 143 S. Ct. 1258 (2023), the Court emphasized that "no tradition supports such substitution," reaffirming that judicial power cannot be exercised through procedural frameworks that eliminate adjudication. Dismissal of this case without first reviewing the sealed, inaccessible, and restrictive procedural structure would replicate the very error *Axon* and *Jarkesy* prohibit.

As *Lemoge* held, equitable relief is warranted where the failure to serve arises from systemic or external barriers. And even if this Court considers simply allowing re-service, Plaintiffs respectfully submit that the deeper harm—derivative exclusion, unavailability of the lead plaintiff, and constitutional foreclosure—remains unaddressed without structural review.

Under *Bruen*, *Axon*, and *Jarkesy*, the Court cannot deny relief based solely on form. It must first determine whether the process used was constitutionally sound. Only after that can Rule 4 formalities be evaluated.

IX. CONCLUSION

Plaintiffs respectfully request that the Court:

- Deny Defendants' Rule 4(b) objection as immaterial;
- Validate service based on substantial compliance and equitable factors;
- Alternatively, extend the time for service;
- Authorize service via alternative methods as needed;
- Direct the U.S. Marshals Service to serve unserved defendants if necessary.

Plaintiffs seek only the opportunity to litigate their case on the merits, free of procedural sabotage arising from court-sealed filings and communication barriers imposed by incarceration. Objections based on technical formatting should not be used to dismiss claims where good faith, actual notice, and substantial compliance are clearly present.

Respectfully submitted,

Urve Maggitti, Co-Plaintiff
urve.maggitti@gmail.com

Brett Fountain, Co-Plaintiff
kb407@exposelegalcorruption.com

**CERTIFICATE OF SERVICE**

KURT BENSHOOF - Held Inocmmunicado
Washington Corrections Center
DOC # 448305, R Units
PO Box 900, Shelton, WA 98584

Brett Fountain
2100 West Northwest Highway
114 #1115
Grapevine, TX 76051-7808
kb407@exposelegalcorruption.com

Matthew Coughlan
Darren Anthony Feider
SEBRIS BUSTO JAMES
15375 SE 30TH Pl, Ste 310
Bellevue, WA 98007
425-450-3382
[Attorney for Fox, Goslin, Mitchell]
mcoughlan@sbj.law

Peggy C. Wu
King County Prosecuting Attorney's Office
701 Fifth Avenue, Suite 600
Seattle, WA 98104
206-263-4008
[King County, Catherine Cornwall, and Pascal Herzer]
pwu@kingcounty.gov

Arick S. Bonsztyk
1000 Second Avenue, Suite 3660
Seattle, WA 98104
206-621-1871
asb@tbr-law.com
[Jessica Owen]

Howard Brown
1003 West Michigan Street
Hammon, LA 70401

Sarah Spierling Mack
PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WA 98101
206-245-1700
sarah.mack@pacificalawgroup.com

Catherine E Riedo
SEATTLE CITY ATTORNEY'S OFFICE
701 FIFTH AVENUE
SUITE 2050
SEATTLE, WA 98104-7097
206-684-7782
catherine.riedo@seattle.go

Sarah N Turner
GORDON REES SCULLY MANSUKHANI LLP (SEATTLE)
701 FIFTH AVE STE 2100
SEATTLE, WA 98104
206-695-5100
sturner@grsm.com

Peggy C Wu
KING COUNTY PROSECUTING ATTORNEY'S OFFICE (FIFTH AVE)
701 FIFTH AVE
STE 600
SEATTLE, WA 98104
206-263-4008
pwu@kingcounty.gov

Urve Maggitti
244 Blackburn drive
Berwyn, PA 19312
urve.maggitti@gmail.com
917-340-0561