1                                                                    Honorable John H. Chun

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON AT SEATTLE
7

8   KURT A. BENSHOOF, A.R.W. by and through
    his father, KURT A. BENSHOOF, BRETT            No. 2:24-cv-00808-JHC
    FOUNTAIN, URVE MAGGITTI,
9
                                                   DEFENDANTS KING COUNTY,
                                                   CORNWALL, CURTIS, HERZER,
                            Plaintiffs,            AND SALLE'S RULE 12 MOTION
10                                                 TO DISMISS
         v.
11
    ANDREA CHIN, ANTHONY BELGARD,
    DONOVAN BROUSSARD, NATHAN CLIBER,
12  CATHERINE CORNWALL, GREGG CURTIS,             NOTED ON MOTION CALENDAR:
    JANE DOE, JENNY DURKAN, JOHN DUUS,            July 7, 2025
13  NICHOLAS EVANS, PASCAL HERZER, RYAN
    ELLIS, MICHAEL FOX, TYLER GOSLIN,
14  JULIE KLINE, ERNEST JENSEN, JONATHAN
    KIEHN, SPENCER KURZ, MAGALIE
15  LERMAN, RICHARD LIMA, ADAM
    LOSLEBEN, YVES LUC, SARAH
16  MACDONALD, JACOB MASTERSON, GRANT
    MAYER, STEVEN MITCHELL, JOHNATHAN
17  MUSSEAU, BREHON NESS, LILIYA
    NESTERUK, STEPHEN OKRUHLICA,
18  KATRINA OUTLAND, JESSICA OWEN,
    SARAH PENDLETON, DWAYNE PIRAK,
19  BRIAN REES, BLAIR RUSS, JULIE SALLE,
    DANIEL SCHILLING, TY SELFRIDGE,
20  NATHAN SHOPAY, STEVEN STONE,
    MICHAEL TRACY, MELANIE TRATNIK,
21  SARAH TURNER, TREVOR TYLER,
    MICHAEL VIRGILIO, ANDREW WEST, CHAD
22  ZENTNER, in their individual capacities, CITY
    OF SEATTLE, KING COUNTY,
23                          Defendants.

Leesa Manion (she/her)
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

1

## I.    INTRODUCTION AND RELIEF REQUESTED

2   Defendants King County, and King County defendants Catherine Cornwall, Gregg Curtis[1],

3   Pascal Herzer, and Julie Salle ("Defendants") respectfully ask this Court to dismiss Plaintiffs Kurt

4   Benshoof, Urve Maggiti, and Brett Fountain's First Amended Complaint ("FAC") pursuant to Federal

5   Rules of Civil Procedure Rule 12.

6   This Court is familiar with the protracted litigation history of Plaintiff Kurt Benshoof. What

7   began as a child custody matter in state court between Mr. Benshoof and Defendant Jessica Owen has

8   become a crusade by Benshoof to use federal courts to overturn the final child custody orders entered

9   by the state court that gave sole custody of A.R.W. to Ms. Owen, and restricted Benshoof's contact

10  with Ms. Owen and the child. *See* Dkt. 21, Ex. 1-3; Dkt. 69, ¶152. Each time Benshoof is unsuccessful

11  in alleging that the child custody and restraining orders violated his constitutional rights, he sues

12  another wave of defendants using duplicative and formulaic complaints, and continues a pattern of

13  abusive litigation tactics by suing judicial officers, government and court personnel, and opposing

14  parties and counsel, who become a part of  Benshoof's numerous criminal and civil cases simply by

15  performing the regular functions of their job duties.

16  In this FAC, Mr. Benshoof added King County and four King County employees Catherine

17  Cornwall, Gregg Curtis, Pascal Herzer, and Julie Salle as defendants. The FAC alleges negligence,

18  violations of First, Eighth, and Fourteenth Amendments under 42 U.S.C. § 1983, conspiracy claims

19  under § 1985, and a neglect to prevent claim under § 1986. The individual King County defendants

20  are:

21      a.   Catherine Cornwall – Director of Judicial Administration (also known as the Clerk of
            King County Superior Court);

22

---

23  [1] Defendant Gregg Curtis joined in City of Seattle's reply to the court's order to show cause why the case
    should not be dismissed for Plaintiffs' failure to comply with Rule 4(m). Dkt. 126. In the event Mr. Curtis
    is already dismissed from this lawsuit when the Court considers the present motion, this motion as to Mr.
    Curtis is moot.

DEFENDANTS KING COUNTY, CORNWALL, CURTIS,
HERZER, AND SALLE'S RULE 12 MOTION TO DISMISS - 2
2:24-cv-00808-JHC

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

1

2

    b.  Gregg Curtis – an employee of King County Department of Adult and Juvenile Detention ("DAJD"), also known as King County jail;

3

4

    c.  Pascal Herzer – an attorney with the King County Prosecuting Attorney's Office, Civil Division, misidentified in the FAC as an employee of King County DAJD; and

5

    d.  Julie Salle – Bailiff to King County Superior Court Judge Suzanne Parisien, who was the assigned judge to Mr. Benshoof's petition for Writ of Mandamus, KCSC No. 24-2-06539-3 SEA and criminal matter, KCSC No. 24-1-02680-7 SEA.

6

7

The FAC should be dismissed because the complaint fails to offer anything but duplicative, conclusive, and formulaic recitals of legal conclusions recycled from prior dismissed cases to support the claims against Defendants.[2] In addition, even assuming facts of the complaint in the light most favorable to the Plaintiffs, there is no plausible violation of Plaintiffs' constitutional rights, conspiracy, or negligence. Finally, even if some constitutional violation could be shown, Defendants Cornwall, Curtis, Herzer, and Salle have immunity. Plaintiffs have failed to state a claim upon which relief can be granted and the FAC should be dismissed.

8

9

10

11

12

13

## II.    STATEMENT OF FACTS

14

### A. Procedural Facts

15

16

Plaintiff Kurt Benshoof first filed this lawsuit on June 7, 2024 on behalf of himself and his son, A.R.W., against six defendants who are attorneys and judges who have either represented opposing parties or presided over civil cases involving Benshoof in both state and federal courts. Dkt. 1 at pg. 5. The original complaint spanned 92 pages.

