UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT BENSHOOF et al., <br><br> Plaintiffs, <br><br> v. <br><br> ANDREA CHIN et al., <br><br> Defendants. | CASE NO. 2:24-cv-00808-JHC <br><br> ORDER |

# I

## INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion to Validate or Extend Time for Service, Dkt. # 142. Plaintiffs say the Court should afford them additional time to complete service or validate their attempts at service. Dkt. # 142. For the reasons discussed below, the Court DENIES the motion to validate or extend time for service, DISMISSES this matter without prejudice, and STRIKES the motions pending at Dkt. ## 140, 141, 143 as moot.

//

//

//

ORDER - 1

## II

### BACKGROUND

Plaintiffs' Complaint was filed over a year ago on June 7, 2024.  Dkt. # 1.  And Plaintiffs' Amended Complaint was filed on February 11, 2025.  Dkt. # 69.  On April 3 and May 7, 2025, Plaintiffs filed a Motion to Extend Time for Service.  Dkt. ## 101, 113.  At the time, Plaintiffs had attempted to show proof of service for only one Defendant that remained in the case and the Court denied these requests.  Dkt. # 114; *see* Dkt. # 120 at 2.  Plaintiffs' Renewed Emergency Motion for Extension of Time to Serve Defendants was also denied.  Dkt. ## 116, 118.

On May 13, 2025, the Court ordered Plaintiffs to show cause within seven days why this action should not be dismissed for failure to comply with Rule 4(m).  Dkt. # 120.  Plaintiffs then filed an Emergency Motion for Telephonic Conference with Chambers to "inform[ ] chambers on the record that Benshoof is held without any ability to communicate due to incarceration."  Dkt. # 122 at 2–3.  And on May 19, Plaintiffs filed a response to the Court's order to show cause.  Dkt. ## 124, 125.  Plaintiffs' response purported to show several Defendants were served and asked the Court for more time to serve Defendants that had not yet been served.  Dkt. ## 125 at 2–10, 125-1.  Alternatively, Plaintiffs asked the Court to allow service by publication.  Dkt. # 125 at 10.

Defendant City of Seattle then entered a special appearance to contest service.  Dkt. # 126.  The City argued that Plaintiffs have not properly served any Defendant because the associated summonses are not signed, nor do they bear the Court's seal.  *Id.* at 3.  The Court provided Plaintiffs with a week to respond to the City's motion, and, after Plaintiffs filed a request for an extension, the deadline for Plaintiffs to respond was extended an additional three days.  Dkt. ## 129, 136, 137.

In response, Plaintiffs now raise four arguments. Dkt. # 142. First, they say any service deficiencies should be excused because they lacked access to the official summonses. *Id.* at 2–3. Second, they argue Defendants have waived any Rule 4 objections through notice and participation. *Id.* at 3-4. Third, they say the Court can simply cure any defect with the summonses. *Id.* at 4. Fourth, Plaintiffs contend that dismissing this action under Rule 4 will inflict an irreversible harm against Plaintiff Benshoof because a vexatious litigant order has been entered against him and the vexatious litigant order effectively functions as a filing ban. *Id.* at 4. Plaintiffs also filed another habeas corpus petition on behalf of Plaintiff Benshoof and a motion to clarify the Court's orders. Dkt. ## 140, 141; *see* Dkt. # 115 (denying habeas corpus petition for Plaintiff Benshoof).

### III

#### DISCUSSION

A.  Rule 4

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure] 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rule 4 requires a plaintiff to serve the defendant with a summons and copy of the complaint and sets forth the specific requirements for doing so. *See* Fed. R. Civ. P. 4. "Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). The plaintiff is the party that bears the burden of proving proper service under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

ORDER - 3

Two key provisions of Rule 4 apply here.  First, Rule 4(b) explicitly requires that a summons be signed and bear the court's seal.  Fed. R. Civ. P. 4(b); *see* 4(a)(F); 4(a)(G).  Failure to comply with these requirements represents a "flagrant disregard" for the rules of service and is grounds for dismissal because these defects cannot be cured by amendment.  *Clancy v. Allstate Ins. Co.*, 2021 WL 3861421, at *3 (N.D. Cal. Aug. 30, 2021); *Ballon v. L. Offs. of Robin W. Enos*, 2006 WL 8455278, at *3 (S.D. Cal. Dec. 6, 2006) (collecting cases).

Second, Rule 4(m) provides the time limit for service:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Filing an amended complaint does not provide an additional 90 days for service.  4B Charles Alan Wright et al., Federal Practice and Procedure § 1137 (6th ed. 2023); *see Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006).  But when new parties are added to an amended complaint, the 90-day period starts for the newly added defendants.  4B Charles Alan Wright et al., *Federal Practice and Procedure* § 1137 (6th ed. 2023); *see Lee v. Airgas Mid-S., Inc.*, 793 F.3d 894, 898 (8th Cir. 2015).  So, to comply with Rule 4(m), Defendants named in Plaintiffs' Complaint needed to be properly served by September 5, 2024; and new Defendants named in the Amended Complaint needed to be properly served by May 12, 2025.

