UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KURT BENSHOOF et al., | CASE NO. 2:24-cv-00808-JHC |
| Plaintiffs, | ORDER |
| v. | |
| ANDREA CHIN et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' "Rule 59(e) Motion to Alter or Amend Judgment; Alternative Motion for Reconsideration under LCR 7(h) and for Relief Under Fed. R. Civ. P. 60(b)." Dkt. # 147. The Court has reviewed the materials filed in support of the motion, the rest of the file, and the governing law. For the reasons discussed below, the Court DENIES the motion.

A.  Plaintiffs' Service Efforts

Plaintiffs' arguments related to service do not identify manifest error, new facts, or unconsidered controlling legal authority. Dkt. # 147 at 9–12; *see* Fed. R. Civ. P. 59(e), 60(b); LCR 7(h)(1). Instead, they rehash arguments the Court has considered and rejected. *See* Dkt. ## 114, 145. None of these arguments justify vacating or amending the Court's judgment.

ORDER - 1

B.  Motion to Alter or Amend Judgment and Motion for Reconsideration

The Court struck as moot Plaintiffs' Emergency Motion for Habeas Corpus, Dkt. # 141, because of their failure to comply with Rule 4(m). Dkt. # 145. The Court also stated that, even if Plaintiffs had complied with Rule 4(m), it would deny the motion. *Id.* at 9 n.5. Plaintiffs now argue that the Court committed manifest error in saying that Plaintiffs filed a habeas corpus petition on behalf of Plaintiff Benshoof. Dkt. # 147 at 5–7; *see* Dkt. # 145 at 3, 9. They say this was error because "[t]he record is unequivocal that Plaintiff Maggitti filed that petition on her own behalf." Dkt. # 147 at 5 (emphasis removed). So Plaintiffs contend they are entitled to relief from the Court's judgment under Rule 59(e) or LCR 7(h). *Id.*

Under Rule 59(e), a party may move the court to amend its judgment. Fed. R. Civ. P. 59(e). But this Rule does not specify the grounds when amendment or alteration are warranted, so "the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon,* 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999) (en banc) (per curiam)). Still, amending or altering a judgment remains "an extraordinary remedy which should be used sparingly." *Id.* (quoting *McDowell*, 197 F.3d at 1255 n.1). Generally, a Rule 59(e) motion is only granted in four circumstances: (1) "if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests"; (2) "if such motion is necessary to present newly discovered or previously unavailable evidence"; (3) "if such motion is necessary to prevent manifest injustice"; or (4) "if the amendment is justified by an intervening change in controlling law." *Id.* (quoting *McDowell*, 197 F.3d at 1255 n.1). Similarly, the Local Rules of this District provide, "Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1).

ORDER - 2

Manifest error is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Gaskill v. Travelers Ins. Co.*, 2012 WL 13026638, at *1 (W.D. Wash. Mar. 28, 2012) (quoting *Black's Law Dictionary* 622 (9th ed. 2009)).

Plaintiffs' argument fails because the Court struck the habeas corpus motion as moot in light of the failure to comply with Rule 4(m). Next, even assuming the Court denied the motion based on the understanding that the habeas corpus motion was filed for Plaintiff Benshoof, the argument still fails.

The disputed habeas corpus petition says, "URVE MAGGITTI respectfully moves this Court for immediate emergency relief in the form of a Writ of Habeas Corpus under 28 U.S.C. § 2241, on behalf herself [sic]" and it says this relief is necessary because she "is unable to fully litigate her instant action due to the fact that the necessary party to this litigation, Co-Plaintiff Kurt Benshoof is incarcerated in Washington Corrections Center in Shelton, Washington." Dkt. # 141 at 1. The petition further states, "This Court has jurisdiction under 28 U.S.C. § 224l(c)(3), which authorizes federal courts to grant habeas relief to any person 'in custody in violation of the Constitution or laws . . . of the United States.'" *Id.* at 6. Plaintiffs also requested "to have Co-Plaintiff Kurt Benshoof brought before the court . . . for oral evidentiary hearing under 28 U.S.C. § 2243 why [sic] Co-Plaintiff Kurt Benshoof is denied access to court" and to have Washington Department of Correction officials "immediately justify the basis for Mr. Benshoof's denial of legal access to court[.]" *Id.* at 8. A separate petition for habeas corpus that was previously filed on behalf of Plaintiff Benshoof is likewise incorporated by reference. *Id.* at 6. The at-issue petition "repeats and realleges each of the facts" in the other petition "as if fully set forth herein." *Id.*

