UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF
WASHINGTON AT SEATTLE

Mr. Kurt A. Benshoof,
A.R.W. By and Through His Father,
Mr. Kurt A. Benshoof, Brett
Fountain, Urve Maggitti,

Plaintiffs

**NOTICE OF CIVIL APPEAL**

v.

Case No.  2:24-cv-00808-JHC
District Court Judge: John H. Chun

ANDREA CHIN, et al.

Defendants

## AMENDED: NOTICE OF APPEAL

As per court ORDER filed on August 21, 2025, Plaintiffs hereby amend their Notice of Appeal by having all three Plaintiffs sign the appeal.

Notice is hereby given that Plaintiffs: Urve Maggitti, Kurt Benshoof, Brett Fountain are appealing to the United States Court of Appeals for the Ninth Circuit from Court ORDER [Dkt No 149] DENYING  Plaintiffs "Rule 59(e) Motion to Alter or Amend Judgment; Alternative Motion for Reconsideration under LCR 7(h) and for Relief Under Fed. R. Civ. P. 60(b). Dkt. # 147" entered in this action on June 26, 2025.[1]

The ORDER  [Dkt. No. 149] based upon Court's Order (ECF 145)[2] and Judgment (ECF 146)[3],  making the said order final appealable order in the instant action.

Dated: August 28, 2025.      Respectfully submitted,

Brett Fountain, Co-Plaintif

kb407@exposelegalcorruption.com

---

[1] See attached EXHIBIT A
[2] See Attached EXHIBIT B
[3] See Attached EXHIBIT C

Kurt Benshoof, Co-Plaintiff
kurtbenshoof@gmail.com


URVE MAGGITTI, Pro Se
1131 Westhaven Boulevard,
Franklin, TN 37064
urve.maggitti@gmail.com
917-340-0561


The foregoing statements of fact were typed up by the undersigned, to the best of the undersigned's understanding.[4]

---

[4] See *Faretta v. California* and Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**
- Faretta v. California, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)
- "The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts of the United States." "APPROVED , September 24, 1789."
  https://avalon.law.yale.edu/18th_century/judiciary_act.asp

# UNITED STATES DISTRICT COURT

**FOR THE DISTRICT OF** [                    ]

### Form 1. Notice of Appeal from a Judgment or Order of a
### United States District Court

U.S. District Court case number: [                    ]

Notice is hereby given that the appellant(s) listed below hereby appeal(s) to the United States Court of Appeals for the Ninth Circuit.

Date case was first filed in U.S. District Court: [                    ]

Date of judgment or order you are appealing: [                    ]

Docket entry number of judgment or order you are appealing: [                    ]

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

○ Yes    ○ No    ○ X    IFP was granted by U.S. District Court

**List all Appellants** *(List **each** party filing the appeal. Do not use "et al." or other abbreviations.)*

[                    ]

Is this a cross-appeal?  ○ Yes    ○ No

If yes, what is the first appeal case number? [                    ]

Was there a previous appeal in this case?  ○ Yes    ○ No

If yes, what is the prior appeal case number? [                    ]

Your mailing address (if pro se):

[                    ]

[                    ]

City: [                    ]  State: [        ]  Zip Code: [                    ]

Prisoner Inmate or A Number (if applicable): [                    ]

**Signature** [  *signature*  ]  **Date** [                    ]

*Complete and file with the attached representation statement in the U.S. District Court*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

Form 1                                                                    Rev. 06/09/2022

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
### Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit?    ○ Yes    ○ No

SEE  lisyt below:

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                                    *1*                                    *New 12/01/2018*

# UNITED STATES DISTRICT COURT

**FOR THE DISTRICT OF** [                                    ]

### Form 1. Notice of Appeal from a Judgment or Order of a
### United States District Court

U.S. District Court case number: [                                    ]

Notice is hereby given that the appellant(s) listed below hereby appeal(s) to the United States Court of Appeals for the Ninth Circuit.

Date case was first filed in U.S. District Court: [                    ]

Date of judgment or order you are appealing: [                    ]

Docket entry number of judgment or order you are appealing: [          ]

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

○ Yes    ○ No    ○ IFP was granted by U.S. District Court

**List all Appellants** *(List **each** party filing the appeal. Do not use "et al." or other abbreviations.)*

[                                                                    ]

Is this a cross-appeal?  ○ Yes    ○ No

If yes, what is the first appeal case number? [                    ]

Was there a previous appeal in this case?  ○ Yes    ○ No

If yes, what is the prior appeal case number? [                    ]

Your mailing address (if pro se):

[                                                                    ]

[                                                                    ]

City: [                    ]  State: [        ]  Zip Code: [                ]

Prisoner Inmate or A Number (if applicable): [                    ]

**Signature** [ *Kent A. Barnhof* ]  **Date** [                    ]

*Complete and file with the attached representation statement in the U.S. District Court*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

Form 1                                                                    Rev. 06/09/2022

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit?     ○ Yes     ○ No

SEE  lisyt below:

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                                    *1*                          *New 12/01/2018*

# UNITED STATES DISTRICT COURT

**FOR THE DISTRICT OF** [_____]

### Form 1. Notice of Appeal from a Judgment or Order of a
### United States District Court

U.S. District Court case number: [_____]

Notice is hereby given that the appellant(s) listed below hereby appeal(s) to the United States Court of Appeals for the Ninth Circuit.

