UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Mr. Kurt A. Benshoof,
A.R.W. By and Through His Father, Mr.
Kurt A. Benshoof, Brett Fountain, Urve
Maggitti,

               Plaintiffs,

v.

ANDREA CHIN, et al.

               Defendants.

Case No.  2:24-cv-00808-JHC

Ninth Circuit No. 25-4669

**MOTION FOR ORDER TO PROVIDE RECORD AT PUBLIC EXPENSE.**
**MOTION FOR ORDER OF INDIGENCY**
**Affidavit under 28 U.S. Code § 1915**

**I. RELIEF REQUESTED.**

    Plaintiff/Appellant Kurt Benshoof ("Benshoof") is indigent and incarcerated. The right to appeal without the corresponding right to review and present the record to the reviewing court is am empty right. See In Re Dependency of Grove 127 Wn.2d 221, 234 (Wash. 1995). This court must exercise its equitable authority to ensure appellant's right to appeal.

    Benshoof ('Benshoof")moves this Court for an order directing the clerk of the United States District Court for the Western District of Washington to provide Benshoof with a complete and certified copy of the record at public expense. Due to his financial indigency and restrictions by prison officials preventing Benshoof's friends or family from mailing him a complete copy of the record.

## II. STATEMENT OF FACT.

**Procedural History**

1. Benshoof is financially indigent and without income.

2. Benshoof is incarcerated at Coyote Ridge Correctional Center (CRCC) on Connell, Washington.

3. The opening brief in 9th Circuit case number 25-4669 was due September 3, 2025.

4. On or around August 26, 2025, Benshoof called the district court clerk requesting the record be provided at public expense and was told that he would receive a callback. No reply, no callback ever occurred.

5. On or around August 28, 2025, Benshoof filed a motion in the  9th Circuit Court of Appeals for an order directing the district court clerk to provide Benshoof with a copy of the record.

6. On or around August 29, 2025, Urve Maggitti mailed Benshoof a fraction of the district court record to Coyote Ridge Correctional Center where Benshoof is currently imprisoned, marked as legal male.  See attached Exhibit A.

7. On or around September 3rd, 2025, CRCC personnel rejected the mail, claiming it was not "legal mail" pursuant to Department of Corrections and DOC policy and therefore violated said DOC policies. See attached Exhibit B.

8. On or around September 8, 2025, Urve Maggitti mailed Benshoof a fraction of the district court record without designating the package as legal mail. See attached EXHIBIT C.  Again, DOC personnel rejected the documents, claiming it "exceeds a reasonable number of pages and will be rejected in whole". See attached Exhibit D.

9. On September 14th, 2025, Benshoof appealed the rejection of his mail by CRCC personnel.

10. On September 19, 2025, CRCC personnel upheld the rejection of Benshoof's mail.

11. On or around September 23, 2025, the 9th Circuit Court of Appeals denied Benshoof's motion and informed that Benshoof must move the district court for an order to provide the record at the public expense. See attached Exhibit E.

## III. ARGUMENT

Benshoof has been unlawfully imprisoned since February 24, 2025, and is currently held at Coyote Ridge Correctional Center.

Appellant is financially indigent in accordance with Federal Rule of Appellate Procedure 24 (FRAP 24). Benshoof lacks sufficient funds to: prosecute an appeal, pay the filing fee for the appellate court, pay for the verbatim report of proceedings, pay for a copy of the clerk's papers, to pay for preparation of original documents to be reproduced by the clerk, reproduce briefs or papers on review that are reproduced by the clerk of the appellate court, and for the transcriptions of hearings.

To the best of the Benshoof's knowledge, of his available funds, the Appellant had $5.00 in savings and about $500 in his Checking Account in his Seattle credit union accounts prior to the execution of the search warrant on July 3, 2024 that led to the Appellant's confinement. Due to the duration of Appellant's stay in the various correctional centers he has been transferred to, Appellant presumes that the $500 in the checking account is most likely gone due to auto bill pay services. Unfortunately, the Appellant has no knowledge of the credentials for said credit union accounts since the Warrant execution on July 3, 2024.

Appellant has no income what so ever, has little to no capital whatsoever and is financially indigent as per WA  State GR 34(a)(3)(B) and GR 34(a)(3)(D). *State v. Hecht*, 173 Wn.2d 92, 95, 264 P.3d 801 (2011).