17

18

19

On February 11, 2025, Benshoof filed a 255-page First Amended Complaint. Dkt. 69. In the FAC, Benshoof added two new plaintiffs, Brett Fountain and Urve Maggitti, who were alleged to be

20

21

22

23

---

[2] Remarkably similar constitutional violation claims and causes of action brought against King County, government employees, attorneys, judges, and prosecutors have been dismissed in *Benshoof v. Admon*, No. 2:23-CV-1392, 2024 WL 3227137 (W.D. Wash. June 28, 2024); *Benshoof v. City of Shoreline,* No. 2:24-cv-00343-TL, Dkt. 103; *Benshoof v. Keenan*, No. 2:24-CV-382, 2025 WL 71973 (W.D. Wash. Jan. 9, 2025).

DEFENDANTS KING COUNTY, CORNWALL, CURTIS,
HERZER, AND SALLE'S RULE 12 MOTION TO DISMISS - 3
2:24-cv-00808-JHC

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

1   his assistants of counsel, and increased the total number of defendants to 50, including judge, bailiff,

2   prosecutor, numerous employees of City of Seattle or the Seattle Police Department, King County

3   and King County employees, and attorneys who represented opposing parties in his prior civil

4   litigation.

5       According to the FAC, Brett Fountain is a resident of Texas who attempted to help Benshoof

6   filed court documents beginning in July of 2024. Dkt. 69 at pg.9, ¶¶ 524, 526, 530. Urve Maggitti is

7   a citizen of Pennsylvania who paid the bail amount related to Benshoof's City and County criminal

8   cases, and who attempted to file documents on Benshoof's behalf in Benshoof's criminal cases. *Id.*,

9   ¶¶ 368, 408, 410, 505-512, 524.

10      **B.  Facts alleged in the FAC against King County and King County Defendants**

11          **1.  Gregg Curtis and Pascal Herzer – in their official and individual capacities**

12      Benshoof's claims against Curtis and Herzer arose out of his confinement in the King County

13  Jail ("Department of Adult and Juvenile Detention" or "DAJD") after he was arrested at his home on

14  July 3, 2024 on warrants issued by the Seattle Municipal Court for violations of the no contact order

15  protecting Ms. Owen against Benshoof. Dkt. 69, ¶¶ 162-174, 330, 340-382.

16      Benshoof alleges that as DJAD's attorney, Herzer violated his constitutional rights by denying

17  him access to paper, envelopes and postage, by representing DAJD in court and making legal

18  arguments opposing Benshoof's positions, and by not responding to repeated voicemails left by

19  Benshoof from jail. *Id.* ¶¶ 353, 360, 512, 533-535. Plaintiffs bring eight causes of action (4, 6, 13, 17,

20  20, 21, 22, 23) under 42 U.S.C. §§ 1983, 1985, and 1986, as well as negligence against Mr. Herzer,

21  including violations of First, Eighth, and Fourteenth Amendments, conspiracy to obstruct justice and

22  deprivation of rights, and neglect to prevent denials of due process.

23

DEFENDANTS KING COUNTY, CORNWALL, CURTIS,
HERZER, AND SALLE'S RULE 12 MOTION TO DISMISS - 4
2:24-cv-00808-JHC

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

Benshoof alleges that as a DAJD employee and supervisor, Curtis violated his constitutional rights by denying him access to paper, envelopes and postage, by filing a sworn declaration on November 13, 2024 that "every KCCF resident is provided a copy of the Inmate Handbook, which provides information about jail rules and privileges," and by not responding to repeated voicemails left by Benshoof from jail. *Id.* ¶¶ 355, 357, 359, 361, 364, 360, 366, 512, 534-535. Plaintiffs bring seven causes of action (4, 6, 13, 20, 21, 22, 23) under 42 U.S.C. §§ 1983, 1985, and 1986 against Mr. Curtis, including violations of First, Eighth, and Fourteenth Amendments, conspiracy to obstruct justice and deprivation of rights, and neglect to prevent denials of due process.

### 2. Catherine Cornwall – in her individual capacity

Catherine Cornwall is the Clerk of the King County Superior Court. Plaintiffs alleges that beginning in July 2024, while Benshoof was in custody, his assistance of counsel, Fountain and Maggitti, attempted to file multiple state court habeas petitions on his behalf and Ms. Cornwall refused to docket Fountain's habeas petition. Dkt. 69, ¶ 524.

Plaintiffs bring seven causes of action (3, 7, 14, 20, 21, 22, 23) under 42 U.S.C. §§ 1983, 1985, and 1986, as well as negligence against Ms. Cornwall, including violations of First and Fourteenth Amendments, conspiracy to obstruct justice and deprivation of rights, and neglect to prevent denials of due process.

### 3. Julie Salle – in her individual capacity

Julie Salle is the bailiff to King County Superior Court Judge Suzanne Parisien, who was the assigned judge to Benshoof's petition for writ of mandamus, KCSC, No. 24-2-06539-3 SEA, and his felony criminal case, KCSC, No. 24-1-02680-7 SEA. Dkt. 69, ¶ 289. Benshoof alleges that on December 3, 2024, he emailed Ms. Salle for a hearing date to hear his petition for writ of mandamus but was not given a date. Judge Parisien had stricken the hearing on his mandamus petition earlier

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

1   that year in May. Ms. Salle informed Benshoof that the "Court will not hear a motion in this matter

2   until or unless ordered to do so by the Court of Appeals." *Id.* ¶¶ 290-293, 547-549. Benshoof also

3   alleges that Ms. Salle refused to accept his written habeas petition when he attempted to file it with

4   the court after Judge Parisien refuse to hear the habeas petition. *Id.* ¶ 528.

5        Plaintiffs bring seven causes of action (3, 6, 14, 20, 21, 22, 23) under 42 U.S.C. §§ 1983,

6   1985, and 1986, as well as negligence against Ms. Salle, including violations of First and Fourteenth

7   Amendments, conspiracy to obstruct justice and deprivation of rights, and neglect to prevent denials

8   of due process.

9        **4. King County**

10       Benshoof's allegations against King County are vague and conclusory, and difficult to

11   ascertain which cause of action he attributes to which King County agency. He alleges a number of

12   facts and claims ostensibly against King County that are attributable to the orders and judicial acts of

13   King County Superior Court or superior court judges. Dkt. 69, ¶¶ 143, 150-151, 153-156, 194-200,

14   202-212, 227-233, 242, 245, 247-250, 257, 261-269, 289-294, 487, 500-507, 510-528, and 538-549.