Plaintiffs have not met these baseline requirements of Rule 4.  The documents they have submitted that purport to show service of Defendants do not include a summons bearing the seal of the United States District Court for the Western District of Washington and the Clerk's signature.  Fed. R. Civ. P. 4(b), 4(l); *see* Dkt. ## 124-1 at 45, 58, 88, 91; 125-1 at 110, 123, 153, 156.  In addition, the deadline for service of all Defendants has passed, so Plaintiffs have not

ORDER - 4

properly served Defendants within the time limit provided by Rule 4(m). These procedural flaws are fatal to proper service and dismissal without prejudice is proper. The contrary arguments raised by Plaintiffs are unavailing.

       1.       Sealed Summonses

Plaintiffs first contend the absence of the seal and signature on the summonses should be excused because the original summonses were under seal. Dkt. # 142 at 2. But the Clerk provided signed versions of the summonses bearing the court's seal that remained unsealed and available to Plaintiffs on the electronic docket for more than a month. Dkt. ## 70, 88. Although Plaintiffs say that "[a]t no time have Plaintiffs Maggitti or Fountain had access to the sealed summonses in Dkt. 70," this is contradicted by the fact these Plaintiffs filed documents directly through the court's CM/ECF system when these summonses were publicly available. *See* Dkt. ## 86, 87. So it is clear Plaintiffs Maggitti and Fountain had access to the court's electronic docket while this information was still publicly available. Plaintiffs Maggitti and Fountain also opposed the motion to seal the summonses, so they were aware that the Court was considering whether to put this information under seal before it was later sealed. Dkt. # 87. Plaintiffs could have also come to the courthouse and gotten the summonses or asked the Clerk to re-issue the summonses during the time limit for service. *See* LCR 4(a). And Plaintiffs raised this argument for the first time weeks after the service deadline passed. *See* Dkt. # 138. This untimely argument does not evince a good-faith effort to effectuate service within the time limit and does not excuse Plaintiffs' failure to comply with Rule 4(m).

       2.       Notice and Participation

Neither actual notice nor simply naming the defendant in the complaint provides personal jurisdiction over a defendant unless there has been "substantial compliance with Rule 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (quoting *Jackson v. Hayakawa,* 682 F.2d 1344, 1347

ORDER - 5

(9th Cir. 1982)). But "[a] general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction." *Id.* (citing Fed. R. Civ. P. 12(h)(1)). In this circumstance, a pleading is responsive when it "manifest[s] a clear purpose to defend" the lawsuit. *Id.*

Plaintiffs say Defendants waived any Rule 4 objection when they appeared through counsel and filed motions in this lawsuit. Dkt. # 142 at 3–4. They also say Defendants were provided actual notice so dismissal for lack of service is unwarranted. *Id.* But Plaintiffs have not shown substantial compliance with Rule 4 and actual notice does not cure their service defects. *Benny*, 799 F.2d at 492; *see* Section III.1, *supra*. Nor have Defendants' counsel entered general appearances. Each attorney who has appeared on behalf of a Defendant has done so without waiving any defenses, including the defenses of insufficiency of process and lack of personal jurisdiction. Dkt. ## 66, 72, 73, 77, 80, 92, 117, 133. Defendants' motions have not shown a clear purpose to defend this suit either, so they cannot be considered responsive pleadings.[1] Dkt. ## 74, 126. These motions do not address or discuss the factual allegations or legal arguments underpinning Plaintiffs' case. *Id.* Defendants' motions instead raised procedural arguments about the application of the Local and Federal Rules. *Id.* These motions do not demonstrate a clear purpose to defend against Plaintiffs' claims before this Court.[2] Thus, Defendants have not waived any challenge to service or personal jurisdiction through actual notice or participation.

---

[1] Plaintiffs' motion does identify one responsive pleading: the Motion to Dismiss under Rule 12(b)(6) filed by Defendants Russ and Cliber. Dkt. # 142 at 3; *see* Dkt. # 90. But this motion was granted and these Defendants have been dismissed from the case. Dkt. # 121. This filing has no bearing on whether any of the remaining Defendants have waived defects in service or personal jurisdiction.

[2] After the Court's Order to Show Cause deadline, Defendants Cornwall, Curtis, Herzer, Salle, and King County filed a responsive briefing that challenges service and personal jurisdiction. Dkt. # 143 at 8. These Defendants consequently have not waived a challenge to service or personal jurisdiction through this filing because they contest these issues.