"[P]ro se pleadings must be construed liberally[.]" *Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016). Yet Plaintiffs have never argued that Plaintiff Maggitti is "in custody in violation of the Constitution or laws . . . of the United States" but they have consistently argued that Plaintiff Benshoof is in such custody. Dkt. # 141 at 6; *see, e.g.*, Dkt. ## 107, 147. Thus, the only reasonable interpretation was that the petition for habeas corpus was on behalf of Plaintiff Benshoof. Otherwise, the claim would clearly fail because there is no indication that Plaintiff Maggitti is in custody. *See* 28 U.S.C. § 224l(c). In addition, the petition requested relief on behalf of Plaintiff Benshoof—not Plaintiff Maggitti. Dkt. # 141 at 8. The petition also repeated and realleged each of the facts in another petition for habeas corpus, and it is undisputed that this other petition for habeas corpus was filed on behalf of Plaintiff Benshoof. *Id.* at 6.

Granted, the petition does state, "URVE MAGGITTI respectfully moves this Court for immediate emergency relief in the form of a Writ of Habeas Corpus under 28 U.S.C. § 2241, on behalf herself [*sic*]." *Id.* at 1. But this statement alone does not show the Court committed manifest error. *Gaskill*, 2012 WL 13026638, at *1. And the petition, if it was indeed filed on behalf of Plaintiff Maggitti, would fail because she is not in custody.

Thus, Plaintiffs have not identified a manifest error in the Court's order. Dkt. # 145. The order did not concern the merits of Plaintiffs' habeas corpus petition because Plaintiffs failed to comply with Rule 4(m). Even if Plaintiffs had complied with Rule 4(m), the outcome would be the same—denial of the motion; the claimed error would not change this result. And Plaintiffs fail to show there is any other basis to alter or amend the Court's judgment under these rules. The Court denies Plaintiffs' requested relief under Rule 59(e) or LCR 7(h).

C.     Relief from Judgment

Plaintiffs also argue that relief from judgment is warranted under Rule 60(b)(1) and 60(b)(6). Dkt. # 147 at 7. Under Rule 60(b)(1), a court may relieve a party from a final

ORDER - 4

judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). And Rule 60(b)(6) is a catchall provision that permits the same relief for "any other reason" that is justified. Fed. R. Civ. P. 60(b)(6). "Rule 60(b)(6) should only be applied in extraordinary circumstances." *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1620 (2025) (internal citations and quotations omitted).

Plaintiffs again argue relief is warranted under these Rules because the Court mistakenly attributed the habeas petition to Plaintiff Benshoof rather than Plaintiff Maggitti. Dkt. # 147 at 7. But Plaintiffs are not entitled to relief under Rule 60(b)(1) because, as discussed in Section B, *supra*, the Court did not make a mistake in its prior decision.

Plaintiffs also say that they should be afforded relief under Rule 60(b)(6) because Plaintiff Benshoof was "civilly dead to this litigation during the critical period." *Id.* at 8. And Plaintiffs maintain Plaintiff Benshoof has been held incommunicado and prevented from litigating his case. *Id.* at 8–9.

The evidence offered by Plaintiffs does not show the sort of extraordinary circumstances that would justify relief under Rule 60(b)(6) are present here. Contrary to Plaintiffs' arguments, the record shows that Plaintiffs were not prevented from participating in this litigation or meeting court deadlines. For instance, Plaintiff Maggitti filed an affidavit attesting to the fact that she is a co-plaintiff in this matter. Dkt. # 94. There is no evidence that she has been imprisoned or otherwise prevented from litigating this case while it has been pending, and there is ample evidence Plaintiff Benshoof has been able to contact her and others. *See, e.g.*, Dkt. # 124 at 6 ("All documents purportedly filed and signed by Mr. Benshoof [from July 3, 2024 to November 27, 2024] were drafted on his behalf by Plaintiff Urve Maggitti acting as Assistance of Counsel under the Judiciary act of 1789[.]"); Dkt. # 147-1 (providing transcripts of phone calls between

ORDER - 5

Plaintiff Benshoof and this judge's chambers).[1]  This evidence also shows that Plaintiff Benshoof's repeated claim that he is being held "incommunicado" is meritless.  The Court will not grant the requested relief under Rule 60(b)(6) because "free, calculated, deliberate choices," like those Plaintiffs made in failing to litigate this case, "are not to be relieved from."  *BLOM Bank SAL*, 145 S. Ct. at 1620 (quoting *Ackermann v. United States*, 340 U.S. 193, 198 (1950)).

D. Conclusion

For all these reasons, the Court DENIES the motion.  Dkt. # 147.

Dated this 26th day of June, 2025.

John H. Chun
United States District Judge

---

[1] The Court notes that the Washington criminal code makes it unlawful to record a phone call between two or more individuals without first obtaining consent of all participants on the call.  RCW 9.73.030(1)(a).

ORDER - 6