Date case was first filed in U.S. District Court: [_____]

Date of judgment or order you are appealing: [_____]

Docket entry number of judgment or order you are appealing: [_____]

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

○ Yes     ○ No     ○ X     IFP was granted by U.S. District Court

**List all Appellants** *(List **each** party filing the appeal. Do not use "et al." or other abbreviations.)*

[_____]

Is this a cross-appeal?  ○ Yes     ○ No

If yes, what is the first appeal case number? [_____]

Was there a previous appeal in this case?  ○ Yes     ○ No

If yes, what is the prior appeal case number? [_____]

Your mailing address (if pro se):

[_____]

[_____]

City: [_____]  State: [_____]  Zip Code: [_____]

Prisoner Inmate or A Number (if applicable): [_____]

**Signature** [_____]  **Date** [_____]

*Complete and file with the attached representation statement in the U.S. District Court*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 1**                                                           *Rev. 06/09/2022*

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit?    ○ Yes    ○ No

SEE  lisyt below:

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                    *1*                    *New 12/01/2018*

## <u>CERTIFICATE OF SERVICE</u>

<u>**Plaintiff**</u>

**Kurt Benshoof**                          represented by    **Kurt Benshoof**
*individually and on behalf of*                              DOC# 448305
*minor*                                                      COYOTE RIDGE CORRECTIONS
A.R.W.                                                       CENTER
                                                             PO BOX 769, Unit B,
                                                             CONNELL, WA 99326-0769
                                                             PRO SE

<u>**Plaintiff**</u>

**Brett Fountain**                         represented by    **Brett Fountain**
                                                             2100 W NW HWY
                                                             114 #1115
                                                             GRAPEVINE, TX 76051-7808
                                                             PRO SE

<u>**Plaintiff**</u>

**Urve Maggitti**                          represented by    **Urve Maggitti**
                                                             1131 Westhaven Blvd
                                                             Franklin, TN 37064
                                                             917-340-0561
                                                             Email: urve.maggitti@gmail.com
                                                             PRO SE

V.

<u>**Defendant**</u>

**Marshall Ferguson**                      represented by    **Peggy C Wu**
*King County Superior Court*                                 KING COUNTY PROSECUTING
*Judge*                                                      ATTORNEY'S OFFICE (FIFTH AVE)
*TERMINATED: 11/15/2024*                                     701 FIFTH AVE
                                                             STE 600
                                                             SEATTLE, WA 98104
                                                             206-263-4008
                                                             Email: pwu@kingcounty.gov
                                                             *ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**J Doe**
*Clerk for the United States*

*District Court for the Western*
*District of Washington, Seattle*
*TERMINATED: 02/11/2025*

**Defendant**

**Blair M Russ**
*current counsel for*
*TERMINATED: 02/11/2025*
*other*
Jessica Owen
*TERMINATED: 02/11/2025*

**Defendant**

| | | |
|---|---|---|
| **Jessica Skelton** | represented by | **Sarah Spierling Mack** |
| *current counsel for* | | PACIFICA LAW GROUP LLP |
| *TERMINATED: 08/09/2024* | | 401 UNION ST |
| *other* | | STE 1600 |
| Gregory Narver | | SEATTLE, WA 98101 |
| *TERMINATED: 08/09/2024* | | 425-602-1223 |
| *other* | | Email: |
| Sarah Mack | | sarah.mack@pacificalawgroup.com |
| *TERMINATED: 08/09/2024* | | *ATTORNEY TO BE NOTICED* |

**Defendant**

**Michael Tracy**
*current co-counsel for*
*other*
Nathan Cliber

**Defendant**

| | | |
|---|---|---|
| **Sarah Turner** | represented by | **Todd A Bowers** |
| *current co-counsel for* | | GORDON REES SCULLY MANSUKHANI |
| *other* | | LLP (SEATTLE) |
| Nathan Cliber | | 701 FIFTH AVE STE 2100 |
| | | SEATTLE, WA 98104 |
| | | 206-695-5100 |
| | | Fax: 206-689-2822 |
| | | Email: tbowers@grsm.com |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

**Jamal Whitehead**
*United States District Court*

*Judge for the Western District of*
*Washington, Seattle*
*TERMINATED: 01/10/2025*

**Defendant**

**Andrea Chin**

**Defendant**

**Anthony Belgard**

**Defendant**

**Donovan Broussard**

**Defendant**

**Nathan Cliber**                represented by    **Michael C Tracy**
*TERMINATED: 05/15/2025*                          GORDON REES SCULLY MANSUKHANI
                                                  LLP (SEATTLE)
                                                  701 FIFTH AVE STE 2100
                                                  SEATTLE, WA 98104
                                                  206-659-5135
                                                  Email: mtracy@grsm.com
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Sarah N Turner**
                                                  GORDON REES SCULLY MANSUKHANI
                                                  LLP (SEATTLE)
                                                  701 FIFTH AVE STE 2100
                                                  SEATTLE, WA 98104
                                                  206-695-5100
                                                  Email: sturner@grsm.com
                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Catherine Cornwall**           represented by    **Peggy C Wu**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Gregg Curtis**                 represented by    **Peggy C Wu**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Jane Doe**