Appellant's nonexistent income is less than 125% of the federal poverty guidelines and the Defendant is homeless due to litigation surrounding his home.

"Indigence is a relative term, and must be considered and measured in each case by reference to the need or service to be met or furnished." *Rutherford*, 63 Wash.2d at 953, 389 P.2d 895 (1964). "[I]t connotes a state of impoverishment or lack of resources on the part of a defendant which, when realistically viewed in the light of everyday practicalities, substantially and effectually impairs or prevents his procurement of ... a complete appellate review of his claims of error." Id. "The plain meaning of GR 34 establishes that a [...] court must waive all fees once a litigant is determined to be indigent under the rule." *Jafar v. Webb,* 177 Wash. 2d 520, 303 P.3d 1042 (2013).

***The following have declared Mr. Benshoof indigent:***

a)      Benshoof v. City of Seattle, No. 23-2-23749-8, (K. Cty. Sup. Ct. Apr. 5, 2024)

b)      Benshoof v. City of Seattle, No. 23-2-23752-8, (K. Cty. Sup. Ct. Apr. 5, 2024)

c)      Benshoof v. City of Seattle, No. 23-2-23761-7, (K. Cty. Sup. Ct. Apr. 5, 2024)

d)      Benshoof v. City of Seattle, No. 23-2-23764-1, (K. Cty. Sup. Ct. Apr. 5, 2024)

e)      Benshoof v. Cliber et al., No. 22-2-15958-8, (K. Cty. Sup. Ct. Nov. 28, 2023)

f)      Benshoof v. City of Seattle, No. 86468-8, (Wash. Ct. App. Div. 1 Apr. 3, 2024)

g)      Benshoof v. City of Seattle, No. 86467-0, (Wash. Ct. App. Div. 1 Apr. 3, 2024)

h)      Benshoof v. City of Seattle, No. 86469-6, (Wash. Ct. App. Div. 1 Apr. 3, 2024)

i)      Benshoof v. City of Seattle, No. 86470-0, (Wash. Ct. App. Div. 1 Apr. 3, 2024)

j)      Benshoof et al. v. City of Shoreline et al., No. 2:24-cv-00343-TL, (W.D. Wash. Apr. 30, 2024), Dkt. 13.

### *Right To Appeal*

Benshoof has a right to appeal the district court's dismissal. In this the case, however, Benshoof cannot exercise this right without being provided the record. As Benshoof is without the financial means to pay the district court clerk to mail him the record and because CRCC personnel have prevented anyone else from mailing the records to Benshoof, the only method of obtaining the record is by order of this court.

Without access to the record, Benshoof's right to appeal would be rendered meaningless.

### *B. Equitable Authority.*

This Court's equitable authority empowers it to grant Benshoof's motion in the interests of justice to ensure that indigent litigants are not denied their right of appeal.

## IV. CONCLUSION

WHEREFORE, Plaintiff respectfully request that the Court grant the MOTION FOR ORDER TO PROVIDE RECORD AT PUBLIC EXPENSE, MOTION FOR ORDER OF INDIGENCY.

**VERIFICATION**

I, Kurt Benshoof, do hereby declare that the foregoing is true and correct to the best of my knowledge under penalty of perjury in the State of Washington. Executed this 29th day of September in the year 2024, in Connell, Washington.

Kurt Benshoof, Pro Se Plaintiff/Apellant
Washington Department of Corrections,
Coyote Ridge Corrections Center (CRCC)
DOC# 448305, Unit BF01, PO Box 769,
Connell, WA 99326

The foregoing statements of fact were typed up by the undersigned, upon Mr. Kurt Benshoof's request and to the best of the undersigned's understanding.

/URVE MAGGITTI /

See *Faretta v. California* and *Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92*

## <u>CERTIFICATE OF SERVICE</u>

Kurt Benshoof, Pro Se Plaintiff/Apellant
Washington Department of Corrections,
Coyote Ridge Corrections Center (CRCC)
DOC# 448305, Unit BF01, PO Box 769,
Connell, WA 99326

Brett Fountain
2100 West Northwest Highway
114 #1115
Grapevine, TX 76051-7808
kb407@exposelegalcorruption.com

Matthew Coughlan
Darren Anthony Feider
SEBRIS BUSTO JAMES
15375 SE 30TH Pl, Ste 310
Bellevue, WA 98007
425-450-3382
[Attorney for Fox, Goslin, Mitchell]
mcoughlan@sbj.law