15   However, Plaintiffs did not name King County Superior Court or any King County superior court

16   judge as defendants in the FAC.

17       Benshoof alleges that King County facilitated perjury, fraud, kidnapping, and conspiracy in

18   the parentage action between him and Ms. Owen, KCSC No. 21-5-00680-6 SEA. *Id.*, pg 3, lines 6-

19   20, ¶¶ 138-143; that King County interfered in his familial association with his son, ¶ 713; that King

20   County had a policy, practice, or widespread custom of prosecuting or retaliating against him for

21   exercising his right to petition for redress of grievances, ¶¶ 522, 560-586.

22       Benshoof also alleges that King County jail prevented him from exercising his religious

23   beliefs while he was in custody and he was forced to use a towel to serve as his religious head

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

1  covering; that he was denied access to paper, envelopes and postage; that he was denied pro se

2  equipment; that he was denied ADA accommodations, and that he was put in solitary confinement

3  and the psychiatric housing as retaliation for educating his fellow prisoners that "wearing a face mask

4  increases the chance of contracting bacterial pneumonia." *Id.*, ¶¶ 340-352, 370-382.

5       Plaintiffs bring twelve of causes of action (4, 5, 6, 7, 13, 14, 16, 17, 18, 20, 21, 22) under 42

6  U.S.C. §§ 1983 and 1985, as well as common law fraud against King County, including violations of

7  First, Eighth, and Fourteenth Amendments, and conspiracy to obstruct justice and deprivation of

8  rights.

9                         **III.    LEGAL STANDARD**

10  **A.  Rule 12(b)(1) – Lack of Subject Matter Jurisdiction**

11       A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

12  The Court must dismiss a case if it determines that it lacks subject-matter jurisdiction "at any

13  time." Fed. R. Civ. P. 12(h)(3). A motion to dismiss for lack of subject-matter jurisdiction may be

14  either a facial attack (challenging the sufficiency of the pleadings) or a factual attack (disputing

15  the truth of the allegations in the pleadings). *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039

16  (9th Cir. 2004). "When reviewing a [facial] dismissal pursuant to Rule 12(b)(1) and 12(b)(6), 'we

17  accept as true all facts alleged in the complaint and construe them in the light most favorable to

18  plaintiff[ ], the non-moving party.'" *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122

19  (9th Cir. 2019) (second alteration in original) (quoting *Snyder & Assocs. Acquisitions LLC v.*

20  *United States*, 859 F.3d 1152, 1156–57 (9th Cir. 2017)). With a factual attack on subject matter

21  jurisdiction, a court may look beyond the complaint to matters of public record without having to

22  convert the motion into one for summary judgment and need not presume the truthfulness of the

23  plaintiffs' allegations. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

DEFENDANTS KING COUNTY, CORNWALL, CURTIS,
HERZER, AND SALLE'S RULE 12 MOTION TO DISMISS - 7
2:24-cv-00808-JHC

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

1

### B.  Rule 12(b)(5) – Insufficient Service

2

"A federal court is without personal jurisdiction over a defendant unless the defendant has

3

been served in accordance with Fed. R. Civ. P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.

4

1986)). "'Rule 4 is a flexible rule that should be liberally construed so long as a party receives

5

sufficient notice of the complaint.'" *Id.* (quoting *United Food & Com. Workers Union v. Alpha*

6

*Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). "However, neither actual notice, nor simply

7

naming the defendant in the complaint will provide personal jurisdiction without substantial

8

compliance with Rule 4." *Id.* A party may contest the sufficiency of service of process under Rule

9

12(b)(5). *See* Fed. R. Civ. P. 12(b)(5).

10

### C.  Rule 12(b)(6) – Failure to State a Claim Upon Which Relief May Be Granted

11

Dismissal is proper under Fed. R. Civ. P. 12(b)(6) when the complaint lacks a cognizable

12

legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Zixiang Li v.*

13

*Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521

14

F.3d 1097, 1104 (9th Cir. 2008)). A motion to dismiss may be granted if the complaint, with all

15

factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell*

16

*Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although

17

material facts in the complaint are taken as true and construed in the light most favorable to the

18

nonmoving party, complaints that offer no more than "labels and conclusions" or "a formulaic

19

recitation of the elements of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct.

20

1937, 173 L.Ed.2d 868 (2009); *Dichter-Mad Fam. Partners, LLP. v. United States*, 709 F.3d 749,

21

761 (9th Cir. 2013). The Court is not required "to accept as true allegations that are merely

22

conclusory, unwarranted deductions of fact, or unreasonable inferences." *Wilson v. Hewlett–*

23

*Packard Co*., 668 F.3d 1136, 1145 n. 4 (9th Cir. 2012); *Sprewell v. Golden State Warriors*, 266

DEFENDANTS KING COUNTY, CORNWALL, CURTIS,
HERZER, AND SALLE'S RULE 12 MOTION TO DISMISS - 8
2:24-cv-00808-JHC

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

F.3d 979, 988 (9th Cir.2001). The Court also need not accept as true any factual allegations that are contradicted by "matters properly subject to judicial notice or by exhibit." *Produce Pay, Inc. v. Izguerra Produce, Inc.*, 39 F.4th 1158, 1161 (9th Cir. 2022) (internal quotation marks omitted) (quoting *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1115 (9th Cir. 2014)).

## IV.    ARGUMENTS

For the following reasons, claims against King County and King County defendants Cornwall, Curtis, Herzer, and Salle should be dismissed.

### A. The *Rooker-Feldman* Doctrine Bars Any Issue That Is A De Facto Appeal of A State Court Judgment

To the extent Benshoof seeks review of King County Superior Court's rulings on child custody, no contact order, Order Restricting Abusive Litigation ("ORAL"), contempt order and sanctions arising out of ORAL, writ of habeas corpus, and writ of mandamus, this court lacks subject matter jurisdiction to review state court judgments under the *Rooker-Feldman* Doctrine. The *Rooker-Feldman* doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.,* 359 F. 3d 1136, 1139 (9th Cir. 2004); *See Rooker v. Fid. Tr. Co*., 263 U.S. 413 (1923), and *DC Ct. of App. v. Feldman*, 460 U.S. 462 (1983). A de facto appeal has occurred "when the federal plaintiff both asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment." *Kougasian*, 359 F.3d at 1139.