ORDER - 6

### 3. *Nunc Pro Tunc*

Pro se litigants "must follow the same rules of procedure that govern other litigants." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, 925–28 (9th Cir. 2012). In the ordinary case, pro se litigants must also not be treated more favorably than parties with counsel. *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

Plaintiffs next ask the Court to deem their previous attempts at service sufficient or grant a brief extension to re-serve Defendants. Dkt. # 142 at 4. But like any other litigant, Plaintiffs are obligated to follow the Federal Rules of Civil Procedure. The Court cannot simply deem their attempts at service "sufficient" when they have failed to comply with the plain language of these rules. Similarly, the time limit for service can be extended only if a plaintiff shows good cause for the failure to serve a defendant. Fed. R. Civ. P. 4(m). On two prior occasions, the Court made clear to Plaintiffs that they have not shown good cause for their failure to timely serve Defendants. *See* Dkt. ## 114, 118. And Plaintiffs still do not make this showing because, among other reasons, they do not provide a reasonable explanation for their delay in service or show that they made good faith efforts to serve Defendants within the time limit for service. Accordingly, the Court will not treat Plaintiffs' prior attempts at service as sufficient or grant Plaintiffs additional time to serve Defendants.

//
//
//
//
//
//

ORDER - 7

4.   Vexatious Litigant Order[3] [4]

"Sometimes a rancorous dispute leaves a person with a bitter taste that does not fade, no matter how many resources are expended and no matter how many years pass." *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1067 (9th Cir. 2014). Because of this, district courts can enjoin litigants from "reopen[ing] litigation based on the facts and issues decided in" previous lawsuits. *Id.* (quoting *Wood v. Santa Barbara Chamber of Com., Inc.*, 705 F.2d 1515, 1526 (9th Cir. 1983); *see Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 25 (2d Cir. 1986); *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1033 (9th Cir. 1985).

The vexatious litigant order entered against Plaintiff Benshoof does not swing the equities of this case in favor of granting Plaintiffs an extension of time for service. This litigation has been pending for more than a year and there is still no indication when proper service might actually occur. This has caused an unknown but significant prejudice to Defendants. Similarly, dismissal without prejudice at this time would result in a minimal future limitations bar. To refile his case, Plaintiff Benshoof need only submit a signed declaration "that identifies all past or pending cases initiated against the same defendant(s), concisely states the past disposition or present posture of those cases, succinctly describe[s] why the proposed new action involves different factual allegations, and demonstrate[s] that the new filing is not

---

[3] Plaintiffs also claim *Axon Enter., Inc. v. Fed. Trade Comm'n*, 598 U.S. 175 (2023), *Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109 (2024), and *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), require "constitutional structural review" before a case can be dismissed without prejudice under Rule 4. Dkt. # 142 at 5–6. But these cases do not squarely address Rule 4, the Federal Rules of Civil Procedure, or any of the legal or factual issues present here. The isolated quotations that Plaintiffs pluck from these cases do not require the Court to conduct additional analysis before dismissing Plaintiffs' claims.

[4] Similarly, Plaintiffs say, "One way to quickly and simply resolve this matter without any potential prejudice to anyone is service by publication." Dkt. # 124 at 3. But Plaintiffs have not established that service by publication is appropriate because they do not show—or even discuss—the "existence of one of the cases . . . specifi[cally] authorizing service by publication under RCW 4.28.100." *JFXD TRX ACQ LLC v. E. River JW Inc.*, 2024 WL 3552358, at *2 (W.D. Wash. July 26, 2024).

ORDER - 8

frivolous or in bad faith." Case No. 2:23-cv-01392-JNW, ECF No. 264.  Plaintiffs provide no evidence or indication that the vexatious litigant order against Plaintiff Benshoof "in practical terms functions as a filing ban." Dkt. # 142 at 4.  Thus, the vexatious litigant order against Plaintiff Benshoof does not justify granting Plaintiffs an extension of time for service either.

IV

CONCLUSION

For all these reasons, the Court DENIES the Motion to Validate or Extend Time for Service, Dkt. # 142, and DISMISSES this action without prejudice.  The Court STRIKES as moot the motions at Dkt. ## 140, 141,[5] 143.

Dated this 10th day of June, 2025.

John H. Chun
United States District Judge

---

[5] Even if Plaintiffs complied with Rule 4(m), the Court would still deny Plaintiffs' Emergency Motion for Habeas Corpus because a nearly identical petition for habeas corpus filed on behalf of Plaintiff Benshoof has already been denied.  *See* Dkt. # 115.  Much like the first motion, this motion still does not show Plaintiff Maggitti has "next friend" standing to bring a habeas petition on behalf of Plaintiff Benshoof.  *Id.* at 1–2; *see Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).  In fact, the motion does not address this issue.  *See* Dkt. # 141.  The petition also fails because Plaintiff Benshoof has not provided the Supreme Court of Washington with an opportunity to consider and rule on his claims.  *See* 28 U.S.C. § 2254(b)-(c).