**<u>Defendant</u>**

**Jenny Durkan**

**<u>Defendant</u>**

**John Duus**

**<u>Defendant</u>**

**Nicholas Evans**

**<u>Defendant</u>**

**Pascal Herzer**                    represented by    **Peggy C Wu**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Ryan Ellis**

**<u>Defendant</u>**

**Michael Fox**                      represented by    **Matthew Coughlan**
                                                       CROSNER LEGAL PC (SEATTLE)
                                                       92 LENORA ST
                                                       STE 179
                                                       SEATTLE, WA 98121
                                                       866-276-7637
                                                       Fax: 310-510-6429
                                                       Email: mcoughlan@fisherphillips.com
                                                       *TERMINATED: 02/24/2025*
                                                       *LEAD ATTORNEY*

                                                       **Darren Anthony Feider**
                                                       SEBRIS BUSTO JAMES
                                                       15375 SE 30TH PL
                                                       STE 310
                                                       BELLEVUE, WA 98007
                                                       425-450-3388
                                                       Email: dfeider@sbj.law
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Monica Ghosh**
                                                       SEBRIS BUSTO JAMES
                                                       15375 SE 30TH PL

6

STE 310
BELLEVUE, WA 98007
425-454-4233
Email: mghosh@sbj.law
*ATTORNEY TO BE NOTICED*

**Defendant**

**Tyler Goslin**                      represented by    **Matthew Coughlan**
(See above for address)
*TERMINATED: 02/24/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Darren Anthony Feider**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Monica Ghosh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Julie Kline**

**Defendant**

**Ernest Jensen**

**Defendant**

**Jonathan Kiehn**

**Defendant**

**Spencer Kurz**

**Defendant**

**Magalie Lerman**

**Defendant**

**Richard Lima**

**Defendant**

**Adam Losleben**

**<u>Defendant</u>**

**Yves Luc**

**<u>Defendant</u>**

**Sarah MacDonald**

**<u>Defendant</u>**

**Jacob Masterson**

**<u>Defendant</u>**

**Grant Mayer**

**<u>Defendant</u>**

**Steven Mitchell**        represented by    **Matthew Coughlan**
(See above for address)
*TERMINATED: 02/24/2025*
*LEAD ATTORNEY*

**Darren Anthony Feider**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Monica Ghosh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Johnathan Musseau**

**<u>Defendant</u>**

**Brehon Ness**

**<u>Defendant</u>**

**Liliya Nesteruk**

**<u>Defendant</u>**

**Stephen Okruhlica**

**<u>Defendant</u>**

**Katrina Outland**

**Defendant**

**Jessica Owen**                    represented by **Aric S Bomsztyk**
                                                   TOMLINSON BOMSZTYK RUSS
                                                   1000 SECOND AVENUE
                                                   STE 3660
                                                   SEATTLE, WA 98104
                                                   206-621-1871
                                                   Email: asb@tbr-law.com
                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**Sarah Pendleton**

**Defendant**

**Dwayne Pirak**

**Defendant**

**Brian Rees**

**Defendant**

**Blair Russ**                      represented by **Michael C Tracy**
*TERMINATED: 05/15/2025*                           (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Sarah N Turner**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**Julie Salle**                     represented by **Peggy C Wu**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**Daniel Schilling**

**Defendant**

**Ty Selfridge**

**Defendant**

**Nathan Shopay**

**Defendant**

**Steven Stone**

**Defendant**

**Michael Tracy**                    represented by    **Todd A Bowers**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Melanie Tratnik**

**Defendant**

**Trevor Tyler**

**Defendant**

**Michael Virgilio**

**Defendant**

**Andrew West**

**Defendant**

**Chad Zentner**

**Defendant**

**City of Seattle**                  represented by    **Carson Welsh Canonie**
                                                      SEATTLE CITY ATTORNEY'S OFFICE
                                                      701 FIFTH AVENUE
                                                      SUITE 2050
                                                      SEATTLE, WA 98104-7097
                                                      206-733-9239
                                                      Email: carson.canonie@seattle.gov
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Catherine E Riedo**
                                                      SEATTLE CITY ATTORNEY'S OFFICE
                                                      701 FIFTH AVENUE
                                                      SUITE 2050
                                                      SEATTLE, WA 98104-7097
                                                      206-684-7782
                                                      Email: Catherine.Riedo@seattle.gov
                                                      *TERMINATED: 05/07/2025*

**Dallas LePierre**
SEATTLE CITY ATTORNEY'S OFFICE
701 FIFTH AVENUE
SUITE 2050
SEATTLE, WA 98104-7097
206-386-1041
Fax: 206-684-8284
Email: dallas.lepierre@seattle.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

| King County | represented by | **Peggy C Wu**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|

V.