Peggy C. Wu
King County Prosecuting Attorney's
Office
701 Fifth Avenue, Suite 600
Seattle, WA 98104
206-263-4008
[King County, Catherine Cornwall, and
Pascal Herzer]
pwu@kingcounty.gov

Arick S. Bonsztyk
1000 Second Avenue, Suite 3660
Seattle, WA 98104
206-621-1871
asb@tbr-law.com
[Jessica Owen]

Howard Brown
1003 West Michigan Street
Hammon, LA 70401

Sarah Spierling Mack
PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WA 98101
206-245-1700
sarah.mack@pacificalawgroup.com

Catherine E Riedo
SEATTLE CITY ATTORNEY'S OFFICE
701 FIFTH AVENUE
SUITE 2050
SEATTLE, WA 98104-7097
206-684-7782
catherine.riedo@seattle.gov

Sarah N Turner
GORDON REES SCULLY MANSUKHANI LLP (SEATTLE)
701 FIFTH AVE STE 2100
SEATTLE, WA 98104
206-695-5100
sturner@grsm.com

Peggy C Wu
KING COUNTY PROSECUTING ATTORNEY'S OFFICE (FIFTH AVE)
701 FIFTH AVE
STE 600
SEATTLE, WA 98104
206-263-4008
pwu@kingcounty.gov


**Urve Maggitti**
1131 Westhaven Boulevard,
Franklin, TN 37064
urve.maggitti@gmail.com
917-340-0561

# EXHIBIT A

# USPS Tracking®

Get the free Informed Delivery® feature to receive
automated notifications on your packages

**Learn More**

(https://reg.usps.com/xsell?
app=U¹ psTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/st

FAQs ›

✕

Your item was picked up at the post office at 8:15 am on September 2, 2025 in CONNELL, WA 99326.

**Get More Out of USPS Tracking:**

    USPS Tracking Plus®

CONNELL, WA 99326
September 2, 2025, 8:15 am

CONNELL, WA 99326
September 2, 2025, 7:02 am

September 1, 2025

NASHVILLE TN DISTRIBUTION CENTER
August 30, 2025, 9:00 am

FRANKLIN, TN 37067
August 30, 2025, 7:45 am

FRANKLIN, TN 37064
August 28, 2025, 4:30 pm

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)**

---

**Text & Email Updates** ⌄

---

**USPS Tracking Plus®** ⌄

---

**Product Information** ⌄

---

**See Less** ⌃

Track Another Package

Enter tracking or barcode numbers

## Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

Feedback

# EXHIBIT B

# REJECTION NOTICE

**Department of Corrections**
WASHINGTON STATE

| File number |
| --- |
| 45384 |

| Name | DOC number | Facility | Unit | Date |
| --- | --- | --- | --- | --- |
| Benshoof, Kurtis A. | 448305 | CRCC | FFB012U | 9/2/2025 |

Rejected incoming mail/electronic messages may be appealed by the incarcerated individual or sender by submitting a written request to the mailroom within 10 business days from the date of the rejection. The Superintendent/designee will review the appeal within 10 business days of receipt and either uphold the rejection or allow delivery. If upheld, incarcerated individuals/senders may appeal the decision by submitting a written request to the mailroom within 10 business days of the Superintendent/designee's decision, which will be forwarded to the Headquarters Correctional Manager for review and final decision. The Headquarters Correctional Manager will review the appeal within 20 business days of receipt and either uphold the rejection or allow delivery. Appeals sent directly to the Headquarters Correctional Manager by the incarcerated individual/sender will not be processed.

Outgoing mail/electronic message rejections do not require an appeal request and are automatically reviewed by the Superintendent/designee within 10 business days from the date of the rejection. If upheld, the rejected material will be automatically reviewed by the Headquarters Correctional Manager within 20 business days for mail and 30 business days for electronic messages.

Rejected publications are forwarded to the Publication Review Committee for review. The committee's decision may be appealed in writing by the incarcerated individual, Mailroom Sergeant, or vendor/publisher within 10 business days from the date of the decision. Incarcerated individuals may appeal the decision by submitting DOC 21-757 Publication Rejection Appeal to the Mailroom Sergeant, who will forward to the Headquarters Correctional Manager. Vendors/publishers may appeal the decision by email or US mail. The Headquarters Correctional Manager will provide a final decision to the requestor within 20 business days.