Plaintiffs allege the following against King County that are de facto appeals:

- Violated the First Amendment right of familial association because King County judges exceeded their statutory authority in the family law order and Order Restricting Abusive Litigation. Dkt. 69, ¶¶ 697-699, 713-715 (fifth cause of action).

- Violated the First Amendment right to petition for redress of grievance because judges refused to hear his habeas petitions and King County failed to properly train its judges and clerks regarding retaliation against Benshoof's class for exercising his

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

right to petition for redress, and there is widespread custom or practice of King County officials to deny Benshoof's class the right to petition for redress. *Id*, ¶¶ 719-755, 756-770 (sixth and seventh causes of action).

- Violated the Eighth Amendment against excess fines and cruel punishment because the Judge Ferguson's Order Restricting Benshoof's Abusive Litigation and subsequent contempt order and sanctions are cruel and unusual punishment. *Id.* ¶¶ 881-888 (thirteenth cause of action).

- Violated his Fourteenth Amendment right to due process and equal protection because King County failed to properly train its judges, employees, and prosecutors and there is widespread practice to deny A.R.W. and Benshoof's class due process and equal protection. *Id,* ¶¶ 914-915, 981, 989, 1049-1058 (fourteenth, sixteenth, seventeenth, twentieth causes of action).

- Committed common law fraud by allowing Owen and her attorneys to present false information in state court proceedings. *Id,* ¶¶ 990-1025 (eighteenth cause of action).

By asserting allegedly erroneous state court orders and judicial acts as his constitutional injury, and by asking this District Court to set aside the rulings of both County and City courts, Benshoof is asserting a de facto appeal of state court judgments.

Upon finding a de facto appeal, the court must identify and decline to exercise jurisdiction over any issue that is "inextricably intertwined with an issue resolved by the state court in its judicial decision." *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003). The claims alleged in causes of action 5, 6, 7, 13, 14, 16, 17, 18, and 20 are inextricably intertwined with the state court judgments that have already been litigated in state trial and appellate courts, and this Court lacks subject matter jurisdiction due to the *Rooker-Feldman* doctrine. These claims should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## B. Plaintiff Benshoof's "Negligence Action" against Cornwall and Salle Should be Dismissed (third cause of action)

Plaintiffs' negligence cause of action fails for lack of plausible facts to support each element of the claim. Benshoof asserts a negligence claim against Cornwall, Salle and other defendants for rendering criminal assistance to the "kidnapping of A.R.W." based on the premise that defendants

DEFENDANTS KING COUNTY, CORNWALL, CURTIS, HERZER, AND SALLE'S RULE 12 MOTION TO DISMISS - 10
2:24-cv-00808-JHC

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

1    "acted to prevent or obstruct…Benshoof from seeking legal redress that might aid in the discovery or

2    apprehension of Lerman or Owen for the kidnapping of A.R.W.", and that the violations of RCW

3    9A.76.070 (rendering criminal assistance in the first degree) and RCW 9A.76.080 (rendering criminal

4    assistance in the second degree) by these defendants is the proximate cause of the concealment of

5    A.R.W. from Benshoof. Dkt. 69, ¶ 649, 660.

6    Fed. R. Civ. P. 8(a)(2) requires the complaint to contain "a short and plain statement of the

7    claim showing that the pleader is entitled to relief." "In assessing whether Rule 8(a)(2) has been

8    satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether

9    those elements could be proven on the facts pled." *King v. Garfield Cnty Pub. Hosp. Dist*, 15

10   F.Supp.3d 1111, 1115 (E.D. Wash. 2014).

11   Under Washington State law, the elements of negligence are: (1) The existence of a duty of

12   care owed to the complaining party; (2) a breach thereof; (3) a resulting injury; and (4) a proximate

13   cause between the claimed breach and the resulting injury." *Id*. (quoting *Pedroza v. Bryant,* 101

14   Wn.2d 226, 228, 677 P.2d 166 (1984)).

15   In the FAC, there are no plausible facts to support the assertion that A.R.W. has been

16   kidnapped. Quite the contrary, it is well established that state court granted sole custody of A.R.W. to

17   Ms. Owen and restrained Benshoof's contact. *See* Dkt. 21, Ex. 1. The FAC is also devoid of facts

18   necessary to prove each element of an actionable negligence claim. Therefore, Plaintiffs' negligence

19   cause of action should be dismissed.

20   **C.  42 U.S.C. Claims**

21   Plaintiffs brought claims under 42 U.S.C. §§ 1983, 1985, and 1986 against Defendants.  Each

22   of the claims should be dismissed for failure to state a cognizable legal theory or failure to state

23   sufficient facts to support a cognizable legal theory.

DEFENDANTS KING COUNTY, CORNWALL, CURTIS,
HERZER, AND SALLE'S RULE 12 MOTION TO DISMISS - 11
2:24-cv-00808-JHC

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

1

2

    **1.** **Plaintiffs have failed to adequately plead *Monell* claims under 42 U.S.C. § 1983 against King County (causes of action 4, 5, 6, 7, 13, 14, 16, 17, 20, 21, 22)**

3

    Plaintiffs failed to state a cognizable *Monell* claim against King County. "A government entity

4

may not be held liable under 42 U.S.C. § 1983 unless a policy, practice, or custom of the entity can

5

be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of*

6

*Covina*, 654 F.3d 892, 900 (9th Cir. 2011), citing *Monell v. Dep't of Soc. Servs. of New York,* 436

7

U.S. 658, 694, 98 S.Ct. 2018 (1978). In addition, government entity may not be held responsible for

8

the acts of its employees under the theory of vicarious liability. *Id.* at 691. In a *Monell* claim, a plaintiff

9

must prove that action pursuant to an official policy caused their injury. *Connick v. Thompson*, 563

10

U.S. 51, 60 (2011). Official policy includes decisions of the government's lawmakers, acts of its

11

policymaking officials, and practices so widespread and persistent as to the have the force of law. *Id.*

12

at 61.

13

    Plaintiffs' § 1983 claims against Herzer and Curtis in their official capacities should be treated

14

as a *Monell* claim, as the real party in interest in an official-capacity suit is the governmental entity

15

and not the named official." *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

16

    Plaintiffs repeatedly stated that "City and County officials had a policy, practice, or

17

widespread custom" in the FAC. Dkt. 69, ¶¶ 560-586. But without citing facts, Plaintiffs simply

18

conclude that City and County acted according to the "policy, practice, or widespread custom" to

19

prosecute or deny rights to Benshoof's class. *Id*. This is exactly the type of conclusory allegations that

20

are insufficient to raise a right to relief and to withstand a motion to dismiss. *Ivey v. Bd. of Regents of*

21

*Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official

22

participation in civil rights violations are not sufficient to withstand a motion to dismiss."); *McTigue*

23

*v. City of Chicago*, 60 F.3d 381, 382–83 (7th Cir. 1995) ("Boilerplate allegations of a municipal

policy, entirely lacking in any factual support that a [municipal] policy does exist, are insufficient....