**Interested Party**

| Howard Brown | represented by | **Howard Brown**<br>1003 W. MICHIGAN ST.<br>HAMMOND, LA 70401<br>PRO SE |
|---|---|---|

11

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KURT BENSHOOF et al.,

                  Plaintiffs,

     v.

ANDREA CHIN et al.,

                  Defendants.

CASE NO. 2:24-cv-00808-JHC

ORDER

This matter comes before the Court on Plaintiffs' "Rule 59(e) Motion to Alter or Amend Judgment; Alternative Motion for Reconsideration under LCR 7(h) and for Relief Under Fed. R. Civ. P. 60(b)." Dkt. # 147. The Court has reviewed the materials filed in support of the motion, the rest of the file, and the governing law. For the reasons discussed below, the Court DENIES the motion.

A.    Plaintiffs' Service Efforts

Plaintiffs' arguments related to service do not identify manifest error, new facts, or unconsidered controlling legal authority. Dkt. # 147 at 9–12; *see* Fed. R. Civ. P. 59(e), 60(b); LCR 7(h)(1). Instead, they rehash arguments the Court has considered and rejected. *See* Dkt. ## 114, 145. None of these arguments justify vacating or amending the Court's judgment.

B.      Motion to Alter or Amend Judgment and Motion for Reconsideration

The Court struck as moot Plaintiffs' Emergency Motion for Habeas Corpus, Dkt. # 141, because of their failure to comply with Rule 4(m). Dkt. # 145. The Court also stated that, even if Plaintiffs had complied with Rule 4(m), it would deny the motion. *Id.* at 9 n.5. Plaintiffs now argue that the Court committed manifest error in saying that Plaintiffs filed a habeas corpus petition on behalf of Plaintiff Benshoof. Dkt. # 147 at 5–7; *see* Dkt. # 145 at 3, 9. They say this was error because "[t]he record is unequivocal that Plaintiff Maggitti filed that petition on her own behalf." Dkt. # 147 at 5 (emphasis removed). So Plaintiffs contend they are entitled to relief from the Court's judgment under Rule 59(e) or LCR 7(h). *Id.*

Under Rule 59(e), a party may move the court to amend its judgment. Fed. R. Civ. P. 59(e). But this Rule does not specify the grounds when amendment or alteration are warranted, so "the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron,* 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon,* 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999) (en banc) (per curiam)). Still, amending or altering a judgment remains "an extraordinary remedy which should be used sparingly." *Id.* (quoting *McDowell,* 197 F.3d at 1255 n.1). Generally, a Rule 59(e) motion is only granted in four circumstances: (1) "if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests"; (2) "if such motion is necessary to present newly discovered or previously unavailable evidence"; (3) "if such motion is necessary to prevent manifest injustice"; or (4) "if the amendment is justified by an intervening change in controlling law." *Id.* (quoting *McDowell,* 197 F.3d at 1255 n.1). Similarly, the Local Rules of this District provide, "Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1).

Manifest error is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Gaskill v. Travelers Ins. Co.*, 2012 WL 13026638, at *1 (W.D. Wash. Mar. 28, 2012) (quoting *Black's Law Dictionary* 622 (9th ed. 2009)).

Plaintiffs' argument fails because the Court struck the habeas corpus motion as moot in light of the failure to comply with Rule 4(m). Next, even assuming the Court denied the motion based on the understanding that the habeas corpus motion was filed for Plaintiff Benshoof, the argument still fails.

The disputed habeas corpus petition says, "URVE MAGGITTI respectfully moves this Court for immediate emergency relief in the form of a Writ of Habeas Corpus under 28 U.S.C. § 2241, on behalf herself [*sic*]" and it says this relief is necessary because she "is unable to fully litigate her instant action due to the fact that the necessary party to this litigation, Co-Plaintiff Kurt Benshoof is incarcerated in Washington Corrections Center in Shelton, Washington." Dkt. # 141 at 1. The petition further states, "This Court has jurisdiction under 28 U.S.C. § 224l(c)(3), which authorizes federal courts to grant habeas relief to any person 'in custody in violation of the Constitution or laws . . . of the United States.'" *Id.* at 6. Plaintiffs also requested "to have Co-Plaintiff Kurt Benshoof brought before the court . . . for oral evidentiary hearing under 28 U.S.C. § 2243 why [*sic*] Co-Plaintiff Kurt Benshoof is denied access to court" and to have Washington Department of Correction officials "immediately justify the basis for Mr. Benshoof's denial of legal access to court[.]" *Id.* at 8. A separate petition for habeas corpus that was previously filed on behalf of Plaintiff Benshoof is likewise incorporated by reference. *Id.* at 6. The at-issue petition "repeats and realleges each of the facts" in the other petition "as if fully set forth herein." *Id.*

"[P]ro se pleadings must be construed liberally[.]"  *Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016).  Yet Plaintiffs have never argued that Plaintiff Maggitti is "in custody in violation of the Constitution or laws . . . of the United States" but they have consistently argued that Plaintiff Benshoof is in such custody.  Dkt. # 141 at 6; *see, e.g.*, Dkt. ## 107, 147.  Thus, the only reasonable interpretation was that the petition for habeas corpus was on behalf of Plaintiff Benshoof.  Otherwise, the claim would clearly fail because there is no indication that Plaintiff Maggitti is in custody.  *See* 28 U.S.C. § 2241(c).  In addition, the petition requested relief on behalf of Plaintiff Benshoof—not Plaintiff Maggitti.  Dkt. # 141 at 8.  The petition also repeated and realleged each of the facts in another petition for habeas corpus, and it is undisputed that this other petition for habeas corpus was filed on behalf of Plaintiff Benshoof.  *Id.* at 6.