Incarcerated individuals will be responsible for arranging disposal for unauthorized incoming mail within 30 days of the final decision.

| ☒ **MAIL**   ☒ Incoming/From   ☐ Outgoing/To | ☐ **PUBLICATION** |
| --- | --- |
| Address:   Urive Maggitti<br>1131 West haven Blvd<br>FRANKLIN, TN 37064 | Publication and author's name |
| | Copyright date          Volume/issue          Page number(s) |

## MAILROOM DECISION

☐ Publication submitted by another facility/pending review by the Publication Review Committee
☐ Publication currently on statewide rejection list
Reason (Specify number(s) as listed on this form): 2,2.6
Comments/Other reasons (required): his mailing has been rejected due violating department policy for the following reasons.
This mail arrived marked as legal. Return address does not qualify as a legal entity and this will be treated as general mail. DOC 450.100 MAIL FOR INDIVIDUALS IN PRISON section I C allows for the limitation on volume, length, and content when necessary to maintain safety and security. DOC 450.100 MAIL FOR INDIVIDUALS IN PRISON Section III C allows for the rejection of mail for legitimate penological interest. Your mailing exceeds a reasonable number of pages and will be rejected in whole. Large volumes of mail from a single source to an Incarcerated Individual takes a large amount of staff time and is a commonly used practice to overwhelm the Mailroom and increase the likelihood of contraband making it through security procedures since the current process is to copy all copy/printer paper to mitigate contraband introduction. I find this facility has a legitimate penological interest in limiting this incoming mail in this instance. The content of this box is 7 separate 8 ½ x 11 envelopes with approximately 1500 pages of paper. Only the rejection notice sent to Benshoof.

| Mailroom employee name | Date |
| --- | --- |
| Matt Boyer | 9/2/2025 |

| SUPERINTENDENT DECISION<br>REJECTED OUTGOING MAIL<br>APPEAL OF REJECTED INCOMING<br>MAIL/EMESSAGES | PUBLICATION REVIEW COMMITTEE DECISION<br>REJECTED PUBLICATIONS |
| --- | --- |
| ☐ Upheld      ☐ Overturned<br>Comments: | ☐ Upheld      ☐ Overturned<br>Comments: |
| Superintendent/designee signature          Date | Publication Review Committee Chair signature     Date |

# EXHIBIT C

# USPS Tracking®

FAQs ›

Get the free Informed Delivery® feature to receive
automated notifications on your packages

**Learn More**

**(https://reg.usps.com/xsell?**
**app=U¹ psTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/st**

✕

Your item was picked up at the post office at 7:11 am on September 11, 2025 in CONNELL, WA 99326.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

CONNELL, WA 99326
September 11, 2025, 7:11 am

CONNELL, WA 99326
September 11, 2025, 7:05 am

SPOKANE WA DISTRIBUTION CENTER
September 10, 2025, 11:15 pm

September 10, 2025

PHILADELPHIA PA DISTRIBUTION CENTER
September 9, 2025, 5:50 pm

WAYNE, PA 19087
September 9, 2025, 4:35 pm

FRANKLIN, TN 37064
September 6, 2025, 3:53 pm

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean?
(https://faq.usps.com/s/article/Where-is-my-package)**

---

**Text & Email Updates** ⌄

---

**USPS Tracking Plus®** ⌄

---

**Product Information** ⌄

**See Less** ⌃

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

FAQs

Feedback

# EXHIBIT D



**REJECTION NOTICE**

| | | | | |
|---|---|---|---|---|
| Department of **Corrections** WASHINGTON STATE | | | | File number 45422 |
| Name Benshoof, Kurtis A. | DOC number 448305 | Facility CRCC | Unit FFB012U | Date 9/11/2025 |

Rejected incoming mail/electronic messages may be appealed by the incarcerated individual or sender by submitting a written request to the mailroom within 10 business days from the date of the rejection. The Superintendent/designee will review the appeal within 10 business days of receipt and either uphold the rejection or allow delivery. If upheld, incarcerated individuals/senders may appeal the decision by submitting a written request to the mailroom within 10 business days of the Superintendent/designee's decision, which will be forwarded to the Headquarters Correctional Manager for review and final decision. The Headquarters Correctional Manager will review the appeal within 20 business days of receipt and either uphold the rejection or allow delivery. Appeals sent directly to the Headquarters Correctional Manager by the incarcerated individual/sender will not be processed.