DEFENDANTS KING COUNTY, CORNWALL, CURTIS,
HERZER, AND SALLE'S RULE 12 MOTION TO DISMISS - 12
2:24-cv-00808-JHC

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

1    The absence of any facts at all to support plaintiff's claim renders the allegations mere legal

2    conclusions of section 1983 liability devoid of any well-pleaded facts.") (quoting *Baxter by Baxter v.*

3    *Vigo Cnty. Sch. Corp.*, 26 F.3d 728, 736 (7th Cir. 1994)).

4           Plaintiffs also allege harm as a result of the County's failure to train its judges, clerks, officials,

5    prosecutors, and employees not to violate Benshoof's right to petition for redress, due process of law,

6    or equal protection, and not to subject him to excessive fines or cruel punishments. Dkt. 69, ¶¶ 755,

7    770, 909, 939, 981, 989, 1055, 1058, 1067, 1070, 1084.

8           "In limited circumstances, a local government's decision not to train certain employees about

9    their legal duty to avoid violating citizen's rights may rise to the level of an official government policy

10   for purposes of § 1983." *Connick v*, 563 U.S. at 61. To be actionable under § 1983, a municipality's

11   failure to train its employees must amount to "deliberate indifference to the rights of persons with

12   whom the [untrained employees] come into contact." *Id.* (quoting *City of Canton v. Harris*, 489 U.S.

13   378, 389 (1989)). "'Deliberate indifference' is a stringent standard of fault, requiring proof that a

14   municipal actor disregarded a known or obvious consequence of his action." *Id.* (quoting *Bd. of Cnty.*

15   *Com'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997).

16          Under this standard, Plaintiffs must allege facts to show that County disregarded the known

17   or obvious consequence that a particular omission in their training would cause employees to violate

18   citizens' constitutional rights; Plaintiffs failed to plead such facts. Other than conclusory allegations

19   to establish that Defendants or any government officials caused him constitutional injury, Plaintiffs

20   have not demonstrated that the County showed deliberate indifference that led to any alleged failure

21   to train. Plaintiffs have not met the stringent burden of a *Monell* claim based on failure to train.

22          Given that there are no factual allegations sufficient to support a *Monell* claim, the § 1983

23   claims against King County, and Herzer and Curtis in their official capacities should be dismissed.

DEFENDANTS KING COUNTY, CORNWALL, CURTIS,
HERZER, AND SALLE'S RULE 12 MOTION TO DISMISS - 13
2:24-cv-00808-JHC

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

1

2

### 2. Plaintiffs have failed to adequately plead Conspiracy against Defendants under 42 U.S.C. § 1985 (causes of action 21 and 22)

Plaintiffs assert two 42 U.S.C. § 1985 claims that overlap with § 1983 claims. First, he brings a claim for "conspiracy to obstruct justice" under § 1985(2) against all King County Defendants except for Curtis. *See* Dkt. 69, ¶¶ 1059-1070 (twenty-first cause of action). Second, he brings a claim for "conspiracy to deprive rights and privileges" under § 1985(3) against all King County Defendants. *See id.* ¶¶ 1071-1084 (twenty-second cause of action).

Plaintiffs failed to state a claim under either of these subsections. 42 U.S.C. § 1985(2) prohibits conspiracies to deter by force, intimidation, or threat, any party or witness from attending court, or to impede the due course of justice with intent to deny any citizen the equal protection of the law. *Benshoof v. Admon, et al.,* No. 2:23-cv-1392 JNW, 2024 WL 3227137 *18 (W.D. Wash. June 28, 2024). Benshoof offers no plausible evidence or fact of the existence of a conspiracy among the government and private defendants. In addition, Benshoof offer only the conclusory allegation that Defendants' acts, or willful failures to act, were intended to deter his attendance or testimony in federal court, or intended to deny him equal protection of the law. *See* Dkt. 69, ¶¶ 1078, 1082, 1095.

Section 1985(3) prohibits conspiracies for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C.A. § 1985(3). To plead a claim for conspiracy under § 1985(3), the complaint must allege and prove four elements: (1) a conspiracy; (2) to deprive any person or class of persons of the equal protection or equal privileges or immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson,* 6 F.3d 683, 686 (10th Cir. 1993) (citing *Griffin v. Breckenridge,* 403 U.S. 88, 102–03 (1971)).

DEFENDANTS KING COUNTY, CORNWALL, CURTIS,
HERZER, AND SALLE'S RULE 12 MOTION TO DISMISS - 14
2:24-cv-00808-JHC

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

As to conspiracy under the first element, a plaintiff must allege, "either by direct or circumstantial evidence, a meeting of the minds or agreement among the defendants." *Page v. Clark Cnty. Fire District 6*, 733 F. Supp.3d 1006, 1019 (W.D.Wash. 2024) (quoting *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1126 (10th Cir. 1994)).

As to deprivation under the second element, § 1985(3) "does not 'apply to all tortious, conspiratorial interferences with the rights of others,' but rather, only to conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Tilton,* 6 F.3d at 686 (quoting *Griffin*, 403 U.S. at 101–02). A class, to be cognizable, must connote "something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors." *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 269 (1993)).

Plaintiffs fail to show the elements necessary to a § 1985 claim. First, the FAC offers nothing but unreasonable inferences and conclusory allegations that government and private defendants conspired with one another to prosecute, retaliate, or punish Benshoof and his class. There is no evidence or facts to show that defendants had a meeting of the minds or any kind of agreement amongst themselves. Second, Plaintiffs fail to provide factual or legal support that they are members of a class entitled to § 1985(3) protection, much less that they were targeted as a result of their membership in the protected class.

Because the Plaintiffs fail to assert a cognizable claim under 42 U.S.C. § 1985(2) or (3), the conspiracy claims under causes of action 21 and 22 should be dismissed.