Granted, the petition does state, "URVE MAGGITTI respectfully moves this Court for immediate emergency relief in the form of a Writ of Habeas Corpus under 28 U.S.C. § 2241, on behalf herself [*sic*]."  *Id.* at 1.  But this statement alone does not show the Court committed manifest error.  *Gaskill*, 2012 WL 13026638, at *1.  And the petition, if it was indeed filed on behalf of Plaintiff Maggitti, would fail because she is not in custody.

Thus, Plaintiffs have not identified a manifest error in the Court's order.  Dkt. # 145.  The order did not concern the merits of Plaintiffs' habeas corpus petition because Plaintiffs failed to comply with Rule 4(m).  Even if Plaintiffs had complied with Rule 4(m), the outcome would be the same—denial of the motion; the claimed error would not change this result.  And Plaintiffs fail to show there is any other basis to alter or amend the Court's judgment under these rules. The Court denies Plaintiffs' requested relief under Rule 59(e) or LCR 7(h).

C.      Relief from Judgment

Plaintiffs also argue that relief from judgment is warranted under Rule 60(b)(1) and 60(b)(6).  Dkt. # 147 at 7.  Under Rule 60(b)(1), a court may relieve a party from a final

judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). And Rule 60(b)(6) is a catchall provision that permits the same relief for "any other reason" that is justified. Fed. R. Civ. P. 60(b)(6). "Rule 60(b)(6) should only be applied in extraordinary circumstances." *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1620 (2025) (internal citations and quotations omitted).

Plaintiffs again argue relief is warranted under these Rules because the Court mistakenly attributed the habeas petition to Plaintiff Benshoof rather than Plaintiff Maggitti. Dkt. # 147 at 7. But Plaintiffs are not entitled to relief under Rule 60(b)(1) because, as discussed in Section B, *supra*, the Court did not make a mistake in its prior decision.

Plaintiffs also say that they should be afforded relief under Rule 60(b)(6) because Plaintiff Benshoof was "civilly dead to this litigation during the critical period." *Id.* at 8. And Plaintiffs maintain Plaintiff Benshoof has been held incommunicado and prevented from litigating his case. *Id.* at 8–9.

The evidence offered by Plaintiffs does not show the sort of extraordinary circumstances that would justify relief under Rule 60(b)(6) are present here. Contrary to Plaintiffs' arguments, the record shows that Plaintiffs were not prevented from participating in this litigation or meeting court deadlines. For instance, Plaintiff Maggitti filed an affidavit attesting to the fact that she is a co-plaintiff in this matter. Dkt. # 94. There is no evidence that she has been imprisoned or otherwise prevented from litigating this case while it has been pending, and there is ample evidence Plaintiff Benshoof has been able to contact her and others. *See, e.g.*, Dkt. # 124 at 6 ("All documents purportedly filed and signed by Mr. Benshoof [from July 3, 2024 to November 27, 2024] were drafted on his behalf by Plaintiff Urve Maggitti acting as Assistance of Counsel under the Judiciary act of 1789[.]"); Dkt. # 147-1 (providing transcripts of phone calls between

Plaintiff Benshoof and this judge's chambers).[1]  This evidence also shows that Plaintiff

Benshoof's repeated claim that he is being held "incommunicado" is meritless.  The Court will

not grant the requested relief under Rule 60(b)(6) because "free, calculated, deliberate choices,"

like those Plaintiffs made in failing to litigate this case, "are not to be relieved from."  *BLOM*

*Bank SAL*, 145 S. Ct. at 1620 (quoting *Ackermann v. United States*, 340 U.S. 193, 198 (1950)).

D.      Conclusion

        For all these reasons, the Court DENIES the motion.  Dkt. # 147.

        Dated this 26th day of June, 2025.

                                        _John H. Chun_
                                        John H. Chun
                                        United States District Judge

---

[1] The Court notes that the Washington criminal code makes it unlawful to record a phone call between two or more individuals without first obtaining consent of all participants on the call.  RCW 9.73.030(1)(a).

ORDER - 6

# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KURT BENSHOOF et al.,

          Plaintiffs,

      v.

ANDREA CHIN et al.,

          Defendants.

CASE NO. 2:24-cv-00808-JHC

ORDER

# I

## INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion to Validate or Extend Time for Service, Dkt. # 142.  Plaintiffs say the Court should afford them additional time to complete service or validate their attempts at service.  Dkt. # 142.  For the reasons discussed below, the Court DENIES the motion to validate or extend time for service, DISMISSES this matter without prejudice, and STRIKES the motions pending at Dkt. ## 140, 141, 143 as moot.