Outgoing mail/electronic message rejections do not require an appeal request and are automatically reviewed by the Superintendent/designee within 10 business days from the date of the rejection. If upheld, the rejected material will be automatically reviewed by the Headquarters Correctional Manager within 20 business days for mail and 30 business days for electronic messages.

Rejected publications are forwarded to the Publication Review Committee for review. The committee's decision may be appealed in writing by the incarcerated individual, Mailroom Sergeant, or vendor/publisher within 10 business days from the date of the decision. Incarcerated individuals may appeal the decision by submitting DOC 21-757 Publication Rejection Appeal to the Mailroom Sergeant, who will forward to the Headquarters Correctional Manager. Vendors/publishers may appeal the decision by email or US mail. The Headquarters Correctional Manager will provide a final decision to the requestor within 20 business days.

Incarcerated individuals will be responsible for arranging disposal for unauthorized incoming mail within 30 days of the final decision.

| ☒ **MAIL**    ☒ Incoming/From    ☐ Outgoing/To | ☐ **PUBLICATION** |
|---|---|
| Address:  Urve Maggitti 1131 Westhaven Blvd FRANKLIN, TN 37064 | Publication and author's name |
| | Copyright date        Volume/issue        Page number(s) |

| **MAILROOM DECISION** |
|---|
| ☐  Publication submitted by another facility/pending review by the Publication Review Committee |
| ☐  Publication currently on statewide rejection list |
| Reason (Specify number(s) as listed on this form):  2,2.6 |
| Comments/Other reasons (required):  Violates or plans to violate: f. Department policy DOC 450.100 MAIL FOR INDIVIDUALS IN PRISON Section III C allows for the rejection of mail for legitimate penological interest. Your mailing exceeds a reasonable number of pages and will be rejected in whole. Large volumes of mail from a single source to an Incarcerated Individual takes a large amount of staff time and is a commonly used practice to overwhelm the Mailroom and increase the likelihood of contraband making it through security procedures since the current process is to copy all copy/printer paper to mitigate contraband introduction. I find this facility has a legitimate penological interest in limiting this incoming mail in this instance. |
| 1 Box of paper documents - Rejected. Your mailing exceeds a reasonable number of pages and will be rejected in whole. (box contains approximately 1500 pages or more ) |
| Only the rejection notice forwarded to incarcerated individual. |
| Mailroom employee name                                    Date Victoria Tapia                                              9/11/2025 |

| **SUPERINTENDENT DECISION** REJECTED OUTGOING MAIL APPEAL OF REJECTED INCOMING MAIL/EMESSAGES | **PUBLICATION REVIEW COMMITTEE DECISION** REJECTED PUBLICATIONS |
|---|---|
| ☐ Upheld        ☐ Overturned Comments: | ☐ Upheld        ☐ Overturned Comments: |
| Superintendent/designee signature            Date | Publication Review Committee Chair signature      Date |

# EXHIBIT E

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KURT BENSHOOF; et al., | No. 25-4669 |
| Plaintiffs - Appellants, | D.C. No. 2:24-cv-00808-JHC Western District of Washington, Seattle |
| v. | |
| ANDREA CHIN; et al., | ORDER |
| Defendants - Appellees. | |

Before: Lisa B. Fitzgerald, Appellate Commissioner.

Appellants Kurt Benshoof and Brett Fountain have filed a signed copy of the notice of appeal in the district court. The August 21, 2025 order (Docket Entry No. 6) is therefore discharged.

Appellants' motion for an order directing the district court clerk to provide appellant Benshoof a copy of the record at public expense (Docket Entry No. 8) is denied. Benshoof may make this request directly with the district court. The district court docket does not reflect that Benshoof has filed a request for a copy of the record or that Benshoof was granted leave to proceed in forma pauperis in the district court, and he has not filed a financial affidavit in this court. *See* Fed. R. App. P. 30-1.7 ("[t]he clerk of the district court shall, within 21 days from the receipt of the prisoner's written request, forward to the prisoner copies of the documents comprising the Excerpts of Record . . . . If the prisoner was granted

leave to proceed in forma pauperis at the district court or on appeal, the copies will be produced at no charge to the prisoner.").

The motion (Docket Entry Nos. 9, 12) for an extension of time to file the opening brief is granted. The opening brief is due November 3, 2025. The answering brief is due December 3, 2025. The optional reply brief is due within 21 days after service of the answering brief.