### 3.   Plaintiffs have failed to adequately plead Negligent to Prevent against Defendants under 42 U.S.C. § 1986 (cause of action 23)

DEFENDANTS KING COUNTY, CORNWALL, CURTIS, HERZER, AND SALLE'S RULE 12 MOTION TO DISMISS - 15
2:24-cv-00808-JHC

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

1    Plaintiffs assert one claim under 42 U.S.C. § 1986 against Cornwall, Curtis, Herzer, and

2    Salle in their individual capacities for neglect to prevent §§ 1983 and 1985 violations. Dkt. 69, ¶¶

3    1085-1097.

4    A cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under

5    § 1985. *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985), citing *Mollnow v. Carlton,* 716

6    F.2d 627, 632 (9th Cir. 1983). To state a claim under § 1986, a plaintiff must plead that the defendant

7    had knowledge of the § 1985 conspiracy and had the ability to prevent it but failed to act. *Page v.*

8    *Clark Cnty. Fire Dist. 6*, 733 F. Supp. 3d 1006, 1019 (W.D. Wash. 2024). Failure to adequately allege

9    a § 1985 conspiracy is fatal to a § 1986 claim. *Mollnow* 716 F.2d at 632.

10    For the reasons stated in section C.2 of this motion, Plaintiffs failed to state a claim under §

11    1985, therefore, the § 1986 claim also fail and the twenty-third cause of action should be dismissed.

12    **D.  Cornwall, Curtis, Herzer, and Salle are Entitled to Immunities**

13    Plaintiffs sued four King County employees in their individual capacities. In addition to the

14    lack of facts to support Plaintiffs' claims, the claims against the individual defendants are also barred

15    by immunities.

16    **1.  Qualified Immunity – Cornwall, Curtis, Herzer, and Salle**

17    Defendants Cornwall, Curtis, Herzer, and Salle are entitled to qualified immunity and should

18    be dismissed from this lawsuit with prejudice.

19    Qualified immunity is available to government officials sued in their individual capacities

20    and is an immunity from suit rather than a mere defense to liability. *Cmty. House, Inc. v, City of*

21    *Boise Idaho*, 623 F.3d 945, 965 (9th Cir. 2010); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

22    The doctrine serves to balance "the need to hold public officials accountable when they exercise

23    power irresponsibly and the need to shield officials from harassment, distraction, and liability

DEFENDANTS KING COUNTY, CORNWALL, CURTIS,
HERZER, AND SALLE'S RULE 12 MOTION TO DISMISS - 16
2:24-cv-00808-JHC

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

1    when they perform their duties reasonably." *Pearson,* 555 U.S. at 231. Courts must resolve

2    "immunity questions at the earliest possible stage in litigation." *Id.* at 232 (quoting *Hunter v.*

3    *Bryant,* 502 U.S. 224, 227 (1991)).

4         Courts assess whether qualified immunity applies through a two-prong inquiry: (1) whether

5    the public official has violated a plaintiff's constitutional right; and (2) whether the particular right

6    was clearly established at the time of the alleged violation such that a reasonable official would

7    understand their conduct was unlawful. *Pearson, 555 U.S.* at 236. Courts may address either prong

8    first, depending on the circumstances of the case. *Id.* As to the second step, "[a]n officer cannot be

9    said to have violated a clearly established right unless the right's contours were sufficiently definite

10   that any reasonable official in [his] shoes would have understood that he was violating it, meaning

11   that existing precedent ... placed the statutory or constitutional question beyond debate." *City and*

12   *County of San Francisco, Cal. v. Sheehan*, 575 U.S. 600, 611 (2015) (alteration and omission in

13   original; citation omitted). This is an "exacting standard" that "gives government officials

14   breathing room to make reasonable but mistaken judgments by protect[ing] all but the plainly

15   incompetent or those who knowingly violate the law." *Id.* (alteration in original; internal quotation

16   marks omitted).

17        Qualified immunity is clearly applicable to Cornwall, Curtis, Herzer, and Salle because they

18   have not violated Plaintiffs' constitutional rights. First, Plaintiffs fail to state facts sufficient to

19   establish that Cornwall, Salle, Curtis, and Herzer violated Plaintiffs' constitutionally protected rights.

20   Plaintiffs make strikingly similar conclusory allegations in the FAC regarding the First and Fourteenth

21   Amendment causes of action against government employees that have already been dismissed in

22   Benshoof's prior cases in this jurisdiction. *See Benshoof v. Admon,* 2024 WL 3227137; *Benshoof v.*

23

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

*City of Shoreline,* No. 2:24-cv-00343-TL, Dkt. 103.[3] In particular, Plaintiffs allege that Defendants violated Benshoof's First Amendment rights of "free exercise of religion" and "right to petition for redress of grievances", as well as the Fourteenth Amendment rights to "due process" and "equal protection. Plaintiffs also allege that Curtiss and Herzer violated Eighth Amendment prohibition against "excessive fines and cruel punishment."

Second, even assuming *arguendo* that the facts pleaded were sufficient, the acts of Cornwall, Salle, Curtis, and Herzer alleged in the FAC do not rise to the level of constitutional violation when they are merely performing their regular job duties and no reasonable official would understand their conduct was unlawful. Plaintiffs allege the following acts to attribute constitutional violations to each defendant:

- Cornwall – refused to docket Fountain's habeas petition delivered to the Clerk's Office. Dkt. 69, ¶ 524.

- Curtis – denied Benshoof access to paper, envelopes and postage while in custody; filed a sworn declaration that "every KCCF resident is provided a copy of the Inmate Handbook, which provides information about jail rules and privileges"; and by not responding to repeated voicemails left by Benshoof from jail. *Id.* ¶¶ 355, 357, 359, 361, 364, 360, 366, 512, 534-535.

- Herzer – denied Benshoof access to paper, envelopes and postage; represented DAJD in court and made legal arguments opposing Benshoof's positions, and by not responding to repeated voicemails left by Benshoof from jail. *Id.* ¶¶ 353, 360, 512, 533-535.

- Salle – informed Benshoof that the "Court will not hear a motion in this matter until or unless order to do so by the Court of Appeals," and refused to accept Benshoof's written habeas petition when he attempted to file it with the court after the judge declined to hear it. *Id.* ¶¶ 290-293, 547-549.

---

[3] A court may take judicial notice of proceedings of other courts of record if those proceedings have a direct relation to matters at issue. *Trigueros v. Adams,* 658 F.3d 983, 987 (9th Cir. 2011). Judicial notice is particularly appropriate for court records (including the court's own records) in prior litigation related to the case before it. *Amphibious Partners, LLC v. Redman,* 534 F.3d 1357, 1361-1362 (10th Cir. 2008).