//

//

//

ORDER - 1

## II

### BACKGROUND

Plaintiffs' Complaint was filed over a year ago on June 7, 2024.  Dkt. # 1.  And Plaintiffs' Amended Complaint was filed on February 11, 2025.  Dkt. # 69.  On April 3 and May 7, 2025, Plaintiffs filed a Motion to Extend Time for Service.  Dkt. ## 101, 113.  At the time, Plaintiffs had attempted to show proof of service for only one Defendant that remained in the case and the Court denied these requests.  Dkt. # 114; *see* Dkt. # 120 at 2.  Plaintiffs' Renewed Emergency Motion for Extension of Time to Serve Defendants was also denied.  Dkt. ## 116, 118.

On May 13, 2025, the Court ordered Plaintiffs to show cause within seven days why this action should not be dismissed for failure to comply with Rule 4(m).  Dkt. # 120.  Plaintiffs then filed an Emergency Motion for Telephonic Conference with Chambers to "inform[ ] chambers on the record that Benshoof is held without any ability to communicate due to incarceration."  Dkt. # 122 at 2–3.  And on May 19, Plaintiffs filed a response to the Court's order to show cause.  Dkt. ## 124, 125.  Plaintiffs' response purported to show several Defendants were served and asked the Court for more time to serve Defendants that had not yet been served.  Dkt. ## 125 at 2–10, 125-1.  Alternatively, Plaintiffs asked the Court to allow service by publication.  Dkt. # 125 at 10.

Defendant City of Seattle then entered a special appearance to contest service.  Dkt. # 126.  The City argued that Plaintiffs have not properly served any Defendant because the associated summonses are not signed, nor do they bear the Court's seal.  *Id.* at 3.  The Court provided Plaintiffs with a week to respond to the City's motion, and, after Plaintiffs filed a request for an extension, the deadline for Plaintiffs to respond was extended an additional three days.  Dkt. ## 129, 136, 137.

In response, Plaintiffs now raise four arguments. Dkt. # 142. First, they say any service deficiencies should be excused because they lacked access to the official summonses. *Id.* at 2–3. Second, they argue Defendants have waived any Rule 4 objections through notice and participation. *Id.* at 3-4. Third, they say the Court can simply cure any defect with the summonses. *Id.* at 4. Fourth, Plaintiffs contend that dismissing this action under Rule 4 will inflict an irreversible harm against Plaintiff Benshoof because a vexatious litigant order has been entered against him and the vexatious litigant order effectively functions as a filing ban. *Id.* at 4. Plaintiffs also filed another habeas corpus petition on behalf of Plaintiff Benshoof and a motion to clarify the Court's orders. Dkt. ## 140, 141; *see* Dkt. # 115 (denying habeas corpus petition for Plaintiff Benshoof).

### III

#### DISCUSSION

A.    Rule 4

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure] 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rule 4 requires a plaintiff to serve the defendant with a summons and copy of the complaint and sets forth the specific requirements for doing so. *See* Fed. R. Civ. P. 4. "Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). The plaintiff is the party that bears the burden of proving proper service under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Two key provisions of Rule 4 apply here. First, Rule 4(b) explicitly requires that a summons be signed and bear the court's seal. Fed. R. Civ. P. 4(b); *see* 4(a)(F); 4(a)(G). Failure to comply with these requirements represents a "flagrant disregard" for the rules of service and is grounds for dismissal because these defects cannot be cured by amendment. *Clancy v. Allstate Ins. Co.*, 2021 WL 3861421, at *3 (N.D. Cal. Aug. 30, 2021); *Ballon v. L. Offs. of Robin W. Enos*, 2006 WL 8455278, at *3 (S.D. Cal. Dec. 6, 2006) (collecting cases).

Second, Rule 4(m) provides the time limit for service:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Filing an amended complaint does not provide an additional 90 days for service. 4B Charles Alan Wright et al., Federal Practice and Procedure § 1137 (6th ed. 2023); *see Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006). But when new parties are added to an amended complaint, the 90-day period starts for the newly added defendants. 4B Charles Alan Wright et al., *Federal Practice and Procedure* § 1137 (6th ed. 2023); *see Lee v. Airgas Mid-S., Inc.*, 793 F.3d 894, 898 (8th Cir. 2015). So, to comply with Rule 4(m), Defendants named in Plaintiffs' Complaint needed to be properly served by September 5, 2024; and new Defendants named in the Amended Complaint needed to be properly served by May 12, 2025.

Plaintiffs have not met these baseline requirements of Rule 4. The documents they have submitted that purport to show service of Defendants do not include a summons bearing the seal of the United States District Court for the Western District of Washington and the Clerk's signature. Fed. R. Civ. P. 4(b), 4(l); *see* Dkt. ## 124-1 at 45, 58, 88, 91; 125-1 at 110, 123, 153, 156. In addition, the deadline for service of all Defendants has passed, so Plaintiffs have not

1    properly served Defendants within the time limit provided by Rule 4(m).  These procedural flaws

2    are fatal to proper service and dismissal without prejudice is proper.  The contrary arguments

3    raised by Plaintiffs are unavailing.