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

These acts are part of regular functions of the defendants' respective job duties and do not violate any clearly established statutory or constitutional rights of which reasonable person would have known. Plaintiffs have thus failed to overcome the second prong of a qualified immunity analysis. Since qualified immunities apply to Cornwall, Curtis, Herzer, and Salle, they are immune from these claims and should be dismissed with prejudice.

### 2. Prosecutorial Absolute Immunity – Herzer

Senior Deputy Prosecuting Attorney Pascal Herzer is also entitled to absolute immunity as a prosecutor and should be dismissed from this matter. In the FAC, Plaintiffs misidentified Mr. Herzer as an employee of the King County DAJD. Dkt. 69, pg 10. Mr. Herzer is a prosecutor in the civil division of the King County Prosecutor's Office who works with DAJD.

Prosecutors are absolutely immune from § 1983 actions when performing functions associated with the judicial process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Government civil attorneys are also entitled to absolute prosecutorial immunity. See *Fry v. Melaragno*, 939 F.2d 832, 837–38 (9th Cir. 1991). "Whether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or an agency hearing, absolute immunity is "necessary to assure that ... advocates ... can perform their respective functions without harassment or intimidation." *Id*. at 837 (internal citation omitted). If the government attorney is performing acts "intimately associated with the judicial phase" of the litigation, that attorney is entitled to absolute immunity from damage liability. *Id*. at 837. Absolute immunity applies even when the attorney's conduct is alleged to be improper, so long as the conduct occurred within the scope of advocacy-related functions. *Imbler*, 424 U.S. at 430-31.

Benshoof alleges the following actions from Herzer:

- Herzer represented DAJD at a hearing before Judge Chin in Seattle Municipal Court on September 9, 2024 and admitted that DAJD previously granted an ADA to provide a

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

computer with word processing software to another inmates but claimed that it was unreasonable for DAJD to comply with Benshoof's request for the same. Dkt. 69, ¶ 353.

- Herzer responded to Personal Restraint Petition No. (Ex. #0502-0510), which included statements from Gregg Curtis that Benshoof believes to be false and intended to deceive the Washington Court of Appeals by concealing the violations of Benshoof's rights. *Id.*, ¶¶ 533-534.

Although Plaintiffs assign violations of First, Eighth, and Fourteenth Amendments to these actions, even assuming that the allegations are true, Herzer's actions are prosecutorial in nature because they are based on his official conduct representing a county government agency. Absolute prosecutorial immunity thus bars Plaintiffs' § 1983 claims against Herzer and he should be dismissed with prejudice from this matter.

### 3. Quasi-Judicial Immunity – Cornwall and Salle

Defendants Catherine Cornwall and Julie Salle are additionally entitled to quasi-judicial immunity as the Clerk of the King County Superior Court and the bailiff to a King County Superior Court Judge who performing functions integral to the judicial process, and should be dismissed from this case.

Quasi-judicial immunity extends absolute immunity to nonjudicial officers when they perform functions that are closely associated with the judicial process. *Moore v. Brewster,* 96 F.3d 1240, 1244 (9th Cir. 1996). The doctrine serves to protect not only the decision-making authority of judges but also the integrity of the judicial process itself. Judicial immunity "protects those who serve a function closely associated with the judicial process," shielding them from liability that could deter their independent and impartial execution of court functions. *Burton v. Infinity Capital Mgmt.*, 793 F.3d 1003, 1009 (2015). While judges enjoy absolute judicial immunity for judicial acts, non-judicial court officials, including bailiffs and clerks, are entitled to quasi-judicial immunity when performing

DEFENDANTS KING COUNTY, CORNWALL, CURTIS, HERZER, AND SALLE'S RULE 12 MOTION TO DISMISS - 20
2:24-cv-00808-JHC

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

tasks that are integral to the judicial process and involve discretionary functions under the direction of a judge. *Antoine v. Byers & Anderson Inc.*, 508 U.S. 429, 435–36 (1993).

The scope of quasi-judicial immunity is determined by a functional approach; "the relevant inquiry is the nature of the function performed, not the identity of the actor who performed it." *Id.* Thus, immunity extends to court personnel such as court clerks and bailiffs when their duties are integral to the judicial process. *E.g.*, *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987), *Moore*, 96 F.3d at 1244 ("The concern for the integrity of the judicial process that underlies the absolute immunity of judges is reflected in the extension of absolute immunity to certain others who perform functions closely associated with the judicial process.").

In this case, Cornwall's alleged action relate to the filing of a petition in King County Superior Court. Dkt. 69, ¶ 762. Salle's alleged action relate to the hearing date(s) and filing of pleadings for the matters over which her assigned judge presides. *Id.*, ¶ ¶¶ 290-293, 528, 547-549. Both were performing functions within their duties that are integral to the judicial process. Therefore, Ms. Cornwall and Ms. Salle are entitled to quasi-judicial immunity and should be dismissed with prejudice.

### E.  The FAC against Defendant Gregg Curtis should be Dismissed for Insufficient Process and Insufficient Service of Process

The FAC against Curtis should be dismissed for insufficient process and improper service. Curtis joined in the City of Seattle's Reply to Plaintiffs' Response (Dkt. 126) to Order to Show Cause and Objection to Proof of Service. Dkt. 134. Curtis hereby incorporates by reference the authorities and arguments stated in the City's request to dismiss the FAC based on insufficient process and service of process.

#### 1.  The FAC against Curtis should be dismissed under Rule 12(b)(4) for Insufficient Process

DEFENDANTS KING COUNTY, CORNWALL, CURTIS,
HERZER, AND SALLE'S RULE 12 MOTION TO DISMISS - 21
2:24-cv-00808-JHC

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

1    "Rule 12(b)(4) permits defendants to move for dismissal due to insufficient process." *Prout*

2    *v. U.S.E.E.O.C.*, No. 23-cv-2105 JLC, (S.D. Ca, July 15, 2024), 2024 WL 3418170 *7.

3        Under Fed R. Civ. P. 4(a), a summons must be signed by the clerk and bear the court's seal.

4    Per Rule 4(b), the plaintiff may present a summons to the clerk for signature and seal, and the clerk

5    must sign, seal and issue the summons to the plaintiff for service on the defendant.