4         1.    Sealed Summonses

5         Plaintiffs first contend the absence of the seal and signature on the summonses should be

6    excused because the original summonses were under seal.  Dkt. # 142 at 2.  But the Clerk

7    provided signed versions of the summonses bearing the court's seal that remained unsealed and

8    available to Plaintiffs on the electronic docket for more than a month.  Dkt. ## 70, 88.  Although

9    Plaintiffs say that "[a]t no time have Plaintiffs Maggitti or Fountain had access to the sealed

10   summonses in Dkt. 70," this is contradicted by the fact these Plaintiffs filed documents directly

11   through the court's CM/ECF system when these summonses were publicly available.  *See* Dkt.

12   ## 86, 87.  So it is clear Plaintiffs Maggitti and Fountain had access to the court's electronic

13   docket while this information was still publicly available.  Plaintiffs Maggitti and Fountain also

14   opposed the motion to seal the summonses, so they were aware that the Court was considering

15   whether to put this information under seal before it was later sealed.  Dkt. # 87.  Plaintiffs could

16   have also come to the courthouse and gotten the summonses or asked the Clerk to re-issue the

17   summonses during the time limit for service.  *See* LCR 4(a).  And Plaintiffs raised this argument

18   for the first time weeks after the service deadline passed.  *See* Dkt. # 138.  This untimely

19   argument does not evince a good-faith effort to effectuate service within the time limit and does

20   not excuse Plaintiffs' failure to comply with Rule 4(m).

21        2.    Notice and Participation

22        Neither actual notice nor simply naming the defendant in the complaint provides personal

23   jurisdiction over a defendant unless there has been "substantial compliance with Rule 4."  *Benny*

24   *v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (quoting *Jackson v. Hayakawa,* 682 F.2d 1344, 1347

(9th Cir. 1982)). But "[a] general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction." *Id.* (citing Fed. R. Civ. P. 12(h)(1)). In this circumstance, a pleading is responsive when it "manifest[s] a clear purpose to defend" the lawsuit. *Id.*

Plaintiffs say Defendants waived any Rule 4 objection when they appeared through counsel and filed motions in this lawsuit. Dkt. # 142 at 3–4. They also say Defendants were provided actual notice so dismissal for lack of service is unwarranted. *Id.* But Plaintiffs have not shown substantial compliance with Rule 4 and actual notice does not cure their service defects. *Benny*, 799 F.2d at 492; *see* Section III.1, *supra*. Nor have Defendants' counsel entered general appearances. Each attorney who has appeared on behalf of a Defendant has done so without waiving any defenses, including the defenses of insufficiency of process and lack of personal jurisdiction. Dkt. ## 66, 72, 73, 77, 80, 92, 117, 133. Defendants' motions have not shown a clear purpose to defend this suit either, so they cannot be considered responsive pleadings.[1] Dkt. ## 74, 126. These motions do not address or discuss the factual allegations or legal arguments underpinning Plaintiffs' case. *Id.* Defendants' motions instead raised procedural arguments about the application of the Local and Federal Rules. *Id.* These motions do not demonstrate a clear purpose to defend against Plaintiffs' claims before this Court.[2] Thus, Defendants have not waived any challenge to service or personal jurisdiction through actual notice or participation.

---

[1] Plaintiffs' motion does identify one responsive pleading: the Motion to Dismiss under Rule 12(b)(6) filed by Defendants Russ and Cliber. Dkt. # 142 at 3; *see* Dkt. # 90. But this motion was granted and these Defendants have been dismissed from the case. Dkt. # 121. This filing has no bearing on whether any of the remaining Defendants have waived defects in service or personal jurisdiction.

[2] After the Court's Order to Show Cause deadline, Defendants Cornwall, Curtis, Herzer, Salle, and King County filed a responsive briefing that challenges service and personal jurisdiction. Dkt. # 143 at 8. These Defendants consequently have not waived a challenge to service or personal jurisdiction through this filing because they contest these issues.

1

2

3    3.      *Nunc Pro Tunc*

Pro se litigants "must follow the same rules of procedure that govern other litigants."

*King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v.*

*Maricopa County*, 693 F.3d 896, 925–28 (9th Cir. 2012).  In the ordinary case, pro se litigants

must also not be treated more favorably than parties with counsel.  *Jacobsen v. Filler*, 790 F.2d

1362, 1364 (9th Cir. 1986).

Plaintiffs next ask the Court to deem their previous attempts at service sufficient or grant

a brief extension to re-serve Defendants.  Dkt. # 142 at 4.  But like any other litigant, Plaintiffs

are obligated to follow the Federal Rules of Civil Procedure.  The Court cannot simply deem

their attempts at service "sufficient" when they have failed to comply with the plain language of

these rules.  Similarly, the time limit for service can be extended only if a plaintiff shows good

cause for the failure to serve a defendant.  Fed. R. Civ. P. 4(m).  On two prior occasions, the

Court made clear to Plaintiffs that they have not shown good cause for their failure to timely

serve Defendants.  *See* Dkt. ## 114, 118.  And Plaintiffs still do not make this showing because,

among other reasons, they do not provide a reasonable explanation for their delay in service or

show that they made good faith efforts to serve Defendants within the time limit for service.