6        The court's docket shows that the clerk issued summons for several defendants, but none were

7    issued for Curtis. Dkt. 70. Although Plaintiffs claim to have served Curtis in their response to the

8    Court's order to show cause (Dkt. 125), the summons would have been insufficient since a properly

9    signed and sealed summons never issued for Curtis.

10        **2.    The FAC against Curtis should be dismissed under Rule 12(b)(5) for Insufficient Service of Process**

11

12        Rule 12(b)(5) authorizes dismissal due to insufficient service of process. *Cranford v. U.S.*,

13    359 F.Supp.2d 981, 984 (E.D. Ca, 2005).

14        Under Fed. R. Civ. P. 4(c)(1), Plaintiffs are "responsible for having the summons and

15    complaint served within the time allowed by Rule 4(m)…." According to Rule 4(m), a Defendant

16    must be served within 90 days of the filing of the Complaint, unless plaintiff can show good cause

17    why such could not be accomplished.

18        Although Plaintiffs claim to have served Curtis, the proof of service on page 99 of Dkt. 125-

19    1 shows a Covington, Washington address which does not belong to Curtis, and Curtis has provided

20    a declaration that he has not been served. *See* Declaration of Gregg Curtis, Dkt. 135.

21                    **V.    CONCLUSION**

22        Defendants King County, Cornwall, Curtis, Herzer, and Salle should be dismissed from this

23    case because Plaintiffs have failed to state claims for which relief can be granted, and individual

defendants are entitled to immunities.

DEFENDANTS KING COUNTY, CORNWALL, CURTIS,
HERZER, AND SALLE'S RULE 12 MOTION TO DISMISS - 22
2:24-cv-00808-JHC

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

1

2          I certify that this memorandum contains 6,869 words, in compliance with the Local Civil
Rules.

3

4          DATED this 6th day of June, 2025.

5                                                 LEESA MANION (she/her)
                                                  Prosecuting Attorney

6
                                                  By: ___s/ Peggy Wu_____
7                                                 Peggy Wu, WSBA #35941

8                                                 Senior Deputy Prosecuting Attorney
                                                  King County Prosecuting Attorney's Office, Civil
9                                                 Division
                                                  701 5th Ave, Suite 600
10                                                Seattle, WA  98104
                                                  Phone: (206) 477-1120
11                                                pwu@kingcounty.gov
                                                  Attorney for King County, Catherine Cornwall,
12                                                Gregg Curtis, Pascal Herzer, and Julie Salle

13

14

15

16

17

18

19

20

21

22

23

DEFENDANTS KING COUNTY, CORNWALL, CURTIS,
HERZER, AND SALLE'S RULE 12 MOTION TO DISMISS - 23
2:24-cv-00808-JHC

Leesa Manion (she/her)
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

1

## CERTIFICATE OF FILING AND SERVICE

2

    I hereby certify that on June 6, 2025, I electronically filed the foregoing document with

3

the Clerk of the Court using the electronic filing system and sent the same through the e-service

4

application to the following:

5

| | |
|---|---|
| *Pro Se Plaintiff* | *Attorneys for Defendant City of Seattle* |
| Kurt Benshoof | Dallas LePierre, WSBA# 47391 |
| Prisoner ID: 448305 | Email: dallas.lepierre@seattle.gov |
| Washington Corrections Center | Carson Canonie, WSBA #62464 |
| PO BOX 900 | Email: Carson.Canonie@seattle.gov |
| SHELTON, WA 98584 | City of Seattle Attorney's Office |
| Email: | 701 5th Avenue, Suite 2050 |
| DOCWCCInmateFederal@DOC1.WA.GOV | Seattle, WA 98104 |
| kurtbenshoof@gmail.com | Ph: (206) 684-8200 |
| Kurtbenshoof1@gmail.com | |

6

7

8

9

10

| | |
|---|---|
| *Pro Se Plaintiff* | *Pro Se Plaintiff* |
| Brett Fountain | Urve Maggitti |
| 2100 W NW HWY | 244 Blackburn DR |
| 114 #1115 | Berwyn, PA 19312 |
| Grapevine, TX 76051-78708 | 917-340-0561 |
| kb407@exposelegalcorruption.com | Email: urve.maggitti@gmail.com |

11

12

13

14

| | |
|---|---|
| *Attorneys for Fox, Goslin, Mitchell* | Howard Brown |
| Darren A. Feider, WSBA #22430 | 1003 West Michigan Street |
| Email: dfeider@sbj.law | Hammond, LA 70401 |
| Monica Ghosh, WSBA #56589 | *[Pro Se Interested Party]* |
| Email: mghosh@sbj.law | |
| SEBRIS BUSTO JAMES | |
| 15375 SE 30th Place, Suite 310 | |
| Bellevue, WA 98007 | |
| (425) 454-4233 | |

15

16

17

18

19

| | |
|---|---|
| *Attorney for Jessica Owen* | *Attorney for Sarah N. Turner and Michael C. Tracy* |
| Aric S. Bomsztyk, WSBA #38020 | Todd Bowers, WSBA No. 24638 |
| Tomlinson Bomsztyk Russ | Gordon Rees Scully Mansukhani, LLP |
| 1000 Second Avenue, Suite 3660 | 701 5th Avenue, Suite 2100 |
| Seattle, Washington 98104 | Seattle, WA 98104 |
| Telephone: 206.621.1871 | Phone: (206) 695-5178 |
| Email: asb@tbr-law.com | Fax: (206) 689-2822 |
| | Email: tbowers@grsm.com |

20

21

22

23

DEFENDANTS KING COUNTY, CORNWALL, CURTIS, HERZER, AND SALLE'S RULE 12 MOTION TO DISMISS - 24
2:24-cv-00808-JHC

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191

1    I declare under penalty of perjury under the laws of the State of Washington that the foregoing is

2    true and correct.

3        DATED this 6th day of June, 2025.

4

5                                By:   s/ Heidi Lau
                                     Heidi Lau
6                                    Paralegal, Civil Division
                                     King County Prosecuting Attorney's Office

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

DEFENDANTS KING COUNTY, CORNWALL, CURTIS,
HERZER, AND SALLE'S RULE 12 MOTION TO DISMISS - 25
2:24-cv-00808-JHC

**Leesa Manion (she/her)**
Prosecuting Attorney
CIVIL DIVISION
701 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1120 Fax (206) 296-0191