Accordingly, the Court will not treat Plaintiffs' prior attempts at service as sufficient or grant

Plaintiffs additional time to serve Defendants.

//

//

//

//

//

//

ORDER - 7

4.     Vexatious Litigant Order[3][4]

"Sometimes a rancorous dispute leaves a person with a bitter taste that does not fade, no matter how many resources are expended and no matter how many years pass." *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1067 (9th Cir. 2014). Because of this, district courts can enjoin litigants from "reopen[ing] litigation based on the facts and issues decided in" previous lawsuits. *Id.* (quoting *Wood v. Santa Barbara Chamber of Com., Inc.*, 705 F.2d 1515, 1526 (9th Cir. 1983); *see Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 25 (2d Cir. 1986); *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1033 (9th Cir. 1985).

The vexatious litigant order entered against Plaintiff Benshoof does not swing the equities of this case in favor of granting Plaintiffs an extension of time for service. This litigation has been pending for more than a year and there is still no indication when proper service might actually occur. This has caused an unknown but significant prejudice to Defendants. Similarly, dismissal without prejudice at this time would result in a minimal future limitations bar. To refile his case, Plaintiff Benshoof need only submit a signed declaration "that identifies all past or pending cases initiated against the same defendant(s), concisely states the past disposition or present posture of those cases, succinctly describe[s] why the proposed new action involves different factual allegations, and demonstrate[s] that the new filing is not

---

[3] Plaintiffs also claim *Axon Enter., Inc. v. Fed. Trade Comm'n*, 598 U.S. 175 (2023), *Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109 (2024), and *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), require "constitutional structural review" before a case can be dismissed without prejudice under Rule 4. Dkt. # 142 at 5–6. But these cases do not squarely address Rule 4, the Federal Rules of Civil Procedure, or any of the legal or factual issues present here. The isolated quotations that Plaintiffs pluck from these cases do not require the Court to conduct additional analysis before dismissing Plaintiffs' claims.
[4] Similarly, Plaintiffs say, "One way to quickly and simply resolve this matter without any potential prejudice to anyone is service by publication." Dkt. # 124 at 3. But Plaintiffs have not established that service by publication is appropriate because they do not show—or even discuss—the "existence of one of the cases . . . specifi[cally] authorizing service by publication under RCW 4.28.100." *JFXD TRX ACQ LLC v. E. River JW Inc.*, 2024 WL 3552358, at *2 (W.D. Wash. July 26, 2024).

frivolous or in bad faith."  Case No. 2:23-cv-01392-JNW, ECF No. 264.  Plaintiffs provide no

evidence or indication that the vexatious litigant order against Plaintiff Benshoof "in practical

terms functions as a filing ban."  Dkt. # 142 at 4.  Thus, the vexatious litigant order against

Plaintiff Benshoof does not justify granting Plaintiffs an extension of time for service either.

**IV**

**CONCLUSION**

For all these reasons, the Court DENIES the Motion to Validate or Extend Time

for Service, Dkt. # 142, and DISMISSES this action without prejudice.  The Court

STRIKES as moot the motions at Dkt. ## 140, 141,[5] 143.

Dated this 10th day of June, 2025.

John H. Chun
United States District Judge

---

[5] Even if Plaintiffs complied with Rule 4(m), the Court would still deny Plaintiffs' Emergency
Motion for Habeas Corpus because a nearly identical petition for habeas corpus filed on behalf of Plaintiff
Benshoof has already been denied.  *See* Dkt. # 115.  Much like the first motion, this motion still does not
show Plaintiff Maggitti has "next friend" standing to bring a habeas petition on behalf of Plaintiff
Benshoof.  *Id.* at 1–2; *see Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).  In fact, the motion does not
address this issue.  *See* Dkt. # 141.  The petition also fails because Plaintiff Benshoof has not provided the
Supreme Court of Washington with an opportunity to consider and rule on his claims.  *See* 28 U.S.C. §
2254(b)-(c).

ORDER - 9

# EXHIBIT C

# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| KURT BENSHOOF et al. | **JUDGMENT IN A CIVIL CASE** |
| Plaintiffs, | CASE NUMBER 2:24-cv-00808-JHC |
| v. | |
| ANDREA CHIN et al. | |
| Defendants. | |

☐ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**. This action came to consideration before the Court. The issues have been considered and a decision has been rendered.

THE COURT HAS ORDERED THAT

This matter be dismissed without prejudice under Rule 4(m).  The Court DENIES the motion at Dkt. # 142 and STRIKES the motions pending at Dkt. ## 140, 141, 143 as moot.

Dated June 10, 2025.

<u>Ravi Subramanian</u>
Clerk of Court


<u>*/s/Ashleigh Drecktrah*</u>
Deputy Clerk